UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HINIGER, and DAVID M. GARFINKLE, TODD J. MULLENGER,<br><br>Defendants. | Case No. 3:16-CV-02267<br><br>Judge Aleta A. Trauger |

**MEMORANDUM OF LAW IN SUPPORT OF BURTON SIEGAL'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
<u>SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION........................................................................................................................ 1

PROCEDURAL BACKGROUND............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    I.       MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 3

          A.       The Procedure Required by the PSLRA ......................................................... 3

          B.       Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA .............. 5

              1.    Movant Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff ................................................................................................... 5

              2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................... 5

              3.    Movant Satisfies the Typicality and Adequacy Requirements of Rule 23 .... 6

    II.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ........ 7

    III.    CONCLUSION ........................................................................................................ 8

CERTIFICATE OF SERVICE........................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Blitz v. AgFeed Indus., Inc.*,

   No. 11–0992, 2012 WL 1192814 (M.D. Tenn. April 10, 2012) ....................................................... 4

*Craft v. Vanderbilt Univ.*,

   174 F.R.D. 396 (M.D. Tenn. 1996) ............................................................................................... 7

*In re Am. Med. Sys.*,

   75 F.3d 1069 (6th Cir. 1996) ........................................................................................................ 6

*In re Regions Morgan Keegan Closed-End Fund Litig.*,

   No. 07–02830, MDL 2009, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ........................... 4, 6

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................ 1, 4, 6, 7

Movant Burton Siegal ("Movant") submits this memorandum of law in support of his motion for an order: (i) appointing him as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving Movant's selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and Holifield • Janich & Associates, PLLC (the "Holifield Firm") as local liaison counsel.

## INTRODUCTION

The above captioned action (the "Actions") is a putative class action brought against certain officers and directors of Corrections Corporation of America ("CCA" or the "Company") for violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons, other than defendants, who purchased or otherwise acquired CCA securities between February 27, 2012 and August 17, 2016, inclusive (the "Class Period").

Movant seeks Court approval of his appointment as Lead Plaintiff and his selection of Levi & Korsinsky as Lead Counsel for himself and the Class as set forth herein. Movant acquired over 2,292 shares of CCA stock during the Class Period and suffered approximately $30,903.64 in losses as a result of defendants' misconduct. To the best of his counsel's knowledge, Movant has the largest financial interest in the litigation and satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, he is the "most capable of adequately representing the interests of class members" pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(i) and should be appointed as Lead Plaintiff.

## PROCEDURAL BACKGROUND

On August 23, 2016, notice of the pendency of a class action brought on behalf of the Class was published over a widely-available, national business-oriented newswire service, Globe

Newswire. The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice. *See* Holifield Decl., Ex. A.[1]

## STATEMENT OF FACTS

CCA is an owner and operator of privatized correctional and detention facilities in the United States. ¶ 2.[2] Throughout the Class Period, the Complaint alleges that Defendants made materially false and/or misleading statements and/or failed to disclose that CCA's facilities lacked adequate safety and security standards and were less efficient at offering correctional services than the Federal Bureau of Prisons' ("BOP") facilities, that CCA's rehabilitative services for inmates were less effective than those provided by BOP, and that the U.S. Department of Justice ("DOJ") was unlikely to renew and/or extend its contracts with CCA. ¶ 4. Furthermore, the Complaint alleges, that as a result of the foregoing, the Company's public statements regarding its business, operations, and compliance polices were also materially false and misleading. *Id.*

Throughout the Class Period, the Company filed its periodic reporting Forms 10-Q and Forms 10-K with the United States Securities and Exchange Commission ("SEC"). ¶¶ 19, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73. Each of the Forms 10-Q and Forms 10-K contained signed certifications pursuant to the Sarbanes–Oxley Act of 2002 that were signed by certain of the individual defendants stating that the financial information contained in the forms were accurate and disclosed any material changes to the Company's

---

[1] All exhibits referenced herein are annexed to the Declaration of Al Holifield ("Holifield Decl."), dated October 24, 2016, filed herewith.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed *in the Action*. The facts set forth in the Complaint are incorporated herein by reference.

internal controls over financial reporting. ¶¶ 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57, 60, 63, 66, 69, 72, 75.

