UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, and TODD J. MULLENGER,<br><br>              Defendants. | Case No. 16-cv-02267-AAT<br><br>The Honorable Aleta A. Trauger |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
LUVELL L. GLANTON FOR APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

I.     MR. GLANTON SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED LEAD PLAINTIFF ............................................................ 3

        A.     Mr. Glanton's Motion Is Timely ............................................................................ 4

        B.     Mr. Glanton Has the Largest Financial Interest in the Relief Sought by the Class .......................................................................................................................... 4

        C.     Mr. Glanton Satisfies the Requirements of Rule 23 ............................................... 5

            1.     Mr. Glanton Satisfies the Typicality Requirement of Rule 23 ................. 5

            2.     Mr. Glanton Satisfies the Adequacy Requirement of Rule 23 ................... 6

II.    MR. GLANTON'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ............................................................................................................... 7

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burgraff v. Green Bankshares, Inc.*,
  No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573 (E.D. Tenn. Feb. 11, 2011) .................... 5, 6

*In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ............................................................................................ 7

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
  68 F. Supp. 3d 800 (E.D. Tenn. 2014) .............................................................................. 6, 7

*In re Kit Digital Inc. Sec. Litig.*,
  293 F.R.D. 441 (S.D.N.Y. 2013) ...................................................................................... 5

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*,
  No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899 (M.D. Tenn. Nov. 28, 2011) ...................... 4

**Rules & Statutes**

Fed. R. Civ. P. 23 .............................................................................................................. *passim*

15 U.S.C. § 78u-4(a), *et seq.* ............................................................................................. *passim*

**Other Authorities**

MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.221 ............................................................... 8

Luvell L. Glanton ("Mr. Glanton") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his motion for the entry of an Order: (i) appointing Mr. Glanton as Lead Plaintiff for a Class of all persons or entities who purchased or otherwise acquired the securities of Corrections Corporation of America ("CCA" or the "Company") between February 27, 2012, and August 17, 2016 (the "Class Period"); and (ii) approving his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and Scott & Cain as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Presently pending in this District is a securities class action brought against CCA and certain of the Company's current and previous officers (collectively, "Defendants") pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Action").

The PSLRA requires a court to appoint as lead plaintiff the movant: (i) making a timely motion under the PSLRA's 60-day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, Mr. Glanton submits that he should be appointed as Lead Plaintiff because: (i) Mr. Glanton timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Mr. Glanton has the largest financial interest in this litigation; and (iii) Mr. Glanton meets the applicable requirements under Rule 23. *See* Section I, *infra*.

Finally, Mr. Glanton has retained experienced and competent counsel to represent the Class. *See* Section II, *infra*. Accordingly, Mr. Glanton respectfully requests that his selection of Kessler Topaz as Lead Counsel and Scott & Cain as Liaison Counsel for the Class be approved.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## FACTUAL BACKGROUND

CCA, headquartered in Nashville, Tennessee, owns and operates privatized correctional and detention facilities throughout the United States. As of 2015, CCA was the largest private corrections company in the country. The Company owns, operates, and manages prisons and other correctional facilities, and provides inmate residential and prisoner transportation services for governmental agencies, including through limited-term contracts with the United States Federal Bureau of Prisons ("BOP").

The Action alleges that, throughout the Class Period, Defendants made materially false and misleading statements and omissions regarding CCA's business, operational and compliance policies. Specifically, Defendants made false and misleading statements and failed to disclose that: (i) CCA's facilities lacked adequate safety and security standards and were less efficient that BOP facilities; (ii) CCA's rehabilitative services were less effective than those provided by BOP; and (iii) as a result, the United States Department of Justice ("DOJ") was unlikely to renew or extend its contracts with CCA. As a result of these material misrepresentations and omissions, CCA common stock traded at artificially inflated prices during the Class Period.

On August 18, 2016, Deputy Attorney General Sally Yates announced that the DOJ would end its use of private prisons, including those operated by CCA, after a report by the DOJ's Office of Inspector General concluded that private prison facilities were less safe and effective than those run by the BOP. Specifically, Yates explained that private prisons "do not maintain the same level of safety and security" and generally "compare poorly" to BOP prison facilities in terms of costs, level of correctional services, programs, and resources. For these reasons, Yates directed that "as each contract reaches the end of its term, the [BOP] should either

decline to renew that contract or substantially reduce its scope . . . ." On this news, the price of CCA common stock declined $9.65 per share, or 39.45%, from a close of $27.22 per share on August 17, 2016, to close at $17.57 per share on August 18, 2016.

## ARGUMENT

### I. MR. GLANTON SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes a straightforward procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id.* § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person who:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii). This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

### A. Mr. Glanton's Motion Is Timely

The Action was filed on August 23, 2016, and the relevant notice was published that day in *GlobeNewswire*. *See* Declaration of Christopher T. Cain in Support of the Motion of Luvell L. Glanton for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Cain Decl."), Ex. A. Thus, October 24, 2016, is the deadline for class members to seek appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Accordingly, Mr. Glanton has timely moved this Court for appointment as Lead Plaintiff on behalf of the Class.

