UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HINIGER, DAVID M. GARFINKLE, and TODD J. MULLENGER,<br><br>         Defendants. | No. 3:16-cv-02267<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CCA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS........................................................................................................1

ARGUMENT...............................................................................................................................3

       A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ......................................................**Error! Bookmark not defined.**

       B.     THE CCA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ...................................................................................................................3

            1.     The CCA Investor Group is Willing to Serve as Class Representative ...............................................................................................4

            2.     The CCA Investor Group Has the "Largest Financial Interest" .................5

            3.     The CCA Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .......................................6

            4.     The CCA Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ..............8

       C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................................8

CONCLUSION...........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003) ....................................................................................... 6

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) ..................................................................................................... 9

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ............................................................................................ 8

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) .................................................................................. 4

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ........................................................................................ 8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................................. 4

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999) ................................................................................... 8

*Fischler v. AmSouth Corp.*,
   176 F.R.D. 583 (M.D. Fla. 1997) .............................................................................. 7-8

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .............................................................................. 7

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ................................................................................. 7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, Civil Action No. 04-0265,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ............................................... 6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ............................................. 6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)............................................. 4

*In re Olsten Corp.Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................. 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................... 7

*In re Tronox, Inc.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................. 3-4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ...................................................................................... 6

*Janovici v. DVI, Inc.*,
  2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) ................................................ 6

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .......................................................................................... 3

*Lax v. First Merchs. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................................. 6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) ............................................................................................ 3

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx),
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...............................................10

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986) ........................................................................................ 9

## **Statutes**

15 U.S.C. § 20.123 .................................................................................................................. 3
15 U.S.C. § 21D(a)(3)(A)(i) .................................................................................................... 5
15 U.S.C. § 78u .............................................................................................................. *passim*

## **Other**

23 of the Federal Rules of Civil Procedure .................................................................. *passim*
42 of the Federal Rules of Civil Procedure ............................................................................ 1, 3

Edward Miske, Donald D. Doge, and Bruce T. Schmidt (collectively, the "CCA Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing the CCA Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the publicly traded securities of Corrections Corporation of America ("CCA" or the "Company") between February 27, 2012 and August 17, 2016, both dates inclusive (the "Class Period); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen") as Co-Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The CCA Investor Group, with losses of approximately $159,010 in connection with its purchases of CCA securities, has the largest financial interest in the relief sought in this action. The CCA Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the CCA Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

{00219405;1 }                                1

CCA, together with its subsidiaries, owns and operates privatized correctional and detention facilities in the United States. The Company owns, operates, and manages prisons and other correctional facilities, and provides inmate residential and prisoner transportation services for governmental agencies. As of 2015, CCA was the largest private corrections company in the United States, and manages more than 65 correction and detention facilities in 19 states and the District of Columbia. CCA was founded in 1983 and is headquartered in Nashville, Tennessee. The Company's shares trade on the New York Stock Exchange ("NYSE") under the ticker symbol "CXW."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) CCA's facilities lacked adequate safety and security standards and were less efficient at offering correctional services than the Federal Bureau of Prisons' ("BOP") facilities; (ii) CCA's rehabilitative services for inmates were less effective than those provided by BOP; (iii) consequently, the U.S. Department of Justice ("DOJ") was unlikely to renew and/or extend its contracts with CCA; and (iv) as a result of the foregoing, CCA's public statements were materially false and misleading at all relevant times.

On August 18, 2016, Deputy Attorney General Sally Yates ("Yates") announced the DOJ's decision to end its use of private prisons, including those operated by CCA, after officials concluded that the facilities are both less safe and less effective at providing correctional services than those run by the federal government. In a memorandum addressed to the Acting Director of the Federal Bureau of Prisons, entitled "Reducing our Use of Private Prisons," Deputy Attorney General Yates stated, in part:

> Private prisons served an important role during a difficult period, but ***time has shown that they compare poorly to our own Bureau facilities. They simply do not provide the same level of correctional services, programs, and resources***; they do not save substantially on costs; and as noted in a recent report by the Department's Office of Inspector General, ***they do not maintain the same level of safety and security***. The rehabilitative services that the Bureau provides, such as educational programs and job training, have proved difficult to replicate and outsource—and these services are essential to reducing recidivism and improving public safety.
>
> For all these reasons, I am eager to enlist your help in beginning the process of reducing—and ultimately ending—our use of privately operated prisons. As you know, all of the Bureau's existing contracts with private prison companies are term-limited and subject to renewal or termination. I am directing that as each contract reaches the end of its term, the Bureau should either decline to renew the contract or substantially reduce its scope in a manner consistent with law and the overall decline of the Bureau's inmate population.

On this news, CCA's share price fell $9.65, or 39.45%, to close at $17.57 on August 18, 2016.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. THE CCA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The CCA Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the CCA Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The CCA Investor Group is Willing to Serve as Class Representative

On August 23, 2016, counsel for plaintiff in the first filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of CCA securities that they had until October 24, 2016 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of J. Alexander Hood II in Support of Motion by the CCA Investor Group for Appointment as Lead Plaintiff and Approval of Counsel ("Hood Decl."), Ex. A.

The CCA Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting that its members are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Hood Decl., Ex. B.

Accordingly, the CCA Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The CCA Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the CCA Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the CCA Investor Group (1) purchased 13,200 shares of CCA securities; (2) expended $396,444 on its purchases of CCA securities; (3) retained 11,200 of its CCA shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $159,010. *See* Hood Decl., Ex. C. Because the CCA Investor Group possesses the largest financial interest in

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The CCA Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words,

"the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the CCA Investor Group are typical of those of the Class. The CCA Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning CCA, or omitted to state material facts necessary to make the statements they did make not misleading. The CCA Investor Group, as did all members of the Class, purchased CCA securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The CCA Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the CCA Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the CCA Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

    **4.    The CCA Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing the CCA Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the CCA Investor Group to fairly and adequately represent the Class has been discussed above. The CCA Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the CCA Investor Group should be appointed Lead Plaintiff for the Class.

    **B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with

Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the CCA Investor Group has selected the Pomerantz and Rosen law firms as Co-Lead Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes. *See* Hood Decl., Exs. D, E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in the instant action, the CCA Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Moreover, Bramlett Law Offices has served as liaison counsel in all District Courts in Tennessee for 20 years. *See* Hood Decl., Ex. F. Thus, the Court may be assured that by approving the selection of counsel by the CCA Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, The CCA Investor Group respectfully requests that the Court issue an Order (1) appointing The CCA Investor Group as Lead Plaintiff for the Class; (2) approving the Pomerantz and Rosen law firms as Co-Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 24, 2016

Respectfully Submitted,

s/*Paul Kent Bramlett*
**PAUL KENT BRAMLETT**
TN SUP CT #7387/MS SUP CT #4291

**ROBERT PRESTON BRAMLETT**
TN SUP CT #25895
**BRAMLETT LAW OFFICES**
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone:615.248.2828
Facsimile: 866.816.4116
 Emails:  PKNASHLAW@aol.com
　　　　　　Robert@BramlettLawOffices.com

*Counsel for Movants and*
*Proposed Liaison Counsel for the Class*


**POMERANTZ LLP**


J. Alexander Hood II (admitted *pro hac vice*)
Jeremy A. Lieberman (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
Email:  ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom (admitted *pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Motion, Memorandum* and *Attachments* has this date been filed on the Court's CM/ECF Filing System, which will effect service on all counsel of record registered on the system.

s/***Paul Kent Bramlett***
Paul Kent Bramlett
