

Pomerantz LLP is one of the nation's foremost specialists in corporate, securities, antitrust and ERISA class litigation. The Firm was founded in 1936 by the late Abraham L. Pomerantz, one of the "pioneers who developed the class action/derivative action field." [1] Mr. Pomerantz rose to national prominence as a "champion of the small investor" and a "battler against corporate skullduggery." [2] Today, led by Co-Managing Partners Jeremy A. Lieberman and Patrick V. Dahlstrom, the Firm maintains the commitments to excellence and integrity passed down by Mr. Pomerantz.

For 80 years, the Firm has consistently shaped the law, winning landmark decisions that have expanded and protected investor rights, and initiated historic corporate governance reforms. The Legal 500 recognized Pomerantz as a Leading Firm for 2016. Also in 2016, Partners Jeremy A. Lieberman, Marc I. Gross, Gustavo F. Bruckner, and Matthew L. Tuccillo have been honored as Super Lawyers® "Top-Rated Securities Litigation Attorneys," while Tamar A. Weinrib and Louis C. Ludwig have been honored as 2016 Rising Stars: the *Daily Journal* selected Partner Jennifer Pafiti as one of 40 outstanding lawyers in California under age 40; and Pomerantz was honored by Equal Rights Advocates for its outstanding commitment to diversity and equal opportunities for women. Securities Law 360, in its 2015 *Glass Ceiling Report*, ranked Pomerantz #1 in *Top Plaintiffs' Class Action Law Firms for Women Attorneys*.

# SECURITIES LITIGATION

## SIGNIFICANT LANDMARKS
## IN SECURITIES-RELATED LITIGATIONS

In March 2015, Pomerantz was selected as sole lead counsel, representing lead plaintiff Universities Superannuation Scheme, Ltd. ("USS"), in a historic securities class action against Petroleo Brasileiro SA ("Petrobras"). In July 2015, New York U.S. District Judge Jed S. Rakoff denied in most part Defendants' Motion to Dismiss Lead Plaintiff's Complaint. The class action against Petrobras, brought on behalf of all purchasers of common and preferred American Depositary Shares ("ADSs") on the New York Stock Exchange, as well as purchasers of certain Petrobras debt, principally alleges that Petrobras and its senior executives engaged in a multi-year, multi-billion dollar money-laundering and bribery scheme, which was, of course, concealed from investors.

USS, chosen over three other strong candidates for lead plaintiff, was not the lead plaintiff applicant with the largest losses from the fraud. However, as Pomerantz articulated during the lead plaintiff process, USS's conduct represented the "gold standard" for institutional oversight of proposed lead counsel. Judge Rakoff set a trial date of February 6, 2016.

---

[1] New York Law Journal (August 1, 1983).
[2] Robert J. Cole, *Class Action Dean*, The National Law Journal, Vol. 1 No. 2 at 1 (Sept. 25, 1978).

Case 3:16-cv-02267     Document 37-5     Filed 10/24/16     Page 1 of 36 PageID #: 321

In 2013 and 2014, Pomerantz secured a series of significant victories in individual actions pursued on behalf of institutional investors in *In re BP p.l.c. Securities Litigation*, MDL 2185 pending in the U.S. District Court for the Southern District of Texas. Pomerantz defeated BP's *forum non conveniens* arguments seeking dismissal of U.S. institutions and, later, foreign institutions, pursuing English common law claims seeking recovery of investment losses stemming from the 2010 Gulf oil spill in both NYSE-traded American Depository Shares and London Stock Exchange (LSE)-traded common stock. Pomerantz also defeated BP's attempt to extend the Securities Litigation Uniform Standards Act to dismiss these claims. Thanks to these rulings, Pomerantz is now leading the only litigation following the Supreme Court's decision in *Morrison v. Nat'l Australia Bank*, which foreclosed use of U.S. federal securities laws to recover for losses in foreign-traded stocks, where U.S. and foreign investors, pursuing foreign claims, seeking recovery for losses in foreign-traded stocks are doing so in a U.S. court. (See fuller discussion below, in "At the Vanguard, Post-*Morrison*.")

In June 2010, the court granted final approval of a $225 million settled proposed by Pomerantz and Lead Plaintiff the Menora Group, with Comverse Technology and certain of Comverse's former officers and directors, after four years of highly contested litigation. The *Comverse* settlement is one of the largest securities class action settlements reached since the passage of the Private Securities Litigation Reform Act ("PSLRA").[3] It is the second-largest recovery in a securities litigation involving the backdating of options, as well as one of the largest recoveries – $60 million – from an individual officer-defendant, Comverse's founder and former CEO, Kobi Alexander. *In re Comverse Technology, Inc. Sec. Litig.,* No. 06-CV-1825 (E.D.N.Y.)

Even before the enactment of the PSLRA, Pomerantz represented state agencies in securities class actions, including the Treasurer of the Commonwealth of Pennsylvania (recovered $100 million) against a major investment bank. *In re Salomon Brothers Treasury Litig.* (S.D.N.Y.).

Pomerantz recovered $50 million for the Treasurer of the State of New Jersey and several New Jersey pension funds in an individual action. This was a substantially higher recovery than what our clients would have obtained had they remained in a related federal class action. *Treasurer of the State of New Jersey v. AOL Time Warner, Inc.* (N.J. Super. Ct. Law Div., Mercer Co.).

Pomerantz has litigated numerous cases for the Louisiana School Employees' Retirement System. For example, as Lead Counsel, Pomerantz recovered $74.75 million in a securities fraud class action against Citigroup, its CEO Sanford Weil, and its now infamous telecommunications analyst Jack Grubman. *In re Salomon Analysts AT&T Litig.,* (S.D.N.Y.) Also, the Firm played a major role in a complex antitrust and securities class action which settled for over $1 billion. *In re NASDAQ Market-Makers Antitrust Litig.,* (S.D.N.Y.). Pomerantz was a member of the Executive Committee in *In re Transkaryotic Sec. Litig.,* (D. Mass), helping to win a $50 million settlement for the class.

In 2008, together with Co-Counsel, Pomerantz identified a substantial opportunity for recovery of losses in Countrywide mortgage-backed securities ("MBS") for three large New Mexico funds (New Mexico State Investment Council, New Mexico Public Employees' Retirement Association, and New Mexico Educational Retirement Board), that had been overlooked by all of the firms then in their securities litigation pool. We then filed the first non-class lawsuit by a public institution with respect to Countrywide MBS. *See New Mexico State Inv Council v. Countrywide Fin. Corp., et al.,* No. D-0101-

[3] Institutional Shareholder Services, *SCAS "Top 100 Settlements Quarterly Report,"* (Sept. 30, 2010).

CV-2008-02289 (N.M. 1st Dist. Ct.). In Fall 2010, we negotiated for our clients an extremely favorable but confidential settlement.

Pomerantz has also obtained stellar results for private institutions and Taft-Hartley funds. Below are a few examples:

- *In re Charter Communications, Inc. Secs. Litig.* (W.D. Mo.) (sole Lead Counsel for Lead Plaintiff StoneRidge Investment Partners LLC); $146.25 million class settlement, where Charter also agreed to enact substantive improvements in corporate governance.
- *In re Groupon, Inc. Securities Litigation*, No. 12-cv-02450 (N.D. Ill.) (sole Lead Counsel for Lead Plaintiffs); $45 million class settlement.
- *In re American Italian Pasta Securities Litigation* (W.D. Mo.) (sole Lead Counsel for Lead Plaintiff Ironworkers Locals 40, 361 and 417; $28.5 million aggregate settlements).
- *Richardson and CC Partners, LLC v. Gray* (Sup. Ct. N.Y. Cty.); and *In re Summit Metals*, (Bankr. D. Del.) (two derivative actions where the Firm represented C.C. Partners Ltd. and obtained judgment of contempt against controlling shareholder for having made "extraordinary" payments to himself in violation of a preliminary injunction; persuaded the court to jail him for two years upon his refusal to pay; and, in a related action, won a $43 million judgment after trial and obtained turnover of stock of two companies).

Over its long history, Pomerantz has served as Lead or Co-Lead Counsel in numerous other cases, a few of which are listed below:

- *In re Medicis Pharmaceutical Corp. Securities Litigation* (U.S.D.C. Ariz. 2010)
  $18 million settlement in class action securities fraud litigation.
- *In re Sealed Air Corp. Sec. Litig.* (D.N.J. 2010)
  $20 million settlement in class action in which Pomerantz was Co-Lead Counsel representing the Louisiana Municipal Police Employees' Retirement System.
- *In re Silvercorp Metals, Inc. Secs. Litig.*, No. 1:12-cv-09456 (S.D.N.Y.); (sole Lead Counsel for Plaintiffs); $14 million class settlement.
- *In re Elan Corp. Sec. Litig.* (S.D.N.Y. 2005)
  $75 million settlement in class action arising out of alleged accounting manipulations.
- *In re Livent, Inc. Noteholders Sec. Litig.* (S.D.N.Y. 2005)
  $17 million settlement for the class; plus summary judgment against remaining defendants for $36 million (including pre-judgment interest); totaling over 100% of claimed damages.
- *In re Safety-Kleen Corp. Stockholders Litig.* (D. S.C. 2004)
  $54.5 million in total settlements in class action alleging accounting manipulations by corporate officials and auditors; last settlement reached on eve of trial.
- *Mardean Duckworth v. Country Life Insurance Co.* (Ill. Cir. Ct., Cook Cty. 2000)
  $45 million recovery.
- *In re First Executive Corp. Sec. Litig.* (C.D. Cal. 1994)
  $102 million recovery for the class, exposing a massive securities fraud arising out of the Michael Milken debacle.
- *Snyder v. Nationwide Insurance Co.* (Sup. Ct., Onondaga Cty. 1998)
  Settlement valued at $100 million in derivative case arising from injuries to consumers purchasing life insurance policies.
- *In re Boardwalk Marketplace Sec. Litig.* (D. Conn. 1994)

Over $66 million benefit in securities fraud action.
- *In re National Health Lab., Inc. Sec. Litig.* (S.D. Cal. 1995)
  $64 million recovery.
- *In re Telerate, Inc. Shareholders Litig.* (Del. Ch. 1989)
  $95 million benefit in case alleging violation of fiduciary duty under state law.
- *In re Force Protection, Inc.* (D.S.C.)
  $24 million settlement.

## SHAPING THE LAW

Not only has Pomerantz established a long track record of obtaining substantial monetary recoveries for our clients; whenever appropriate, we also pursue corporate governance reforms on their behalf. In *In re Chesapeake S'holder Deriv. Litig.*, No. CJ-2009-3983 (Dist. Okla.), for example, the Firm served as co-lead counsel, representing a public pension client in a derivative case arising from an excessive compensation package granted to Chesapeake's CEO and founder. This was a derivative action, not a class action. Yet it is illustrative of the results that can be obtained by an institutional investor in the corporate governance arena. There, we obtained a settlement which called for the repayment of $12.1 million and other consideration by the CEO. The *Wall Street Journal* (November 3, 2011) characterized the settlement as "a rare concession for the 52-year old executive, who has run the company largely by his own rules since he co-founded it in 1989." The settlement also included comprehensive corporate governance reforms.

The Firm has won many landmark decisions that have enhanced shareholders' rights and improved corporate governance. These include decisions that established that:

- shareholders have a right to a jury trial in derivative actions. *Ross v. Bernhard*, 396 U.S. 531 (1970).
- a mortgage-backed securities ("MBS") holder may bring claims if the MBS price declines even if all payments of principal and interest have been made. *New Mexico State Inv Council v. Countrywide Fin. Corp., et al.,* No. D-0101-CV-2008-02289, Transcript of Proceedings on March 25, 2009 (N.M. 1st Dist. Ct.)
- when a court selects a Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), the standard for calculating the "largest financial interest" must take into account sales as well as purchases. *In re Comverse Technology Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. 2007).
- purchasers of options have standing to sue under federal securities laws. *In re Green Tree Fin. Corp. Options Litig.*, 2002 U.S. Dist. LEXIS 13986 (D. Minn. 2002).
- a company may have the obligation to disclose to shareholders its Board's consideration of important corporate transactions, such as the possibility of a spin-off, even before any final decision has been made. *Kronfeld v. Trans World Airlines, Inc.*, 832 F.2d 726 (2d Cir. 1987).
- specific standards for assessing whether mutual fund advisors breach fiduciary duties by charging excessive fees. *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 740 F.2d 190 (2d Cir. 1984).
- investment advisors to mutual funds are fiduciaries who cannot sell their trustee positions for a profit. *Rosenfeld v. Black*, 445 F.2d 1337 (2d Cir. 1971).
- management directors of mutual funds have a duty to make full disclosure to outside directors "in every area where there was even a possible conflict of interest." *Moses v. Burgin*, 445 F.2d 369 (1st Cir. 1971).

