

# WILLIAM E. BURGES, et al. v. BANCORPSOUTH, INC., et al.

### NO. 3-14-1564

### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

### 2016 U.S. Dist. LEXIS 56802

### April 28, 2016, Filed

**SUBSEQUENT HISTORY:** Vacated by, Remanded by, Request granted *In re BancorpSouth, Inc., 2016 U.S. App. LEXIS 16936 (6th Cir., Sept. 6, 2016)*

**PRIOR HISTORY:** *Burges v. BancorpSouth, Inc., 2015 U.S. Dist. LEXIS 89822 (M.D. Tenn., July 10, 2015)*

**COUNSEL:** [*1] For William E. Burges, Rose M. Burges, Plaintiffs: Francis P. McConville, Jeremy A. Lieberman, LEAD ATTORNEYS, Pomerantz LLP (NY Office), New York, NY USA; Patrick V. Dahlstrom, Patrick V. Dahlstrom, Pomerantz LLP (Chicago Office), Chicago, IL USA; Paul Kent Bramlett, Robert P. Bramlett, LEAD ATTORNEYS, Bramlett Law Offices, Nashville, TN USA.

For Bancorpsouth, Inc., James D. Rollins, III, William L. Prater, Defendants: Amy J. Eldridge, LEAD ATTORNEY, K&L Gates LLP (DC Office), Washington, DC USA; Jeffrey B. Maletta, LEAD ATTORNEY, PRO HAC VICE, K&L Gates LLP, Washington, DC USA; R. Bruce Allensworth, LEAD ATTORNEY; Gail Vaughn Ashworth, Thomas Anderton Wiseman, III, Wiseman Ashworth Law Group PLC, Nashville, TN USA; Nicholas G. Terris.

For James V. Kelley, Defendant: Gail Vaughn Ashworth, Thomas Anderton Wiseman, III, Wiseman Ashworth Law Group PLC, Nashville, TN USA; Jeffrey B. Maletta, PRO HAC VICE, K&L Gates LLP, Washington, DC USA; Nicholas G. Terris.

For City of Palm Beach Gardens Firefighters Pension Fund, Movant: Jack Reise, Maureen E. Mueller, Sabrina E. Tirabassi, LEAD ATTORNEYS, Robbins Geller Rudman & Dowd LLP (Boca Raton Office), Boca Raton, FL USA; Christopher M. Wood, Robbins [*2] Geller Rudman & Dowd LLP (Boca Raton Office), Nashville, TN USA; Pedro A. Herrera, LEAD ATTORNEY, Sugarman & Susskind, Coral Gables, FL USA; Jerry E. Martin, Timothy L. Miles, Barrett Johnston Martin & Garrison, LLC, Nashville, TN USA.

**JUDGES:** TODD J. CAMPBELL, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** TODD J. CAMPBELL

**OPINION**

MEMORANDUM

Pending before the Court is Lead Plaintiff's Motion to Certify the Class, Appoint a Class Representative, and Appoint Class Counsel (Docket No. 97). The Court heard argument on the Motion on April 27, 2016. For the reasons stated herein, Lead Plaintiff's Motion is GRANTED.

INTRODUCTION

In this federal securities action, Plaintiffs allege that

Defendants made materially false and misleading statements and omissions[1] regarding the Bank's compliance with federal laws and concerning the Bank's two pending acquisitions/mergers. Plaintiffs seek to recover damages caused by Defendants' alleged violations of the *Securities Exchange Act* and *Rule 10b-5* promulgated thereunder.

> [1] To the extent the parties argue whether this is an omissions case or not, the Court need not resolve that issue but notes that, as it found earlier, if a company chooses to volunteer information, its disclosure must be full and fair, **[*3]** and courts may conclude that the company was obliged to disclose additional material facts to the extent that the volunteered disclosure was misleading. Docket No. 72.

In its prior Order (Docket No. 72), the Court dismissed Plaintiffs' claims concerning alleged "forward-looking statements" about what Defendants anticipated and/or expected to happen with regard to the two mergers, but it declined to dismiss Defendants' affirmative representations that BancorpSouth, Inc. was in compliance with banking laws when they knew it was not.

Lead Plaintiff City of Palm Beach Gardens Firefighters' Pension Fund ("the Fund") asks the Court to certify this matter as a class action pursuant to *Rule 23(a)* and *(b)(3) of the Federal Rules of Civil Procedure*, to appoint the Fund as the Class Representative, and to approve its selection of Robbins Geller Rudman & Dowd LLP as Class Counsel.

CLASS CERTIFICATION

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of *Rule 23 of the Federal Rules of Civil Procedure*.[2] A class action will be certified only if the Court is satisfied that the prerequisites of *Rule 23(a)* have been met and that the action falls within one of the categories under *Rule 23(b)*.[3] *Castillo v. Envoy Corp., 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002)*. The burden of establishing that all requirements have been satisfied is on the party **[*4]** seeking class certification. *Id.*

> [2] *Rule 23(a)* establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*.
>
> [3] *Rule 23(b)(3)*, under which the Fund asks the Court to certify the class, requires that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Investors can recover damages in a private securities fraud action only if they prove that they relied on the defendants' misrepresentation in deciding to buy or sell a company's stock. *Halliburton Co. v. Erica P. John Fund, Inc., 134 S.Ct. 2398, 2405, 189 L. Ed. 2d 339 (2014)*. In this case, Defendants contend that the Fund cannot show that reliance is an issue common to the class.

