UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |

Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Amalgamated Bank") respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I. INTRODUCTION

"Under the PSLRA, with the filings of the complaints and motions, the Court must presume that the lead plaintiff with the 'largest financial interest in the litigation' and whose claims are typical of other putative class members is the most adequate plaintiff."[1]  Of the two remaining motions, only Amalgamated Bank qualifies as the "most adequate plaintiff." *Id.*[2]

Indeed, Amalgamated Bank has the largest financial interest, having purchased over 158,900 shares of Corrections Corporation of America ("CCA") stock during the Class Period and suffered more than $1.2 million in losses. *See infra* §II.A.  As evidenced by its Certification, Amalgamated Bank intends to assert the same claims already asserted in this case and has no conflicts of interest with the putative class.  As such, Amalgamated Bank's motion should be granted.  The other remaining motion should be denied.

## II. ARGUMENT

To identify the presumptive lead plaintiff from among the movants, the Court "'must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" – and hence the presumptive Lead Plaintiff – the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."'"  *Blitz v. AgFeed Indus.*, 2012 U.S. Dist. LEXIS

---

[1]  *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2010 U.S. Dist. LEXIS 42915, at *8 (M.D. Tenn. Apr. 30, 2010).  Unless otherwise noted, all emphasis is added and all citations are omitted throughout.

[2]  *See* Dkt. Nos. 30, 31, 36, 38.  Burton Siegal, who suffered the smallest loss, filed a Notice of Non-Opposition to the Competing Motions on October 27, 2016.  *See* Dkt. No. 44.  The Court entered an Order finding Mr. Siegal's motion moot on November 1, 2016.  *See* Dkt. No. 45.  The CCA Investor Group, which suffered the second largest loss, filed a Notice of Non-Opposition to the Competing Motions on November 3, 2016.  *See* Dkt. No. 46.  The Court entered an Order finding the CCA Investor Group's motion moot on November 4, 2016.  *See* Dkt. No. 47.

49849, at *22-23 (M.D. Tenn. Apr. 10, 2012) (Knowles, Mag.) (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). Here, that movant is Amalgamated Bank.

### A. Only Amalgamated Bank Qualifies for the "Most Adequate Plaintiff" Presumption

"'In identifying the plaintiff with the largest financial interest, courts have considered factors such as the number of shares purchased or sold during the class period, the net number of shares purchased, the net funds spent, and approximate losses suffered by the plaintiff.'" *Blitz*, 2012 U.S. Dist. LEXIS 49849, at *8 (quoting Manual for Complex Litigation (Fourth Ed.) §31.31, at 535-36). "'These factors courts have found helpful 'because they look to relatively objective indicators . . . rather than to the ultimate question of [damages].'"" *Id.*

By comparing the movants' estimated losses, it is clear that Amalgamated Bank possesses the largest financial interest in the relief sought by the class in this case:

| Movant | (Loss) Estimate | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|
| **Amalgamated Bank** | **($1.2 million)** | **38,707** | **($1.2 million)** |
| ~~CCA Investor Group~~ | ~~($152,730)~~ | ~~11,200~~ | ~~($334,000)~~ |
| Luvell Glanton | ($99,000) | 7,920 | ($238,200) |
| ~~Burton Siegal~~ | ~~($30,900)~~ | ~~2,292~~ | ~~($69,253)~~ |

*Compare* Dkt. No. 40-3 *with* Dkt. Nos. 37-4, 33-3, 30-5. Thus, because Amalgamated Bank suffered the greatest loss, "further inquiry must focus on [Amalgamated Bank] alone and be limited to determining whether [it] satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

Here, there can be no doubt that Amalgamated Bank is both typical and adequate of the putative class. *See* Dkt. No. 39 at 5-7. As an institutional investor with a substantial financial incentive to diligently monitor and direct the litigation, Amalgamated Bank is the paradigmatic candidate Congress contemplated when it enacted the PSLRA. *See In re Unumprovident Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 24633, at *16 (E.D. Tenn. Nov. 6, 2003) ("The legislative history of the PSLRA does demonstrate a strong congressional preference institutional investors serve as lead plaintiffs in securities class actions."). Moreover, Amalgamated Bank selected counsel that has

achieved unrivaled success in this District representing victims of securities fraud. *See* Dkt. No. 39 at 6-7.

