UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 3:16-cv-02267 |
| Plaintiff, | Honorable Aleta A. Trauger |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | DEMAND FOR JURY TRIAL |
| Defendants. | |

**ANSWER TO CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Defendants CoreCivic, Inc., Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin, by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Consolidated Complaint ("Complaint") of Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff").

I.      **"Introduction"***

1.      Defendants admit that the Complaint purports to assert claims under the Securities Exchange Act of 1934 on behalf of purchasers of CoreCivic, Inc.[1] ("CoreCivic") securities between February 27, 2012 and August 17, 2016. Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that CoreCivic is a publicly traded real estate investment trust ("REIT"), that it is an owner of private correctional, detention and residential reentry facilities, and that five of its facilities had contracts with the Federal Bureau of Prisons ("BOP") during the Class Period. Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that, during the Class Period, the BOP periodically notified CoreCivic of purported failures to satisfy facility-specific obligations. Except as expressly admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that on March 13, 2015 the BOP issued an audit report for Adams County Correctional Center ("Adams"). The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

---

* To aid the Court in reviewing Defendants' Answer, Defendants have included – in quotations – the headings reflected in Plaintiff's Complaint. To the extent these headings include factual allegations, Defendants expressly deny each and every allegation.

[1] Defendants admit that during the Class Period CoreCivic, Inc. was known as Corrections Corporation of America. Except as expressly admitted, Defendants deny the allegations in footnote 1.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants admit CoreCivic had a Quality Assurance Department, and CoreCivic maintained policies and procedures during the Class Period.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that on August 11, 2016 the U.S. Department of Justice ("DOJ") Office of the Inspector General ("OIG") issued a report entitled "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons" (the "Review").  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that on August 18, 2016 Deputy Attorney General Sally Q. Yates ("Yates") issued a memorandum entitled "Reducing our Use of Private Prisons" (the "Yates Memorandum").  The memorandum speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that CoreCivic's closing stock price was $27.56 on August 10, 2016, and $13.04 during August 18, 2016.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

## II.     "Jurisdiction and Venue"

16.     Defendants admit that Plaintiffs purport to assert claims pursuant to §§10(b) and 20(a) of the Exchange Act.

17.     Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §27 of the Exchange Act, 15 U.S.C. §78aa.

18.     Defendants admit that venue is proper in this District pursuant to §27 of the Exchange Act 28 U.S.C. §1391(b).  Except as expressly admitted, Defendants deny the allegations in Paragraph 18.

19.     Plaintiffs' allegations in Paragraph 19 set forth legal conclusions for which no response is required.

**III.   "Parties"**

20.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Defendants admit that CoreCivic is based in Nashville, Tennessee and is a REIT publicly traded on the NYSE with the ticker symbol "CXW."  Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit Defendant Damon T. Hininger ("Hininger") has, at various points during his career, served as CoreCivic's President, CEO, COO, Senior VP of Federal and Local Customer Relations, and VP of Federal and Local Customer Relations.  Defendants admit that Hininger has signed SEC filings and participated in conference calls.  Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.     Defendants admit that Defendant David M. Garfinkle ("Garfinkle") has, at various points during his career, served as CoreCivic's Executive VP, CFO, and VP of Finance and Controller.  Defendants admit that Garfinkle has signed SEC filings and participated in conference calls.  Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that Defendant Todd J. Mullenger ("Mullenger") has, at various points during his career, served as CoreCivic's Executive VP, CFO, VP and Controller and VP

and Treasurer.  Defendants admit that Mullenger has signed SEC filings and participated in conference calls.  Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that Defendant Harley G. Lappin ("Lappin") has, at various points during his career, served as CoreCivic's Executive VP and CCO.  Defendants admit that Lappin previously served as the Director of the BOP, is a former chair of the Standards Committee of the American Correctional Association, a former board member of both the National Institute of Corrections and the Federal Prison Industry Board, and a former chair of the Prions Industry Committee of the American State Correctional Administrators Association. Except as expressly admitted, Defendants deny the allegations in Paragraph 25.

