UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                        Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and [Proposed] Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively, "Discovery Material") produced by any party or non-party (each, a "Producing Party") in the above-captioned matter (collectively with any appeals, the "Action").

2. Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains: (i) trade secret or other confidential research, development, or commercial information; (ii) information the disclosure of which would, in the good faith judgment of the Producing Party, negatively impact the management of any corrections facility or be detrimental to the health and safety of inmates, corrections officers or the public; or (iii) "protected health information" ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. **[Designations of Confidential Information shall be limited to those pages or portions of Discovery Material that contain Confidential Information. Mass or routinized designations are prohibited]. [Designations of Confidential Information**

**shall be on a document-by-document basis].** All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3. Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within thirty (30) days of receiving the final version of the transcript of the deposition or testimony, identifying, by page and line number(s) the specific information or testimony that constitutes Confidential Discovery Material. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party. For deposition testimony or other testimony, prior to the expiration of the thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material. In the case of electronically stored information produced in native format, the Producing Party shall include the word "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

4. The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material, including PHI, shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever. 45 C.F.R. § 164.512(e)(1)(v)(A). Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason.

5. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The parties to this Action, including Lead Plaintiff and any Class Representatives;

(b) Counsel of record for the respective parties to this Action, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paraprofessionals, employees, and agents of such law firms;

(c) Experts or consultants retained to assist counsel for the parties, ***provided that*** any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d) Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e) Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition or hearing, if advised by counsel disclosing the Confidential Discovery Materials to such witnesses of the obligations herein;

(f) The author or recipient of the document(s);

(g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h) Outside vendors retained by or for the parties to assist in pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery Materials to such outside vendors of the obligations herein, and further provided that any report created by such outside vendor relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(i) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(j) Any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Protective Order by executing the Undertaking.

6. Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material. If any party has good

cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

7.  Absent agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material.

8.  In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five (5) business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party. The Producing Party shall have the burden of objecting to the Third-Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of (10) business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten (10) business day period before producing any Confidential Discovery Material in response to the Third-

- 5 -

Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like. Nothing in this Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

9. The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

10. Pursuant to Federal Rule of Evidence 502(d), the disclosure of any Discovery Material in this Action shall be without prejudice to any claim by a Producing Party that such material is subject to the attorney-client privilege, the work product doctrine and any other applicable privilege for withholding production. Such disclosure shall not constitute or be

- 6 -

Case 3:16-cv-02267   Document 82-1   Filed 02/06/18   Page 7 of 19 PageID #: 1650

deemed a waiver of any claim of attorney-client privilege, the work product doctrine, or any other privilege, immunity, or protection that the Producing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of such privileges or protections shall apply to the Action, as well as any other federal or state proceeding:

(a) If a Producing Party informs the Receiving Party in writing that the Producing Party has disclosed privileged Discovery Material, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. The Receiving Party shall not use such Discovery Material for any purpose until further order of the Court. The Receiving Party shall have 30 days to: (i) return the Discovery Material and all copies thereof to the Producing Party or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material; or (ii) notify the Producing Party in writing of an objection to the claim of privilege or protection, along with the grounds for the objection, and/or an assertion that any privilege or protection has been waived. The parties shall meet and confer concerning the Receiving Party's objection within a reasonable time after the Producing Party receives written notice of such objection;

(b) After it reasonably appears that good faith efforts to resolve the dispute through the meet and confer process have failed, either party may move for an order on the status of the Discovery Material. Parties must provide notice to the opposing party and move for an order no later than 30 days after providing such notice. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning the privilege or protection asserted, or any waiver thereof. During the pendency of such a motion, each Receiving Party may retain the Discovery Material and all copies thereof, but shall make no

- 7 -

Case 3:16-cv-02267 Document 82-1 Filed 02/06/18 Page 8 of 19 PageID #: 1651

further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal, redacted, or submitted for *in camera review* in accordance with the terms of this Protective Order;

        (c)    If the Receiving Party takes no action within 30 days of the notification of disclosed privileged or otherwise protected Discovery Material, the Receiving Party shall be deemed to have waived any objection to the claim of privilege or other protection; and

        (d)    Upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected from disclosure, the Receiving Party shall promptly return the original and all copies of such Discovery Material to the Producing Party, or certify in writing to the Producing Party that it has destroyed all records, copies, and derivative works of such Discovery Material.

