UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>INITIAL CASE MANAGEMENT ORDER |

Pursuant to Local Rule 16.01(d)(1)(b)(2), Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), and Defendants CoreCivic, Inc., formerly known as Corrections Corporation of America ("CoreCivic" or the "Company"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (collectively, "Defendants"), submit the following Initial Case Management Order.

## I. PROCEDURAL BACKGROUND

Plaintiff brings this action as a putative class action on behalf of a class consisting of all persons who purchased or otherwise acquired CoreCivic securities between February 27, 2012 and August 17, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby. The Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 57) ("Complaint") alleges claims for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a).

The action was initiated on August 23, 2016. ECF No. 1. On January 10, 2017, the Court issued an order appointing Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, as Lead Plaintiff and appointing Robbins Geller Rudman & Dowd LLP as Lead Counsel and Barrett Johnston Martin & Garrison, LLC as Liaison Counsel. ECF No. 52. Lead Plaintiff's Complaint was filed on March 13, 2017. ECF No. 57.

On May 12, 2017, Defendants moved to dismiss the Complaint. ECF No. 60. On June 26, 2017, Plaintiff filed an opposition to Defendants' motion to dismiss. ECF No. 67. On July 26, 2017, Defendants filed a reply to Plaintiff's opposition. ECF No. 73. On December 18, 2017, Judge Trauger issued a Memorandum and an Order denying Defendants' motion to dismiss. ECF Nos. 76-77.

Because this action is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), discovery and other proceedings were stayed pending resolution of Defendants' motion to dismiss. *See* ECF No. 28.

- 1 -

Pursuant to the Court's December 22, 2017 Order, the Court held the initial case management conference on February 9, 2018.

## II. JURISDICTION

This action alleges violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, by the United States Securities and Exchange Commission, 17 C.F.R. §240.10b-5. The parties agree that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §27 of the Exchange Act, 15 U.S.C. §78aa.

## III. PARTIES' THEORIES OF THE CASE

### A. Plaintiff's Theory of the Case

This is a federal securities class action brought on behalf of a class consisting of all persons who purchased or otherwise acquired CoreCivic securities during the Class Period against defendants CoreCivic, its Chief Executive Officer, Hininger, its Executive Vice President and Chief Financial Officer since May 1, 2014, Garfinkle, its Executive Vice President and Chief Financial Officer from March 16, 2007 to May 1, 2014, Mullenger, and its Executive Vice President and Chief Corrections Officer, Lappin, for violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a). ¶¶21-25, 205.[1]

Plaintiff contends that throughout (and before) the Class Period, Defendants made numerous false and misleading statements or omissions to the effect that CoreCivic's business model was founded on, and made sustainable by, an ability to provide governments with detention and incarceration services at a level of quality at least equivalent to those that the governments provided themselves, and in compliance with all applicable policies and contractual requirements, but at a lower cost than the government could provide those services. ¶¶115-169. In truth,

---

[1] All paragraph references ("¶_") are to the Complaint.

CoreCivic provided inferior services and could not deliver on quality services at a lower cost. ¶¶37-114, 170. Defendants knew, or were reckless in not knowing, all of these facts through the many notices of concern, contract facility monitoring reports, after-action reports and other information received from external sources, as well as through the Company's own internal systems and controls, including the Quality Assurance Division. ¶¶171-189.

The extent of CoreCivic's shortcomings reached the market through a series of partial disclosures, which caused substantial drops in CoreCivic's stock price. ¶196. On August 11, 2016, the United States Department of Justice's Office of the Inspector General ("OIG") released a report entitled "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons" (the "Review"), which found that "in most key areas, contract prisons [specifically including CoreCivic] incurred more safety and security incidents per capita than comparable BOP institutions," and which was unable to conclude that the contract prisons were less expensive than Federal Bureau of Prisons ("BOP") institutions. ¶¶12, 197. On August 18, 2016, citing the Review, Deputy Attorney General Sally Q. Yates issued a memorandum stating that private prisons "compare poorly to [BOP] facilities" and directing that the BOP should reduce its use of private prisons. ¶198. As a result of these disclosures, CoreCivic common stock lost 53% of its value, dropping from $27.56 per share on August 10, 2016 to $13.04 per share on August 18, 2016. ¶199. This decline caused hundreds of millions of dollars in losses to CoreCivic investors, who relied on the accuracy of Defendants' statements and suffered damages when the truth was revealed.

B.  **Defendants' Theory of the Case**

Plaintiff will be unable to establish a violation of Section 10(b) of the Exchange Act or Rule 10b-5 promulgated thereunder. Defendants deny all allegations made against them and submit that they made no actionable misstatements or omissions, lacked the requisite scienter to give rise to a claim under Section 10(b) or Rule 10b-5, and that their alleged false or misleading

Class Period statements did not cause any damage to Plaintiff. Moreover, because there is no predicate violation of Section 10(b), Plaintiff's claim for controlling-person liability under Section 20(a) of the Exchange Act necessarily fails as well.

