# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 3:16-cv-02267 <br><br> Honorable Aleta A. Trauger <br><br> <u>DEMAND FOR JURY TRIAL</u> |

<u>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF IDENTITY OF PLAINTIFF'S CONFIDENTIAL WITNESS**</u>

Plaintiff originally took the position that FE1's *identity* constituted work product. *See* Plaintiff's Response to Defendants' Interrogatory No. 8, Dkt. No. 97.1 ("[T]he identity of the person referred to as FE1 in the Complaint is protected by the work-product doctrine"). In the Opposition, however, Plaintiff attempts to shift the attention away from the single disputed issue here (the identity of FE1), and instead argues about discovery requests that were withdrawn as part of the meet and confer process (*see* Opposition, Dkt. No. 103, at 3-4 (citing Interrogatory Nos. 9-11)) or are not properly before the Court. *See id.* at 6 (objecting to speculative questions in a hypothetical deposition). In making this shift, Plaintiff tries to divert the focus away from a key, indisputable fact: Plaintiff made a strategic election to quote extensively FE1 in the Complaint. Allowing Plaintiff to showcase FE1 in a pleading on one hand, but preemptively shutting down all discovery surrounding FE1 on the other hand, is a classic example of using the work product doctrine as a sword and a shield. *See* Memorandum, Dkt. No. 97, at 8-9 (citing cases).

There is a well-reasoned distinction in the case law between seeking unbridled discovery into an investigation conducted by counsel in preparing a pleading, and discovery into the sources a plaintiff puts at issue by citing them for support in a securities case. Although a number of courts have acknowledged this distinction, perhaps none has described it as clearly as the case on which Plaintiff's Opposition primarily relies: *Ross v. Abercrombie & Fitch Co.*, 2008 WL 821059, at *2 (S.D. Ohio Mar. 24, 2008). *See* Opp. at 4-5. On one hand, the court in *Ross* observed:

> It … seems beyond dispute that if an attorney has to tell opposing counsel exactly whom he or she chose to interview when preparing a pleading, and which information obtained from those interviews was deemed worthy enough to support each specific allegation within that pleading, there will be a substantial intrusion upon the attorney's "working space."

*Ross*, 2008 WL 821059, at *2. But with respect to confidential witnesses cited in securities

pleadings, the court observed:

> [W]hen a plaintiff attempts to satisfy the pleading requirements of the Private Securities Litigation Reform Act by "showcasing" statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are. Th[is] decision[] [is] entirely consistent with the dual propositions that partial disclosure of information protected by the work product doctrine may constitute a waiver, and that a party is not permitted to use such doctrines as both a shield and a sword.

*Id.* Unlike cases cited in the Opposition, this is not a situation where Defendants are seeking

broad discovery into Plaintiff's pre-lawsuit investigation. *See In re Ashworth, Inc. Sec. Litig.,*

213 F.R.D. 385, 387 (S.D. Cal. 2002) (holding "identities of those persons plaintiffs have

selected to interview in their pretrial investigation" is work product); *Gokare v. Fed. Express*

*Corp.,* 2012 U.S. Dist. LEXIS 106913, *7 (holding "request for which individuals were

interviewed while preparing the pleadings…should not be permitted on grounds of work

product"). Rather, FE1 is a focus here because Plaintiff made him or her the focus, and

voluntarily assumed the attendant discovery risks in so doing. *See* Memo. at 7-9 (citing cases).[1]

---

[1]  Other cases cited in the Opposition also support the relief Defendant seeks here. *See Cason-Merenda v. Detroit Med. Ctr.*, 2008 WL 659647, at *5 (E.D. Mich. Mar. 7, 2008) (upholding order to disclose the "identities of witnesses 'A' through 'H'" identified in the complaint); *In re Faro Technologies Sec. Litig.*, 2008 WL 205318, at *2 n.1 (M.D. Fla. Jan. 23, 2008) ("Plaintiff has already pled *generally* who they are . . . and *specifically* what they know. Their name and address does not add to counsel's mental impression."); *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 5604392, at *2 (N.D. Cal. Sep. 24, 2015) (finding the name of a confidential witness not to be work product because revealing the name did "not disclose counsel's tactical or strategic thoughts" since counsel had already included the witness' statements in the complaint); *In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, 2012 WL 1134142, at *4 (S.D.N.Y. Mar. 6, 2012) ("[S]ubstantial case law…support[s] Defendants' position here – that Plaintiffs should not be permitted to rely on the testimony of confidential witnesses to state their claims, and then withhold the identities of the confidential witnesses during discovery.").

For the reasons set forth above and the Motion, Defendants respectfully request that the

Court grant their Motion to Compel and require Plaintiff to disclose the identity of FE1.[2]

DATED: July 24, 2018

Respectfully submitted:

  /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Faraz Mohammadi (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
faraz.mohammadi@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
anna.berces@lw.com
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

---

[2] Defendants are willing to treat the identity of FE1 as "confidential" under the protective order; in fact, Defendants initially suggested such an approach. But there is no factual basis – and no procedural mechanism – for treating the identity of a former CoreCivic employee as "attorney's eyes only." *See* Opp. at 13. The protective order, which Plaintiff negotiated and the Court entered long after the Complaint was filed, does not contain an attorney's eyes only provision. *See* Dkt. 86.

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

- 4 -

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

this 24th day of July, 2018.

/s/ Steven A. Riley
Steven A. Riley