UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 3:16-cv-02267 |
| Plaintiff, ) ) | Honorable Aleta A. Trauger |
| vs. ) ) ) | PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM THE AUGUST 1, 2018 DEADLINE |
| CORRECTIONS CORPORATION OF AMERICA, et al., ) ) ) | TO SUBSTANTIALLY COMPLETE PRODUCTION OF DOCUMENTS SET FORTH IN THE INITIAL CASE |
| Defendants. ) ) | MANAGEMENT ORDER |

Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff") respectfully submits this memorandum of law in response to Defendants'[1] Motion for Relief from the August 1, 2018 Deadline to Substantially Complete Production of Documents Set Forth in the Initial Case Management Order (ECF No. 109) ("Motion").

Plaintiff has no objection to a reasonable extension of the August 1, 2018 substantial completion deadline. Plaintiff does request, however, that the Court establish a new substantial completion deadline. Without a firm deadline, numerous other case management deadlines are at risk, including deadlines for class certification, amendment, fact and expert discovery, and trial. Plaintiff proposed a September 14, 2018 deadline, which Defendants rejected without any specific explanation of why documents could not be produced by this date and without proposing any alternative date.

Defendants' request for an *indefinite* extension, made mere hours before the expiration of this Court's deadline set forth in the February 15, 2018 Initial Case Management Order (ECF No. 88) ("Order"), is not warranted by the facts and circumstances here and is inconsistent with Rule 1 of the Federal Rules of Civil Procedure and the efficient resolution of this litigation.

Defendants have failed to so much as attempt to establish the good cause required by Rule 16 and the Practice and Procedure Manual of this Court to justify such relief. An indefinite extension would also violate the requirement under Rule 34 that Defendants' production must be completed "no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

Defendants' request should be denied. Plaintiff respectfully submits that given the lack of good cause shown by Defendants, any extension to the substantial completion deadline should not

---

[1] "Defendants" are Corrections Corporation of America ("Corrections Corp."), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin.

exceed 45 days; and, to avoid prejudice to Plaintiff and the proposed class, the deadline for Plaintiff's class certification reply, as well as the deadline to amend the complaint, should be extended accordingly.

## I.    PROCEDURAL HISTORY

Discovery in this action was stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") until this Court issued an Order denying Defendants' motion to dismiss on December 18, 2017 (ECF Nos. 76-77), and the parties conducted their Rule 26 conference. Shortly thereafter, on January 30, 2018, Plaintiff served its first set of document requests on Defendants. On March 1, 2018, Defendants served objections and responses to those requests. The parties commenced meeting and conferring on those requests on March 8, 2018. As of just 11 days ago, Defendants had produced a mere 4,942 documents. On August 1, 2018 – the deadline for substantial completion – Plaintiff received an additional 51,166 documents from Defendants. Defendants have not said how many more documents they expect to produce, but based on experience in litigation of this type it appears that the 60,394 documents produced to date are a small fraction of the universe of documents relevant to the trial of this case. *See, e.g.*, *New York State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 237 (E.D. Mich. 2016), *aff'd sub nom. Marro v. New York State Teachers' Ret. Sys.*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017) (securities fraud class action settlement approved after lead counsel reviewed millions of pages of documents that the company had produced); *In re Regions Morgan Keegan Sec., Derivative, & ERISA Litig.*, 2016 WL 8290089, at *3 (W.D. Tenn. Aug. 2, 2016) (same); *Buettgen v. Harless*, 2013 WL 12303194, at *2 (N.D. Tex. Nov. 13, 2013) (same).[2]

On June 1, 2018, Plaintiff served a second set of document requests. On July 2, 2018, Defendants served objections and responses to these requests. The parties met and conferred on

---

[2]    All citations and footnotes omitted and emphasis is added unless otherwise indicated.

Defendants' objections and responses commencing on July 6, 2018. While these discussions remain ongoing, Defendants have not confirmed by way of their Motion or otherwise that they have completed substantial production of documents responsive to **any** of Plaintiff's discovery requests, including the first set of document requests served over six months ago.

