# TAB 2

2013 WL 12303194
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Dallas Division.

Jan BUETTGEN, on Behalf of Himself and All Others Similarly Situated, Plaintiff,
v.
Katherine J. HARLESS, et al., Defendants.

Civil Action No. 3:09-cv-00791-K
|
(Consolidated with Nos. 3:09-cv-00938-K; 3:09-cv-1049-K and 3:09-cv-1552-K)
|
Signed 11/13/2013

**Attorneys and Law Firms**

Jamie Jean McKey, Kendall Law Group LLP, Roger L. Mandel, Lackey Hershman LLP, Dallas, TX, Debra J. Wyman, Robbins Geller Rudman & Dowd LLP, San Diego, CA, Thomas E. Bilek, The Bilek Law Firm LLP, Houston, TX, Thomas J. McKenna, Gainey McKenna & Egleston, New York, NY, for Plaintiff.

Dee J. Kelly, Jr., Marcus G. Mungioli, Kelly Hart & Hallman, Fort Worth, TX, Andrew G. Horne, Eric F. Leon, Jay P. Lefkowitz, Kristin Sheffield-Whitehead, Matthew F. Dexter, Kirkland & Ellis LLP, New York, NY, Harriet Ellan Miers, Seth Michael Roberts, Locke Lord Bissell & Liddell LLP, Dallas, TX, for Defendants.

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF'S EXPENSES

ED KINKEADE, UNITED STATES DISTRICT JUDGE

**\*1** THIS MATTER having come before the Court on the motion of Lead Counsel for an award of attorneys' fees and expenses incurred in the litigation and Plaintiff's request for expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the litigation with the Defendants to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

2. Lead Counsel are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The Fifth Circuit recognizes the propriety of the percentage fee method where each member of a class has an " 'undisputed and mathematically ascertainable claim to part of [a] ... judgment.' " *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 852 (5th Cir. 1998) (citation omitted).

3. Lead Counsel have moved for an award of attorneys' fees in the amount of 30% of the $33,750,000.00 Settlement Fund, plus interest. This fee percentage was agreed to by Plaintiffs with Lead Counsel.

4. This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

5. The Court hereby awards attorneys' fees of 30% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund, which represents the percentage fee award negotiated between the Plaintiffs and Lead Counsel at this level of recovery. The presumption that a 30% fee award is reasonable here, based on the circumstances of this case, has not been rebutted. The Court finds the fee award to be fair and reasonable. The Court further finds that a fee award of 30% of the Settlement Fund is consistent with, if not less than, awards made in similar cases. *See*, *e.g.*, *Shaw v. Toshiba Am. Info. Sys.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("[B]ased on the opinions of other courts and the available studies of class action attorneys' fees awards (such as the NERA study), this Court concludes that attorneys' fees in the

range from twenty-five percent (25%) to [33-1/3%] have been routinely awarded in class actions."). Indeed, courts throughout this Circuit regularly award fees of 25% and more often 30% or more of the total recovery under the percentage-of-the-recovery method.

6. Said fees shall be allocated among plaintiffs' counsel by Lead Counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the litigation.

*2 7. The Court hereby awards expenses in an aggregate amount of $1,680,094.10.

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The relevance of each of the *Johnson* factors will vary in each case, and the factors are not applied rigidly; rather, it is left to the Court to apply the factors in view of the circumstances of a particular case. In evaluating the *Johnson* factors, the Court finds that:

(a) The "amount involved and the results achieved" supports the requested fee. The settlement has created a fund of $33,750,000.00 in cash that is already on deposit, plus interest thereon, and the Class Members who file acceptable Proof of Claim and Release forms will benefit from the settlement created by counsel for Plaintiffs.

(b) Lead Counsel expended considerable effort and resources during the last several years researching, investigating and prosecuting the litigation. Lead Counsel have represented that they have reviewed millions of pages of documents, interviewed witnesses, and consulted with experts in accounting, materiality, loss causation, and damages. Lead Counsel filed a Consolidated Class Action Complaint, obtained certification of the class, successfully opposed Defendants' motion to dismiss and summary judgment motion, filed *Daubert* motions, and engaged in extensive settlement negotiations. The services provided by Lead Counsel resulted in a beneficial recovery for the Class without the substantial expense, risk and delay of continued litigation and trial. Such efficiency and effectiveness supports the requested fee percentage.

(c) Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *Trief v. Dun & Bradstreet Corp.*, 840 F.Supp. 277, 281 (S.D.N.Y. 1993). "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). This case was made more difficult by particularly complex issues of law and fact. Further, this case involved numerous rounds of complicated briefing regarding the adequacy of the pleadings, class certification, summary judgment and *Daubert* motions. Despite the novelty and difficulty of the issues raised, Lead Counsel secured a favorable result for the Class. This *Johnson* factor supports the requested award.

(d) "The skill required to perform the legal services properly" supports the requested fee. *Shaw*, 91 F.Supp.2d at 965. "Counsel performed diligently and skillfully, achieving a speedy and fair settlement, distinguished by the use of informal discovery and cooperative investigation to provide the information necessary to analyze the case and reach a resolution." *DiGiacomo v. Plains All Am. Pipeline*, No. H-99-4137, 2001 WL 34633373 at *12, 2001 U.S. Dist. LEXIS 25532 at *36 (S.D. Tex. Dec. 18, 2001). Notwithstanding the barriers erected by the PSLRA, Lead Counsel were able to negotiate a favorable result for the Class. In addition, Defendants were represented by highly experienced lawyers from prominent firms. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. This factor also supports the reasonableness of the fee request.

*3 (e) The time spent by Lead Counsel on this case was at the expense of time that counsel could have devoted to other matters. This factor supports the requested fee.

(f) The 30% fee sought is within the range normally awarded in cases of this nature. Complex commercial cases require a contingent fee between 30 and 40 percent of the gross recovery. *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 WL 202394, at *2, 1994 U.S. Dist. LEXIS 6621, at *4 (E.D. La. May 18, 1994).

(g) Lead Counsel undertook this litigation on a contingent fee basis, assuming a substantial risk that the litigation would yield no recovery and leave them

uncompensated. The risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. Any fee or expense award has always been at risk and completely contingent on the result achieved. Thus, the contingent nature of the litigation supports the requested percentage.

(h) Lead Counsel ably prosecuted the case for the benefit of the Class, justifying the requested fee.

(i) The issues presented in the case rendered the case inherently risky, if not "undesirable" from the start. The case involved numerous difficult issues of law and fact. The risks faced by counsel must be assessed as they existed at the time counsel undertook the litigation and not in light of the settlement ultimately achieved. This "undesirability" supports the requested fee.

9. A total of 773,169 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel would move for attorneys' fees in the amount of 30% of the Settlement Fund and for an award of expenses not to exceed $1,700,000.00.

10. The Court finds that Lead Counsel have conducted the litigation and achieved the settlement with skill, perseverance and diligent advocacy.

11. Had the case not been settled, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants.

12. The awarded attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund, subject to the terms, conditions and obligations of the Settlement Agreement dated June 7, 2013, and in particular ¶ 7.2 thereof, which terms and conditions are incorporated herein.

13. The Court finds that, pursuant to 15 U.S.C. § 78u-4(a)(4), an award of reasonable expenses to Plaintiff in connection with his representation of the Class is appropriate. Plaintiff Kenneth F. Werring is hereby awarded $5,000.00 for his expenses.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2013 WL 12303194

---