# TAB 4

**2017 WL 6398014**
Only the Westlaw citation is currently available.
United States Court of Appeals,
Sixth Circuit.

Donald C. MARRO, Movant–Appellant,
v.
NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Individually and on behalf of All Other Persons Similarly Situated, Plaintiff–Appellee, General Motors Company, et al., Defendants–Appellees.

No. 16–1821
|
Filed November 27, 2017

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**Attorneys and Law Firms**

Salvatore J. Graziano, James Abram Harrod, Bernstein, Litowitz, Berger & Grossmann, New York, NY, Sharon Sue Almonrode, E. Powell Miller, Miller Law Firm, Rochester, MI, for Plaintiff–Appellee.

Donald C. Marro, The Plains, VA, pro se.

Joshua Z. Rabinovitz, Kirkland & Ellis, Chicago, IL, Thomas H. Trapnell, Dykema Gossett, Bloomfield Hills, MI, Michael P. Cooney, Dykema Gossett, Detroit, MI, Guy T. Petrillo, Petrillo Klein and Boxer, New York, NY, for Defendant–Appellee.

Before: SILER, GRIFFIN, and STRANCH, Circuit Judges.

ORDER

*1 Donald C. Marro, a resident of Virginia, appeals pro se a district court judgment approving a settlement of a securities class action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

This action was filed by a holder of common stock of General Motors (GM), alleging that defendants, GM and several of its employees, had withheld information about an ignition switch defect in a number of its vehicles, resulting in inflated pricing of its stock, which then lost value when the defect was acknowledged. A proposed class was eventually certified, which included purchasers of GM common stock between approximately 2010 and 2014, represented by the New York State Teachers' Retirement System, a purchaser of a large quantity of GM stock during that period. An amended complaint was filed, discovery commenced, and a motion to dismiss was briefed by the parties. The parties also began plans to involve a mediator. Plaintiffs presented a settlement proposal to GM's board, and it was accepted. The settlement called for an award of $300 million to the plaintiff class members, and 7% attorneys' fees, or $21 million. Notice was mailed to over one million common stock holders, and published in various media outlets. Six individuals, but no corporate investors, filed objections to the settlement. The district court determined that four of the individuals were not class members and did not have standing to object. A fairness hearing was then held, at which Marro appeared telephonically. The district court approved the settlement and entered judgment accordingly.

Marro filed frivolous motions for in forma pauperis status in both the district court and this court. The motions were denied, and he has now paid the appellate filing fee. In his brief, Marro argues that the class should have included warrant holders as well as holders of common stock and should have provided for increased damages for investors who received stock as a result of GM's earlier bankruptcy. He also argues that notice was inadequate, the settlement was unfair due to collusion between the parties, and the attorneys were awarded excessive fees and expenses.

Marro first objects that the class certified below included only holders of common stock and not warrant holders. Marro apparently held both common stock and warrants. Fed. R. Civ. P. 23(e) gives class members the right to object to the settlement, but not the certification of the class. *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007). Assuming that Marro could raise this issue, the certification of a class is reviewed for an abuse of discretion. *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1089 (6th Cir. 2016). Marro cites no authority that would indicate the district court abused its discretion

in certifying the class as proposed by the lead plaintiff, who responds that the claims of warrant holders would have been more difficult to prove than those of holders of common stock. Moreover, the claims of warrant holders were not released by the settlement, and Marro is free to pursue any claim he may have on that account. Marro also argues that people who obtained stock as a result of GM's earlier bankruptcy should have been entitled to greater damages, but this action concerned the alleged withholding of information regarding the ignition switch defect and its effect on stock price. It was not a forum to relitigate the earlier bankruptcy proceeding.

 **\*2** Marro next argues vaguely that the notice provided below was inadequate. A finding that notice of a class action satisfies Rule 23 of the Rules of Civil Procedure is reviewed de novo. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008). Here, the notice was properly issued after a proposed settlement was reached, as contemplated by Rule 23(e). Marro obviously received notice and had the opportunity to object.

Marro argues that the settlement was unfair due to collusion between the parties. The approval of a settlement agreement is reviewed for an abuse of discretion. *Vassalle v. Midland Funding, LLC*, 708 F.3d 747, 754 (6th Cir. 2013). Here, the district court thoroughly addressed the factors relevant to the fairness analysis. *See Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244 (6th Cir. 2011); *UAW*, 497 F.3d at 631. Marro objects to the adequacy of the fairness hearing, but a trial on the merits was not needed, and Marro was given the opportunity to participate. *See Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001). Marro did not submit any witnesses or evidence that would require a further evidentiary hearing. The class representative is presumed to have handled its responsibilities properly, *see UAW*, 497 F.3d at 628, and Marro has submitted no evidence of collusion. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009).

Finally, Marro states in a conclusory fashion that counsel were awarded excessive fees and expenses. The district court noted that the negotiated 7% of the settlement amount was well below the norm in such cases and also was reasonable under the lodestar method of calculating fees. Marro did not raise an objection below to the award of expenses of $500,000 for document management, and he has therefore waived that issue. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).

For all of the above reasons, we **AFFIRM** the district court's judgment.

**All Citations**

Not Reported in F.3d, 2017 WL 6398014

---

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.