UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                  Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>OPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL |

Although it does not believe grounds exist to overcome the strong presumption in favor of openness and thus to seal the documents that will be the subject of the order requested in this motion, Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), hereby moves the Court for leave to file under seal an unredacted version of Plaintiff's reply in further support of its motion for class certification, appointment of class representative and appointment of counsel and the exhibits to that reply, pursuant to Administrative Order No. 167, §5.07 and Local Rule ("LR") 5.03(b).

Under ¶12 of the Stipulation and Protective Order entered by this Court on February 12, 2018, Plaintiff is required to "file[] under seal, redacted, or protected from public disclosure" any document that it submits to the Court and that reflects "Confidential Discovery Material." ECF No. 86 at 8-9. "Confidential Discovery Material" includes any discovery material that the producing party designates as confidential because that party believes in good faith it contains:

> (i) trade secret or other confidential research, development, or commercial information; (ii) information the disclosure of which would, in the good faith judgment of the Producing Party, negatively impact the management of any corrections facility or be detrimental to the health and safety of inmates, corrections officers or the public; or (iii) "protected health information" ("PHI") as defined in 45 C.F.R. §§160.103 and 164.501 . . . .

*Id.* at 1.

Of course, while the designation of this information as "Confidential" for purposes of the protective order requires Plaintiff to file it under seal in the first instance, such designations "are protective-order justifications, not sealing-order ones." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016). To maintain the documents under seal once they have been filed with the Court based merely on a party's designation would be to "conflate[] the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id.* at 307; *see also id.* at 305 ("[T]here is a stark difference

between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other.").

"Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records. The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*. (citations omitted). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

> And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

*Id.* at 305-06 (citations omitted); *accord* LR 5.03(a) (party seeking to seal documents must "demonstrate[] compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons," and even an unopposed motion to seal "must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

"'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (citation omitted); *accord* LR 5.03(a) ("Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of access.").

"Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane*, 825 F.3d at 305 (citing *Brown*

- 2 -

*& Williamson*, 710 F.2d at 1179). Thus, "in class actions – where by definition 'some members of the public are also parties to the [case]' – the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Shane*, 825 F.3d at 305 (citation omitted). Indeed, the Sixth Circuit has described a brief in support of a motion for class certification as "arguably the most important filing in any putative class action." *Id.* at 306.

Applying these principles, Plaintiff does not believe that its reply in further support of its motion for class certification, appointment of class representative and appointment of counsel or the exhibits to that reply will merit continued sealing from the public. While the exhibits that Plaintiff seeks to file under seal, and that the reply quotes and/or describes, were produced to Plaintiff by defendants or third parties in discovery and designated as "Confidential Discovery Material," none of those documents reflects "'trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence.'" *Cf. Shane*, 825 F.3d at 308 (citations omitted); LR 5.03(a). For example, the exhibits include communications between representatives of Corrections Corporation of America (now known as CoreCivic, Inc.) and its competitors in the private prison industry, which clearly cannot be trade secrets or even competitively sensitive; and all of the exhibits date from at least two years ago, meaning there appears to be no credible risk that "'disclosure will work a clearly defined and serious injury.'" *Shane*, 825 F.3d at 307 (citation omitted).

Accordingly, as contemplated under Local Rule 5.03(b), Plaintiff hereby moves for leave to file under seal its reply in further support of its motion for class certification, appointment of class representative and appointment of counsel and the exhibits to that reply. However, defendants or the relevant third parties, as the parties "who designated the materials as confidential," are the parties who bear the "burden" of rebutting the strong presumption of openness of court records. LR 5.03(b).

- 3 -

1493739_1

Case 3:16-cv-02267   Document 119   Filed 10/26/18   Page 4 of 9 PageID #: 3048

Plaintiff's proposed order, filed contemporaneously with this motion, therefore provides that (a) Plaintiff may file under seal the reply in further support of its motion for class certification, appointment of class representative and appointment of counsel and the exhibits to that reply; and (b) unless defendants or the relevant third parties file a motion for continued sealing that makes the required showing to justify continued sealing on or before November 2, 2018, the sealed documents shall be unsealed.

Plaintiff respectfully requests that the Court enter the proposed order Plaintiff has submitted.

DATED: October 26, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

  s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

- 4 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 26, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

Case 3:16-cv-02267   Document 119   Filed 10/26/18   Page 8 of 9 PageID #: 3052

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`