# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger |

## MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants respectfully move for leave to file a Sur-Reply in Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 91) to address new arguments, new evidence, and new expert opinions (proffered in a 66-page "Rebuttal Report") introduced for the first time by Plaintiff on Reply (Dkt. No. 121). *See e.g., Seay v. TVA*, 339 F.3d 454, 481-82 (6th Cir. 2003) (holding that "it is only logical" in "the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion," to "require a district court to allow the nonmoving party an opportunity to respond.") (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998) and *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985)).

Plaintiff's Motion for Class Certification and the initial "Market Efficiency Report" of Plaintiff's expert, Dr. Steven Feinstein (Dkt No. 93.3) focused almost entirely on the question of whether CoreCivic, Inc.'s stock traded in an efficient market. Dr. Feinstein determined that it did, and Defendants did not challenge that opinion. Instead, Defendants opposed class certification on the narrow issue of lack of "price impact," *i.e.*, that the alleged misrepresentations and corrective disclosures did not impact the price of CoreCivic's stock, which rebuts the presumption of reliance upon which Plaintiff relied in support of class

- 1 -

certification. (Dkt No. 98.) *See Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2414 (the *Basic* presumption can "be rebutted by appropriate evidence, including evidence that the asserted misrepresentation (or its correction) did not affect the market price of defendant's stock") (internal quotations omitted). Defendants offered the expert opinions of Lucy Allen in support of the Opposition. (Allen Report, Dkt. No. 99.3.)

Three months later, Plaintiff submitted a 20-page Reply (Defendants did not oppose the request for a page-limit extension from 5 to 20 pages) and submitted a 66-page "Rebuttal Report" from Dr. Feinstein. (Dkt. No. 121.1) The Reply introduced new arguments (some of which reflect a dramatic shift in legal theory), cited new authorities, and cited new evidence. Dr. Feinstein's "Rebuttal Report" is loaded with new opinions that he did not include in his initial "Market Efficiency Report."

Defendants request an opportunity to respond to these new arguments, new legal theories, and new evidence to demonstrate that, in accordance with *Halliburton II*, 134 S. Ct. 2398, this case does not satisfy the "predominance" requirement of Federal Rule of Civil Procedure 23(b)(3), and to provide the Court with the evidence necessary to conduct the "rigorous analysis" of price impact required for class certification. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851-52 (6th Cir. 2013) ("Class certification is appropriate if the court finds, after conducting a "rigorous analysis," that the requirements of Rule 23 have been met.") (citations omitted).

Defendants' Sur-Reply will require some reasonable amount of time to prepare, and will likely be accompanied by a brief supplemental expert report addressing the new opinions in Dr. Feinstein's "Rebuttal Report." Accordingly, Defendants respectfully request that the Court grant

them until November 30, 2018 to file a Sur-Reply.[1]  Consistent with Plaintiff's request in connection with its Reply, Defendants respectfully move for relief from Local Rule 7.01(a)(4) such that the Sur-Reply may be up to, but not exceed, 20 pages.

Counsel for the parties conferred, and counsel for Plaintiff indicated that Plaintiff would oppose Defendants' request for leave to file a Sur-Reply.

DATED: November 1, 2018

Respectfully submitted:

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Faraz Mohammadi (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
faraz.mohammadi@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M.*

---

[1] Defendants are concurrently requesting a second deposition of Dr. Feinstein, also limited to the new analyses and opinions in the "Rebuttal Report."  The November 30 deadline assumes that Dr. Feinstein is available for a half-day deposition some time prior to November 30.

- 3 -
Case 3:16-cv-02267   Document 124   Filed 11/01/18   Page 3 of 5 PageID #: 3486

*Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 1st day of November, 2018.

                                           /s/ Steven A. Riley
                                           Steven A. Riley