UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY |

Defendants' Motion for Leave to File Sur-Reply (the "Motion") (ECF No. 124) does not accurately set forth the parties' respective burdens with respect to class certification and utterly fails to substantiate any need to file a sur-reply in further opposition to Plaintiff's motion for class certification ("Motion to Certify"). ECF Nos. 91-93. While Plaintiff would not oppose permitting Defendants to file a limited sur-reply narrowly directed at the issue of whether their opposition brief met their heavy burden of proving that the alleged fraud did not have price impact, Defendants have provided no basis whatsoever to reopen expert discovery and further delay these proceedings.

To the extent Plaintiff's reply introduces new evidence, it was solely and appropriately introduced to rebut the evidence put forth for the first time by Defendants in their opposition. In moving for class certification, it was Plaintiff's burden to demonstrate that common issues predominate, including with respect to reliance. ECF No. 92 at 5-6. Plaintiff did so in its Motion to Certify by providing an expert report demonstrating that CCA stock traded in an efficient market, which is sufficient to invoke the presumption of reliance under *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988).[1] ECF No. 92 at 12-17. Defendants conceded Plaintiff had adequately invoked the *Basic* presumption but attempted to rebut the presumption by showing an absence of price impact with respect to the alleged fraud. ECF No. 98 at 13-19. Realizing they have not done so, Defendants seek to file a sur-reply.

Importantly, Plaintiff was not required to present any evidence of price impact in its Motion to Certify. *Burges v. BancorpSouth, Inc.*, No. 3:14-cv-1564, 2017 U.S. Dist. LEXIS 97953, at *22 (M.D. Tenn. June 26, 2017) ("Plaintiffs are not required to present direct evidence to prove price impact in order to rely on the fraud-on-the-market presumption."). Rather, it was Defendants who

---

[1] Plaintiff also demonstrated that this case arises from the failure to disclose the true operating conditions at CCA's facilities and the risks to its business, which was sufficient to invoke a presumption of reliance under *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972). That issue does not appear to be the subject of Defendants' request to submit a sur-reply, nor have they presented any grounds for further briefing of that issue.

- 1 -

had the burden of proving the *lack* of price impact, which they attempted to do in their Opposition by presenting extensive legal analysis and argument, including an expert report purporting to "conclusively" demonstrate the lack of any price impact. ECF No. 98 at 2.

On reply, Plaintiff demonstrated the insufficiency of Defendants' showing, including by providing evidence and an expert report to rebut Defendants' contentions. ECF No. 121 at 8-20. There was nothing improper in doing so, nor does such rebuttal provide grounds for a sur-reply, much less an attempt to reopen expert discovery and submit new briefing.

Reply briefs are intended to reply to arguments made in the opposing party's response brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Evidence included in a reply brief that is used to rebut statements made in a response brief is "not 'new evidence or arguments' and [does not warrant] a sur-reply brief." *Benison v. Ross*, No. 12-cv-15226, 2013 U.S. Dist. LEXIS 136268, at *2 (E.D. Mich. Sept. 24, 2013); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002) ("reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief").

Defendants' authority is inapposite. *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003), involved summary judgment briefing under Fed. R. Civ. P. 56(c) and is consistent with the Sixth Circuit's holdings that submitting rebuttal evidence on reply at summary judgment is appropriate. And while *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851-52 (6th Cir. 2013), confirms that the Court should conduct a "'rigorous analysis,'" that cannot justify perpetual rounds of expert discovery or briefing, particularly not where Defendants had the burden to show a complete lack of price impact in connection with their opposition briefing yet now appear to concede that their efforts were insufficient.

Plaintiff's reply briefing was appropriately devoted to rebutting Defendants' assertion that "the misrepresentations alleged by Plaintiff did not affect the price of CoreCivic stock." ECF No. 98

at 1. Plaintiff did so by showing that (i) Defendants' price impact contentions were irreconcilable with this Court's Memorandum and Order denying Defendants' motion to dismiss (ECF No. 121 at 7, 11, 16); (ii) Defendants' loss causation and materiality contentions were common questions not to be resolved at class certification (*id.* at 11-13, 16); and (iii) Defendants had not in fact "conclusively" demonstrated a lack of price impact as Defendants ignored misrepresentations and omissions alleged in the Complaint and failed to analyze evidence of price impact that was plain from their own data and documents (*id.* at 9-14, 17-20).

While the Motion vaguely refers to "new arguments, new legal theories, and new evidence" (Motion at 1), Defendants do not identify what these new items actually are, nor do they even try to argue that Plaintiff's reply was devoted to anything other than rebutting Defendants' own assertions that they had demonstrated, which they are required to do by a preponderance of the evidence, a lack of price impact. Plaintiff was not required to demonstrate price impact in their Motion and could not have responded to Defendants' price impact arguments or their expert report before Defendants filed them. Plaintiff's reply was appropriately limited to rebutting Defendants' price impact contentions, and a sur-reply is not warranted. *Benison*, 2013 U.S. Dist. LEXIS 136268, at *2.

Granting the Motion would lead to significant and unnecessary delay. Defendants have already indicated that they seek to take yet another deposition of Plaintiff's expert, submit an additional report from their own expert and file yet another 20-page brief on November 30. Were this allowed, Plaintiff would likely seek to respond to Defendants' sur-reply with an additional deposition, expert report and brief, cumulatively resulting in months of additional delay to the resolution of a fully-briefed motion that has already been delayed by Defendants' failure to timely comply with their discovery obligations. ECF No. 114; *see* Fed. R. Civ. P. 23(c)(1)(A) (class is entitled to a certification order "at an early practicable time").

- 3 -

If the Court is inclined to grant the Motion, any sur-reply should be limited to ten pages, should be restricted to showing why the evidence of price impact submitted with Defendants' Opposition was adequate and should be filed by November 9, 2018. Additional expert reports and depositions should not be allowed.

DATED: November 2, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 4 -
1497566_1
Case 3:16-cv-02267 Document 125 Filed 11/02/18 Page 5 of 8 PageID #: 3493

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 2, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

Case 3:16-cv-02267    Document 125    Filed 11/02/18    Page 7 of 8 PageID #: 3495

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`