UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger |

## DEFENDANTS' MOTION FOR CERTAIN CONFIDENTIAL DOCUMENTS TO REMAIN UNDER SEAL

Pursuant to the Stipulation and Protective Order entered in this case (Dkt. No. 84) (the "Protective Order"), Defendants respectfully request that the Court maintain the sealing of the three confidential exhibits identified below, which Plaintiff filed in support of its Reply in Further Support of Lead Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (the "Reply") (Dkt. No. 120). These exhibits are non-public documents which Defendants have designated "CONFIDENTIAL" pursuant to the Protective Order. Each exhibit contains confidential, proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which, if made public, could harm the Company's competitive

standing in the marketplace. Furthermore, the public's minimal interest in the contents of these three exhibits, and the narrowly tailored nature of Defendants' motion, weigh in favor of maintaining the exhibits under seal.

**Procedural History and the Documents That Should Remain Sealed**

In support of its Reply, Plaintiff moved the Court for leave to conditionally file under seal (among other exhibits) six documents produced by the Company. *See* Motion for Leave to File Under Seal (Dkt. No. 119) and Exhibits G, H, M, Q, R, and Y filed under seal at Dkt. Nos. 120.2-120.6 and 120.9. The Court granted Plaintiff's motion and sealed all six documents. (Dkt. No. 123.) Through this motion, Defendants respectfully request the Court to maintain the seal on the following three of those exhibits:

1. Email dated June 16, 2016 from Bart Verhulst to Jeb Beasley, with the subject line "Re: fyi – Adams/BOP-Contracted Facilities (Article from The Nation on deaths in BOP-contracted facilities with strong focus on Adams)," filed as Exhibit G to the Reply ("Exhibit G" or "Ex. G");

2. Email dated August 1, 2016 from Jeb Beasley to Wendy Beasley CC'ing Jon Beasley, Melissa Beasley and Matt Beasley, with the subject line "Re: Cibola County Correctional Center," filed as Exhibit H to the Reply ("Exhibit H" or "Ex. H"); and

3. Email dated August 11, 2016 from Ronald Thomas to Michael Nalley, with the subject line "RE: OIG Report," filed as Exhibit Y to the Reply ("Exhibit Y" or "Ex. Y").

Defendants have no objection to the Court unsealing Exhibits M, Q, and R to Plaintiff's Reply. (Dkt. Nos. 120.4-120.5 and 120.9.)[1]

**Argument**

In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). With respect to the protection of a party's trade secrets, "[t]he Court should not allow its docket to be used as a source of business information that might harm a litigant's competitive standing," *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 U.S. Dist. LEXIS 118712, at *14 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*. Here, good cause exists to maintain Exhibits G, H and Y to the Reply under seal as the public disclosure of these communications would reveal proprietary information and strategic business decisions and processes of the Company.

First, Exhibit H consists of an email chain which begins with an internal communication from the Company's Chief Executive Officer ("CEO") to the Company's employees announcing the Federal Bureau of Prisons' ("BOP") decision not to renew its management contract with one of the Company's facilities. *See* Reply, Ex. H. In his email, the CEO outlines and discusses the Company's strategy for assisting those employees who could be impacted by the expiration of the BOP contract. *Id*. Such information, if made public, could be exploited by competitors in the

---

[1] Plaintiff also filed three exhibits with its Reply, Exhibits W, X and Z, which were produced and designated as "Confidential" by third parties. Plaintiff has made no indication that it notified those third parties that their confidential documents would be filed in support of the Reply, such that they could make their position known with respect to sealing.

future to interfere with transition and relocation efforts by the Company. Among other things, a competitor may attempt to take advantage of the timing and protocol described in Exhibit H to target and recruit employees away from the Company following the announcement of a contract non-renewal. The remainder of the email chain involves communications between a Company employee and his immediate family regarding (a) the internal communications among management and (b) how the Company's financial health. Again, these communications reflect the Company's "proprietary business communications and operations," which, if made public, could give competitors an advantage in future business dealings. *See Caudil*, 2017 U.S. Dist. LEXIS 118712 at *9.

Similarly, Exhibits G and Y consist of email chains in which Company executives shared their views on (1) how the release of an article concerning one of the Company-operated facilities would affect the facility's future, and (2) the findings in the *Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons* conducted by the Office of the Inspector General (the "OIG Review"). Reply, Exs. G, Y. Again, if published, these communications would reveal to competitors the Company's operational assessments, among other proprietary business information, which competitors could use to their advantage in the future, particularly with respect to bidding for future government contracts.

Defendants acknowledge that "there is a 'strong presumption' in favor of open court records" given that the "public has an interest . . . in what is done in the Court." *Caudill*, 2017 U.S. Dist. LEXIS 118712 at *5, *15. However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Id*. at *17. Here, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price. The representative plaintiff for the shareholders, for which the sealed information is apparently

- 4 -

relevant, already has full access to the documents Defendants seek to keep confidential. The public at large has little interest in these internal business documents. Indeed, the most pertinent information (*i.e.*, the expiration of the BOP contract for the Company facility or the release of the OIG Review) has long been a matter of public record. The Company's internal strategies for responding to those public events, however, is proprietary, could be of great value to the Company's competitors, and should remain confidential.

Finally, Defendants' request to seal is very narrowly tailored. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (holding that a document should be sealed when a party can show a compelling reason why it should be sealed and the request is narrowly tailored to serve that reason). Defendants have not requested that Plaintiff's Reply be sealed in its entirety. Rather Defendants' request is limited to only three exhibits containing a "small amount of information" which "is proprietary and would harm [the Company's] business interests if released." *See Netjets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 U.S. Dist. LEXIS 130837, at *4 (S.D. Ohio Sep. 23, 2016) (upholding order to seal limited proprietary information which Defendants had "redacted modestly").

## Conclusion

Accordingly, Defendants respectfully request that the Court grant this motion and direct the clerk to maintain the sealing of Exhibits G, H and Y of the Reply.

DATED: November 2, 2018        Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Faraz Mohammadi (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
faraz.mohammadi@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 2nd day of November, 2018.

 /s/ Steven A. Riley
Steven A. Riley