UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,<br><br>Defendants. | Case No. 3:16-cv-2267<br>Judge Aleta A. Trauger |

# ORDER

CoreCivic, Inc., Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "CoreCivic") have filed a Motion for Leave to File Sur-Reply (Docket No. 124) in opposition to the Motion for Class Certification filed by Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Amalgamated") (Docket No. 91). Amalgamated filed a Response in Opposition to CoreCivic's Motion (Docket No. 125), and CoreCivic has filed a Reply (Docket No. 130). For the reasons set out herein, CoreCivic's motion will be granted.

Amalgamated supported its Motion for Class Certification with a "Market Efficiency Report" by Associate Professor Stephen P. Feinstein, Ph.D., C.F.A., in which Professor Feinstein engaged an analysis intended to establish that, during the period relevant to this class action, CoreCivic's stock was traded in an efficient market. (Docket No. 93-3 ¶¶ 17–20.) That question is relevant to Amalgamated's claims and request for class certification because the Supreme Court has held that a securities fraud plaintiff can "invoke[e] a presumption that the price of

stock traded in an efficient market reflects all public, material information—including material misstatements." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2405 (2014) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, (1988)). Amalgamated argues that, if it can establish a presumption of effect on price due to an efficient market, then the remaining contested issues will favor a finding of commonality and predominance necessary for certification of a class under Fed. R. Civ. P. 23(b):

> When a company's stock trades in a large and efficient market, the contestable elements of the Rule 10b–5 claim reduce to falsehood, scienter, materiality, and loss. Because each investor's loss usually can be established mechanically, common questions predominate and class certification is routine, if a suitable representative steps forward.

*Schleicher v. Wendt*, 618 F.3d 679, 682 (7th Cir. 2010) (citing *In re Mexico Money Transfer Litigation*, 267 F.3d 743, 746–47 (7th Cir. 2001); Hal S. Scott, The Impact of Class Actions on Rule 10b–5, 38 U. Chi. L. Rev. 337 (1971)). *But see Halliburton*, 134 S. Ct. at 2414 (holding that defendant is entitled to the opportunity to rebut the presumption of price impact at the class certification stage).

In its Response, CoreCivic does not dispute the general premise that its stock was traded in an efficient market. (Docket No. 98 at 5.) It argues, however, that Feinstein's analysis was insufficient to establish that CoreCivic's alleged misrepresentations had any effect on the price of its stock. (*Id.*) CoreCivic offers an alternative analysis by Managing Director Lucy P. Allen of NERA Economic Consulting. (Docket No. 99-3.) Director Allen sets forth a price impact analysis and directly responds to Professor Feinstein's conclusions. (*Id.* ¶¶ 3–7.)

Amalgamated filed a Reply, accompanied by a 104-paragraph "Rebuttal Report" by Professor Feinstein. (Docket No. 122-2.) Professor Feinstein's Rebuttal Report is highly critical of Director Allen's analysis and conclusions. (*Id.* ¶¶ 28–103.) CoreCivic now seeks leave to file

a sur-reply addressing arguments raised in Amalgamated's Reply and Professor Feinstein's Rebuttal Report. (Docket No. 124 at 2.) Specifically, CoreCivic seeks leave to file a sur-reply, not to exceed 15 pages, along with a follow-up report by Director Allen, not to exceed 15 pages, on or before November 21, 2018. CoreCivic has agreed that it will not be necessary to re-depose Professor Feinstein in support of its proposed sur-reply. (Docket No. 130 at 1.) Amalgamated opposes CoreCivic's motion, arguing that a sur-reply would be inappropriate because Professor Feinstein's Rebuttal Report was offered only to refute arguments made by CoreCivic in its Response and did not introduce any new arguments warranting a sur-reply.

"When new submissions and/or arguments are included in a reply brief, . . . a problem arises"—for both the nonmovant and the court. *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) (quoting *Seay v. TVA*, 339 F.3d 454, 481-82 (6th Cir. 2003)). Not only is the "nonmovant's ability to respond to the new evidence . . . vitiated," *id.* (quoting *Seay*, 339 F.3d at 481), but the court's ability to benefit from full and adequate briefing is impaired. Of course, whether a particular argument is truly "new," as opposed to merely an expansion on existing arguments, may, in some cases, be subject to interpretation. As long as there is no evidence of bad faith or unnecessary delay, however, allowing a sur-reply is likely to be helpful, at best, and relatively harmless, at worst. A court is always free to disregard those aspects of the sur-reply that exceed the scope of the movant's reply or are unpersuasive.

The court concludes that Amalgamated's submission of a lengthy new report in support of its Reply is an appropriate basis for allowing a brief, expeditiously filed sur-reply. The underlying issues are technical and complex, and the court is likely to benefit from the fullest reasonably practicable briefing on those issues. There is no evidence that CoreCivic's request is intended merely to delay or confuse the issues or that it intends to use the sur-reply as a tool to

inappropriately raise new arguments. CoreCivic's Motion for Leave to File Sur-Reply (Docket No. 124) is, therefore, **GRANTED**. CoreCivic is **ORDERED** to file a sur-reply, not to exceed 15 pages, on or before November 21, 2018. Any report filed in support of the sur-reply shall not exceed 15 pages.

It is so **ORDERED**.

ENTER this 6th day of November 2018.

_____
ALETA A. TRAUGER
United States District Judge