UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 3:16-cv-02267 ) |
| v. | ) Judge Aleta A. Trauger ) |
| CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN | ) ) ) ) ) |
| Defendants. | ) |

## MOTION FOR EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I. **Introduction**

Defendants respectfully request the Court to conduct a short evidentiary hearing so the Defendants may introduce and address salient evidence demonstrating that the misrepresentations Plaintiff alleges did not impact CoreCivic's stock price. The focus of Defendants' opposition to Plaintiff's motion for class certification centers on the evidence proving lack of price impact. As the Court observed, "the underlying issues are technical and complex..." (Order, Dkt. No. 132, pg. 3.) And they are important – in the last seven years, the Supreme Court twice has granted certiorari on fraud on the market doctrine and price impact issue (*Halliburton I* and *II*) and the Sixth Circuit last year accepted a Rule 23(f) interlocutory appeal on price impact.[1] Given the

---

[1] Defendants in *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, (S.D. Ohio 2017), opposed class certification, in part, on the basis that there was no price impact, and, thus, defendants asserted that they had rebutted the presumption of reliance. The Court certified the class on March 17, 2017. The Sixth Circuit granted defendants' petition for leave to appeal under Rule 23(f) on August 23, 2017. U.S. Court of Appeals for the Sixth Circuit, Case No. 17-3871. The appeal

1

importance and technical nature of the price impact-related analysis and expert evidence, courts routinely hold evidentiary hearings at which they can evaluate the evidence and assess the credibility of the expert witnesses' opinions. For these reasons, Defendants believe that a short evidentiary hearing is the best avenue for the parties to assist the Court in conducting its rigorous analysis of the issues. Defendants would offer their expert, Lucy Allen, as their sole witness and make her available for questions from the parties and the Court to complete the record.

**II. Argument.**

Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23" through "evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart*, 564 U.S. at 351). "Ordinarily, this means that the class determination should be predicated on evidence presented by the parties concerning the maintainability of the class action." *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 851, (6th Cir. 2013). "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and "certification is proper only if the trial court is satisfied, after a rigorous analysis," that the perquisites of Rule 23 have been met. *Comcast*, 569 U.S. at 33 (internal citations omitted). Specifically as to price impact, the Supreme Court in *Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 134 S. Ct. 2398, 2416 (2014) held that a defendant must be allowed the opportunity to rebut the presumption of reliance at the class certification stage by introducing

---

was fully briefed. However, before the Sixth Circuit panel ruled on the appeal, the parties settled the case.

"*direct ... salient evidence showing that the alleged misrepresentation did not actually affect the stock's market price*." (emphasis added.)

Courts typically "will conduct a hearing and allow the parties to present evidence on any factual issues that must be resolved so that the court can determine whether the prerequisites for class certification under Rule 23 have been met." 5 Moore's Federal Practice - Civil § 23.82 (2018) (citing *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006); *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009); *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986); *Shepard v. Beaird-Poulan, Inc.*, 617 F.2d 87, 89 (5th Cir. 1980); and *Glazer*, 722 F.3d 838 at 851). "The district court *should* hold an evidentiary hearing if there is any doubt regarding the issue of class certification." *Id*. (emphasis in original) (citing *Merrill*, 806 F.2d at 608; and *Morrison v. Booth*, 730 F.2d 642, 644 (11th Cir. 1984) (reversing district court's denial of class certification without evidentiary hearing)).

The Court is tasked with rigorously evaluating and analyzing the evidence to conclude whether the prerequisites of Rule 23 are satisfied. The utility and importance of an evidentiary hearing in connection with the Court's analysis is magnified when the evidence is very technical, which is inherently the case with price impact arguments. For instance, Ms. Allen and Plaintiff's expert, Steven Feinstein, both analyzed analyst coverage of CoreCivic's stock during the putative class period and performed event studies to test the reaction of CoreCivic's stock price on the dates of the alleged misstatements. Event studies use a statistical analysis called a regression to estimate the relationship between the company's daily stock returns and the daily returns of market and/or industry indexes. This allows the statistical significance of an abnormal stock price movement to be tested.

Defendants suggest that an in-person evidentiary hearing is the most effective and efficient avenue for the Court to consider and probe the technical evidence submitted by the parties. Live testimony provides a forum for Ms. Allen and Professor Feinstein to explain their analyses and opinions and field questions from the parties and the Court. The opportunity for cross-examination of the opinions also assists the Court in assessing credibility. For these reasons, Courts have recognized the value of evidentiary hearings in connection with class certification and routinely conduct them. *See, e.g., Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 486, (2nd Cir. 2018) ("encouraging" the district court to hold an evidentiary hearing on class certification involving price impact arguments); *George v. China Auto. Sys., Inc.*, 2013 U.S. Dist. LEXIS 93698, *28, (S.D.N.Y. July 3, 2013) (denying class certification in a securities case and observing that an evidentiary hearing at which the parties examined and cross-examined the proffered experts was "particularly useful in this matter to assist the Court in understanding the parties' analyses and to assess the credibility of the analytical work performed"); *Ohio Pub. Emples. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 U.S. Dist. LEXIS 137229, *4, (N.D. Ohio August 14, 2018) (a case Defendants filed as supplemental authority, Dkt. No. 116.1, in which the Court excluded Plaintiff's expert Professor Feinstein's opinion on market efficiency and declined to certify the class, noting that the Court held an evidentiary hearing at which it heard Professor Feinstein's testimony).

### III. Conclusion.

"Given the enormous ramifications of certifying a class – turning potential losses from relatively small amounts into potentially massive exposure – careful analysis of the factors under Rule 23 is required" to certify a class in a securities case like this one. *George v. China Auto. Sys., Inc.*, 2013 U.S. Dist. LEXIS 93698 at *3. And price impact – "an essential precondition for

4

any Rule 10b-5 class action" – is a crucial part of that analysis as recognized by the Supreme Court in *Halliburton II*, 134 S. Ct. at 2416 and the Sixth Circuit. S*ee also Willis*, 242 F. Supp. 3d 634. In light of the importance of the price impact issue, and the Court's role in determining class certification, Defendants respectfully ask the Court to set an evidentiary hearing on class certification at a time and date convenient to the Court and the parties.

Pursuant to Local Rule 7.01(a)(1), counsel for the parties conferred, and Plaintiff opposes this Motion.

Respectfully submitted:

 s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com


David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Faraz Mohammadi (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
faraz.mohammadi@lw.com

5

Anna E. Berces (admitted *pro hac vice*)
Morgan E. Whitworth (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
anna.berces@lw.com
morgan.whitworth@lw.com


*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

7

Case 3:16-cv-02267   Document 136   Filed 11/27/18   Page 7 of 8 PageID #: 3601

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 27th day of November, 2018.

                                                            /s/ Steven A. Riley