UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), respectfully submits this response in opposition to Defendants'[1] Motion for Evidentiary Hearing on Plaintiff['s] Motion for Class Certification (ECF No. 136) (the "Motion"). The untimely Motion is inconsistent with Defendants' prior representations, and further delaying class certification is unnecessary given the legal questions at issue, and would prejudice the Class. Accordingly, while the decision to hold an evidentiary hearing is committed to the Court's discretion, the Motion should be denied. *See Franks v. Kroger Co.*, 649 F.2d 1216, 1223 (6th Cir. 1981) ("[i]t is clear from the plain language of the Rule that an evidentiary hearing is not required before class determination").[2]

The Motion is but the latest of Defendants' ceaseless attempts to delay class certification. First, the schedule to complete class certification briefing was extended by nearly two months (from September 5, 2018 to October 26, 2018) because of Defendants' inability to comply with the August 1, 2018 deadline to substantially complete production of documents. *Compare*, ECF No. 88 at 6 *with*, ECF No. 114.[3] Then Defendants moved for leave to re-depose Plaintiff's expert and file an additional 20-page brief accompanied by an additional expert report of unlimited length. ECF No. 124. Plaintiff's opposition argued that Defendants had not justified their request, and Defendants replied offering to limit any sur-reply and additional expert report to 15 pages each and forego another deposition "*[i]n the spirit of compromise*." ECF Nos. 125, 130.

On November 6, 2018, the Court granted Defendants' modified request to file a 15-page sur-reply and 15-page expert report by November 21, 2018, holding "[a]s long as there is no evidence of

---

[1] "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic. All terms not otherwise defined herein have the same meaning as defined in Plaintiff's motion for class certification (ECF No. 92).

[2] All citations and footnotes omitted and emphasis added unless otherwise indicated.

[3] Defendants recently informed Plaintiff that their prior productions failed to include approximately 30,000 documents that they are now in the process of reviewing. Plaintiff anticipates this will lead to further delays in the completion of discovery.

bad faith or unnecessary delay," an "expeditiously filed" sur-reply would be "relatively harmless, at worst," and that there was no evidence Defendants were intending to delay or "use the sur-reply as a tool to inappropriately raise new arguments." ECF No. 132 at 3-4. Then, just days after the sur-reply's submission, Defendants filed this Motion, requesting leave to submit still further evidence and conduct additional questioning of the parties' experts through an evidentiary hearing. So much for compromise.

Defendants have had a more than adequate opportunity to submit evidence in support of their price impact contentions and should not be rewarded for their untimely and duplicitous litigation tactics. Having previously agreed to limit the length of their sur-reply in an effort to overcome Plaintiff's objection that it was unnecessary, Defendants should not be permitted to engage in a bait-and-switch by now requesting an evidentiary hearing to introduce still further evidence, particularly where there has been no showing whatsoever of what additional relevant evidence could possibly be introduced. While Defendants' repeated attempts to supplement the record may be a tacit concession that their prior submissions are inadequate to meet their heavy burden, the Court should not indulge Defendants' insatiable appetite for delay where they have already had ample opportunity to present a complete record.

An evidentiary hearing is also unnecessary because the determinations necessary to certify the class turn almost exclusively on well-established legal precedent, not "technical evidence." Motion at 4. Indeed, notwithstanding any "'rigorous analysis'" required to grant certification in general, in this case ***all but one element of the Federal Rule of Civil Procedure 23 analysis is undisputed***, and the price impact contentions raised by Defendants are easily resolved as a matter of law. ECF Nos. 98 at 7-8, 121 at 8-16.

First, if the Court determines, as it should, that the *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), presumption of reliance applies, the entirety of the parties' expert reports and

evidence regarding price impact are irrelevant. ECF No. 121 at 6-8. Defendants' contention that *Affiliated Ute* is a "last ditch effort to reframe [Plaintiff's] case" made "for the first time on Reply" is conjured from whole cloth. ECF No. 134 at 13. The complaint and the motion for class certification expressly invoke *Affiliated Ute* and explain why it applies in this case. ECF Nos. 57, ¶190; 92 at 12, 17-18. As does Plaintiff's reply. ECF No. 121 at 6-8.

