UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                  Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>MOTION FOR LEAVE TO FILE UNDER SEAL |

Pursuant to Rules 5.03 and 7.01 of the Civil Local Rules of Court ("LR") and Administrative Order No. 167-1: Administrative Practices and Procedures for Electronic Case Filing, §5.07, Plaintiff[1] hereby moves the Court for leave to file Lead Plaintiff's Motion to Extend Deadlines ("Motion to Extend Deadlines") under seal. However, as explained herein, Plaintiff does not believe grounds exist to overcome the strong presumption in favor of openness as to court records, such that the continued sealing of the Motion to Extend Deadlines is not justified.

Under the Revised Stipulation and Protective Order (ECF No. 86) ("Protective Order"), Plaintiff is required to "file[] under seal, redacted, or protected from public disclosure" any document that it submits to the Court and that reflects "Confidential Discovery Material." Protective Order, ¶12. "Confidential Discovery Material" includes any "Discovery Material" that the "Producing Party may designate as confidential because that party believes in good faith it contains":

> (i) trade secret or other confidential research, development, or commercial information; (ii) information the disclosure of which would, in the good faith judgment of the Producing Party, negatively impact the management of any corrections facility or be detrimental to the health and safety of inmates, corrections officers or the public; or (iii) "protected health information" ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501 . . . .

*Id.*, ¶1.

Pursuant to the Protective Order, Plaintiff is required to file Confidential Discovery Material under seal, however, such designations "are protective-order justifications, not sealing-order ones." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). Maintaining documents filed under seal based merely on a party's designation would be to "conflate[] the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id.* at 307; *see also id.* at 30 ("there is a stark

---

[1] "Plaintiff" is Lead Plaintiff and Proposed Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other").[2]

"Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (alteration in original). "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records. The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*. "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

> And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

*Id.* at 305-06; *accord* LR 5.03(a) (party seeking to seal documents must "demonstrate[] compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons," and even an unopposed motion to seal "must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

"'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308; *accord* LR 5.03(a) ("Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and

---

[2] All citations and footnotes omitted and emphasis added unless otherwise indicated.

information required by statute to be maintained in confidence is typically enough to overcome the presumption of access.").

"Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179). Thus, "in class actions – where by definition 'some members of the public are also parties to the [case]' – the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Shane*, 825 F.3d at 305 (alterations in original).

Applying these principles, Plaintiff does not believe that its Motion to Extend Deadlines will merit continued sealing from the public. Deposition testimony referenced in Plaintiff's Motion to Extend Deadlines, made by William DuBray, CCA's designated corporate representative for certain Rule 30(b)(6) topics, was designated Confidential Discovery Material by Defendants, despite the fact Mr. DuBray made no such testimony regarding "'trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence.'" *Cf. Shane*, 825 F.3d at 308; LR 5.03(a).

Therefore, pursuant to LR 5.03(b), Plaintiff hereby moves for leave to file its Motion to Extend Deadlines under seal. Accordingly, however, it is Defendants (as the Producing Party), having "designated [the Discovery Material] as confidential," who bear the "burden" of rebutting the strong presumption in favor of openness as to court records. LR 5.03(b).

Plaintiff's [Proposed] Order Granting Motion for Leave to File Under Seal (the "Order"), filed contemporaneously herewith, therefore provides that: (i) Plaintiff may file its Motion to Extend Deadlines under seal; and (ii) unless Defendants file a motion for continued sealing making the required showing justifying continued sealing on or before January 7, 2019, the sealed documents shall be unsealed.

- 3 -

1517405_1
Case 3:16-cv-02267    Document 138    Filed 12/28/18    Page 4 of 8 PageID #: 3616

Plaintiff respectfully requests that the Court grant Order submitted by Plaintiff.

DATED: December 28, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 28, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,9101599420@filings.docketbird.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`