UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 3:16-cv-02267 |
| Plaintiff, ) ) | Honorable Aleta A. Trauger |
| vs. ) ) ) | LEAD PLAINTIFF'S MOTION TO EXTEND DEADLINES |
| CORRECTIONS CORPORATION OF AMERICA, et al., ) ) ) | |
| Defendants. ) ) | |

**[FILED UNDER SEAL]**

Pursuant to Rule 6.01(a) of the Civil Local Rules of Court, Lead Plaintiff and Proposed Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), respectfully moves this Court for leave to extend the remaining deadlines set forth in the Court's Orders (ECF No. 88) ("Initial Order"); (ECF No. 114) ("Amended Order") (collectively, the "Scheduling Orders").

## I.      INTRODUCTION

Under the Initial Order, fact discovery cutoff is set for March 29, 2019.  Initial Order at 6. Remaining deadlines for completion of expert discovery, summary judgment and trial follow thereafter.  *Id*.  While Plaintiff has diligently sought to complete fact discovery by the Court's March 29, 2019 deadline, numerous substantial issues and disputes regarding Defendants'[1] document production, as well as the scheduling of depositions, have impaired Plaintiff's ability to timely complete the discovery process.  These issues also necessarily impact the deadlines that follow.

As set forth below, the issues causing delay include: (i) repeated technical deficiencies with Defendants' document production, including the production or reproduction of the majority of Defendants' documents *after* the September 14, 2018 deadline for the substantial completion of document production (Amended Order, ¶1); (ii) Defendants' inability to confirm deposition dates on or near the dates proposed by Plaintiff; and (iii) recently discovered unresolved questions regarding the spoliation and adequacy of Defendants' document preservation efforts.

While Plaintiff has met and conferred in good faith with Defendants in attempts to resolve these issues, and continues to do so, these issues – caused by no fault of Plaintiff whatsoever – have necessarily delayed Plaintiff's ability to complete its review and analysis of Defendants' document production, as well as the completion of depositions.

---

[1]      "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

1515970_1

Therefore, Plaintiff respectfully requests that the Court grant a modest modification to the remaining deadlines set forth in the Scheduling Orders as follows:

| Matter | Current Date | Proposed New Date |
|---|---|---|
| Fact Discovery Cutoff | March 29, 2019 | June 28, 2019 |
| Deadline to Submit Joint Mediation Report | April 1, 2019 | July 1, 2019 |
| Deadline for Filing Discovery-Related Motions | April 17, 2019 | July 17, 2019 |
| Parties Declare Experts and Produce Expert Reports Pursuant to Fed. R. Civ. P. 26(a)(2) | May 15, 2019 | August 21, 2019 |
| • Rebuttal | June 19, 2019 | September 20, 2019 |
| • Completion of Expert Depositions | July 31, 2019 | October 30, 2019 |
| Dispositive & *Daubert* Motions | | |
| • Opening Briefs | September 27, 2019 | December 20, 2019 |
| • Oppositions | November 15, 2019 | February 21, 2020 |
| • Replies | December 20, 2019 | March 27, 2020 |
| Pretrial Conference | April 17, 2020 | July 17, 2020 |
| Trial | April 21, 2020 | July 20, 2020 |

## II.    LEGAL STANDARD

A scheduling deadline can be modified for good cause. Fed. R. Civ. P. 16(b)(4). Whether to permit the requested modification is committed to the sound discretion of the court. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Good cause is measured by the diligence of the party seeking the extension. *Id.*

## III.    ARGUMENT

### A.    Plaintiff Has Diligently Attempted to Comply with the Court's Deadlines in Spite of Defendants' Untimely Document Production

Since meeting and conferring in January 2018, as required by Federal Rule of Civil Procedure 26(f), Plaintiff has diligently sought to complete fact discovery. On January 30, 2018, Plaintiff served its first set of document requests on Defendants. On March 1, 2018, Defendants served objections and responses to those requests. On March 8, 2018, the parties commenced meeting and conferring regarding those requests. On June 1, 2018, Plaintiff served its second set of

document requests on Defendants.  On July 2, 2018, Defendants served objections and responses to those requests.  On July 6, 2018, the parties began meeting and conferring regarding Defendants' objections and responses regarding those requests.

During this time, the parties have met and conferred on dozens of occasions in attempts to resolve countless numbers of disputes regarding Defendants' production.  Indeed, these efforts continue to this day.  In addition, Plaintiff has diligently reviewed hundreds of thousands of documents produced by Defendants and numerous third parties in order to prove the claims alleged in the consolidated complaint (ECF No. 57), and upheld by this Court (ECF No. 76).  Plaintiff's ability to complete fact discovery has been jeopardized, however, by Defendants' failure to timely complete their document production.

