UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                     Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JANUARY 18, 2019 ORDER DENYING CLASS CERTIFICATION |

**[REDACTED]**

Reconsideration of the Court's Order should be granted and a class certified.[1] Defendants' opposition entirely depends on: (i) ignoring Plaintiff's allegations regarding CCA's value proposition and customer relationships, and mischaracterizing the OIG Review and Yates Memo; (ii) insisting that the evidence of CCA's actual relationship with the BOP is irrelevant when it is highly probative; (iii) misinterpreting the Supreme Court's decisions in *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013), *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ("*Halliburton I*") and *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 282 (2014) ("*Halliburton II*"); and (iv) improperly placing the burden on Plaintiff to prove price impact. Here, where there are two statistically significant stock price declines which were a foreseeable result of the disclosure of the previously concealed state of CCA's performance and the strength of its business relationship with the BOP, there is no proof of the absence of price impact.

To the extent the Court seeks to tailor the class, the Court has "broad discretion" to do so. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). While Plaintiff submits the Class should be certified as originally defined, the Court needs no additional expert analysis to certify a class.

## I.  ARGUMENT

The Supreme Court, this Court's prior opinion and the Federal Rules of Civil Procedure all provide that this Court has the discretion to reconsider its Order without a heightened standard.[2]

---

[1] "Order" refers to the Memorandum and Order denying Plaintiff's motion for class certification. ECF Nos. 143-144. This brief presumes familiarity with the Order, and uses the same acronyms and terms previously defined. All citations and footnotes omitted unless otherwise indicated.

[2] *Microsoft Corp. v. Baker*, _U.S._, 137 S. Ct. 1702, 1711 (2017) (where class certification is denied "the District Court could later reverse course and certify the proposed class"); Fed. R. Civ. P. 23(c)(1)(C) ("class certification may be altered or amended before final judgment"); *Kerns v. Caterpillar Inc.*, 2011 U.S. Dist. LEXIS 45783, at *6-*7 (M.D. Tenn. Apr. 27, 2011) (the district court has "ample discretion," to alter a class certification order); *cf. Whitlock v. FSL Mgmt., LLC*, 2013 WL 5656100, at *2 (W.D. Ky. Oct. 16, 2013) (quoting higher standard set forth in cases where class certification was not at issue and denying reconsideration brought on the grounds of intervening authority). Regardless, where "different evidence is raised" grounds exist to revisit a

### A. The Evidence Demonstrates Price Impact

#### 1. The OIG Review Was Not Fully Corrective

CCA's stock price was inflated because Defendants "repeatedly claimed or suggested that the company's history of quality services had gained it the faith and esteem of its government partners, when, in fact, the perceived low quality of its services was leading one of its most important client relationships to the brink of collapse." MTD Order at 36; ¶¶132-133, 168. The evidence obtained in discovery contrasting the actual state of CCA's relationship with the BOP, against what the OIG Review revealed, demonstrates that the OIG Review is not fully corrective because:



Defendants would rather the Court not consider evidence of their fraud (Opp. at 10-12), but the "'publicity'" requirement Defendants rely on for this notion is entirely misplaced – it refers to whether the misrepresentations were publicly disseminated. *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251, 261 (N.D. Tex. 2015); *Amgen*, 568 U.S. at 473.

Defendants' efforts to deflect from the inherent limitations of the OIG Review by characterizing such limitations as a "shift of position" by Plaintiff fall flat. Opp. at 6-7. On reconsideration, Plaintiff added detail to show the OIG Review was "[n]ot [f]ully [c]orrective" based

---

prior ruling. *Grant v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 2017 WL 1153927, at *2 (M.D. Tenn. Mar. 27, 2017).

[3] ECF No. 150 ("Rec."); ECF No. 160 ("Opp.").

- 2 -
1534443_1
Case 3:16-cv-02267   Document 163   Filed 02/22/19   Page 3 of 10 PageID #: 4403

on its own plain language.  Rec. at 4.  Plaintiff continues to maintain, as courts recognize, "the absence of a statistically significant price adjustment [on August 11, 2016] does *not* show the stock price was unaffected by the misrepresentation." *Rooney v. EZCORP, Inc.*, 2019 WL 691205, at *7 (W.D. Tex. Feb. 19, 2019) (emphasis in original) (citing *In re Petrobras Sec.*, 862 F.3d 250, 278-79 & n.30 (2d Cir. 2016)).  It was Defendants' burden to prove their misrepresentations did not impact CCA's stock and that the denial letters attached to the OIG Review had zero impact on CCA's stock price – a burden they did not meet.  Rec. at 19.  There is nothing inconsistent in recognizing that the OIG Review was inherently limited, and that the letters attached to it muted the effect of the limited facts it did reveal.  The OIG Review simply did not fully reveal the fraud alleged and upheld by this Court.  Rec. at 4-12.  No amount of expert analysis can change that the OIG Review only analyzed the FY11-FY14 time period, stated that observed deficiencies were corrected, suggested an ongoing relationship with private prisons and focused on critiquing the BOP.  *See* Rec. at 4-7; *id*. at 7-12.

### 2. The Yates Memo Disclosed New News

Defendants' insistence that the Yates Memo only relies on the OIG Review is untrue.  The Yates memo includes semicolons separating additional bases for the directive aside from the OIG Review: "Private prisons . . . simply do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and as noted in a recent report by the [OIG], they do not maintain the same level of safety and security."  Ex. D at 1.[4]  It also separately references that "time has shown that they compare poorly to our own Bureau facilities," indicating that the BOP was presently not satisfied with CCA and others.  *Id*.  A reading of the Yates Memo along with analyst commentary also belies any notion that it "said nothing whatsoever about the non-renewal of the Cibola contract."  Opp. at 2.  Rather, investors learned, for the first time, that the BOP had already begun the process of reducing its reliance on CCA specifically, "[t]hree weeks

---

[4] All "Ex. __" references herein are to ECF No. 151.

