UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                    Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>JOINT SUBMISSION REGARDING AMENDED CASE MANAGEMENT ORDER |

Pursuant to the Court's February 12, 2019 Order, Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), and Defendants CoreCivic, Inc., formerly known as Corrections Corporation of America ("CoreCivic" or the "Company"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (collectively, "Defendants"), submit the following Joint Submission Regarding Amended Case Management Order.

On February 12, 2019, the Court held a telephonic conference regarding Lead Plaintiff's Motion to Extend Deadlines, as well as the state of discovery in light of the Court's denial of class certification and Plaintiff's then-pending Motion for Reconsideration. Dkt. No. 158. The Court subsequently issued an Order on February 12, 2019, holding in part that "[w]ithin sixty (60) days, the parties shall file a proposed amended case management order that establishes new deadlines, unless the case settles in the mediation scheduled for February 28, 2019." Dkt. No. 159. As the Court is aware, the case did not settle at mediation on February 28. On March 26, 2019, the Court granted Plaintiff's Motion for Reconsideration. Dkt. No. 166. Thereafter, on April 9, 2019, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, Defendants timely filed a petition for permission to appeal the Court's certification of the class with the Sixth Circuit Court of Appeals.

The parties have met and conferred, but disagree regarding whether discovery should be stayed pending resolution of Defendants' Rule 23(f) Petition.

### A. Defendants Request an Extension of the Stay of Fact Discovery Pending Resolution of Their Rule 23(f) Petition

Defendants respectfully request that the Court continue the stay of party-related fact discovery for an additional 60 days to allow time for the Sixth Circuit to consider Defendants' Petition under Federal Rule of Civil Procedure 23(f). On January 18, 2019, the Court denied

Plaintiff's Motion for Class Certification on the grounds that Defendants rebutted the *Basic* presumption of reliance in accordance with *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*"). Dkt. No. 144. The Court then granted Plaintiff's request to vacate the pretrial and trial deadlines and stay party discovery (while permitting discovery to proceed with respect to third parties) for a period of 60 days. Dkt. No. 159. Plaintiff filed a Rule 23(f) petition in the Sixth Circuit, in which it represented that this Court's ruling on class certification was effectively case dispositive. *See* Petition for Permission to Appeal, *In re: Amalgamated Bank,* Case No. 19-502 (6th Cir. Feb. 4, 2019), Dkt. No. 1-1 at 22 ("The Denial of Class Certification Would Be the Death Knell of the Litigation"). Thereafter, on March 26, 2019, the Court granted Plaintiff's Motion for Reconsideration and certified the class. Plaintiff withdrew its Rule 23(f) Petition, and Defendants submitted their own Rule 23(f) Petition. Defendants' Rule 23(f) Petition seeks clarification on a complicated area of law which the various Circuit Courts, and indeed even courts *within* the Sixth Circuit, have applied inconsistently. Given the importance of this issue, the potentially case dispositive nature of the ruling on class certification, and the potential prejudice to Defendants should fact discovery proceed in the interim, Defendants seek the same relief the Court previously granted Plaintiff following its initial ruling on class certification. This short stay of discovery will not prejudice Plaintiff.

The Court has "broad discretion under the rules of civil procedure to manage the discovery process and control [its] docket." *Marie v. Am. Red Cross*, 771 Ph.D. 344, 366 (6th Cir. 2014). A stay effectuates the underlying purpose of Rule 23(f), which is to "protect parties from the expenditure of resources on a class action that may be substantially altered on appeal." *IBEX Local 98 Pension Fund v. Best Buy Co.,* 2014 WL 4540228, at *1 (D. Minn. Sept.

11, 2014). In determining whether to stay discovery pending a permissive appeal, district courts consider: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Defendants' request satisfies all of these requirements.

