UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,<br><br>Defendants. | Case No. 3:16-cv-2267<br>Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

CoreCivic, Inc. ("CoreCivic") and Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, ("Amalgamated") have filed a Joint Submission Regarding Amended Case Management Order (Docket No. 168), in which the parties set out their respective positions regarding whether the court should grant a 60-day stay of party-related fact discovery while the Sixth Circuit considers whether to grant CoreCivic's Fed. R. Civ. P. 23(f) request for a permissive appeal of the court's March 26, 2019 Order granting class certification (Docket No. 166). CoreCivic argues that a stay would prevent unnecessary expenditure of resources while it pursues a meritorious appeal based on unresolved questions of law on which CoreCivic's position is likely to prevail. Amalgamated argues that the court should not grant a stay because CoreCivic has failed to demonstrate that it satisfies any of the usual factors required to justify a stay.

Rule 23(f) permits, but does not require, a district court to grant a stay pending appeal. The parties agree with regard to the factors the court should consider in making its stay

determination. (See Docket No. 168 at 3, 6.) As it typically does when determining whether to grant a stay pending appeal, the court will consider "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

CoreCivic points out, however, that it has sought only a time-limited stay of discovery, a relatively narrow request. It has not, as many appellants do, sought to stay any kind of preliminary injunctive relief or other exercise of the court's judicial power beyond the court's power to manage discovery. Accordingly, the court's decision, CoreCivic argues, is within its "broad discretion under the rules of civil procedure to manage the discovery process and control [its] docket[]." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

The management of discovery is an essential aspect of case management and is, therefore, an area that is uniquely within the discretion of a district court. The court, accordingly, possesses wide discretion in deciding how strong a showing CoreCivic must make under the traditional factors relevant to the consideration of a stay request. With that in mind, the court will grant the stay. Although the court did not ultimately adopt CoreCivic's position regarding class certification, it recognizes that CoreCivic's appeal is based on colorable interpretations of unsettled and frequently unclear case law. A brief stay is unlikely to injure Amalgamated or any third party, and the harms CoreCivic would face from potentially unnecessary, invasive and burdensome discovery are of legitimate concern. Moreover, insofar as discovery might lead to

the revelation of information that could lead to reputational harm to CoreCivic and/or its executives, the harm could be considered irreparable.

Based on the foregoing, it is hereby **ORDERED** that, for a period of 60 days from the entry of this Order, the only discovery that may proceed is outstanding third-party discovery. All other discovery is **STAYED**. It is **ORDERED** that, prior to the expiration of the stay, the parties shall jointly file a revised Proposed Case Management Order.

It is so **ORDERED**.

ENTER this 18th day of April 2019.

ALETA A. TRAUGER
United States District Judge