No. 19-0504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 23, 2019
DEBORAH S. HUNT, Clerk

In re: CORECIVIC, INC., DAMON T. )
HININGER; DAVID M. GARFINKLE; TODD J. )
MULLENGER; HARLEY G. LAPPIN, Director, )   O R D E R
                                         )
      Petitioners.                       )

Before: KETHLEDGE, BUSH, and MURPHY, Circuit Judges.

In this securities fraud litigation, Defendant CoreCivic, Inc. and four of its current and former executive officers (collectively "CoreCivic") petition under Federal Rule of Civil Procedure 23(f) for permission to appeal the district court's interlocutory order certifying a class action. Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Amalgamated"), opposes the petition.

Under Rule 23(b)(3) we are authorized to permit an appeal from the grant or denial of a motion for class certification. "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam). There are four specific factors that guide our consideration of a petition to appeal under Rule 23(f). First, the "death-knell" factor recognizes "that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* at 960. Second, if the case "raises a novel or unsettled question," it "may also be a candidate for interlocutory review." *Id.* Third, "the

likelihood of the petitioner's success on the merits is a factor" to be considered. *Id.* Fourth, "the posture of the case as it is pending before the district court is of relevance." *Id.*

CoreCivic challenges the framework applied by the district court as it relates to the presumption of reliance endorsed in *Basic Inc. v. Levinson*, 485 U.S. 224, 243 (1988), and the legal standard for rebutting the presumption of reliance when plaintiffs are proceeding under a price maintenance theory. Our case law supports the legal standard that the district court applied. *See Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Morg. Corp.*, 830 F.3d 376, 385 (6th Cir. 2016)). Having reviewed the district court's order, CoreCivic's petition, and Amalgamated's response, we thus find that an interlocutory appeal is not warranted.

The defendant's petition for permission to appeal the class certification decision is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 23, 2019

Mr. Andrew Love
Robbins Geller Rudman Dowd
1 Montgomery Street
Suite 1800
San Francisco, CA 94104

Ms. Melissa Arbus Sherry
Latham & Watkins
555 11th Street, N.W.
Suite 1000
Washington, DC 20004

Re:  Case No. 19-504, *In re: CoreCivic, Inc., et al*
     Originating Case No. : 3:16-cv-02267

Dear Counsel:

The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Karen S. Fultz
                              Case Manager
                              Direct Dial No. 513-564-7036

cc:  Ms. Susan Katina Alexander
     Mr. Kirk L. Davies
     Mr. Brian Glennon
     Mr. Jeremy Alan Lieberman
     Mr. Roman Martinez
     Mr. Milton S. McGee, III
     Mr. Steven A. Riley
     Mr. David J. Schindler
     Mr. Morgan E Whitworth

Enclosure

No mandate to issue