UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>  vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                        Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>STIPULATION AND ORDER AMENDING PROTECTIVE ORDER TO PROTECT SOURCE SELECTION INFORMATION |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown; and

WHEREAS, Corrections Corporation of America. (n/k/a CoreCivic, Inc.), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (referred to herein as "Defendants") and their outside counsel at Latham & Watkins LLP and Riley Warnock & Jacobson PLC (referred to herein as "Outside Counsel" for Defendants), and Amalgamated Bank, as Trustee for the LongView Collective Investment Fund (referred to herein as "Plaintiffs") and its outside counsel at Robbins Geller Rudman & Dowd LLP and Barrett Johnston Martin & Garrison, LLC (referred to herein as "Outside Counsel" for Plaintiffs), propose to amend the Stipulation and Protective Order entered into on February 12, 2018 (ECF No. 86) to address the handling of source selection sensitive materials;

IT IS STIPULATED AND AGREED THAT:

1.  Any party or third party that is subject to a demand of Outside Counsel for the production of records may designate as source selection sensitive any material that it believes in good faith is protected by the Federal Acquisition Regulation or the Procurement Integrity Act, 41 U.S.C. §423, because it contains (i) bid prices submitted in response to a Federal agency invitation for sealed bids, or lists of those bid prices before public bid opening; (ii) proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices; (iii) source selection plans; (iv) technical evaluation plans; (v) technical evaluations of proposals; (vi) cost or price evaluations of proposals; (vii) competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract; (viii) rankings of bids, proposals or competitors; (ix) reports and evaluations of source selection panels, boards or

advisory councils; or (x) other information marked as "Source Selection Information" based on a case-by-case determination by the head of the agency, his designee or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates ("Source Selection Information"); all material so designated shall be referred to in this Protective Order as "Source Selection Information" and shall be handled in accordance with the terms of this Protective Order.

2. Source Selection Information shall be designated as such by the party or third party in one or more of the following ways: (a) information contained in any document or part thereof may be so designated by marking the phrase "SOURCE SELECTION INFORMATION" on the document or any copy of it delivered to the Outside Counsel; or (b) by giving written notice to Outside Counsel, describing the document or portion thereof either specifically or by category. Any such designation shall subject the Source Selection Information to this Protective Order without any further act on the part of the third party.

3. The Outside Counsel to which Source Selection Information is produced shall treat such Source Selection Information as strictly confidential. Source Selection Information shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever. 45 C.F.R. §164.512(e)(1)(v)(A). Nothing in this Protective Order shall be interpreted to prohibit or prevent a third party from using or discussing its own Source Selection Information in any way it sees fit or to so use or discuss that material for any reason.

4. Source Selection Information may be disclosed or made available only to attorneys employed by Outside Counsel who have been specifically assigned to work on this Action and their support staff as described below. Source Selection Information may be disclosed to Outside Counsel's support staff (paralegal, clerical and administrative personnel) who are employed or

supervised by such Outside Counsel identified in this Agreement. Support staff who are not directly employed or supervised by Outside Counsel may not be given access to Source Selection Information; thus, for example, Source Selection Information may not be disclosed to individual(s) in a typing service working at locations other than that of Outside Counsel. It is the responsibility of Outside Counsel to take all reasonable precautions necessary to prevent disclosure of Source Selection Information in any manner that is contrary to this Protective Order. Neither Plaintiffs nor Defendants, nor any other third party other than the producing third party, may obtain access to any Source Selection Information. Plaintiffs and Defendants also agree that they will not ask Outside Counsel or Outside Counsel's support staff to disclose any Source Selection Information. Plaintiffs and Defendants understand that, in an abundance of caution, these prohibitions against disclosure are necessary to preclude any person or entity from potentially gaining an unfair competitive advantage that could result from access to Source Selection Information. This Protective Order also does not prohibit Outside Counsel from making Source Selection Information available to:

   (a) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

   (b) The author or recipient of the document(s), and if the author or recipient of the document(s) is an employee, officer or director of defendant Corrections Corporation of America, such document may also be made available to other employees, officers or directors of Corrections Corporation of America involved in the prosecution or defense of this Action;

