UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>               Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br><u>CLASS ACTION</u><br><br>OBJECTIONS AND RESPONSES OF DEFENDANTS CORECIVIC, INC., DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER AND HARLEY G. LAPPIN TO PLAINTIFF AMALGAMATED BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

PROPOUNDING PARTY:     Amalgamated Bank, as Trustee for the LongView Collective Investment Fund

RESPONDING PARTIES:    Defendants CoreCivic, Inc., f/k/a Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin

SET NUMBER:            One (Nos. 1 - 14)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Middle District of Tennessee, Defendants CoreCivic, Inc., ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (collectively, "Defendants"), by and through their undersigned counsel, hereby object and respond to the First Set of Requests for Production of Documents to Defendants (the "Requests") by Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff").

## PRELIMINARY STATEMENT

The following responses are based upon the facts, documents, and information presently known and available to Defendants. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses. Furthermore, these responses were prepared on Defendants' good faith interpretation and understanding of the definitions in the Requests, and are subject to correction for inadvertent errors or omissions, if any. Defendants reserve the right, but do not assume any obligation beyond the requirements of the Federal Rules, to amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to a Request is not a waiver by Defendants of its right to object to any other part of the Request.

The fact that Defendants have objected to any specific Request does not indicate that documents or information responsive to that Request actually exist or ever existed. Similarly, Defendants' assertion that they will produce documents in response to a particular Request should not be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendants will undertake a reasonable inquiry to

1

identify and produce responsive documents within its possession, custody or control should any such documents be found and located upon reasonable inquiry. Defendants may produce documents that they believe may be responsive to a particular Request and reserve the right to assert subsequently that such documents are not of the type called for by any particular Request. Defendants decline to produce multiple copies of the same document(s) when the same information is sought by multiple Request(s). Each document produced in response to any of the Requests is deemed to be produced in response to every other Request to which it is or may be responsive.

In objecting and responding to the Requests, Defendants do not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses herein or by the production of particular documents or information in response to the Requests. Defendants reserve the right to challenge on evidentiary grounds any information or documents provided in response to the Requests.

Defendants note that the requested documents likely will contain confidential, sensitive and proprietary information. Defendants will produce any responsive, non-privileged documents, things, or electronically stored information ("ESI") on a rolling basis pursuant to the Stipulated Protective Order, entered by the Court on February 7, 2018, and in accordance with a scope mutually agreeable to the parties.

Subject to the foregoing, Defendants respond as follows:

## OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiff's Definitions Nos. 5, 11-12, and 14 on the following grounds:

1.    Defendants object to Definition Nos. 5 ("CoreCivic" or "Company") and 14 ("Individual Defendants") as overly broad, unduly burdensome, vague and ambiguous in that these definitions include various unnamed persons or entities other than Defendants in this

2

action.  Defendants respond to Plaintiff's Requests for Production on behalf of themselves and not on behalf of others.

2.     Defendants object to Definition No. 11 ("Electronically stored information" or "ESI") as overly broad and unduly burdensome and as seeking irrelevant information in that it includes items that are not reasonably accessible and/or are unlikely to contain non-duplicative, relevant information (e.g., "file fragments").

3.     Defendants object to Definition No. 12 ("Employee") as vague and ambiguous in that it includes categories of persons who are not CoreCivic employees, including but not limited to directors and investment bankers.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to Plaintiff's Instructions Nos. 1, 2, 3, 4, 7, 8, and 9 on the following grounds:

## INSTRUCTION NO. 1:

All documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, i.e., documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

## OBJECTIONS TO INSTRUCTION NO. 1:

Defendants object that the terms "folders," "binders," "covers," "containers," and "facsimile" are vague and ambiguous as it pertains to ESI.

Defendants further object that this Instruction is unduly burdensome as it pertains to ESI.

## INSTRUCTION NO. 2:

In responding to these requests, you shall produce all responsive documents (including those stored electronically) that are in your possession, custody or control, or in the possession,

custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

**OBJECTIONS TO INSTRUCTION NO. 2:**

Defendants object to this Instruction as inconsistent with Federal Rule of Civil Procedure 34(a)(1) to the extent it purports to require them to produce documents that are not in their possession, custody or control.

**INSTRUCTION NO. 3:**

Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Plaintiff *original* documents, including those stored electronically, as they are kept in the usual course of business.  If the original is not in your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

**OBJECTIONS TO INSTRUCTION NO. 3:**

Defendants object to the term "original" as it pertains to ESI.  For the purpose of responding to the Requests, Defendants shall define "original" to include "any printout – or other output readable by sight – if it accurately reflects the information" pursuant to Rule 1001(d) of the Federal Rules of Evidence.

**INSTRUCTION NO. 4:**

If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

(a) which privilege is claimed;

4

(b) who is asserting the privilege;

(c) a precise statement of the facts upon which said claim of privilege is based; and

(d) the following information describing each purportedly privileged document:

(i) a brief description sufficient to identify its nature, i.e., agreement, letter, memorandum, type, etc.;

(ii) a brief description sufficient to identify its subject matter and the purpose of the document;

(iii) the date it was prepared;

(iv) the date it bears;

(v) the date it was sent;

(vi) the date it was received;

(vii) the identity of the person preparing it;

(viii) the identity of the person sending it;

(ix) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x) a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi) all persons to whom its contents have been disclosed; and

(xii) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

## OBJECTIONS TO INSTRUCTION NO. 4:

Defendants object that this Instruction is unduly burdensome and exceeds the requirements under Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

5

**INSTRUCTION NO. 7:**

You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

**OBJECTIONS TO INSTRUCTION NO. 7:**

Defendants object to this Instruction to the extent it seeks information not relevant to any claim or defense under Federal Rule of Civil Procedure 26(b)(1).

**INSTRUCTION NO. 8:**

Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

**OBJECTIONS TO INSTRUCTION NO. 8:**

Defendants object to this Instruction as disproportionate to the needs of the case and on the basis that it seeks information that should be sought, if at all, through interrogatories.

**INSTRUCTION NO. 9:**

If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

(i) whether the document is missing or lost;

(ii) whether it has been destroyed;

(iii) whether the document has been transferred or delivered to another person and, if so, at whose request;

(iv) whether the document has been otherwise disposed of; and

6

(v) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

## OBJECTIONS TO INSTRUCTION NO. 9:

Defendants object to this Instruction as disproportionate to the needs of the case and on the basis that it seeks information that should be sought, if at all, through interrogatories.

## OBJECTIONS TO FORMS OF PRODUCTION

Defendants object to Plaintiff's proposed production specifications on the grounds that they would impose unnecessary and disproportionate burdens or expenses and/or exceed the requirements under the Federal Rules of Civil Procedure, applicable case law and Administrative Order No. 174. By way of example only, and not limited to, (1) Plaintiff's instruction that "TIFF images of e-mail messages should include the BCC line" would require extensive manual effort and would be unduly expensive and unnecessary, (2) Plaintiff's instruction of OPT for images and a delimited file for metadata is vague and incomplete, (3) Plaintiff's "FILEPATH-DUP" category is non-standard, (4) Plaintiff's specification that "[r]emoval of duplicate documents should only be done on exact duplicate documents" is unduly burdensome, unnecessarily costly, and serves no benefit to the Plaintiff, (5) Plaintiff's instruction that Defendants "provide an overlay file no later than three days after the date of each rolling production" is unreasonable and unduly burdensome, (6) Plaintiff's statement that use of review technologies "requires the consent of the receiving party" is contrary to applicable rules and case law, and (7) Plaintiff's form of production specifications for hard copy documents and FILEPATH field would require unnecessary expense, burden and vendor involvement. Defendants agree to engage in good faith meet and confer discussions with Plaintiff's counsel to resolve any disputes regarding the form of production for both hard copy and ESI discovery.

7

## OBJECTIONS TO RELEVANT TIME PERIOD

Defendants object to Plaintiff's use of "January 1, 2011 to March 1, 2017" as the "Relevant Time Period" for the Requests. Plaintiff's proposed time period is arbitrary, substantially larger than the purported class period, and renders the Requests overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case.

## RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All contracts between CoreCivic and the BOP or any subcontractor concerning the BOP Prisons, together with all: (i) exhibits to the agreement; (ii) documents incorporated by reference into the agreement; (iii) other agreements referenced in or affecting the terms of the contract, including side agreements; (iv) notices given or received pursuant to the agreement; and (v) modifications or amendments, or requested modifications or amendments, of the contract after it first became effective (including all documents reflecting the terms of any actual or attempted oral modification of the agreement).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object that the phrase "documents incorporated by reference" is vague, ambiguous, and overly burdensome. Defendants also object to the term "notices" as vague and ambiguous to the extent it does not refer to formal notices issued by the BOP.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible formal BOP notices and contracts, including modifications, amendments, and exhibits,

8

executed between CoreCivic and the BOP during the period February 27, 2012 through August 17, 2016 (the "Class Period") that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**:

All responses to BOP requests for proposals ("RFP"), responses to BOP requests for qualifications ("RFQ") or other proposals by CoreCivic for contracts to operate prisons on behalf of the BOP, together with all amendments or attachments thereto, and all communications regarding the RFP, RFQ or the proposal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in Plaintiff's Consolidated Complaint filed on March 13, 2017 (the "Complaint").

Defendants further object to this Request on the basis that the phrase "all communications regarding the RFP, RFQ or the proposal" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible responses to BOP RFPs to operate prisons, with amendments and attachments, issued during the Class Period that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents used in connection with or distributed at or as a result of any meetings between management of CoreCivic or any of the BOP Prisons and the BOP concerning CoreCivic's services or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

Documents concerning the "monitor[ing]" of CoreCivic's "compliance with contractual requirements, as well as outside agency and accrediting organization standards and guidelines" applicable to the BOP Prisons by CoreCivic's quality assurance department or division, including the tracking of efforts to deliver services and operations.

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably tailored to the claims or defenses at issue in this litigation.

Subject to and without waiving any objections, CoreCivic will produce non-privileged documents concerning the "monitor[ing]" of CoreCivic's "compliance with contractual requirements, as well as outside agency and accrediting organization standards and guidelines" applicable to the BOP Prisons during the Class Period that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All approved staffing plans used at or otherwise relating to the BOP Prisons, together with any amendments or attachments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to the phrase "otherwise relating to" as overly broad, vague, and ambiguous to the extent it seeks irrelevant documents.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

11

**REQUEST FOR PRODUCTION NO. 6:**

All contract facility monitoring reports, follow-up reports, oversight checklists, notices of concern, cure notices, audit reports and award fee determination letters received from the BOP, DOJ, OIG or any other government entity, or prepared internally, concerning any of the BOP Prisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request on the basis that it is vague and ambiguous as to the phrase "concerning any of the BOP Prisons."

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Subject to and without waiving any objections, CoreCivic will produce documents responsive to this Request created during the Class Period that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications provided to or received from the BOP, OIG or DOJ in connection with or concerning the Review, the Yates Memorandum or the Adams County Audit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or

12

control.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all lawsuits by any prisoner or inmate held at any of the BOP Prisons naming CoreCivic or any of its related entities or affiliates, or any of its employees, contractors or agents as defendants, including documents sufficient to identify: (i) the parties to the suit; (ii) the nature of the allegations underlying the suit; (iii) the procedural status or manner of resolution of the suit; and (iv) the terms of any settlements to resolve the suit, including the amount of any monetary payments made as a result of the suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants further object to this Request on the basis that it calls for documents that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.

13

**REQUEST FOR PRODUCTION NO. 9:**

All organizational charts showing the management structure or reporting lines of authority at CoreCivic or the BOP Prisons, or other documents sufficient to identify the management and describe the organizational structure of CoreCivic and the BOP Prisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible organizational charts reflecting the senior level management of CoreCivic during the Class Period that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All written job descriptions used or maintained by CoreCivic or any of the BOP Prisons relating to their: (i) executive management positions; (ii) finance and administration departments; (iii) quality assurance department or division; (iv) medical care or health services departments; (v) security or prison safety departments; (vi) facility administrators or wardens or assistant wardens at the BOP Prisons; and (vii) partnership development or business development department.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

All employee directories, job rosters or similar documents identifying the employees of CoreCivic's corporate divisions or departments or the employees at the BOP Prisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is vague and ambiguous as to the terms "employee directories" and "job rosters."

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 12:

A list of, or other documents sufficient to identify, all independent consultants CoreCivic has used or engaged to market its services to the BOP Prisons or any subcontractor concerning the BOP Prisons, including: (i) the identity of the individual or entity; (ii) the job description or responsibilities of the individual or entity; and (iii) contact information for said individual or entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definitions include individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All employee training, corporate and BOP Prison-specific policy and procedure manuals, including policies and procedures used by or provided to: (i) members of CoreCivic's senior management, (ii) CoreCivic's management with responsibility for the BOP Prisons, (iii) CoreCivic's quality assurance department or division, (iv) CoreCivic's partnership development or business development department, or (v) any of CoreCivic's employees, consultants or contractors involved in: (a) tracking or reporting concerning the BOP Prisons; (b) medical, safety or healthcare services concerning the BOP Prisons; (c) quality assurance and compliance monitoring or reporting; (d) accounting, finance and administration; (e) information technology; or (f) marketing of CoreCivic's facilities or services to government entities, including the BOP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is vague and ambiguous as to the terms "responsibility," "tracking," and "reporting."

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

17

**REQUEST FOR PRODUCTION NO. 14:**

CoreCivic's Code of Ethics, Corporate Social Responsibility Platform or similar policies, and Corporate Integrity Agreements, together with any amendments or attachments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to this Request on the basis that Plaintiff's definition of "CoreCivic" is overly broad and unduly burdensome because the definition includes individuals and entities that have no involvement with and no bearing upon the allegations in this action.

Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the allegations set forth in the Complaint.

Defendants further object to this Request on the basis that it is vague and ambiguous as to the terms "Corporate Social Responsibility Platform" and "Corporate Integrity Agreements."

Defendants further object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce documents responsive to such refined scope, that are reasonably accessible and within Defendants' possession, custody, or control.

DATED: March 1, 2018

Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

18

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T:  (415) 391-0600
F:  (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections
Corporation of America, Damon T.
Hininger, David M. Garfinkle, Todd J.
Mullenger, and Harley G. Lappin*

19

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018, this notice was served by email and U.S. Mail, postage prepaid, on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)


ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
Lead Counsel for Plaintiff


BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
Local Counsel

s/ Steven A. Riley