Robbins Geller
Rudman & Dowd LLP

Atlanta   Chicago    Melville    Philadelphia   San Francisco
Boca Raton   Manhattan   Nashville    San Diego    Washington, DC

Christopher M. Wood
cwood@rgrdlaw.com

November 21, 2018

VIA EMAIL

Brian T. Glennon                             Milton S. "Trey" McGee III
Faraz R. Mohammadi                     Riley Warnock & Jacobson, PLC
Eric C. Pettis                                   1906 West End Avenue
Latham & Watkins LLP                   Nashville, TN 37203-2309
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560

Re:  *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267 (M.D. Tenn.)

Dear Counsel:

Pursuant to ¶10(a) of the Protective Order and the agreement of the parties (*see* plaintiff's letter of October 23, 2018 and defendants' letter of October 28, 2018), plaintiff hereby submits its objections to defendants' privilege assertions as set forth in defendants' privilege logs, sets 1-3, and redaction logs, sets 1-2 (in combination, the "log"). At set forth herein, we object to the log in its entirety.

Defendants' privilege assertions are wholly inadequate. "'[D]escribing a document as "legal advice" or "work product" is not the same as *establishing* that the documents are immune from discovery,'" and "'[e]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery.'" *Clark Const. Grp., Inc. v. City of Memphis*, 2005 WL 6187896, at *3 (W.D. Tenn. Feb. 9, 2005) (first alteration and emphasis in original).[1] For the following reasons, all of defendants' conclusory, blanket assertions of privilege entirely fail to meet this standard.

First, defendants' log, individually as sets and collectively, are and is untimely. *See, e.g.*, *In re Haynes*, 577 B.R. 711, 736 (Bankr. E.D. Tenn. 2017) (finding "first iteration of [privilege] logs [not produced] until sixty-one days after [responding party's] initial responses were served" to be tardy); *see also id*. at 728 ("As a threshold matter, the privilege and redaction logs . . . were not provided *contemporaneously* with the signed discovery responses."). Having now produced a wholly inadequate log, the failure to provide a sufficient log constitutes waiver. *See Etheredge v.*

---

[1]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

1504255_2

Robbins Geller
Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
November 21, 2018
Page 2

*Etheredge*, 2013 WL 4084642, at *4 (M.D. Tenn. Aug. 12, 2013) (defendant's "'failure to provide the court with sufficient specificity to permit the court to determine whether the privilege asserted applies to the withheld documents provides an independent ground for finding a waiver of any privilege or immunity'") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, 2001 WL 34059032, at *2 (W.D. Mich. Feb. 13, 2001)); *Haynes*, 577 B.R. at 740 (citing *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 184-85 (N.D. Iowa 2017)). Defendants first asserted privilege over hundreds of documents they sought to claw back or reproduce in redacted form on September 28, 2018. Then on October 8, 2018, defendants produced privilege and redaction logs for those documents. On October 15, defendants produced second sets of privilege and redaction logs. On October 16, we requested a single, accurate privilege log with consistent, sequential numbering and other information. Defendants have never provided one. On October 18, 2018, defendants notified plaintiff of further documents they wished to claw back. On October 28, 2018, defendants provided their third set of the privilege log covering the second request to claw back documents, produced a cross-reference for documents in set 1 of the log to which defendants had assigned new Bates numbers, and also notified plaintiff that they had withdrawn their assertion of privilege over 11 documents listed in defendants' September 28, 2018 letter, but then excluded from the set 1 privilege and redaction logs produced on October 8, 2018. Not only is each set or volume of logs individually insufficient, the inconsistent and constantly evolving nature of the log sets necessarily inhibits review and discovery.

Second, the log, and the documents listed on it, has not been reviewed by an attorney. *See Haynes*, 577 B.R. at 728 ("On questioning by the Court at the June 29 hearing, counsel of record for UpRight Law indicated that he had not reviewed each item in the privilege logs to determine whether the assertion of any privilege was appropriate."). The log on its face constitutes the mechanical extraction of certain information from emails and their attachments. For example, all documents described as attachments have been assigned the "Sent Date" of the email they were attached to, rather than each document's creation or publication date, and the "Description" for each just adds "Attachment to" to whatever the description of the email it was attached to, rather than a unique description of the privilege to be asserted over that document. Amazingly, other documents are described as "Extraneous JPEG attachment." No lawyer would confuse "extraneous JPEG attachment" for a proper assertion of privilege. Plainly, no one actually looked at the log prior to the time it was provided to us.

Third, we object to defendants' blanket assertions of privilege. "[A] party may not assert a blanket claim for a privilege, but instead the party must assert a privilege claim on a document by document basis." *Clark*, 2005 WL 6187896, at *3; *First Horizon Nat'l Corp. v. Houston Cas. Co.*, 2016 WL 5867268, at *5 (W.D. Tenn. Oct. 5, 2016) (same). The log appears to be an indiscriminate list of emails and all attachments to emails sent to or received from any counsel (*i.e.*,

Robbins Geller
Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
November 21, 2018
Page 3

all documents are described in one of 4 ways: "communication[s] with" counsel; "discussion[s] regarding communication with" counsel; "attachment[s] to communication with" counsel; and combined "communication[s] with" counsel "(and attachments)"). *See Clark*, 2005 WL 6187896, at \*3 (rejecting as bases for privilege assertion "that a document is 'correspondence' or 'meeting notes' or 'a report containing legal information.'"). This blanket assertion of privilege over thousands of documents sent to/received from or attached to emails sent to/received from any counsel is not appropriate and must be reversed. *See Haynes*, 577 B.R. at 729 ("logs [that] included columns for the document date, recipient, author, 'type of document,' 'subject matter,' and privilege type [insufficient] for the Court to review the logs to determine whether they were sufficient **on their face**").

Fourth, we object to the conclusory nature of the stated bases for the assertion of privilege. *See Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 476 (W.D. Mich. 1997) ("The log must be sufficiently detailed so that the court can judge the propriety of assertion of the privilege.") (citing Fed. R. Civ. P. 26(b)(5)). Nearly every entry on the log is conclusorily described as "seeking or receiving legal advice." *Clark*, 2005 WL 6187896, at \*3 ("'[D]escribing a document as "legal advice" or "work product" is not the same as *establishing* that the documents are immune from discovery.'") (alteration and emphasis in original). Although it is labeled an "attorney-client privilege/attorney work product log," the log nowhere identifies which documents are withheld on the basis of attorney-client privilege and which on the basis of the work-product doctrine. *See Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, at \*8 (S.D. Ohio Nov. 13, 2012) ("Where a party fails to assert the attorney-client privilege on its privilege log, the privilege is waived."). Defendants have never told plaintiff when they reasonably anticipated litigation, related to this action or otherwise, such that there is no stated basis for any assertion of work-product protection in the log, at a minimum for any documents created before the filing of this action. *See First Horizon*, 2016 WL 5867268, at \*6 ("it is unclear why First Tennessee asserts work-product protection for documents going back to 2010 when the DOJ began its investigation in 2012"); *id*. ("the party claiming protection bears the burden to 'show[ ] that anticipated litigation was the driving force behind the preparation of each requested document'") (alteration in original) (quoting *360 Constr., Co., Inc. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 353 (E.D. Mich. 2012)). Defendants' unsupported assertions that the documents concern "legal advice regarding" "facility operations" and/or "government contract" and/or "general company operations" are plainly insufficient to establish that either the attorney-client or work product privileges apply.

Fifth, the log does not attempt to describe the positions and affiliations of all participants in the communications. *See Clark*, 2005 WL 6187896, at \*3 ("The privilege log provided by Clark utilizes general categories of persons and entities without identifying anyone by name **and position**."). In the absence of that information, it is impossible for plaintiff to identify what

Robbins Geller
Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
November 21, 2018
Page 4

attorneys were involved, or confirm that those attorneys were operating in a client-counsel relationship, or determine whether any of the participants in the communications are third parties such that disclosure of advice to them results in a waiver of privilege. And even where known attorneys are included on communications, it is entirely unclear from the privilege log that anything privileged was at issue. This concern is particularly acute where third parties, such as Akin Gump, are known to have provided non-legal services – such as lobbying, in Akin Gump's case. *Haynes*, 577 B.R. at 737-38 (business advice and other non-legal services not protected as privileged). The log provides no way for the reader to evaluate whether communications with such third parties were related to legal issues or to business purposes.

Sixth, we also object that the other information provided in the log is entirely insufficient. "Courts require" privilege logs to contain "[a] description of the document explaining whether the document is a memorandum, letter, e-mail, etc." *Id*. at 728-29. The log, however, only describes the documents as "communications," discussions," or "attachments to communications," without describing the type of communication or attachment, or even providing the subject line or title of the documents. Courts also require "[t]he date upon which the document was prepared," and, if different, "[t]he date of the document," but defendants have simply assigned the attachments on the log the same date as the communication to which they were attached. *Id*. at 729. And for documents on Set 2 of the log, the communications and attachments are described collectively as "Communication. . . (and attachments)" without any information concerning how many attachments there were or what type of documents the communication and attachment(s) are. Similarly, none of the documents listed in defendants' Attorney-Client Privilege/Attorney Work Product Log – Set 2 have "[t]he number of pages of the document." *Id*.[2] Nor, at least for the attachments, have defendants provided "[t]he identity of the person(s) who prepared the document" or "[t]he identity of the person(s) for whom the document was prepared." *Haynes*, 577 B.R. at 729.

Seventh, we object that many documents have clearly been shared with outside parties, meaning the claim of privilege has been waived. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) ("As a general rule, the 'attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties'"). For example, documents sent to or received from individuals with addresses ending

---

[2] There is no undue burden in producing a document by document, rather than collective email plus attachments, privilege log. *See, e.g.*, *First Horizon*, 2016 WL 5867268, at *6 (no undue burden where producing party estimated document-by-document log would cost $150,000 and take 3-4 weeks to produce, where amount in controversy was at least $75 million).

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
November 21, 2018
Page 5

in "@bop.gov" are clearly not protected by the privilege.[3]  Similarly, there is no basis to treat communications with individuals using their personal email addresses as privileged, at least without providing significantly more information.  For example, the email sent from Jeb Beasley, Managing Director, Partnership Relations, to Bart Verhulst, VP, Federal & Local Partnership Relations (CORECIVIC_0005375), and someone named Craig Unger at the email address "trustunger@gmail.com,"[4] does not appear to be a "communication with Outside counsel."  Nor are documents or communications shared with any other outside parties, such as auditors, protected by the privilege.  *See First Horizon*, 2016 WL 5867268, at *10 ("disclosure of privileged communications to outside auditors waives both attorney-client privilege and the work-product protection . . . any information provided to KPMG cannot have been furnished 'in anticipation of litigation' but was furnished to KPMG in its capacity as an outside auditor") (citing *In re King Pharms., Inc. Sec. Litig.*, 2005 WL 8142328 (E.D. Tenn. Sept. 21, 2005)).

Finally, we object that defendants have withheld or clawed back the vast majority of the documents in the log in their entirety, rather than producing or reproducing them with redactions.  *Haynes*, 577 B.R. at 729 ("Courts require . . . a showing, again based on competent evidence, 'that the documents do not contain or incorporate non-privileged underlying facts.'").

---

[3]  The log is unclear as to what the basis for asserting privilege over these documents is.  To the extent that defendants believe that communications with a government agency may be privileged, they are in error.  *First Horizon*, 2016 WL 5867268, at *6 ("'[c]onfidentiality is not a recognized basis for withholding discovery,' even when such a confidentiality restriction is imposed by a U.S. agency") (quoting *Hanas v. Inner City Christian Outreach Ctr., Inc.*, 2007 WL 551609, at *2 (E.D. Mich. Feb. 20, 2007) (citing *In re Bankers Tr. Co.*, 61 F.3d 465, 470 (6th Cir. 1995)).

[4]  According to a Google search, that email address is associated with a security solutions company, not "outside counsel."  *See* https://dbia-mar.org/bio.php?n=1722.

Robbins Geller Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
November 21, 2018
Page 6

      Defendants' log is entirely lacking, and the documents listed therein should be produced promptly and in full.

Very truly yours,

CHRISTOPHER M. WOOD

CMW:cs

cc:    Steve Riley
       David Schindler
       Morgan Whitworth
       Dennis J. Herman
       Willow E. Radcliffe
       Christopher H. Lyons
       Kenneth J. Black