UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                   Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

### DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PRIVILEGED AND CONFIDENTIAL DOCUMENTS IN CONNECTION WITH THEIR OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Pursuant to Local Rule 5.03 and the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86) (the "Protective Order"), Defendants respectfully request that the Court grant Defendants leave to file under seal twelve exhibits to their Opposition to Plaintiffs' Motion to Compel Production (the "Motion to Compel") (Dkt. No. 194). The documents Defendants seek to file under sealed contain (i) privileged or attorney work product information and/or (ii) non-public information that Defendants have designated as "CONFIDENTIAL" pursuant to the Protective Order. Such confidential and proprietary information concerns the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, could harm the Company's competitive standing.

**Procedural History and the Documents That Should Remain Sealed**

On February 27, 2020, Plaintiffs filed the Motion to Compel. (Dkt. No. 194). During the February 13, 2020, telephone conference with Judge Trauger, the Court gave both parties permission to submit five documents for an *in camera* review in connection with the Motion to Compel. Plaintiffs thereafter filed 28 documents under seal (Dkt. Nos. 195, 196), including five documents for *in camera* review. The Court then ordered Defendants to file a motion for continued sealing of any of the documents Plaintiffs filed under seal that Defendants maintained were confidential. (Dkt. No. 198). On March 5, 2020, pursuant to the Court's Order, Defendants filed a motion seeking the continued sealing of the five documents Plaintiffs submitted for *in camera* review and which Defendants claim are privileged or attorney work product. (Dkt. 200)

Now, in connection with their Opposition to the Motion to Compel, Defendants respectfully request the Court grant them leave to file under seal the following documents:

1. Email dated December 4, 2015, from Damon Hininger to Jeb Beasley, with the subject line "RE: CCA: A-76," filed as **Exhibit A** to the Declaration of Eric C. Pettis in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Pettis Decl."). This is a privileged document that is being submitted for *in camera* review.

2. Two copies of the same document (one redacted and the other unredacted) titled "Facility Claims Report – Control RM115," filed as **Exhibits B** and **B-1** to the Pettis Decl. These documents contain attorney work product and are being submitted for *in camera* review. These documents also contain personal identifying information for individuals not involved in this litigation.

3. Email dated June 29, 2015, from Kim White to Susan Lindsey, with the subject line "RE: Eloy Detention Center DOL SCA Compliance Review," filed as **Exhibit C** to the Pettis Decl. This is a privileged document that is being submitted for *in camera* review.

4. Email dated September 13, 2014, from Jeb Beasley to Cole Carter, with the subject line "RE: FOLLOW UP: Raher / FOIA litigation," filed as **Exhibit D** to the Pettis Decl. This is a privileged document that is being submitted for *in camera* review.

5. Email dated October 1, 2015, from Samantha Lee to Scott Craddock and Tameka Smith, with the subject line "Contracts Matrix - Update with Billing/Deductions Column," and the attached excerpt of an excel spreadsheet titled "CCA -- Contracts Ethics & Compliance Matrix.XLSX" filed as **Exhibits E** to the Pettis Decl. These are privileged documents that are being submitted for *in camera* review.

6. Emails dated April 17, 2014, from Jeb Beasley to Tony Grande and others, with the subject lines "OIG audit." A copy of this email with Bates number CORECIVIC_0030418 is filed as **Exhibit W** to the Pettis Decl. A second copy of this email with Bates number CORECIVIC_0030419 is filed as **Exhibit X** to the Pettis Decl. This document contains confidential information.

7. Email dated November 22, 2016, from Katie Lilley to Natasha Metcalf, cc'ing others with the subject line "Re: Adams OIG Report" with the Bates number CORECIVIC_0101457, filed as **Exhibit Y** to the Pettis Decl. This document contains confidential information.

8. An Amendment of Solicitation/Modification of Contract dated April 11, 2015, with the Bates number CORECIVIC_0002221, filed as **Exhibit Z** to the Pettis Decl. This document contains confidential information.

9. Email chain dated August 21, 2013, from Michael Pugh to Michael Nalley with the subject line "RE: FYI only FW: Northeast Ohio Correctional Center" with Bates number CORECIVIC_1795623, filed as **Exhibit AA** to the Pettis Decl. This document contains confidential information.

10. Email chain dated April 11, 2014, from Tony Grande to Jeb Beasley and Bart Verhulst with the subject line "Fwd: New OIG Audit: Review of the Federal Bureau of Prisons' Private Prison Contract Monitoring" with Bates number CORECIVIC_1795412, filed as **Exhibit BB** to the Pettis Decl. This document contains confidential information.

Defendants do not seek the sealing of the Opposition to the Motion to Compel, the Pettis Decl., and Exhibits F-U to the Pettis Decl.

**Argument**

Defendants request that the Court grant leave to file Exhibits A-E and W-BB to the Pettis Decl. under seal because they contain privileged or work product information and/or confidential and sensitive business information.

In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). With respect to the protection of a party's trade secrets, "[t]he Court should not allow its docket to be used as a source of business information that might harm a litigant's competitive standing," *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2017 U.S. Dist. LEXIS 118712, at *14 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*. Here, good cause exists to maintain Exhibits A-E and W-BB of the Pettis Decl. under seal because these documents are privileged and public disclosure of these documents would reveal proprietary information about the Company.

First, Exhibits A-E contain information protected by the attorney-client privilege and/or the attorney work product doctrine and are being submitted to the Court for *in camera* review. It

- 4 -

is well-established that privileged communications and attorney work product should be sealed. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *2 ("[I]nformation covered by a recognized privilege (such as the attorney-client privilege) . . . overcome[s] the presumption of open records [and should be sealed]."). Even if the Court does not determine that these exhibits are privileged, they are all properly sealed as a proprietary business documents. *See id.* at *14. These documents contain: discussions with counsel government policy (Exhibit A); information about Company policies with respect to governmental mandates (Exhibit C); discussion with in-house counsel regarding pending litigation (Exhibit D); and outside counsel's analysis of various federal contracts (Exhibit E). If any of this information is revealed, it may allow industry competitors to gain a tactical advantage over the Company.

Exhibits B and B-1 are documents prepared by the Company and provided to its external auditor, Ernst & Young, which contain attorney work product and private information of individuals who have no connection to this lawsuit. Exhibit B, the produced version with work product redacted, lists the names of employees who filed worker's compensation claims—publishing this document would invade the privacy rights of those individuals. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (stating that documents that invade "privacy rights of . . . third parties" should be sealed). Exhibit B-1, the unredacted version, contains the same third-party information and additionally contains the mental impression of in-house counsel regarding the claims. That information is clearly protected as attorney work product and, therefore, should be sealed. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *2.

Second, Exhibits W-Y and BB consist of email chains in which Company employees analyze, assess, and draft responses to audits conducted by the Office of the Inspector General ("OIG"). OIG audits are one of the ways in which the Company receives feedback regarding the services it performs. Thus, the Company's analysis, evaluation, and response to these audits are

Case 3:16-cv-02267   Document 203   Filed 03/12/20   Page 5 of 11 PageID #: 5458

- 5 -

business functions that are essential to its relationships with partners and to procuring future business. These communications, if disclosed, could be used by competitors "as a source of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598. The fact that Exhibit Y was sent by the Company's consultant does not change the analysis. Communications with consultants that reveal sensitive business information are properly sealed. *See Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2019 U.S. Dist. LEXIS 9684, at **11-12 (W.D. Ky. Jan 18, 2019) (maintaining seal over document containing an exchange between a company and its consultant because it contained "business information that might harm [the company's] competitive standing").

Third, Exhibit Z is an amendment to a contract between the Company and the Bureau of Prisons ("BOP"). The discussion regarding the amendment reveals information about the Company's strategic business decisions. The corrections industry is very competitive and, if published, the Company may be competitively harmed. Simply stated, this document reflects the Company's "proprietary business communications and operations," which, if made public, would give competitors an advantage in the marketplace. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *9.

Finally, Exhibit AA is a redacted email that contains advice from in-house counsel regarding its Northeast Ohio facility. The unredacted portions contain information regarding the Company's staffing of that facility. If this information were disclosed, a competitor may be able to take advantage of this information which could negatively impact the Company's ability to compete for business. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *14.

Defendants appreciate that "there is a 'strong presumption' in favor of open court records," but recognize that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *5. However, "the lesser the public

interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Id*. at *17. There is no public interest in disclosing privileged or work product documents. Moreover, in this case, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded). The representative plaintiff for the shareholders, for which the sealed information is apparently relevant, already has access to the non-privileged documents Defendants seek to keep confidential. The general public has little to no interest in these internal business documents. Indeed, the most pertinent information (*i.e.*, the release of the underlying OIG audits, and the outcome pending litigation) has long been a matter of public record. The Company's internal strategies for navigating and responding to these events, however, is proprietary, could be unfairly used by the Company's competitors, and should remain confidential.

Finally, Defendants' request to seal is narrowly tailored. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (holding that a document should be sealed when a party can show a compelling reason why it should be sealed and the request is narrowly tailored to serve that reason). Defendants have not requested that the Opposition to the Motion to Compel, the Pettis Decl., and all 28 Exhibits to the Pettis Decl. remain sealed. Rather, Defendants' request is limited to sealing only the small subset of documents that Defendants assert are privileged or attorney work product and that contain a "small amount of information" which "is proprietary and would harm [the Company's] business interests if released." *See Netjets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, 2016 U.S. Dist. LEXIS 130837, at *4 (S.D. Ohio Sep. 23, 2016) (upholding order to seal limited proprietary information).

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to file under seal: Exhibits A-E and W-BB of the Pettis Decl.

- 8 -

DATED: March 12, 2020    Respectfully submitted:

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 12th day of March, 2020.

      /s/ Steven A. Riley
     Steven A. Riley