UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | ) ) | Civil Action No. 3:16-cv-02267 |

NIKKI BOLLINGER GRAE, Individually and ) Civil Action No. 3:16-cv-02267
on Behalf of All Others Similarly Situated, )
                                    ) Honorable Aleta A. Trauger
                Plaintiff, )
                                    ) RESPONSE IN OPPOSITION TO
      vs. ) DEFENDANTS' MOTION FOR CERTAIN
                                    ) CONFIDENTIAL DOCUMENTS TO
CORRECTIONS CORPORATION OF ) REMAIN UNDER SEAL
AMERICA, et al., )
                                    )
                Defendants. )
                                    )

Pursuant to the Court's February 28, 2018 Order Granting Lead Plaintiff's Motion for Leave

to File Under Seal (ECF No. 198), Lead Plaintiff and Class Representative Amalgamated Bank, as

Trustee for the LongView Collective Investment Fund ("Plaintiff"), respectfully submits this

response in opposition to Defendants' Motion for Certain Confidential Documents to Remain Under

Seal (ECF No. 200) ("Motion" or "Mot.").

The standard for sealing documents in the Sixth Circuit is clear:

> The Sixth Circuit has held that a party seeking to seal a document from public
> view must provide "compelling reasons" to seal the document, and demonstrate that
> sealing is narrowly tailored to serve those reasons by analyzing "in detail, document
> by document, the propriety of secrecy, providing reasons and legal citations." *Shane
> Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir.
> 2016) (citing *Baxter Int'l Inc. v. Abbott Labs*., 297 F.3d 544, 545 (7th Cir. 2002));
> *see also* LR 5.03. This standard is higher than that required for protecting documents
> during discovery. *Beauchamp v. Fed. Home Loan Mortg. Corp*., 658 Fed. Appx.
> 202, 207 (6th Cir. 2016).
>
> In seeking to seal competitively-sensitive financial information, the
> proponent bears the burden of showing "'disclosure will work a clearly defined and
> serious injury[.]'" *Shane Group*, 825 F.3d at 307 (quoting *In re Cendant Corp*., 260
> F.3d 183, 194 (3d Cir. 2001)). In delineating the injury to be prevented, "'specificity
> is essential.'" *Id*. at 308. Typically, in civil litigation, "'only trade secrets,
> information covered by a recognized privilege (such as attorney-client privilege), and
> information required by statute to be maintained in confidence (such as the name of a
> minor victim of a sexual assault)'" are enough to overcome the presumption of
> access. *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 545 (7th Cir.
> 2002)).

*Wischermann Partners, Inc. v. Nashville Hosp. Capital LLC*, No. 3:17-cv-00849, 2018 WL

10152593, at *1 (M.D. Tenn. Oct. 3, 2018). Defendants have failed to meet this burden.

First, as set forth in Lead Plaintiff's Motion to Compel Production of Improperly Withheld

Documents (ECF No. 194), the *in camera* documents are not privileged.

Second, defendants have provided no ***evidence*** whatsoever, relying instead on conclusory

assertions to support continued sealing. For example, defendants contend that Exhibit 1 must remain

under seal because "the Company's staffing patterns must remain confidential to maintain the safety

4852-0470-5975.v1

and security of inmates and correctional staff at the Company's facilities." Mot. at 4. But the e-mail

addresses staffing issues from *2013* at a facility that defendant CoreCivic, Inc. no longer operates for

the United States Bureau of Prisons ("BOP"). Moreover, the e-mail does not provide the level of

detail regarding staffing that could reasonably be expected to impact safety and security in any way

– the details reported would be obvious to any inmate in the facility, as the e-mail itself suggests.

While the contents of the e-mail may be embarrassing for defendants, sealing is not warranted.

Exhibits 2-4 relate to defendants' response to audits conducted by the Office of Inspector

General ("OIG"). Defendants' suggestion that these documents "could be used by competitors" to

harm their "'competitive standing'" is entirely speculative and falls far short of the standard required

to justify sealing. *See* Mot. at 5.[1] Indeed, the OIG reports at issue are themselves already public,

and the documents on their face provide no reason to believe they could be improperly used by

competitors to harm defendants. Similarly, Exhibit 5 includes a contract modification that appears to

have been created and/or requested by the BOP, as well as defendants' summary of that

modification. Defendants' suggestion that this document reveals "strategic business decisions" and

that the "Company would be competitively harmed" by its publication is entirely speculative and

patently inadequate. Mot. at 5.[2] *Yoe v. Crescent Sock Co.*, No. 1:15-cv-3-SKL, 2017 WL 11479990,

at *2 (E.D. Tenn. Mar. 24, 2017) ("The party seeking protection from public filing must do more

---

[1]   This is not the first time defendants have made, and the Court has rejected, this argument: "CoreCivic has argued that its internal responses to BOP scrutiny should be kept under seal because their disclosure could harm CoreCivic in the marketplace. (ECF No. 155 at 6.) The Court, however, discerns no serious threat of unfair competition associated with disclosure of the relevant communications." ECF No. 165 at 7 n.2.

[2]   Defendants' inflammatory suggestion that unsealing the documents "could pose a safety risk to inmates and security personnel alike" is unseemly. Mot. at 6. The documents themselves do not appear to include *any* information that could reasonably be expected to pose a safety risk to anyone. And if defendants had any legitimate basis for these serious assertions, they could easily have included a declaration or specific evidence to support their claims, yet they chose not to do so.

- 2 -

than simply allege the information constitutes confidential business information which, if revealed, could harm the company. . . . . 'Evidentiary support is required.'").

Finally, Plaintiff's submission of the documents *in camera*, pursuant to the Court's February 13, 2020 Order, did not violate the terms of the Revised Stipulation and Protective Order (ECF No. 86) ("Protective Order"). *See* Mot. at 2-3. The Protective Order provides:

> [C]ounsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party seven (7) business days in advance of the filing to give the Producing Party the opportunity to move the Court for leave to file the Confidential Discovery Material under seal (***or to seek substantially similar protection in the manner provided for by the applicable local rules***).

Protective Order, ¶12 (emphasis added).

Here, Plaintiff followed the applicable local rules ***exactly***, as allowed by the Protective Order, in submitting the documents under seal. LR5.03. Moreover, defendants are well aware that during the February 13, 2020 Discovery Dispute Telephone Conference, the Court expressly rejected their proposal that Plaintiff provide defendants with copies of the *in camera* documents for their review before submitting them to the Court. In short, Plaintiff did not violate the Protective Order, and Plaintiff intends to continue to submit documents designated as Confidential in compliance with this District's local rules.

Because Defendants have failed to meet their burden to demonstrate that the *in camera* documents are entitled to remain under seal, their Motion should be denied.

DATED: March 12, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

4852-0470-5975.v1

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 12, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
     & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:16-cv-02267    Document 205    Filed 03/12/20    Page 8 of 8 PageID #: 5514