UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                     Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF IMPROPERLY WITHHELD DOCUMENTS |

## I. INTRODUCTION[1]

Characteristically, Defendants' now-operative privilege log has not even been submitted to the Court – Defendants amended the logs to add yet more dubiously clawed-back documents on March 13, 2020. Yet Defendants' privilege claims remain improper and unsupported. Their contentions regarding relevance (which contradict their own identification of responsive documents), hypotheticals (which do not justify any actual privilege claim), and burden (which ignore the massive scale of their fraud and resulting harm) fail.

## II. ARGUMENT

### A. Defendants' Relevance Argument Fails

Defendants were free to withhold irrelevant documents without logging them, to explain that they logged irrelevant documents, or to challenge as irrelevant the documents Plaintiff submitted *in camera*. Defendants did none of these things. Their tardy relevancy challenge fails.[2]

Regardless, the documents are relevant. They were logged only because Defendants, using agreed search parameters (Opp. at 2), found them responsive; there is no further requirement to "tie" documents Plaintiff has never seen to specific requests. Opp. at 8.[3] And the clawed-back documents confirm relevancy. Exhibits 1 and 5 involve BOP concerns with CCA understaffing. Exhibits 2-4 involve the OIG's review of problems at BOP prisons run by CCA and others.

---

[1] This Reply uses terms defined in Lead Plaintiff's Motion (ECF No. 195) ("Motion" or "Mot."). All Exhibit citations herein are to the Declaration of Christopher M. Wood in Support of the Motion (ECF No. 196). All citations omitted and emphasis added unless otherwise indicated.

[2] *Bluewater Music Services Corp. v. Spotify USA Inc.*, 2019 U.S. Dist. LEXIS 221905 (M.D. Tenn. Feb. 22, 2019) (cited in ECF No. 201 ("Opp.") at 8), is inapposite. There, the dispute was ***about*** relevance – of course the movant had to show relevance. Here, Defendants themselves identified the withheld documents as relevant and even now fail to dispute their relevance.

[3] Defendants' other relevancy point – that Plaintiffs have the burden to "explain" why 420,000 documents are "not enough" (Opp. at 8) – misunderstands relevancy and is addressed below.

### B. Defendants' Timeliness Claims Have No Legal Support and Mischaracterize the Motion

Defendants' privilege claims are untimely. First, Defendants delayed their entire *process* of privilege assertion by unilaterally picking an arbitrary initial deadline. Mot. at 3. Second, Defendants delayed *justifying* their claims – including waiting until *last month* to justify their work product claims. Mot. at 11. And third, their subsequent privilege claims have been untimely, including just this year logging some 14,000 documents redacted in 2018. Mot. at 1.

Defendants only address the first of these points. Opp. at 8-9.[4] But their excuses for waiting until October 15, 2018 to justify their withholding of documents find no support in their case law. For example, in *Wellin v. Wellin*, 2015 U.S. Dist. LEXIS 135107 (D.S.C. July 30, 2015), the defendants "conducted a very extensive electronic information search *which took approximately three months to complete*" – meaning the privilege review was contemporaneous with document production and withholding. *Id*. at *42. But here, Defendants waited until long *after* they had withheld thousands of documents before they first "turned to their privilege review." Opp. at 3. Nor does *Wellin* show that "size and complexity" excuse Defendants' delay. *Id*. at 8-9. In *Wellin*, "production ha[d] been made in connection with *multiple cases* and significant discovery requests by *multiple parties*." 2015 U.S. Dist. LEXIS 135107, at *45. Here, there is one case, one requesting party, and no novel issues – Defendants' fraud was extensive but straightforward. Tellingly, while Plaintiff advances a specific standard grounded in case law, *i.e.*, contemporaneity (Mot. at 10-11), Defendants articulate no standard at all; they seek *carte blanche* to set their own deadlines.

---

[4] To the extent that Defendants defend their belated and inadequate attempts to produce a sufficient log, they misstate the record. Plaintiff told Defendants *before* new logs were produced that metadata fields were insufficient to remedy an entirely conclusory "privilege description." *See* Mtn. at 4-6. Plaintiff absolutely did not ask that the privilege description field be removed or lead Defendants "to believe that their amended log satisfied Plaintiffs' complaints." Opp. at 4-5.

Defendants also mischaracterize the meet-and-confer process and Plaintiff's Motion. Plaintiff consistently requested "rolling" privilege justification as documents are withheld – nothing more. Mot. at 3, 10; Opp. at 9. That is why Plaintiff did not dispute the timeliness of Defendants' September 28, 2018 clawback and related October 9, 2018 privilege log; 11 days from privilege assertion to justification is "contemporaneous[]." Mot at 3. Defendants' claim that Plaintiff has invented a "contemporaneous" standard requiring logs *before* document production is absurd. Opp. at 8-9. *In re Haynes*, 577 B.R. 711 (Bankr. E.D. Tenn. 2017), and other cases fault the withholding party where "the privilege and redaction logs . . . were not provided contemporaneously with the signed discovery responses," plural. *Id*. at 722, 724. Contemporaneous does not mean "before" but at roughly the same time as the multiple productions that follow the first substantive discovery response – as Plaintiff has requested since early 2018.

### C. Defendants' Burden Is Proportional to Their Fraud

Though not identified as a separate defense, Defendants repeatedly argue that compliance with their discovery obligations would be overly burdensome.[5] Defendants have not explained how their costs are ***dis***proportional to the needs of the case.[6] Their burden defense fails for this reason alone. *See* Mot. at 10 (failure to justify objections waives privilege). Besides, many of these costs are self-inflicted. Defendants do not say why they did not "discuss" with Plaintiff "'foregoing [sic]

---

[5] *E.g.*, Opp. at 1 ("discovery is both voluminous and lopsided"); *id.* at 12-13 ("burdensome to go into greater specificity"; "adding [specificity] is not proportional to the needs of this case").

[6] Investors suffered hundreds of millions of dollars in damages. ¶15. The Court upheld fraud allegations that support those damages, covering more than four years and relating to matters of public concern. *See* ECF No. 165 at 7 n.2 (noting public concern); *accord* ECF No. 76. Defendants' 420,000 documents produced are not unreasonable compared to, for example, more than 155,000 documents produced by disinterested third party Avondale Partners.

traditional document-by-document logs,'" as A.O. 174-1, §8(b) allows. Opp. at 7. Neither do they subtract the cost of their own discovery errors.[7]

### D. Defendants' Privilege Log Is Insufficient

The sufficiency dispute boils down to two questions: (1) are descriptions of inherently non-privileged matters sufficient to justify a privilege assertion?; and (2) are hypotheticals or exceptions sufficient to justify wholesale withholding? The answer to both is no.

The Federal Rules require logs to contain enough information to "enable other parties to *assess* the [privilege] claim." Fed. R. Civ. P. 26(b)(5)(a)(ii). Defendants turn this standard on its head, describing inherently ordinary business operations and asking Plaintiff to infer privilege. Take REV00001956, an email with subject "FW: Report #11-11-0023," that Defendants describe as regarding "facility operations." Mot. at 12-13; Opp. at 11-12. Facility operations are inherently ordinary business matters, the subject line is meaningless, and the identified legal staff neither sent nor received the email. Defendants nevertheless defend the log by hypothetical: "[a]n email with the generic subject line 'Hi,' *might* seek or provide legal advice"; and by improper burden-shifting: they concede the log could be "more accurate" but argue that it is Plaintiff's burden to draw an "inference" consistent with a proper privilege claim. Opp. at 12.[8] Neither suffices.

Defendants' other sufficiency defenses also are entirely hypothetical. Plaintiff challenged emails to or from non-attorney Metcalf (Mot. at 14-15); Defendants respond only that "communications between non-lawyers . . . *may* still be privileged" (Opp. at 17-18). Plaintiff challenged non-privileged email attachments (*e.g.*, Ex. 4 and attachment; Mot. at 19-20 (describing Daugherty docs)); Defendants respond, "even though one e-mail is not privileged, a second e-mail

---

[7] For example, Defendants note one document's Bates number "changed." Opp. at 18 n.10. That was one of thousands of documents Defendants misnumbered, creating costs for ***both*** parties.

[8] Defendants concede "it makes no sense to rely on the subject line of an email alone to ascertain its substance." *Id.* at 12. But they cite no other way to glean the "substance" – there is none.

- 4 -

forwarding [it] to counsel *might* be," and "an attorney's selection of [attachments] *can* be work product" (Opp. at 14-15).[9] Plaintiff challenged documents shared with third parties, citing specific examples (Mot. at 17-18); Defendants respond that they "[re-]reviewed each document in which Akin Gump appears (Opp. at 16-17). Not one of these responses allows Plaintiff to assess the privilege assertion as to any withheld document. *See Timeline, Inc. v. ProClarity Corp.*, 2006 WL 8454877, at *2 (W.D. Wash. Feb. 23, 2006) ("summarily" made privilege justifications fail). In effect, Defendants say "trust us, but don't verify." The Federal Rules require more.[10]

### E. Plaintiff Has Suffered and Continues to Suffer Prejudice

Plaintiff has suffered prejudice. Plaintiff still lacks relevant documents, has had depositions interrupted, and has expended considerable resources piecing together the facts from Defendants' productions and clawbacks. In addition, where, as here, the withholding party justifies its assertions only in the "abstract," the requesting party, "[a]ssuredly . . . could not articulate, with any greater particularity" prejudice as "to documents which it had [and has] never seen." *Timeline, Inc. v. ProClarity Corp.*, 2006 WL 8454877, at *1 n.2 (W.D. Wash. Feb. 23, 2006); *Klig v. Deloitte LLP*, 2010 WL 3489735, at *6 (Del. Ch. Sept. 7, 2010) ("Just as you can't hit what you can't see, you can't challenge what the other side hasn't described.").

## III. CONCLUSION

For these reasons, the Motion should be granted.

---

[9] Defendants claim that "[t]his 'derivative' privilege claim is valid" (Opp. at 15), but Plaintiff does not dispute that a single document *may* be derivatively privileged. Rather, Plaintiff objects to Defendants' wholesale application of this doctrine, which is the exception, without factual basis.

[10] *See Bridgestone Am., Inc. v. IBM Corp.*, 2015 WL 10990186, at *2 (M.D. Tenn. Oct. 1, 2015) ("Merely commenting that a document *may* be subject to [legal] review [is insufficient]. If this were allowed, almost every document would be privileged anytime an attorney was included on an email.").

DATED: March 19, 2020        Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


                    s/ Christopher M. Wood
                CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff


BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

Case 3:16-cv-02267     Document 206     Filed 03/19/20     Page 9 of 10 PageID #: 5523

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`