UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>[PROPOSED] ORDER GRANTING MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING LEAD PLAINTIFF'S MOTION TO COMPEL |

Having considered the Motion for Review of Nondispositive Order of Magistrate Judge Concerning Lead Plaintiff's Motion to Compel (the "Motion"), the accompanying Memorandum of Law, the pleadings and filings herein and any additional materials and arguments as may be presented in further support of the Motion to the Court, IT IS HEREBY ORDERED that:

1. Plaintiff's[1] Motion is GRANTED.

2. The Order dated April 30, 2020 (ECF No. 211) (the "Order") is hereby overruled to the extent provided below.

3. Within seven days from the date of this Order, Defendants shall produce all documents: (i) where the only "'counsel or legal staff'" listed on Defendants' privilege logs was Natasha Metcalf; (ii) shared with third parties; (iii) previously withheld solely on the basis that they were attached to a privileged email; or (iv) documents withheld, clawed back or redacted as work product.

4. The Court hereby appoints a Special Master under Federal Rule of Civil Procedure 53 to resolve this discovery dispute. The Special Master will conduct a review of a sampling of documents withheld or redacted by Defendants, and decide if privilege applies. The Court adopts the following procedures to govern the Special Master's review:

    (a) Plaintiff and Defendants will each select 50 documents designated as privileged. The Special Master will review these 100 documents.

    (b) Any of the 100 documents that the Special Master finds is not privileged must be disclosed immediately.

---

[1] "Plaintiff" is Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

(c) Any of the 100 documents that the Special Master determines is privileged will not be disclosed.

(d) The Special Master will randomly select and review at least another 200 of the documents marked as privileged.

(e) The randomly selected documents that are not privileged must be disclosed.

(f) The randomly selected documents that are privileged will not be disclosed.

(g) The Special Master's review of the randomly selected documents will be representative of the balance of the documents and will determine whether complete disclosure of the documents is warranted.

(h) If the Special Master finds that 20% or more of the randomly selected documents are not privileged, the balance of documents marked as privileged must be disclosed.

(i) If the Special Master does not make such a finding, complete disclosure of the balance is not warranted.

(j) During the Special Master's review, the Special Master may communicate *ex parte* with the Court.

(k) The Special Master's review is confidential, and the nature of the Special Master's review and the Special Master's findings may not be revealed to anyone other than the Court and the parties.

(l) The Special Master's fees and expenses will be paid by Defendants at a rate of $\_\_\_ per hour.

(m) The Special Master's review will begin on _____, 2020, and continue until complete.

(n) The Special Master will prepare and submit a report of the Special Master's findings to the Court and the parties.

(o) The Court will enter an order adopting the Special Master's findings.

(p) Defendants retain the right to immediately appeal any order for disclosure of documents and to seek a stay from the Sixth Circuit.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE