UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

### DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO LEAD PLAINTIFF'S MAY 15, 2020 MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 5.03 and the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86), Defendants respectfully request that the Court grant them leave to file under seal their Opposition to Plaintiff's Motion for Review of Non-Dispositive Order of Magistrate Judge Concerning Lead Plaintiff's Motion to Compel (the "Motion for Review"). (Dkt. 213).

Defendants seek to seal the Opposition because it includes references to and quotes from Magistrate Judge Frensley's April 30, 2020, Order Granting in Part and Denying in Part Lead Plaintiff's Motion to Compel (the "Order") (Dkt. 211) which was filed under seal. Defendants further request that Plaintiff's Memorandum of Law in support of its Motion for Review

("Plaintiff's Memorandum") (Dkt. 214) remain under seal because it, too, quotes extensively from the sealed Order.

## Procedural History

On February 27, 2020, Plaintiff filed a Motion to Compel and moved the Court for leave to file documents supporting the motion conditionally under seal. (Dkt. 193, 194). The Court ordered Defendants to file a motion to continue the sealing of any confidential documents (Dkt. 198). Defendants filed a motion to continue sealing certain documents that Defendants claimed were privileged, protected by the attorney work product doctrine, and/or otherwise contained confidential information. (Dkt. 200). The Court granted that motion. On March 12, 2020, Defendants moved to file privileged and confidential documents in support of their Opposition to Plaintiff's Motion to Compel under seal. (Dkt. 203). Again, the Court granted Defendants' motion and sealed the documents at issue. On April 30, 2020, Magistrate Judge Frensley issued the Order under seal. (Dkt. 211). Plaintiff is now seeking the Court's review of Magistrate Judge Frensley's Order and, in connection with that review, moved the Court for leave to file its Memorandum under seal (Dkt. 212). The Court granted Plaintiff's motion to file its Memorandum under seal (Dkt. 215).

## Argument

Defendants respectfully request that the Court grant them leave to file the Opposition under seal because it includes references to, and quotes extensively from, the Order that is currently under seal. Likewise, Defendants further request that Plaintiff's Memorandum remain under seal because it quotes extensively from the sealed Order.

Defendants have no opposition to the unsealing of (i) a version of the Order redacting the discussion of and quotations from the privileged documents; (ii) a version of the Plaintiff's Memorandum redacted consistently with the Order; and (iii) a version of the Defendants'

- 2 -

Case 3:16-cv-02267   Document 216   Filed 05/29/20   Page 2 of 6 PageID #: 5615

Opposition redacted consistently with the Order. Magistrate Judge Frensley carefully considered and reviewed the privileged documents the parties submitted in connection with Plaintiff's Motion to Compel, and Defendants appreciate Magistrate Judge Fensley's sensitivity to the nature of these privileged communications.[1] Defendants have reviewed the Order and determined that only portions of it quotes from, or describes the substance of, privileged communications. Defendants are willing to submit a proposed version of the Order with the relevant privileged discussion and quotations redacted. If the Court is agreeable to Defendants' version of the Order with the discussion of the privileged information redacted, it is Defendants position that versions of Plaintiff's Memorandum and Defendants' Opposition can be unsealed in redacted form consistent with the redacted Order.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to file under seal its Opposition to Plaintiff's Motion for Review and maintain the sealing of Plaintiff's Memorandum of Law in Support of its Motion for Review.

---

[1] It is well-established that privileged communications and attorney work product should be sealed. *See Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2017 U.S. Dist. LEXIS 118712, at *2 (W.D. Ky. July 28, 2017) ("[I]nformation covered by a recognized privilege (such as the attorney-client privilege) . . . overcome[s] the presumption of open records [and should be sealed].").

DATED: May 29, 2020            Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

- 5 -

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 29th day of May, 2020.

                                                    /s/ Steven A. Riley
                                                    Steven A. Riley