# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## DECLARATION OF NATASHA METCALF

I, Natasha Metcalf, declare as follows:

1. I am over 18 years of age and am competent to testify as to the matters stated in this Declaration.

2. I am currently Vice President, Partnership Contract Counsel at CoreCivic. Attached as **Exhibit A** is my current biography as it appears on the Company's website.

3. I received my Bachelor's degree from Hampton University and my Juris Doctor degree from the University of Tennessee College of Law. I was first admitted to the Tennessee bar in 1991 and have maintained my law license since that date.

4. After graduation from law school, I began my legal career as an Associate with the law firm Kennerly, Montgomery and Finley in Knoxville, Tennessee. In 1996, I accepted a position as Deputy Legal Counsel to Tennessee Governor Don Sundquist. After approximately one year in Governor Sundquist's office, I became General Counsel for the Tennessee Department of Finance and Administration. In December 1998, I was named the Commissioner of the Tennessee Department of Human Services, a position that I held for 4 years prior to joining CoreCivic. Attached as **Exhibit B** is my current resume.

5. Since joining CoreCivic, I have held several positions at the Company, both inside and outside the Legal Department. I started my tenure at CoreCivic in January 2003 in the Partnership Development Department as Vice President of Local Partnership Relations. Less than two years after assuming that position, I transitioned into the Legal Department as Vice President and Associate General Counsel, Contract Management. In that role, I acted as a lawyer and provided legal advice to Company employees, both at the facility and corporate level regarding our local, state and federal contracts with our government partners. I reported to

1

General Counsel, Gus Puryear and Steve Groom. I served as the direct supervisor to Chelli Jones, Stacey Cason, as well as a paralegal.

6. Then, in 2008, I moved back into the Partnership Development Department and assumed the title of Vice President, Partnership Development. In July 2019, I assumed my current role in the Legal Department as Vice President, Partnership Contract Counsel.

7. I understand that the relevant period for purposes of this lawsuit is August 27, 2011 through February 17, 2017. During that time, I was the Vice President, Partnership Development, in the Partnership Development Department. In that role, I carried out many of the same job responsibilities that I had in the Legal Department, but also had more day-to-day interaction with our government partners, which continues to this day. As Vice President, Partnership Development, I was involved in the Company's contracts with government partners. This meant that I closely coordinated with members of our finance, operations, and the proposal development teams on a regular basis.

8. I collaborated with members of the Legal Department on a regular basis in seeking and obtaining approval for all new contracts and contract modifications. Also, from time to time, the Company's responses to questions or other correspondence from our government partners would require input from members of the Legal Department or outside counsel. In those circumstances, I worked closely with the Legal Department or outside counsel in crafting responses, including seeking legal advice regarding specific items noted by our government partner, gathering information from Company employees to obtain legal advice, and incorporating that legal advice from in-house or outside counsel into the Company's draft responses, among other things.

2

Case 3:16-cv-02267   Document 225   Filed 06/19/20   Page 3 of 7 PageID #: 5693

9. During this period, I reported to Anthony Grande, Chief Development Officer. There were a number of individuals who reported directly to me, including Carol Olson and Ashley Odubeko, Director, Partnership Development, and Miriam Linville, Coordinator, Partnership Development. Stacey Cason, Assistant General Counsel, Contracts, also indirectly reported to me. Ms. Cason reported to Steve Groom and Scott Irwin, General Counsel.

10. Each week I held meetings with Ms. Odubeko, Ms. Linville, and Ms. Cason. These meetings were designed to ensure that we were up to date on all contract activities and so my team could provide updates on the various projects I (and others) had assigned them. While it was not the primary purpose of the meetings, we would discuss (as necessary) legal matters regarding the contracts with our government partners and those conversations would occasionally involve legal advice.

11. In my role, I also worked closely with outside counsel from Wiley Rein, LLP, Akin Gump, among others. Situations in which I would work with outside counsel included, but were not limited to, responding to questions and other correspondence from the Company's government partners, interpreting provisions of federal and state statutes and regulations, and assessing and drafting contract bid protests.

12. Though I was no longer a member of the Legal Department during this time or officially acting in a legal capacity, employees still came to me to request legal advice, often regarding issues of contract interpretation. As a result, during this period, I sometimes facilitated requests for the provision of legal advice. Because of the nature of these conversations, I treated them as privileged.

13. In connection with this declaration and the Court's June 5, 2020 Order, I reviewed several documents and communications sent to or from me (or on which I was copied). Based

on my review, I believe that the documents I understand Defendants are submitting for the Court's review sought, received, or were created in order to facilitate the communication and receipt of legal advice.

14. Pursuant to 26 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on June 19, 2020 in Franklin, Tennessee.

_____
Natasha Metcalf

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

this 19th day of June, 2020.

    /s/ Steven A. Riley
    Steven A. Riley