UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING |

**[REDACTED]**

At issue are Defendants'[1] assertions of privilege over thousands of documents in this litigation and their failure to carry their burden of establishing that these documents are privileged. With the latest development in this ongoing saga – ***Defendants' belated withdrawal of privilege assertions for 89% of the documents ordered by the Court to be submitted for in camera review*** – Plaintiff seeks a telephonic hearing to discuss: (i) whether Defendants' privilege assertions are so inadequate that waiver is the appropriate remedy; (ii) the reopening of depositions to question witnesses regarding the improperly withheld documents; and (iii) any other remedy the Court deems appropriate.

As the Court is aware, between 2018-2020, the parties engaged in lengthy discussions regarding the deficiencies in Defendants' privilege log. *See* ECF No. 195 at 2-8. Defendants were provided ample opportunities to produce responsive, non-privileged documents and withdraw improper claims of privilege, yet they broadly refused to do so.[2] As a result, on February 13, 2020, the Court held a telephonic conference wherein Defendants continued to stand on their privilege assertions, and the Court allowed the parties to brief the issues. ECF No. 192. Thereafter, briefing on Plaintiff's motion to compel was submitted to the Court. ECF Nos. 194, 201, 206. Defendants continued to defend the sufficiency of their privilege logs and the withholding of responsive

---

[1]  "Plaintiff" is Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

[2]  For example, following CCA employee Natasha Metcalf's ("Metcalf") December 19, 2019 deposition, during which she testified that she was ████████████████████████████████ ████████████████████████ Plaintiff specifically asked Defendants to withdraw their privilege claims with respect to her documents. Transcript of Deposition of Natasha Metcalf at 10:7-9; ECF No. 202-14 at 3. On February 5, 2020, Defendants acknowledged that "Ms. Metcalf does not act in a legal capacity at the Company" but refused to withdraw their privilege claims. ECF No. 196-22 at 4-5; ECF Nos. 196-23, 196-24, 196-25 (privilege logs reflecting continued withholding).

documents on the grounds of privilege.  ECF No. 201.[3]  Relying on Defendants' assertions, Magistrate Judge Frensley issued an Order granting in part and denying in part Plaintiffs' motion to compel.  ECF No 211.  Specifically, Magistrate Judge Frensley accepted, based on Defendants' representations, that there were not "widespread problems with CoreCivic's designation of documents or portions of documents as privileged," finding Plaintiff had "not made a sufficient showing" to support "'an implicit determination that the representations made by defense counsel are untrue.'"  *Id.* at 21-23.  Yet, as demonstrated by Defendants' latest submission to the Court, there were in fact widespread problems with CoreCivic's privilege designations, which Defendants had falsely denied.

On May 15, 2020, Plaintiff moved for review of Magistrate Judge Frensley's Order.  ECF No. 213.  In response, Defendants represented to the Court ***for the third time*** that their privilege assertions were proper.  ECF No. 217.[4]  On June 5, 2020, the Court granted in part Plaintiff's objections and ordered that Defendants furnish "a privilege log consisting of entries for ***all documents*** withheld for which Metcalf was the sole identified legal staff ***in prior privilege logs***" and "provide, for *in camera* review, ***all documents*** included in the log."  ECF No. 221 at 22.

Defendants' June 19, 2020 Notice of Filing fails to comply with the Court's June 5, 2020 Order and demonstrates that their prior representations to this Court have been inaccurate.  By way of their submission, Defendants: (i) ***withdrew*** their claims of privilege over 232 documents, ***89%***

---

[3] Defendants represented that Plaintiff's motion was "baseless"; that "Defendants have made appropriate privilege calls and redactions"; and that Defendants had "worked diligently to review each potentially privileged document, produce non-privileged documents, and log or redact each document family withheld on the basis of attorney-client privilege and/or attorney work product." ECF No. 201 at 2-3.

[4] Defendants represented that they had previously "re-reviewed certain categories of withheld or redacted documents" at Plaintiff's request; that their privilege logs were "consistent with their obligations under the Federal Rules of Civil Procedure"; and that Plaintiff was engaged in a "'groundless fishing expedition[].'" ECF No. 217 at 3-4, 18.

***of the Metcalf documents Defendants had previously represented to this Court were privileged***; (ii) produced these documents only to Plaintiff (not the Court) in a thinly disguised effort to conceal the fact that on their face there was no basis to claim privilege over these documents in the first place; and (iii) submitted 28 remaining documents for *in camera* review with an accompanying privilege log and a declaration that, under the circumstances, does not support the claims of privilege over even these few remaining documents. *See* ECF Nos. 224, 225 at Exhibit A.

Plaintiff respectfully submits that the Notice of Filing demonstrates a rampant and widespread abuse of the claim of privilege.[5] *See Hi-Lex Controls Inc. v Blue Cross & Blue Shield of Mich.*, 2013 WL 1688463, at *2 (E.D. Mich. Apr. 18, 2013) (just 20% of random sample improperly withheld sufficient to find withholding in bad faith, supporting finding of total waiver). On multiple occasions, Defendants not only refused to withdraw their claims of privilege but unequivocally told the Court that their privilege claims were appropriate with respect to documents as to which Metcalf was the only "Counsel and Legal Staff Involved," contending that "communications between non-lawyers (or, lawyers not acting in a legal capacity) may still be privileged, if they reflect or request legal advice." ECF No. 201 at 17-18. Relying on Defendants' representations, Magistrate Judge Frensley denied Plaintiff's motion to compel the Metcalf documents, holding that "'the attorney-client privilege may extend to communications between

---

[5] Defendants' suggestion that they have "withdrawn their privilege assertion over a number of documents" in order to "minimize the burden upon the Court" is not credible. ECF No. 224 at 1. Rather, it is apparent that Defendants did not want to submit these documents for the Court's review because they knew there was no credible claim of privilege in the first place. Indeed, if Defendants had simply "withdrawn their privilege assertion[s]" with respect to these documents, this would operate as a voluntary waiver of privilege that would extend to all communications that "concern the same subject matter," necessitating yet further productions. *New Phoenix Sunrise Corp. v. Comm'r*, 408 F. App'x 908, 918 (6th Cir. 2010).

employees that convey legal advice given by an attorney to the corporation.'" ECF No. 211 at 11. Yet the 232 documents withheld by Defendants do not seek or convey legal advice.

In order to complete the record, Plaintiff submits with this filing the remaining documents that Defendants were ordered, but failed, to provide to the Court. *See* Declaration of Christopher M. Wood in Support of Plaintiff's Response to Defendants' Notice of Filing ("Wood Decl."), Exhibit ("Ex.") 1, filed concurrently herewith. While a document-by-document review of these documents may not be necessary at this point, these documents and the corresponding log entries (to the extent Plaintiff can identify them)[6] reveal not only that the documents are obviously non-privileged, but also that many of the withheld documents are highly relevant to Plaintiff's claims and that the log descriptions are so inaccurate and/or meaningless as to undermine any attempt to rely on the privilege log as support for other privilege claims. For example:



---

[6] Defendants have not identified which privilege or redaction log entries correspond to which produced documents. Plaintiff has sought to reconstruct this information from the privilege logs and provided its understanding of corresponding entries below but notes it cannot be certain that the descriptions match the documents given the lack of information provided by Defendants.

[7] The following documents are all filed as part of Ex. 1 to the Wood Decl. The documents in Ex. 1 are reproduced in ascending Bates number order, as produced by Defendants.

- 4 -

Cases\4835-4080-0705.v1-6/23/20
Case 3:16-cv-02267    Document 227    Filed 06/23/20    Page 5 of 12 PageID #: 5717



---
[8] The attachments to the e-mail do not appear to have been produced.



The Court should hold a hearing to consider what remedies are appropriate to redress Defendants' stunning about-face, including, but not limited to: (i) whether Defendants' privilege assertions are so inadequate that waiver is the appropriate remedy; (ii) the reopening of depositions

to question witnesses regarding the improperly withheld documents; and (iii) any other remedy the Court deems appropriate.

DATED: June 23, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

                        BARRETT JOHNSTON MARTIN
                            & GARRISON, LLC
                        JERRY E. MARTIN, #20193
                        Bank of America Plaza
                        414 Union Street, Suite 900
                        Nashville, TN  37219
                        Telephone:  615/244-2202
                        615/252-3798 (fax)

                        Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 23, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjohnston.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

Case 3:16-cv-02267   Document 227   Filed 06/23/20   Page 11 of 12 PageID #: 5723

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`