UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF FILING

Defendants respectfully submit this reply to provide context for the specific dispute now pending before the Court. Contrary to Plaintiffs' contention that Defendants are somehow concealing documents, Defendants have gone to extraordinary lengths to produce a vast universe of material. By September 2018, Defendants had produced approximately 1.4 million pages of documents pursuant to the applicable scheduling order. Those documents were collected from over 60 individual custodians following numerous meet and confer discussions. In order to meet the production deadline, Defendants engaged more than 50 contract attorneys who reviewed approximately 1 million documents for relevance and privilege. While that review was ongoing, Defendants simultaneously performed a second-level review of responsive documents.

Defendants generated privilege and redaction logs containing roughly 25,000 entries (with approximately 9,700 logged for privilege). These logs were amended and supplemented at Plaintiffs' request. Natasha Metcalf appeared in the "Counsel and Legal Staff Involved in Communication" field of Defendants' privilege and redaction logs ***nearly 3,000 times***.[1] The current dispute focuses on a small fraction of those documents: ***roughly 230 documents*** in which Ms. Metcalf was the only person listed in the "Counsel and Legal Staff Involved in Communication" field.[2] As Ms. Metcalf explained (and as the Court recognized in the Order), her unique and evolving role at the Company made privilege determinations particularly challenging.[3] She provided (or facilitated the provision of) legal advice before, during, and after the Class Period. *See* Metcalf Decl. ¶¶ 2, 5.

Plaintiffs' description of Defendants' supplemental document production of the small subset of documents from Ms. Metcalf's files as "a rampant and widespread abuse of the claim of privilege[]" is not just wrong, it ignores the context of the case and this dispute. *See* Response at 3. This tiny subset of documents is insignificant not only in size, but also in substance: Plaintiffs have not suggested how any of these documents have substantive bearing on any claim or defense at issue. Indeed, Plaintiffs ignore that issue entirely because the documents are wholly unremarkable and do not impact any of the questions at issue in this case. Instead, Plaintiffs seek

---

[1] For example, Ms. Metcalf appears on the "Counsel and Legal Staff Involved in Communication" field of Defendants' privilege log with Dianna Shew, CoreCivic's Assistant General Counsel, more than 750 times. As Magistrate Judge Frensley noted, "[t]he parties do not dispute that Ms. Shew is one of CoreCivic's attorneys." *See* Order on Plaintiffs' Motion to Compel (Dkt. No. 211) at n.1.

[2] Defendants maintain their privilege assertion for seventeen emails and attachments in which Ms. Metcalf is the only person listed in the "Counsel and Legal Staff Involved in Communication" field. Defendants submitted those documents to the Court on June 19, 2020.

[3] As Ms. Metcalf explained in her declaration, she began her career at the Company in the Legal Department and acted in a legal capacity, then transitioned to the Partnership Development department where she had many of the same job responsibilities as her prior role, though acting in a non-legal capacity. *See* Metcalf Decl. (Dkt. No. 225).

to exploit Defendants' attempt to minimize the scope of the instant dispute by casting aspersions in order to achieve Plaintiffs' real goal: namely, to extend, yet again, the discovery cut-off in this case. Plaintiffs have not articulated why "waiver is the appropriate remedy" (Response at 1), especially in light of Magistrate Frensley and this Court's rulings plainly stating otherwise; and Plaintiffs cannot articulate any prejudice supporting the extraordinary relief of reopening "depositions to question witnesses regarding the improperly withheld documents." *See* Response at 6. Ms. Metcalf sent, received, or was copied on roughly 14,000 documents that Defendants produced prior to this discovery dispute. Yet, with all of that information, Plaintiffs spent less than three hours on the record with Ms. Metcalf. Furthermore, Plaintiffs have not even completed the deposition of a single individual Defendant. Plaintiffs still have the opportunity to ask every individual Defendant about each and every one of the documents at issue here.

In sum, throughout fact discovery, Defendants consistently and in good faith have attempted to get it right. This supplemental production is the latest example of Defendants' good faith in trying to avoid imposing unnecessary burdens on the Court. The overreaching remedies Plaintiffs now request is unsupported by the facts and unwarranted under the law.

DATED: June 29, 2020

Respectfully submitted:

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

## CERTIFICATE OF SERVICE

I hereby certify that service of the Reply to Plaintiffs' Response to Defendant's Notice of Filing was as made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| Christopher Hamp Lyons | Dennis J. Herman |
| Christopher M. Wood | Willow E. Radcliffe |
| ROBBINS GELLER RUDMAN | Kenneth J. Black |
| & DOWD LLP | ROBBINS GELLER RUDMAN |
| 414 Union Street | & DOWD LLP |
| Suite 900 | Post Montgomery Center |
| Nashville, TN 37219 | One Montgomery Street, Suite 1800 |
| clyons@rgrdlaw.com | San Francisco, CA 94104 |
| cwood@rgrdlaw.com | dennish@rgrdlaw.com |
| | willowr@rgrdlaw.com |
| | kennyb@rgrdlaw.com |

this 29th day of June, 2020.

    /s/ Steven A. Riley
    Steven A. Riley