UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

**DEFENDANTS' MOTION FOR CERTAIN CONFIDENTIAL DOCUMENTS TO REMAIN UNDER SEAL**

On June 23, 2020, Plaintiffs filed under seal the following: (i) a Response to Defendants' Notice of Filing (the "Response") and (ii) the Declaration of Christopher Wood ("Wood Declaration") which in turn attached 232 documents (Dkt. Nos. 226-229). Defendants had previously marked the 232 documents "Confidential" pursuant to the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86) (the "Protective Order") and the Response contained quotations and descriptions of these confidential documents.[1] Thereafter, the Court ordered Defendants to file a motion to continue the sealing of the unredacted Response and any of

---

[1] Plaintiffs also filed a publicly available version of the Response with the confidential information redacted. (Dkt No. 227).

the 232 documents attached to the Wood Declaration that they believe are confidential (Dkt. No. 231).

Pursuant to the Court's Order and the Protective Order, Defendants respectfully request that the Court maintain the sealing of the unredacted Response and 149 confidential documents attached to the Wood Declaration (Dkt. Nos. 228, 229). In connection with this request, Defendants are submitting the attached redacted version of the Wood Declaration, which reflects those documents that are attached to the Wood Declaration that Defendants believe should remain sealed and those that should be unsealed. Defendants respectfully request that the Court direct the clerk to continue the sealing of the Wood Declaration (Dkt. No. 229) and file the attached redacted version of the Wood Declaration.

Defendants assert that 149 of the documents contain confidential and proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, could harm the Company's competitive standing. Moreover, the public's minimal interest in the contents of these exhibits weighs in favor of maintaining these documents under seal. Additionally, because the Plaintiff's Response discusses the content of these confidential documents, the full Response should remain sealed while the redacted version remains publicly available (Dkt. Nos. 227, 228).

**Procedural History and the Documents That Should Remain Sealed**

In connection with the Court's June 5, 2020, Order (Dkt. No. 222), Defendants undertook an effort to narrow the scope of the privilege dispute and subsequently withdrew claims of privilege over certain documents. Defendants produced these 232 documents to Plaintiffs on June 19, 2020. Plaintiff attached all of the 232 documents to the Wood Declaration.

Attached as Exhibit A is a spreadsheet listing all of the 232 documents attached to the Wood Declaration and identifying for each document whether Defendants believe the document

should remain under seal and the reasoning supporting that position. Attached as Exhibit B is a redacted version of the Wood Declaration which comports with the Exhibit A spreadsheet and reflects which documents Defendants believe should remain sealed and those that should be unsealed. Defendants submit that the redacted version of the Wood Declaration should be filed and made publicly available.

### Argument

In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). With respect to the protection of a party's trade secrets, "[t]he Court should not allow its docket to be used as a source of business information that might harm a litigant's competitive standing," *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2017 U.S. Dist. LEXIS 118712, at *14 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*. Here, good cause exists to maintain certain documents filed by the Plaintiffs under seal because they reveal proprietary information, strategic business decisions, and processes of the Company.

The documents that Defendants seek to seal fall into three categories: (i) proprietary operational protocols related to staffing, security, and cost reduction methods; (ii) audits, other official government partner communications, and responses to the same; and (iii) negotiated contracts and contract modifications. If information from any of these three categories is publicly revealed, it would hurt the Company's competitive standing in the industry and therefore should remain sealed. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *14.

***First***, 57 of the documents contain proprietary information about CoreCivic's staffing, security, and operation protocols. Each of these 57 documents is listed on Exhibit A.[2] For example:

- CORECIVIC_2208734 contains a spreadsheet with information about how the Company staffs its facilities, the costs associated with these staffing decisions, and information about which positions it leaves vacant and the financial implications for doing so.

- CORECIVIC_2208828 contains schematics for one of the Company's BOP facilities including information about security fences and proposed construction sites.

- CORECIVIC_2209031 contains information about how the Company staffs security towers, mobile patrols, and gates at one of its BOP facilities.

At the most basic level, the Company's staffing patterns must remain confidential to maintain the safety and security of inmates and correctional staff at the Company's facilities. Additionally, if this information were disclosed, a competitor could implement similar staffing solutions and negatively impact the Company's ability to compete for business. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *14.

***Second***, 48 documents contain information about the Company's analysis, assessment, and responses to audits conducted by the Company's government partners. Audits are one of the ways in which the Company receives feedback regarding the services it performs. Thus, the Company's analysis, evaluation, and response to these audits and other official communications are business functions that are essential to its relationships with partners and to procuring future business.

---

[2] Given the volume of documents at issue, Defendants discuss examples of documents from each of the three categories of documents Defendants believe should remain sealed.

Examples of documents which contain proprietary information related to the Company's audits and partner communications are:

- CORECIVIC_2208896 is a draft response to a potential deduction that the BOP was considering as a result of an audit. The document contains information about the Company's health services offerings and the steps that it took to rectify the issues raised in an audit.

- CORECIVIC_2209170 is the Company's response to an audit at one of its facilities. The response includes details about the efforts that the company took to recruit medical employees for the facility.

- CORECIVIC_2209185 is a draft response to a Notice of Concern issued as a result of a BOP audit. The response includes details about the Company's policies and procedures for counting inmates to ensure that the facility remains safe and secure.

These communications, if disclosed, could be used by competitors "as a source of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598.

***Third***, 44 of the 232 documents filed by Plaintiff contain information about the Company's contract negotiations and contract modification processes. These documents reveal information about the Company's strategic business decisions and provide information regarding how the Company values proposed contracts from the BOP and how it negotiates contract amendments. For example:

- CORECIVIC_2209076 is a contract modification with information about a facility's firewall protections, computer servers, WAN network specifications, and other IT details mandated by the BOP.

- CORECIVIC_2209127 is an email that includes information about how the Company valued a contract modification and the associated change in the staffing pattern.

- CORECIVIC_2209163 contains a discussion of the financial incentives that the BOP offered related to the 2012 CAR contract bidding process and the Company's reactions to these incentives as it related to the bidding process.
- CORECIVIC_2209180 is an email with information about the price at which the Company would add beds at one of its facilities.

Simply stated, these communications reflect the Company's "proprietary business communications and operations," which, if made public, would give competitors an advantage in the marketplace. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *9.

Defendants appreciate that "there is a 'strong presumption' in favor of open court records" given that the "public has an interest . . . in what is done in the Court." *Caudill*, 2017 U.S. Dist. LEXIS 118712 at *5, *15. However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Id*. at *17. Here, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded). The representative plaintiff for the shareholders, for which the sealed information is apparently relevant, already has access to the documents Defendants now seek to keep confidential. The general public has little to no interest in these internal business documents. Indeed, the most pertinent information (*i.e.*, the Yates memo and the release of an OIG audit) has long been a matter of public record. The Company's internal strategies for responding to this audit and others like it, however, is proprietary, could pose a safety risk to inmates and security personnel alike, be unfairly used by the Company's competitors, and should remain confidential.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to file the attached redacted version of the Wood Declaration which maintains the sealing of the confidential documents while unsealing the documents which do not contain protected proprietary information.

DATED: June 30, 2020                    Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T:  (202) 637-2335
F:  (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
  & DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

this 30th day of June, 2020.

          /s/ Steven A. Riley
          Steven A. Riley