# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, ) ) | Civil Action No. 3:16-cv-02267 |
| Plaintiff, ) ) | Honorable Aleta A. Trauger |
| ) | Magistrate Judge Jeffrey S. Frensley |
| vs. ) ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., ) ) ) | |
| Defendants. ) ) | DEMAND FOR JURY TRIAL |

## MEMORANDUM IN SUPPORT OF CORECIVIC'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION AND COMPEL FURTHER RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES

# **TABLE OF CONTENTS**

**Page**

I.  Introduction ........................................................................................................... 1

II.  Statement of Facts ................................................................................................. 3

III.  Argument .............................................................................................................. 6

A.  The Written Discovery Requests Are Proportional to the Needs of the Case ............................................................................................................. 6

B.  Plaintiff's Responses to CoreCivic's Requests for Admission Are Deficient ....................................................................................................... 7

1.  Plaintiff's Responses That It Lacks Information Are Insufficient And Fail To Comply With Rule 36(a)(4) (RFA Nos. 4, 5, 11, 16, 18, 23, 24, 34, 45–54) ................................................................... 8

2.  Plaintiff's Rule 36(a)(2) Objections Are Improper (RFA Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, and 40) ............................................ 10

C.  Plaintiff's Responses to CoreCivic's Second Set of Interrogatories Are Deficient ....................................................................................................... 13

1.  Plaintiff's Must Respond To Companion Interrogatories (Interrogatory Nos. 29–40) Or Provide Unqualified Admissions to the Underlying RFAs (RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50) ................................................................................. 14

2.  Plaintiff Must Identify Its Loss Causation Theory And Provide All Facts That Support It (Interrogatory Nos. 17–21 and 27–28) .................. 16

IV.  Conclusion ............................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*ACT, Inc. v. Worldwide Interactive Network, Inc.*,
  No. 3:18-CV-186-TRM-HBG, 2019 WL 5865623 (E.D. Tenn. Nov. 8, 2019) .....................17

*Anderson v. Dillard's, Inc.*,
  251 F.R.D. 307 (W.D. Tenn. 2008) ........................................................................................13

*Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*,
  No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457 (W.D. Ky. July 2, 2015)............................12

*Arney v. Bryant Sheet Metal, Inc.*,
  96 F.R.D. 544 (E.D. Tenn. 1982).....................................................................................13, 19

*Asea, Inc. v. S. Pac. Transp. Co.*,
  669 F.2d 1242 (9th Cir. 1981) ................................................................................................8

*Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*,
  61 F.R.D. 115 (N.D. Ga. 1972)..............................................................................................17

*Auto-Owners' Ins. Co. v. Gordon & Assocs., Inc.*,
  No. 9:15-4063-RMG, 2016 WL 11509964 (D.S.C. June 2, 2016).........................................16

*Beeman v. Anthem Prescription Mgmt., Inc.*,
  No. EDCV 04-407-VAP, 2017 WL 5564535 (C.D. Cal. Nov. 17, 2017) ..............................18

*Bluewater Music Servs. Corp. v. Spotify USA Inc.*,
  No. 3:17-CV-01051, 2019 WL 6894516 (M.D. Tenn. Jan. 31, 2019) ................................6, 13

*CUCS Unlimited Contracting Servs., Inc. v. Comdata Inc.*,
  No. 3:17-CV-01158, 2019 WL 483313 (M.D. Tenn. Feb. 7, 2019)........................................13

*Deutsch v. Arrow Fin. Servs., LLC*,
  No. 8:08-cv-1469-T-17MAP, 2009 WL 10670785 (M.D. Fla. May 1, 2009)........................14

*Equal Rights Ctr. v. Post Props., Inc.*,
  246 F.R.D. 29 (D.D.C. 2007).................................................................................................17

*GATX Corp. v. Appalachian Fuels, LLC*,
  No. 09-41-DLB, 2010 WL 5067688 (E.D. Ky. Dec. 7, 2010) ...............................................14

*Hamilton v. Spurling*,
  No. 3:11cv00102, 2013 WL 1165034 (S.D. Ohio, Mar. 20, 2013) ........................................10

- ii -

*Hendricks v. Ohio Dep't of Rehab. & Corr.*,
No. 2:11-CV-40, 2012 WL 2075317 (S.D. Ohio June 8, 2012) ........................................13, 16

*Hsu v. Puma Biotechnology, Inc., et al.*,
No. 8:15-cv-00865-AG-JCG, ECF Nos. 94, 96 ..................................................19 n.4

*Jones v. Perry*,
No. 3:16-CV-02631, 2020 WL 3439137 (M.D. Tenn. June 23, 2020) ................................8

*Kleppinger v. Texas Dep't of Transp.*,
No. 5:10–cv–124, 2013 WL 12138545 (S.D. Tex. Jan. 3, 2013) ...........................................17

*Lemaster v. Collins Bus Corp.*,
No. 11–CV–2128, 2012 WL 5199738 (D. Kan. Oct. 22, 2012)..............................................18

*Estate of Majors v. Gerlach*,
No. 16-CV-13672, 2018 WL 3429979 (E.D. Mich. July 16, 2018) ......................................8

*Miller v. Holzmann*,
240 F.R.D. 1 (D.D.C. 2006).....................................................................................................12

*U.S. ex rel. O'Connell v. Chapman Univ.*,
245 F.R.D. 646 (C.D. Cal. 2007) ............................................................................................19

*Pilkinton v. Hartsfield*,
No. 1:12-CV-0026, 2013 WL 1935467 (M.D. Tenn. May 9, 2013) (Trauger,
J.).............................................................................................................................................7

*Piskura v. Taser Int'l*,
No. 1:10–cv–248, 2011 WL 6130814 (S.D. Ohio Nov. 7, 2011) ...........................................8

*Robert Bosch LLC v. Snap-On Inc.*,
No. 12–11503, 2013 WL 1703328 (E.D. Mich. Apr. 19, 2013)............................................18

*Roden v. Floyd*,
No. 2:16-CV-11208, 2019 WL 1098918 (E.D. Mich. Mar. 8, 2019)..............................13, 15

*Safeco of America v. Rawstron*,
181 F.R.D. 441 (C.D. Cal. 1998) ............................................................................................14

*Shadburne v. Bullitt Cty., Kentucky*,
No. 3:17CV-00130-DJH, 2017 WL 6391483 (W.D. Ky. Dec. 14, 2017) ........................14, 16

- iii -

# RULES

Fed. R. Civ. P.
11 .................................................................................................................................19
26(b)(1) ........................................................................................................................6
26(e) ...........................................................................................................................19
33 ............................................................................................................................2, 14
33(a)(2) .......................................................................................................................13
33(c) ............................................................................................................................18
36 .......................................................................................................................... *passim*
36(a) ..............................................................................................................................8
36(a)(2) ................................................................................................................. *passim*
36(a)(4) ................................................................................................................. *passim*
36(a)(6) ..................................................................................................................1, 10
36(d)(2) .........................................................................................................................5
37(a)(3) .........................................................................................................................1

# TREATISES

7 James Wm. Moore et al., Moore's Federal Practice §33.102[1], [3] (3d ed. 2017) ...................................................................................................................13, 16

7 James Wm. Moore et al., Moore's Federal Practice § 33.103 (2d ed. 2006).............................17

Pursuant to the Court's July 16, 2020 Order (ECF No. 244) and Rule 36(a)(6) of the Federal Rules of Civil Procedure, Defendant CoreCivic, Inc. ("CoreCivic") moves the Court to determine the sufficiency of Plaintiff's responses to CoreCivic's First Set of Requests For Admissions ("RFAs") Nos. 3, 4, 5, 6, 8, 11, 14–18, 20, 22, 23, 24, 28, 33, 34, 39, 40, and 45–54 and order that further answers be served, or the RFAs be deemed admitted. Further, pursuant to Rule 37(a)(3), CoreCivic also moves for an order compelling answers to CoreCivic's Second Set of Interrogatories Nos. 17–21 and 27–40 ("Interrogatories").[1]

## I. INTRODUCTION

Fact discovery in this case has been voluminous and expansive. Over the course of two and a half years, CoreCivic alone has produced over 2.2 million pages (424,361 documents), and third parties have produced an additional 200,000 documents, in response to Plaintiff's multiple requests. The parties have conducted more than 20 fact witness depositions. And, given the nature of the dispute, there is a trove of relevant information publicly available to both parties. CoreCivic propounded RFAs seeking to narrow the number of issues in dispute and Interrogatories seeking identification of facts supporting Plaintiff's theory of liability, in order to prepare for summary judgment and trial. Yet, for the vast majority of these written discovery requests, Plaintiff refused to provide any substantive response. Plaintiff's improper objections and inadequate responses do not comply with the Federal Rules of Civil Procedure and prejudice CoreCivic's ability to prepare for summary judgment and trial.

Plaintiff's deficient RFA responses fall into two categories. First, in response to RFA Nos. 4, 5, 16, 18, 23, 24, 34, 45–54—which target issues central to Plaintiff's allegations—Plaintiff,

---

[1] As required by the Court's July 16 Order, the exact text of these discovery requests and Plaintiff's responses are set forth in Exhibit A to the Declaration of Meryn C. N. Grant. *See generally* Decl. of Meryn C. N. Grant in Support of CoreCivic's Mot. to Compel ("Grant Decl."), Ex. A.

1

citing Rule 36(a)(4), simply responded that it "lacks sufficient information to answer." Second, in response to RFAs Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, and 40, Plaintiff also improperly objected on the basis of Rule 36(a)(2)—which applies only to requests "to admit the genuineness of a document"—and refused to answer. Plaintiff's ostrich approach, of sticking its head in the sand rather than even attempting to admit or deny the Requests based on publicly available facts or facts adduced in discovery, does not comply with Rule 36. CoreCivic is entitled to specific, substantive, and fair responses to these RFAs.

Similarly, Plaintiff refused to provide any response at all to several Interrogatories. First, Plaintiff refused to answer Interrogatories Nos. 29–40, which accompany RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50 and seek to uncover all facts supporting any response that is not an unqualified admission. Plaintiff claims, implausibly, that "Plaintiff is not in a position to identify all facts supporting" its denial or inability to admit to these twelve accompanying RFAs. Second, Plaintiff refused to respond to contention Interrogatories Nos. 17–21 and 27–28, each of which seek the identification of the factual basis for Plaintiff's contention that Defendants' alleged misstatements caused its losses—*i.e.*, the *essential* loss causation element of Plaintiff's Section 10(b) claim. Here, at the end of a 30-month fact discovery period in which Plaintiff sought and obtained numerous documents relevant to its loss causation theory, Plaintiff objected to these Interrogatories as "premature" and did not identify a single fact supporting its contention, pointing only to its forthcoming expert opinions and *this Court's* own order. These improper objections and responses do not comply with Rule 33. CoreCivic is entitled to responses that allow them to prepare for upcoming expert discovery, summary judgment and trial. Plaintiff's deficient responses prejudice CoreCivic in this respect.

- 2 -

CoreCivic has explained these deficiencies to Plaintiff in written correspondence and during several meet and confers. Plaintiff refuses to revisit any of its responses. CoreCivic therefore seeks the Court's assistance and respectfully requests that, for the reasons discussed below, the Court determine that Plaintiff's responses RFA Nos. 3, 4, 5, 6, 8, 11, 14–18, 20, 22–24, 28, 33, 34, 39, 40, and 45–54 and Interrogatory Nos. 17–21 and 27–40.

## II. STATEMENT OF FACTS

Plaintiff claims that, between February 27, 2012 and August 17, 2016, CoreCivic and four current or former officers of CoreCivic made false or misleading statements regarding CoreCivic's "quality," "cost effectiveness," and "compliance" with contracts and policies that were materially false and misleading. *See* Compl., ECF No. 57 ("Compl.") ¶¶ 120–69. Plaintiff claims these statements misrepresented CoreCivic's ability to secure future contract renewals with the Federal Bureau of Prisons ("BOP"). *Id.* According to Plaintiff, these alleged misstatements artificially inflated the price of CoreCivic's stock. *Id.* ¶ 191. Plaintiff alleges that the truth of these alleged misstatements was revealed on August 11, 2016 in a report from the Office of Inspector General ("OIG"), and one week later when then-Deputy Attorney General Sally Q. Yates' memorandum announced the U.S. Department of Justice's intention to reduce, and ultimately end, the BOP's use of privately operated corrections facilities (the "Yates Memo"). *Id.* ¶¶ 192–99.

In April 2018, CoreCivic served Plaintiff with written discovery requests aimed at narrowing the issues in dispute for trial and clarifying Plaintiff's core allegations. *See generally* Decl. of Meryn C. N. Grant in Support of CoreCivic's Mot. to Compel ("Grant Decl.") ¶ 3. Specifically, CoreCivic collectively served Plaintiff with 55 RFAs and 41 Interrogatories. *See id.*, Exs. B, C. For the RFAs at issue, CoreCivic asked Plaintiff to admit readily available facts concerning CoreCivic's operations, the date and publication of certain information, and information reported by the BOP, among other things. *See generally id.*, Ex. A at 1–5. And for

the Interrogatories at issue, CoreCivic generally asked Plaintiff to provide the factual bases underlying essential elements of its case, such as loss causation, and to explain certain RFA responses if they were not unqualified admissions. *See generally id.* at 6–9.

Plaintiff served CoreCivic with its responses and objections to both the RFAs and the Interrogatories on May 1, 2020. *Id.*, Ex. B at 19; *id.* Ex. C at 155. Plaintiff failed to provide any substantive response to the vast majority of the RFAs. Similarly, Plaintiff failed to specifically respond to the majority of the Interrogatories. In an attempt to resolve these deficiencies without burdening the Court, CoreCivic's counsel drafted a six-page letter to Plaintiff on May 13, 2020 detailing which responses needed supplementing and why. *See generally id.*, Ex. D. That letter identified the following critical deficiencies:

- Plaintiff's responses to CoreCivic's First Set of RFAs claimed a uniform lack of knowledge about central issues in this case, without certifying that it undertook a reasonable inquiry. *Id.* at 1. Specifically, Plaintiff responded to 25 RFAs seeking the admission of verifiable facts—including publicly available figures reported by the BOP, and facts regarding Plaintiff's work experience and the inmate population housed in CoreCivic's BOP facilities—by claiming that it lacked sufficient information to respond at all. *Id.* at 1–2. Yet, Plaintiff failed to certify that it made a reasonable inquiry into information known to it or readily obtainable, as required by Rule 36.

- Plaintiff's objections pursuant to Rule 36(a)(2) were improper. *Id.* at 2. Plaintiff objected to 11 RFAs claiming that the requests "implicitly require[d] Plaintiff to authenticate documents," several of which Plaintiff claimed were "unspecified and unattached," *Id.* at 2–3, but none of the RFAs at issue requested (explicitly or implicitly) authentication.

- Plaintiff's refusal to answer 11 Interrogatories seeking the basis for any unqualified admission to certain RFAs by asserting that it was not "in a position" to explain its response made no sense and was not a valid objection. *Id.* at 5–6.

- Plaintiff's refusal to answer 6 Interrogatories—which sought basic factual information about Plaintiff's theory of loss causation—as premature and implicating expert testimony was contrary to its obligations under the federal rules. *Id.* at 4–6.

CoreCivic requested that Plaintiff "supplement its responses . . . so that the parties may appropriately prepare for summary judgment and trial." *Id.* at 1.

On May 18, 2020, the parties met and conferred. Decl. of Sarah A. Tomkowiak in Support of CoreCivic's Mot. to Compel ¶ 2. During that meet and confer, Plaintiff remained steadfast that it did not have the facts necessary to respond to the RFAs, and that, under Rule 36(d)(2), it was not required to answer RFAs where a necessary document was not attached. *Id.* ¶¶ 2–3. With respect to the Interrogatories at issue, Plaintiff took a similar position that it did not have personal knowledge of the facts necessary to respond to those Interrogatories, and that it may be willing to supplement its answers to Interrogatories seeking the factual basis of its loss causation theory after serving its expert report on loss causation (if at all). *Id.* ¶ 4.

On May 29, 2020, following the meet and confer, CoreCivic's counsel e-mailed Plaintiff's counsel confirming that, after considering Plaintiff's position, they remained convinced that numerous discovery responses were deficient. Grant Decl., Ex. E.[2] Therefore, CoreCivic would move to compel further responses to a subset of the originally identified RFAs and Interrogatory responses (that CoreCivic believes are necessary to narrow the issues in this litigation and prepare for summary judgment and trial). *Id.* In a short and almost immediate response, Plaintiff's counsel stated that Plaintiff's position had not changed and that it would not be supplementing any of the responses at issue. *Id.*, Ex. F.

On July 10, 2020, CoreCivic raised these issues at an informal discovery conference with Judge Trauger. *Id.* ¶ 9. Judge Trauger referred the issues to Magistrate Judge Frensley for resolution. ECF No. 240. Judge Frensley ordered the parties to meet and confer and, if unable to resolve these issues, file a motion to compel. ECF. No. 244.

---

[2] CoreCivic narrowed the requests at issue to only those which were necessary to prepare for summary judgment and trial.

- 5 -

On July 22, 2020, consistent with the Court's order, the parties held a further meet and confer regarding both parties' written discovery responses. Grant Decl. ¶ 11. Plaintiff simply confirmed that its position had not changed. *Id*. Then on July 26, 2020, to ensure complete adherence to the spirit and letter of the Court's July 16 Order, lead counsel for CoreCivic e-mailed lead counsel for Plaintiff requesting one final meet and confer. *Id.*, Ex. H. Lead counsel for Plaintiff denied the request. *Id.*

Despite its good faith efforts to resolve the disputes presented in this Motion, CoreCivic has been unable to persuade Plaintiff to drop its unreasonable objections and supplement its inadequate discovery responses without Court intervention. CoreCivic now seeks relief in this Court.

## III. ARGUMENT

### A. The Written Discovery Requests Are Proportional to the Needs of the Case

Federal Rule of Civil Procedure 26 permits discovery of any information that is relevant to any party's claim or defense and "proportional to the needs of the case." *Bluewater Music Servs. Corp. v. Spotify USA Inc.*, No. 3:17-CV-01051, 2019 WL 6894516, at *4 (M.D. Tenn. Jan. 31, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). The following factors are relevant to a consideration of whether the scope of discovery is proportional: "(1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Here, there is no question that these factors weigh in favor of requiring Plaintiff to provide substantive responses to the RFAs and Interrogatories at issue. Plaintiff claims that Defendants committed federal securities fraud and claim over a billion dollars in damages. Plaintiff requested and received over 2.2 million pages of documents from Defendants. Plaintiff itself has sought to exceed the

discovery limits set by the Federal Rules of Procedure—and was eventually permitted to take 23 fact witness depositions.  *See* ECF No. 220.  At the tail-end of discovery, CoreCivic propounded 55 RFAs and 40 Interrogatories.  (The other three individual Defendants did not propound any written discovery).  These RFAs and Interrogatories were targeted and precise.  They seek to narrow the issues in dispute, identify facts that purportedly support Plaintiff's claims and have Plaintiff articulate its loss causation theory (a central element of this case).  These written discovery requests are necessary to allow CoreCivic to prepare for summary judgment and trial.  Only Plaintiff can answer these written discovery requests.  And, it is only fair that Plaintiff does so based on the information adduced in discovery.  Requiring substantive responses at this late stage of discovery will prevent the parties from litigating unnecessary issues (and wasting the Court's time).

### B.      Plaintiff's Responses to CoreCivic's Requests for Admission Are Deficient

Federal Rule of Civil Procedure 36 requires answers to requests for admission to be substantive and specific.  First, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4); *Pilkinton v. Hartsfield*, No. 1:12-CV-0026, 2013 WL 1935467, at *2 (M.D. Tenn. May 9, 2013) (Trauger, J.) (ordering supplementation  for "fail[ing] to provide the required explanation [under Rule 36(a)(4)] as to why they are unable to admit or deny the matters contained in the aforementioned requests").  Next, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).

Although Rule 36 permits parties to "assert lack of knowledge or information as a reason for failing to admit or deny" an RFA, to do so a party must "state[] that it has made a reasonable inquiry" into the matter.  *Id.*  A reasonable inquiry encompasses at least a review of documents

- 7 -

within the responding party's control. *Jones v. Perry*, No. 3:16-CV-02631, 2020 WL 3439137, at *11 (M.D. Tenn. June 23, 2020) ("Generally, courts are in agreement that a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." (citations and quotations omitted)). Complying with Rule 36(a)(4) is more than a "semantic exercise"; instead, Plaintiff must "actually make a 'reasonably inquiry' prior to asserting lack of knowledge." *Piskura v. Taser Int'l*, No. 1:10–cv–248, 2011 WL 6130814, at *2 (S.D. Ohio Nov. 7, 2011); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (response does not "necessarily compl[y] with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable to him").

1. **Plaintiff's Responses That It Lacks Information Are Insufficient And Fail To Comply With Rule 36(a)(4) (RFA Nos. 4, 5, 11, 16, 18, 23, 24, 34, 45–54)**

Plaintiff responded to RFAs Nos. 4, 5, 11, 16, 18, 23, 24, 34, 45–54 that it "lacks sufficient information to answer this Request for Admission." *Id.*, Ex. A at 1–5. Plaintiff's responses fall far short of what Rule 36 requires. These "[b]oilerplate responses" claiming "lack[ of] knowledge or information do not suffice." *See Estate of Majors v. Gerlach*, No. 16-CV-13672, 2018 WL 3429979, at *1 (E.D. Mich. July 16, 2018).

Plaintiff fails to even make the requisite representation that "it has ***made reasonable inquiry*** and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Fed. R. Civ. P. 36(a)(4) (emphasis added). Nor would such a representation be believable. Plaintiff has adduced an enormous amount of information in this case through document requests, interrogatories and depositions, from both CoreCivic and the BOP. On top of that discovery, there is a wealth of relevant information publicly available and readily obtainable bearing directly on these RFAs. Had Plaintiff actually undertaken a reasonable inquiry into these

- 8 -

materials, Plaintiff would have been able to admit or deny, at least in part, the RFAs at issue.

Specifically:

- RFA Nos. 4–5 seek admissions regarding CoreCivic's publicly reported contract retention rate for the Class Period. Grant Decl., Ex. A at 1. The crux of Plaintiff's claim here is that CoreCivic misrepresented its ability to retain its BOP contracts. Plaintiff's claim that it lacks any information sufficient to provide a response is inexplicable. CoreCivic is entitled to know whether the contract retention rate reported to investors is in dispute.

- RFA No. 11 asks Plaintiff to admit that CoreCivic's CEO, Damon Hininger, never sold any CoreCivic securities during the Class period except to pay tax liabilities incident to securities vesting or pursuant to a 10b5-1 passive trading plan. *Id*. at 2. Plaintiff requested trading records from Mr. Hininger, and, as an officer, records of his trades are included in CoreCivic's public filings. *Id.*, Ex. K at 26 (requesting "[a]ll documents and communications concerning any trades or requests to trade CoreCivic securities by any of the Individual Defendants, officers or members of CoreCivic's Board of Directors and any insider trading policy"). Yet, Plaintiff claims it lacks information to respond. CoreCivic is entitled to know if Plaintiff plans to dispute that Mr. Hininger never personally profited from the alleged fraud.

- RFA Nos. 16 and 34 seek admissions as to whether certain analyst reports referenced the allegedly corrective disclosures. *Id.*, Ex. A at 2– 3. In exhibits to court filings, Plaintiff quotes from the very analyst reports referenced in these requests. *See, e.g.*, ECF No. 151-5. Plaintiff's own expert reviewed and relied upon these analyst reports to support the opinion submitted at Class Certification. *See, e.g.*, ECF No. 120-1 ¶ 30. Plaintiff's claim that it lacks information to respond to these requests is demonstrably false.

- RFA No. 18 seeks an admission that "neither [Plaintiff] nor anyone who invested on [its] behalf has any experience working in the correction industry." Grant Decl., Ex. A at 2. The notion that Plaintiff lacks information about even his own employment history is absurd.

- RFA Nos. 45–54 ask Plaintiff to compare costs and per diem rates to house inmates at BOP-managed facilities (as reported to Congress by the BOP), with costs and per diem rates paid by the BOP to CoreCivic to house inmates at CoreCivic's facilities. *Id.* at 5. The information needed to admit or deny these RFAs is publicly available and contained in the voluminous fact record developed in this case. At this late juncture, it is difficult to understand how Plaintiff is unable to identify ***any information*** that would allow it to provide even a partial response. Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). If in fact Plaintiff lacks information sufficient to answer, it is unclear how Plaintiff can prove its claim that CoreCivic's statements regarding the cost savings provided to its government partners were false or misleading.

- RFA Nos. 23–24 seek admissions concerning the inmate population housed in CoreCivic's BOP facilities, and the number of BOP facilities CoreCivic currently operates. *Id.*, Ex. A at 3. Plaintiff has requested and Defendants produced hundreds of thousands of documents regarding CoreCivic's BOP facilities. Plaintiff also requested and received documents from the BOP itself. The assertion that it lacks information to identify the prison population of the facilities at the center of its claims is incredible. Similarly, the notion that Plaintiff cannot say whether CoreCivic currently operates BOP facilities demonstrates only that Plaintiff ignored publicly available information on CoreCivic's operations. That Plaintiff does not want to provide even a partial admission does not mean it lacks the facts to do so.

These demonstrably evasive responses impede CoreCivic's ability to prepare for trial.

Plaintiff's failure to abide by Rule 36(a)(4) permits the Court to "order either that the matter is admitted or that an amended answer be served." *See* Fed R. Civ. P. 36(a)(6); *see also Hamilton v. Spurling*, No. 3:11cv00102, 2013 WL 1165034, at *2 (S.D. Ohio, Mar. 20, 2013) (deeming Defendants' responses to Plaintiff's requests for admission admitted because Defendants failed to "state that they have 'made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.'"). CoreCivic thus requests that the Court compel Plaintiff to provide substantive responses to RFA Nos. 4, 5, 11, 16, 18, 23, 24, 34, and 41–55, or where appropriate, deem the matters admitted.

### 2. Plaintiff's Rule 36(a)(2) Objections Are Improper (RFA Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, and 40)

RFA Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, and 40 ask Plaintiff to admit or deny that certain facts and documents relevant to this litigation were publicly reported, or that certain assessment reports given to the BOP by CoreCivic contained assertions about CoreCivic's performance during the Class Period. Grant Decl., Ex. A at 1–4. Plaintiff refused to answer these RFAs, objecting that each request "fails to comply with Fed. R. Civ. P. 36(a)(2) because the Request implicitly requires Plaintiff to authenticate" unattached documents, which "speak for themselves." *Id*. These objections are baseless. If Plaintiff cannot admit or deny these RFAs, it must either "state in detail why the answering party cannot truthfully admit or deny" those facts, or provide a response that

- 10 -

"fairly respond[s] to the substance of the matter."  Fed. R. Civ. P. 36(a)(4).  Plaintiff has done neither.

First, Rule 36(a)(2) does not provide any basis for Plaintiff's refusal to respond.  Rule 36(a)(2) requires that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document, unless it is, or has been, otherwise furnished or made available for inspection and copying."  None of the RFAs ask Plaintiff to admit the genuineness of a document.  Rather, these RFAs request that Plaintiff admit or deny certain *facts*, and reference documents that reflect or relate to those facts, in order to avoid any ambiguity.  *See* Grant Decl., Ex. A at 1–4.

No authority supports Plaintiff's interpretation of Rule 36(a)(2).  That some of those facts are reflected in or relate to documents does not (implicitly or otherwise) require Plaintiff to authenticate the referenced documents.  For example, RFA No. 6 requests that Plaintiff "[a]dmit that 'Prison Riot Leaves One Dead, Others Injured,' which reported on a disturbance at the Adams County Correctional Center, was published in the Natchez, MS *Democrat* on May 21, 2012."  *Id.* at 1.  To fairly respond, Plaintiff need only admit (or deny) that an article bearing that title was published on May 21, 2012.  To the extent Plaintiff has any issue with the authenticity of the referenced document that impacts its response, it could qualify its response.

Even if these RFAs could be interpreted as implicating the genuineness of any document, Rule 36 remains inapplicable because the documents referenced in these RFAs are already in Plaintiff's possession.  *See* Fed. R. Civ. P. 36(a)(2) (requiring documents be attached "unless it is, or has been, otherwise furnished or made available for inspection and copying").  Indeed, Plaintiff has relied on many of them at various points during this case.  Specifically:

- RFA Nos. 6 and 8 refer to publicly available news articles, including referencing the title, publisher and date of publication.  Grant Decl., Ex. A at 1–2.  Plaintiff has these articles—it included them as exhibits to court filings and used them as exhibits in depositions.  *See, e.g.*, ECF 120-2; Grant Decl., Ex. I.

- 11 -

- RFA Nos. 14, 15, and 17 refer to publicly available documents and analyst reports cited in the expert reports of Lucy Allen, filed in this action as ECF Nos. 99-3, 135-1. Grant Decl., Ex. A at 2.

- RFA No. 17 refers to an analyst report relied upon by Plaintiff's expert, Dr. Stephen Feinstein. *See* ECF No. 120-1 (Feinstein Rebuttal Report in Support of Plaintiff's Motion for Class Certification); Grant Decl., Ex. A at 2.

- RFA Nos. 20 and 22 refer to CoreCivic's Form 10-Ks for 2011 and each year of the Class Period, which are cited throughout Plaintiff's Complaint (and are also publicly available). *See* Compl. ¶¶ 118–41; Grant Decl., Ex. A at 3.

- RFA No. 33 refers to an analyst report from Canaccord Genuity. Grant Decl., Ex. A at 3. Plaintiff's expert, Dr. Feinstein, referred to Canaccord Genuity analyst reports throughout his report. *See generally* ECF No. 120-1.

- RFA Nos. 39 and 40 refer to Contractor Performance Assessment Reports ("CPARs"), which have been produced to Plaintiff during discovery. Grant Decl., Ex. A at 4. Indeed, Plaintiff propounded an Interrogatory asking Defendants to identify every CPAR, which it did, by Bates number. *Id.*, Ex. J at 20–21.

In all events, during the meet and confer process, in an effort to eliminate any dispute, CoreCivic collected and provided all of the referenced documents to Plaintiff. *Id.*, Ex. G. Yet, Plaintiff has persisted in its refusal to provide a substantive response.

Second, Plaintiff's objections in response to RFA Nos 6, 8, 14, 15, 17, 33 and 39–40 that the referenced documents "speak for themselves" are also meritless. *See id.*, Ex. A at 1–4. "Stating that a document speaks for itself avoids the purpose of requests for admission, *i.e.*, narrowing issues for trial." *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *5–6 (W.D. Ky. July 2, 2015) (overruling objections that the document "speaks for itself" and partly granting motion to compel further responses to requests for admission). Where, as here, a request seeks an admission about the existence of, or facts appearing in, documents, "the responding party must answer, object (on grounds other than speaks for itself) or properly allege and support a lack of knowledge." *See id.* at *6; *see also Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) (calling a speaks-for-itself response "an evasion of the responsibility to either admit or deny").

- 12 -

In sum, Rule 36(a)(2) provides no basis for Plaintiff's refusal to answer these RFAs. CoreCivic thus requests that the Court compel Plaintiff to provide responses to RFA Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, and 40, or deem the RFAs admitted, as appropriate.

## C. Plaintiff's Responses to CoreCivic's Second Set of Interrogatories Are Deficient

Federal Rule of Civil Procedure 33(a)(2) provides that interrogatories may be served at any time and may "relate to any matter that may be inquired into under Rule 26(b)." The purpose of interrogatories, as with other forms of discovery, is to "learn the details of the claims of the opposing party or parties," *Arney v. Bryant Sheet Metal, Inc.*, 96 F.R.D. 544, 545 (E.D. Tenn. 1982), and "narrow[ ] and sharpen[ ] the issues," *CUCS Unlimited Contracting Servs., Inc. v. Comdata Inc.*, No. 3:17-CV-01158, 2019 WL 483313, at *5 (M.D. Tenn. Feb. 7, 2019). In answering interrogatories, a party "'has an affirmative duty to furnish any and all information available to the party.'" *Roden v. Floyd*, No. 2:16-CV-11208, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019) (quoting 7 James Wm. Moore et al., Moore's Federal Practice §33.102[1], [3] (3d ed. 2017)) (emphasis removed). If the responding party is not able to provide the requested information, the party may not simply refuse to answer and "must state under oath that he is unable to [answer the interrogatory and must] set forth the efforts . . . used to obtain the information." *Hendricks v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-CV-40, 2012 WL 2075317, at *4 (S.D. Ohio June 8, 2012) (quotations omitted); *see also* 7 James Wm. Moore et al., Moore's Federal Practice §33.102[3] (3d ed. 2017).

"'[T]he party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules.'" *Bluewater Music Servs. Corp.*, 2019 WL 6894516, at *4 (quoting *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008)).

- 13 -

1. **Plaintiff's Must Respond To Companion Interrogatories (Interrogatory Nos. 29–40) Or Provide Unqualified Admissions to the Underlying RFAs (RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50)**

Interrogatory Nos. 29–40 request that Plaintiff identify the factual support for any answers to CoreCivic's RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50 that are not unqualified admissions (*i.e.*, "Companion Interrogatories"). Grant Decl., Ex. A at 1–5, 8–9. Courts recognize the utility of interrogatories of this type "to uncover the details of a party's responses to requests for admission." *GATX Corp. v. Appalachian Fuels, LLC*, No. 09-41-DLB, 2010 WL 5067688, at *7 (E.D. Ky. Dec. 7, 2010); *see also Shadburne v. Bullitt Cty., Kentucky*, No. 3:17CV-00130-DJH, 2017 WL 6391483, at *9 (W.D. Ky. Dec. 14, 2017) ("A party propounding requests for admission may also propound an interrogatory asking for an explanation of the responding party's denial of such requests for admission."); *Deutsch v. Arrow Fin. Servs., LLC*, No. 8:08-cv-1469-T-17MAP, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009) ("A party propounding requests for admission also may propound an interrogatory asking for an explanation of the denial." (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 442 (C.D. Cal. 1998))).

Compounding its failure to respond to RFAs, Plaintiff either ignores the subject of the RFA and Companion Interrogatory, or claims it lacks sufficient information to explain its own responses to RFAs. *See* Grant Decl., Ex. A at 1–5, 8–9. These deficient responses do not comply with Rule 33. Specifically:

- Interrogatory No. 29 seeks identification of all facts supporting any qualification or denial in response to RFA No. 3—"Admit none of the Challenged Statements in the Complaint exclusively pertained to the BOP Facilities." *Id.* at 1, 8. Defendants propounded this RFA hoping to narrow the issues for trial. As Plaintiff knows, CoreCivic's BOP Facilities are a small subset of CoreCivic's operations (approximately 12% on average during the Class Period), and the Challenged Statements pertained to CoreCivic's operations as a whole. But, Plaintiff denied the RFA, with the non-sequitur that the Challenged Statements "failed to disclose numerous deficiencies at CoreCivic's BOP facilities." *Id.* at 1. Plaintiff's response to Companion Interrogatory No. 29 response compounds, rather than explains, its confusing response to RFA No. 3. Specifically, Plaintiff's response to Interrogatory No.

- 14 -

29 merely directed Defendants to a *different* Interrogatory response explaining the basis for Plaintiff's claim that the Challenged Statements were false. This circular response defeats the purpose of the request. If Plaintiff will claim—contrary to the plain language of the statements—that the Challenged Statements "exclusively pertained to the BOP Facilities," Defendants are entitled to know the basis for that claim before summary judgment and trial.

- Interrogatory No. 36 seeks identification of all facts supporting any qualified admission or denial in response to RFA No. 28—"Admit that the Yates Memo cites nothing besides the OIG Report as support for the government's decision to reduce its use of private prisons." *Id.* at 3, 9. Plaintiff denied the RFA, asserting that the "Yates Memo speaks for itself." *Id.* Interrogatory No. 36 seeks, appropriately, to understand the factual basis for Plaintiff's inability to admit that the Yates Memo at the heart of its loss causation theory *cites* nothing besides the OIG Report as support for the government's decision to reduce its use of private prisons. But in response to Interrogatory No. 36, Plaintiff simply states again that the Yates Memo "speaks for itself." That is silly. The Yates Memo might "speak for itself" but it cannot speak for Plaintiff.

- Interrogatory No. 38 seeks identification of all facts supporting any qualified admission or denial in response to RFA No. 40—"Admit that in no Contractor Performance Assessment Reports (CPAR) for the BOP Facilities during the Class Period did the contracting officer state that they would not recommend CoreCivic for similar contracts in the future." *Id.* at 4, 9. In response to RFA No. 40, Plaintiff asserted that it lacks the information necessary to admit or deny the contents of these CPARs. But Plaintiff has all of the CPARs in its possession. Indeed, Plaintiff propounded its own Interrogatory seeking identification by Bates number of all CPARs (and CoreCivic responded). *See* Grant Decl., Ex. J at 20–21. Interrogatory No. 38 seeks to understand the facts supporting Plaintiff's inability to review this small set of documents and admit or deny that none of them contain the statement referenced in RFA No. 40. Or, if Plaintiff's position is that such statement is contained in one or more CPAR for the BOP Facilities, CoreCivic is entitled to know that.

The remaining Companion Interrogatories—Nos. 30, 31, 32, 33, 34, 37, 39, and 40—

concern RFA Nos. 5, 11, 18, 23, 24, 25, 34, 45, and 50, which, as discussed above, seek admission

of facts verifiable based on publicly available documents or facts exclusively within Plaintiff's

possession. *See supra* Section III.A.1. Plaintiff's response that it "is not in a position to identify

facts" supporting its purported inability to respond to these RFAs is circular and insufficient. *See*

Grant Decl., Ex. A at 8–9. Setting aside the fact that Plaintiff's RFA responses are insufficient in

their own right, CoreCivic is at least entitled to an explanation of *why* Plaintiff claims to "lack

sufficient information to admit or deny" the referenced RFAs. These responses fly in the face of

Plaintiff's obligation to "furnish any and all information available" to it (*Roden*, 2019 WL

- 15 -

1098918, at *3) or, if unable to answer, at the very least "indicate [the] efforts . . . made to obtain" the answer. *Hendricks*, 2012 WL 2075317, at *5; *see also* 7 James Wm. Moore et al., Moore's Federal Practice §33.102[3] (3d ed. 2017). Plaintiff cannot insulate itself from written discovery by claiming that it lacks information to respond to RFAs and refusing to explain why information in its possession is insufficient to respond. *See, e.g.*, *Shadburne*, 2017 WL 6391483, at *9 n.5 (ordering supplementation of response to companion interrogatory that was "circular in its reasoning"); *see also Auto-Owners' Ins. Co. v. Gordon & Assocs., Inc*., No. 9:15-4063-RMG, 2016 WL 11509964, at *3 (D.S.C. June 2, 2016) (where party "propounded interrogatories . . . seeking explanations [for] any denials [defendant] might assert in response to the requests for admission," defendant "can be compelled to respond to those interrogatories").

CoreCivic requests that the Court order Plaintiff to supplement its responses to RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50 to provide unqualified admissions, and/or compel further responses to Interrogatory Nos. 29–40 to state the bases for any continued failure to provide an unqualified admission in response to those RFAs.

### 2. Plaintiff Must Identify Its Loss Causation Theory And Provide All Facts That Support It (Interrogatory Nos. 17–21 and 27–28)

Plaintiff's responses to Interrogatory Nos. 17–21 and 27–28 are also insufficient and incomplete. These Interrogatories seeks to understand Plaintiff's theory of loss causation—an *essential* element of its Section 10(b) claim—and identify all facts supporting that theory. *See* Grant Decl., Ex. A at 6–9. Specifically, CoreCivic requested that Plaintiff identify and explain which disclosures Plaintiff contends purportedly "corrected" each of the alleged misstatements, identify what the corrective information was, explain when Plaintiff contends that purportedly corrective information should have been disclosed, and provide the factual bases for Plaintiff's contention that shareholder losses were caused by the alleged misstatements. *See id.*

- 16 -

Plaintiff's answer is essentially that it cannot (or will not) identify *any* facts at the close of fact discovery to support its loss causation theory. Plaintiff has filed a complaint alleging over a billion dollars in investor damages, and subjected CoreCivic to lengthy, expansive and protracted discovery. If Plaintiff cannot identify *any* facts supporting its loss causation theory, then it is required to say so. Otherwise, Defendants have a right to know what *facts* Plaintiff believes support its theory that shareholder losses were caused by the alleged misstatements at issue.

Plaintiff offers only improper, boilerplate objections, such as that the information sought is "already available in this litigation, including in the pleadings, the briefing and the Court's Orders on CoreCivic's motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing." *Id.* at 6–7. But, *arguments made by attorneys* in court filings, decisions *rendered by the Judge*, and *expert opinions* **are not facts**. For that reason, Courts hold that it is "technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings." *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) (citing 7 James Wm. Moore et al., Moore's Federal Practice § 33.103 (2d ed. 2006)); *see Kleppinger v. Texas Dep't of Transp.*, No. 5:10–cv–124, 2013 WL 12138545, at *3 (S.D. Tex. Jan. 3, 2013) (same); *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-CV-186-TRM-HBG, 2019 WL 5865623, at *3 (E.D. Tenn. Nov. 8, 2019) (incorporation by reference of the allegations of a pleading "is impermissible"); *see also Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 120 (N.D. Ga. 1972) ("Defendant is correct in stating that incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory."). Unlike the various court filings identified by Plaintiff (in particular this Court's Orders, which Plaintiff obviously cannot use to prove its claim at trial), a verified interrogatory

- 17 -

response by a party, made under oath, is *factual evidence* capable of being used by either party "to the extent allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c).

Indeed, the very materials Plaintiff relies on in its Reponses underscore the need for Plaintiff to identify whatever current theory of loss causation it has, and the factual support for it. Plaintiff's complaint alleges two corrective disclosures, yet Plaintiff's class certification filings claimed there were three. *Compare* Compl. ¶ 192, *with* ECF No. 121 at 5, *and* ECF No. 150 at 12–14. Is Plaintiff contending now that there are two or three (or some other number) of corrective disclosures? Defendants do not know, and Plaintiff's attempt to avoid taking a position by redirecting Defendants to these pre-fact discovery pleadings is improper.

Plaintiff further objects that "[CoreCivic] prematurely seeks information subject to expert testimony and reports that will be produced at a later stage of this litigation." *Id.* Plaintiff's objections are baseless. The fact that Plaintiff may offer expert testimony on loss causation does not obviate its obligation to respond to Interrogatories with the factual bases for its claim, based on information currently known to Plaintiff. *See, e.g.*, *Robert Bosch LLC v. Snap-On Inc.*, No. 12–11503, 2013 WL 1703328, at *2 (E.D. Mich. Apr. 19, 2013) (where an interrogatory seeks to ascertain the "factual bases for [a Plaintiff's] claims," it does "not require an expert opinion"); *see also Beeman v. Anthem Prescription Mgmt., Inc.*, No. EDCV 04-407-VAP (KKx), 2017 WL 5564535, at *4 (C.D. Cal. Nov. 17, 2017) ("[U]nless 'only an expert would be qualified to address this information,' . . . Plaintiffs must respond fully and completely to the best of their knowledge, based on this information they have to date." (internal citation omitted)); *Lemaster v. Collins Bus Corp.*, No. 11–CV–2128 JTM/KGG, 2012 WL 5199738, at *2 (D. Kan. Oct. 22, 2012) (overruling the Plaintiff's objections to defendant's interrogatories on grounds that they required expert testimony because he was "capable of providing a factual response based on the information

- 18 -

currently known to him") (internal citations omitted); *see also U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) ("Requiring a party to answer contention interrogatories [at any point in discovery] is 'consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint . . . .'" (citation omitted)).[3]

CoreCivic is entitled to a precise articulation of Plaintiff's loss causation theory and to understand what facts support that theory. Otherwise, CoreCivic cannot adequately prepare their own expert disclosures or develop facts necessary to rebut Plaintiff's loss causation theory at summary judgment or trial. *See Arney*, 96 F.R.D. at 545 ("[I]nterrogatories . . . narrow[ ] and sharpen[ ] the issues, which is a major purpose of discovery." (internal quotations and citations omitted)). If all Plaintiff has are its own allegations and expert testimony, it can say so. And if Plaintiff believes that subsequent expert testimony would be responsive to these Interrogatories, it is entitled to (and indeed must) supplement its responses. *See* Fed. R. Civ. P. 26(e). But Plaintiff cannot simply refuse to offer any response until a time of its choosing.[4]

CoreCivic thus requests that the Court compel Plaintiff to provide further responses to Interrogatories No. 17–21 and 27–28 based on information currently known to Plaintiff.

---

[3] Additionally, for Interrogatory No. 27, Plaintiff cannot avoid its obligation to "describe in detail all facts that the Yates Memo revealed that were not already known to the public" by referring to CoreCivic's expert's purported "agreement" that the Yates Memorandum revealed new information. *See* Grant Decl., Ex. A at 7. The purpose of this Interrogatory is to understand all facts *Plaintiff* contends was first revealed to the public in the Yates Memorandum.

[4] After making this objection, Plaintiff served similar Interrogatories seeking a description of the factual underpinnings of CoreCivic's theory that there is no loss causation. *Id.*, Ex. J at 3–13. CoreCivic provided fulsome responses. *Id.* And, in other cases, Plaintiff's counsel has taken a diametrically opposite position, asserting that parties are not entitled to wait until the end of expert discovery to respond to contention interrogatories. *See Hsu v. Puma Biotechnology, Inc., et al.*, No. 8:15-cv-00865-AG-JCG, ECF Nos. 94, 96.

- 19 -

## IV.    CONCLUSION

For the reasons set forth above, CoreCivic respectfully requests that the Court enter an order (1) determining that Plaintiff's responses to RFA Nos. 3, 4, 5, 6, 8, 11, 14–18, 20, 22, 23, 24, 28, 33, 34, 39, 40, and 45–54 are insufficient and order that further answers be served, or the RFAs be deemed admitted; and (2) compel further responses to Interrogatory Nos. 17–21 and 27–40.

DATED:  July 27, 2020                          Respectfully submitted:

                                         /s/ Steven A. Riley
                                         Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Meryn C. N. Grant (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave., Suite 100
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T:  (202) 637-2335
F:  (415) 637-2201
sarah.tomkowiak@lw.com

- 20 -

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

- 22 -

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
 & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

this 27th day of July, 2020.

/s/ Steven A. Riley
Steven A. Riley