# EXHIBIT A

# EXHIBIT A: CHART OF DISPUTED OBJECTIONS AND RESPONSES TO CORECIVIC'S RFAs AND INTERROGATORIES

## DISPUTED OBJECTIONS AND RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION

| RFA | Plaintiff's Response and Objection |
|---|---|
| **RFA No. 3:** Admit that none of the Challenged Statements in the Complaint exclusively pertained to the BOP Facilities. | Denied. The Complaint alleges that the Challenged Statements were materially misleading in part because they omitted and failed to disclose numerous deficiencies at CoreCivic's BOP facilities. CoreCivic's Forms 10-K also contained false and misleading statements and omissions regarding the BOP's decision not to renew its contract at CoreCivic's Northeast Ohio Correctional Center. |
| **RFA No. 4:** Admit that CoreCivic's total contract retention rate exceeded 87% in each year of the Class Period. See CoreCivic's 3rd Quarter 2016 Supplemental Disclosure Information dated November 2, 2016. | Neither admitted nor denied. Defendants' use of the term "contract retention rate" is ambiguous and undefined. In addition, Plaintiff lacks sufficient information to answer this Request for Admission or to determine whether the information presented in CoreCivic's 3Q16 Supplemental Disclosure Information, dated November 2, 2016, is accurate. |
| **RFA No. 5:** Admit that CoreCivic's total contract retention rate from January 1, 2011, through September 30, 2016, was 92.7%. See CoreCivic's 3rd Quarter 2016 Supplemental Disclosure Information dated November 2, 2016. | Neither admitted nor denied. Defendants' use of the term "contract retention rate" is ambiguous and undefined. In addition, Plaintiff lacks sufficient information to answer this Request for Admission or to determine whether the information presented in CoreCivic's 3Q16 Supplemental Disclosure Information, dated November 2, 2016, is accurate. |
| **RFA No. 6:** Admit that "Prison Riot Leaves One Dead, Others Injured," which reported on a disturbance at the Adams County Correctional Center, was published in the Natchez, MS Democrat on May 21, 2012. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because this Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself. Plaintiff admits that a "riot" occurred at the Adams County Correctional Center on May 20, 2012. |

| | |
|---|---|
| **RFA No. 8:** Admit that "They Knew Something Was Going On," which reported that CoreCivic had received a "Cure Notice" from the BOP relating to operations at the Cibola County Correctional Center, was published in *The Nation* on June 15, 2016. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself. |
| **RFA No. 11:** Admit that Damon Hininger never sold any CoreCivic securities during the Class period except to pay tax liabilities incident to securities vesting or pursuant to a 10b5-1 passive trading plan. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission or to determine all of Mr. Hininger's sales of CoreCivic securities during the Class Period or why he sold or did not sell CoreCivic securities during the Class Period. |
| **RFA No. 14:** Admit that on August 1, 2016, an ABC affiliate in Albuquerque, New Mexico, reported on the non-renewal of the BOP's contract for the Cibola County Correctional Center | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached report and then attest to its content, which speaks for itself. |
| **RFA No. 15:** Admit that on August 2, 2016, an article published in *The Gallup Independent* cited a letter from a CoreCivic spokeswoman confirming the non-renewal of the BOP's contract for the Cibola County Correctional Center | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself. |
| **RFA No. 16:** Admit that Wells Fargo was the only analyst that reported on the non-renewal of the BOP's contract with the Cibola County Correctional Center. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 17:** Admit that Wells Fargo's analyst report dated August 4, 2016, observed that the non-renewal of the BOP's contract with the Cibola County Correctional Center was announced publicly prior to August 4. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P. 36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself. |
| **RFA No. 18:** Admit that neither You nor anyone who invested on your behalf has any experience working in the correction industry. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. Further, this Request is vague, ambiguous and irrelevant to the claims and defenses at issue in this litigation. |

| | |
|---|---|
| **RFA No. 20:** Admit that statements substantially similar to the statement quoted in the preceding Request also appeared in CoreCivic's 10-K for 2011, filed on February 27, 2012 (the first day of the Class Period), and in its 10-Ks for 2012 through 2015, filed during the Class Period on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016, respectively. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2). |
| **RFA No. 22:** Admit that statements substantially similar to the statement quoted in the preceding Request also appeared in CoreCivic's 10-K for 2011, filed on February 27, 2012 (the first day of the Class Period), and in its 10-Ks for 2012 through 2015, filed during the Class Period on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016, respectively. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2). |
| **RFA No. 23:** Admit that the populations of the BOP Facilities consisted almost exclusively of low security, criminal aliens during the Class Period. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission, which is vague and ambiguous. |
| **RFA No. 24:** Admit that CoreCivic currently operates at least six facilities under contracts with the BOP. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 28:** Admit that the Yates Memo cites nothing besides the OIG Report as support for the government's decision to reduce its use of private prisons. | Denied. The Yates Memo speaks for itself and discusses, among other things, the Department of Justice's conclusion that private prisons, including CoreCivic, "compare poorly to our own Bureau facilities." |
| **RFA No. 33:** Admit that Canaccord Genuity stated that "the political environment is a large factor and driver behind the DOJ's memo" on August 23, 2016, and called the OIG Report "politically motivated" on January 13, 2017. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document or recorded statement and then attest to its content, which speaks for itself. |
| **RFA No. 34:** Admit that there are no securities analyst reports attributing the drop in CoreCivic's stock price on August 18, 2016, to the Challenged Statements. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |

3

| | |
|---|---|
| **RFA No. 39:** Admit that in every Contractor Performance Assessment Report (CPAR) for the BOP Facilities during the Class Period, the contracting officer stated that they would recommend CoreCivic for similar contracts in the future. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves. |
| **RFA No. 40:** Admit that in no Contractor Performance Assessment Reports (CPAR) for the BOP Facilities during the Class Period did the contracting officer state that they would not recommend CoreCivic for similar contracts in the future. | Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves. |
| **RFA No. 45:** Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Adams County Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 46:** Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Cibola County Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 47:** Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Eden Detention Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 48:** Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the McRae Correctional Facility was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |

| | |
|---|---|
| **RFA No. 49:** Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Northeast Ohio Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 50:** Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of the real estate on which BOP-operated facilities sit. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 51:** Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of retirement benefits for BOP employees. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 52:** Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of constructing BOP operated facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 53:** Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of maintenance repair costs exceeding $10,000. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |
| **RFA No. 54:** Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of litigation against those facilities. | Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. |

## DISPUTED OBJECTIONS AND RESPONSES TO CORECIVIC'S SECOND SET OF INTERROGATORIES

| Interrogatory | Plaintiff's Response and Objection |
|---|---|
| **Interrogatory No. 17:** State each disclosure that you contend revealed the relevant truth regarding one or more of the Challenged Statements listed in your response to Interrogatory No. 12. | Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 17 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing. Plaintiff further objects to the extent that Defendants prematurely seek information subject to expert testimony and reports that will be produced at a later stage of this litigation pursuant to the Court's Revised Case Management Order dated March 20, 2020. Subject to and without waiving the foregoing objections, Plaintiff responds by citing the Court's Order on Defendants' motion to dismiss (ECF No. 76 at 36-37) and the Court's Order on Plaintiff's motion for reconsideration (ECF No. 165 at 33 n.8). |
| **Interrogatory No. 18:** For each disclosure that You identified in response to Interrogatory No. 17, describe in detail which Challenged Statement(s) was corrected and how the alleged disclosure revealed the relevant truth about the Challenged Statement(s). | In response to Interrogatory No. 18 Plaintiff reiterates the objections and response to Interrogatory No. 17. |
| **Interrogatory No. 19:** For each disclosure that You identified in response to Interrogatory No. 17, describe in detail when the purportedly corrective information could have been disclosed and what information should have been disclosed at that time. | In response to Interrogatory No. 19, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that defendants "should" have done is irrelevant to Plaintiff's claims. |

| | |
|---|---|
| **Interrogatory No. 20:** For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail what material information was revealed by the alleged disclosure and how that information corrects the alleged omission. | In response to Interrogatory No. 20, Plaintiff reiterates the objections and responses to Interrogatory No. 17. Plaintiff also specifically objects and reiterates that Interrogatory No. 20 calls for expert testimony. |
| **Interrogatory No. 21:** For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail when the purportedly corrective information could have been disclosed and what material information should have been disclosed at that time. | In response to Interrogatory No. 21, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that what Defendants "should" have done is irrelevant to Plaintiff's claims. |
| **Interrogatory No. 27:** Describe in detail all facts that the Yates Memo revealed that were not already known to the public as of August 17, 2016. | Plaintiff reiterates its General Objections set forth above. Plaintiff further objects that Interrogatory No. 27 calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing. Subject to and without waiving the foregoing objections, Plaintiff responds that the parties' experts agree that the Yates Memo revealed new information not already known to the public. See, e.g., Transcript of Deposition of Lucy Allen at 48:25-49:7. |
| **Interrogatory No. 28:** State the basis for, and identify all Documents supporting, your contention that CoreCivic's stock price dropped on August 18, 2016, as a result of investors learning that CoreCivic did not provide quality corrections services or cost savings to its government partners, and not because of some other reason. | Plaintiff objects that Interrogatory No. 28 mischaracterizes the pleadings, calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings and Plaintiff's legal theories, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing. |

| | |
|---|---|
| **Interrogatory No. 29:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 3 is not an unqualified admission, please identify all statements supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. Further, in response to Interrogatory No. 29 Plaintiff refers Defendants to its objections and response to Interrogatory No. 13. |
| **Interrogatory No. 30:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 5 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' Requests for Admission ("RFA") No. 5, Plaintiff is not in a position to identify all facts supporting its response. In addition, Defendants' use of the term "contract retention rate" is ambiguous and undefined. |
| **Interrogatory No. 31:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 11 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 11, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 32:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 18 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 18, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 33:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 23 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 23, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 34:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 24 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 24, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 35:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 25 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In additon, the Complaint speaks for itself and alleges that CoreCivic's stock price was artificially inflated throughout the Class Period. |

| | |
|---|---|
| **Interrogatory No. 36:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 28 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, the Yates Memo speaks for itself and discusses, among other things, the Department of Justice's conclusion that private prisons, including CCA, "compare poorly to our own Bureau facilities." |
| **Interrogatory No. 37:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 34 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above, in addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 34, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 38:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 40 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, RFA No. 40 fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves. Because RFA No. 40 is improper, no further response is required. |
| **Interrogatory No. 39:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 45 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 45, Plaintiff is not in a position to identify all facts supporting its response. |
| **Interrogatory No. 40:** With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 50 is not an unqualified admission, please identify all facts supporting such qualification or denial. | Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 40, Plaintiff is not in a position to identify all facts supporting its response. |