# EXHIBIT B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NIKKI BOLLINGER GRAE, Individually and
on Behalf of All Others Similarly Situated,

       Plaintiff,

  vs.

CORRECTIONS CORPORATION OF
AMERICA, et al.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:16-cv-02267

Honorable Aleta A. Trauger

PLAINTIFF'S OBJECTIONS AND
RESPONSES TO DEFENDANT
CORECIVIC, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Tennessee (the "Local Civil Rules"), Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff" or "Amalgamated Bank"), by and through its counsel of record, hereby submits its objections and responses to Defendant CoreCivic, Inc.'s ("CoreCivic") First Set of Requests for Admission to Plaintiff ("Requests") as follows:

## I. OBJECTIONS

Plaintiff generally objects to the Requests on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiff objects to these Requests, and the definitions and instructions contained therein, to the extent they impose any obligations on Plaintiff beyond those imposed by law, or are otherwise inconsistent with Fed. R. Civ. P. 36 or the Local Civil Rules.

2. Plaintiff objects to the Requests as premature to the extent they seek admissions relating to matters that are the subject of ongoing fact discovery.

3. Plaintiff objects to the Requests to the extent they seek information that is not relevant to any claim or defense in this action or requires a search or production that is disproportionate to the needs of the case.

4. Plaintiff objects to the Requests to the extent they seek or require the disclosure of information which is protected from discovery by the attorney client privilege or the work-product doctrine. To the extent that any information might be provided pursuant to any Request, no information subject to such privilege or protection will be produced and any inadvertent production thereof will not be deemed a waiver of any privilege or protection with documents or information which may attach thereto.

- 1 -

5. Plaintiff objects to the Requests to the extent they seek information not within Plaintiff's possession, custody or control, or information that is equally available to CoreCivic.

6. Plaintiff objects to the Requests to the extent they seek information that can be found in the pleadings in this or any other action.

7. Plaintiff objects to the Requests to the extent that they are overbroad, unduly burdensome, oppressive or harassing. Plaintiff further objects to the Requests to the extent they purport to impose burdens on Plaintiff that are disproportionate to CoreCivic's need for the information.

8. Plaintiff objects to the Requests to the extent they prematurely seek information related to experts, expert testimony or opinion.

9. Plaintiff objects to the Requests to the extent they purport to require Plaintiff to characterize documents in a manner inconsistent with a plain reading of the document itself.

10. Plaintiff objects to the definitions of "You" and "Your." In responding to the Requests, Plaintiff will construe "You" and "Your" as Amalgamated Bank.

11. Plaintiff objects to the definition of "Individual Defendants" to the extent it includes "their agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on their behalf."

12. No incidental or implied admissions are intended in these responses. Plaintiff's response to all or any part of a Request should not be taken as an admission that: (a) Plaintiff accepts or admits the existence of any facts assumed, either explicitly or implicitly, by any Request; or (b) Plaintiff's response to any Request constitutes admissible evidence at summary judgment or trial.

- 2 -

## II. SPECIFIC OBJECTIONS AND RESPONSES

REQUEST FOR ADMISSION NO. 1:

Admit that none of the Challenged Statements in the Complaint exclusively pertained to any specific facility that CoreCivic operated.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Denied. The Complaint alleges that the Challenged Statements were materially misleading in part because they omitted and failed to disclose numerous deficiencies at specific CoreCivic BOP facilities. For example, CoreCivic's Forms 10-K contained false and misleading statements and omissions regarding the BOP's decision not to renew its contract at CoreCivic's Northeast Ohio Correctional Center.

REQUEST FOR ADMISSION NO. 2:

Admit that none of the Challenged Statements in the Complaint exclusively pertained to any specific customer with whom CoreCivic had a contract.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied. The Complaint alleges that the Challenged Statements were materially misleading in part because they omitted and failed to disclose numerous issues with the BOP, a specific customer. For example, CoreCivic's Forms 10-K contained misleadingly incomplete statements regarding the BOP's decision not to renew its contract at CoreCivic's Northeast Ohio Correctional Center.

REQUEST FOR ADMISSION NO. 3:

Admit that none of the Challenged Statements in the Complaint exclusively pertained to the BOP Facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Denied. The Complaint alleges that the Challenged Statements were materially misleading in part because they omitted and failed to disclose numerous deficiencies at CoreCivic's BOP facilities.

CoreCivic's Forms 10-K also contained false and misleading statements and omissions regarding the BOP's decision not to renew its contract at CoreCivic's Northeast Ohio Correctional Center.

REQUEST FOR ADMISSION NO. 4:

Admit that CoreCivic's total contract retention rate exceeded 87% in each year of the Class Period. *See* CoreCivic's 3rd Quarter 2016 Supplemental Disclosure Information dated November 2, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Neither admitted nor denied. Defendants' use of the term "contract retention rate" is ambiguous and undefined. In addition, Plaintiff lacks sufficient information to answer this Request for Admission or to determine whether the information presented in CoreCivic's 3Q16 Supplemental Disclosure Information, dated November 2, 2016, is accurate.

REQUEST FOR ADMISSION NO. 5:

Admit that CoreCivic's total contract retention rate from January 1, 2011, through September 30, 2016, was 92.7%. *See* CoreCivic's 3rd Quarter 2016 Supplemental Disclosure Information dated November 2, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Neither admitted nor denied. Defendants' use of the term "contract retention rate" is ambiguous and undefined. In addition, Plaintiff lacks sufficient information to answer this Request for Admission or to determine whether the information presented in CoreCivic's 3Q16 Supplemental Disclosure Information, dated November 2, 2016, is accurate.

REQUEST FOR ADMISSION NO. 6:

Admit that "Prison Riot Leaves One Dead, Others Injured," which reported on a disturbance at the Adams County Correctional Center, was published in the Natchez, MS *Democrat* on May 21, 2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because this Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself. Plaintiff admits that a "riot" occurred at the Adams County Correctional Center on May 20, 2012.

REQUEST FOR ADMISSION NO. 7:

Admit that CoreCivic's stock price increased from a closing price of $26.01 on May 18, 2012, to a closing price of $26.28 on May 21, 2012, the next trading day.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Admitted.

REQUEST FOR ADMISSION NO. 8:

Admit that "They Knew Something Was Going On," which reported that CoreCivic had received a "Cure Notice" from the BOP relating to operations at the Cibola County Correctional Center, was published in *The Nation* on June 15, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself.

REQUEST FOR ADMISSION NO. 9:

Admit that CoreCivic's closing stock price increased over the previous day's closing stock price every day between June 15 and June 21, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Admitted.

REQUEST FOR ADMISSION NO. 10:

Admit that the Cure Notice relating to the Cibola County Correctional Center was issued on January 9, 2015, and lifted on May 18, 2015.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Neither admitted nor denied. Plaintiff admits that CoreCivic was issued a Cure Notice on January 9, 2015. Plaintiff admits that the BOP sent a letter to CoreCivic on May 18, 2015, stating in part that "the Bureau has determined that the failures by CoreCivic indicated in the cure notice, are no longer endangering the performance of the contract."

REQUEST FOR ADMISSION NO. 11:

Admit that Damon Hininger never sold any CoreCivic securities during the Class period except to pay tax liabilities incident to securities vesting or pursuant to a 10b5-1 passive trading plan.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission or to determine all of Mr. Hininger's sales of CoreCivic securities during the Class Period or why he sold or did not sell CoreCivic securities during the Class Period.

REQUEST FOR ADMISSION NO. 12:

Admit that David Garfinkle never sold any CoreCivic securities after becoming Chief Financial Officer on May 1, 2014, except to pay tax liabilities incident to securities vesting or pursuant to a 10b5-1 passive trading plan.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission or to determine all of Mr. Garfinkle's sales of CoreCivic securities during the Class Period or why he sold or did not sell CoreCivic securities during the Class Period.

REQUEST FOR ADMISSION NO. 13:

Admit that Todd Mullenger never sold any CoreCivic securities during the Class period except to pay tax liabilities incident to securities vesting or pursuant to a 10b5-1 passive trading plan.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission or to determine all of Mr. Mullenger's sales of CoreCivic securities during the Class Period or why he sold or did not sell CoreCivic securities during the Class Period.

REQUEST FOR ADMISSION NO. 14:

Admit that on August 1, 2016, an ABC affiliate in Albuquerque, New Mexico, reported on the non-renewal of the BOP's contract for the Cibola County Correctional Center.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached report and then attest to its content, which speaks for itself.

REQUEST FOR ADMISSION NO. 15:

Admit that on August 2, 2016, an article published in *The Gallup Independent* cited a letter from a CoreCivic spokeswoman confirming the non-renewal of the BOP's contract for the Cibola County Correctional Center.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself.

REQUEST FOR ADMISSION NO. 16:

Admit that Wells Fargo was the only analyst that reported on the non-renewal of the BOP's contract with the Cibola County Correctional Center.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 17:

Admit that Wells Fargo's analyst report dated August 4, 2016, observed that the non-renewal of the BOP's contract with the Cibola County Correctional Center was announced publicly prior to August 4.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P. 36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document and then attest to its content, which speaks for itself.

REQUEST FOR ADMISSION NO. 18:

Admit that neither You nor anyone who invested on your behalf has any experience working in the correction industry.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. Further, this Request is vague, ambiguous and irrelevant to the claims and defenses at issue in this litigation.

REQUEST FOR ADMISSION NO. 19:

Admit that CoreCivic's 2010 Annual Report on Form 10-K disclosed that "Escapes, inmate disturbances, and public resistance to privatization of correctional and detention facilities could result in our inability to obtain new contracts or the loss of existing contracts."

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Plaintiff admits that the quoted words appear as part of CoreCivic's FY10 Form 10-K.

REQUEST FOR ADMISSION NO. 20:

Admit that statements substantially similar to the statement quoted in the preceding Request also appeared in CoreCivic's 10-K for 2011, filed on February 27, 2012 (the first day of the Class Period), and in its 10-Ks for 2012 through 2015, filed during the Class Period on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016, respectively.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2).

REQUEST FOR ADMISSION NO. 21:

Admit that CoreCivic's 2010 Annual Report on Form 10-K disclosed that "negative publicity about an escape, riot or other disturbance or perceived poor conditions at a privately managed facility may result in adverse publicity to us and the private corrections industry in general. Any of these occurrences or continued trends may make it more difficult for us to renew or maintain existing contracts or to obtain new contracts, which could have a material adverse effect on our business."

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Plaintiff admits that the quoted words appear as part of CoreCivic's FY10 Form 10-K.

REQUEST FOR ADMISSION NO. 22:

Admit that statements substantially similar to the statement quoted in the preceding Request also appeared in CoreCivic's 10-K for 2011, filed on February 27, 2012 (the first day of the Class Period), and in its 10-Ks for 2012 through 2015, filed during the Class Period on February 27, 2013, February 27, 2014, February 25, 2015, and February 25, 2016, respectively.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2).

REQUEST FOR ADMISSION NO. 23:

Admit that the populations of the BOP Facilities consisted almost exclusively of low-security, criminal aliens during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission, which is vague and ambiguous.

REQUEST FOR ADMISSION NO. 24:

Admit that CoreCivic currently operates at least six facilities under contracts with the BOP.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 25:

Admit that the Complaint does not state the first date upon which CoreCivic's stock price allegedly became artificially inflated.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Neither admitted nor denied. The Complaint speaks for itself and alleges that CoreCivic's stock price was artificially inflated throughout the Class Period.

- 10 -

REQUEST FOR ADMISSION NO. 26:

Admit that the stock price of the GEO Group, Inc., dropped by more than 39% on August 18, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Admitted.

REQUEST FOR ADMISSION NO. 27:

Admit that CoreCivic's closing stock price on August 17, 2016, was less than 1% lower than its closing stock price on August 11, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Admitted.

REQUEST FOR ADMISSION NO. 28:

Admit that the Yates Memo cites nothing besides the OIG Report as support for the government's decision to reduce its use of private prisons.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Denied. The Yates Memo speaks for itself and discusses, among other things, the Department of Justice's conclusion that private prisons, including CoreCivic, "compare poorly to our own Bureau facilities."

REQUEST FOR ADMISSION NO. 29:

Admit that the Yates Memo was withdrawn by Attorney General Jeff Sessions in February 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Neither admitted nor denied. The February 21, 2017 memorandum by Attorney General Jeff Sessions speaks for itself and requires no further characterization.

REQUEST FOR ADMISSION NO. 30:

Admit that Donald Trump was elected President of the United States on November 8, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Denied. Donald Trump was elected President of the United States on December 19, 2016 by a vote of the Electoral College.

REQUEST FOR ADMISSION NO. 31:

Admit that CoreCivic's closing stock price on November 9, 2016, was 43% higher than its closing stock price on November 8, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Admitted.

REQUEST FOR ADMISSION NO. 32:

Admit that on January 17, 2017, CoreCivic's closing stock price exceeded its closing stock price on August 17, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Admitted.

REQUEST FOR ADMISSION NO. 33:

Admit that Canaccord Genuity stated that "the political environment is a large factor and driver behind the DOJ's memo" on August 23, 2016, and called the OIG Report "politically motivated" on January 13, 2017.

RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unattached document or recorded statement and then attest to its content, which speaks for itself.

REQUEST FOR ADMISSION NO. 34:

Admit that there are no securities analyst reports attributing the drop in CoreCivic's stock price on August 18, 2016, to the Challenged Statements.

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 35:

Admit that Plaintiff did not sell any CoreCivic Securities between June 29, 2016, and August 22, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Admitted.

REQUEST FOR ADMISSION NO. 36:

Admit that Plaintiff held 71,886 shares of CoreCivic stock on November 15, 2016.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Denied. Plaintiff held 81,360 shares of CoreCivic stock on November 15, 2016.

REQUEST FOR ADMISSION NO. 37:

Admit that Plaintiff purchased CoreCivic Securities after the end of the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Admitted.

REQUEST FOR ADMISSION NO. 38:

Admit that Plaintiff still holds CoreCivic Securities today.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Admitted.

REQUEST FOR ADMISSION NO. 39:

Admit that in every Contractor Performance Assessment Report (CPAR) for the BOP Facilities during the Class Period, the contracting officer stated that they would recommend CoreCivic for similar contracts in the future.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves.

REQUEST FOR ADMISSION NO. 40:

Admit that in no Contractor Performance Assessment Reports (CPAR) for the BOP Facilities during the Class Period did the contracting officer state that they would not recommend CoreCivic for similar contracts in the future.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Neither admitted nor denied. This Request fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves.

REQUEST FOR ADMISSION NO. 41:

Admit that each of the BOP Facilities was accredited by the American Correctional Association at all times during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 42:

Admit that each of the BOP Facilities was accredited by the Joint Commission at all times during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

Admit that each of the BOP Facilities was found to be in full compliance with Prison Rape Elimination Act ("PREA") standards by certified PREA auditors at the conclusion of every PREA audit during the Class Period.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission. This Request also fails to comply with Fed. R. Civ. P.36(a)(2) because the Request appears to require Plaintiff to authenticate an unspecified number of unattached and unidentified audit reports and then attest to their contents, which speak for themselves.

REQUEST FOR ADMISSION NO. 44:

Admit that all of the BOP Facilities currently house detainees pursuant to contracts with the United States Federal Government.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 45:

Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Adams County Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 46:

Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Cibola County Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 47:

Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Eden Detention Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 48:

Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the McRae Correctional Facility was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 49:

Admit that for each year of the Class Period, the average per capita per diem rate paid by the BOP to house inmates at the Northeast Ohio Correctional Center was lower than the Total Daily Cost per capita reported to Congress by the BOP for BOP-managed low security facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 50:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of the real estate on which BOP-operated facilities sit.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 51:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of retirement benefits for BOP employees.

RESPONSE TO REQUEST FOR ADMISSION NO. 51:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 52:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of constructing BOP-operated facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 52:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 53:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of maintenance repair costs exceeding $10,000.

RESPONSE TO REQUEST FOR ADMISSION NO. 53:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 54:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class Period for BOP-managed low security facilities did not include the cost of litigation against those facilities.

RESPONSE TO REQUEST FOR ADMISSION NO. 54:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for Admission.

REQUEST FOR ADMISSION NO. 55:

Admit that the Total Daily Cost per capita reported to Congress by the BOP during the Class

Period for BOP-managed low security facilities did not include the cost of employees' workers'

compensation claims.

RESPONSE TO REQUEST FOR ADMISSION NO. 55:

Neither admitted nor denied. Plaintiff lacks sufficient information to answer this Request for

Admission.

DATED: May 1, 2020     ROBBINS GELLER RUDMAN & DOWD LLP
             CHRISTOPHER M. WOOD, #032977
             CHRISTOPHER H. LYONS, #034853


             CHRISTOPHER M. WOOD

          414 Union Street, Suite 900
          Nashville, TN 37219
          Telephone: 800/449-4900
          615/252-3798 (fax)
          cwood@rgrdlaw.com
          clyons@rgrdlaw.com

          ROBBINS GELLER RUDMAN & DOWD LLP
          DENNIS J. HERMAN
          WILLOW E. RADCLIFFE
          KENNETH J. BLACK
          Post Montgomery Center
          One Montgomery Street, Suite 1800
          San Francisco, CA 94104
          Telephone: 415/288-4545
          415/288-4534 (fax)
          dennish@rgrdlaw.com
          willowr@rgrdlaw.com
          kennyb@rgrdlaw.com

          ROBBINS GELLER RUDMAN & DOWD LLP
          JASON A. FORGE
          655 West Broadway, Suite 1900
          San Diego, CA 92101
          Telephone: 619/231-1058
          619/231-7423 (fax)
          jforge@rgrdlaw.com

          Lead Counsel for Plaintiff

- 19 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

<u>DECLARATION OF SERVICE BY EMAIL</u>

I, the undersigned, declare:

1.       That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2.       That on May 1, 2020, declarant caused to be served the **PLAINTIFf'S OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** by email to the parties as follows:

| NAME | FIRM | EMAIL |
|------|------|-------|
| David J. Schindler<br>Brian T. Glennon<br>Morgan E. Whitworth<br>Faraz R. Mohammadi | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>morgan.whitworth@lw.com<br>faraz.mohammadi@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK &<br>JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 1, 2020, at San Francisco, California.

_____
SARAH MORRIS