# EXHIBIT D

**Sarah Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

**LATHAM & WATKINS** LLP

May 13, 2020

**VIA EMAIL**

Willow Radcliffe
Robbins Gellar Rudman & Dowd
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Phone: (415) 288-4545
willowr@rgrdlaw.com

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267

Dear Willow:

We write regarding Plaintiff's Objections and Responses to CoreCivic Inc.'s First Set of Requests for Admission ("RFA") and Second Set of Interrogatories.

As set forth below, Plaintiff's responses to several of the RFAs and Interrogatories are deficient in several respects and fail to comply with Plaintiff's obligations under the Federal Rules of Civil Procedure. CoreCivic requests that Plaintiff supplement its responses accordingly so that the parties may appropriately prepare for summary judgment and trial.

### A. Responses to CoreCivic's Requests for Admission

Plaintiff's responses to CoreCivic's First Set of RFAs claim a uniform lack of knowledge about central issues in this case and advance unfounded objections based on strained interpretations of Federal Rule of Civil Procedure 36.

#### 1. Plaintiff Has Failed To Make A Reasonable Inquiry Into Information Known To It Or Readily Obtainable

In response to nearly half of the RFAs, Plaintiff claims it lacks sufficient information to provide any answer at all. *See* Response Nos. 4, 5, 11-13, 16, 18, 23, 24, 34, 41-55. However, a party can assert lack of knowledge or information as a reason for failing to provide a substantive response to a Request for Admission *only if* it "state[s] in detail why" it "cannot truthfully admit or deny it," and includes a certification that it has conducted a reasonable inquiry and remains unable to admit or deny the request. *See* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only if the party states that it has made reasonable inquiry*** and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.") (emphasis added); *Estate of Majors v.*

*Gerlach*, No. 16-CV-13672, 2018 WL 3429979, at *1 (E.D. Mich. July 16, 2018) ("Boilerplate responses that [respondent] simply lacks knowledge or information do not suffice."). Tellingly, Plaintiff does not represent that it conducted any such inquiry here. The parties are nearing the close of fact discovery. CoreCivic has produced over 420,000 documents, totaling over 2.2 million pages, from 65 custodians; third parties have produced nearly 200,000 documents; Plaintiff has conducted more than 20 depositions; and a wealth of relevant information is publicly available and readily obtainable by all parties. A reasonable inquiry into these materials would enable Plaintiff to admit or deny several of the RFAs at issue.

By way of example, RFA Nos. 45-55 ask Plaintiff to compare costs and per diem rates to house inmates at BOP-managed facilities (as reported to Congress by the BOP), with costs and per diem rates paid by the BOP to CoreCivic to house inmates at CoreCivic's facilities. The information needed to admit or deny these Requests is publicly available and/or contained in the voluminous fact record. Yet, Plaintiff claims that it lacks sufficient information to answer these requests. It is difficult to understand Plaintiff's position that it is unable to compare the costs of operating BOP-managed facilities with the costs of operating CoreCivic-managed facilities, at this late stage in discovery. If that is in fact the case, it is unclear how Plaintiff can continue to claim that any of CoreCivic's statements regarding the cost savings provided to its government partners were false or misleading.

CoreCivic requests that Plaintiff revisit each RFA response in which it claimed to "lack[ ] sufficient information to answer," and furnish a complete response as required by Rule 36. Fed. R. Civ. P. 36(a)(4). Moreover, Plaintiff cannot cure these deficiencies by merely amending its responses to track the language of Rule 36(a). 8B Fed. Prac. & Proc. Civ. § 2261 (3d ed.); *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (response does not "necessarily compl[y] with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable to him").

### 2. Plaintiff's Rule 36(a)(2) Objections Are Improper

Plaintiff further objects to RFA Nos. 6, 8, 14, 15, 17, 20, 22, 33, 39, 40, and 43 on the basis that CoreCivic did not comply with Rule 36(a)(2). Specifically, Plaintiff contends that these RFAs "implicitly require[] Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents." *See, e.g.*, RFA Response No. 43. Rule 36(a)(2) is inapplicable, and Plaintiff's attempt to re-characterize (or unilaterally insert implicit requirements into) CoreCivic's requests in order to come within its scope is improper.

Rule 36(a)(2) requires that "[a] request to admit the genuineness of a document must be accompanied by a copy of the document, unless it is, or has been, otherwise furnished or made available for inspection and copying" to Plaintiff. Here, none of the RFAs ask Plaintiff to admit the genuineness of a document. Accordingly, Rule 36(a)(2) does not apply. Rather, these RFAs request that Plaintiff admit or deny certain facts, with references to documents. That some of those facts may exist because of, appear in, or relate to documents does not (implicitly or otherwise) require Plaintiff to authenticate the referenced documents.

Plaintiff's objection is particularly baseless considering that the documents referenced are already in Plaintiff's possession, and Plaintiff relied on many of them during this case. For example, RFA Nos. 20 and 22 refer to CoreCivic's Form 10-Ks for 2011 and each year of the Class Period, which are cited throughout Plaintiff's Complaint (not to mention, publicly available). RFA Nos. 14, 15, and 17 refer to publicly available documents cited in the Supplemental Expert Report of Lucy Allen, filed in this action as ECF No. 135-1. Plaintiff's response to Request No. 17 stands out as particularly frivolous: it was *Plaintiff's* expert, Dr. Stephen Feinstein, who located and quoted from the analyst report that is the subject of Request No. 17, in his Rebuttal Report in Support of Plaintiff's Motion for Class Certification, ECF No. 120-1.

Rule 36(a)(2) provides no basis to outright object to these RFAs. If Plaintiff cannot admit or deny these RFAs, it must either "state in detail why the answering party cannot truthfully admit or deny" those facts, or provide a response that "fairly respond[s] to the substance of the matter." Fed. R. Civ. P. 36(a)(4). CoreCivic requests that Plaintiff revisit each RFA response to which it objected under Rule 36(a)(2), and furnish a complete response as required by Rule 36.

## B. Responses to CoreCivic's Second Set of Interrogatories

### 1. Generic References To Entire Depositions Are Insufficient

Plaintiff's responses to Interrogatory Nos. 12-16 are insufficient and incomplete. These interrogatories seek the bases for Plaintiff's claims that statements made by Defendants during the Class Period (the "Challenged Statements") were false or misleading by omission, and that Defendants knew they were false or were reckless to their truth or falsity. Plaintiff's response to Interrogatory No. 13 (which is then incorporated into its responses to Interrogatory Nos. 12, 14, 15, and 16) contains generic references to "deposition testimony and deposition exhibits" of at least 13 individuals and the Company (through its 30(b)(6) witness). These responses do not comply with Federal Rule of Civil Procedure 33.

The plain language of Rule 33 requires that "[e]ach interrogatory must . . . be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). As federal courts have observed, parties "are not permitted to answer interrogatories by generically referring to . . . deposition testimony . . . or other broad classes of documents with no articulation of where this information may be found," rather, they "must indicate with specificity where the information can be found." *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006). In other words, the generic references to entire depositions (and accompanying exhibits) in Plaintiff's responses to Interrogatory Nos. 12-16 "are not complete and not in compliance with Rule 33." *Auto Chem Labs., Inc. v. Turtle Wax, Inc.*, 2009 WL 10664199, at *4 (S.D. Ohio Dec. 28, 2009); *see also Martinez v. Easter Seals Santa Maria El Mirador, Inc.*, 2014 WL 12597407, at *3 (D.N.M. Oct. 7, 2014) ("A[n] [impermissible] 'general' reference would be, *e.g.*, to . . . an entire deposition.") (collecting authority); *Kleppinger*, 2013 WL 12138545, at *1 (S.D. Tex. Jan. 3, 2013) (collecting authority for the proposition that references to depositions generally do not satisfy Rule 33 and require supplementation). Without specific citations to the deposition

testimony and exhibit numbers supporting Plaintiff's theories of falsity and scienter, CoreCivic is unable to adequately prepare for summary judgment and trial.

CoreCivic requests that Plaintiff supplement its responses to Interrogatory Nos. 12-16 to include specific references to portions of deposition testimony (with cites to the transcripts), and exhibit numbers, for the individuals referenced in Plaintiff's responses.

### 2. Plaintiff Must Provide The Factual Bases For Its Loss Causation Theory

Plaintiff's responses to Interrogatory Nos. 17-21 and 27-28 are also insufficient and incomplete. These interrogatories seek basic factual information about Plaintiff's theory of loss causation, an essential element of its Section 10(b) claim. The information sought includes which disclosures purportedly "corrected" each of the Challenged Statements, what the alleged corrective information was, when Plaintiff contends that alleged corrective information should have been disclosed, and the basis for Plaintiff's contention that shareholder losses were caused by the alleged fraud.

In response to Interrogatory Nos. 17-21, Plaintiff offers improper, boilerplate objections,[1] including that the information sought is "already available in this litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing." Plaintiff further objects that "Defendants prematurely seek information subject to expert testimony and reports that will be produced at a later stage of this litigation." Finally, Plaintiff "responds by citing the Court's Order on Defendants' motion to dismiss (ECF No. 76 at 36-37) and the Court's Order on Plaintiff's motion for reconsideration (ECF No. 165 at 33 n.8)."

Plaintiff's objections are (again) invalid. Even assuming that the information sought is "already available" in the materials Plaintiff cites (which CoreCivic does not concede), CoreCivic is aware of no authority supporting the proposition that interrogatories can only seek information that is otherwise "unavailable" to a party in the litigation. Under Rule 33, an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). A party's verified interrogatory response, made under oath, is factual evidence that "may be used to the extent allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). Attorney argument made in briefing, decisions issued by the Court, and expert opinion in support of an entirely different issue (market efficiency) are neither factual evidence nor an adequate substitute therefor.

In addition, Plaintiff has no basis to object to these interrogatories on the grounds that they are premature because they "require" expert testimony. Regardless if expert testimony might be helpful to assist the trier of fact, Plaintiff must still provide a factual response based on the information currently known. *See, e.g., Robert Bosch LLC v. Snap-On Inc.*, 2013 WL

---

[1] In its responses to Interrogatories No. 18-21, Plaintiff "reiterates" its objections to Interrogatory No. 17, in violation of Rule 33(b)(4)'s requirement that the grounds for objecting to an interrogatory "must be stated with specificity."

1703328, at *2 (E.D. Mich. Apr. 19, 2013) (where an interrogatory seeks to ascertain the "factual bases for [a plaintiff's] claims," it does "not require an expert opinion"); *see also Beeman v. Anthem Prescription Mgmt., Inc.*, 2017 WL 5564535, at *4 (C.D. Cal. Nov. 17, 2017) ("unless 'only an expert would be qualified to address this information,' . . . Plaintiffs must respond fully and completely to the best of their knowledge, based on this information they have to date") (internal citation omitted); *Lemaster v. Collins Bus Corp.*, 2012 WL 5199738, at *2 (D. Kan. Oct. 22, 2012) (overruling the plaintiff's objections to defendant's interrogatories on grounds that they required expert testimony because he was "capable of providing a factual response based on the information currently known to him") (internal citations omitted).

Moreover, Plaintiff's "citation" to this Court's orders (which, as noted above, do not constitute evidence) is improper. As courts have held, it is "technically improper and unresponsive for an interrogatory to refer to outside material, such as pleadings." *Equal Rights Ctr. v. Post Props.*, Inc., 246 F.R.D. 29, 35 (D.D.C. 2007) (citing 7 J. Moore, Moore's Federal Practice § 33.103 (2d ed. 2006)); *Kleppinger v. Texas Dep't of Transportation*, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) (same); *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-CV-186-TRM-HBG, 2019 WL 5865623, at *3 (E.D. Tenn. Nov. 8, 2019) (incorporation by reference of the allegations of a pleading "is impermissible").

Plaintiff's objections and responses to Interrogatories No. 27-28 are deficient for the same reasons. Additionally, Plaintiff cannot avoid its obligation to provide factual responses based on the information currently known to it by referring to *Defendants*' expert's purported "agreement" that the Yates Memorandum revealed new information not known to the public. *See* RFA Response No. 27. To reiterate, the point of the Interrogatory is to understand what information *Plaintiff* contends was first revealed to the public in the Yates Memorandum.

CoreCivic requests that Plaintiff supplement its responses to Interrogatories No. 17-21 and 27-28 to provide factual responses based on information currently known to it.

### 3. Plaintiff's Refusal to Respond to Companion Interrogatories Is Circular

CoreCivic's RFA Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50 should be read in conjunction with Interrogatory Nos. 29 through 40, which request the factual support for any responses to those RFAs besides unqualified admissions (*i.e.*, "Companion Interrogatories"). Courts recognize the utility of interrogatories of this type "to uncover the details of a party's responses to requests for admission." *GATX Corp. v. Appalachian Fuels, LLC*, No. 09-41-DLB, 2010 WL 5067688, at *7-8 (E.D. Ky. Dec. 7, 2010); *see also Shadburne v. Bullitt Cty., Kentucky*, No. 3:17CV-00130-DJH, 2017 WL 6391483, at *9 (W.D. Ky. Dec. 14, 2017) ("A party propounding requests for admission may also propound an interrogatory asking for an explanation of the responding party's denial of such requests for admission."). Plaintiff not only failed to respond adequately to these RFAs, Plaintiff also did not provide a sufficient answer to a single one of these Companion Interrogatories.

In response to Interrogatory Nos. 30, 31, 32, 33, 34, 37, 39, and 40, Plaintiff states that "because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. [], Plaintiff is not in a position to identify all facts supporting its response." This is

**LATHAM&WATKINS**LLP

nonresponsive—the purpose of these Companion Interrogatories is to understand *why* Plaintiff claims to "lack sufficient information to admit or deny" the referenced RFAs. This response is insufficient as a matter of law. *Shadburne*, 2017 WL 6391483 at *9 (ordering supplementation of response to companion interrogatory that was "circular in its reasoning"); *see also Auto-Owners' Ins. Co. v. Gordon & Assocs., Inc.*, 2016 WL 11509964, at *3 (D.S.C. June 2, 2016) (where party "propounded interrogatories . . . seeking explanations [for] any denials [defendant] might assert in response to the requests for admission," defendant "can be compelled to respond to those interrogatories"); *Deutsch v. Arrow Fin. Servs., LLC*, 2009 WL 10670785, at *3 (M.D. Fla. May 1, 2009) ("A party propounding requests for admission also may propound an interrogatory asking for an explanation of the denial.") (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 442 (C.D. Cal. 1998)).

Plaintiff must either supplement its Responses to CoreCivic's First Set of Requests for Admission to provide unqualified admissions in response to RFAs Nos. 3, 5, 11, 18, 23, 24, 25, 28, 34, 40, 45, and 50, or supplement its responses to Interrogatory Nos. 30, 31, 32, 33, 34, 37, 39, and 40 to state the bases for its denial or refusal to answer those RFAs.

### 4. Plaintiff Must Verify Its Responses

Finally, Plaintiff has not verified the interrogatory responses, despite having served the responses nearly two weeks ago. As you are aware, Plaintiff must answer these Interrogatories in writing under oath. Please address this deficiency as soon as possible.

\* \* \* \* \*

We look forward to discussing these issues on our upcoming meet and confer call.

Best regards,

*/s/ Sarah Tomkowiak*

Sarah Tomkowiak
of LATHAM & WATKINS LLP

cc: David Schindler
Brian Glennon
Steve Riley
Trey McGee
Meryn Grant
Morgan Whitworth
Eric Pettis
Dennis Herman
Christopher Wood
Christopher Lyons
Kenneth Black
Jason Forge