# EXHIBIT F

| | |
|---|---|
| **From:** | Jason Forge <JForge@rgrdlaw.com> |
| **Sent:** | Friday, May 29, 2020 7:16 PM |
| **To:** | Grant, Meryn (LA); Willow Radcliffe; Chris Wood; Christopher Lyons; Kenny Black |
| **Cc:** | Glennon, Brian (LA); TMcGee@rwjplc.com; Tomkowiak, Sarah (DC); Whitworth, Morgan (Bay Area); Pettis, Eric (LA); Eastly, John (SF) |
| **Subject:** | RE: Grae v. Corrections Corporation of America, No. 3:16-cv-02267 (M.D. Tenn.) – Discovery |

Respectfully, Meryn, I don't recall you participating in our meet and confer, so I'm not sure what you have considered. In any event, we explained our positions to your colleagues and they haven't changed. Have a nice weekend.

Jason

---

**From:** Meryn.Grant@lw.com <Meryn.Grant@lw.com>
**Sent:** Friday, May 29, 2020 6:02 PM
**To:** Willow Radcliffe <Willowr@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Chris Wood <CWood@rgrdlaw.com>; Christopher Lyons <CLyons@rgrdlaw.com>; Kenny Black <KennyB@rgrdlaw.com>
**Cc:** Brian Glennon <brian.glennon@lw.com>; TMcGee@rwjplc.com; Sarah.Tomkowiak@lw.com; Morgan.Whitworth@lw.com; Eric.Pettis@lw.com; John Eastly <john.eastly@lw.com>
**Subject:** Grae v. Corrections Corporation of America, No. 3:16-cv-02267 (M.D. Tenn.) – Discovery

Counsel:

We write to follow-up on our meet and confer regarding Plaintiff's Objections and Responses to Defendants' First Set of Requests for Admission and Second Set of Interrogatory Responses. We have considered your position with respect to your answers and remain convinced that several answers are deficient.

First, we do not agree that your answers for the vast majority of Requests for Admission are sufficient to comply with the requirements set forth in Federal Rule of Civil Procedure 36(a)(4). Specifically, we do not believe that Rule 36(a)(2) provides any basis for your refusal to answer Request Nos 6, 8, 14, 15, 17, 20, 22, 33, 39, 40. As we discussed, the Requests are factual, and do not seek an admission regarding the genuineness of any document. We are in the process of collecting the underlying documents referenced in these Requests have either been produced or are publicly available, which should be sufficient to address any concerns you have. Nor do we agree that your failure to respond to Request Nos. 4, 5, 16, 18, 23, 24, 34, 45-54 is justified by your claim that these Requests seek admissions of facts that are exclusively within Defendants' knowledge as many facts bearing on these Requests have been adduced in discovery. The purpose of written discovery is not simply to discover facts, but to narrow the issues for trial. For the same reasons, we remain convinced that your responses to Interrogatory Nos. 30, 31, 32, 33, 34, 37, 39, and 40, which accompany these Requests for Admissions are insufficient. If you will not supplement these answers, we will ask the Court for a determination regarding the sufficiency of these answers pursuant to Fed. R. Civ. P. 36(a)(6), and move to compel further responses to these Interrogatories.

Second, we have also considered your position that Interrogatory Nos. 17-21 and 27-28 are premature. We disagree. Defendants are entitled to understand the factual basis for Plaintiff's allegation that the alleged false statements caused investor losses. (We note that Plaintiffs have recently served similar Interrogatories seeking a description of the factual underpinnings of Defendants' theory that there is no loss causation. And, in other cases Robbins Geller has taken the position that parties are not entitled to wait until the end of expert discovery to respond to contention interrogatories seeking the factual basis for allegations. *See Hsu v. Puma Biotechnology, Inc., et al.*, No. 8:15-cv-00865-AG-JCG, Dkt Nos. 94, 96.) While we appreciate your offer to provide fulsome answers during expert discovery, this does not allow our

1

Case 3:16-cv-02267    Document 252-6    Filed 07/27/20    Page 2 of 3 PageID #: 7353

experts to address the factual basis for your claims, or address the sufficiency of those answers with the Court, if necessary. To the extent that Plaintiffs need to amend their answers later, they not only can do so, they are obligated to in accordance with Fed. R. Civ. P. 26(e). If you will not supplement these answers, we will move to compel further responses.

With respect to the responses to Interrogatory Nos. 12-16, we would appreciate supplemental answers with appropriate deposition cites by June 14, 2020. Without these additional references, we are unable to assess whether these are fulsome responses. And, we are entitled to the opportunity to assess the references provided, before the deadline for filing discovery motions.

We request that you confirm whether or not you will supplement your responses to Request for Admission Nos. 4, 5, 6, 8, 14-18, 20, 22-24, 33, 34, 39, 40, 45-54 and Interrogatory Nos. 17-21, 27, 28, 30, 31, 32, 33, 34, 37, 39, and 40, and the date on which you will supplement your responses to Interrogatory Nos. 12-16.

Best,


**Meryn C N Grant**

**LATHAM & WATKINS LLP**
355 South Grand Avenue | Los Angeles, CA 90071-1560
D: +1.213.891.8553 | M: +1.719.229.8422

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**