# EXHIBIT J

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br>Magistrate Judge Jeffery S. Frensley<br><br>DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES |

Pursuant to Federal Rules of Civil Procedure 26 and 33, the applicable Local Rules of the United States District Court for the Middle District of Tennessee, and Administrative Order No. 174-1, Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants") by and through their undersigned counsel, hereby object and respond to the Second Set of Interrogatories to Defendants by Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiffs") dated May 15, 2020 (the "Interrogatories").

## I.    PRELIMINARY STATEMENT

The following responses are made in good faith after an inquiry within the timeframe provided.  In responding to these Interrogatories, Defendants state that they have not undertaken to search or review each and every file and record in their possession, custody, or control, because to do so would be unduly burdensome, expensive, and not proportional to the needs of the case.  Furthermore, the Interrogatories that ask Defendants to "[i]dentify all facts, documents, testimony and communications that support any contention" regarding actions or knowledge of third parties are unduly burdensome, expensive, and not proportional to the needs of the case.  It would be impossible for Defendants to identify all facts, documents, testimony or communications regarding actions or knowledge of a third party, because that evidence is not within Defendants' possession, custody or control.  Further, Defendants have produced hundreds of thousands of documents in this matter, totaling millions of pages, and the Interrogatories that ask Defendants to "[i]dentify all documents" requires a re-review of the entire production set.  For these Interrogatories, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants will specify the records that must be reviewed, in sufficient detail to allow Plaintiffs to locate and identify the documents requested.

Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses.  Furthermore, these responses were prepared on

Defendants' good faith interpretation and understanding of the definitions in the Interrogatories, and are subject to correction for inadvertent errors or omissions, if any. Defendants reserve the right, but do not assume any obligation beyond the requirements of the Federal Rules, to amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to an Interrogatory is not a waiver by Defendants of their right to object to any other part of the Interrogatory.

In objecting and responding to the Interrogatories, Defendants do not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses. Defendants reserve the right to challenge on evidentiary grounds any information provided in response to the Interrogatories.

Subject to the foregoing, Defendants respond as follows:

## II.    OBJECTIONS TO INSTRUCTIONS

Defendants object to Plaintiffs' Instruction Nos. 1 and 4 on the following bases:

1.    Defendants object to Instruction No. 1 to the extent it seeks documents that are not within Defendants' possession, custody or control.

2.    Defendants object to Instruction No. 4 as purporting to require disproportionate privilege logging beyond any applicable legal obligation. *See, e.g.,* Fed. R. Civ. P. 26; Admin Order No. 174-1, §8(b).

## III.    OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiffs' Definition Nos. 2, 3, 6, 7, and 8 on the following bases:

1.    Defendants object to Definition No. 2 "BOP" as overly broad, unduly burdensome, vague and ambiguous because the definition includes various unnamed persons and entities. Defendants will interpret the term "BOP facilities" herein to refer to Adams County Correctional Center, Cibola County Correctional Center, Eden Detention Center, McRae Correctional Facility, and Northeast Ohio Correctional Center.

2.    Defendants object to Definition No. 4 "CCA" or the "Company" as overly broad, unduly burdensome, vague and ambiguous because the definition includes "any of its

predecessors, successors, parents, subsidiaries, divisions or affiliates." In responding to the Interrogatories, Defendants will interpret "CCA" or the "Company" as CoreCivic, Inc. and its relevant officers, directors, managers and employees and will respond using the terms "CoreCivic" or the "Company."

3. Defendants object to Definition No. 7 "[i]dentify" or "identifying" as overly broad, unduly burdensome and as purporting to impose requirements beyond those set forth in Fed. R. Civ. P. 33(d).

4. Defendants object to Definition No. 8 "Individual Defendants" as overly broad, unduly burdensome, vague and ambiguous because it includes "their agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on their behalf." In responding to the Interrogatories, Defendants will interpret "Individual Defendants" as Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin.

## IV. RESPONSES

<u>INTERROGATORY NO. 19</u>:

Identify all facts, documents, testimony and communications that support any contention made by Defendants in this action that the Yates Memorandum represented a political shift, change or decision, including those contentions made by Defendants in this action that "the Yates Memorandum announced an unanticipated political shift" (ECF No. 98 at 6); "the Yates Memorandum was the result of a political decision" (*id*. at 18); "there was a direct political motivation that resulted in that memo being released" (Deposition Transcript of Patrick Swindle as CCA's Rule 30(b)(6) designee, dated January 9, 2019 at 36:4-5); or the Yates Memorandum announced or reflected a "policy shift" (*see, e.g.*, ECF No. 98 at 6, ECF No. 160 at 9-11).

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is wholly redundant of Interrogatory No. 21. Defendants object to the Interrogatory on the basis that identifying "all facts, documents testimony and communications" related to an action taken

by then-Deputy Attorney General Sally Yates, is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants further object to this Interrogatory to the extent that it calls for information and knowledge in the possession of multiple third parties. Defendants will respond based on the information in their possession, with sufficient detail to enable Plaintiffs to locate and identify the documents and communications described in this response. *See* Fed. R. Civ. P. 33(d). Defendants also object on the basis that the phrase "political shift, change or decision" is vague and subject to different interpretations. Defendants interpret this "political shift, change or decision" to have the same meaning as the statements "unanticipated political shift" and "political decision" referenced in the Request (ECF No. 98 at 6, 18), which are further defined in Defendants' response to Interrogatory No. 20. Finally, Defendants object to the extent that this Interrogatory seeks premature disclosure of expert opinion and materials.

Subject to the foregoing objections, Defendants incorporate their responses to Interrogatory Nos. 20 and 21 in full.

INTERROGATORY NO. 20:

Describe in detail what Defendants mean by unanticipated political shift, change or decision in the context of the Yates Memorandum including identifying what precisely was the shift, change or decision announced in the Yates Memorandum, how it was tied to politics, what political factors explained the shift, change or decision, and why it was unanticipated.

**RESPONSE:**

Defendants object to this Interrogatory to the extent that it calls for information and knowledge in the possession of numerous third parties. Defendants will therefore respond based on the information in their possession, after a reasonable inquiry. Defendants further object on the basis that the phrase "political shift, change or decision" is vague and subject to multiple interpretations. Defendants interpret this "political shift, change or decision" to have the same meaning as the statements "unanticipated political shift" and "political decision" (ECF No. 98 at 6, 18) referenced in the Request No. 19, and described more fully in their response below.

Defendants further object to the extent that this Interrogatory contains multiple discrete subparts, each of which could constitute a separate Interrogatory for purposes of the limits set by Federal Rule of Civil Procedure 33. Defendants will therefore respond to the Request insofar as it seeks a description of "what Defendants mean by unanticipated political shift, change or decision in the context of the Yates Memorandum" and not each separate subpart. Defendants also object to the extent that this Interrogatory seeks premature disclosure of expert opinion and materials.

Subject to the foregoing objections, Defendants respond as follows: The decision to utilize privately-operated correctional facilities by local, state and/or federal governments is a policy decision. For over 30 years, politicians and political parties have debated and introduced legislation regarding the privatization of prisons at the local, state, and federal government level. In 1996, Congress first directed the BOP to begin a 5-year prison-privatization demonstration project at a federal prison in Taft, California. Thereafter, with Congressional authorization and U.S. Department of Justice approval, the BOP chose to expand its use of privately-operated correctional facilities to house federal inmates, as a method to address overcrowding and increase its capacity to house federal inmates. The BOP (along with other government partners) chose to utilize privately-operated correctional facilities, as opposed to building and operating additional prisons, to increase its capacity to house inmates.

All private corrections contracts, including those between CoreCivic and the BOP, are subject to risks related to political opposition to privatized corrections and changes in government policy that could affect incarceration rates (as CoreCivic consistently disclosed to investors). Indeed, various political stakeholders and interest groups regularly lobbied and voiced opposition to the privatization of correctional facilities. There have been numerous pieces of legislation introduced that have attempted to eliminate the use of privately-operated correctional facilities, including Federal legislation. In addition to introducing legislation, politicians regularly address their position on privatization of prisons in campaign platforms or debates. For example, in 2016, the issue of privatization of prisons was raised in a presidential debate between Donald Trump and Hilary Clinton, and Ms. Clinton expressed support for

- 5 -

"ending private prisons in the federal system" and wanted state governments to end their use of private prisons, as well.

The Yates Memorandum reflected a politically driven policy decision to end the Federal government's use of private corrections contractors. In August 2016, although prison populations were declining to some extent related to policy changes affecting incarceration rates and prison sentencing guidelines, the BOP's need for additional capacity to house federal inmates had not been eliminated. In fact, in the DOJ's Annual Financial Report for 2015, the Attorney General reported that prison overcrowding in BOP facilities was a "material weakness" and "the BOP's formal Corrective Action Plan includes utilizing contract facilities," among other things. Despite this persistent need, to the best of Defendants' knowledge, the BOP did not make any arrangements to secure additional facilities necessary to prevent overcrowding prior to the issuance of the Yates Memorandum. Nor did the BOP notify CoreCivic that it would stop using privately-operated correctional facilities. Further, the Yates Memorandum did not contain any new information regarding the performance of any private correctional facility operator, including CoreCivic, who had contracted to provide services to the BOP.

The issuance of the Yates Memorandum was unanticipated. It was issued without any advance notice, warning, debate or discussion about the new direction with any Defendants, or to Defendants' knowledge, with any other private contractor, who provided services to the BOP. Based on information available to Defendants, the Yates Memorandum represented a departure from a general trend of governments increasing their use of privately operated correctional facilities. Given that, neither CoreCivic, nor any other government contractor, could have predicted that the Department of Justice would have issued the Yates Memorandum.

Based on information presently available, the Yates Memorandum was motivated by a desire for politicians, and their supporters, to garner support of voters and interest groups—who do not support the privatization of correctional services—during an election year. The circumstances of the Yates Memorandum's release further support this conclusion. The policy change presented in the Yates memorandum was not pursued through any legislative or

regulatory process. Rather, this policy shift was implemented through an internal memorandum directly from the Deputy Attorney General to the Acting Director of the BOP, which, unlike other internal memoranda, was also released to the press. (Indeed, articles on the Yates Memorandum were published within hours of its release).

The political decision reflected in the Yates Memorandum was reversed after the 2016 election, when the Republican Party won the majority of seats in Congress and Donald Trump was elected President. President Trump appointed Republican Senator Jefferson Sessions to serve as Attorney General, and Sessions rescinded the Yates Memorandum. According to Mr. Sessions, the Yates Memorandum "changed long-standing policy and practice, and impaired the [BOP's] ability to meet the future needs of the federal correctional system." Sessions therefore directed the BOP to return "to its previous approach." *See* "Rescission of Memorandum on Use of Private Prisons," Office of the Attorney General, February 21, 2017, available at https://www.bop.gov/resources/news/pdfs/20170224_doj_memo.pdf.

INTERROGATORY NO. 21:

Identify all facts, documents, testimony and communications that support Defendants' response to Interrogatory No. 20.

**RESPONSE:**

Defendants object to the Interrogatory on the basis that identifying "all facts, documents testimony and communications" related to an action taken by then-Deputy Attorney General Sally Yates, is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants further object to this Interrogatory to the extent that it calls for information and knowledge in the possession of an infinite number of third parties. Defendants will respond based on the information in their possession, with sufficient detail to enable Plaintiffs to locate and identify the documents and communications described in this response. *See* Fed. R. Civ. P. 33(d). Finally, Defendants object to the extent that this Interrogatory seeks premature disclosure of expert opinion and materials.

Subject to the foregoing objections, Defendants reiterate their response to Interrogatory No. 20 and further identify the following facts, testimony and documents:

- Testimony from Kim White regarding her experience with OIG audits and political motivations behind those audits; her experience working at the BOP and conversations with BOP employees after the issuance of the Yates Memorandum;

- Testimony from Bill Dalius regarding his experience at the BOP and conversations with BOP employees after the issuance of the Yates Memorandum;

- Testimony from Harley Lappin regarding privatization of prisons, his experience at the BOP and conversations with BOP employees after the issuance of the Yates Memorandum;

- Testimony from Damon Hininger regarding privatization of prisons, interactions with interest groups and BOP employees before and after the issuance of the Yates Memorandum;

- Testimony from Tony Grande regarding conversations with government employees union after the issuance of the Yates Memorandum;

- Testimony from Jeremy Wiley regarding privatization of prisons, interactions with interest groups and BOP employees before and after the issuance of the Yates Memorandum;

- Testimony from Jeb Beasley regarding privatization of prisons, interactions with interest groups and BOP employees before and after the issuance of the Yates Memorandum;

- Testimony from Bart VerHulst regarding privatization of prisons, interactions with interest groups and BOP employees before and after the issuance of the Yates Memorandum;

- Testimony from Steven Feinstein, including deposition testimony dated July 12, 2018, at Tr. 154:11 – 155:9;

- Testimony from Lucy Allen, including deposition testimony dated October 20, 2018, at Tr. 48:10 – 49:7, 52:17 – 64:4, 168:15 – 180:3, 188:15 – 189:15, 193:10-18;

- Testimony from Cameron Hopewell, including deposition testimony dated January 17, 2020, at Tr. 92:21 – 94:15; 98:14 – 99:23;

- Testimony of Todd Mullenger, including deposition testimony dated March 13, 2020, at 11:16-12:18;

- Lucy Allen Report, Dkt. 99-3 ¶¶ 67-95;

- Lucy Allen Supplemental Report, Dkt. 135-1 ¶¶ 17-22;

- "Private Prisons: Cost Savings and BOP's Statutory Authority Need to Be Resolved", U.S. General Accounting Office, Report to the Chairman, Subcommittee on Regulation, Business Opportunities and Energy, Committee on Small Business, House of Representatives, February 1991;

- "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons", Department of Justice, Office of Inspector General, August 2016 (Dkt. 99-1);

- "Reducing our Use of Private Prisons," Office of the Deputy Attorney General, August 18, 2016 (CORECIVIC_0038964-66);

- "Rescission of Memorandum on Use of Private Prisons," Office of the Attorney General, February 21, 2017;

- "Review of the Department's Implementation of Prosecution and Sentencing Reform Principles under the Smart on Crime Initiative" Office of Inspector General, June 2017, available at https://oig.justice.gov/reports/2017/e1704.pdf

- Department of Justice FY 2015 Agency Financial Reports, available at https://www.justice.gov/doj/file/794631/download; and https://www.justice.gov/doj/file/793386/download

- "Audit of the Federal Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center in Natchez, Mississippi," Department of Justice, Office of Inspector General, December 2016;

- Edited Transcript of Conference Call, "Corrections Corp of America Responds to the Department of Justice's Decision to Reduce Reliance on Privately Operated Prisons Conference Call," dated August 19, 2016, Ex. 46 of Patrick Swindle Deposition, dated January 9, 2020;

- E-mail Exchange Between John Vanyur and Kim White, dated September 30, 2016, Ex. 139 to Kim White Deposition;

- CORECIVIC_1224206;

- CORECIVIC_1367591;

- CORECIVIC_2206023;

- CORECIVIC_2207909-11;

- BOP_0148858-60;

- BOP_0284736-753;

- Contractor Performance Assessment Reports (listed in response to Interrogatory No. 23);

- CoreCivic FY2010 Form 10-K, filed February 25, 2011, pp. 21-22;

- CoreCivic FY2011 Form 10-K, filed February 27, 2012, pp. 23-24;

- CoreCivic FY2012 Form 10-K, filed February 27, 2013, pp. 26-29;

- CoreCivic FY2013 Form 10-K, filed February 27, 2014, pp. 27-29;

- CoreCivic FY2014 Form 10-K, filed February 25, 2015, pp. 26-28;

- CoreCivic FY2015 Form 10-K, filed February 25, 2016, pp. 28-31;

- Publicly available documents and news articles related to the introduction of The Justice Is Not for Sale Act in the Senate on September 17, 2015, including those available at https://www.sanders.senate.gov/newsroom/press-releases/sanders-house-leaders-introduce-bill-to-ban-private-prisons;

- Publicly available documents and news articles related Senator Elizabeth Warren's proposal and campaign promise to end the use of private prisons, including those available at https://elizabethwarren.com/plans/end-private-prisons;

- Publicly available documents and news articles related to states banning the use of private prisons, including for example, Assembly Bill 32 (AB 32), which became effective on January 1, 2020, which bans the operation of private detention facilities in California;

- Analyst Reports regarding CoreCivic's stock, including those issued between January 5, 2011 and November 30, 2017 as identified by Lucy Allen in Dkt. Nos. 99-3, 135-5;

- Publicly available news articles and reports regarding changes in stock prices of private corrections operators, such as CoreCivic and The Geo Group, in reaction to the 2016 presidential debates and presidential election, including those identified by Lucy Allen in Dkt. Nos. 99-3, 135-5;

- Publicly available records reflecting the stock price of CoreCivic during and after the Class Period, through December 2017; and

- Publicly available records reflecting the stock price of The Geo Group during and after the Class Period, through December 2017.

<u>INTERROGATORY NO. 22</u>:

Identify all facts, documents, testimony and communications that support any contention by Defendants that it was public knowledge prior to the announcement of the Yates Memorandum that CCA's performance with respect to its BOP contracts was deficient.

**<u>RESPONSE</u>:**

Defendants object to the Interrogatory on the basis that identifying "all facts, documents testimony and communications" bearing on "public knowledge" is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants further object to this

Interrogatory to the extent that it calls for information and knowledge in the possession of an infinite number of third parties. Defendants will respond based on the information in their possession, with sufficient detail to enable Plaintiffs to locate and identify the documents and communications described in this response. *See* Fed. R. Civ. P. 33(d). Defendants also object on the basis that "deficient" is vague, ambiguous and unintelligible in this context; the term is subject to multiple interpretations and undefined in the Interrogatory. Defendants interpret "deficient" to mean significantly and consistently worse than comparable BOP facilities. Defendants object to the extent that this Interrogatory seeks premature disclosure of expert testimony and materials.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants do not contend that CoreCivic's performance with respect to its BOP contracts was "deficient"; therefore investors could not have knowledge of "deficient" performance. Defendants do contend that there was no material information regarding CoreCivic's performance with respect to its performance on BOP contracts that it had any obligation to disclose, but was not disclosed to investors during the Class Period. To the extent that Plaintiff seeks information regarding public knowledge of CoreCivic's performance of its contractual obligations to the BOP, Defendants identify the following documents and/or categories of documents:

- Complaint (Dkt No. 1) and Consolidated Complaint (Dkt No. 57) filed in the above-captioned action;
- Lucy Allen Report, Dkt. 99-3 ¶¶ 67-95;
- Lucy Allen Supplemental Report, Dkt. 135-1 ¶¶ 17-22;
- News articles, reports and broadcasts regarding CoreCivic's operation of its BOP facilities published during the Class Period, including those identified by Lucy Allen in Dkt. Nos. 99-3, 135-5 and CORECIVIC_0045371-85;

- Analyst Reports regarding CoreCivic's stock, including those issued between January 5, 2011 and November 30, 2017 as identified by Lucy Allen in Dkt. Nos. 99-3, 135-5;

- "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons", Department of Justice, Office of Inspector General, August 2016 (Dkt. 99-1);

- "Reducing our Use of Private Prisons," Office of the Deputy Attorney General, August 18, 2016 (CORECIVIC_0038964-66);

- "Rescission of Memorandum on Use of Private Prisons," Office of the Attorney General, February 21, 2017; and

- CoreCivic's publicly available SEC Filings and public disclosures for the duration of the Class Period.

<u>INTERROGATORY NO. 23</u>:

Identify all notices of concern concerning any of the BOP Prisons.

**<u>RESPONSE:</u>**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all notices of concern" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all notices of concern in their possession and located with a reasonable search. Each of these notices of concern should provide Plaintiffs with sufficient detail to enable Plaintiffs to locate and identify the requested documents in Defendants' document productions. *See* Fed. R. Civ. P. 33(d).

Subject to the foregoing objections, Defendants identify the following documents reflecting Notices of Concern and responses:

Adams:

- CORECIVIC_2059191
- CORECIVIC_0050345
- CORECIVIC_0179370
- CORECIVIC_0050349
- CORECIVIC_2029823
- CORECIVIC_0050347
- CORECIVIC_1471637
- CORECIVIC_1961744
- CORECIVIC_1140873
- CORECIVIC_1975281
- CORECIVIC_0179382
- CORECIVIC_0179414
- CORECIVIC_0093977
- CORECIVIC_0709706
- CORECIVIC_0179415
- CORECIVIC_0684692
- CORECIVIC_0381812
- CORECIVIC_0179440
- CORECIVIC_1473119
- CORECIVIC_1968671
- CORECIVIC_1970091
- CORECIVIC_0605910
- CORECIVIC_1474926
- CORECIVIC_0422678
- CORECIVIC_0137125
- CORECIVIC_2077767
- CORECIVIC_0191867
- CORECIVIC_0185551
- CORECIVIC_1970408
- CORECIVIC_0191865
- CORECIVIC_0095095
- CORECIVIC_2077771
- CORECIVIC_0185630
- CORECIVIC_0192627
- CORECIVIC_0422694
- CORECIVIC_0422696
- CORECIVIC_0049084
- CORECIVIC_0422698
- CORECIVIC_0192984
- CORECIVIC_0711198

- CORECIVIC_1489846
- CORECIVIC_1489845
- CORECIVIC_1472648
- CORECIVIC_1960612
- CORECIVIC_1489838
- CORECIVIC_0375327
- CORECIVIC_0098641
- CORECIVIC_0083481
- CORECIVIC_1489333
- CORECIVIC_0096362
- CORECIVIC_0096503
- CORECIVIC_0084781
- CORECIVIC_1960623
- CORECIVIC_0097041
- CORECIVIC_0356749
- CORECIVIC_0098646
- CORECIVIC_0085612
- CORECIVIC_0029205
- CORECIVIC_0158473
- CORECIVIC_0098437
- CORECIVIC_0158491
- CORECIVIC_2001163
- CORECIVIC_0098438
- CORECIVIC_2002119
- CORECIVIC_1489798
- CORECIVIC_0042247
- CORECIVIC_0184532
- CORECIVIC_0720197
- CORECIVIC_0198203
- CORECIVIC_0996986
- CORECIVIC_1485065
- CORECIVIC_0302966
- CORECIVIC_1008573
- CORECIVIC_1435625
- CORECIVIC_0302854
- CORECIVIC_1008583
- CORECIVIC_0181061
- CORECIVIC_0302933
- CORECIVIC_0990787
- CORECIVIC_1973864
- CORECIVIC_1966192
- CORECIVIC_1009039

- CORECIVIC_0181069
- CORECIVIC_0302506
- CORECIVIC_0181092
- CORECIVIC_1084499
- CORECIVIC_0303024
- CORECIVIC_0181097
- CORECIVIC_1084504
- CORECIVIC_0181051

Cibola:
- CORECIVIC_0050352
- CORECIVIC_1987201
- CORECIVIC_1798353
- CORECIVIC_0133195
- CORECIVIC_0190518
- CORECIVIC_0290039
- CORECIVIC_0095082
- CORECIVIC_0095089
- CORECIVIC_0290637
- CORECIVIC_0150837
- CORECIVIC_0895023
- CORECIVIC_0290633
- CORECIVIC_0044093
- CORECIVIC_0049082
- CORECIVIC_0290632
- CORECIVIC_0096159
- CORECIVIC_0049064
- CORECIVIC_0051360
- CORECIVIC_0096570
- CORECIVIC_0290620
- CORECIVIC_0047212
- CORECIVIC_0290613
- CORECIVIC_0030475
- CORECIVIC_0290611
- CORECIVIC_0151518
- CORECIVIC_0290530
- CORECIVIC_0290525
- CORECIVIC_0037686
- CORECIVIC_0098789
- CORECIVIC_0290486
- CORECIVIC_0038193
- CORECIVIC_0124719
- CORECIVIC_0290480
- CORECIVIC_2166690

- CORECIVIC_0903151
- CORECIVIC_0290471
- CORECIVIC_0038469
- CORECIVIC_0188050
- CORECIVIC_0290424
- CORECIVIC_0038503
- CORECIVIC_0172761
- CORECIVIC_0290401
- CORECIVIC_0042729
- CORECIVIC_0290387
- CORECIVIC_0290386
- CORECIVIC_0038656
- CORECIVIC_0290378
- CORECIVIC_1997108
- CORECIVIC_0038741
- CORECIVIC_0290359

Eden:
- CORECIVIC_0050337
- CORECIVIC_0250687
- CORECIVIC_1085994
- CORECIVIC_0050339
- CORECIVIC_0050343
- CORECIVIC_0992192
- CORECIVIC_0962917
- CORECIVIC_2064090
- CORECIVIC_1086015
- CORECIVIC_2064092
- CORECIVIC_0046679
- CORECIVIC_1473278
- CORECIVIC_0597087
- CORECIVIC_0125007
- CORECIVIC_0239292
- CORECIVIC_0990411
- CORECIVIC_0595167
- CORECIVIC_2064586
- CORECIVIC_0125015
- CORECIVIC_0125013
- CORECIVIC_1086071
- CORECIVIC_0239334
- CORECIVIC_0125017
- CORECIVIC_1086076
- CORECIVIC_2003497
- CORECIVIC_0025751
- CORECIVIC_0125021

- CORECIVIC_0774762
- CORECIVIC_0033779
- CORECIVIC_0647535
- CORECIVIC_1086117
- CORECIVIC_2031982
- CORECIVIC_0304625
- CORECIVIC_0774769
- CORECIVIC_0038339
- CORECIVIC_0425366
- CORECIVIC_1086127
- CORECIVIC_0038489
- CORECIVIC_2083267
- CORECIVIC_0769844
- CORECIVIC_0038497
- CORECIVIC_0253539
- CORECIVIC_0769580
- CORECIVIC_0184896
- CORECIVIC_0253502
- CORECIVIC_1086210
- CORECIVIC_0186879
- CORECIVIC_0253487
- CORECIVIC_1086215
- CORECIVIC_1012639
- CORECIVIC_0253465
- CORECIVIC_0775625
- CORECIVIC_1009443
- CORECIVIC_1086227
- CORECIVIC_1003528
- CORECIVIC_0185116
- CORECIVIC_0034614

McRae:
- CORECIVIC_0050282
- CORECIVIC_0844418
- CORECIVIC_1086623
- CORECIVIC_2162730
- CORECIVIC_1953510

- CORECIVIC_1953512
- CORECIVIC_1086626
- CORECIVIC_1953522
- CORECIVIC_1953524
- CORECIVIC_1953529
- CORECIVIC_2023465
- CORECIVIC_2023467
- CORECIVIC_1953555
- CORECIVIC_2011161
- CORECIVIC_2011163
- CORECIVIC_2157022
- CORECIVIC_1957294
- CORECIVIC_1957411
- CORECIVIC_2046627

NEOCC:
- CORECIVIC_0740596
- CORECIVIC_0050308
- CORECIVIC_1089724
- CORECIVIC_1089727
- CORECIVIC_0979378
- CORECIVIC_1352981
- CORECIVIC_1089749
- CORECIVIC_0188726
- CORECIVIC_1089759
- CORECIVIC_1349097
- CORECIVIC_0370936
- CORECIVIC_1349085
- CORECIVIC_1351892
- CORECIVIC_0188429
- CORECIVIC_1088709
- CORECIVIC_0786786
- CORECIVIC_1088716
- CORECIVIC_1089780
- CORECIVIC_1089053
- CORECIVIC_1349253

INTERROGATORY NO. 24:

Identify all award fee determination letters concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all notices of concern" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all award fee determination letters in their possession and located with a reasonable search. Each of these award fee determination letters should provide Plaintiffs with sufficient detail to enable Plaintiffs to locate and identify the requested documents in Defendants' document productions. *See* Fed. R. Civ. P. 33(d).

Subject to the foregoing objections, Defendants identify the following documents:

Adams:
- CORECIVIC_0093854
- CORECIVIC_0065110
- CORECIVIC_0990237
- CORECIVIC_0096381
- CORECIVIC_0990739
- CORECIVIC_1337569

Cibola:
- CORECIVIC_0990200
- CORECIVIC_1084667
- CORECIVIC_0990766
- CORECIVIC_0091209

Eden:
- CORECIVIC_0990221
- CORECIVIC_0025298
- CORECIVIC_0028995
- CORECIVIC_0025816

McRae:
- CORECIVIC_0990234
- CORECIVIC_0058636

NEOCC:
- CORECIVIC_1856902

- CORECIVIC_0047207
- CORECIVIC_0184605

INTERROGATORY NO. 25:

Identify all Contract Facility Monitoring Reports concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all notices of concern" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all Contract Facility Monitoring Reports in its possession and located with a reasonable search. Each of these Contract Facility Monitoring Reports should provide Plaintiffs with sufficient detail to enable Plaintiffs to locate and identify the requested documents in Defendants' document productions. *See* Fed. R. Civ. P. 33(d).

Subject to the foregoing objections, Defendants identify the following documents reflecting Contract Facility Monitoring Reports:

Adams:
- CORECIVIC_0091563
- CORECIVIC_0488344
- CORECIVIC_0136703
- CORECIVIC_0189202
- CORECIVIC_0044229
- CORECIVIC_1084192
- CORECIVIC_0158314
- CORECIVIC_0528957
- CORECIVIC_0181030
- CORECIVIC_0545611
- CORECIVIC_1084255

Cibola:

- CORECIVIC_0050226
- CORECIVIC_0293365
- CORECIVIC_0125283
- CORECIVIC_0293348
- CORECIVIC_0144645
- CORECIVIC_0293291
- CORECIVIC_1473396
- CORECIVIC_1995286
- CORECIVIC_2166541
- CORECIVIC_0186382
- CORECIVIC_0293132
- CORECIVIC_0047727
- CORECIVIC_0293041

Eden:
- CORECIVIC_1087106
- CORECIVIC_1085742
- CORECIVIC_1085735
- CORECIVIC_0665443
- CORECIVIC_1087122
- CORECIVIC_1085758
- CORECIVIC_0192278
- CORECIVIC_1087181
- CORECIVIC_0239809
- CORECIVIC_0124959
- CORECIVIC_1087242
- CORECIVIC_0301622
- CORECIVIC_0619788
- CORECIVIC_0186986
- CORECIVIC_1021165

McRae:
- CORECIVIC_0488321
- CORECIVIC_1086406
- CORECIVIC_0080462
- CORECIVIC_0192952
- CORECIVIC_1086435
- CORECIVIC_0056737
- CORECIVIC_1086455
- CORECIVIC_0100179
- CORECIVIC_1086477
- CORECIVIC_0125772
- CORECIVIC_1086496

NEOCC:

- CORECIVIC_0050220
- CORECIVIC_1069538
- CORECIVIC_0151275
- CORECIVIC_1069561
- CORECIVIC_1069550
- CORECIVIC_0134790
- CORECIVIC_0151266
- CORECIVIC_1069581
- CORECIVIC_0083542

NTERROGATORY NO. 26:

Identify all Contractor Performance Assessment Reports concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all Contractor Performance Assessment Reports" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all Contractor Performance Assessment Reports in their possession.

Subject to the foregoing objections, Defendants identify the following documents:

- CORECIVIC_1472479
- CORECIVIC_0684697
- CORECIVIC_0606109
- CORECIVIC_1974933
- CORECIVIC_1337363
- CORECIVIC_0728682
- CORECIVIC_1337417
- CORECIVIC_0045996
- CORECIVIC_0674188
- CORECIVIC_1337444
- CORECIVIC_0473652

- CORECIVIC_0722785
- CORECIVIC_1337493
- CORECIVIC_0606191
- CORECIVIC_0606193
- CORECIVIC_0669245
- CORECIVIC_1337591
- CORECIVIC_1337633
- CORECIVIC_1337649
- CORECIVIC_0684483
- CORECIVIC_0660735
- CORECIVIC_0606206
- CORECIVIC_0720859
- CORECIVIC_0722041
- CORECIVIC_1337713
- CORECIVIC_0045967
- CORECIVIC_0046207
- CORECIVIC_1337756
- CORECIVIC_0578404

DATED:  June 24, 2020                            Respectfully submitted:

_/s/ Steven A. Riley_
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T:  (415) 391-0600
F:  (415) 395-8095
morgan.whitworth@lw.com

_Attorneys for Defendants Corrections
Corporation of America, Damon T.
Hininger, David M. Garfinkle, Todd J.
Mullenger, and Harley G. Lappin_

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NIKKI BOLLINGER GRAE, Individually
and on Behalf of All Others Similarly
Situated,

          Plaintiff,

vs.

CORRECTIONS CORPORATION OF
AMERICA, et al.,

          Defendants.

Civil Action No. 3:16-cv-02267

Honorable Aleta A. Trauger
Magistrate Judge Jeffery S. Frensley

VERIFICATION FOR CORECIVIC'S
RESPONSES TO PLAINTIFFS' SECOND SET
OF INTERROGATORIES

I, Patrick D. Swindle, declare that I am authorized to act as the agent of CoreCivic to verify
CoreCivic's Responses to Plaintiffs' Second Set of Interrogatories as served on June 22, 2020
based upon the institutional knowledge available; that I have read the Responses and know the
contents thereof; that certain of the information stated therein was assembled from business records
and/or by employees and counselors; that I am informed that the facts stated in the Responses are
true and correct to the best of the company's knowledge; and, based on the foregoing and upon
information and belief, I verify under penalty of perjury that CoreCivic's Responses to Plaintiff's
Second Set of Interrogatories are true and correct.

Executed this 24th day of June 2020.

Patrick D. Swindle

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, this notice was served by email on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
Local Counsel

*/s/ Eleanor L. Eaton*
Eleanor L. Eaton