# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 3:16-cv-02267 <br><br> Honorable Aleta A. Trauger <br><br> Magistrate Judge Jeffrey S. Frensley <br><br> DEMAND FOR JURY TRIAL |

**DECLARATION OF SARAH A. TOMKOWIAK IN SUPPORT OF CORECIVIC'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION AND COMPEL FURTHER RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES**

I, Sarah A. Tomkowiak, declare as follows:

1. I am over 18 years of age and am competent to testify as to the matters stated in this Declaration. I am a partner at the law firm of Latham & Watkins LLP, one of the law firms representing Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants"). I am also one of the attorneys who has been involved in drafting CoreCivic's First Set of Requests for Admission ("RFAs") and Second Set of Interrogatories ("Interrogatories"), and have participated in various meet and confer efforts with Plaintiff's counsel, as described further herein.

2. On May 18, 2020, I participated in a meet and confer with Plaintiff's counsel. During this meet and confer, I explained CoreCivic's position as to why Plaintiff's responses to certain RFAs and Interrogatories were deficient. Plaintiff's counsel stated that Plaintiff's discovery responses were adequate and that Plaintiff was not willing to supplement any of them.

3. More specifically, Plaintiff's counsel took the position that the RFAs at issue purported to require Plaintiff to admit or deny facts exclusively within the knowledge of CoreCivic, despite the ample fact discovery record and publicly available information relating to the subject of those RFAs, and that Plaintiff was not required to answer certain other RFAs because, among other reasons, documents referenced in those RFAs were not attached.

4. With respect to CoreCivic's companion Interrogatories—which seek the factual basis for any answers other than unqualified admissions to certain RFAs—Plaintiff's counsel took a similar position that it did not have personal knowledge of the facts necessary to respond to those Interrogatories. With respect to Interrogatories seeking to understand Plaintiff's loss causation theory and the facts that support it, Plaintiff's counsel took the position that those Interrogatories were premature because Plaintiff had not yet served its expert report on loss

causation, and the factual bases for Plaintiff's loss causation theory would depend on its expert's loss causation opinion. Plaintiff's counsel indicated that it may be willing to supplement its answers to those Interrogatories after Plaintiff had disclosed its expert's opinion on loss causation. However, the parties did not reach an agreement in that regard.

5. Pursuant to 26 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on July 27, 2020 in McLean, Virginia.

_____
Sarah A. Tomkowiak

2

Case 3:16-cv-02267   Document 253   Filed 07/27/20   Page 3 of 5 PageID #: 7443

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

David J. Schindler
Brian T. Glennon
Morgan E. Whitworth
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
david.schindler@lw.com
brian.glennon@lw.com
morgan.whitworth@lw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

3

Case 3:16-cv-02267  Document 253  Filed 07/27/20  Page 4 of 5 PageID #: 7444

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Jerry E. Martin<br>BARRETT JOHNSTON MARTIN &<br>GARRISON, LLC<br>Bank of America Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>jmartin@barrettjohnston.com |

this 27 day of July, 2020.

/s/ Steven A. Riley
Steven A. Riley