UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## NOTICE OF FILING

On July 24, 2020, the Court issued an Order appointing a Special Master to review a sample of Defendants' Privilege Log[1] and to issue a report setting forth her findings and basic reasoning as to whether each of the documents reviewed is privileged. Since that time, a dispute has arisen between the parties regarding whether Defendants reviewed or received, back in 2012, a July 27, 2012 After-Action Report authored by the Federal Bureau of Prisons (the "BOP After-Action

---

[1] All references to Defendants' privilege log are to the operative log produced to Plaintiff on July 15, 2020.

- 1 -

Report") regarding a disturbance that occurred at Adams County Correctional Facility ("Adams") on May 20, 2012 (the "Disturbance").

The BOP After-Action Report was not produced by Defendants because it is not in the electronic files of any of the CoreCivic employees searched and was not otherwise found at the Company. Indeed, it appears that the BOP did not furnish the BOP After-Action Report to the Company but rather sent the Company a letter dated September 21, 2012, containing its recommendations. Defendants produced the September 21, 2012 letter from the BOP to Adams warden Vance Laughlin, which is titled May 20, 2012 After Action Recommendations (the "Recommendation Letter"). The Recommendation Letter is attached hereto **Exhibit A**. That letter states that "the Bureau of Prisons conducted and (sic) an After Action Review to assess ACC's policies, procedures and responses to the incident[]" and "[a]s a result" outlined nine recommendations for CCA's review and consideration. We now know that the BOP After-Action Report also had a section titled "Recommendations," which contained six recommendations directed at the BOP and nine recommendations directed at CCA. The nine recommendations directed at CCA in the BOP After-Action Report contain the exact same language as the recommendations in the Recommendation Letter.

A redacted version of the BOP After-Action Report became accessible from publicly-available sources some time later, but it also is not among the Company's files that were searched, and it appears was first obtained after it was cited in the complaint in this case. The unredacted and complete version of the BOP After-Action Report was not made available to Defendants until the BOP produced it in this action on or around March 24, 2020.

CoreCivic's General Counsel Office of Investigation commissioned its own, separate after-action investigation that resulted in an after-action report regarding the Disturbance (the "CCA

- 2 -

Case 3:16-cv-02267   Document 271   Filed 08/12/20   Page 2 of 6 PageID #: 8540

After-Action Report") that is privileged.  Defendants' Privilege Log contains certain entries referencing the CCA After-Action Report, but Plaintiffs speculated incorrectly to the Court on the August 10, 2020, conference call, that those entries are referencing the BOP After-Action Report.

On August 11, 2020, counsel for Defendants informed Plaintiffs' counsel of this information, including the existence of the separate, internal CCA After-Action Report that is referenced in the privilege log.  Plaintiffs nevertheless filed a [Proposed] Order Regarding Further Special Master Review requesting that the Court order an expansion of the Special Master's review.

Based on the foregoing, Defendants believe that the additional review requested in the telephone conference is unnecessary but assuming the Court wishes to proceed with the expanded review nonetheless, Defendants submit that the review should be in the form outlined in the [Proposed] Order attached hereto as **Exhibit B**.  The relief provided by both proposed orders is the same.

DATED:  August 12, 2020                     Respectfully submitted:

s/ Steven A. Riley
Steven A. Riley (BPR #006258)
Milton S. McGee, III (BPR #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN  37203
Telephone:  615/320-3700
615/320-3737 (fax)
sriley@rwjplc.com
tmcgee@rwjplc.com

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
BRIAN T. GLENNON

MERYN C. N. GRANT
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213/485-1234
213/891-8763 (fax)

LATHAM & WATKINS LLP
MORGAN E. WHITWORTH
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415/391-0600
415/395-8095 (fax)

LATHAM & WATKINS LLP
SARAH A. TOMKOWIAK
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2335
Facsimile: (415) 637-2201

Attorneys for Defendants Corrections
Corporation of America, Damon T. Hininger,
David M. Garfinkle, Todd J. Mullenger and
Harley G. Lappin

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 12th day of August, 2020.

      /s/ Steven A. Riley
    Steven A. Riley