UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 3:16-cv-02267 <br><br> Honorable Aleta A. Trauger <br><br> PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING |

# RESPONSE TO "NOTICE OF FILING"

The "Notice of Filing" (ECF 271) defense counsel filed yesterday spans three pages. One page from Defendant Harley Lappin's deposition is all it takes to discredit it. As happened during the August 10, 2020 telephonic hearing that the Court held, defense counsel are contradicting their clients' sworn testimony. Contrary to this purported notice, defendant Harley Lappin unequivocally confirmed that Defendants received the Bureau of Prisons' ("BOP") July 27, 2012 After-Action Report back in 2012. Lappin did not merely confirm his receipt of it in 2012, but also that he specifically discussed it with co-defendants Hininger (who also confirmed receipt in 2012) and Mullenger in 2012. Lappin 50:12-23.

Defense counsel's "Notice of Filing" tries to muddy these clear waters by portraying Defendants' internal after-action report as so distinct from the BOP's After-Action report that it, as well as communications concerning it, would not help confirm Defendants' receipt of the BOP's After-Action report. ECF 271 at 2-3. Lappin's sworn testimony directly contradicts this portrayal, as he confirmed that "we used that document [the BOP's After-Action report] to frame our own after-action, extensive discussions with the operations and field staff overseeing the responsibility at Adams Correctional Facility." Lappin 50:2-9 (attached as **Exhibit 1**). Thus, Defendants had to have received the BOP's After-Action Report *before* creating their own after-action report because they used the BOP's to frame theirs.

Defense counsel's "Notice of Filing" tries to further muddy the waters and undermine their own clients' clear testimony by pointing to a September 21, 2012 recommendation letter from the BOP to the Warden at Adams. ECF 271 at 2. But the indisputable chronology here proves that this letter is irrelevant to the present inquiry: on July 27, 2012 the BOP completed its After-Action Report and Defendants Lappin and Hininger confirmed their receipt of it on or about that date;

Defendants used the BOP's After-Action Report to frame their own; and the privilege log entries corresponding to the documents both sides identify in their proposed orders confirm that Defendants started circulating drafts of their after-action report, which was framed on the BOP's, no later than *August* 2012—all prior to the September 21, 2012 recommendation letter.

There is no question that Defendants received the BOP's July 27, 2012 After-Action Report in 2012 because two defendants have admitted this fact under oath and not a single witness has denied it. Defense counsel's arguments contradicting their own clients' sworn testimony have no evidentiary value whatsoever and should be disregarded, except to heighten concerns that someone could be trying to hide something. Rather than speculate about what someone might be trying to hide, however, Plaintiff wants to stay focused on determining why Defendants did not produce this document in discovery, and if they no longer have any copies of it, who decided to destroy all the copies they had and why, who agreed with this decision and why, as well as who helped destroy these documents and why are they certain no paper or electronic copies or electronic trail of them exists somewhere. The Special Master's review and analysis of the documents identified in Plaintiff's proposed order will potentially bring us one step closer to answering these important questions about the vanishing of this important document.

DATED: August 13, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE

s/ Jason A. Forge
JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 3 -

CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on August 13, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      s/ Jason A. Forge
      JASON A. FORGE

      ROBBINS GELLER RUDMAN
           & DOWD LLP
      655 West Broadway, Suite 1900
      San Diego, CA 92101-8498
      Telephone: 619/231-1058
      619/231-7423 (fax)

      E-mail: jforge@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,nchanin@barrettjohnston.com,jmartin@rgrdlaw.com,ggilbert@barrettjol

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

Case 3:16-cv-02267    Document 272    Filed 08/13/20    Page 6 of 7 PageID #: 8557

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`