# EXHIBIT 2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S [CORRECTED] FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS |

Pursuant to Federal Rules of Civil Procedure 26 and 33, and subject to the definitions set forth below, Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), requests that defendant CoreCivic, Inc., f/k/a Corrections Corporation of America ("CCA" or the "Company") and Damon T. Hininger ("Hininger"), David M. Garfinkle ("Garfinkle"), Todd J. Mullenger ("Mullenger") and Harley G. Lappin ("Lappin") (collectively the "Individual Defendants" and together with CCA, the "Defendants") answer Plaintiff's First Set of Interrogatories to All Defendants, in writing, under oath, within 30 days of service.

**I.  INSTRUCTIONS**

1. In answering the following interrogatories, you are requested to furnish all information available to you, including all information in the possession, custody or control of your counsel, investigators and all other persons acting on your behalf.

2. If after exercising due diligence you are unable to answer any interrogatory, please identify the parts of the interrogatory which you cannot answer, the reasons why you are unable to provide an answer, and answer the remainder as completely as you can.

3. If you object to answering an interrogatory in whole or in part, you must specifically state the grounds for your objection, including by identifying any facts which support your objection.

4. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering any interrogatory, as to each such interrogatory or part thereof, identify the privilege that forms the basis for your objection and provide sufficient facts to justify your claim, to include: (i) identifying all persons who are in possession, custody or control of, or have the right to obtain the requested information; (ii) describing the steps you have taken to preserve

the privilege you contend is applicable to the requested information; and (iii) identifying each and every fact and authority upon which you base your claim of privilege.

5. These interrogatories shall be deemed subject to the duty to supplement as set forth in Fed. R. Civ. P. 26(e). You are obligated to supplement or correct your answers in a timely manner if you learn that your response is materially incorrect or incomplete, including by reason of information that becomes available to you after your answers hereto are served.

## II. DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Action" refers to the case styled *Grae v. Correcrtions Corporation of America*, No. 3:16-cv-02267 (M.D. Tenn.).

2. "BOP" means the Federal Bureau of Prisons and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

3. "CCA" or the "Company" refers to CoreCivic, Inc., f/k/a Corrections Corporation of America, and any of its predecessors, successors, parents, subsidiaries, divisions, operational units, facilities or affiliates, and their respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

4. "Class Period" refers to the period February 27, 2012 to August 17, 2016, inclusive.

5. "Defendants" refers to CCA and the Individual Defendants (defined below), collectively.

6. "Disciplinary Action" includes, but is not limited to, any suspension, demotion, dock in pay, reduction in bonus or other compensation, verbal or written reprimand, loss of employee privileges, disciplinary meeting or termination.

7. "Identify" or "identifying" when used to refer to a document shall mean to provide the Bates number of the document, however, if the document has not been assigned a Bates number in connection with this action, then identify: (i) the date of each document; (ii) the type of each document (*e.g.*, letters, memos, etc.); (iii) the name of the author(s) of each document; and (iv) the present location of each such document or copies thereof.

8. "Individual Defendants" refers to Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin, and their agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on their behalf.

9. "Lost" or " loss" refers to the non-renewal, reduction in services, denial of a request for expansion or the failure to be awarded when used in the context of BOP contracts, bids or Request for Proposal ("RFP").

10. "SEC" refers to the United States Securities and Exchange Commission.

11. "You" or "your(s)" refers to the Defendant(s) responding to these Interrogatories.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subject matter category all responses that otherwise might be construed to be outside of its scope.

13. The use of the singular shall be deemed to include the plural, and the use of one gender or pronoun shall include all others, as appropriate in context.

## III. INTERROGATORIES

INTERROGATORY NO. 1:

Identify all documents and communications that you relied upon at the time of any direct or indirect representation by you or CCA to investors during the Class Period that CCA provided quality corrections services; high standards of quality; high quality operations; "high-quality, safe and secure facilities"; or high-quality services to the BOP.

INTERROGATORY NO. 2:

Identify all documents and communications that you relied upon at the time of any direct or indirect representation by you or CCA to investors during the Class Period in SEC filings or investor presentations that CCA had earned the confidence of the BOP as result of its operational excellence.

INTERROGATORY NO. 3:

Identify all documents and communications that you relied upon for any direct or indirect representation by you or CCA to investors during the Class Period, in SEC filings or during investor presentations that partnering with CCA to provide correctional services resulted in improvements to the quality of corrections services provided to BOP inmates.

INTERROGATORY NO. 4:

Identify all documents and communications that you relied upon for CCA's representations in its SEC filings during the Class Period that:

> We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.

INTERROGATORY NO. 5:

Identify all documents and communications that you relied upon for CCA's representations in its SEC filings during the Class Period that: "We operate our facilities in accordance with both company and facility-specific policies and procedures."

INTERROGATORY NO. 6:

Describe in detail all reasons for the loss of the Adams County Correctional Center contract with the BOP in or around 2019, including any information conveyed by the BOP in any debriefing or otherwise as to the reasons for the loss.

INTERROGATORY NO. 7:

Describe in detail all reasons for the loss of the Cibola County Correctional Center contract with the BOP in or around 2016, including any information conveyed by the BOP in any debriefing or otherwise as to the reasons for the loss.

INTERROGATORY NO. 8:

Describe in detail all reasons for the loss of the Eden Detention Center contract with the BOP in or around 2017, including any information conveyed by the BOP in any debriefing or otherwise as to the reasons for the loss.

INTERROGATORY NO. 9:

Describe in detail all reasons for the loss of the Northeast Ohio Correctional Center contract in or around 2014 including any information conveyed by the BOP in any debriefing or otherwise as to the reasons for the loss.

INTERROGATORY NO. 10:

Identify all bids or RFPs for contracts to provide correctional services with the BOP that CCA lost from January 1, 2011 through December 31, 2016, inclusive.

INTERROGATORY NO. 11:

Describe in detail all reasons why CCA was not awarded the contracts (as identified in response to Interrogatory No. 10) including those reasons conveyed by the BOP in any debriefing or otherwise.

INTERROGATORY NO. 12:

Describe in detail any discipline received by you or anyone at CCA during the Class Period for the failure of CCA to provide contractual services to the BOP in conformance with the terms of any CCA contract with the BOP.

INTERROGATORY NO. 13:

Identify all instances where CCA's trading window was closed for its executive officers subject to Section 16 of the Securities and Exchange Act of 1934 and for what period of time.

INTERROGATORY NO. 14:

For all instances where CCA's trading window was closed (as identified in response to Interrogatory No. 13) describe in detail the reasons why, including identifying any material information that formed the basis for the closure of the trading window.

INTERROGATORY NO. 15:

Describe in detail the reasons why CCA did not publicly disclose during the Class Period the cure notice it received with respect to its Cibola facility on or about January 9, 2015, including all persons you relied on in deciding not to disclose such information.

INTERROGATORY NO. 16:

Describe in detail the reasons why CCA did not publicly disclose during the Class Period the significant findings it received from the BOP with respect to CCA's contract performance, including all persons you relied on in deciding not to disclose such information.

INTERROGATORY NO. 17:

Describe in detail the reasons why CCA did not publicly disclose during the Class Period the repeat deficiencies it received from the BOP with respect to CCA's contract performance, including all persons you relied on in deciding not to disclose such information.

INTERROGATORY NO. 18:

Describe in detail the reasons why CCA did not publicly disclose during the Class Period the amount of staffing vacancy-related fines issued against it by the BOP or the amount of staffing vacancy-related fines issued against it by all government partners, including all persons you relied on

4819-5426-7575.v1

in deciding not to disclose such information.

  DATED: March 17, 2020              ROBBINS GELLER RUDMAN & DOWD LLP
                                                DENNIS J. HERMAN
                                                WILLOW E. RADCLIFFE
                                                KENNETH J. BLACK
                                                Post Montgomery Center
                                                One Montgomery Street, Suite 1800
                                                San Francisco, CA 94104
                                                Telephone: 415/288-4545
                                                415/288-4534 (fax)
                                                dennish@rgrdlaw.com
                                                willowr@rgrdlaw.com
                                                kennyb@rgrdlaw.com



                                                WILLOW E. RADCLIFFE

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 8 -

**DECLARATION OF SERVICE BY E-MAIL & HAND DELIVERY**

I, CHRISTOPHER M. WOOD, not a party to the within action, hereby declare that on March 17, 2020, I caused to be served the attached PLAINTIFF'S [CORRECTED] FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS by e-mail and hand delivery on the parties to the within action addressed as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Eric C. Pettis<br>(via email) | LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Suite 100<br>Los Angeles, CA 90071 | david.schindler@lw.com<br>brian.glennon@lw.com<br>eric.pettis@lw.com |
| Morgan E. Whitworth<br>Meryn Grant<br>(via email) | LATHAM & WATKINS LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111 | morgan.whitworth@lw.com<br>meryn.grant@lw.com |
| Trey McGee<br>Steven A. Riley<br>(via email and hand delivery) | RILEY WARNOCK & JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN 37203 | tmcgee@rwjplc.com<br>sriley@rwjplc.com |
| Sarah A. Tomkowiak<br>(via email) | LATHAM & WATKINS, LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304 | sarah.tomkowiak@lw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2020, at Nashville, Tennessee.

_____
CHRISTOPHER M. WOOD

- 10 -

4819-5426-7575.v1

Case 3:16-cv-02267    Document 279-2    Filed 08/14/20    Page 12 of 12 PageID #: 8675