# EXHIBIT 8

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>       Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS |

Pursuant to Federal Rules of Civil Procedure 26 and 33, and subject to the definitions set forth below, Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), requests that defendant CoreCivic, Inc., f/k/a Corrections Corporation of America ("CCA" or the "Company"), Damon T. Hininger ("Hininger"), David M. Garfinkle ("Garfinkle"), Todd J. Mullenger ("Mullenger") and Harley G. Lappin ("Lappin") (collectively, the "Individual Defendants" and together with CCA, the "Defendants") answer Plaintiff's Second Set of Interrogatories to All Defendants, in writing, under oath, within 30 days of service.

**I.      INSTRUCTIONS**

1. In answering the following interrogatories, you are requested to furnish all information available to you, including all information in the possession, custody or control of your counsel, investigators and all other persons acting on your behalf.

2. If after exercising due diligence you are unable to answer any interrogatory, please identify the parts of the interrogatory which you cannot answer, the reasons why you are unable to provide an answer and answer the remainder as completely as you can.

3. If you object to answering an interrogatory in whole or in part, you must specifically state the grounds for your objection, including by identifying any facts which support your objection.

4. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering any interrogatory, as to each such interrogatory or part thereof, identify the privilege that forms the basis for your objection and provide sufficient facts to justify your claim, to include: (i) identifying all persons who are in possession, custody or control of, or have the right to obtain the requested information; (ii) describing the steps you have taken to preserve the privilege you contend is applicable to the requested information; and (iii) identifying each and every fact and authority upon which you base your claim of privilege.

5. These interrogatories shall be deemed subject to the duty to supplement as set forth in Fed. R. Civ. P. 26(e). You are obligated to supplement or correct your answers in a timely manner if you learn that your response is materially incorrect or incomplete, including by reason of information that becomes available to you after your answers hereto are served.

## II. DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Action" refers to the case styled *Grae v. Correcrtions Corporation of America, et al.*, No. 3:16-cv-02267 (M.D. Tenn.).

2. "BOP" means the Federal Bureau of Prisons and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

3. "BOP Prisons" means the prisons operated or sought to be operated by CCA under contract for the BOP, including Adams County Correctional Center, Cibola County Correctional Center, Eden Detention Center, McRae Correctional Facility and Northeast Ohio Correctional Center.

4. "CCA" or the "Company" refers to CoreCivic, Inc., f/k/a Corrections Corporation of America, and any of its predecessors, successors, parents, subsidiaries, divisions, operational units, facilities or affiliates, and their respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

5. "Class Period" refers to the period February 27, 2012 to August 17, 2016, inclusive.

6. "Defendants" refers to CCA and the Individual Defendants (defined below), collectively.

7.  "Identify" or "identifying" when used to refer to a document shall mean to provide the Bates number of the document, however, if the document has not been assigned a Bates number in connection with this action, then identify: (i) the date of each document; (ii) the type of each document (*e.g.*, letters, memos, etc.); (iii) the name of the author(s) of each document; and (iv) the present location of each such document or copies thereof.

8.  "Individual Defendants" refers to Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin, and their agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on behalf of the foregoing.

9.  The "Yates Memorandum" refers to the memorandum issued on or about August 18, 2016 by then Deputy Attorney General Sally Yates entitled, "Reducing our Use of Private Prisons."

10.  "You" or "your(s)" refers to the Defendant(s) responding to these Interrogatories.

11.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subject matter category all responses that otherwise might be construed to be outside of its scope.

12.  The use of the singular shall be deemed to include the plural, and the use of one gender or pronoun shall include all others, as appropriate in context.

### III. INTERROGATORIES

INTERROGATORY NO. 19:

Identify all facts, documents, testimony and communications that support any contention made by Defendants in this action that the Yates Memorandum represented a political shift, change or decision, including those contentions made by Defendants in this action that "the Yates Memorandum announced an unanticipated political shift" (ECF No. 98 at 6); "the Yates Memorandum was the result of a political decision" (*id*. at 18); "there was a direct political

motivation that resulted in that memo being released" (Deposition Transcript of Patrick Swindle as CCA's Rule 30(b)(6) designee, dated January 9, 2019 at 36:4-5); or the Yates Memorandum announced or reflected a "policy shift" (*see, e.g.*, ECF No. 98 at 6, ECF No. 160 at 9-11).

INTERROGATORY NO. 20:

Describe in detail what Defendants mean by unanticipated political shift, change or decision in the context of the Yates Memorandum including identifying what precisely was the shift, change or decision announced in the Yates Memorandum, how it was tied to politics, what political factors explained the shift, change or decision, and why it was unanticipated.

INTERROGATORY NO. 21:

Identify all facts, documents, testimony and communications that support Defendants' response to Interrogatory No. 20.

INTERROGATORY NO. 22:

Identify all facts, documents, testimony and communications that support any contention by Defendants that it was public knowledge prior to the announcement of the Yates Memorandum that CCA's performance with respect to its BOP contracts was deficient.

INTERROGATORY NO. 23:

Identify all notices of concern concerning any of the BOP Prisons.

INTERROGATORY NO. 24:

Identify all award fee determination letters concerning any of the BOP Prisons.

INTERROGATORY NO. 25:

Identify all Contract Facility Monitoring Reports concerning any of the BOP Prisons.

INTERROGATORY NO. 26:

Identify all Contractor Performance Assessment Reports concerning any of the BOP Prisons.

- 4 -

DATED: May 15, 2020		ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK



WILLOW E. RADCLIFFE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

## DECLARATION OF SERVICE BY E-MAIL

I, SARAH A MORRIS, not a party to the within action, hereby declare that on May 15, 2020, I caused to be served the attached PLAINTIFF'S SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS by e-mail on the parties to the within action, addressed as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Eric C. Pettis | LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Suite 100<br>Los Angeles, CA 90071 | david.schindler@lw.com<br>brian.glennon@lw.com<br>eric.pettis@lw.com |
| Morgan E. Whitworth<br>Meryn Grant | LATHAM & WATKINS LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111 | morgan.whitworth@lw.com<br>meryn.grant@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK & JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN 37203 | tmcgee@rwjplc.com<br>sriley@rwjplc.com |
| Sarah A. Tomkowiak | LATHAM & WATKINS, LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304 | sarah.tomkowiak@lw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 15, 2020, at San Francisco, California.

SARAH A MORRIS

Cases\4828-2989-6636.v1-5/15/20
Case 3:16-cv-02267   Document 279-8   Filed 08/14/20   Page 8 of 8 PageID #: 8799