# EXHIBIT 10

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Willow E. Radcliffe
willowr@rgrdlaw.com

July 2, 2020

VIA EMAIL

| Eric C. Pettis | Sarah A. Tomkowiak | Morgan E. Whitworth |
| Meryn Grant | Latham & Watkins LLP | Latham & Watkins LLP |
| Latham & Watkins LLP | 555 Eleventh Street, NW | 505 Montgomery Street |
| 355 South Grand Avenue | Suite 1000 | Suite 2000 |
| Suite 100 | Washington, D.C. 20004-1304 | San Francisco, CA 94111 |
| Los Angeles, CA 90071-1560 | sarah.tomkowiak@lw.com | morgan.whitworth@lw.com |
| meryn.grant@lw.com | | |
| eric.pettis@lw.com | | |

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267 (M.D. Tenn.)

Dear Counsel:

I write regarding Defendants' Objections and Responses to Plaintiff's Second Set of Interrogatories that we discussed earlier today. As we indicated on the call, we do not believe Defendants have complied with their obligations under Federal Rule of Civil Procedure 33. The interrogatories are not answered fully nor do the responses provide sufficient detail to enable Plaintiff to locate and identify the documents described in the responses. The purpose of interrogatories is to avoid surprises at trial and we are entitled to complete answers based on the information known or reasonably available to Defendants at the time of their responses without limiting language.

Please advise us no later than Monday, July 6, 2020, whether Defendants will supplement and verify their interrogatory responses consistent with our discussion memorialized below:

- Interrogatory No. 21 (witnesses) – during the call you clarified that Defendants intended to rely on future (not existing) testimony of Kim White, William Dalius, Harley Lappin, Damon Hininger, Tony Grande, Jeremy Wiley, Jeb Beasley and Bart VerHulst among possible others listed in Defendants' response. Please supplement the response to this Interrogatory with clarification and specify which witnesses you will rely on for future testimony or provide the page and line cites of the deposition testimony Defendants intend to rely on. For those witness that Defendants currently respond with limiting language such as "including," please remove the limitation and specify what testimony you will rely on. If it is existing testimony then include the page and line cites and if it is also future testimony, please specify.

Cases\4836-0048-9921.v1-7/2/20
One Montgomery Street  Suite 1800  San Francisco, CA 94104  Tel 415-288-4545  Fax 415-288-4534  rgrdlaw.com

Case 3:16-cv-02267   Document 279-10   Filed 08/14/20   Page 2 of 3 PageID #: 8827

- Interrogatory No. 21 (documents) and Interrogatory No. 22 – during the call we requested Defendants specify which various documents and information they vaguely referred to in their responses (*e.g.*, publicly available documents, news articles, analyst reports and public disclosures). *See* Fed. R. Civ. P. 33 (if "the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" or allowing for inspection of the documents). We also discussed that Defendants are required to fully respond to the interrogatories and that limiting language such as "including" is not proper, particularly given the stage of the litigation.

In addition, in connection with Defendants' response to Interrogatory No. 21, we discussed whether Defendants who did not identify, for example, Jeremy Wiley, in their initial disclosures nor did they produce his custodial documents intended to rely on his future testimony at trial. We indicated that we would seek to exclude any trial witness not previously disclosed because the failure to do so deprived Plaintiff of the opportunity to depose said witness knowing that Defendants would rely on them at trial. Please advise us of Defendants' position and whether the response to the Interrogatory will be revised to remove any witnesses not previously disclosed by Defendants in their initial disclosures.

Finally, we discussed that the interrogatory responses are on behalf of each of the Defendants but that the Individual Defendants have not verified the responses. Please provide verifications for the Individual Defendants.

Very truly yours,

WILLOW E. RADCLIFFE

WER:cac

cc: Brian T. Glennon     Dennis J. Herman
Milton S. "Trey" McGee III     Kenneth J. Black
Steve Riley     Christopher M. Wood
David Schindler     Jason A. Forge
    Christopher H. Lyons

Cases\4836-0048-9921.v1-7/2/20