# EXHIBIT 11

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

**LATHAM & WATKINS LLP**

July 8, 2020

**VIA EMAIL**

Willow Radcliffe
One Montgomery Street
San Francisco, CA 94104
Phone: (415) 288-4545
willowr@rgrdlaw.com

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267

Counsel:

We write in response to your letter dated July 2, 2020 regarding Defendants' responses to Plaintiff's Second Set of Interrogatories (the "Letter"). We have considered in good faith the issues raised on our meet and confer discussions and in the Letter. We remain steadfast in our position that Plaintiffs' interrogatories are overbroad and unduly burdensome, and that Defendants' answers comply with their obligations under the Federal Rules of Civil Procedure. Our responses to the specific contentions in your Letter are set forth below:

**Interrogatory No. 21 (Witnesses):** With respect to the witnesses identified, your letter misconstrues our meet and confer. As we explained, we have *already* identified testimony citations for witnesses who were asked about subjects implicated by Interrogatory No. 21 during their deposition. In order to provide a fulsome response, Defendants went even further and identified additional witnesses who supported Defendants' response to Interrogatory No. 20. In compliance with Defendants' obligations under the Federal Rules of Civil Procedure, we will supplement Defendants' response if any of the witnesses that have not yet been deposed provide testimony responsive to Interrogatory No. 21 during their deposition. Defendants cannot designate what "future" testimony is responsive at this time.

With respect to Jeremy Wiley, Plaintiffs' suggestion that Mr. Wiley should be removed from Defendants' response to Interrogatory No. 21, or added to Defendants' initial disclosures is meritless. The scope of Defendants' obligations to identify individuals in response to Interrogatory No. 21 is not the same as their obligations under Federal Rule of Civil Procedure 26. Interrogatory No. 21 broadly sought "all documents, testimony, and communications that support Defendants' response to Interrogatory No. 20," without regard as to whether Defendants may or may not use those documents, testimony, and communications at trial. In contrast, Defendants' initial disclosures identified witnesses that Defendants may rely on at trial. *See* Fed. R. Civ. P. 26 (a)(1) (requiring disclosure of individuals "that the disclosing party may use to support its claims or defenses"). There is therefore no need to revise either Defendants' response to Interrogatory No. 21 or Defendants' Initial Disclosures.

**LATHAM&WATKINS**LLP

Further, Plaintiffs' suggestion that they are now entitled to Mr. Wiley's documents and deposition is belied by the record. There is no question that Plaintiffs have been long aware of Mr. Wiley's potential relevance to this litigation. ***Plaintiffs*** included Mr. Wiley on their Supplemental Initial Disclosures dated March 3, 2020 (presumably based on the hundreds of Mr. Wiley's custodial documents have been produced to Plaintiffs). *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*") (emphasis added). Plaintiffs could have, but chose not to, depose Mr. Wiley.

**Interrogatory Nos. 21 (Documents) and 22:** It remains Defendants' position that Plaintiffs' requests for "all documents, testimony and communications" are overbroad, and Plaintiffs' continued demand that every single document be identified is not consistent with the Federal Rules of Civil Procedure. Defendants identified the categories of documents with sufficient specificity such that Plaintiffs could identify these documents, as required by Federal Rule of Procedure 33(d). Nonetheless, Defendants will in good faith supplement the bullets regarding (1) the Justice is Not For Sale Act; (2) campaign promises of Elizabeth Warren regarding the use of private prisons; and (3) Assembly Bill 32; to specifically identify particular news articles (in addition to the websites and proposed legislation identified). However, Plaintiffs have no basis to dictate the wording of Defendants' responses, which must be verified under oath. Defendants, therefore, will not remove the word "including" from their responses. To the extent Defendants attempt to introduce at trial any document that Plaintiffs believe was not adequately identified in response to Interrogatory No. 21 or 22, Plaintiffs retain all rights.

**Verifications:** We will send verifications from the individual Defendants as soon as possible.

\* \* \* \* \*

We are available to meet and confer further on these issues, if necessary.

Best regards,

s/ Meryn C. N. Grant
of LATHAM & WATKINS LLP

CC: David Schindler        Jason Forge
    Brian Glennon           Christopher Lyons
    Sarah Tomkowiak
    Steve Riley
    Trey McGee
    Morgan Whitworth
    Eric Pettis
    Dennis Herman
    Willow Radcliffe
    Christopher Wood