UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>    Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley<br><br><u>DEMAND FOR JURY TRIAL</u> |

**<u>REPLY IN SUPPORT OF CORECIVIC'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION AND COMPEL FURTHER RESPONSES TO CORECIVIC'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES</u>**

# TABLE OF CONTENTS

Page

A. Plaintiff's Belated Legal Arguments Do Not Justify Its Failure To Admit Or Deny Half Of CoreCivic's RFAs..................................................................................................1

B. Plaintiff Has Information Sufficient To Respond To RFA Nos. 4–5, 11, 16, 18, 23–24, 34, 45–54.............................................................................................................2

C. Plaintiff's New Arguments Do Not Justify Its Failure To Respond to RFA Nos. 6, 8, 14, 15, 17, 20, 22 & 33 ............................................................................................4

D. Plaintiff's Opposition Does Nothing To Justify Its Failure To Answer RFAs And Companion Interrogatories ..............................................................................................5

E. Plaintiff's Failure To Respond To Loss Causation Interrogatories (Interrogatory Nos. 17–21 & 27–28) Is Not Justified By Its Objection That Such Requests Seek Expert Opinion Only.......................................................................................................6

F. CoreCivic Is Entitled To Relief To Remedy These Deficiencies .......................................7

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bluewater Music Servs. Corp. v. Spotify USA Inc.*,
  2019 WL 6894516 (M.D. Tenn. Feb. 7, 2019) ............................................................................1

*U.S. ex rel. Englund v. L.A. Cty.*,
  235 F.R.D. 675 (E.D. Cal. 2006) ..............................................................................................4

*Footbridge Ltd. Tr. v. Zhang*,
  2007 WL 9757939 (D.D.C. June 6, 2007) ................................................................................2

*Foust v. Metro. Sec. Servs., Inc.*,
  2011 WL 4832570 (E.D. Tenn. Oct. 12, 2011) .........................................................................2

*In re Meggitt*,
  2018 WL 1121585 (Bankr. N.D. Ohio Feb. 27, 2018) ..............................................................4

*Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*,
  774 F.3d 1065 (6th Cir. 2014) ..................................................................................................2

## RULES

Fed. R. Civ. P.
  36(a)(2) .....................................................................................................................................4
  36(a)(4) .....................................................................................................................................2
  36(a)(6) .....................................................................................................................................3
  37(d)(3) ...................................................................................................................................n.7

Plaintiff's Opposition confirms that it has not met its obligations under the Federal Rules of Civil Procedure, and that Plaintiff has no plan to do so in the future.  In an attempt to justify its refusal to provide any admission or denial (even a qualified one) to 28 out of CoreCivic's First Set of 55 RFAs and any substantive response to 19 out of CoreCivic's Second Set of 28 Interrogatories, Plaintiff's Opposition advances new arguments that it did not raise at any point during the parties' multiple meet and confer discussions, and in some instances, arguments that contradict Plaintiff's prior positions.  These arguments fail to excuse Plaintiff's conduct and CoreCivic respectfully requests that this Court order the relief requested below.

### A. Plaintiff's Belated Legal Arguments Do Not Justify Its Failure To Admit Or Deny Half Of CoreCivic's RFAs

Plaintiff's new purported legal justifications for its failure to provide any substantive response to 28 of 55 RFAs are not just late (and thus, should be deemed waived), they are meritless.

First, Plaintiff argues that CoreCivic has not identified documents or facts that would "conclusively establish" the RFAs.  Opp. at 3.  But the burden is not on CoreCivic to conclusively establish the admission.  If that were the standard, "deny" would not be an option for a response to an RFA.  As a matter of law, the burden is on Plaintiff to admit, deny, provide a qualified admission, conduct a reasonable inquiry and certify that information it can readily obtain is insufficient to enable a response (*see below*) or demonstrate "why the request is unduly burdensome or otherwise not discoverable."  *Bluewater Music Servs. Corp. v. Spotify USA Inc.*, 2019 WL 6894516 at *4 (M.D. Tenn. Feb. 7, 2019).  Plaintiff has failed to meet that burden.

Second, Plaintiff's repeated assertion that it "has no personal knowledge as to any of the issues addressed by the disputed discovery requests" is insufficient.  Mot. at 7–8.  As a pension fund located in New York City with zero corrections experience, CoreCivic is aware that Plaintiff has no personal knowledge of the pertinent facts in this litigation.  Rule 36 provides clear guidance

to address this exact scenario. Lacking personal knowledge, Plaintiff must make a "reasonable inquiry" and certify that information it "***can readily obtain*** is insufficient to enable it to admit or deny" the RFAs. Fed. R. Civ. P. 36(a)(4). Plaintiff has failed to do so. The Sixth Circuit has found that similar responses asserting lack of knowledge, supported only by "perceived shortcomings" in the propounding party's efforts to make information available were deficient. *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1076 (6th Cir. 2014).

Third, Plaintiff argues that it cannot be required to respond to RFAs about CoreCivic's own statements because those statements are unreliable hearsay. Opp. at 1–3. But, "[t]he standard for requests to admit, however, is not that they are admissible at trial, but that they fall within the scope of Rule 26(b)(1)." *Foust v. Metro. Sec. Servs., Inc.*, 2011 WL 4832570, at *7 (E.D. Tenn. Oct. 12, 2011). "Hearsay is not an appropriate objection in the context of responding to a [RFA]." *Footbridge Ltd. Tr. v. Zhang*, 2007 WL 9757939, at *2 (D.D.C. June 6, 2007) (ordering defendant to "to admit or deny . . . . based on his knowledge, whether it was derived firsthand or through another source of information."). This objection should be rejected.

### B. Plaintiff Has Information Sufficient To Respond To RFA Nos. 4–5, 11, 16, 18, 23–24, 34, 45–54

As CoreCivic showed in its Motion, Plaintiff can readily obtain a wealth of information in the discovery and public records sufficient to admit or deny the 18 RFAs for which it responded only that it "lacked sufficient information." Mot. at 8–10. Plaintiff's Opposition does not dispute that Plaintiff can access this information, but argues that a response is not required because other information might not be available to Plaintiff. Opp. at 3–8. This contrived excuse, however, does not explain why Plaintiff cannot provide a qualified admission or denial. Specifically:

- **RFA Nos. 4–5:** Plaintiff does not dispute that it has CoreCivic's published contract retention rates, but argues that it should not be required to admit those contract retention rates because there might be evidence that contradicts them. *Id*. at 3–4. At a minimum,

2

Plaintiff can admit that those were the published rates, and if Plaintiff does not have any information sufficient to dispute those rates, or wishes to qualify its response, it can do so. But, CoreCivic is "entitled to know whether the contract retention rate reported to investors is in dispute." Mot. at 9.

- **RFA No. 11:** Plaintiff does not dispute that facts regarding Mr. Hininger's stock sales pursuant to Rule 10b5-1 plans are "readily obtainable" from public filings. Opp. at 4–5. Instead, Plaintiff speculates that Mr. Hininger may not have complied with his reporting requirements. *Id.* Plaintiff offers no support for this unfounded accusation. If Plaintiff wants to qualify its answer with unsupported speculation, it may do so. But again, CoreCivic is entitled to know whether Plaintiff disputes the publicly reported information.

- **RFA Nos. 16 and 34:** Plaintiff does not and cannot dispute that it has repeatedly relied upon analyst reports throughout this litigation (and its experts have done an exhaustive review of analyst reports). *Compare* Mot. at 9 *with* Opp. at 5. Yet, Plaintiff claims that it cannot admit or deny RFAs pertaining to analyst reports, because it does not know if it possesses the entire universe of analyst reports. Opp. at 5. That is beside the point. CoreCivic is entitled to know whether or not Plaintiff has identified any analyst reports that reported on an alleged corrective disclosure (No. 16) or attributed CoreCivic's stock price drop to the allegedly false statements (No. 34). If Plaintiff is concerned about the existence of some unknown (hypothetical) analyst report, it can qualify its response.

- **RFA 18:** Plaintiff does not dispute that it has access to employment information. Plaintiff now claims that it "should not have to do a full-blown employment history investigation" to determine if the professionals who invested on its behalf have any experience in the corrections industry. Opp. at 6. But Plaintiff did not object to this RFA as burdensome, nor would any purported burden justify its failure to provide the requested response.

- **RFA No. 23:** Plaintiff does not dispute that CoreCivic's contracts with the BOP specify the population of inmates CoreCivic is expected to house for the BOP. *Id.* at 6–7. That is all that RFA No. 23 asks Plaintiff to admit or deny. ECF No. 252-1. Contrary to Plaintiff's excuse, "information as to every inmate" is not required to respond. *Cf.* Opp. at 7.

- **RFA No. 24:** Plaintiff does not deny that information regarding CoreCivic's current BOP facilities is publicly available. *Id.* at 7–8. Plaintiff's argument that CoreCivic did not produce detailed information on all of these facilities after the Class Period is non-responsive. *Id.*

- **RFA Nos: 45–54:** Plaintiff does not dispute that average per diem rates per inmate are published for BOP facilities and contained in the contracts for each CoreCivic facility. *Id.* at 8. Instead, Plaintiff advances a new argument—never raised in meet and confer discussions—suggesting that a calculation based on the number of inmates is required to respond to these RFAs. *Id.* That is wrong. The comparison required by these RFAs is very simple and could be done if Plaintiff tried.

If Plaintiff persists in its untenable position that it lacks sufficient information pertaining to these RFAs, CoreCivic requests that these RFAs be deem admitted. *See* Fed. R. Civ. P. 36(a)(6).

### C. Plaintiff's New Arguments Do Not Justify Its Failure To Respond to RFA Nos. 6, 8, 14, 15, 17, 20, 22 & 33

Plaintiff originally objected to RFA Nos. 6, 8, 14, 15 and 17 on the basis of Rule 36(a)(2). Mot. at 10–13. Plaintiff has abandoned that argument and no longer disputes that it has the documents referenced in these RFAs. Opp. at 10–12; *see also* ECF No. 252-7. Instead, Plaintiff now raises new arguments claiming the RFAs are impossible to answer and that CoreCivic has not "conclusively established" the fact at issue. *Cf.* Opp. at 9–11. These belated objections are improper and should be deemed waived. If Plaintiff had raised these interpretations of the RFAs during the meet and confer process, CoreCivic could have cured any issues by propounding additional RFAs before the discovery deadline. In any event, to the extent Plaintiff takes issue with the precise language of any RFA, that does not justify a failure to respond, where the purpose of the RFA is clear. *In re Meggitt*, 2018 WL 1121585, at *5 (Bankr. N.D. Ohio Feb. 27, 2018) ("Even if explanation is needed to cure improper inferences, a good faith qualification of a response requires the responding party to also state specifically what part of the request is true or not true."); *U.S. ex rel. Englund v. L.A. Cty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) ("When the purpose and significance of a request [for admission] are reasonably clear, courts do not permit denials based on overly-technical reading of the request."). Again, CoreCivic does not have to provide definitive proof of every fact in an RFA to be entitled to a fair response. More specifically:

- **RFA Nos. 14–15 & 17**: Plaintiff claims its failure to respond is justified because it has no way to verify the dates on which articles were purportedly published, or worse that it has no idea what article CoreCivic is referring to. Opp. at 10–12. That is absurd.[1] There is no question that Plaintiff can provide a substantive response: it can admit the existence of the articles with specificity and the date of publication.[2]

---

[1] Plaintiff's response to RFA No. 33 demonstrates Plaintiff's lack of good faith in responding to these requests. Plaintiff does not dispute that its own expert relied on the analyst report that is the subject of the RFA. Mot. at 12 (citing ECF No. 120-1). Yet, Plaintiff suggests it could not possibly confirm the contents, author, or publication of the report (and argues that it is irrelevant), and CoreCivic should have deposed the analyst to get that information. Opp. at 13–14.

[2] Plaintiff's claim that it cannot adopt CoreCivic's characterization of these documents further underscores the need for a substantive response. Opp. at 11. CoreCivic is entitled to understand what Plaintiff admits and denies.

4

- **RFA Nos. 20 & 22**: Plaintiff now claims that it cannot answer this request because CoreCivic failed to adequately identify the precise language in the 10-Ks at issue. *Id.* at 12–13. Setting aside that Plaintiff never asked CoreCivic to identify that language, that argument confirms that Plaintiff undertook no investigation in responding to these RFAs. A simple search for the first words of each risk disclosure at issue identifies the language in CoreCivic's risk disclosures. Decl. of Meryn C. N. Grant ("Grant Decl.") Exs. A–F.

- **RFA Nos. 39 & 40**: Plaintiff does not dispute that CoreCivic produced CPARs and identified them by Bates number. ECF No. 252-10. Yet, Plaintiff attempts to justify its failure to respond to these RFAs by asserting (1) it "has no way of knowing" whether it received every CPAR at issue and (2) that a single CPAR does not contain the exact language in the RFA. Opp. at 14. But Plaintiff knows that a CPAR was issued each year during a 4 ½ year time period, for each of the five facilities. Thus, Plaintiff does, in fact, have a way of knowing whether it received the relevant CPARs. Further, Plaintiff's proposed hyper-technical denial of the RFA based on the slightly different language in 1 out of 29 CPARs is not a good faith response. *Id.* at 14–15. As Plaintiff is well aware, each CPAR (including the one attached to its motion) contains a recommendation as to whether the officer would award similar contracts to CoreCivic in the future based on past performance. ECF No. 263-2. CoreCivic is entitled to understand whether Plaintiff denies that in every one of the 29 CPARs, the officer stated it would recommend CoreCivic for similar contracts (RFA No. 39); and not one of those CPARs states that the officer would not recommend CoreCivic for similar contracts in the future (RFA No. 40).

D. **Plaintiff's Opposition Does Nothing To Justify Its Failure To Answer RFAs And Companion Interrogatories**

Plaintiff resorts to blatant mischaracterizations of these discovery requests, and/or to circular reasoning, in an effort to justify its failure to respond to RFAs and their Companion Interrogatories. These new arguments are meritless. Specifically:

- **Interrogatory No. 29 (RFA No. 3)**: Plaintiff's explanation of its omissions theory in response to an Interrogatory regarding CoreCivic's statements is non-responsive. Opp. at 16. Again, this Interrogatory does not ask for Plaintiff's theory regarding why these statements were allegedly misleading, but rather the subject of the statements made by CoreCivic. Mot. at 14. CoreCivic is entitled to know whether Plaintiff plans to argue that the challenged statements referred exclusively to BOP facilities, as well as the facts that support such an assertion. *Id.* at 14–15.

- **Interrogatory No. 36 (RFA No. 28)**: Plaintiff's hyper-technical explanation as to why it offered only a single fact in support of its denial is evasive. Opp. at 17–18. Plaintiff admits that it could have "identified additional cited facts" to support its denial. *Id.* at 18. It should be compelled to do so now.

- **Interrogatory No. 38 (RFA No. 40)**: As stated above, Plaintiff has all of the CPARs, and CoreCivic is entitled to a substantive response regarding why it cannot answer RFA No. 40 by reference to those CPARs.

As for the remaining Companion Interrogatories—Interrogatories 30–35, 47, 39–40—Plaintiff stands on its arguments concerning the underlying RFAs. *Id*. at 19. But this is circular and illogical; the answers themselves all state that Plaintiff is "not in a position to identify facts" supporting its purported inability to respond to the underlying RFAs. Mot. at 15. Plaintiff offers no response whatsoever to CoreCivic's argument that Plaintiff "cannot insulate itself from written discovery by claiming that it lacks information to respond to RFAs and refusing to explain why information in its possession is insufficient to respond." *Id*. at 16 (citing cases). Plaintiff's failure to certify that it undertook any reasonable inquiry to answer these RFAs and its refusal to answer Companion Interrogatories seeking all facts supporting its inability to respond is bad faith. Based on this persistent failure, CoreCivic requests to conduct a limited deposition of Plaintiff's verifier on the preparation of these responses and any inquiry she undertook prior to verifying them.

### E. Plaintiff's Failure To Respond To Loss Causation Interrogatories (Interrogatory Nos. 17–21 & 27–28) Is Not Justified By Its Objection That Such Requests Seek Expert Opinion Only

Plaintiff continues to claim that it could not respond to Interrogatories seeking facts supporting its loss causation contentions before its expert developed his opinions on loss causation, and it would supplement these Interrogatories at a later point in time. Opp. at 20–21. This is gamesmanship. Plaintiff's expert disclosures, served on August 7, 2020, did not contain any new opinions regarding what caused CoreCivic's stock price to decline, each alleged corrective disclosure, or what new information those disclosures purportedly "corrected" or "revealed." Rather, Plaintiff's expert report focused on damages—quantifying the alleged share price inflation—which simply assumed that the inflation was due to the alleged fraud and that the entire stock price drop associated with the alleged corrective disclosures based on *Plaintiff's* allegations. Grant Decl. Ex. G at ¶¶ 21, 49–51 (assuming share price was artificially inflated as a result of fraud, citing Complaint and class certification filings). Moreover, that report was submitted over 10 days ago, and Plaintiff has yet to provide any supplement. Based on Plaintiff's continued refusal to provide complete answers to Interrogatory Nos. 17–21 and 27–28, CoreCivic is unable

to prepare for expert discovery, summary judgment and trial. This gamesmanship should not be countenanced.

F.   **CoreCivic Is Entitled To Relief To Remedy These Deficiencies**

Based on Plaintiff's apparent failure to conduct the required reasonable inquiry required by Rule 36, failure to provide timely, complete or sufficient responses under Rule 33, and refusal to provide substantive responses to nearly half the RFAs and Interrogatories based on meritless objections, CoreCivic requests that the Court exercise its discretion to compel further responses and impose other remedies in light of Plaintiff's discovery violations. Specifically, with respect to the RFAs, CoreCivic requests that: (1) Plaintiff be compelled to provide further substantive, good faith responses to the 30 RFAs at issue (Mot. at 7–13), and for any RFA for which Plaintiff responds that it lacks insufficient information, it shall include a certification that Plaintiff has undertaken the required reasonable inquiry under Rule 36, and explain why such information that it can readily obtain is insufficient to admit or deny the RFA; or (2) in the alternative, the 30 RFAs at issue be deemed admitted. Regarding the Interrogatories, CoreCivic requests that (1) Plaintiff be compelled to provide further substantive, good faith responses to the 19 Interrogatories at issue; and (2) CoreCivic be permitted to conduct a limited deposition of the individual who verified Plaintiff's deficient Interrogatory responses.[3]

DATED: August 17, 2020          Respectfully submitted:

   /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737

---

[3] To the extent that Plaintiff does not sufficiently supplement its response to Interrogatory Nos. 17–21 and 27–28, CoreCivic reserves the right to request at the appropriate time that Plaintiff be precluded from relying at summary judgment or trial on any factual theory to prove loss causation beyond or inconsistent with the loss causation allegations in the operative Complaint.

sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Meryn C. N. Grant (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave., Suite 100
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T:  (202) 637-2335
F:  (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

8

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

9

Case 3:16-cv-02267    Document 282    Filed 08/17/20    Page 12 of 13 PageID #: 9049

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 17th day of August, 2020.

                                    /s/ Steven A. Riley
                                    Steven A. Riley

10

Case 3:16-cv-02267    Document 282    Filed 08/17/20    Page 13 of 13 PageID #: 9050