# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley<br><br><u>DEMAND FOR JURY TRIAL</u> |

### DECLARATION OF MERYN C. N. GRANT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES AND FOR DISCOVERY SANCTIONS

I, Meryn C. N. Grant, declare as follows:

1.  I am over 18 years of age and am competent to testify as to the matters stated in this Declaration. I am an associate at the law firm of Latham & Watkins LLP, one of the law firms representing Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants"). I am also one of the attorneys who has been involved in drafting Defendants' Responses and Objections to Lead Plaintiff Amalgamated Bank's ("Plaintiff") First and Second Set of Interrogatories (the "Interrogatories"). I have also participated in various meet and confer efforts with Plaintiff's counsel concerning these Interrogatories, as described further herein.

2.  To date, Defendants have produced 420,000 documents, totaling more than 2.2 million pages, from 65 custodians, from a period ranging from August 27, 2011 to February 17, 2017. Plaintiff also requested and received nearly 200,000 documents from the BOP, and has taken 23 fact witness depositions.

3.  On March 13 and March 17, 2020, Plaintiff served Defendants with its First Set of Requests for Admission and (Corrected) First Set of Interrogatories, respectively. These requests consisted of 113 Requests for Admission and 18 Interrogatories. After an agreed-upon extension, Defendants responded individually to the First Set of Interrogatories on May 1, 2020. Each Individual Defendant provided a separate verification.

4.  On March 18, 2020, CoreCivic served Plaintiff with its Second Set of Interrogatories. After an agreed-upon extension, Plaintiff served CoreCivic with its Responses and Objections to CoreCivic's Second Set of Interrogatories on May 1, 2020. Plaintiff did not provide a verification for these Reponses and Objections until June 8, 2020, after repeated requests. A true and correct copy of Plaintiff's Responses and Objections to CoreCivic's Second

Set of Interrogatories is attached as **Exhibit A.** A true and correct copy of the verification for these Responses and Objections is attached as **Exhibit B.**

5. On May 15, 2020, Plaintiff served its Second Set of Interrogatories to All Defendants, consisting of 8 additional Interrogatories. After an agreed-upon extension, Defendants collectively served their Responses and Objections to Plaintiff's Second Set of Interrogatories on June 24, 2020. CoreCivic verified these responses.

6. On May 18, 2020, the parties met and conferred regarding certain written discovery issues, including Plaintiff's issues with Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories. Plaintiff did not send any communication outlining its any purported issues beforehand.

7. On June 12, 2020, Plaintiff's counsel sent Defense counsel a letter outlining Plaintiff's issues with Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories. A true and correct copy of this letter is attached as **Exhibit C**.

8. On June 22, 2020, Defense counsel sent a letter to Plaintiff's counsel explaining the bases for each Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories. A true and correct copy of this response is attached as **Exhibit D**.

9. On July 2, 2020, at Plaintiff's request, the parties met and conferred on Defendants' Responses and Objections to Plaintiff's Second Set of Interrogatories. Plaintiff did not identify any specific issues with Defendants' Responses and Objections to these Interrogatories beforehand.

10. After that meet and confer, also on July 2, 2020, Plaintiff's Counsel sent Defense counsel a letter outlining Plaintiff's issues with Defendants' Responses and Objections to Plaintiff's Second Set of Interrogatories.

11. On July 8, 2020, Defense counsel sent Plaintiff's counsel a letter explaining the bases for each of Defendants' Responses and Objections to Plaintiff's Second Set of Interrogatories.

12. On July 10, 2020, the parties raised certain written discovery issues with Judge Trauger, including Plaintiff's purported issues with Defendants' Responses and Objections to Plaintiff's Interrogatories. In an Order dated July 13, 2020, Judge Trauger referred the issues to Judge Frensley for resolution. *See* ECF. No. 240.

13. On July 16, 2020, Judge Frensley ordered the parties to again meet and confer and, if unable to reach a resolution, file a motion to compel. *See* ECF No. 244.

14. Pursuant to Judge Frensley's July 16 Order, the parties held a further telephonic meet and confer on July 22, 2020. During this meet and confer, Defendants offered to remove certain inclusive language in specific Interrogatories that had been identified by Plaintiff as problematic (specifically, Interrogatory Nos. 1–5 and 21–22), but include a caveat reflecting Defendants' belief that certain Interrogatories were impossible to answer as written. Plaintiff's counsel indicated that this proposal was insufficient because it did not address all instances of inclusive language. Plaintiff's counsel asked Defense counsel to submit their proposal in writing. Defense counsel agreed to do so if Plaintiff identified in writing all instances of the purportedly problematic language.

15. On July 26, 2020, after Plaintiff declined to identify all instances of the language it found problematic in Defendants' Responses and Objections to Plaintiff's Interrogatories, Defendants submitted their written proposal to amend the particular Interrogatories Plaintiff previously addressed. Plaintiff rejected that proposal because it purportedly failed to address all

3

its concerns or all instances of inclusive language. A true and correct copy of this email exchange is attached as **Exhibit E.**

16. On July 27, 2020, Plaintiff filed its Motion to Compel Defendants to Further Respond to Interrogatories. *See* ECF. Nos. 254–56.

17. Between July 28, 2020 through July 31, 2020, Plaintiff deposed three of the Individual Defendants—Defendants Lappin, Garfinkle, and Hininger. A true and correct copy of excerpted portions of the transcript from the deposition of Harley G. Lappin, which occurred on July 28, 2020, is attached as **Exhibit F.** A true and correct copy of excerpted portions of the transcript from the deposition of Damon T. Hininger, which occurred on July 30, 2020, is attached as **Exhibit G.** A true and correct copy of excerpted portions of the transcript from the deposition of David M. Garfinkle, which occurred on July 31, 2020, is attached as **Exhibit H.** The remaining Individual Defendant—Mr. Mullenger—had already been deposed on February 13, 2020. A true and correct copy of excerpted portions of the transcript from the deposition of Todd. J. Mullenger is attached as **Exhibit I.** Exhibits F throughI have been redacted to protect CoreCivic's confidential business information. Because those portions are not relevant to this Motion, un-redacted versions were not filed with the Court.

18. On Monday August 3, 2020, Plaintiff's counsel sent Defense counsel an email notifying them that Plaintiff intended to withdraw its Motion to Compel Defendants to Further Respond to Interrogatories, and file an amended motion based on recent deposition testimony. Defense counsel responded the next day by requesting that Plaintiff identify the portions of the pending motion that it intended to withdraw and its purported bases for filing an amended motion. A true and correct copy of this email exchange is attached as **Exhibit J.**

4

Case 3:16-cv-02267    Document 286    Filed 08/21/20    Page 5 of 10 PageID #: 9225

19. On August 4, 2020, Plaintiff's counsel emailed the Court and requested a telephonic hearing to discuss filing an amended version of the pending motion. A true and correct copy of this email is attached as **Exhibit K.**

20. On August 7, 2020, after the Court scheduled a telephonic hearing (*see* ECF No. 259), Plaintiff's counsel sent Defense counsel an email identifying evidentiary sanctions it planned to seek, and its bases for wanting to file an amended motion. A true and correct copy of this email is attached as **Exhibit L.**

21. On August 10, 2020, the Court held a discovery conference regarding Plaintiff's request to file an amended motion. During the conference, Plaintiff's counsel argued that it should be permitted to file its Motion for Sanctions after the deadline set for that motion based on recently discovered facts from the Individual Defendants depositions and told the Court it was only interested in the search for "truth" (as part of its argument justifying such a Motion). Defense counsel argued that Plaintiff's request for sanctions was outside the scope of the written discovery disputes referred to the Court. Following the hearing, the Court issued an order allowing Plaintiff to withdraw its pending motion and file an amended motion on or before August 14, 2020. ECF No. 260. The Court also ordered that the parties further meet and confer in an attempt to resolve their discovery disputes. *Id.*

22. On August 11, 2020, pursuant to the Court's August 10 Order, the parties met and conferred again. During this meet and confer, which lasted approximately 45 minutes, Plaintiff's counsel previewed the bases for its request for evidentiary sanctions for the first time. Defense counsel conveyed that the sanctions request was not only meritless, but premature because the Court had not ruled on any of Defendants' objections to the Interrogatories, and trial was more than six months away. Defense counsel also informed Plaintiff's counsel that it did not initially

believe that verifications from each Defendant were necessary because the Interrogatories were served on all Defendants, the responses were identical, and CoreCivic had verified them. Defense counsel also told Plaintiff's counsel that each Individual Defendant reviewed their Interrogatory responses prior to service, and that Defendant Garfinkle had even emailed Defense counsel with comments to his Interrogatory responses. Defense counsel further explained that although it initially indicated that it would provide verifications, it became clear that the parties' unresolved discovery disputes may possibly lead to supplemental responses and an additional verification process, and therefore planned to provide verifications after that. Without conceding that any remedies were warranted, Defense counsel asked Plaintiff whether providing verifications from the Individual Defendants now would resolve the issues. Defense counsel also asked whether any other remedies—such as supplemental responses or depositions—would resolve Plaintiff's remaining concerns. Plaintiff's counsel stated that none of these proposals would resolve Plaintiff's concerns, and that Plaintiff would be seeking sanctions regardless.

23. To my knowledge, Plaintiff never raised its argument that "30% of the listed documents [cited in CoreCivic and Defendant Hininger's response to Interrogatory Nos. 1–5] either post-date the Class Period or do not exist," on any meet and confer with Defense counsel.

24. The document Plaintiff contends "does not exist" does in fact exist and has been produced in this action. The Bates number CORECIVIC_0050222 refers to a Contract Facility Monitoring Report for Northeast Ohio Correctional Facility dated May 22, 2012. It was produced with a cover letter beginning at Bates number CORECIVIC_0050220.

25. On August 14, 2020, Defendant Garfinkle served Plaintiff with his Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, and an accompanying verification. True and correct copies of these documents are attached as **Exhibit M.**

26. On August 21, 2020, Individual Defendants served Plaintiff with their verifications for Plaintiff's Second Set of Interrogatories. True and correct copies of these verifications and the accompanying emails effecting service are attached as **Exhibit N.**

27. Pursuant to 26 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on August 21, 2020 in Los Angeles, California.

Meryn C. N. Grant

# CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

David J. Schindler
Brian T. Glennon
Morgan E. Whitworth
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
david.schindler@lw.com
brian.glennon@lw.com
morgan.whitworth@lw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Jerry E. Martin<br>BARRETT JOHNSTON MARTIN &<br>GARRISON, LLC<br>Bank of America Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>jmartin@barrettjohnston.com |

this 21st day of August, 2020.

    /s/ Steven A. Riley
Steven A. Riley