# EXHIBIT D

# LATHAM&WATKINS LLP

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 22, 2020

**VIA EMAIL**

Willow Radcliffe
One Montgomery Street
San Francisco, CA 94104
Phone: (415) 288-4545
willowr@rgrdlaw.com

Re:  *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267

Counsel:

We write in response to your letter dated November 12, 2020 regarding Defendants' responses to Plaintiff's First Set of Interrogatories (the "Letter").  We have in good faith considered the issues raised on our meet and confer discussions and in the Letter.  We remain steadfast in our position that Plaintiffs' interrogatories are overbroad and unduly burdensome, and that Defendants' answers comply with their obligations under the Federal Rules of Civil Procedure.

As a general matter, your assertion that the majority of Defendants' responses are insufficient is baseless.  Nothing in the Letter addresses Defendants' objections or the substance of Defendants' responses.  As you know, the Federal Rules provide that "[e]ach interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing **under oath.**"  Fed. R. Civ. P. 33(b)(3) (emphasis added).  Moreover, as you acknowledge, "a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort must be made.'"  Letter at 1 (quoting *Haney v. Saldana*, No. 1:04-cv-05935, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)).  Where interrogatories can be answered by business records— including those which have already been produced in discovery—the responding party may "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1). Here, Defendants undertook a reasonable inquiry and responded to each Interrogatory in compliance with the Rules.

**Interrogatory Nos. 1-5.**  Plaintiffs asked each Defendant to identify "all documents and communications" they relied upon for general statements regarding the cost and quality of CoreCivic's services made in public filings over the entire Class Period.  As stated in Defendants' objections, identifying "all" documents and communications is unduly burdensome.  *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998) (courts generally find "blockbuster" interrogatories to be overly broad and unduly burdensome on their face to the extent they ask for every fact that supports identified allegations or defenses); *see also Lillard v. Univ. of Louisville*, No. 3:11-CV-554-JGH, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014) (recognizing

"blockbuster interrogatories that require a responding party to identify each and every fact supporting the allegations of its answer and affirmative defenses . . . are understandably met with concern by the courts"); *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997) (explaining indiscriminate use of blockbuster interrogatories does not comport with the just, speedy and inexpensive determination of an action). Absent "extensive research," which you concede is not required, it is impossible for Defendants to identify every single document or communication that Defendants relied on to inform or evaluate CoreCivic's public statements over a four-and-a-half year period (the start of which dates back more than eight years ago). As we discussed on our meet and confer, beliefs formed regarding the cost and quality of CoreCivic's services could be based on every document received during the course of employment, every CoreCivic employee involved in the provision of client services, and the lack of any communication by any employee reporting information that would contradict CoreCivic's public statements. Here, Defendants have produced more than 420,000 documents, totaling over 2.2 million pages, from 65 custodians. Nevertheless, each Defendant made a reasonable effort to describe, under oath, the categories of documents and communications that each Defendant specifically considered to evaluate these public disclosures.

On our meet and confer call, we asked if you had any authority for your position that these answers were insufficient. Your letter still provides none. None of the case law you cite concerns similarly broad requests, or responses identifying categories of documents pursuant to Rule 33(d). Ltr. at 1-2. Rather, those cases concern requests seeking identification of a narrow and defined category of information and the responding parties' complete failure to do so. *See Johnson Marcraft, Inc v. W. Sur. Co.*, No. 3:15-cv-01482, 2016 WL 3655299, at *4 (M.D. Tenn. July 8, 2016) (holding relator was required to "identify all documents and witnesses that he intends to use at trial to support his claims and state with specificity" the part numbers that formed the basis of the claim in order to narrow issues for trial); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-cv-680-SEB-WGH, 2011 WL 4387293, at *4 (S.D. Ind. Sept. 20, 2011) (explaining that in response to request to identify demands for indemnity, "even if relying on Rule 33(d), Western must still identify the responsive documents with specificity"); *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) (requiring defendant to identify relevant contracts where it had not objected to the interrogatory as overly broad). Nor have you provided any reason whatsoever why Plaintiffs are not able to search the productions for the categories of documents identified, based on the example documents cited by bates numbers in several of Defendants' answers.

Your critique of qualifying language—such as "among other things"—is similarly baseless. As you are aware, Defendants have and must verify these responses under oath. Such qualifiers are necessary to respond under oath to overly broad requests seeking "all documents and communications" for numerous statements made from 2012 to 2016.

**Interrogatories Nos. 6, 8:** Plaintiffs seek information regarding the reasons for the non-renewal of two BOP contracts well after the Class Period. Defendants objected that these interrogatories sought irrelevant information and were therefore overbroad and unduly burdensome. It remains our position that the requested information is irrelevant and too attenuated to have any bearing on the parties' claims or defenses. The parties negotiated and agreed upon the relevant discovery period. Defendants produced all non-privileged responsive information on each

BOP facility for that period. Plaintiffs do not include any allegations regarding these non-renewals in the operative complaint. Plaintiffs' assertion that this information is relevant to determining whether the Yates Memorandum—which was issued years earlier, by the Department of Justice and not the Bureau of Prisons—reflected a political decision does not change the analysis.

**Interrogatories Nos. 7, 9 and 10-11:** Plaintiffs seek information from CoreCivic regarding the reasons for decisions made *by the BOP*—not CoreCivic, or any individual Defendant. In response, Defendants outlined the specific reasons the BOP provided for these decisions. Plaintiffs claim these answers are somehow insufficient because they do not include Defendants' "full knowledge." Letter at 2. That is wrong. The reasons the BOP provided to Defendants are the basis for the BOP's decisions. Defendants cannot and should not speculate about the reasons why the BOP made any decisions (and in all events, such speculation would be inadmissible under the Federal Rules of Evidence). Moreover, Plaintiffs have had an extensive opportunity to seek discovery from the BOP, and have sought such discovery for years. Recently, Plaintiffs have gone so far as to request that the Court extend the fact-discovery cut-off so as to permit depositions of three BOP employees. Defendants will supplement these responses if and when they become aware of additional responsive information from the BOP.

With respect to answers from Messrs. Garfinkle and Mullenger (Letter at 3), those answers accurately reflect their knowledge. As stated in their responses, Messrs. Garfinkle and Mullenger were not involved with communications to or from the BOP on the topics of these Interrogatories. The Federal Rules do not require them to testify, under oath, to the accuracy of information not in their personal possession which was not available to them outside of this litigation (and, for that matter, is equally available to Plaintiffs). *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("[A]n individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information.").

**Interrogatory No. 12.** This Interrogatory seeks identification of instances of employee discipline for a specific reason—namely, "for the failure of CCA to provide contractual services to the BOP in conformance with the terms of any CCA contract with the BOP." Your Letter ignores the precise language of this Interrogatory and deems Defendants' responses "evasive" for not identifying any specific instances. Defendants are not being evasive; to the contrary, they are being precise. Defendants explained that CoreCivic does not maintain a list of terminations "for the failure … to provide contractual services to the BOP in conformance with the terms of any CCA contract with the BOP." In any event, pursuant to CoreCivic's policies (which we have produced), individuals are not typically disciplined based on the specific criteria embedded in your interrogatory (*i.e.*, the "failure of CCA to provide contractual services to the BOP in conformance with the terms of any CCA contract with the BOP.") The problem here is the question, not the answer. Defendants are not, and cannot be, required to adopt Plaintiffs' characterization of a non-existent criteria by which CoreCivic employees are disciplined.

**Interrogatory No. 13:** As we discussed on our meet and confer, we will supplement this answer to make clear that when the trading window was not open, it was closed.

* * * * *

**LATHAM&WATKINS**LLP

We are available to meet and confer further on these issues, if necessary.

Best regards,

s/ Meryn C N Grant
of LATHAM & WATKINS LLP

CC:    David Schindler
Brian Glennon
Sarah Tomkowiak
Steve Riley
Trey McGee
Morgan Whitworth
Eric Pettis
Dennis Herman
Willow Radcliffe
Christopher Wood
Jason Forge
Christopher Lyons