Included in these Forms 10-Q and Forms 10-K were statements discussing the high quality of the Company's prisons and services, the significance of the Company's federal customers to its business, and the Company's commitment to rehabilitating offenders. ¶¶ 20, 23, 26, 29, 32, 35, 38, 41, 44, 47, 50, 53, 56, 59, 62, 65, 68, 71, 74. The Complaint further alleges that the Defendants failed to disclose material adverse facts throughout the Class Period concerning: (i) CCA's facilities lacking adequate safety and security standards and were less efficient at offering correctional services than BOP facilities; (ii) CCA's rehabilitative services for inmates were less effective than those provided by the BOP; and (iii) consequently, the DOJ was unlikely to renew and/or extend its contracts with CCA. ¶ 76.

On August 18, 2016, the truth emerged when Deputy Attorney General Yates announced that the DOJ had decided to discontinue its use of private prisons, including CCA facilities, after officials concluded that private prisons were less safe and less effective at providing correctional services than those by the federal government. ¶ 77. On that same day, the Company's stock price fell $9.65, or $39.45%, to close at $17.57 on August 18, 2016. ¶ 78.

## ARGUMENT

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA has established the procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4 (a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment

as lead plaintiff. 15 U.S.C. § 78u-4 (a)(3)(A)(i).  Here, notice of an action was published via Globe Newswire on August 23, 2016. *See* Holifield Decl., Ex. A.

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. § 78u-4 (a)(3)(A) and (B).  Movant is a member of the proposed Class.

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4 (a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title . . . is the person or group of persons that --
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii); *see also Blitz v. AgFeed Indus., Inc.*, No. 11–0992, 2012 WL 1192814, at *10 (M.D. Tenn. April 10, 2012) (the PSLRA "requires the Court to adopt a presumption, subject to rebuttal, that the most adequate Plaintiff in an action arising under the PSLRA is the person who: (1) has filed a complaint or made a motion in response to a notice under the PSLRA; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23"); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07–02830, MDL 2009, 2010 WL 5173851, at *3 (W.D. Tenn. Dec. 15, 2010) (PSLRA mandates

4

that applicant for lead plaintiff with largest financial interest, who otherwise complies with Rule 23's requirements, is the presumptive lead plaintiff).

> B. **Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA**
>
>> 1. **Movant Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Movant has timely moved to be appointed lead plaintiff within the requisite time frame on behalf of all members of the Class. Movant has duly signed and filed a certification stating that he has reviewed a complaint filed in the action and is willing to serve as a representative party on behalf of the Class. *See* Holifield Decl., Ex. B. In addition, Movant has selected and retained experienced and competent counsel to represent herself and the Class. *See* Holifield Decl., Exs. D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B). Movant, therefore, is entitled to have his application for appointment as Lead Plaintiff, and selection of counsel, as set forth herein, considered and approved by the Court.

>> 2. **Movant Has the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4 (a)(3)(B)(iii), the court shall adopt a presumption that the most adequate plaintiff in any class action is the plaintiff with the largest financial interest in the relief sought by the class in the action. During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant acquired 2,292.20 shares of CCA securities and suffered approximately $30,903.64 in losses as a result of defendants' misconduct. Movant herein therefore has a significant financial interest in this case. Movant has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities.

5

### 3. Movant Satisfies the Typicality and Adequacy Requirements of Rule 23

According to 15 U.S.C. § 78u-4 (a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23 (a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Regions*, 2010 WL 5173851, at *5.

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists when the claims of the proposed class representative and class members arise from the same events and are based on the same legal or remedial theory. *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Here, Movant seeks to represent a class of all persons, other than defendants, who acquired CCA securities during the Class Period, who have identical, non-competing and non-conflicting interests. Movant satisfies the typicality requirement because he: (i) acquired CCA securities during the Class Period; (ii) at a price allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Since the claims asserted by Movant arises from the same event or course of conduct that gives rise to claims of

6

other class members and the claims are based on the same legal theory, he easily satisfies Rule 23's typicality requirement. *Id.*

Under Rule 23 (a)(4), the representative party must also "fairly and adequately protect the interests of the class." In assessing adequacy, courts inquire as to whether there are common interests between the proposed lead plaintiff and the class, and whether the proposed lead plaintiff will vigorously prosecute the interests of the class through counsel. *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996).

Movant is an adequate representative of the class. As evidenced by the injury suffered by Movant, who acquired CCA securities at prices allegedly artificially inflated by defendants' violations of the federal securities laws, Movant's interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the class. In addition, as shown below, Movant is prepared to vigorously prosecute the interests of the class and has chosen experience counsel to do so. Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the typicality and adequacy requirements of Rule 23.

As Movant satisfies all of the PSLRA's prerequisites and the practice of this judicial district for appointment as Lead Plaintiff and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4 (a)(3)(B).

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, "select and retain counsel to represent the class they seek to represent." Movant has selected and retained Levi & Korsinsky to serve as Lead Counsel and the Holifield Firm as liaison counsel for the Class. These firms have extensive experience in successfully prosecuting complex

7

securities actions and has frequently appeared in major actions in this and other courts. *See* Holifield Decl., Exs. D and E.

There is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class. Furthermore, Movant is not subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act. Accordingly, Court should appoint Movant as Lead Plaintiff and approve Movant's selection of Levi & Korsinsky to serve as Lead Counsel and the Holifield Firm as liaison counsel for the Class.

## III. CONCLUSION

For the foregoing reasons, Movant requests that the Court: (i) appoint Movant Burton Siegal as Lead Plaintiff in the Action; and (ii) approve Movant's selection of Levi & Korsinsky to serve as Lead Counsel and the Holifield Firm as liaison counsel for the Class.

Dated: October 24, 2016            Respectfully submitted,

**HOLIFIELD • JANICH & ASSOCIATES, PLLC**

/s/ Al Holifield
Al Holifield, Esq.
11907 Kingston Pike, Ste. 201
Knoxville, Tennessee 37934
Tel: (865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com
*Liaison Counsel*

**LEVI & KORSINSKY LLP**
Nicholas I. Porritt, Esq.
Adam Apton, Esq.
LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com
*(Pro Hac Vice Application To Be Submitted)*
*Counsel for Movant Burton Siegal and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

        I hereby certify that on this the 24th day of October, 2016, the foregoing Memorandum of Law in Support of Burton Siegal's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Paul Kent Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
Fax: (615) 254-4116
Email: pknashlaw@aol.com
*Counsel for Plaintiff*

Brian Schall
Goldberg Law PC
1999 Avenue of the Starts
Suite 1100
Los Angeles, CA 90067
(800) 977-7401
Fax: (800) 536-0065
Email: brian@goldberglawpc.com
*Counsel for Plaintiff*

J. Alexander Hood , II
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
Fax: (212) 661-8665
Email: ahood@pomlaw.com
*Counsel for Plaintiff*

Jeremy A. Lieberman
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
*Counsel for Plaintiff*

Marc Gorrie
Pomerantz LLP (NY Office)
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
Fax: (212) 661-8665
Email: mgorrie@pomlaw.com
*Counsel for Plaintiff*

Michael Goldberg
Goldberg Law PC
1999 Avenue of the Starts
Suite 1100
Los Angeles, CA 90067
(800) 977-7401
Fax: (800) 536-0065
Email: michael@goldberglawpc.com
*Counsel for Plaintiff*

Patrick V. Dahlstrom
Pomerantz LLP (Chicago Office)
10 S LaSalle Street
Suite 3505
Chicago, IL 60603
(312) 377-1181
Fax: (312) 377-1184
Email: pdahlstrom@pomlaw.com
*Counsel for Plaintiff*

Robert P. Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
Fax: (615) 254-4116
Email: robert@bramlettlawoffices.com
*Counsel for Plaintiff*

Brian T. Glennon
Email: brian.glennon@lw.com
*Counsel for Defendants*

Milton S. McGee , III
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
Email: tmcgee@rwjplc.com
*Counsel for Defendants*

Steven Allen Riley
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
Email: sriley@rwjplc.com
*Counsel for Defendants*

David J. Schindler
Email: david.schindler@lw.com
*Counsel for Defendants*

Nathan M. Saper
Email: nathan.saper@lw.com
*Counsel for Defendants*

/s/Al Holifield
Al Holifield, Esq.
Holifield • Janich & Associates, PLLC