### B. Mr. Glanton Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the "largest financial interest in the relief sought by the class" so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

During the Class Period, Mr. Glanton purchased 7,920 CCA shares on both a gross basis and net basis, and expended $238,202 on a net basis on these transactions, and suffered losses of approximately $99,047 on either a last-in, first-out ("LIFO") basis or a first-in, first-out ("FIFO") basis due to Defendants' misconduct. Cain Decl., Exs. B & C; *see also Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*, No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899, at *22 (M.D. Tenn. Nov. 28, 2011), adopted, 2001 U.S. Dist. LEXIS 150418 (M.D. Tenn. Dec. 28, 2011) (appointing

4

plaintiff with largest loss under either LIFO or FIFO basis as lead plaintiff). To the best of his knowledge, Mr. Glanton has the largest financial interest in this matter and is the presumptive "most adequate plaintiff."

### C. Mr. Glanton Satisfies the Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

For purposes of assessing whether the provisions of Rule 23 are satisfied at the lead-plaintiff stage, typicality and adequacy are the provisions relevant to the determination. *See In re Kit Digital Inc. Sec. Litig.*, 293 F.R.D. 441, 445 (S.D.N.Y. 2013). At the lead plaintiff selection stage of litigation, movants need only make "a prima facie showing" of typicality and adequacy." *Id.*

#### 1. Mr. Glanton Satisfies the Typicality Requirement of Rule 23

Mr. Glanton satisfies the typicality requirement of Rule 23. A claim is typical under Rule 23 if it arises from the same course of events or practice that gives rise to the claims of other class members, and is based on the same legal theory. *See Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573, at *9 (E.D. Tenn. Feb. 11, 2011). The claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.

5

*See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 805 (E.D. Tenn. 2014) ("For the district court to conclude that the typicality requirement is satisfied, 'a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law.'") (internal citations omitted).

Here, Mr. Glanton satisfies the typicality requirement because, just like all other proposed class members, he seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of CCA securities. Thus, Mr. Glanton's claims arise from the same conduct as those of the other class members. Accordingly, Mr. Glanton is typical.

### 2. Mr. Glanton Satisfies the Adequacy Requirement of Rule 23

Mr. Glanton satisfies the adequacy requirement of Rule 23. The purpose of Rule 23's adequacy requirement is to ensure that there are no conflicts of interest between the purported lead plaintiff and other class members. *See Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *10; *Farrah*, 68 F. Supp. 3d at 805. In addition, the proposed lead plaintiff must demonstrate that he has both the ability and the incentive to aggressively represent the Class' claims. *See Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *10.

Mr. Glanton is adequate because his interest in vigorously pursuing claims against Defendants—given his substantial losses—is aligned with the interests of the members of the Class who were similarly harmed as a result of Defendants' false and misleading statements. There is no potential conflict between Mr. Glanton's interests and those of the other members of the Class. Mr. Glanton has also duly signed a Certification under the PSLRA stating his willingness to pursue these actions for the benefit of the Class. *See* Cain Decl., Ex. B.

Further, as demonstrated below, Mr. Glanton's proposed counsel is qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and

6

professional manner. *See Farrah*, 68 F. Supp. at 805-06 (explaining that adequacy was satisfied because the proposed lead plaintiff "hired experienced counsel, which indicat[ed] his willingness to fairly and competently represent the interests of the class").

## II. MR. GLANTON'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Mr. Glanton has selected Kessler Topaz as Lead Counsel for the Class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Cain Decl., Ex. D. The firm is actively engaged in complex litigation, and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including, *inter alia*: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *In re Ocwen Financial Corp. Securities Litigation*, No. 14-cv-81057-WPD (S.D. Fla.), *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-03187 (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's

7

Case 3:16-cv-02267    Document 32    Filed 10/24/16    Page 10 of 13 PageID #: 208

favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658-SAS (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re Southern Peru Copper Corp. S'holder Derivative Litigation*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, proposed Liaison Counsel, Scott & Cain, maintains an office in this District and has substantial experience litigating complex actions. Accordingly, the firm is well qualified to represent the class as Liaison Counsel. *See* MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.221 (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court").

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, Mr. Glanton's selection of counsel should be approved.

## CONCLUSION

For all of the foregoing reasons, Mr. Glanton respectfully requests that the Court: (i) appoint Mr. Glanton as Lead Plaintiff for the Class pursuant to the PSLRA; and (ii) approve and appoint his selection of Kessler Topaz as Lead Counsel for the Class and Scott & Cain as Liaison Counsel for the Class.

DATED: October 24, 2016     Respectfully submitted,

*/s/ Christopher T. Cain*
Christopher T. Cain BPR# 019997
SCOTT & CAIN
550 W. Main Street, Suite 601
Knoxville, TN 37902
Telephone: (865) 525-2150

Facsimile: (865) 525-2120
cain@scottandcain.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK LLP**
Naumon A. Amjed
Ryan T. Degnan
Melissa L. Troutner
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com
mtroutner@ktmc.com

*Counsel for Luvell L. Glanton and Proposed Lead Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I, Christopher T. Cain, hereby certify that the Memorandum of Law in Support of the Motion of Luvell L. Glanton for Appointment as Lead Plaintiff and Approval of Selection of Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 24, 2016

/s/ Christopher T. Cain
Christopher T. Cain