- a managing underwriter can owe fiduciary duties of loyalty and care to an issuer in connection with a public offering of the issuer stock, even in the absence of any contractual agreement. Professor John C. Coffee, a renowned Columbia University securities law professor, commenting on the ruling, stated: "It's going to change the practice of all underwriting." *EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y. 3d 11 (2005).

## AT THE VANGUARD, POST-*MORRISON*

The April 20, 2010 Deepwater Horizon rig explosion and the resulting oil spill – the worst in U.S. history – devastated countless lives and caused immeasurable environmental damage in the Gulf of Mexico and along its coastlines. The spill also impacted investors in BP p.l.c. ("BP"). Within weeks, the price of BP's ordinary shares and its American Depository Shares (ADS) plummeted nearly 50%, driven down by revelations regarding BP's prior misstatements about its commitment to safety and the true scope of the spill.

Although many BP investors immediately considered their legal options, the U.S. Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) presented a seeming insurmountable hurdle, in that it barred use of the U.S. federal securities laws to recover losses from investments in foreign-traded securities. Thus, although the U.S. federal securities laws protected purchasers of BP's ADS, which trade on the New York Stock Exchange, the same was not true for the purchasers of BP's ordinary shares, which trade on the London Stock Exchange. For investors who purchased BP common stock, they seemed to have no legal options in the U.S. court system.

With a long tradition of developing innovative ways to advance client interests, Pomerantz responded by developing a new legal theory, placing it once again at the vanguard of ground-breaking litigation. On behalf of its clients, Pomerantz is pursuing common law fraud and negligence claims against BP, in the U.S. courts, to recover losses associated with its clients' BP common stock investments. For investors who also purchased BP's ADS, Pomerantz is simultaneously pursuing U.S. federal securities claims – in the same lawsuit.

Through a series of hard-fought victories, Pomerantz has secured the right of both U.S. and foreign institutional investors to pursue these claims in U.S. federal court. First, in a landmark decision issued in October 2013 (as revised in December 2013), the Honorable Keith Ellison of the United States District Court for the Southern District of Texas denied BP's motion to dismiss Pomerantz's complaint on behalf of three U.S. pension funds. Judge Ellison rejected BP's argument that the case should be sent to courts in England under the doctrine of *forum non conveniens*, and his decision to apply English law mooted BP's arguments that the case should be dismissed under *Morrison* or the Dormant Commerce Clause of the U.S. Constitution as improper regulation of foreign commerce.

More recently, in decisions issued in October 2014, Judge Ellison denied BP's attempt to dismiss the cases of Pomerantz's foreign institutional clients on *forum non conveniens* grounds. He also rejected BP's attempt to extend the Securities Litigation Uniform Standards Act (SLUSA) to the English common law claims being pursued by Pomerantz's clients, and by extension, rejected BP's argument that SLUSA required the dismissal of our foreign and U.S. non-public institutional clients.

These decisions secured the right of Pomerantz's clients, both foreign and domestic, to pursue English common law claims – in U.S. federal court – to recover their losses in BP's London-traded common shares and its New York-traded ADS. This litigation is literally the first time, post-*Morrison*, that institutional investors have been permitted to pursue foreign claims seeking recovery for foreign traded securities in a U.S. court.

Also in October 2014, Pomerantz secured important rulings regarding the Exchange Act claims being pursued by certain of our clients regarding their ADS losses. Judge Ellison agreed with Pomerantz that *American Pipe* tolling applied to both the statute of limitation and the statute of repose applicable to our Section 10(b) claims. This ruling was significant given the split of authority nationwide and the Supreme Court's expression of interest in the repose issue (which was to have been heard in the *IndyMac* appeal).

These outcomes represent hard-fought, important victories for Pomerantz's clients. In total, Pomerantz currently represents nearly three dozen clients in BP-related litigation, including U.S. public pension funds, U.S. limited partnerships and ERISA trusts, and institutional investors from the U.K., France, the Netherlands, Canada, and Australia.

Pomerantz is currently investigating claims on behalf of other clients, and any institutional investors who wish to learn their rights to seek recovery for BP investment losses in the period extending from January 2007 through June 2010 should promptly contact the firm for a risk-free, no-obligation consultation at no expense.

Pomerantz's BP litigation is overseen by Partners Marc I. Gross, Jeremy A. Lieberman, and Matthew L. Tuccillo.

## COMMENTS FROM THE COURTS

Throughout its history, courts time and again have acknowledged the Firm's ability to vigorously pursue and successfully litigate actions on behalf of investors.

At the May 2015 hearing wherein the Court approved the settlement in *Courtney, et al. v. Avid Technology, et al.*, No. 1:13-cv-10686-WGY (D. Mass.) following oral argument by Jeremy A. Lieberman, the Hon. William G. Young stated,

> This has been very well litigated. It is always a privilege. I don't just say that as a matter of form. And I thank you for the vigorous litigation that I've been permitted to be a part of. (Tr. at 8-9)

At the January 2012 hearing wherein the Court approved the settlement in *In re Chesapeake Shareholder Derivative Litig.* No. CJ-2009-3983 (Okla. Dist.), following oral argument by Marc I. Gross, the Hon. Daniel L. Owens stated,

> Counsel, it's a pleasure, and I mean this and rarely say it. I think I've said it two times in 25 years. It is an extreme pleasure to deal with counsel of such caliber. (Tr. at 48)

In approving the $225 million settlement in *In re Comverse Technology Inc. Sec. Litig.*, No. 06-CV-1825 (E.D.N.Y.) in June 2010, Judge Nicholas G. Garaufis stated:

> As outlined above, the recovery in this case is one of the highest ever achieved in this type of securities action. . . . The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and . . . Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation.

In approving a $146.25 million settlement in *In re Charter Communications Sec. Litig.*, 02 Cv1186 (E.D. Mo. 2005), in which Pomerantz served as sole Lead Counsel, Judge Charles A. Shaw praised the Firm's efforts:

> This Court believes Lead Plaintiff achieved an excellent result in a complex action, where the risk of obtaining a significantly smaller recovery, if any, was substantial. In awarding fees to Pomerantz, the Court cited "the vigor with which Lead Counsel . . . investigated claims, briefed the motions to dismiss, and negotiated the settlement." . . .

In approving a $24 million settlement in *In re Force Protection, Inc.* 08 CV 845 (D.S.C. 2011), Judge C. Weston Houk described the Firm as "attorneys of great ability and great reputation" and commended the Firm for having "done an excellent job."

In certifying a class in a securities fraud action against analysts in *DeMarco v. Robertson Stephens*, 2005 U.S. Dist. LEXIS (S.D.N.Y.), Judge Gerard D. Lynch stated that Pomerantz had "ably and zealously represented the interests of the class."

Numerous courts have made similar comments:

- Appointing Pomerantz Lead Counsel in *American Italian Pasta Co. Sec. Litig.*, No 05-CV-0725-W-ODS (W.D. Mo.), a class action that involved a massive fraud and restatements spanning several years, the District Court observed that the Firm ". . . has significant experience (and has been extremely effective) litigating securities class actions, employs highly qualified attorneys, and possesses ample resources to effectively manage the class litigation and protect the class's interests."

- In approving the settlement in *In re Wiring Devices Antitrust Litigation*, MDL Docket No. 331 (E.D.N.Y. Sept. 9, 1980), Chief Judge Jack B. Weinstein stated that "Counsel for the plaintiffs I think did an excellent job. . . . They are outstanding and skillful. The litigation was and is extremely complex. They assumed a great deal of responsibility. They recovered a very large amount given the possibility of no recovery here which was in my opinion substantial."

- In *Snyder v. Nationwide Insurance Co.*, Index No. 97/0633, (N.Y. Supreme Court, Onondaga County), a case where Pomerantz served as Co-Lead Counsel, Judge Tormey stated, "It was a pleasure to work with you. This is a good result. You've got some great attorneys working on it."

- In *Steinberg v. Nationwide Mutual Insurance Co.*, 99 CV 7725 (E.D.N.Y.), Judge Spatt, granting class certification and appointing the Firm as class counsel, observed: "The Pomerantz firm has a strong reputation as class counsel and has demonstrated its competence to serve as class counsel in this motion for class certification." (2004 U.S. Dist. LEXIS 17669 at *24)

- In *Mercury Savings and Loan*, CV 90-87 LHM (C.D. Cal.), Judge McLaughlin commended the Firm for the "absolutely extraordinary job in this litigation."

- In *Boardwalk Marketplace Securities Litigation*, MDL No. 712 (D. Conn.), Judge Eginton described the Firm's services as "exemplary," praised it for its "usual fine job of lawyering . . . [in] an extremely complex matter," and concluded that the case was "very well-handled and managed." (Tr. at 6, 5/20/92; Tr. at 10, 10/10/92)

- In *Nodar v. Weksel*, 84 Civ. 3870 (S.D.N.Y.), Judge Broderick acknowledged "that the services rendered [by Pomerantz] were excellent services from the point of view of the class represented, [and] the result was an excellent result." (Tr. at 21-22, 12/27/90)

- In *Klein v. A.G. Becker Paribas, Inc.*, 83 Civ. 6456 (S.D.N.Y.), Judge Goettel complimented the Firm for providing "excellent . . . absolutely top-drawer representation for the class, particularly in light of the vigorous defense offered by the defense firm." (Tr. at 22, 3/6/87)

- In *Digital Sec. Litig.*, 83-3255Y (D. Mass.), Judge Young lauded the Firm for its "[v]ery fine lawyering." (Tr. at 13, 9/18/86)

- In *Shelter Realty Corp. v. Allied Maintenance Corp.*, 75 F.R.D. 34, 40 (S.D.N.Y.), Judge Frankel, referring to Pomerantz, said: "Their experience in handling class actions of this nature is known to the court and certainly puts to rest any doubt that the absent class members will receive the quality of representation to which they are entitled."

- In *Rauch v. Bilzerian*, 88 Civ. 15624 (Sup. Ct. N.J.), the court, after trial, referred to Pomerantz partners as "exceptionally competent counsel," and as having provided "top drawer, topflight [representation], certainly as good as I've seen in my stay on this court."

# ANTITRUST LITIGATION

Over its long history, Pomerantz has earned a reputation for prosecuting complex antitrust and consumer class actions with vigor, innovation, and success. Pomerantz's Antitrust and Consumer Group, chaired by Partner Jayne Arnold Goldstein, has recovered billions of dollars for the Firm's business and individual clients and the classes that they represent. Time and again, Pomerantz has protected our free-market system from anticompetitive conduct, such as price fixing, monopolization, exclusive territorial division, pernicious pharmaceutical conduct, and false advertising. Pomerantz's advocacy has spanned across diverse product markets, exhibiting the Antitrust and Consumer Group's versatility to prosecute class actions on any terrain.

Pomerantz has served and is currently serving in leadership or co-leadership roles in several high-profile multi-district litigation class actions. The Firm currently represents a class of lending institutions in New York that originated, purchased outright, or purchased a participation interest in loans paying interest rates tied to the U.S. Dollar Interbank Offered Rate (USD LIBOR), *The Berkshire Bank v. Bank of America Corp.* (S.D.N.Y.) (2012). It is alleged that the class suffered damages

as a result of collusive manipulation by the contributor panel banks that artificially increased the USD LIBOR rate during the class period, causing them to receive lower interest than they would have otherwise.

Pomerantz also currently represents baseball and hockey fans in a potentially game-changing antirust class action against Major League Baseball and the National Hockey League challenging the exclusive territorial division of live television broadcasts, internet streaming, and the resulting geographic blackouts. *See Laumann v. NHL* and *Garber v. MLB* (S.D.N.Y.) (2012).

Pomerantz has spearheaded the effort to challenge harmful anticompetitive conduct by pharmaceutical companies—including Pay-for-Delay Agreements—that artificially inflates the price of prescription drugs by keeping generic versions off the market. Ms. Goldstein serves as co-lead counsel and was a member of the trial team in *In re Nexium Litigation*, the first Pay-for-Delay trial after the Supreme Court's decision in *In F.T.C. v. Actavis, Inc.* which has paved the way for many pending antitrust class actions that challenge pharmaceutical Pay-For-Delay Agreements.

Even prior to the 2013 precedential U.S. Supreme Court decision in *Actavis*, Pomerantz litigated and successfully settled the following generic-drug-delay cases:

- *In re Flonase Antitrust Litig.* (E.D. Pa.) (2008) ($35 million);
- *In re Toprol XL Antitrust Litig.* (D. Del.) (2006) ($11 million); and
- *In re Wellbutrin SR Antitrust Litig.* (E.D. Pa.) (2004) ($21.5 million).

Pomerantz's results speak for themselves. Most recently, Pomerantz served as liaison counsel, a member of plaintiffs' executive committee, and represented the largest retailer class representative in *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* (E.D.N.Y., Dec. 13, 2013). This monumental antitrust class action resulted in a settlement in excess of $7 billion, which is estimated to be the largest-ever U.S. antitrust settlement.

Other exemplary victories include Pomerantz's prominent role in *In re NASDAQ Mkt.-Makers Antitrust Litig.* (S.D.N.Y.), which resulted in a settlement in excess of $1 billion for class members, one of the largest antitrust settlements in history. Pomerantz also played prominent roles in *In re Sorbates Direct Purchaser Antitrust Litig.* (N.D. Cal.), which resulted in over an $82 million recovery, and in *In re Methionine Antitrust Litig.* (N.D. Cal.), which resulted in a $107 million recovery. These cases illustrate the resources, expertise, and commitment that Pomerantz's Antitrust Group devotes to prosecuting some of the most egregious anticompetitive conduct.

# CORPORATE GOVERNANCE LITIGATION

Pomerantz is committed to ensuring that companies adhere to responsible business practices and practice good corporate citizenship. We strongly support policies and procedures designed to give shareowners the ability to oversee the activities of a corporation. We vigorously pursue corporate governance reform, particularly in the area of excess compensation, where it can address the growing disparity between the salaries of executives and the workers of major corporations. We have successfully utilized litigation to bring about corporate governance reform in numerous cases, and always consider whether such reforms are appropriate before any case is settled.

Pomerantz partners are frequent speakers at domestic and international conferences on the importance of securities fraud actions in such countries as the United Kingdom, France, and Israel. According to Managing Partner Marc Gross, "We need to have these kinds of legal remedies available in order to maintain corporate honesty and accountability."

Pomerantz's Corporate Governance Practice Group, led by Partner Gustavo F. Brucker, enforces shareholder rights and prosecutes actions challenging corporate transactions that arise from an unfair process or result in an unfair price for shareholders. Most recently, the Group obtained a landmark ruling in *Strougo v. Hollander*, C.A. No. 9770-CB (Del. Ch. Ct.), that fee-shifting bylaws adopted after a challenged transaction do not apply to stockholders affected by the transaction. They were also able to obtain a *25% price increase* for members of the class cashed out in the going private transaction.

In *Miller v. Bolduc*, SUCV 2015-00807 (Superior Court Massachusetts) the Group caused Implant Sciences to hold its first stockholder annual meeting in 5 years and put an important compensation grant up for a stockholder vote.

In *Smollar v. Potarazu*, C.A. No. 10287-VCN (Del. Ch. Ct.), the Group pursued a derivative action to bring about the appointment of two independent members to the board of directors, retention of an independent auditor, dissemination of financials to stockholders and the holding of first ever in-person annual meeting, among other corporate therapeutics.

In *Hallandale Beach Police Officers and Firefighters' Personnel Retirement Fund vs. lululemon athletica, Inc.,* Civil Action No. 8522-VCP (Del. Ch. Ct.), in an issue of first impression in Delaware, the Chancery Court ordered the production of the chairman's 10b5-1 stock trading plan. The Court found that a stock trading plan established by the company's chairman, pursuant to which a broker, rather than the chairman himself, would liquidate a portion of the chairman's stock in the company, did not preclude potential liability for insider trading.

In *Strougo v. North State Bancorp*, 15 CVS 14696 (North Carolina Superior Court), the Group caused the Merger Agreement to be amended to provide a "majority of the minority" provision for the holders of North State Bancorp's common stock in connection with the stockholder vote on the Merger. As a result of the Action, common stockholders could stop the Merger if they did not wish it to go forward.


In the settlement hearing argued by Mr. Bruckner in *In re JDA Software Group, Inc., Stockholder Litigation*, C.A. No. 8049-VCN, Vice Chancellor John W. Noble stated:

> The disclosures which the plaintiffs obtained through the settlement negotiations were material. . . . including information regarding financial analyses supporting the fairness opinion provided by the financing advisor, significantly enhanced financial projections, the fact that all but one of the buyers interested at the time had entered into a standstill agreement but nonetheless would have been allowed to propose a topping bid after announcement of the merger agreement, and projected synergies that might result from the RedPrairie acquisition. These disclosures

collectively enhanced the stockholders' understanding of how the proposed merger came about and how the price they were going to receive had been determined, or perhaps more accurately, assess a fairness opinion.

The most important factor is the benefit conferred upon the class. . . .

The standing and ability of counsel cannot be questioned. They are experienced and know how to handle these types of cases.

Pomerantz's commitment to advancing sound corporate governance principles is further demonstrated by the more than 26 years that we have co-sponsored The Abraham L. Pomerantz Lecture Series with Brooklyn Law School. These lectures focus on critical and emerging issues concerning shareholder rights and corporate governance and bring together top academics and litigators.

Our bi-monthly newsletter, *The Pomerantz Monitor*, provides institutional investors updates and insights on current issues in corporate governance.

# PARTNERS

## PATRICK V. DAHLSTROM

Patrick Dahlstrom is Pomerantz's Co-Managing Partner with Jeremy A. Lieberman. Mr. Dahlstrom joined Pomerantz as an associate in 1991 and became a partner in January 1996. He is based in the Firm's Chicago office.

Mr. Dahlstrom is a member of the Firm's Institutional Investor Practice and New Case Groups, and has extensive experience litigating cases under the PSLRA. He was partner-in-charge of *In re Comverse Technology Sec. Litig.*, No. 06-CV-1825 (E.D.N.Y.), in which the Firm, as Lead Counsel, recovered a $225 million settlement for the Class – the second-highest ever for a case involving the back-dating options, and one of the largest recoveries ever from an individual officer-defendant, the company's founder and former CEO. In *Comverse*, the Firm obtained an important clarification of how courts calculate the "largest financial interest" in connection with the selection of a Lead Plaintiff, in a manner consistent with *Dura*, 544 U.S. 336 (2005). Judge Garaufis, in approving the settlement, lauded Pomerantz: "The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and . . . Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation."

In *DeMarco v. Robertson Stephens*, 2005 U.S. Dist. LEXIS (S.D.N.Y. 2005), Mr. Dahlstrom obtained the first class certification in a federal securities case involving fraud by analysts.

Mr. Dahlstrom's extensive experience in litigation under the PSLRA has made him an expert not only at making compelling arguments on behalf of Pomerantz' clients for Lead Plaintiff status, but also in discerning weaknesses of competing candidates. *In re American Italian Pasta Co. Sec. Litig.* and *Comverse* are the most recent examples of his success in getting our clients appointed sole Lead Plaintiff despite competing motions by numerous impressive institutional clients.

Mr. Dahlstrom was a member of the trial team in *In re ICN/Viratek Sec. Litig.* (S.D.N.Y.), which, after trial, settled for $14.5 million. Judge Wood praised the trial team: "[P]laintiffs counsel did a superb job here on behalf of the class . . . This was a very hard fought case. You had very able, superb opponents, and they put you to your task . . . The trial work was beautifully done and I believe very efficiently done."

Mr. Dahlstrom's speaking engagements include interviews by NBC and the CBC regarding securities class actions, and among others, a presentation at the November 2009 State Association of County Retirement Systems Fall Conference as the featured speaker at the Board Chair/Vice Chair Session entitled: "Cleaning Up After the 100 Year Storm. How trustees can protect assets and recover losses following the burst of the housing and financial bubbles."

Mr. Dahlstrom is a 1987 graduate of the Washington College of Law at American University in Washington, D.C., where he was a Dean's Fellow, Editor in Chief of the Administrative Law Journal, a member of the Moot Court Board representing Washington College of Law in the New York County Bar Association's Antitrust Moot Court Competition, and a member of the Vietnam

Veterans of America Legal Services/Public Interest Law Clinic. Upon graduating, Mr. Dahlstrom served as the Pro Se Staff Attorney for the United States District Court for the Eastern District of New York and was a law clerk to the Honorable Joan M. Azrack, United States Magistrate Judge.

Mr. Dahlstrom is admitted to practice in New York and Illinois, as well as the United States District Courts for the Southern and Eastern Districts of New York, Northern District of Illinois, Northern District of Indiana, Eastern District of Wisconsin, District of Colorado, Western District of Pennsylvania, the United States Courts of Appeals for the Fourth, Sixth, Seventh and Eighth Circuits, and the United States Supreme Court.

## JEREMY A. LIEBERMAN

Jeremy A. Lieberman is Pomerantz's Co-Managing Partner with Patrick Dahlstrom. Mr. Lieberman became associated with the Firm in August 2004, and became a partner in January 2010. He has been honored as a 2016 Super Lawyers® "Top-Rated Securities Litigation Attorney," a recognition bestowed on no more than 5% of eligible attorneys in the New York Metro area.

Mr. Lieberman serves as lead counsel in *In re Petrobras Sec. Litig.,* a closely-watched case arising from a multi-billion dollar kickback and bribery scheme involving Brazil's largest oil company, Petróleo Brasileiro S.A. - Petrobras. Mr. Lieberman has had an integral role in a number of high-profile securities class and derivative actions, including *Comverse Technology Sec. Litig.*, in which he and his partners achieved a historic $225 million settlement on behalf of the Class, which was the second-largest options backdating settlement to date.

Mr. Lieberman is lead counsel in a putative securities class action that alleges Barclays PLC misled institutional investor clients about the extent of the banking giant's use of so-called "dark pool" trading systems. This case turns on the duty of integrity owed by Barclays to its clients. He also serves as lead counsel in the Firm's case against Corinthian Colleges, one of the largest for-profit college systems in the country, for alleged misrepresentations about its job placement rates, compliance with applicable regulations, and enrollment statistics. Pomerantz prevailed in the motion to dismiss proceedings, a particularly noteworthy victory because Chief Judge George King of the Central District of California had dismissed two prior lawsuits against Corinthian with similar allegations.

Mr. Lieberman serves as Interim Class Counsel on behalf of a class lenders and financial institutions litigating claims arising out of the London Interbank Offered Rate ("LIBOR") rate rigging scandal. He was lead counsel in *In re Medicis Corp. Sec. Litig.*, in which the Court approved an $18 million settlement, and is lead counsel in a number of the Firm's other litigations.

In In re *China North East Petroleum Corp. Sec. Litig.*, Mr. Lieberman achieved a significant victory for shareholders in the United States Court of Appeals for the Second Circuit, whereby the Appeals Court ruled that a temporary rise in share price above its purchase price in the aftermath of a corrective disclosure did not eviscerate an investor's claim for damages. The Second Circuit's decision was deemed "precedential" by the New York Law Journal, and provides critical guidance for assessing damages in a § 10(b) action.

Mr. Lieberman regularly consults with Pomerantz's international institutional clients, including

pension funds, regarding their rights under the U.S. securities laws. Mr. Lieberman is working with the firm's international clients to craft a response to the Supreme Court's ruling in *Morrison v. Nat'l Australia Bank, Ltd*., which limited the ability of foreign investors to seek redress under the federal securities laws. Currently, Mr. Lieberman is representing several UK and EU pension funds and asset managers in individual actions against BP plc in the United States District Court for the Southern District of Texas.

Mr. Lieberman is a frequent lecturer regarding current corporate governance and securities litigation issues. In December 2013, he spoke at the Annual Provident Funds Coalition Conference in Eilat, Israel on Morrison and its implications for TASE investors. He also recently led a discussion regard U.S. securities class actions in Amsterdam.

Mr. Lieberman graduated from Fordham University School of Law in 2002. While in law school, he served as a staff member of the Fordham Urban Law Journal. Upon graduation, he began his career at a major New York law firm as a litigation associate, where he specialized in complex commercial litigation.

## GUSTAVO F. BRUCKNER

Gustavo F. Bruckner heads Pomerantz's Corporate Governance Practice, which enforces shareholder rights and prosecutes actions challenging corporate transactions that arise from an unfair process or result in an unfair price for shareholders. Under Mr. Bruckner's leadership, the Corporate Governance Practice has achieved numerous noteworthy litigation successes. He was honored as a 2016 Super Lawyers® "Top-Rated Securities Litigation Attorney," a recognition bestowed on no more than 5% of eligible attorneys in the New York Metro area.

Mr. Bruckner successfully argued *Strougo v. Hollander*, C.A. No. 9770-CB (Del. Ch. Ct. 2015), obtaining a landmark ruling in Delaware that bylaws adopted after stockholders are cashed out do not apply to stockholders affected by the transaction. In the process, Mr. Bruckner and the Corporate Governance team beat back a fee-shifting bylaw and were able to obtain a 25% price increase for members of the class cashed out in the going private transaction. Shortly thereafter, the Delaware Legislature adopted legislation to ban fee-shifting bylaws.

In *Miller v. Bolduc*, SUCV 2015-00807 (Mass. Sup. Ct. 2015), Mr. Bruckner and the Corporate Governance group, by initiating litigation, caused Implant Sciences to hold its first stockholder annual meeting in 5 years and to place an important compensation grant up for a stockholder vote.

In *Hallandale Beach Police Officers and Firefighters' Personnel Retirement Fund vs. lululemon athletica, Inc.*, C.A. No. 8522-VCP (Del. Ch. Ct. 2014), in an issue of first impression in Delaware, the Chancery Court ordered the production of the company chairman's Rule 10b5-1 stock trading plan. The Court found that a stock trading plan established by the company's chairman, pursuant to which a broker, rather than the chairman himself, would liquidate a portion of the chairman's stock in the company, did not preclude potential liability for insider trading.

Mr. Bruckner was co-lead counsel in the matter of *In re Great Wolf Resorts, Inc. Shareholders Litigation*, No. C.A. 7328-VCN (Del. Ch. 2012), obtaining the elimination of stand-still provisions that allowed third parties to bid for Great Wolf Resorts, Inc., resulting in the emergence of a third-

party bidder and approximately $94 million (57%) in additional merger consideration for Great Wolf shareholders.

After graduating law school, Mr. Bruckner served as Chief-of-Staff to a New York City legislator. He received his law degree from Benjamin N. Cardozo School of Law in 1992, where he served as an editor of the Moot Court Board.

Mr. Bruckner is a Mentor and Coach to the NYU Stern School of Business, Berkley Center for Entrepreneurial Studies, New Venture Competition. He was a University Scholar at NYU where he obtained a B.S. in Marketing and International Business in 1988 and an MBA in Finance and International Business in 1989.

He is also a Trustee and the Treasurer of the Beit Rabban Day School.

Mr. Bruckner is licensed to practice in New York and New Jersey and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York, the United States District Court for the District of New Jersey, United States Court of Appeals for the Second Circuit, and the United States Supreme Court. Mr. Bruckner also serves as an arbitrator in the Civil Court of the City of New York.

## EMMA GILMORE

Emma Gilmore became associated with the Firm in May 2012 and became a partner in December 2015. Ms. Gilmore plays an integral role in the Firm's case against Brazil's largest oil company, Petróleo Brasileiro S.A. - Petrobras, arising from a multi-billion dollar kickback and bribery scheme, in which the Firm is Lead Counsel. *In re Petrobras Sec. Litig.,* No. 14-cv-9662 (S.D.N.Y.) Among other cases, she is also actively involved in the Firm's securities fraud lawsuits concerning British Petroleum's 2010 Deepwater Horizon oil spill, representing a multitude of foreign and domestic public and private pension funds, limited liability partnerships, and investment trusts in individual actions related to Multidistrict Litigation 2185, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185 (S.D. Tex.).

Prior to joining Pomerantz, Ms. Gilmore was a litigation associate with the firms of Skadden, Arps, Slate, Meagher and Flom, LLP and Sullivan & Cromwell, LLP, where she was involved in commercial and securities matters. Her experience includes working on the *WorldCom Securities Litigation*.

Ms. Gilmore also served as a law clerk to the Honorable Thomas C. Platt, United States District Judge for the Eastern District of New York.

Ms. Gilmore graduated *cum laude* from Brooklyn Law School, where she served as a staff editor for the *Brooklyn Law Review*. Ms. Gilmore graduated *summa cum laude* from Arizona State University, with a BA in French and a minor in Business.

Ms. Gilmore is admitted to practice in New York, and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Gilmore is fluent in Romanian and proficient in French.

# Jayne A. Goldstein

Jayne Arnold Goldstein joined Pomerantz in March 2013 and is the resident partner in the Firm's Weston, Florida office. She brings to Pomerantz her expertise in representing individuals, businesses, institutional investors and labor organizations in a variety of complex commercial litigation, including violations of federal and state antitrust and securities laws and unfair and deceptive trade practices. Ms. Goldstein was lead counsel in *In re Sara Lee Securities Litigation*, (N.D. Ill) and has played a principal role in numerous other securities class actions that resulted in recoveries of over $100 million. She is currently serving as interim co-lead counsel for indirect purchasers in *In re Actos Antitrust Litigation* and *In re Nexium Antitrust Litigation*. Ms. Goldstein served as a member of the trial team in *In re Nexium Antitrust Litigation*, the first reverse payment case to go to trial after the United States Supreme Court's decision in *F.T.C. v. Actavis, Inc.* Ms. Goldstein has served as class counsel in a wide variety of consumer class litigation, including *Gemelas v. The Dannon Company*, which resulted in the largest settlement ever against a food company; *Weiner v. Beiersdorf North America Inc. and Beiersdorf, Inc.* (D. Conn.) (co-lead); *Messick v. Applica Consumer Products, Inc.* (S.D. Fla.) (co-lead); *Leiner v. Johnson & Johnson Consumer Products, Inc.* (N.D. Ill.) (co-lead).

Ms. Goldstein began her legal career, in 1986, with a wide-ranging general practice firm in Philadelphia. In 2000, she was a founding shareholder of Mager & White, P.C. and opened its Florida office, where she concentrated her practice on securities, consumer and antitrust litigation. In 2002, the firm became Mager White & Goldstein, LLP. In 2005, Ms. Goldstein was a founding partner of Mager & Goldstein LLP. Most recently, she was Senior Counsel at Shepherd, Finkelman, Miller & Shah, LLP.

Ms. Goldstein, a registered nurse, received her law degree from Temple University School of Law in 1986 and her Bachelor of Science (highest honors) from Philadelphia College of Textiles and Science.

Ms. Goldstein is a member of the American Association for Justice, the Florida Public Pension Trustees Association, the Illinois Public Pension Fund Association, the National Association of Shareholder and Consumer Attorneys. Ms. Goldstein is a contributor to a book published by the American Bar Association, <u>The Road to Independence: 101 Women's Journeys to Starting Their Own Law Firms</u>. She resides in Delray Beach, Florida with her family. She is active in community affairs and charitable work in Florida, Illinois and Pennsylvania.

Since 2010, Ms. Goldstein served as co-chair of P.L.I.'s Class Action Litigation Strategies Annual Conference held in New York. Ms. Goldstein has been a frequent speaker at Public Pension Fund Conferences having recently appeared on Panels at the Florida Public Pension Trustees' Association and Illinois Public Pension Fund Association.

She is admitted to practice law in the Supreme Court of the United States and the States of Florida and Illinois, as well as in the Commonwealth of Pennsylvania and numerous federal courts, including the United States District Courts for the Southern, Northern and Middle Districts of Florida, the

Eastern District of Pennsylvania, the Northern District of Illinois, and the United States Courts of Appeal for the First, Second, Third and Eleventh Circuits. In addition to these courts and jurisdictions, Ms. Goldstein has worked on cases with local and co-counsel throughout the country and worldwide.

## MARC I. GROSS

Marc I. Gross served as the Firm's Managing Partner from 2009 to July 2016. He has been with Pomerantz for over three decades, focusing on securities fraud class actions and derivative actions, while also litigating antitrust and consumer cases, and is Lead Counsel in many of the Firm's major pending cases. He is a Fellow of the American Bar Foundation.

Mr. Gross' numerous notable achievements include: *In re BP plc Sec. Litig.* (individual and institutional investors have a right to sue under common law for purchases abroad); *In re Comverse Inc. Sec. Litig.* ($225 million settlement, including a $60 million contribution by the former CEO; *In re Charter Communications Inc. Sec. Litig.* ($146.25 million settlement); *In re Salomon Analyst AT&T Litig.* ($74.75 million settlement); *In re Elan Corp. Sec. Litig.* ($75 million settlement); *and Snyder v. Nationwide Insurance Co.* (derivative settlement valued at $100 million)**.** His role in high-profile cases has garnered international media attention. Mr. Gross has been interviewed on the CBS Evening News, the BBC, and numerous Israeli media sources. In 2012, Benchmark Litigation named Mr. Gross a "Local Litigation Star" in New York. He has been honored as a Super Lawyer seven times, most recently in 2016.

Mr. Gross leads the Firm's ground-breaking litigations against BP. In the wake of *Morrison*, they developed an innovative legal strategy using common law as a viable path to recovery for BP common stockholders – in the U.S. federal court system. In a landmark 97-page decision publicly issued on October 10, 2013, the Honorable Keith Ellison of the United States District Court for the Southern District of Texas denied defendants' motion to dismiss Pomerantz's robust complaint filed on behalf of three U.S. pension funds that had purchased BP ordinary shares and ADS. Judge Ellison rejected defendants' arguments that the case should be sent to courts in England, and his decision to apply English law here negated the need to address defendants' arguments that the case should be dismissed under *Morrison* and the Dormant Commerce Clause of the U.S. Constitution. Pomerantz's clients can now proceed to discovery on their U.S. federal securities claims and their English law claims of deceit (fraud) and negligent misrepresentation.

Mr. Gross has extensive trial experience, including *In re Zila Inc. Securities Litig.* (D.C. Ariz. (PHX)) and *In re Zenith Labs Securities Litig.* (D.C. N.J.) Courts have consistently praised his lawyering. In approving the $225 million settlement in *Comverse*, Judge Garaufis stated, "Throughout this litigation, [the Court] has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing."

At the January 30, 2012 hearing wherein the Court approved the settlement of *In re Chesapeake Shareholder Derivative Litig.,* (whereby plaintiffs clawed back $13 million in excess compensation paid to CEO Aubrey McClendon) Judge Owens of the District Court of Oklahoma stated, "Counsel, it's a pleasure, and I mean this and rarely say it. I think I've said it two times in 25 years. It is an extreme pleasure to deal with counsel of such caliber."

Approving the $100 million settlement in *Snyder*, where Mr. Gross was the lead Pomerantz lawyer, the court stated: "I think you all did a very, very good job for all the people. You made attorneys look good." Mr. Gross was also the attorney-in-charge of *Texas Int'l Co. Sec. Litig.* (W.D. Okla.), where, in granting class certification, the Court stated: "The performance of plaintiffs' counsel thus far leaves the Court with no doubt that plaintiffs' claims will be vigorously and satisfactorily prosecuted throughout the course of this litigation." In the course of approving the subsequent settlement of the case, the Court added:

> I would like to compliment all the parties and attorneys in this case. . . . You have all worked together better than I think any case I've had that involved these extensive issues and parties and potential problems. And I for one appreciate it. And I think it shows certainly a great deal of professionalism on all your part.

Mr. Gross is a Fellow of the American Bar Association. He has been a member of the New York City Bar Association's Federal Courts Committee, an early neutral evaluator for the Eastern District of New York, and a mediator for the Commercial Division of the Supreme Court of the State of New York. He is currently a Vice President of the Institute of Law and Economic Policy ("ILEP"), a not-for-profit organization devoted to promoting academic research and dialogue in securities law issues and litigation, and for many years was an officer of the National Association of Shareholder and Consumer Attorneys ("NASCAT").

Mr. Gross speaks frequently at legal forums on shareholder-related issues. He recently moderated a panel at the Loyola University Chicago School of Law's Institute for Investor Protection Conference on "Litigating the New Evidentiary Burdens: At the Class Certification Stage and Beyond." In 2013, he spoke at the National Conference on Public Employee Retirement Systems' ("NCPERS") Legislative Conference on "Morrison and Recoveries of Damages Arising From Fraudulent Foreign Investments," and at Loyola University Chicago School of Law's Institute for Investor Protection Conference on "The Effective and Ethical Use of Confidential Witnesses." In 2012, he spoke at the Tel Aviv Institutional Investors Forum; and moderated a panel at the Second Annual Institute for Investor Protection Conference at the Loyola University Chicago School of Law, on "Behavioral Economics Applied: Expert Witnesses, Event Studies, Loss Causation, and Damages Calculation." Among the panelists was Daniel R. Fischel, whose seminal article describing the application of financial economics to securities fraud litigation was a basis for the Supreme Court's decision in *Basic v. Levinson* adopting "fraud on the market." In 2011 he organized a conference on Proxy Access California; and chaired a panel on Pleading and other Pre-Trial requirements impacting class action suits at the annual ILEP conference; and spoke on *Morrison* and on Opportunities under Dodd-Frank for Say On Pay and Say on Contributions at the National Summit on the Future of Fiduciary Responsibility, organized by the American Conference Institute with responsible-investor.com.

Mr. Gross is valued by foreign investors for his expertise in the relevance to them of securities class actions in the United States, and how they might benefit from participation. In 2012, Mr. Gross spoke at the Tel Aviv Institutional Investors Forum on "Israel's Pyramids/Corporate Governance Lessons from the U.S." and in 2011, participated in a panel at the National Association of Pension Funds Conference in Edinburgh regarding the impact of U.S. class actions on U.K. investors.

Mr. Gross recently authored "Class Certification in a Post-Halliburton II World," published in *Law360* on July 21, 2014. He is the author of the article "Loser-Pays - or Whose 'Fault' Is It Anyway: A Response to Hensler-Rowe's "Beyond 'It Just Ain't Worth It'," which appeared in 64 Law & Contemporary Problems (Duke Law School) (2001). He recently authored "Class Certification in a Post-Halliburton II World," published in *Law360* on July 21, 2014.

Mr. Gross graduated from New York University Law School in 1976, and received his undergraduate degree from Columbia University in 1973.

Mr. Gross is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the First, Second, Third and Eighth Circuits, and the United States Supreme Court.

## CHERYL D. HAMER

Cheryl D. Hamer joined Pomerantz in January 2003 and became a partner in January 2007. She is based in San Diego.

Ms. Hamer has long experience working with Public and Taft-Hartley pension and welfare funds. As a member of the Firm's Institutional Investor Practice Group, she has been involved in a number of cases, including *In re American Italian Pasta Co. Sec. Litig.* and *In re Symbol Technologies, Inc. Sec. Litig.*

Before joining Pomerantz, Ms. Hamer served as counsel to nationally known securities class action law firms focusing on the protection of investors rights. In private practice for over 20 years, she has litigated, at both state and federal levels, Racketeer Influenced and Corrupt Organizations, Continuing Criminal Enterprise, death penalty and civil rights cases and grand jury representation. She has authored numerous criminal writs and appeals.

Ms. Hamer is a member of the Advisory Board of Freedom in Creation, serves as a pro bono attorney at Casa Cornelia representing clients seeking asylum in the United States, was an Adjunct Professor at American University, Washington College of Law from 2010-2011 and served as a pro bono attorney for the Mid-Atlantic Innocence Project. She was an Adjunct Professor at Pace University, Dyson College of Arts and Sciences, Criminal Justice Program and The Graduate School of Public Administration from 1996-1998. She has served on numerous non-profit boards of directors, including Shelter From The Storm, the Native American Preparatory School and the Southern California Coalition on Battered Women, for which she received a community service award.

Ms. Hamer is a member of the Litigation and Individual Rights and Responsibilities Sections of the American Bar Association, the Corporation, Finance & Securities Law and Criminal Law and Individual Rights Sections of the District of Columbia Bar, the Litigation and International Law Sections of the California State Bar, and the National Association of Public Pension Attorneys (NAPPA) and represents the Firm as a member of the Council of Institutional Investors (CII), the National Association of State Treasurers (NAST), the National Conference on Public Employees Retirement Systems (NCPERS), the International Foundation of Employee Benefit Plans (IFEBP), the State Association of County Retirement Systems (SACRS), the California Association of Public

Retirement Systems (CALAPRS) and The Association of Canadian Pension Management (ACPM/ACARR).

Ms. Hamer is a 1973 graduate of Columbia University and a 1983 graduate of Lincoln University Law School. She studied tax law at Golden Gate University and holds a Certificate in Journalism from New York University.

Ms. Hamer is admitted to practice in the State of California, the District of Columbia and the State of New Mexico (inactive), the United States District Courts for the Northern, Southern, Eastern and Central Districts of California, the District of New Mexico and the District of Columbia, the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Ninth, Tenth and Eleventh Circuits, and the United States Supreme Court.

## JENNIFER PAFITI

Jennifer Pafiti became associated with the Firm in May 2014, and became a partner in December 2015. A dual-qualified U.K. solicitor and U.S. attorney, she is the Firm's Head of Investor Relations and also takes an active role in complex securities litigation, representing clients in both class and non-class action securities litigation. In 2016, the *Daily Journal* selected Ms. Pafiti for its prestigious "Top 40 Under 40" list of the best young attorneys in California.

Ms. Pafiti is an integral member of the Firm's litigation team for *In re Petrobras Sec. Litig.,* a case relating to a multi-billion dollar kickback and bribery scheme at Brazil's largest oil company, Petróleo Brasileiro S.A .- Petrobras, in which the Firm is Lead Counsel. She is also involved in the litigation of *Dabe v. Calavo Growers,* in which the Firm is Lead Counsel.

Ms. Pafiti earned a Bachelor of Science degree in Psychology at Thames Valley University in England prior to studying law. She earned her law degrees at Thames Valley University (G.D.L.) and the Inns of Court School of Law (L.P.C.) in the United Kingdom. Ms. Pafiti is admitted to practice law in England and Wales (Solicitor) and in California.

Before studying law in England, Ms. Pafiti was a regulated financial advisor and senior mortgage underwriter at a major U.K. financial institution. She holds full CeFA and CeMAP qualifications. After qualifying as a Solicitor, Ms. Pafiti specialized in private practice civil litigation which included the representation of clients in high-profile cases in the Royal Courts of Justice. Prior to joining Pomerantz, Ms. Pafiti was an associate with Robbins Geller Rudman & Dowd LLP in in their San Diego office.

Ms. Pafiti regularly travels throughout the United States and Europe to advise clients on how best to evaluate losses to their investment portfolios attributable to financial fraud or other misconduct, and how best to maximize their potential recoveries.

Ms. Pafiti serves on the Honorary Steering Committee of Equal Rights Advocates ("ERA"), which focuses on specific issues that women face in the legal profession. ERA is an organization that protects and expands economic and educational access and opportunities for women and girls.

Ms. Pafiti is admitted to practice in England and Wales; the State of California; and the United States District Courts for the Northern, Central and Southern Districts of California. She is based in Los Angeles.

## JOSHUA B. SILVERMAN

Joshua B. Silverman specializes in individual and class action securities litigation. He was co-lead counsel in *In re MannKind Corp. Sec. Litig.*, achieving a settlement valued at more than $23 million and setting precedent regarding the use of expert information in a shareholder complaint. Mr. Silverman was also co-lead counsel for three large public funds in *New Mexico State Investment Council, et al. v. Countrywide Fin. Corp., et al.*, resulting in a very favorable confidential settlement. He regularly represents clients in controversies involving private equity investments, hedge fund investments, structured financial instruments, securities lending arrangements, and investment consultants. In addition, Mr. Silverman was co-lead counsel in *New Mexico State Inv. Council v. Cheslock Bakker & Associates* (summary judgment award in excess of $30 million), played a key role in the Firm's representation of investors before the United States Supreme Court in *StoneRidge*, and prosecuted many of the Firm's other class cases, including *In re Sealed Air Corp. Sec. Litig.* ($20 million settlement).

Before joining Pomerantz, Mr. Silverman practiced at McGuire Woods LLP and its Chicago predecessor, Ross & Hardies, where he represented one of the largest independent futures commission merchants in commodities fraud and civil RICO cases. He also spent two years as a securities trader, and continues to actively trade stocks, futures, and options for his own account.

Mr. Silverman is a 1993 graduate of the University of Michigan, where he received Phi Beta Kappa honors, and a 1996 graduate of the University of Michigan Law School.

Mr. Silverman is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois, the United States Courts of Appeal for the Seventh and Eighth Circuits, and the United States Supreme Court.

## LEIGH HANDELMAN SMOLLAR

Leigh Handelman Smollar, formerly Of Counsel to Pomerantz, became a partner in January 2012.

As a member of Pomerantz' Securities Litigation Group, Ms. Smollar plays a key role in litigating class actions against public companies for securities fraud. She was a member of the Pomerantz team in its successful litigation on behalf of three New Mexico pension funds related to Countrywide's mortgage-backed securities, resulting in a very favorable confidential settlement. Ms. Smollar has been a member of the Pomerantz litigation team for many of the cases where significant settlements were obtained. *See In re Sealed Air Corp. Sec. Litig.*, No. 03-CV-4372 (D.N.J.)($20 million settlement approved December 2009); and *In re Safety-Kleen Stockholders Securities Litigation*, 3:00-736-17 (D. S.C.) (as Co-Lead Counsel, Firm obtained a $54.5 million settlement).

In June 2011, as a panelist at the Illinois Public Employee Retirement Systems Summit in Chicago, Illinois, Ms. Smollar gave a presentation entitled "Carrying Out Fiduciary Responsibilities in Management and Investments." She authored several articles and updates for the Illinois Institute for

Continuing Legal Education (IICLE) including "Shareholder Derivative Suits and Stockholder Litigation in Illinois," published in IICLE Chancery and Special Remedies 2004 Practice Handbook; "Prosecuting Securities Fraud Class Actions," published in IICLE Chancery and Special Remedies 2009 Practice Handbook, including a 2011 supplement to Chancery and Special Remedies; and a new chapter in the 2013 Edition of the Chancery and Special Remedies Practice Handbook. She also recently submitted an article for publication for the Loyola Law Journal entitled "The Importance Of Conducting Thorough Investigations Of Confidential Witnesses In Securities Fraud Litigation," expected for publication in 2015.

Ms. Smollar is currently litigating *In re Galena Biopharma, Inc.*, 3:14-cv-00367 (D. Or.); *Alizadeh v. Tellabs, Inc.* et. al, 13-cv-537 (N.D. Ill.); *Lubbers v. Flagstar Bancorp, Inc.*, 14-cv-13459 (E.D. MI); and *Cooper v. Thoratec Corp.*, 14-cv-360 (N.D. Ca).

She is a 1993 graduate of the University of Illinois at Champaign-Urbana, where she graduated from the School of Commerce with high honors, and a 1996 graduate of the Chicago-Kent College of Law. Ms. Smollar spent the next five years specializing in insurance defense litigation.

Ms. Smollar is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Eighth Circuits.

## MATTHEW L. TUCCILLO

Matthew L. Tuccillo joined Pomerantz in 2011 and was named a Partner in December 2013. He is responsible, on an ongoing basis, for the Firm's litigation of numerous securities fraud class actions pending nationwide, currently including: *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, No. 15-cv-05841 (N.D. Cal.); *Altayyar, et. al. v. Etsy, Inc., et. al.*, No. 1:15-cv-02785 (E.D.N.Y.); *Perez v. Higher One Holdings, Inc., et. al.*, No. 14-cv-00755-AWT (D. Conn.); *Monachelli v. Hortonworks, Inc., et. al.*, No. 3:16-cv-00980 (N.D. Cal.); *Plumley v. Sempra Energy, et. al.*, No. 16-CV-512 (S.D. Cal.); and *In re Tesla Motors, Inc. Sec. Litig.*, No. 14-17501 (9th Cir.).

Mr. Tuccillo, manages the Firm's securities fraud lawsuits relate to BP's 2010 Gulf oil spill in Multidistrict Litigation 2185, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185 (S.D. Tex.). He briefed and argued successful oppositions to BP's motions to dismiss the claims of nearly 70 institutional investors, drawing Judge Ellison's praise for the "quality of lawyering," which he called "uniformly excellent." He successfully argued against *forum non conveniens* dismissal, obtaining the first ruling after the Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) to permit foreign investors pursuing foreign law claims to seek recovery for losses on a foreign stock exchange in a U.S. court. He also successfully argued against extension of the Securities Litigation Uniform Standards Act (SLUSA) to dismiss foreign common law claims by both domestic and foreign investors, and he persuaded the court to toll both the statutes of limitations and repose applicable to U.S. federal securities claims. Mr. Tuccillo also fulfills Pomerantz's roles as MDL 2185 Individual Action Plaintiffs Steering Committee member and sole Liaison with BP and the Court. The Firm's BP clients include nearly three dozen public and private pension funds, investment management firms, limited partnerships, and investment trusts from the U.S., Canada, the U.K., France, the Netherlands, and Australia, seeking recovery for losses in BP's common stock (traded on the London Stock Exchange) and American Depository Shares (traded on the NYSE).

Mr. Tuccillo was the Firm's lead litigation lawyer in *In re Silvercorp Metals, Inc. Secs. Litig.*, No. 1:12-cv-09456 (S.D.N.Y.), a securities class action involving a Canadian company with mining operations in China and stock traded on the NYSE. He worked closely with mining, accounting, damages, and market efficiency experts to defeat a motion to dismiss and oversee discovery. After two mediations, the case was resolved for a $14 million all-cash fund. In granting final approval of the settlement, Judge Rakoff noted that the case was "unusually complex," given the technical nature of mining metrics, the need to compare mining standards in Canada, China, and the U.S., and the volume of Chinese-language evidence requiring translation.

Mr. Tuccillo's prior casework includes litigation and resolution of complex disputes over roll ups of consulting companies and of commercial real estate interests. At Pomerantz, he was on the multi-firm team that litigated and settled *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (N.Y. Sup. Ct.), representing investors in public and private commercial real estate interests against the long-term lessees/operators, the Malkin family and the Estate of Leona Helmsley, regarding a proposed consolidation, REIT formation, and IPO centered around New York's iconic Empire State Building. These efforts achieved broad relief for the class, including a $55 million cash/securities settlement fund, a restructured deal creating a tax benefit estimated at $100 million, expansive remedial disclosures, and important deal protections.

Mr. Tuccillo has also handled shareholder books and records demands, as well as shareholder derivative, consumer, wage and hour, and mergers and acquisitions litigation. His handling of *GSS 5-08 Trust v. Arch Chemicals, Inc.*, et al., No. X-08 FST-CV11-6010654-S (Conn. Sup. Ct.), concerning a Swiss multi-national's acquisition of a Connecticut-based chemicals company, earned the court's praise for his "preparation" and "hard work."

Before joining Pomerantz, Mr. Tuccillo began his career at a large full-service Boston firm, litigating primarily for corporate clients. He also worked at plaintiff-side firms in Boston and Connecticut, litigating securities, consumer, and wage and hour class actions, as well as complex sale of business disputes. He has helped negotiate numerous multi-million dollar settlements, at times through the use of alternative dispute resolution. His pro bono work includes securing Social Security benefits for a veteran suffering from non-service-related disabilities.

Mr. Tuccillo graduated from the Georgetown University Law Center in 1999, where he made the Dean's List. He is a recommended securities litigator by The Legal 500, which evaluates law firms worldwide for cutting edge, innovative work based on client feedback, practitioner interviews, and independent research. He was honored as a 2016 Super Lawyers® "Top-Rated Securities Litigation Attorney," a recognition bestowed on no more than 5% of eligible attorneys in the New York Metro area, after a rigorous process overseen by Thompson Reuters. Since 2014, he has maintained Martindale-Hubbell's highest-available AV® Preeminent™ peer rating, scoring 5.0 out of 5.0 in Securities Law, Securities Class Actions, and Securities Litigation while being described as a "First class, top flight lawyer, especially in complex litigation."

Mr. Tuccillo is a member of the Bars the Supreme Court of the United States; the State of New York; the State of Connecticut; the Commonwealth of Massachusetts; the Second and Ninth Circuit Courts of Appeals; and the United States District Courts for the Southern and Eastern District of New York, Connecticut, Massachusetts, the Northern District of Illinois, and the

Southern District of Texas. He is regularly admitted to practice *pro hac vice* in state and federal courts nationwide.

## MURIELLE STEVEN WALSH

Murielle Steven Walsh graduated *cum laude* from New York Law School in 1996, where she was the recipient of the Irving Mariash Scholarship. During law school, Ms. Steven Walsh interned with the Kings County District Attorney and worked within the mergers and acquisitions group of Sullivan & Cromwell.

Ms. Steven Walsh joined the Firm in 1998 and became a partner in 2007. During her career at Pomerantz, Ms. Steven Walsh has prosecuted highly successful securities class action and corporate governance cases. She was one of the lead attorneys in prosecuting *In re Livent Noteholders' Securities Litigation*, a securities class action in which she obtained a $36 million judgment against the company's top officers, a ruling which was upheld by the Second Circuit on appeal. Ms. Steven Walsh was also part of the team litigating the *EBC I v. Goldman Sachs* case, where the Firm obtained a landmark ruling from the New York Court of Appeals, that underwriters may owe fiduciary duties to their issuer clients in the context of a firm-commitment underwriting of an initial public offering.

Ms. Steven Walsh, along with Senior Partner Jeremy Lieberman, manages the Firm's case against Corinthian Colleges, one of the largest for-profit college systems in the country, for alleged misrepresentations about its job placement rates, compliance with applicable regulations, and enrollment statistics. Pomerantz prevailed in the motion to dismiss proceedings, a particularly noteworthy victory because Chief Judge George King of the Central District of California had dismissed two prior lawsuits against Corinthian with similar allegations. She is currently litigating *Ruiz v. Citibank*, Case No. 10-cv-5950 ((S.D.N.Y); *Thorpe v. Walter Investment Management Corp*., Case No. 14-cv-20880-UU (S.D. Fla.); and *Klein v. Conformis*, Case No. 1:15-CV-13295-GAO (D. Mass.).

Ms. Steven Walsh serves on the Board of Trustees of the non-profit organization Court Appointed Special Advocates for Children ("CASA") of Monmouth County. She also serves on the Honorary Steering Committee of Equal Rights Advocates ("ERA"), which focuses on specific issues that women face in the legal profession are discussed. ERA is an organization that protects and expands economic and educational access and opportunities for women and girls. In the past, Ms. Steven Walsh served as a member of the editorial board for Class Action Reports, a Solicitor for the Legal Aid Associates Campaign, and has been involved in political asylum work with the Association of the Bar of the City of New York.

Ms. Steven Walsh is admitted to practice in New York, the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Sixth Circuit.

## MICHAEL J. WERNKE

Michael J. Wernke, who joined Pomerantz as Of Counsel in 2014 and became Partner in 2015, specializes in securities fraud litigation.

During the nine years prior to coming to Pomerantz, Mr. Wernke was a litigator with Cahill Gordon & Reindel LLP, with his primary focus in the securities defense arena. He brings to Pomerantz a unique perspective, with his extensive, successful experience in defending large, multinational financial institutions in securities fraud and commercial litigations.

In 2014 and 2015, Mr. Wernke was voted by his peers, through Super Lawyers, as a "New York Metro Rising Star."

In 2004, Mr. Wernke received his J.D. from Harvard Law School. He also holds a B.S. in Mathematics and a B.A. in Political Science from The Ohio State University, where he graduated *summa cum laude*.

Mr. Wernke is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

# SENIOR COUNSEL

## STANLEY M. GROSSMAN

Stanley M. Grossman, Senior Counsel, is the former Managing Partner of Pomerantz. He is recognized as a leader in the plaintiffs' securities bar. He was selected by *Super Lawyers* magazine as an outstanding attorney in the United States for the years 2006 through 2011, and was featured in the New York Law Journal article "*Top Litigators in Securities Field – A Who's Who of City's Leading Courtroom Combatants*." Mr. Grossman has litigated securities (individual and class), derivative and antitrust actions with the Firm for 39 years.

Mr. Grossman has primarily represented plaintiffs in securities and antitrust class actions, including many of those listed in the firm biography. *See. e.g., Ross v. Bernhard*, 396 U.S. 531; *Rosenfeld v. Black*, 445 F.2d 137 (2d Cir. 1971); *Wool v. Tandem*, 818 F.2d 1433 (9th Cir.); *In re Salomon Bros. Treasury Litig*, 9 F.3d 230 (2d Cir.). In 2008 he appeared before the United States Supreme Court to argue that scheme liability is actionable under Section 10(b) and Rule 10b-5(a) and (c). *See StoneRidge Investment Partners v. Scientific-Atlanta*, No. 06-43 (2007). Other cases where he was the Lead or Co-Lead counsel include: *In re Salomon Brothers Treasury Litigation*, 91 Civ. 5471 (S.D.N.Y. 1994) ($100 million cash recovery); *In re First Executive Corporation Securities Litigation*, CV-89-7135 (C.D. Cal. 1994) ($100 million settlement); *In re Sorbates Direct Purchaser Antitrust Litigation*, C98-4886 (N.D. Cal. 2000) (over $80 million settlement for the class).

In 1992, Senior Judge Milton Pollack of the Southern District of New York appointed Mr. Grossman to the Executive Committee of counsel charged with allocating to claimants hundreds of millions of dollars obtained in settlements with Drexel Burnham & Co. and Michael Milken.

Many courts have acknowledged the high quality of legal representation provided to investors by Mr. Grossman. In *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 79 Civ. 3123 (S.D.N.Y.), where Mr. Grossman was lead trial counsel for plaintiff, Judge Pollack noted at the completion of the trial:

> [I] can fairly say, having remained abreast of the law on the factual and legal matters that have been presented, that I know of no case that has been better presented so as to give the Court an opportunity to reach a determination, for which the court thanks you.

Mr. Grossman was also the lead trial attorney in *Rauch v. Bilzerian* (Super. Ct. N.J.)(directors owed the same duty of loyalty to preferred shareholders as common shareholders in a corporate takeover), where the court described the Pomerantz team as "exceptionally competent counsel." He headed the six week trial on liability in *Walsh v. Northrop Grumman* (E.D.N.Y.) (a securities and ERISA class action arising from Northrop's takeover of Grumman), after which a substantial settlement was reached.

Mr. Grossman frequently speaks at law schools and professional organizations. In 2010, he was a panelist on *Securities Law: Primary Liability for Secondary Actors*, sponsored by the Federal Bar Council, and he presented *Silence Is Golden – Until It Is Deadly: The Fiduciary's Duty to Disclose*, at the Institute of American and Talmudic Law. In 2009, Mr. Grossman was a panelist on a Practicing Law Institute "Hot Topic Briefing" entitled "*StoneRidge*- Is There Scheme Liability or Not?"

Mr. Grossman served on former New York State Comptroller Carl McCall's Advisory Committee for the NYSE Task Force on corporate governance. He is a former president of NASCAT. During his tenure at NASCAT, he represented the organization in meetings with the Chairman of the Securities and Exchange Commission and before members of Congress and of the Executive Branch concerning legislation that became the PSLRA.

Mr. Grossman served for three years on the New York City Bar Association's Committee on Ethics, as well as on the Association's Judiciary Committee. He is actively involved in civic affairs. He headed a task force on behalf of the Association, which, after a wide-ranging investigation, made recommendations for the future of the City University of New York. He serves on the board of the Appleseed Foundation, a national public advocacy group.

Mr. Grossman is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, Central District of California, Eastern District of Wisconsin, District of Arizona, District of Colorado, the United States Courts of Appeals for the First, Second, Third, Ninth and Eleventh Circuits, and the United States Supreme Court.

# Of Counsel

## Michele S. Carino

Michele S. Carino joined Pomerantz as Of Counsel in 2014. An experienced litigator and professional legal writer, Ms. Carino's practice focuses on securities fraud, corporate governance, mergers and acquisitions, and complex commercial cases.

Before joining Pomerantz, Ms. Carino honed her skills as a securities and corporate governance attorney at Stroock and Grant & Eisenhofer, serving clients on both the defense and plaintiff side of class actions, shareholder derivative actions, and other investor protection cases.

Ms. Carino received her bachelor of arts in Economics from Binghamton University with Phi Beta Kappa honors in 1992 and graduated *magna cum laude* from Georgetown University Law Center in 1999. She has taught a legal research and writing seminar at Columbia University Law School, and has served as a Mentor and Coach to Legal Outreach, a constitutional law and college preparatory program for New York City public high school students.

Ms. Carino is admitted to practice law before the Supreme Court of the United States and the United States District Courts for the Southern District of New York and the District of Delaware, and is a member of the bar of the states of New York and Delaware.

## JOHN A. KEHOE

John A. Kehoe has served as lead or co-lead counsel in numerous securities and financial fraud cases in federal and state courts on behalf of institutional and individual clients, including *In re Bank of America Corporation Securities Litigation* ($2.4 billion settlement); *In re Wachovia Preferred Securities and Bond/Notes Litigation* ($627 million settlement); *In re Initial Public Offering Securities Litigation* ($586 million settlement resolving 309 consolidated actions); *In re Lehman Brothers Securities and ERISA Litigation* ($516 million settlement); and *In re Marvell Technology Group Ltd. Securities Litigation* ($72 million settlement). Mr. Kehoe is a program faculty member with the National Institute of Trial Advocacy, and served three years as an adjunct faculty member with the Trial Advocacy Training Program at Louisiana State University School of Law.

Prior to joining **Pomerantz**, Mr. Kehoe was a partner with Girard Gibbs LLP and Kessler Topaz Meltzer & Check, LLP representing institutional investors in securities class and direct actions, and was previously associated with Clifford Chance LLP, a London-based law firm where he represented Fortune 500 companies in securities and antitrust civil litigation, and enforcement actions brought by the Department of Justice, the U.S. Securities and Exchange Commission and the Federal Trade Commission.

Mr. Kehoe is a frequent speaker at conferences focused on shareholder rights and corporate governance issues, including the 2013 National Conference on Public Employee Retirement Systems (Rancho Mirage, CA); 2013 Investment Education Symposium (New Orleans, LA); 2013 Public Funds East Conference (Newport, RI); 2012 Rights and Responsibilities for Institutional Investors (Amsterdam, Netherlands); 2011 European Investment Roundtable (Stockholm, Sweden); 2011 Public Funds Symposium (Washington, D.C.); 2011 National Conference on Public Employee Retirement Systems (Miami Beach, FL); 2010 ESG, USA Global Trends and U.S. Sustainable Investing (NY, NY); 2010 ICGN Annual Conference: "The Changing Global Balances" (Toronto, Canada); 2010 Public Funds West Summit (Scottsdale, AZ); 2009 ICGN Annual Conference: "The Route Map to Reform and Recovery" (Sydney, Australia); and the 2007 European Pensions Symposium (Marbella, Spain).

Mr. Kehoe received his Juris Doctorate, *magna cum laude*, from Syracuse University College of Law, was an associate editor of the Syracuse Law Review, associate member of the Syracuse Moot Court Board and alternate member on the National Appellate Team. He received a Masters of Public Administration from the University of Vermont and Bachelor of Arts from DePaul University.. Prior

to attending law school, Mr. Kehoe served as a law enforcement officer in the State of Vermont where he was a member of the Special Reaction Team.

Mr. Kehoe is admitted to practice in the States of New York and Pennsylvania, United States District Court for the Southern District of New York, and the U.S. Court of Appeals for the Second Circuit.

## H. ADAM PRUSSIN

Mr. Prussin specializes in securities litigation and has extensive experience in derivative actions. He was special litigation counsel in the derivative actions on behalf of Summit Metals, Inc., actions which resulted in entry of a judgment, after trial, of $43 million in cash, plus an order transferring the stock of two multi-million-dollar companies to the plaintiff. Mr. Prussin is Co-Lead Counsel in several of Pomerantz's pending derivative actions.

Mr. Prussin has published several articles on the subject of the standards and procedures for the maintenance or dismissal of derivative actions, including "Termination of Derivative Suits Against Directors on Business Judgment Grounds:  From Zapata to Aronson," 39 The Business Lawyer 1503 (1984); "Dismissal of Derivative Actions Under the Business Judgment Rule:  Zapata One Year Later," 38 The Business Lawyer 401 (1983); and "The Business Judgment Rule and Shareholder Derivative Actions:  Viva Zapata?," 37 The Business Lawyer 27 (1981). In June 2009 he spoke at the 6th Annual Securities Litigation Conference in New York, participating in the panel discussion, "From Behind Enemy Lines: The Perspective of Two Prominent Plaintiff Attorneys."

Before joining the Firm, Mr. Prussin was a named partner in Silverman, Harnes, Harnes, Prussin & Keller, which specializes in representing plaintiffs in shareholder derivative and class action litigation, particularly those involving self-dealing by corporate officers, directors and controlling shareholders. He played a key role in several landmark derivative cases in the Delaware courts, and has appeared frequently before the Delaware Supreme Court.

Mr. Prussin graduated *cum laude* from Yale College in 1969 and, after obtaining a Masters Degree from the University of Michigan in 1971, received his J.D. degree from Harvard Law School in 1974.

Mr. Prussin is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second, Ninth and D.C. Circuits.

## BRENDA SZYDLO

Brenda Szydlo joined Pomerantz in January 2016 as Of Counsel. She brings to the Firm more than twenty-five years of experience in complex civil litigation in federal and state court on behalf of plaintiffs and defendants, with a particular focus on securities and financial fraud litigation, litigation against pharmaceutical corporations, accountants' liability, and commercial litigation.

Ms. Szydlo has represented investors in class and private actions that resulted in significant recoveries, such as *In re Refco Securities Litigation*, where the recovery was in excess of $407 million.

She has also represented investors in opt-out securities actions, such as in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*. In addition, Ms. Szydlo has experience in mergers and acquisitions litigation. She played a significant role in obtaining a ground-breaking order enjoining not only the shareholder vote on the merger, but the merger agreement's termination fee and other mechanisms designed to deter competing bids, in *In re Del Monte Co. Shareholder Litigation*.

Prior to joining Pomerantz, Ms. Szydlo served as Senior Counsel at Grant & Eisenhofer P.A., where she represented plaintiffs in securities and financial fraud litigation, and litigation against pharmaceutical corporations and accounting firms. Ms. Szydlo also served as Counsel in the litigation department of Sidley Austin LLP in New York, and its predecessor, Brown & Wood LLP, where her practice focused on securities litigation and enforcement, accountants' liability defense, and commercial litigation.

Ms. Szydlo is a 1988 graduate of St. John's University School of Law, where she was a St. Thomas More Scholar and member of the Law Review. She received a B.A. in economics from Binghamton University in 1985.

Ms. Szydlo is admitted to practice in the State of New York; U.S. District Courts for the Southern and Eastern Districts of New York; and the U.S. Court of Appeals for the Second and Ninth Circuits.

## TAMAR A. WEINRIB

Tamar A. Weinrib joined Pomerantz in early 2008 and became Of Counsel to the firm in 2014. Ms. Weinrib focuses on securities fraud litigation. She was honored by Super Lawyers® as a New York Metro Rising Star in 2014, 2015, and 2016.

Ms. Weinrib, with Managing Partner Jeremy Lieberman, is lead counsel in *Strougo v. Barclays PLC*, a securities class action, currently pending before Judge Marrero in the Southern District of New York, that alleges Barclays PLC misled institutional investor clients about the extent of the banking giant's use of so-called "dark pool" trading systems. This case turns on the duty of integrity owed by Barclays to its clients. Ms. Weinrib was the attorney responsible for the litigation of *In re Delcath Systems, Inc. Securities Litigation*, in which Pomerantz recently achieved a settlement of $8,500,000 for the Class. She successfully argued before the Second Circuit in *In re China North East Petroleum Securities Litigation* to reverse the district court's dismissal of the defendants on scienter grounds. In addition to her involvement in several other securities matters pending nationwide, Ms. Weinrib is the Pomerantz attorney responsible for the litigation of *KB Partners I, L.P. v. Pain Therapeutics, Inc., et al.*, a securities fraud case for which Judge Sparks of the Western District of Texas granted Plaintiff's motion for class certification.

Before coming to Pomerantz, Ms. Weinrib had over three years of experience as a litigation associate in the New York office of Clifford Chance US LLP, where she focused on complex commercial litigation. Ms. Weinrib has successfully tried pro bono cases, including two criminal appeals and a housing dispute filed with the Human Rights Commission.

Ms. Weinrib graduated from Fordham University School of Law in 2004 and, while there, won awards for successfully competing in and coaching Moot Court competitions.

Ms. Weinrib is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second, Third, Fourth, and Ninth Circuits.

# ASSOCIATES

## JESSICA N. DELL

Jessica Dell focuses her practice on securities fraud and insurance/healthcare litigation.

Ms. Dell graduated from CUNY School of Law in 2005. At CUNY Ms. Dell spent three semesters in the school's award-winning clinical programs including The Economic Justice Project. She represented indigent clients in family court and administrative proceedings and authored successful immigration petitions under the Violence Against Women Act.

Ms. Dell interned at the Urban Justice Center and was the recipient of an Everett fellowship for her work in the HIV/AIDS division and at Human Rights Watch.

Ms. Dell has also worked in complex Pro Bono litigation at Pomerantz.

Ms. Dell is admitted to practice in New York.

## PERRY GATTEGNO

Perry Gattegno focuses his practice on antitrust and consumer class action litigation.

Mr. Gattegno graduated from Washington University Law School in 2013, where he was an Associate Editor of the Global Studies Law Review. During law school, he also interned for the Honorable Lurana S. Snow of the United States District Court, Southern District of Florida, and worked for a St. Louis start-up business as well as his own Internet media start-up.

After law school, Mr. Gattegno began his career as an associate at a Chicago law firm where he specialized in litigation and transactional needs for businesses, advising clients on dispute resolution, intellectual property rights and business transactions.

Mr. Gattegno is admitted to practice in Illinois.

## MARC C. GORRIE

Mr. Gorrie joined Pomerantz in 2014. He focuses his practice on securities fraud litigation and is actively involved in the Firm's securities lawsuit concerning Petróleo Brasileiro S.A.- Petrobras. As a member of the Firm's new matter group, he identifies and investigates potential violations of the federal securities laws.

Prior to joining the Firm, Mr. Gorrie focused his practice on a major securities fraud litigation with a prominent New York law firm. He was actively engaged in legal outreach for the Center for Seafarers' Rights of the Seamen's Church Institute of New York and New Jersey. Mr. Gorrie has previously served as a consultant for an EU development project on the rule of law in The Gambia. He has authored articles on international humanitarian and human rights law published by organizations including the Foreign Policy Association and the Revue de Droit Comparé du Travail et de la Sécurité Sociale. Mr. Gorrie currently serves a member of the Ambassadors Advisory Group for One to One International Consulting, an international aid and development consulting firm headquartered in Ghana.

Mr. Gorrie is a 2010 graduate of Indiana University Maurer School of Law - Bloomington (JD) where he held a research fellowship in legal ethics and was consistently on the Dean's List. He is a 2012 graduate of University of Lund, Sweden (LLM, in conjunction with the Raoul Wallenberg Institute of Human Rights and Humanitarian Law) where he earned honors marks, lectured on U.S. Legal Ethics and on Federal Indian Law, and delivered his thesis on the interaction of tribal, state, federal, and international human rights and labor laws in the United States. Mr. Gorrie is a 2005 graduate of Sarah Lawrence College with a BA in Liberal Arts.

Mr. Gorrie is admitted to practice in New Jersey State and for the United States District Court, District of New Jersey.

## GABRIEL HENRIQUEZ

Gabriel Henriquez focuses his practice on corporate governance litigation. He also has experience in commercial real estate, trusts & estates, and general business law in the Southern California region.

Mr. Henriquez is a 2012 graduate of the University of Southern California Gould School of Law. During his time there, he co-founded the Critical Legal Scholars Association and served as its vice president. He also clerked for Judge Kelvin Filer at the Superior Court of California in Compton. Mr. Henriquez earned his LL.M. in International Business and European Union Law from the Université Lyon III in France.

Mr. Henriquez is admitted to practice in New York and California State Courts, as well as the United States District Court for the Central District of California.

## J. ALEXANDER HOOD II

J. Alexander Hood II focuses his practice on securities litigation. As a member of the firm's new matter group, he identifies and investigates potential violations of the federal securities laws.

Prior to joining Pomerantz, Mr. Hood was a litigation associate at Alston & Bird LLP and an attorney at Bernstein Litowitz Berger & Grossmann LLP, where he was involved in commercial, financial services, corporate governance and securities matters.

Mr. Hood graduated from Boston University School of Law (J.D.) and from the University of Oregon School of Law (LL.M.). While in law school, Mr. Hood clerked for the American Civil

Liberties Union of Tennessee and, as a legal extern, worked on the Center for Biological Diversity's Clean Water Act suit against BP in connection with the Deepwater Horizon oil spill. Mr. Hood graduated from Johns Hopkins University with a BA in History.

Mr. Hood is admitted to practice in New York and the United States District Court for the Southern District of New York.

## AATIF IQBAL

Aatif Iqbal focuses his practice on securities fraud litigation.

Before joining Pomerantz, Mr. Iqbal was a litigation associate at Cleary Gottlieb Steen & Hamilton LLP, where his practice involved bankruptcy, securities, and complex commercial litigation matters. Mr. Iqbal also served as a law clerk for the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida.

Mr. Iqbal graduated cum laude from Harvard Law School, where he earned a Dean's Scholar in First Amendment Law and served as Managing Editor of the Harvard International Law Journal and Managing Technical Editor of the Harvard Human Rights Journal. He graduated cum laude from Yale University with a B.A. in Political Science.

Mr. Iqbal is admitted to practice in New York.

## OMAR JAFRI

Omar Jafri's practice focuses on securities fraud litigation.

Before joining Pomerantz LLP, he was a law clerk to Judge William S. Duffey, Jr. of the United States District Court for the Northern District of Georgia. Mr. Jafri was also an associate at Jenner & Block LLP's Chicago Office, where he represented clients in a wide variety of matters, including securities litigation, complex commercial litigation, white collar criminal defense and internal investigations.

During the last several years, Mr. Jafri has litigated major disputes on behalf of institutional investors arising out of the credit crisis, including disputes relating to Collateralized Debt Obligations, Residential Mortgage-Backed Securities, Credit Default Swaps and other complex financial investments. He also has provided pro bono representation to several individuals charged with first-degree murder and attempted murder in the State and Federal courts of Illinois.

Mr. Jafri graduated, magna cum laude, from the University of Illinois College of Law, where he was a Harno Scholar, and represented the College of Law in the Midwest Moot Court competition, winning second place for best oral advocate in the preliminary round and first place for best oral advocate in the semi-final round. He received his B.A. from the University of Texas at Austin, where he was on the Dean's Honor List and the University Honors List.

Mr. Jafri is admitted to practice in Illinois, and the United States District Courts for the Northern District of Illinois and the Northern District of Indiana.

## DARYA KAPULINA-FILINA

Darya Kapulina-Filina focuses her practice on corporate governance litigation.

Ms. Kapulina-Filina has nine years' experience as a litigator. Prior to joining Pomerantz in July 2016, she was an associate and of counsel at Pearl Cohen Zedek Latzer Baratz's corporate and IP litigation department.

Ms. Kapulina-Filina obtained her J.D. from Hofstra University School of Law in 2006. While in law school, she served as judicial clerk in the Queens County Civil Court.

Ms. Kapulina-Filina has been named a Rising Star by the *New York Metro Super Lawyers Magazine* for the past three years, and was listed as one of the Top Women Attorneys in New York in the *New York Times Magazine.*

She is admitted to practice in New York; the United States District Courts for the Southern and the Eastern Districts of New York; and the United States Courts of Appeals for the Second Circuit and the Federal Circuit.

Ms. Kapulina-Filina is fluent in Russian.

## ADAM GIFFORDS KURTZ

Adam Giffords Kurtz focuses his practice on antitrust litigation.

Mr. Kurtz served as a law clerk to the Honorable Juan G. Burciaga, then Chief United States District Judge, District of New Mexico and began his career as a litigation associate at Cravath, Swaine & Moore, where he worked on complex securities fraud and antitrust litigation. He was also a solo practitioner in New Mexico where he concentrated on federal criminal defense and civil litigation. In addition, Mr. Kurtz served as an Assistant Corporation Counsel in the General Litigation and Labor and Employment law divisions of the New York City Law Department.

Mr. Kurtz graduated *cum laude* from New York Law School in 1988, where he was Book Review Editor of the New York Law School Law Review. In June 2009, Mr. Kurtz received an MBA from the Baruch/Mt. Sinai Graduate Program in Health Care Administration. He is a member of the American Health Lawyers Association.

Mr. Kurtz is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

## LOUIS C. LUDWIG

Louis C. Ludwig focuses his practice on securities fraud litigation. He has been honored as a 2016 Super Lawyers® "Rising Star" in the Chicago Metro area.

Mr. Ludwig graduated from Rutgers University School of Law in 2007, where he was a Dean's Law Scholarship Recipient, interned at South Jersey Legal Services, served as a Certified Legal Intern in the Rutgers-Camden Children's Justice Clinic, and participated in Advanced Moot Court.

After serving as a law clerk to the Honorable Arthur Bergman, Superior Court of New Jersey, Mr. Ludwig began his career as a litigation associate at a boutique Chicago law firm specializing in consumer protection class actions.

Mr. Ludwig is admitted to practice in New Jersey, Illinois, the United States Courts of Appeal for the Seventh and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Northern District of Illinois.

## ANNA KARIN F. MANALAYSAY

Anna Karin F. Manalaysay focuses her practice on class action corporate governance litigation.

She obtained her LL.M. from Columbia University in 2013 and her Juris Doctor from Ateneo Law School in 2008. She was consistently on the Dean's List of Honors.

Following graduation, Ms. Manalaysay practiced for more than three years as an associate in one of the Philippines' leading law firms specializing in securities and mergers and acquisitions.

Ms. Manalaysay is admitted to practice in New York. Additionally, she passed the Philippine Bar in 2008 (ranking number 14 out of 6,533 examinees).

## MATTHEW C. MOEHLMAN

Matthew C. Moehlman focuses his practice on securities fraud litigation.

Prior to joining Pomerantz in 2015, Mr. Moehlman practiced securities litigation at two prominent federal securities law firms, where he represented institutional investors in complex securities fraud cases, shareholder advocacy, corporate governance matters, and mergers and acquisitions litigation. Mr. Moehlman was a member of the Lead or Co-Lead counsel teams that successfully prosecuted *In re Aeropostale Securities Litigation*, *In re Colonial BancGroup, Inc. Securities Litigation*, *Ohio Public Employees Retirement System, et al. v. Freddie Mac, et al.* ("*Freddie Mac*"), *In re Delphi Corporation Securities Litigation*, *In re SFBC International, Inc. Securities Litigation*, *In re Converium Holding AG Securities Litigation*, and *In re Suprema Specialties, Inc. Securities Litigation*. His M&A litigation experience includes *In re El Paso Corporation Shareholder Litigation*.

Mr. Moehlman received a J.D. from the University of Virginia School of Law. He earned an A.B. in English and American Literature & Language from Harvard University.

Mr. Moehlman is admitted to practice in New York and Texas, and the United States District Court for the Southern District of New York.

## VERONICA V. MONTENEGRO

Veronica V. Montenegro focuses her practice on securities fraud litigation.

Prior to joining Pomerantz, Ms. Montenegro served for seven years as an Assistant Attorney General in the Investor Protection Bureau in the Office of the New York State Attorney General. Ms. Montenegro represented the Office in some of its most high-profile financial fraud prosecutions. She worked on a case against a Madoff feeder-fund manager which resulted in the return of millions of dollars to defrauded investors. She was a member of the Residential Mortgage Backed Securities (RMBS) Working Group, comprised of State and Federal prosecutors tasked with investigating and prosecuting mortgage securities fraud, which has resulted in billions of dollars in recoveries. In recognition of her work in the RMBS Working Group, Ms. Montenegro was awarded the Louis Lefkowitz Award for Exceptional Service. Ms. Montenegro also worked on cases involving insider trading, auction rate securities and foreign exchange execution.

Ms. Montenegro graduated from Fordham University School of Law in 2008.  During law school, she served as a member of the Fordham International Law Journal and in Fordham's Moot Court Board. Additionally, she served as a judicial extern to the Honorable Ronald L. Ellis, Magistrate Judge for the Southern District of New York. Ms. Montenegro graduated from New York University's College of Arts and Science is 2004, cum laude, with a double major in Political Science and Latin American Studies.

Ms. Montenegro is admitted to practice in the States of New York and New Jersey.

## JUSTIN S. NEMATZADEH

Justin S. Nematzadeh focuses his practice on securities fraud litigation.

Prior to joining Pomerantz in 2015, Mr. Nematzadeh practiced at Gibson, Dunn & Crutcher LLP. His practice at Gibson Dunn involved federal and state complex litigation and internal and regulatory investigations, focusing on securities and antitrust litigation. Additionally, for his work in representing plaintiffs in *Toney-Dick v. Doar*, he was awarded a 2013 Pro Bono Publico award from The Legal Aid Society.

Mr. Nematzadeh earned his J.D. degree, *cum laude*, from Fordham University School of Law. During law school, he served as a member of the *Fordham Urban Law Journal* and as a business editor of the Fordham Dispute Resolution Society. Additionally, he served as a judicial intern to the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York. He earned his B.B.A. degree, with distinction, from the University of Michigan Stephen M. Ross School of Business, with an emphasis in finance and corporate strategy. During business school, he was awarded a University of Michigan Alumnae Council MBNA Scholarship.

Mr. Nematzadeh is the co-author of the *Delaware Business Court Insider* article entitled "Lead Plaintiffs' Shareholdings Draw Chancery Review." He has also contributed to chapters in the American Bar Association's *Antitrust Law Developments*, Matthew Bender's *Antitrust Laws and Trade Regulation*, and to Professor Deborah W. Denno's chapter entitled "When Willie Francis Died: The 'Disturbing' Story Behind One of the Eighth Amendment's Most Enduring Standards of Risk" in John H. Blume and Jordan M. Steiker's book, *Death Penalty Stories*.

Mr. Nematzadeh is admitted to practice law in New York and the United States District Courts for the Southern and Eastern Districts of New York. He is a member of the American Bar Association and the New York State Bar Association.

## JENNIFER BANNER SOBERS

Jennifer Banner Sobers focuses her practice on securities fraud litigation.

Prior to joining Pomerantz, Ms. Sobers was an associate with a prominent law firm in New York where her practice focused on complex commercial litigation, including securities law and accountants' liability. An advocate of pro bono representation, Ms. Sobers earned the Empire State Counsel honorary designation from the New York State Bar Association and received an award from New York Lawyers for the Public Interest for her pro bono work.

Ms. Sobers received her B.A. from Harvard University (with honors), where she was on the Dean's List, a Ron Brown Scholar, and a recipient of the Harvard College Scholarship. She received her J.D. from University of Virginia School of Law were she was a participant in the Lile Moot Court Competition and was recognized for her pro bono service.

She is a member of the New York City and New York State Bar Associations.

Ms. Sobers is admitted to practice in New York State Courts and the United States District Courts for the Southern District of New York.

## SUSAN J. WEISWASSER

Susan J. Weiswasser focuses her practice on securities fraud litigation.

Ms. Weiswasser graduated from Brooklyn Law School in 2000. While in law school, she served as a law clerk intern to the Honorable Edward R. Korman, Judge of the United States District Court for the Eastern District of New York. She also served as a legal intern with the New York State Capital Defender Office. As an attorney, she has worked with the Pro Bono Bankruptcy and Monday Night Law Clinics of The City Bar.

At Pomerantz, Ms. Weiswasser is a member of the team litigating the securities lawsuit concerning Petróleo Brasileiro.

Ms. Weiswasser is a member of the New York City Bar Association and the Federal Bar Council. She is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Third Circuit.