In *Basic Inc. v. Levinson*, the Supreme Court held that investors could satisfy the reliance requirement by invoking a presumption that the price of stock traded in an efficient market **[*5]** reflects all public, material information - including material misrepresentations. "In such a case, we concluded, anyone who buys or sells the stock at the market price may be considered to have relied on those misstatements." *Basic, 485 U.S. 224, 108 S.Ct. 978, 99 L. Ed. 2d 194 (1988)* (quoted in *Halliburton at 2405*). This presumption is known as the "fraud-on-the-market" presumption, and it is this presumption and Defendants' alleged rebuttal of it[4] which are at issue on this Motion for Class Certification.

> [4] The Supreme Court also held that a defendant could rebut the presumption in a number of ways. *Halliburton, 134 S.Ct. at 2405*. Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance. *Id. at 2408*.

FRAUD ON THE MARKET PRESUMPTION

In order to demonstrate that the presumption of reliance[5] applies in a given case, a plaintiff must show that (1) the alleged misrepresentations were publicly known, (2) they were material,[6] (3) the stock traded in an

efficient market, and (4) the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed. *Halliburton, 134 S.Ct. at 2408*.

> 5   Without the presumption of reliance, a *Rule 10b-5* suit cannot [*6] proceed as a class action because each plaintiff would have to prove reliance individually, so common issues would not predominate over individual ones as required by *Rule 23(b)(3)*. *Halliburton at 2416*.
> 6   Even though materiality is a prerequisite for invoking the presumption, the Supreme Court held that it should be left to the merits stage of the litigation because it does not bear on the predominance requirement of *Rule 23(b)(3)*. *Halliburton at 2416*.

Defendants argue first that the Fund cannot show that the misrepresentations at issue were publicly known. The misrepresentations at issue herein were found in the merger agreements, public documents which were attached to public filings with the Securities and Exchange Commission ("SEC"). Defendants assert, with no citation to authority, that a showing that the alleged misrepresentations are in the public domain falls short of proof that they are publicly known. This Court disagrees.

Requiring a plaintiff to show that analysts, market makers, market conduits and others knew of the misrepresentations and relied thereon, as Defendants suggest, would undercut the reason for the fraud-on-the-market presumption in the first place. Because of the fraud-on-the-market presumption, a plaintiff is not required [*7] to show that members of the public actually read and relied upon the alleged misrepresentations. The Court finds that merger agreements filed with the SEC are sufficiently public to satisfy the Fund's obligation under the first element of the presumption.

Defendants also contend that the Fund has not shown that BancorpSouth's stock was traded in an efficient market. A district court may consider five factors in determining whether a security was traded on an efficient market: (1) a large weekly trading volume; (2) the existence of a significant number of reports by securities analysts; (3) the existence of market makers and arbitrageurs in the security; (4) the eligibility of the company to file an S-3 Registration Statement; and (5) a history of immediate movement of the stock price caused by unexpected corporate events or financial releases. *Cammer v. Bloom, 711 F.Supp. 1264, 1286-87 (D. N.J. 1989)*; *Bovee v. Coopers & Lybrand, 216 F.R.D. 596, 605 (S.D. Ohio 2003)*.

Defendants do not dispute that BancorpSouth's stock was widely traded on the New York Stock Exchange ("NYSE") prior to, during and after the proposed class period. Courts and commentators have noted that certain markets, such as the NYSE, are particularly efficient. A well-developed and impersonal market, such as the New York Stock Exchange, [*8] will instantaneously incorporate all publicly available information about a given security into the market price of that security. *Bovee, 216 F.R.D. at 606* (citing cases). For purposes of class certification, the Court finds that the Fund has sufficiently carried its burden to show the *Cammer* factors as to the efficiency of the market on which the stock at issue was traded.[7]

> 7   Plaintiffs have filed the Report of Professor Stephen P. Feinstein to support their contention that BancorpSouth's stock was traded in an efficient market. Defendants attack the credibility of Professor Feinstein's methodology and conclusions. For purposes of class certification, the Court finds that Professor Feinstein's report is sufficient.

Finally, Defendants argue that the alleged misrepresentations had no price impact. In *Halliburton*, the Court held that defendants must be afforded an opportunity before class certification to defeat the presumption through evidence that an alleged misrepresentation did not actually affect the market price of the stock. *Halliburton, 134 S.Ct. at 2417*.

Defendants argue that the proper focus is on the price impact at the time of the alleged misrepresentations themselves, not at the time of the later corrective statement, but *Halliburton* [*9] says only that defendants may present evidence that the misrepresentation did not in fact affect the stock price, not that the price impact is determined only at the time of the alleged misrepresentations.[8] If, as alleged, the statements were false when made, no one would expect the stock prices to drop then. The price impact at the time the falsity was revealed also reflects the impact of the alleged misrepresentations; that is, the effect on the price once the truth was revealed is significant.

8   The *Halliburton* passage quoted by Defendants in their brief, page 18, does not limit the inquiry to the stock price on the misrepresentation date only.

CLASS REPRESENTATIVE AND CLASS COUNSEL

The Court finds nothing improper about the Fund's certification in this litigation, the manner in which the Fund was notified by counsel pursuant to a portfolio monitoring agreement, or the other objections Defendants raise to the selection of the Fund as a Class Representative in this case, including the retaining of independent counsel. Defendants apparently do not object to the appointment of Robbins Geller Rudman & Dowd LLP as Class Counsel.

CONCLUSION

For these reasons, Lead Plaintiff's Motion (Docket No. [*10] 97) is GRANTED as set forth in the accompanying Order.

IT IS SO ORDERED.

/s/ Todd J. Campbell

TODD J. CAMPBELL

UNITED STATES DISTRICT JUDGE