Accordingly, the Court should find that Amalgamated Bank is entitled to the most adequate plaintiff presumption.

### B. The Presumption in Favor of Appointing Amalgamated Bank as Lead Plaintiff Will Not Be Rebutted

To rebut the presumption in favor of Amalgamated Bank's appointment as lead plaintiff, the PSLRA requires the other movants to submit "proof" that Amalgamated Bank "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. *See, e.g.*, Dkt. Nos. 44, 46 (making no argument against Amalgamated Bank's appointment as lead plaintiff).

Because none of the competing movants can rebut the presumption that Amalgamated Bank is the most adequate plaintiff, the other motions should be denied.

### C. Mr. Glanton's Motion Should Be Denied Because He Does Not Have the Largest Financial Interest

The lone remaining movant, Mr. Glanton, suffered a substantially smaller loss than Amalgamated Bank. *See supra* §II.A. Indeed, Mr. Glanton's loss is approximately one-tenth the loss suffered by Amalgamated Bank. *Id.* Thus, pursuant to the PSLRA's sequential process, the Court may only consider his motion "if and only if [Amalgamated Bank is] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. Because Amalgamated Bank is "both willing to serve and satisfies the requirements of Rule 23," however, Mr. Glanton's motion should be denied. *Id.* at 730.[3]

---

[3] Mr. Glanton's motion should be denied for the additional reason that his largest investment in CCA stock during the Class Period – 5,000 shares – was on August 11, 2016, the same day the U.S. Department of Justice Office of the Inspector General issued a report revealing that CCA had incurred more safety and security incidents per capita than comparable Federal Bureau of Prisons institutions. *See* Dkt. No. 33-2; Dkt. No. 39 at 2-3. The timing and magnitude of this purchase – which exceeds all of his prior investments in CCA stock combined by over 2,000 shares – will subject Mr. Glanton to a typicality challenge by defendants. *See generally Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179-80 (2d Cir. 1990) (affirming district court's decision that entity was an inappropriate class representative because it was subject to the unique defense of having continued to invest even after it had investigated alleged fraud); *GAMCO Investors, Inc. v. Vivendi, S.A.*, 917 F. Supp. 2d 246, 261-62 (S.D.N.Y. 2013) (recognizing that "post-disclosure purchases can defeat the typicality requirement for class certification when 'plaintiffs made a "disproportionately large percentage" of their purchases post-

- 3 -

## III.     CONCLUSION

The one remaining competing movant has a substantially smaller loss than Amalgamated Bank's loss and that movant cannot trigger the PSLRA's most adequate plaintiff presumption. Consequently, his motion should be denied.

By contrast, Amalgamated Bank not only suffered the greatest loss, it satisfies the Rule 23 requirements and is not subject to any unique defenses or conflicts of interest with the putative class. Amalgamated Bank's motion should be granted.

DATED:  November 10, 2016                          Respectfully submitted,

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193


                                              s/ Jerry E. Martin
                                           JERRY E. MARTIN

Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

---

disclosure'") (emphasis omitted); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii) (presumptive plaintiff must satisfy typicality requirement and cannot be "subject to unique defenses").

- 4 -

1205690_1

Case 3:16-cv-02267   Document 48   Filed 11/10/16   Page 5 of 7 PageID #: 597

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

   I hereby certify that on November 10, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

   I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2016.

               s/ JERRY E. MARTIN
               JERRY E. MARTIN

               BARRETT JOHNSTON MARTIN
                 & GARRISON, LLC
               Bank of America Plaza
               414 Union Street, Suite 900
               Nashville, TN 37219
               Telephone: 615/244-2202
               615/252-3798 (fax)

               E-mail: jmartin@barrettjohnston.com

1205690_1

Case 3:16-cv-02267   Document 48   Filed 11/10/16   Page 7 of 7 PageID #: 599