26.     Paragraph 26 does not contain an assertion of law or fact and does not warrant a response.

27.     Defendants admit that the Individual Defendants received and/or had access to certain confidential, proprietary information concerning CoreCivic, its operations finances, financial condition and present and future business prospects.  Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Plaintiffs' allegations in Paragraph 30 set forth legal conclusions for which no response is required.  Defendants deny any alleged facts asserted in support of the legal conclusions set forth in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

**IV.     "Sources of Allegations"**

32.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

## V. "Background to Defendants' Fraudulent Statements and Course of Conduct"

33.     Defendants admit that CoreCivic is structured as a REIT, began operating as a REIT on January 1, 2013, and provides correctional services and other operations through taxable REIT subsidiaries.  Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that CoreCivic's customers have included, among other entities, federal, state and local correctional and detention authorities.  Except as expressly admitted, Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that they release annual reports with the SEC and on March 30, 2016 issued an annual letter to shareholders.  The annual reports and the letter speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

## VI. "CoreCivic Ran Unsafe, Low Quality Prisons that Caused Multiple Deaths and Did Not Save Money for the BOP or Taxpayers"

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that the OIG issued the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that the OIG issued the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that the OIG issued the Review on August 11, 2016. Defendants admit that CoreCivic was provided with a draft of the Review prior to August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that the DOJ issued the Yates Memorandum on August 18, 2016.  The Yates Memorandum speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that the DOJ issued the Yates Memorandum on August 18, 2016.  The Yates Memorandum speaks for itself.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the BOP's internal documentation, and therefore deny them.[2]  Except as expressly admitted, Defendants deny the allegations in Paragraph 42.

A.      "Adams County Correctional Center"

43.     Defendants admit that CoreCivic owned and operated the Adams facility in Natchez, Mississippi during the Class Period.  Defendants admit that Adams is classified as a low-security prison.  Except as expressly admitted, Defendants deny the allegations in Paragraph 43.

44.     Defendants admit that on May 20, 2012, the inmates at the Adams facility initiated a disturbance at the Adams facility.  Except as expressly admitted, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that Deborah Temple executed an affidavit.  The Temple affidavit speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

---

[2]     Defendants admit that CoreCivic operated the Northeast Ohio Correctional Center during the Class Period, and that contract expired on May 31, 2015.  Except as expressly admitted, Defendants deny the allegations in footnote 2.

46.     Defendants admit that Deborah Temple executed an affidavit.  The Temple affidavit speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 46.[3]

47.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore deny them.

48.     Defendants admit that the BOP commissioned an After-Action Report dated July 27, 2012.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 48.

49.     Defendants admit that FBI Special Agent Casey Markovitz executed an affidavit.  Defendants further admit that the BOP sent CoreCivic a Notice of Concern dated September 19, 2012.  The Markovitz affidavit and Notice of Concern speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 49.

50.     Defendants admit that, during the Class Period, the BOP periodically sent Notices of Concern to CoreCivic regarding purported failures to satisfy facility-specific obligations.  The Notices of Concern speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 50.[4]

51.     Defendants admit that the BOP sent CoreCivic a report of contract facility monitoring on March 31, 2011.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 51.

---

[3]     Footnote 3 does not contain an assertion of law or fact, and thus, no response is required.

[4]     Defendants admit that the U.S. Government Accountability Office issued a report dated July 2013 entitled "Timelier Reviews, Plan for Evaluations, and Updated Policies Could Improve Inmate Mental Health Services Oversight."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 4.

52.     Defendants admit that the BOP sent CoreCivic a report of contract facility monitoring dated April 6, 2012.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated August 10, 2012.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated November 14, 2012.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated February 22, 2013.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that the BOP sent CoreCivic a report of contract facility monitoring dated February 27, 2013.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated May 16, 2013.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that the BOP sent CoreCivic an Award Fee Determination letter dated May 23, 2013.  The letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59.     Defendants admit that the BOP sent CoreCivic a report of contract facility monitoring dated January 24, 2014.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated June 9, 2014.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

61.     Defendants admit that the BOP sent CoreCivic a report of contract facility monitoring dated March 13, 2015.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 61.[5]

62.     Defendants admit that the BOP sent CoreCivic an Award Fee Determination letter dated June 1, 2015.  The letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that the OIG released an audit report dated December 2016 entitled "Audit of the Federal Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center in Natchez, Mississippi."  The report speaks for itself.  Defendants admit that CoreCivic sent a letter to the OIG on November 23, 2016.  The letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64.     Defendants admit that the OIG released an audit report dated December 2016 entitled "Audit of the Federal Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center in Natchez, Mississippi."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 64.

65.     Defendants admit the OIG released an audit report dated December 2016 entitled "Audit of the Federal Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center in Natchez, Mississippi."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

---

[5]     Defendants admit that OIG issued the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 5.

66.     Defendants admit that the OIG released an audit report dated December 2016 entitled "Audit of the Federal Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center in Natchez, Mississippi." The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that the OIG issued the Review in August 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

**B.     "Cibola County Correctional Center"**

68.     Defendants admit that CoreCivic owned and operated the Cibola facility in Milan, New Mexico during the Class Period. Defendants admit that as of April 2015, Cibola was classified as a low-security facility. Defendants admit that the BOP notified CoreCivic on July 29, 2016 that it decided not to renew the Cibola contract. Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

69.     Defendants admit that, during the Class Period, the BOP periodically sent Notices of Concern to CoreCivic regarding purported failures to satisfy facility-specific obligations. The Notices of Concern speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated March 25, 2011. The Notice of Concern speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated April 25, 2012. The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 71.

72.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated April 25, 2012. The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated May 2, 2013.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that the BOP sent CoreCivic Notices of Concern dated May 22, 2013, August 6, 2013, October 3, 2013, and January 2, 2014.  The Notices of Concern speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that the BOP sent CoreCivic Notices of Concern dated April 8, 2014, July 7, 2014, and September 23, 2014.  The Notices of Concern speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated May 5, 2014.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated May 5, 2014.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated November 21, 2014.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that the BOP sent a "Cure Notice" to CoreCivic, incorrectly dated January 9, 2014.  The Cure Notice speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.[6]

---

[6]     Defendants admit that the OIG issued the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 6.

80.     Defendants admit that the BOP sent a Notice of Concern to CoreCivic dated April 6, 2015.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 80.

81.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated June 2, 2015.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated June 2, 2015.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 82.

83.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated June 2, 2015.  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that the BOP sent CoreCivic an Award Fee Determination letter dated August 4, 2015.  The letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 84.

85.     Defendants admit that the BOP sent CoreCivic an Award Fee Determination letter dated August 4, 2015.  The letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 85.

86.     Defendants admit that the BOP notified CoreCivic on July 29, 2016 that it decided not to renew the Cibola contract.  Except as expressly admitted, Defendants deny the allegations in Paragraph 86.

C.     "Eden Detention Center"

87.     Defendants admit that CoreCivic owned and operated the Eden facility in Eden, Texas during the Class Period and that Eden is classified as a low-security facility.  Defendants

admit that the OIG issued the Review on August 11, 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 87.

88.     Defendants admit that the OIG issued the Review on August 11, 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 88.

89.     Defendants admit that the OIG issued the Review on August 11, 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated April 9, 2015. The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 90.

91.     Defendants admit that the BOP sent CoreCivic a contract facility monitoring report dated April 9, 2015. The report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated August 23, 2012. The Notice of Concern speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 92.[7]

93.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated October 1, 2014. The Notice of Concern speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 93.

---

[7]     Defendants admit that CoreCivic received Notices of Concern prior to the Class Period. Except as expressly admitted, Defendants deny the allegations in footnote 7.

94.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated December 10, 2014.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 94.

95.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated March 11, 2015.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 95.[8]

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants admit that on May 29, 2012, the BOP sent a Notice of Concern to the Eden facility.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 97.[9]

98.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated July 19, 2012.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated May 4, 2015.  The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 99.

100.    Defendants admit that the BOP periodically issues Large Secure Adult Contract Oversight Checklists.  The checklists speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.[10]

---

[8]     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in footnote 8.

[9]     To the extent the allegations in footnote 9 reference the contents of the BOP website, the website speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 9.

[10]    To the extent the allegations in footnote 10 reference the OIG Review, the Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 10.

101.     Defendants admit that the OIG issued the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 101.[11]

102.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 102.

103.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 103.

104.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

105.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 105.

106.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 106.

107.     Defendants admit that the American Civil Liberties Union issued a report entitled "Warehoused and Forgotten."  The report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 107.

---

[11]     Defendants admit that the BOP sent CoreCivic a Notice of Concern dated June 10, 2014. The Notice of Concern speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 11.

### D. "McRae Correctional Facility"

108. Defendants admit that CoreCivic owned and operated the McRae facility in McRae, Georgia during the Class Period and that the Company's contract with the BOP to operate McCrae currently expires in November 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 108.

109. Defendants admit that OIG issued the Review on August 11, 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 109.

110. Defendants admit the ACLU sent a letter to the BOP dated August 8, 2011. The letter speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 110.

111. Defendants admit the ACLU sent a letter to the BOP dated August 8, 2011. The letter speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 111.

112. Defendants admit the ACLU sent a letter to the BOP dated August 8, 2011. The letter speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 112.

113. Defendants admit the ACLU sent a letter to the BOP dated August 8, 2011. The letter speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 113.

114. Defendants admit that the BOP sent Notices of Concern to the McRae facility in February 2011, May 2012, June 2012, and August 2013. The Notices of Concern speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 114.

**VII.** **"Defendants Made Numerous Fraudulent Statements and Omissions During the Class Period"**

115.     Defendants deny the allegations in Paragraph 115.

116.     Defendants admit that they made periodic public statements during the Class Period.  The public statements speak for themselves.  Defendants admit that the OIG published the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 116.

117.     Defendants admit that they made periodic public statements during the Class Period.  The public statements speak for themselves.  Defendants admit that the OIG published the Review on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 117.

**A.**     **"Misstatements and Omissions in Quarterly and Annual Reports"**

118.     Defendants admit that, during the Class Period, CoreCivic filed quarterly and annual reports with the SEC.  The reports speak for themselves.  Defendants admit that each of CoreCivic's annual and quarterly reports filed with the SEC from the beginning of the Class Period until May 1, 2014 was signed by and contained SOX certifications of Mr. Hininger and Mr. Mullenger.  Defendants further admit that each of CoreCivic's annual and quarterly reports filed with the SEC from May 1, 2014 until the end of the Class Period was signed by and contained SOX certifications of Mr. Hininger and Mr. Garfinkle.  Except as expressly admitted, Defendants deny the allegations in Paragraph 118.

119.     Admitted.

120.     Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016.  The annual reports speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 120.

17

121.     Defendants deny the allegations in Paragraph 121.

122.     Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016. The annual reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 122.[12]

123.     Defendants admit that CoreCivic filed an annual report with the SEC on February 27, 2017. The annual report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 123.

124.     Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016. The annual reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants admit that CoreCivic filed an annual report with the SEC on February 27, 2017. The annual report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 126.

127.     Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016. The annual reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128.

---

[12] Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016. The annual reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in footnote 12.

129.    Defendants admit that CoreCivic filed an annual report with the SEC on February 27, 2017.  The annual report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 129.

130.    Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016.  Defendants admit that CoreCivic filed quarterly reports with the SEC on May 7, 2012, August 9, 2012, November 8, 2012, May 9, 2013, August 8, 2013, November 7, 2013, May 8, 2014, August 7, 2014, November 5, 2014, May 7, 2015, August 6, 2015, November 5, 2015, May 5, 2016, and August 4, 2016.  The annual and quarterly reports speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that CoreCivic filed a quarterly report with the SEC on November 4, 2011.  The quarterly report speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 132.

133.    Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015 and February 25, 2016, and filed quarterly reports with the SEC on May 7, 2012, August 9, 2012, November 8, 2012, May 9, 2013, August 8, 2013, November 7, 2013, May 8, 2014, August 7, 2014, November 5, 2014, May 7, 2015, August 6, 2015, November 5, 2015, May 5, 2016 and August 4, 2016.  The annual and quarterly reports speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135. Defendants admit that CoreCivic filed an annual report with the SEC on February 27, 2012. The annual report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 135.

136. Defendants admit that CoreCivic filed an annual report with the SEC on February 27, 2012. The annual report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 136.

137. Defendants admit that CoreCivic filed annual reports with the SEC on February 27, 2014, February 25, 2015, and February 25, 2016. The annual reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants admit that CoreCivic filed a quarterly report with the SEC on November 5, 2015. The quarterly report speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 139.

140. Defendants admit that CoreCivic filed an annual report with the SEC on February 25, 2016, and filed quarterly reports with the SEC on November 5, 2015, and August 4, 2016. The annual and quarterly reports speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

**B. "Misstatements and Omissions in Conference Calls, Proxy Statements, Investor Presentations and Media Articles"**

142. Defendants admit that the *Lewiston Morning Tribune* published an article on or around March 5, 2012, entitled "Can private prisons be run cheaper?: In Idaho, no one has

actually done the math to find out." The article speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 142.[13]

143.    Defendants deny the allegations in Paragraph 143.

144.    Admitted.

145.    Defendants admit that CoreCivic filed a Definitive Proxy Statement with the SEC on March 26, 2012. The Definitive Proxy Statement speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that CoreCivic held a conference call on February 14, 2013, and that Mr. Hininger and Mr. Mullenger participated on that call. The transcript of the call speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that CoreCivic held an "Analyst Day" on October 2, 2013, for which the Company produced a PowerPoint presentation that listed the names of Mr. Hininger, Mr. Mullenger, and Mr. Lappin. The presentation speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants admit that CoreCivic held an "Analyst Day" on October 2, 2013, for which the Company produced a PowerPoint presentation. The presentation speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

---

[13] Defendants admit that CoreCivic held a conference call on February 9, 2012, and that Mr. Hininger and Mr. Mullenger participated on that call. The transcript of the call speaks for itself. Except as expressly admitted, Defendants deny the allegations in footnote 13.

153.     Defendants admit that CoreCivic held an "Analyst Day" on October 2, 2013, for which the Company produced a PowerPoint presentation.  The presentation speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 153.

154.     Defendants deny the allegations in Paragraph 154.

155.     Defendants admit that the *Chattanooga Times* published an article on May 5, 2014, entitled "Critics point finger at CCA: For-profit prison operator taken to task for campaign giving, operations."  The article speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 155.

156.     Defendants deny the allegations in Paragraph 156.

157.     Defendants admit that CoreCivic gave a presentation at REITWeek: NAREIT's Investor Forum, on June 5, 2014.  The presentation speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158.

159.     Defendants admit that CoreCivic posted investor presentations on the "Investor Relations" section of its website on or about November 7, 2014, February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016, and May 17, 2016.  The presentations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 159.

160.     Defendants admit that CoreCivic posted investor presentations on the "Investor Relations" section of its website on or about November 7, 2014, February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016, and May 17, 2016.  The presentations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 160.

161.    Defendants admit that CoreCivic posted investor presentations on the "Investor Relations" section of its website on or about November 7, 2014, February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016, and May 17, 2016.  The presentations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 161.

162.    Defendants admit that CoreCivic posted investor presentations on the "Investor Relations" section of its website on or about November 7, 2014, February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016, and May 17, 2016.  The presentations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163

164.    Defendants admit that CoreCivic posted investor presentations on the "Investor Relations" section of its website on or about November 7, 2014, February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016, and May 17, 2016.  The presentations speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants admit that CoreCivic held a conference call on May 5, 2016, and that Mr. Hininger and Mr. Garfinkle participated on the call.  The transcript of the call speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.     Defendants admit that CoreCivic gave a presentation at REITWeek: NAREIT's Investor Forum, on June 8, 2016.  The presentation speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 168.

- 23 -

169.    Defendants deny the allegations in Paragraph 169.

**VIII.  "The Relevant Truth About CoreCivic's Misleading and Injurious Course of Business"**

170.    Defendants deny the allegations in Paragraph 170.

**IX.  "Additional Evidence in Support of a Strong Inference of Scienter"**

    **A.    "The Individual Defendants Knew of or Recklessly Disregarded the Significant Deficiencies Identified by the BOP and the OIG Throughout the Class Period"**

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants admit that during the Class Period, CoreCivic had systems and controls in place to monitor the services provided by CoreCivic's facilities.  Defendants also admit that CoreCivic filed an annual report with the SEC on February 27, 2012.  The annual report speaks for itself.  Except as expressly admitted, Defendants deny the allegations of Paragraph 172.

173.    Defendants admit that during the Class Period, CoreCivic had systems and controls in place to monitor the services provided by CoreCivic's facilities.  Defendants also admit that CoreCivic filed an annual report with the SEC on February 25, 2016.  The annual report speaks for itself.  Except as expressly admitted, Defendants deny the allegations of Paragraph 173.

174.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 174 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 174.

175.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 175 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 175.

176.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 176 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 176.

177.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 177 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 177.

178.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 178 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 178.

179.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 179 purportedly referencing confidential witness testimony, and on that basis deny those allegations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 179.

**B.      "Defendants Acknowledged Their Duty to Disclose Deficiencies Identified in Operational Performance Audits but Did Not Disclose Them and Instead Fought to Avoid Publishing Objective Data"**

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants admit that on November 23, 2016, a CoreCivic shareholder submitted a proposal for inclusion in the Company's 2017 proxy statement regarding periodic third-party operational audits of the Company's correctional and detention facilities.  Defendants admit that the SEC agreed with CoreCivic that such a proposal related to the Company's ordinary business operations, and thus was appropriately excluded from the Company's 2017 proxy materials.  Except as expressly admitted, Defendants deny the allegations in Paragraph 181.

- 25 -

182.     Defendants admit that on January 10, 2017, CoreCivic submitted a letter to the SEC regarding the shareholder proposal referenced in Paragraph 181. The letter speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 182.

183.     Defendants deny the allegations in Paragraph 183.

184.     Defendants admit that CoreCivic's Board of Directors opposed a shareholder proposal, submitted in connection with the Company's 2012 annual meeting, requesting that the Company provide biannual reports describing Board oversight of the Company's efforts to reduce prisoner abuse. Defendants admit that CoreCivic filed a Definitive Proxy Statement with the SEC on March 26, 2012. The Definitive Proxy Statement speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 184.

185.     Defendants deny the allegations in Paragraph 185.

**C.     "Defendants Knew Their Comparisons of CoreCivic Costs to BOP Costs Were Misleading"**

186.     Defendants admit that they made periodic public statements during the Class Period. The public statements speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 186.

187.     Defendants admit that the OIG released the Review on August 11, 2016. The Review speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 187.

188.     Defendants admit that they made periodic public statements, including investor presentations, during the Class Period. The public statements and presentations speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 188.

189.     Defendants deny the allegations in Paragraph 189.

**X.     "Additional Allegations of Reliance, Materiality, Loss Causation and Damages"**

190.     Defendants deny the allegations in Paragraph 190.

191.    Defendants admit that Plaintiff purports to assert claims under the fraud-on-the-market theory of reliance.  Except as expressly admitted, Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

**A.    "Applicability of Presumption of Reliance: Fraud-on-the-Market Doctrine"**

193.    Defendants deny the allegations in Paragraph 193.

(a)    Defendants admit CoreCivic's stock met the requirements for listing, and was listed and traded on the NYSE.  Except as expressly admitted, Defendants deny the allegations in Paragraph 193(a).

(b)    Defendants admit the allegations in Paragraph 193(b).

(c)    Defendants admit the allegations in Paragraph 193(c).

(d)    Defendants admit the allegations in Paragraph 193(d).

(e)    Defendants admit that during the Class Period, CoreCivic was followed by securities analysts.  Except as expressly admitted, Defendants deny the allegations in Paragraph 193(e).

(f)    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193(f).

194.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194.

195.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195.

**B.    "Plaintiff Suffered Damages When CoreCivic's Stock Price Dropped as Information Concealed by Defendants' Fraud Was Revealed to the Market"**

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants admit that the Review was released on August 11, 2016.  The Review speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 197.

198.    Defendants admit that the Yates Memorandum was released on August 18, 2016.  The Yates Memorandum speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 198.[14]

199.    Defendants deny the allegations in Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200.

## XI.    "Additional Control Person Allegations"

201.    Plaintiffs' allegations in Paragraph 201 set forth legal conclusions for which no response is required.  Defendants deny any alleged facts asserted in support of the legal conclusions set forth in Paragraph 201.

202.    Defendants admit that CoreCivic has bylaws, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

## XII.    "Class Action Allegations"

205.    Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired CoreCivic securities during the Class Period and were purportedly damaged thereby.  Defendants deny that Plaintiff has met the requirements to pursue its claims as a class action.  Defendants admit the remaining allegations in Paragraph 205

---

[14] Defendants admit that Attorney General Jefferson Sessions released a memorandum dated February 21, 2017.  The memorandum speaks for itself.  Except as expressly admitted, Defendants deny the allegations in footnote 14 of Paragraph 198.

regarding persons excluded from the Class. Except as expressly admitted, Defendants deny the allegations in Paragraph 205.

206.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207, including subparts (a) through (f).

208.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208.

209.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209.

210.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210.

## Count I

### "Violation of §10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder"

### (Against All Defendants)

211.    Defendants incorporate their answers to Paragraphs 1-210. Defendants admit that Plaintiff purports to bring Count I pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

212.    Defendants deny the allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

**Count II**

**"Violation of §20(a) of the Exchange Act"**

**(Against the Individual Defendants)**

216.    Defendants incorporate their answers to Paragraphs 1-215.  Defendants admit that Plaintiff purports to bring Count II pursuant to Section 20(a) of the Exchange Act.

217.    Defendants deny the allegations in Paragraph 217.

**XIII.  "Prayer for Relief"**

Defendants deny that Plaintiff is entitled to the relief requested.

**XIV.  "Jury Demand"**

Defendants acknowledge that Plaintiff requests a jury trial on issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff or the class, Defendants plead the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state a claim against Defendants as to which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

("Puffery" and/or Safe Harbor)

Plaintiff's claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements constitute inactionable "puffery" and/or fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## THIRD AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of CoreCivic stock, Plaintiff and members of the class had actual or constructive knowledge of the allegedly untrue statements of all or some of the alleged omissions and misstatements or other wrongful conduct upon which Defendants' purported liability rests.

## FOURTH AFFIRMATIVE DEFENSE

### (Materiality)

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the class, and/or the securities markets.

## FIFTH AFFIRMATIVE DEFENSE

### (Transaction/Loss Causation)

Plaintiff's claims are barred because Plaintiff's alleged losses were not directly or proximately caused by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Individual Defendants at all times acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. §78t.

## SEVENTH AFFIRMATIVE DEFENSE

### (Knowledge)

The Individual Defendants had no knowledge of or reasonable ground to believe in the existence of the facts alleged, on which the liability of the Company is based. *See, e.g.*, 15 U.S.C. §77o.

## EIGHTH AFFIRMATIVE DEFENSE

(Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## NINTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

On information and belief, Lead Plaintiff is not an adequate or appropriate class representative.

## TENTH AFFIRMATIVE DEFENSE

(Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, Plaintiff and class members have sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

(Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiff and members of the class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## TWELFTH AFFIRMATIVE DEFENSE

### (Reduction in Damages)

Plaintiff's alleged damages are reduced by the amount it has recovered from other Defendants or third parties in connection with the claims alleged in the Complaint and by the amount it received in connection with the sale of its CoreCivic securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Impact on Market Price)

Plaintiff's claims against Defendants are barred, in whole or in part, because the purported misstatements or omission alleged in the Complaint did not affect the market price of CoreCivic securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

On information and belief, Plaintiff, by acts, omissions and/or conduct, has waived, in whole or in part, its right to obtain relief sought in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims against Defendants are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

Defendants lack sufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them. Defendants therefore expressly reserve the right to plead additional affirmative and other defenses that may become available or apparent during pretrial proceedings in this action and/or required by any amendments to the Complaint.

DATED:  February 2, 2018                          Respectfully submitted:

                                                   */s/ Steven A. Riley*
                                                  Steven A. Riley (TN #6258)
                                                  Milton S. McGee, III (TN #024150)
                                                  RILEY WARNOCK & JACOBSON, PLC
                                                  1906 West End. Ave.
                                                  Nashville, TN 37203
                                                  T: (615) 320-3700
                                                  F: (615) 320-3737
                                                  sriley@rwjplc.com
                                                  tmcgee@rwjplc.com

                                                  David J. Schindler
                                                  Brian T. Glennon
                                                  LATHAM & WATKINS LLP
                                                  355 South Grand Ave.
                                                  Los Angeles, CA 90071
                                                  T: (213) 485-1234
                                                  F: (213) 891-8763
                                                  david.schindler@lw.com
                                                  brian.glennon@lw.com

                                                  Morgan E. Whitworth
                                                  LATHAM & WATKINS LLP
                                                  505 Montgomery Street, Suite 2000
                                                  San Francisco, CA 94111
                                                  T:  (415) 391-0600
                                                  F:  (415) 395-8095
                                                  morgan.whitworth@lw.com

                                                  *Attorneys for Defendants Corrections*
                                                  *Corporation of America, Damon T.*
                                                  *Hininger, David M. Garfinkle, Todd J.*
                                                  *Mullenger, and Harley G. Lappin*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com


this 2nd day of February, 2018.

 /s/ Steven A. Riley
Steven A. Riley