11. Absent agreement of the parties, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine, or some other applicable privilege, immunity, or protection shall be done so in accordance with the Federal Rules of Civil Procedure or other applicable authority. Without waiving any rights otherwise available to them, the parties agree with respect to any such logs, the Producing Party shall have no obligation to log documents or information generated after the time the Consolidated Complaint was filed.

12. In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before filing or using any Confidential Discovery Material in connection with any substantive or discovery motion or court proceeding, counsel shall meet and confer on such procedures that are necessary to

protect the confidentiality of any documents, information and transcripts. Any copy of Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal, redacted, or protected from public disclosure by another procedure agreed upon by the parties. If the parties are unable to agree on a procedure, counsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party seven (7) business days in advance of the filing to give the Producing Party the opportunity to move the Court for leave to file the Confidential Discovery Material under seal (or to seek substantially similar protection in the manner provided for by the applicable local rules). Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

13. This Protective Order shall not apply at trial. To the extent a protective order is necessary at trial, the parties will separately negotiate such protective order and submit it to the Court for approval.

14. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as "CONFIDENTIAL" under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action, including any appeals. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

15. If a party objects to another party's designation of information as "CONFIDENTIAL," it shall advise the Producing Party in writing of the reasons for the

- 9 -

objection, and the parties shall meet and confer within fourteen (14) days in a good-faith effort to resolve the objection. All items objected to shall continue to be treated as confidential pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation within twenty-one (21) days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Producing Party bears the burden of persuading the Court that the information is in fact confidential within the definitions set forth above. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this Paragraph.

16. Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion thereof is not "CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

17. The recipient of any Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential material. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

18. Within sixty (60) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of PHI as defined in paragraph 2 of this order shall return such materials and copies thereof to the Producing Party or destroy such confidential material and certify that fact. 45 C.F.R. § 164.512(e)(1)(v)(B). Because the return or destruction of such materials would be commercially or legally impractical, this provision does not require the return or destruction of PHI that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; (iii) is subject to legal hold obligations; or (iv) is required to be retained pursuant to statutory or regulatory obligations, or as otherwise required by law; however, such retained information shall continue to be treated in accordance with the Protective Order. To the extent that PHI is incorporated into any pleadings, motions or other attorney work product, counsel of record shall continue to treat the PHI as Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

19. Within thirty (30) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Materials (except PHI, which shall be governed by paragraph 18 of this order) shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of confidential material that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold

obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of confidential material but such retained information shall continue to be treated in accordance with the Protective Order. Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

20. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

21. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

22. This Protective Order shall be binding on any future party to this Action.

23. Any non-party may agree to be subject to and governed by the terms of this Protective Order.

24. This Protective Order shall continue in force after the completion of this Action.

25. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

26. This Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. This Protective Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

28. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Respectfully submitted.

DATED: February __, 2018

    ROBBINS GELLER RUDMAN & DOWD LLP
    DENNIS J. HERMAN (*pro hac vice*)
    WILLOW E. RADCLIFFE (*pro hac vice*)

    _____
    WILLOW E. RADCLIFFE

    Post Montgomery Center
    One Montgomery Street, Suite 1800
    San Francisco, CA 94104
    Telephone: 415/288-4545
    415/288-4534 (fax)

    ROBBINS GELLER RUDMAN & DOWD LLP
    CHRISTOPHER M. WOOD, #032977
    CHRISTOPHER H. LYONS, #034853
    414 Union Street, Suite 900
    Nashville, TN 37219
    Telephone: 800/449-4900
    615/252-3798 (fax)

    Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel


RILEY WARNOCK & JACOBSON, PLC
STEVEN A. RILEY, #6258
MILTON S. McGEE, III #024150


              MILTON S. McGEE, III

1906 West End Ave.
Nashville, TN 37203
Telephone: 615/320-3700
615/320-3737 (fax)

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
BRIAN T. GLENNON
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213/485-1234
213/891-8763 (fax)

LATHAM & WATKINS LLP
ANNA E. BERCES
MORGAN E. WHITWORTH
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415/391-0600
415/395-8095 (fax)

Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin

IT IS SO ORDERED.

ENTERED this ___ day of February, 2018.

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

**UNDERTAKING**

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of court.

Dated: _____   Name: _____

                    Title: _____

                   Signed: _____

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com |

this __ day of February, 2018.

       /s/ Steven A. Riley
    Steven A. Riley