As a preliminary matter, Defendants did not make any false or misleading statements or omissions during the Class Period. Each of the alleged false or misleading Class Period statements, when viewed in context, is true. Moreover, each is also protected by the "safe harbor" provision of the Private Securities Litigation Reform Act and/or is nothing more than non-actionable "puffery."

Furthermore, the Individual Defendants did not make any alleged false or misleading Class Period statement with an intent to defraud the Company's shareholders, or with "deliberate recklessness," as that term is defined by controlling Supreme Court and Sixth Circuit precedent.

Finally, Plaintiff will not be able to establish that any of the challenged Class Period statements caused Plaintiff's claimed losses. The stock drop purportedly giving rise to Plaintiff's damages followed a memorandum issued by the Department of Justice (the "DOJ") that impacted the entire industry, not just CoreCivic. Indeed, the purported facts that Plaintiff contends were concealed by the alleged false or misleading statements had been disclosed at an earlier point in time, demonstrating that the DOJ memorandum did not reveal new information that previously was concealed by the alleged false or misleading Class Period statements. In any event, any purported damages sustained by Plaintiff must be reduced by other economic and industry factors unrelated to any alleged fraud.

For each of these reasons, Defendants submit that Plaintiff's claims are without merit and subject to powerful substantive and procedural defenses.

### IV. ISSUES RESOLVED

Jurisdiction and venue.

### V. ISSUES STILL IN DISPUTE

Liability and damages. The parties anticipate that additional disputed issues may arise as fact and/or expert discovery progresses.

### VI. INITIAL DISCLOSURES

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on February 23, 2018.

### VII. DISCOVERY

#### A. Document Requests and Interrogatories

Because this action is subject to the PSLRA, 15 U.S.C. §78u-4(b)(3)(B), discovery and other proceedings were stayed pending resolution of Defendants' motion to dismiss. *See* ECF No. 28. Now that Defendants' motion to dismiss has been denied, the PSLRA discovery stay has been lifted and the parties have conducted their Rule 26 conference, the parties intend to proceed to discovery.

#### B. Depositions

Plaintiff shall take no more than 20 depositions, with each deposition lasting no more than 7 hours, but may seek leave of Court at any time after initial disclosures are served for additional depositions for good cause shown.

#### C. Protective Order

The Court entered a protective order governing the designation of discovery materials as confidential on February 12, 2018.

#### D. Other Discovery Issues

Discovery is not stayed during dispositive motions unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve

their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

### E. Electronic Discovery

The parties have agreed that they will fully comply with Administrative Order No. 174 and exchange the disclosures required therein when exchanging their initial disclosures.

## VIII. PRETRIAL SCHEDULE

The pretrial schedule is set forth below:

| Matter | Agreed Date |
|---|---|
| Defendants' Answer | February 2, 2018 |
| Rule 26(a)(1) Initial Disclosures | February 23, 2018 |
| Class Certification | |
| • Motion for Class Certification | June 1, 2018 |
| • Opposition | July 16, 2018 |
| • Reply | September 5, 2018 |
| Deadline to substantially complete production of documents | August 1, 2018 |
| Deadline to amend the pleadings to add parties | September 7, 2018 |
| Fact discovery cutoff | March 29, 2019 |
| Deadline to submit joint mediation report | April 1, 2019 |
| Deadline for Filing of Discovery-Related Motions | April 17, 2019 |
| The parties declare experts and produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2) | May 15, 2019 |
| • Rebuttal | June 19, 2019 |
| • Completion of expert depositions | July 31, 2019 |
| Dispositive & *Daubert* Motions | |
| • Opening Briefs | September 27, 2019 |
| • Oppositions | November 15, 2019 |
| • Replies | December 20, 2019 |
| Pretrial Conference | April 17, 2020 at 1:30 p.m. |
| Trial | **April 21, 2020** |

Deadlines for (i) filings required prior to the April 17, 2020 pretrial conference, (ii) motions in limine, and (iii) the joint proposed pretrial order are set forth in the Court's February 9, 2018 Order Setting Case for Trial. ECF No. 85.

Briefs for dispositive motions shall not exceed *20 pages* without leave of court. No motion for *partial* summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

ENTERED this ___ day of February, 2018.

THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

Submitted by:

DATED: February 14, 2018

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN (*pro hac vice*)
WILLOW E. RADCLIFFE (*pro hac vice*)

s/ Willow E. Radcliffe
WILLOW E. RADCLIFFE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel


RILEY WARNOCK & JACOBSON, PLC
STEVEN A. RILEY, #6258
MILTON S. McGEE, III #024150


　s/ Steven A. Riley
               STEVEN A. RILEY

1906 West End Ave.
Nashville, TN 37203
Telephone: 615/320-3700
615/320-3737 (fax)

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
BRIAN T. GLENNON
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213/485-1234
213/891-8763 (fax)

LATHAM & WATKINS LLP
ANNA E. BERCES
MORGAN E. WHITWORTH
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415/391-0600
415/395-8095 (fax)

Attorneys for Defendants Corrections
Corporation of America, Damon T. Hininger,
David M. Garfinkle, Todd J. Mullenger and
Harley G. Lappin

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com |

this 14th day of January, 2018.

 /s/ Steven A. Riley
Steven A. Riley