## II.     THE CURRENT PRETRIAL SCHEDULE

The Court's Order set the following pretrial schedule. Plaintiff agreed to the remaining dates set forth below based on the express understanding and agreement that Defendants would comply with the August 1, 2018 substantial completion deadline.

| Matter | Agreed Date |
|---|---|
| Defendants' Answer | February 2, 2018 |
| Rule 26(a)(1) Initial Disclosures | February 23, 2018 |
| Class Certification | |
| Motion for Class Certification | June 1, 2018 |
| Opposition | July 16, 2018 |
| Reply | September 5, 2018 |
| Deadline to substantially complete production of documents | August 1, 2018 |
| Deadline to amend the pleadings to add parties | September 7, 2018 |
| Fact discovery cutoff | March 29, 2019 |
| Deadline to submit joint mediation report | April 1, 2019 |
| Deadline for Filing of Discovery-Related Motions | April 17, 2019 |
| The parties declare experts and produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2) | May 15, 2019 |
| Rebuttal | June 19, 2019 |
| Completion of expert depositions | July 31, 2019 |
| Dispositive & *Daubert* Motions | |
| Opening Briefs | September 27, 2019 |
| Oppositions | November 15, 2019 |
| Replies | December 20, 2019 |
| Pretrial Conference | April 17, 2020 at 1:30 p.m. |
| Trial | April 21, 2020 |

## III.    ARGUMENT

### A.     Defendants Have Failed to Show Good Cause for the Indefinite Relief They Seek

Rule 16 provides that a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). This Court considers extensions "for good cause shown." Practice and Procedure Manuel, III.B. "'The primary measure of Rule 16's "good cause" standard is the moving party's

diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

Defendants have failed to establish their diligence or good cause. While they allude to unspecified "technical and logistical hurdles inherent in a document production covering scores of custodians and enormous quantities of electronic data," they themselves recognize that such "hurdles" are "inherent" in all complex litigation and do not provide a basis for an untimely request to extend discovery deadlines. Motion at 1. Defendants and their highly experienced and capable counsel were surely aware of the scope of the required production when they agreed to the substantial completion deadline just six months ago. Indeed, Defendants presumably placed litigation holds on responsive documents when this action was initiated nearly two years ago and represented that they had not identified any problems in connection with e-discovery in Defendants' Administrative Order No. 174 Disclosures, which were served February 23, 2018, after they had received Plaintiff's first set of document requests.

Neither Plaintiff's June 1, 2018 document requests nor the need to utilize search terms provides a basis for an indefinite extension – particularly where Defendants have failed to confirm that they have substantially completed production of documents responsive to *any* of Plaintiff's document requests, including those served over six months ago on January 30, 2018. Moreover, Defendants have represented that many of Plaintiff's document requests do not require the use of search terms to locate responsive documents at all. Hence, the reasons for Defendants' inability to meet the August 1, 2018 substantial completion deadline with respect to at least some of the requests remains unclear.

Nor does Defendants' attempt to blame the meet-and-confer process for their delays excuse their failure to produce responsive documents "no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). While developing a search methodology is a cooperative process, Defendants have an independent obligation to conduct a reasonable search for and produce their own documents. Indeed, it is Defendants who are in a much better position to know what responsive documents exist, where they are located and what search methods – including what search terms – are best suited to collecting them for production. As Principle 6 of The Sedona Principles makes clear: "a responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms." 19 Sedona Conf. J. 1, at *124 (2018). Counsel has a "'duty to make a reasonable investigation to assure that their clients have provided all available responsive information and documents.'" *Brown v. Tellermate Holdings Ltd.*, 2014 U.S. Dist. LEXIS 90123, at *47 (July 1, 2014 S.D. Ohio). While not a unilateral one-party process, this includes the basic rule that "outside counsel 'must carefully craft the appropriate keywords, with input from the ESI's custodians as to the words and abbreviations they use.'" *Procaps S.A. v. Patheon Inc.*, 2014 U.S. Dist. LEXIS 35225, at *11-*14 (S.D. Fla. Mar. 18, 2014). All Plaintiff asks is that Defendants' discovery obligations be completed in a timely fashion so as to provide Plaintiff with adequate time to review and analyze the evidence, plan its litigation strategy, complete other discovery, and abide by the deadlines set by this Court.

Similarly, Defendants' reference to the "undefined quantity of electronic data that will need to be reviewed and produced" does not justify the modification they seek. Motion at 2. For electronic data to which Defendants are applying search terms, a lengthy review is not even necessary as the Revised Stipulation and Protective Order entered by this Court contains a clawback provision. ECF No. 86, ¶10(a). Moreover, Defendants have failed to identify – in their Motion or to

Plaintiff – the amount of electronic data that they will have to search to produce responsive documents, or otherwise meet their burden to explain why it would be burdensome to search this data or explain why the requested information cannot be produced from other sources or by other means.

While Plaintiff does not object to a reasonable request for accommodation by opposing counsel, an indefinite delay to the substantial completion deadline is not reasonable under the circumstances presented here, and particularly not where Defendants: (i) waited until just one week prior to the August 1, 2018 substantial completion deadline to inform Plaintiff they did not intend to comply with the Court-ordered deadline; (ii) rejected Plaintiff's proposed extension of the deadline while failing to propose any other date by which they could substantially complete their production; and (iii) waited until the day their compliance was due to seek relief from this Court. *See Whelan v. Potter*, 2012 U.S. Dist. LEXIS 115248, at *20 n.6 (E.D. Cal. Aug. 15, 2012) ("[E]fforts to efficiently resolve cases 'will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.'"); *In re Suburban Motor Freight, Inc*., 114 B.R. 943, 953 (Bankr. S.D. Ohio 1990) ("The setting of discovery deadlines is to be taken seriously.").

Plaintiff therefore respectfully submits that an extension to the substantial completion deadline of no more than 45 days will allow Defendants a reasonable amount of additional time to complete their production while ensuring that this action stays on a track to resolution.

**B.    Any Extension of the Substantial Completion Deadline Should Also Apply to Certain Remaining Case Deadlines**

The substantial completion deadline for document discovery is the linchpin for the other agreed dates in the remaining case schedule. Like a house of cards, if it falls, other dates are necessarily impacted. For example, Plaintiff's class certification reply is currently due on September 5, 2018 (Order at 6); but Defendants have not yet produced their communications with market analysts and other documents that may bear on factual issues raised in Defendants' opposition to

- 6 -

Plaintiff's class certification motion, which is based solely on the assertion that the price of Correction Corp.'s securities was purportedly not "impacted" by the alleged fraud at any time during the Class Period.[3] ECF No. 98. Similarly, the September 7, 2018 deadline to amend the complaint (Order at 6), was intentionally set so that it fell after the substantial completion deadline so as to provide sufficient time for Plaintiff to review the production to determine whether additional parties were required to be named as defendants. Although Plaintiff does not presently intend to seek amendment, the deadline should be extended to avoid any future disputes should the need to amend become apparent during discovery.

Accordingly, should the Court grant Defendants' requested modification of the Order, at minimum the deadline for Plaintiff's class certification reply and the deadline to the amend the complaint should also be extended. As to the remaining deadlines, the need for an extension cannot be evaluated until after Defendants' production is substantially completed as Plaintiff does not presently know when that will occur, what the volume will be, or whether there will be disputes over the completeness of the production.

## IV.    CONCLUSION

Defendants' Motion is not warranted by the facts and circumstances of this case, violates Rules 16 and 34 of the Federal Rules of Civil Procedure and should be rejected for lack of good cause and diligence. At most, any extension to the substantial completion deadline should not exceed 45 days; and the deadline for Plaintiff's class certification reply, as well as the deadline to amend the complaint, should be extended to 45 days after the date on which Defendants certify their

---

[3]    ("Class Period") is between February 27, 2012 and August 17, 2016, inclusive.

production is substantially complete.[4]

DATED: August 3, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

---

[4] Plaintiff previously proposed that the deadline for Plaintiff's class certification reply be extended to October 26, 2018. Defendants did not agree.

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 3, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="margin-left: 45%;">

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

</div>

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,smcclenahan@barrettjohnston.com,nchanin@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`