Defendants' assertion in their sur-reply that *Affiliated Ute* is inapplicable violates their representations to the Court that the sur-reply would address new issues "introduced for the first time by Plaintiff on Reply," and is simply wrong. ECF No. 124 at 1. Defendants blatantly misrepresent *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122, at *9 (M.D. Tenn. June 26, 2017), the sole case cited from this District. ECF No. 134 at 15 n.12. In *Burges*, the defendants stated that the bank was in compliance "with critical anti-money laundering and Bank Secrecy Act regulations as well as the Bank's fair lending practices" while failing to disclose the pendency of Federal Deposit Insurance Corporation and fair lending practices regarding these exact matters. *Burges*, 2017 WL 2772122, at *1; ECF No. 76. Judge Crenshaw found these allegations sufficient to invoke the *Affiliated Ute* presumption because defendants failed "to disclose certain information" despite having created an obligation to do so by their own statements on the topic. *Burges*, 2017 WL 2772122, at *10.

The facts in *Burges* are almost identical to those here, where this Court has already held Defendants' statements that they believed they were "'in compliance in all material respects with federal, state and local laws'" and had earned "the confidence of its government partners," created "'a duty to speak fully and truthfully on th[e] subject[].'" ECF No. 76 at 25, 33, 35 (alterations in original). "***Failing to acknowledge and disclose*** the dire status of its relationship with a client as large and important as the BOP, however, is not 'speak[ing] fully and truthfully on th[e] subject' of its client relationships and reputation for quality." *Id*. at 32.

Because Plaintiff properly invoked the *Affiliated Ute* presumption, and Defendants failed to so much as attempt to rebut it, an evidentiary hearing is entirely unnecessary and the class should be certified.

Second, even if the Court were to certify the class under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), an evidentiary hearing is unnecessary because it is not the evidence submitted by the parties that is primarily in dispute, but the application of the relevant legal standards to that evidence.

Reduced to its essence, the question before the Court is whether Defendants have met their burden to demonstrate a lack of price impact in spite of the 43% drop in CCA's stock price undisputedly caused by the release of the Yates Memo. ECF No. 121 at 9-16. While Defendants contend the Yates Memo represented a "political shift," and the truth regarding "quality and cost[-effectiveness]" were revealed in the OIG Review (ECF No. 134 at 9-11), their own authority (which involved testimony from their same expert, Lucy P. Allen), makes clear nether contention is sufficient to demonstrate a lack of price impact at class certification. *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251, 260-61 (N.D. Tex. 2015) ("[C]lass certification is not the proper procedural stage for the Court to determine, as a matter of law, whether the relevant disclosures were corrective. . . . '[F]or purposes of determining at this early stage of litigation whether the alleged misrepresentation had any impact on the price of [the defendant's] stock, the Court must disregard evidence that the truth was known to the public.'") (some alterations in original).

Indeed, were Defendants correct, the claims of ***all*** class members would fail, making clear that this is a common question which ***supports***, rather than prevents, certification. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 2015 U.S. App. LEXIS 19519 (5th Cir. Nov. 4, 2015).

> *Halliburton II*, therefore, only allows defendants to introduce at the class certification stage evidence of lack of price impact that *Amgen* does not otherwise preclude, *i.e.*, evidence that "has . . . to do with the issue of predominance at the class certification stage." But where the evidence relates to an issue that is "susceptible to common, classwide proof" and whose resolution in favor of the defendant will

"necessarily defeat every plaintiff's claim on the merits," the consideration of such evidence should be left to the merits stage.

*Id*. at *6-*7 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 283 (2014) ("*Halliburton II*") (alterations in original). While these inquires might warrant oral argument if the Court believes it would be beneficial, they do not suggest that an evidentiary hearing would be appropriate.

In addition, continued delay and endless submission of evidence is prejudicial to the class, which is entitled to have certification resolved promptly. *See* Fed. R. Civ. P. 23(c)(1)(A) (certification to be determined "[a]t an early practicable time"); *Wright v. Dyck-O'Neal, Inc*., 2016 U.S. Dist. LEXIS 92965, at *7 (M.D. Fla. June 27, 2016) (delay in class certification "may prejudice the rights of the putative class members").

Because the Motion is: (i) untimely; (ii) inconsistent with Defendants' prior representations to the Court regarding their recently-filed sur-reply; (iii) unnecessary to resolve the limited questions of law at issue with respect to class certification; and (iv) prejudicial to the class, it should be denied.

DATED: December 10, 2018
Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 10, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

Case 3:16-cv-02267   Document 137   Filed 12/10/18   Page 9 of 10 PageID #: 3611

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,9101599420@filings.docketbird.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`