Defendants purportedly encountered technical and logistical hurdles in the process of producing documents and, consequently, on August 1, 2018, moved the Court for an extension of the deadline to substantially complete production of documents.  ECF No. 109.  On August 6, 2018, the Court granted Defendants' motion and extended the deadline from August 1, 2018 to September 14, 2018.  Amended Order, ¶1.  At that time, the Court did not amend the deadline to complete discovery or any other deadlines set forth in the Initial Order, other than the deadline to amend the pleadings to add parties (which was moved from September 7, 2018 to October 19, 2018) and the deadline for Plaintiff to file a reply in connection with their class certification motion (moved from September 5, 2018 to October 19, 2018).  Amended Order, ¶¶2-3.  Nevertheless, Defendants' difficulties and delays have continued.

To date, Defendants have produced approximately 393,000 documents in response to Plaintiff's document requests.  Of those 393,000 documents, approximately 109,000 have been

reproduced by Defendants on multiple occasions due to technical errors with the production.[2] In addition, after Plaintiff alerted Defendants to the absence of extracted text in many documents, Defendants reviewed previously unproduced documents and determined that thousands of responsive documents had been not been produced because the search terms they utilized did not hit on documents for which text was missing. As a result, on December 8, 2018, Defendants produced 77,974 additional documents for the first time. As a result of these and other problems with Defendants' production, of the approximately 393,000 documents produced to date, more than 214,000 documents – or 54% – were either produced for the first time or reproduced after the September 14, 2018 deadline to substantially complete document production. Amended Order, ¶1.

Plaintiff is still not certain that Defendants have substantially completed their production of documents, and they clearly have not fully completed production. As a result, of the eight-month period that Plaintiff and the Court originally anticipated would pass between substantial completion of document production and the fact discovery cutoff, Plaintiff has already lost five months. *See* Initial Order at 6.

An extension of the current fact discovery deadline is therefore warranted in order to allow Plaintiff adequate time to complete its review and analysis of Defendants' untimely production and to prepare for and complete the necessary depositions of relevant witnesses.

---

[2]     Defendants' eighth and ninth productions, titled "COREL_008" and "COREL_009," were originally produced on September 14, 2018, at which time Defendants contended that they had substantially completed their document production. Due to technical problems, such as incorrect family metadata linking emails to their attachments, Defendants reproduced those documents at later dates: COREL_009 was reproduced on October 5, 2018, and again on October 18, 2018; COREL_008 was reproduced on October 29, 2018. Those reproductions assigned new Bates numbers to the previously produced documents. To identify documents that had changed Bates numbers, so that Plaintiff could transfer its coding from previously reviewed documents, on November 12, 2018, Defendants produced a cross-reference guide for both productions and on November 16, 2018 and November 21, 2018, new cross-reference guides for COREL_008 when the first and second cross-reference guides contained errors.

1515970_1

**B.    Plaintiff Has Diligently Attempted to Notice Relevant Depositions in Spite of the Unavailability of Defendants' Witnesses**

Plaintiff has also attempted to notice relevant depositions in a timely fashion, only to be told that Defendants' witnesses were unavailable at the time of and for months after the noticed dates.

On September 27, 2018, shortly after the revised deadline for the substantial completion of document production, Plaintiff served CCA with a Rule 30(b)(6) deposition notice. On October 15, 2018, Plaintiff served its first notice of deposition on four CCA employees for dates between November 13, 2018 and December 4, 2018. On October 16, 2018, Plaintiff served a notice of deposition on a fifth CCA employee to be held on November 6, 2018, and its first notice of issuance of subpoena on a third party to appear for a deposition to be held on December 12, 2018. On October 9, 2018, Defendants sent Plaintiff their objections to the topics in Plaintiff's Rule 30(b)(6) deposition notice, and the parties commenced meeting and conferring on the deposition topics shortly thereafter.

On October 29, 2018, Plaintiff sent Defendants an email asking them to confirm that the first deponent, noticed for November 6, 2018, would appear for his deposition on the noticed date. Defendants responded that the deponent "is not available on November 6, and, in fact, none of Plaintiff's currently noticed dates work for our witnesses," but did not propose any alternative dates at that time. When the parties met and conferred, Defendants proposed dates for the fact deponents in the reverse order noticed by Plaintiffs, on dates ranging from November 16, 2018 to December 19, 2018, while insisting that Plaintiff take CCA's Rule 30(b)(6) deposition at the end of discovery rather than the beginning. Defendants also refused to discuss any specific date or dates for the Rule 30(b)(6) deposition until the parties reached substantial agreement on all of Defendants' objections to the deposition topics. Plaintiff objected to, among other things, Defendants' attempts to dictate both the timing and sequencing of the depositions, and refusal to schedule CCA's Rule 30(b)(6) deposition until all Defendants' objections were substantially addressed. *See* Fed. R. Civ. P.

26(d)(3)-(3)(A) ("[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice . . . methods of discovery may be used in any sequence"); *Keller v. Edwards*, 206 F.R.D. 412, 416 (D. Md. 2002) ("If objections to the . . . sequence and timing of the deposition in dispute cannot be resolved with opposing counsel . . . then a motion for protective order must be filed pursuant to Rule 26(c) requesting that the court order that the deposition not take place or delay it until after other discovery has been presented."); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (objections to a Rule 30(b)(6) deposition notice do not preclude the deposition going forward).

While the currently noticed depositions have now either been taken, or are scheduled to be completed in January 2019, numerous additional depositions of current and former CCA employees, executives and directors, as well as third parties, remain to be taken. Particularly in light of Defendants' delayed document production, as well as potential issues regarding spoliation discussed below, Plaintiff does not believe depositions can reasonably be completed by the current March 29, 2019 deadline.

C. **Numerous Additional Discovery Issues, About Which the Parties Continue to Meet and Confer, Will Adversely Impact the Current Schedule**

Numerous spoliation and other problems have also impacted the pace and content of discovery and will impair Plaintiff's ability to complete discovery on the current schedule.

First, on December 12, 2018, Plaintiff took the deposition of William DuBray, who was designated by CCA as its corporate representative for certain Rule 30(b)(6) topics.[3] Mr. DuBray's testimony raised significant concerns about Defendants' preservation and production efforts. For example, Mr. DuBray testified that only 11 individuals (plus potentially a handful of additional

---

[3] Plaintiff also disputes the adequacy of Mr. DuBray's preparation for the deposition and knowledge concerning four of the topics noticed by Plaintiff, specifically those topics related to Defendants' preservation, collection, review and production of documents.

unidentified individuals) were given preservation notices in the August to September 2016 time period (when this action was first filed), and that it was not until late 2017 or early 2018 that any other employees, or even CCA's information technology department, received a litigation hold or were asked to preserve centrally stored or individually controlled documents. Mr. DuBray also testified that, of those who received late litigation hold notices, no former employees were contacted, and no CCA contractors were sent hold notices. Regardless of whether Court intervention is necessary, any resolution of these issues will necessarily impair Plaintiff's ability to complete the discovery process on the current schedule.

Second, on September 13, 2018, Defendants sent a letter notifying Plaintiff that data from an email system called "Groupwise," used by Defendants at CCA's Eden facility, had been taken by the Bureau of Prisons ("BOP") without being backed up by CCA. Defendants indicated that they were working with the BOP to recover the data CCA failed to preserve. In the same letter, Defendants also notified Plaintiff that they were working to recover responsive Groupwise data from backup systems for the Cibola and Northeast Ohio facilities and that no effort had been made to gather and preserve this data prior to 2018. On November 1, 2018, the parties commenced meeting and conferring on those issues. In a November 8, 2018 letter, first Defendants stated that it was up to Plaintiff to obtain any Eden facility Groupwise data from the from the BOP, and second, that the unproduced Groupwise data from the Cibola and Northeast Ohio facilities would be produced within a week. The parties dispute, and continue to work to resolve, whether and the extent to which these sets of Groupwise data can and should be produced; and Plaintiff is still attempting to obtain the full Groupwise data from the BOP.

Separately, the parties continue to meet and confer regarding a number of other issues that are likely to impact the case schedule, including: (i) the bases (if any) of Defendants' privilege assertions; (ii) the adequacy of Defendants' privilege log; (iii) whether, and the extent to which, text

messages and voicemails should be produced (to the extent such documents still exist); and (iv) the use of predictive coding.

To the extent Plaintiff is able to resolve these issues without Court intervention, it will do so. If Court intervention is necessary, Plaintiff will seek it well in advance of the deadline for filing discovery-related motions. In any case, the resolution of these unforeseen issues provides good cause for the modest extension of the remaining deadlines set forth in the Scheduling Orders sought herein.

Plaintiff has met and conferred with Defendants, whose position is as follows: Defendants do not oppose a reasonable extension of the fact discovery cutoff date, but intend to oppose the instant Motion with respect to other requested relief and deadline extensions, and to correct certain assertions in this Motion that Defendants believe are factually inaccurate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court modify the Scheduling Orders as set forth herein.

DATED: December 28, 2018                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN & DOWD LLP
                                            CHRISTOPHER M. WOOD, #032977
                                            CHRISTOPHER H. LYONS, #034853


                                            _____s/ Christopher M. Wood_____
                                            CHRISTOPHER M. WOOD

                                            414 Union Street, Suite 900
                                            Nashville, TN 37219
                                            Telephone: 800/449-4900
                                            615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 28, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,9101599420@filings.docketbird.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)