- 3 -

ago the Bureau declined . . . a contract for approximately 1200 beds." Ex. D at 2. Analysts recognized Cibola was the facility referenced, and Eden and other facilities were at risk. *E.g.*, Ex. E. Neither Defendants nor their expert have proven that this news related to the alleged fraud did not contribute to the 43% stock price decline on August 19, 2016.

### 3. The Cibola Announcement Establishes Price Impact

The August 3, 2016 announcement of Cibola's non-renewal and corresponding downward guidance is a classic partial disclosure that has come to light based on evidence ███████████ ████████████████████████████████████████ Rec. at 12-13. The Court noted that the Cibola cancellation "seem[ed] significantly more likely to represent . . . the reaction to [CCA's] loss of a large, important contract." Order at 18. But Plaintiff need not demonstrate the market understood "some deeper truth [was] revealed." *Id*. As this Court recognized "concealed risks are sometimes revealed by events, not admissions." *Id*. at 12-13 (citing *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 385 (2016) ("defendants accused of securities fraud should not escape liability by simply avoiding a corrective disclosure")).[5]

### B. The Supreme Court Prohibits Merits Based Determinations of Materiality and Loss Causation

Defendants are prohibited by binding Supreme Court precedent from asking the Court to decide merits-based questions of materiality and loss causation. *Amgen*, 568 U.S. at 466-67, 481-82; *Halliburton I*, 563 U.S. at 813. Yet, that is precisely what Defendants urge the Court to do. While Defendants direct this Court to *Halliburton*'s progeny, the Fifth Circuit rejected their contentions. *Erica P. John Fund, Inc. v. Halliburton Co.*, 2015 WL 10714013, at *2 (5th Cir. Nov. 4, 2015) (Dennis J, concurring) ("*Halliburton II* . . . only allows defendants to introduce at the class

---

[5] Defendants have not demonstrated that possible leakage of the Cibola closure (but not its impact) in a regional news outlet was enough "information . . . effectively disclosed in a manner sufficient to insure its availability to the investing public." *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 854 (2d Cir. 1968) (en banc). Indeed, CCA did not issue a Form 8-K with this information until August 3, 2016, in accordance with Regulation FD. 17 C.F.R. 243.101(e).

- 4 -

certification stage evidence of lack of price impact that *Amgen* does not otherwise preclude"); *see also* Rec. at 14-18.

### C. Modification of the Proposed Class

Plaintiff understands the Court is considering that because CCA's stock price did not decline at a statistically significant level following the OIG Review, there was no price impact associated with the misstatements during the period covered by the OIG Review, leaving a November 5, 2014 to August 18, 2016 class period.[6] To hold so, requires what Plaintiff respectfully submits are errors in shifting the burden to Plaintiff to prove price impact, making impermissible merits determinations, accepting that the absence of a statistically significant price decline proves lack of price impact, and overlooking the price decline on the new news disclosed in the Yates Memo. Rec. at 3-19.

Nonetheless, Defendants' contention that certification of a shorter class period would be impermissible lacks merit. The parties' experts already addressed the larger class period. When Defendants' statements became false is a classwide merits question and irrelevant. *See* ECF No. 121 at 14-16. Whether damages are calculable on a classwide basis was not even raised in Defendants' briefing, and the experts have already addressed the issue. *See, e.g.*, ECF No. 93-3, ¶¶149-155; ECF No. 122-2, ¶¶93-103. Finally, this Court has already twice rejected the central contention advanced by Defendants' expert – that the Yates Memo does not provide evidence of price impact because it was merely a political shift. MTD Order at 31-33, 36; Order at 13-14.

## II. CONCLUSION

Plaintiff respectfully requests that the Court reconsider its Order and certify the class.

---

[6] Defendants suggest any modification would be to February 25, 2015, but ignore that the OIG Review covered the BOP's fiscal year which ended September 30, 2014. Rec. at 5, 7-8. The first statement following the period which the OIG reviewed is November 5, 2014. *See, e.g.*, ¶¶132-133.

DATED: February 22, 2019                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN & DOWD LLP
                                        DENNIS J. HERMAN
                                        WILLOW E. RADCLIFFE
                                        KENNETH J. BLACK


                                                s/ Willow E. Radcliffe
                                          WILLOW E. RADCLIFFE

                                        Post Montgomery Center
                                        One Montgomery Street, Suite 1800
                                        San Francisco, CA 94104
                                        Telephone: 415/288-4545
                                        415/288-4534 (fax)

                                        ROBBINS GELLER RUDMAN & DOWD LLP
                                        CHRISTOPHER M. WOOD, #032977
                                        CHRISTOPHER H. LYONS, #034853
                                        414 Union Street, Suite 900
                                        Nashville, TN 37219
                                        Telephone: 800/449-4900
                                        615/252-3798 (fax)

                                        Lead Counsel for Plaintiff

                                        BARRETT JOHNSTON MARTIN
                                          & GARRISON, LLC
                                        JERRY E. MARTIN, #20193
                                        Bank of America Plaza
                                        414 Union Street, Suite 900
                                        Nashville, TN 37219
                                        Telephone: 615/244-2202
                                        615/252-3798 (fax)

                                        Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 22, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                     s/ Willow E. Radcliffe
                     WILLOW E. RADCLIFFE

ROBBINS GELLER RUDMAN
   & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: willowr@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anna E. Berces**
  anna.berces@lw.com

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com


- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,9101599420@filings.docketbird.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`