First, Defendants respectfully submit that the Sixth Circuit will likely grant their Rule 23(f) Petition and ultimately vacate or reverse this Court's order certifying the class. As noted above, this case presents important and unsettled questions of class certification law that the Sixth Circuit has never addressed and which have generated multiple conflicting decisions in various other courts. Specifically, this Court adopted Plaintiff's version of the "price maintenance" theory and required Defendants to prove that the alleged misstatements had no effect on the Company's stock price at both the time they were made (front-end impact) *and* at the time they were allegedly corrected (back-end impact). That ruling contradicts the plain language of *Halliburton II*, which provides that defendants can rebut the *Basic* presumption by showing that "the asserted misrepresentation (*or* its correction) did not affect the market price." *Halliburton II*, 573 U.S. at 279–80 (emphasis added). The Sixth Circuit recognized as much when it granted the Rule 23(f) Petition in *Willis v. Big Lots, Inc.*, which presented the exact same question in the exact same procedural posture (though that case settled before the Court could decide the appeal). 242 F. Supp. 3d 634 (S.D. Ohio), *perm app. granted*, No. 17-0303, 2017 WL 4404634 (6th Cir. Aug. 23, 2017).[1] Moreover, even if the Sixth Circuit concludes that the price

---

[1] Notably, in *Big Lots*, the district court granted a discovery stay pending final resolution of defendants' appeal. *See Willis v. Big Lots, Inc.*, No. 12-cv-00604, Dkt. No. 119 (S.D. Ohio Sept. 19, 2017).

maintenance theory is viable in some limited circumstances, this Court erroneously allowed Plaintiff to obtain class certification without even pleading (much less proving) that theory, which every circuit court that has recognized it has required.  Finally, this Court's order certifying the class also established an impossible standard for disproving back-end impact, especially in cases relying on the "materialization of the risk" theory.  Defendants believe that the Sixth Circuit will likely clarify that plaintiffs cannot use that theory to support the *Basic* presumption where, as here, there is no nexus between the materialized risk and the alleged false and misleading statements.

Second, Defendants face considerable and irreparable harm should the Court not grant the brief requested stay and the Sixth Circuit ultimately reverses class certification.  To date, Defendants have spent millions of dollars engaging in fact discovery.  Indeed, Defendants have produced over two million pages of documents, produced numerous witnesses (including Rule 30(b)(6) witnesses on 37 topics covering nearly every substantive and procedural issue in the case), and have engaged in countless meet and confer discussions.  At the time the Court first denied class certification, the parties were in the process of scheduling or had already scheduled eleven additional depositions, and Plaintiff had indicated that it intended to notice even more.  The majority of these depositions sought testimony from senior management at the Company.  The Company, and the individual deponents, must expend significant resources to prepare for and attend the depositions.  Furthermore, this is a shareholder damages case.  Plaintiff is seeking to recover damages on behalf of one set of shareholders, but potentially to the detriment of others.  The senior leadership of the Company should be permitted to continue to focus on business, and increasing shareholder value, for the limited period of time during which Defendants' Rule 23(f) Petition is pending.  This is particularly true considering that Plaintiff has

acknowledged in its own Rule 23(f) Petition that a denial of class certification would be case dispositive, meaning that all of this could be unnecessary if the Sixth Circuit ultimately agrees with Defendants' interpretation of the law.

Third, there is no prospect that Plaintiff – or any third party – will be harmed by the relief requested herein. Indeed, the Court initially granted Plaintiff the same relief when it originally denied Plaintiff's Motion for Class Certification. Defendants' document production is complete, and although the parties had numerous disputes along the way (which is common in cases of this type and magnitude), Defendants believe the parties met and conferred and resolved those issues. The meet and confer record is robust and, to date, the parties have only requested two informal telephonic conferences (the first surrounding the identity of a former employee identified in the Complaint (Dkt. No. 94), and the second involving Plaintiff's request for a discovery stay following the denial of class certification (Dkt. No. 158)). At the time Plaintiff initially filed its Motion to Extend Deadlines, Plaintiff based its request on the grounds of alleged spoliation of evidence, deposition scheduling challenges, and other miscellaneous discovery disagreements. Defendants dispute all of these accusations. But in any event, they do not provide a basis for denying Defendants the relief they seek here. These are all arguments Plaintiff advanced in an effort to extend pretrial deadlines (the fact discovery cutoff, most notably) and the trial date – *i.e.,* extensions that Defendants have agreed to on two separate occasions. Defendants are willing to meet and confer in good faith on another schedule to govern the remainder of this case should the Sixth Circuit deny Defendants' Rule 23(f) Petition or affirm this Court's certification of the class.

Fourth, "public interest demands a seemly and efficient use of judicial resources[.]" *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704, 711 (6th Cir. 1982). If discovery

moves forward in this case and the Sixth Circuit later grants Defendants' Rule 23(f) Petition (and thereafter reverses this Court's class certification decision), the parties and the Court will have expended unnecessary time, effort and resources. In contrast, a limited continued stay would ensure that the parties, this Court and the Sixth Circuit are not proceeding in parallel, conserving judicial resources and serving the public interest.

### B. Plaintiff Opposes Defendants' Request for an Extension of the Stay of Fact Discovery

Stays pending a Rule 23(f) appeal are the exception, not the rule. Fed. R. Civ. P. 23(f) ("An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. H-14-3428, 2017 U.S. Dist. LEXIS 134495, at *15 (S.D. Tex. Aug. 23, 2017) ("Stays issued pursuant to Rule 23(f) are discretionary and rare.").[2] Indeed, "[a] stay is an 'intrusion into the ordinary process of administration and judicial review.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009).

As the party seeking the stay, Defendants must demonstrate: (1) a strong likelihood that they will prevail on the merits of the appeal; (2) irreparable injury unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 2001). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. "'[A] finding that there is simply no likelihood of success on the merits is usually fatal.'" *Beattie v. CenturyTel, Inc.*, No. 02-10277-BC, 2006 U.S. Dist. LEXIS 41200, at *9 (E.D. Mich. June 20, 2006) (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)). Failure to demonstrate irreparable injury may also be fatal. *Local 703, I B of T Grocery & Food Emps.*

---

[2] All citations and footnotes omitted and emphasis added unless otherwise indicated.

*Welfare Fund v. Regions Fin. Corp.*, No. 12-14168-CC, 2012 U.S. App. LEXIS 18603, at *2 (11th Cir. Sept. 4, 2012). Here, Defendants cannot satisfy *any* of the prerequisites for a stay.

First, "a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Griepentrog*, 945 F.2d at 153. The Court's Order certifying the Class is "'subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.'" *Griffiths v. Ohio Farmers Inc. Co.*, No. 1:09-CV-1011, 2010 U.S. Dist. LEXIS 69249, at *5 (N.D. Ohio July 12, 2010). Defendants cannot show that the Court abused its discretion, and their Fed. R. Civ. P. 23(f) Petition is facially defective.

Specifically, Defendants disingenuously contend they were deprived of an opportunity to rebut "new" evidence regarding price-maintenance, when this Court in fact allowed them to file a sur-reply and an additional expert report addressing this exact subject, over Plaintiff's objections. *Grae v. CoreCivic, Inc.*, No. 19-504, Petition for Permission to Appeal Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f) (6th Cir. Apr. 9, 2019) ("Petition") at 15; ECF No. 132. Defendants inaccurately state that *Halliburton II*[3] "provides" that "[D]efendants can conclusively rebut the *Basic* presumption" by "proving the absence of any front-end price impact" (Petition at 10-11), when the Sixth Circuit as well as every other circuit to address the issue, confirms that "price impact may be demonstrated *either* at the time that the alleged misrepresentations were made, or at the time of their correction." *In re BancorpSouth, Inc.*, No. 17-0508, 2017 WL 4125647 (6th Cir. Sept. 18, 2017). Finally, Defendants' contention that the OIG Report was an intervening event that revealed the risk allegedly concealed by Defendants' fraud has already been resoundingly and correctly rejected

---

[3] *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*").

by this Court, and will not be disturbed on appellate review.  In short, there is no likelihood of reversal.

Second, Defendants will not suffer irreparable harm in the absence of a stay.  The only harm Defendants could possibly advance, the cost of continued litigation, is insufficient.  "'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'"  *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974));  *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 U.S. Dist. LEXIS 191545, at *13 (N.D. Ohio May 16, 2014) ("A showing of irreparable harm requires more than a reference to litigation costs associated with continued district court proceedings, or to settlement pressures.").  And speculative harms are always insufficient.  *Griepentrog*, 945 F.2d at 154 ("the harm alleged must be both certain and immediate, rather than speculative or theoretical").  Having failed to demonstrate irreparable harm or "a high probability of success on the merits," *id.* at 153-54, the first two "critical" factors weigh against a stay.  *Nken*, 556 U.S. at 434.

Third, Lead Plaintiff and the Class will suffer substantial harm from a stay.  This case has been pending for two and a half years.  "[A] stay would inconvenience the other parties to this action by holding up the litigation and postponing a final resolution." *Griffiths*, 2010 U.S. Dist. LEXIS 69249, at *7; *see Polyurethane Foam*, 2014 U.S. Dist. LEXIS 191545, at *14 ("requir[ing] Plaintiffs to wait longer to further litigate their claims . . . is prejudice in itself"); *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 U.S. Dist. LEXIS 43785, at *12 (S.D. Ohio June 2, 2008) (recognizing the "hardship of delaying resolution of the litigation").  Defendants should not be allowed to sideline Plaintiff's pursuit of justice while they pursue an unmeritorious appeal.  With further delay, there is an "inherent, and increasing, risk that

memories will fade and witnesses will become unavailable the longer this case remains unadjudicated." *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152-M, 2015 U.S. Dist. LEXIS 159519, at *10 (N.D. Tex. Nov. 24, 2015).

Finally, the denial of a stay is in the public's interest. The public has an interest in "prompt resolution" of this litigation. *Polyurethane Foam*, 2014 U.S. Dist. LEXIS 191545 at *14; *see Cobalt*, 2017 U.S. Dist. LEXIS 134495, at *16 ("The public interest . . . favors speedy resolution of disputes."); *DL v. District of Columbia*, 6 F. Supp. 3d 133 (D.C. Cir. 2014) (same); *see also Erica P. John Fund, Inc.*, 2015 U.S. Dist. LEXIS 159519, at *11 ("continued delay in the resolution of this matter may erode public confidence in the judicial process"). A stay does nothing more than unnecessarily delay resolution of this litigation. *See, e.g.*, *In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001) ("[P]arties should not view Rule 23(f) as a vehicle to delay proceedings in the district court."). The public's interest in prompt resolution of civil cases is especially evidenced where, as here, the integrity of the securities markets is involved. *See, e.g.*, *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1242 (N.D. Okla. 2003) (observing that "public interest in integrity of securities market[s] militates in favor of expeditious prosecution of civil litigation").

For all the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' request to stay discovery and enter the proposed schedule.

### C. Proposed Case Management Order

In the event the Court does not extend the current stay in light of Defendants' pending Rule 23(f) Petition, the parties have met and conferred and have agreed on the following deadlines to govern the remainder of the case:

| Matter | Original Date | New Date |
|---|---|---|
| Fact Discovery Cutoff | March 29, 2019 | October 7, 2019 |
| Deadline to Submit Joint Mediation Report | April 1, 2019 | October 10, 2019 |
| Deadline for Filing Discovery-Related Motions | April 17, 2019 | October 28, 2019 |
| Parties Declare Experts and Produce Expert Reports Pursuant to Fed. R. Civ. P. 26(a)(2) | May 15, 2019 | December 2, 2019 |
| Rebuttal | June 19, 2019 | January 14, 2020 |
| Completion of Expert Depositions | July 31, 2019 | February 24, 2020 |
| Dispositive & *Daubert* Motions | | |
| Opening Briefs | September 27, 2019 | April 9, 2020 |
| Oppositions | November 15, 2019 | June 11, 2020 |
| Replies | December 20, 2019 | July 16, 2020 |
| Pretrial Conference | April 17, 2020 | November 5, 2020 |
| Trial | April 21, 2020 | November 9, 2020 |

In addition, Plaintiff respectfully requests that the Court set a telephonic conference to discuss additional discovery-related items set forth in Plaintiff's December 28, 2018 Motion to Extend Deadlines.

DATED: April 15, 2019

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

*s/ Christopher M. Wood*
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

DATED: April 15, 2019

Respectfully submitted:

/s/ *Steven A. Riley*
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Joint Submission Regarding Amended Case Management Order was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

David J. Schindler
Brian T. Glennon
Anna E. Berces
Morgan E. Whitworth
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
david.schindler@lw.com
brian.glennon@lw.com
anna.berces@lw.com
morgan.whitworth@lw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| Christopher Hamp Lyons | Jerry E. Martin |
| Christopher M. Wood | BARRETT JOHNSTON MARTIN & |
| ROBBINS GELLER RUDMAN | GARRISON, LLC |
| & DOWD LLP | Bank of America Plaza |
| 414 Union Street | 414 Union Street |
| Suite 900 | Suite 900 |
| Nashville, TN 37219 | Nashville, TN 37219 |
| clyons@rgrdlaw.com | jmartin@barrettjohnston.com |
| cwood@rgrdlaw.com | |

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
 & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

this 15th day of April, 2019.

                /s/ Steven A. Riley
                Steven A. Riley