   (c) Individual experts or consultants retained by Outside Counsel, provided that they shall first have executed the Undertaking for Source Selection Information attached hereto and

provided a copy of such Undertaking for Source Selection Information to Outside Counsel for the party retaining such experts or consultants; and

    (d) The Court, Court personnel and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

  5. Plaintiffs, Defendants and Outside Counsel acknowledge that a violation of the terms of this Protective Order may result in the imposition of such sanctions authorized by law and appropriate under the circumstances, including, for example: the possible exclusion of a contractor from a competitive procurement; referral to the Department of Justice for prosecution under the Procurement Integrity Act, 41 U.S.C. §423; referral to the appropriate bar association or other disciplinary bodies; and/or notification of the violation to other forums or courts as warranted. The procedures for use of Source Selection Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. Any party intending to use Source Selection Information at any hearing or the trial of this matter shall give the United States five days' notice in advance of the hearing or trial so that the United States can consider whether, or to what extent, to object to the disclosure of the Source Selection Information.

  6. In the event that any Source Selection Information is used in any Court proceeding in this Action or any appeal therefrom, such Source Selection Information shall not lose its status as Source Selection Information through such use unless the Court orders otherwise. Any copy of Source Selection Information submitted to the Court in connection with a motion or court proceeding shall be filed under seal, redacted or protected from public disclosure by another procedure agreed upon by the parties. If the parties do not agree on a different procedure, counsel for the party seeking to use Source Selection Information in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party five days in advance of the

filing to give the Producing Party the opportunity to move the Court for leave to file the Source Selection Information under seal (or to seek substantially similar protection in the manner provided for by the applicable local rules). Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information. Nor shall this Protective Order affect the right of any party to seek any other relief to guard against any use of protected Source Selection Information to the unfair prejudice of a party by another party.

7. Absent agreement of the parties, Source Selection Information shall be used only for the prosecution or defense of this Action (including any appeals) and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders or with the prior written consent of the Producing Party with respect to specifically identified Source Selection Information.

8. The inadvertent failure to mark a document or testimony, or a portion thereof, as Source Selection Information in no way alters or waives the protected and source selection sensitive nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Outside Counsel, in writing, within a reasonable time after becoming aware that the Source Selection Information was not properly designated. Such written notice shall identify with specificity the information or documents the third party is then designating to be Source Selection Information and shall promptly provide a replacement copy of such material with the appropriate Source Selection Information designation thereupon. Such Source Selection Information shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not

a breach of this Protective Order. If, prior to receiving such notice, the Outside Counsel has disclosed the Source Selection Information to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Source Selection Information or to otherwise assure that the recipient(s) maintain the confidentiality of the Source Selection Information.

9. If a party objects to another party's designation of information as "Source Selection Information," it shall advise the designating party in writing of the reasons for the objection, and the parties shall meet and confer within fourteen (14) days in a good faith effort to resolve the objection. All items objected to shall continue to be treated as Source Selection Information pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation within twenty-one (21) days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The designating party bears the burden of persuading the Court that the information is in fact source selection information within the definitions set forth above and applicable under governing statute or regulation. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

10. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

DATED: August 28, 2019

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

- 6 -

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

DATED: August 28, 2019

RILEY WARNOCK & JACOBSON, PLC
STEVEN A. RILEY, #6258
MILTON S. McGEE, III, #024150

            s/ Milton S. McGee, III
            MILTON S. McGEE, III

1906 West End Avenue
Nashville, TN 37203
Telephone: 615/320-3700
615/320-3737 (fax)

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
BRIAN T. GLENNON
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213/485-1234
213/891-8763 (fax)

- 7 -

LATHAM & WATKINS LLP
ANNA E. BERCES
MORGAN E. WHITWORTH
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415/391-0600
415/395-8095 (fax)

Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin

\* \* \*

**O R D E R**

IT IS SO ORDERED.

DATED: 8/29/19

THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE