# EXHIBIT L

# Eaton, Ellie (SF)

**From:** Willow Radcliffe <Willowr@rgrdlaw.com>
**Sent:** Friday, August 7, 2020 18:19
**To:** Grant, Meryn (LA); Schindler, David (LA); Whitworth, Morgan (Bay Area); Glennon, Brian (LA); Pettis, Eric (LA); Tomkowiak, Sarah (DC); TMcGee@rwjplc.com; SRiley@rwjplc.com
**Cc:** Jason Forge; Chris Wood; Christopher Lyons; Kenny Black
**Subject:** Grae v. Corrections Corporation of America, No. 3:16-cv-02267 (M.D. Tenn.)

Counsel:

During Monday's call with Magistrate Judge Frensley we intend to request that Plaintiff be permitted to withdraw their pending motion based on the subsequent testimony of certain named Defendants and re-file the motion to compel along with a motion for sanctions *nunc pro tunc* to July 27, 2020. While the content of the motion will not be finalized until after the parties meet and confer we highlight the following issues with respect to Defendants' interrogatory responses and deposition testimony that we seek to discuss:

- As to Interrogatories Nos. 1-5 (regarding what Defendants relied on when making statements regarding high quality of CCA's services), whether Defendants should be precluded from relying on or introducing at summary judgment or trial any documents or communications not specifically identified in response to these interrogatories or testified to during deposition. In addition, whether they also should be precluded from relying on or introducing at summary judgment or trial any non-public documents not previously produced in this action.
- As to Interrogatories Nos. 7, 9-11 (regarding the reasons conveyed for the loss of NEOCC, Cibola and other bids/RFPs) and Rog. 12 (regarding discipline), whether Defendants should be required to supplement their responses or be precluded from relying on or introducing at trial that the reason for the loss of these contracts was for anything other than because of past performance. For example, Garfinkle testified he attended the debriefing of the NEOCC loss rendering his response deliberately evasive.
- As to interrogatories Nos. 6 and 8 (regarding the reasons for the loss of Eden and Adams), whether Defendants should be required to supplement their responses or be precluded from relying on or introducing at trial that the reason for the loss of these contracts was for anything other than because of past performance.
- As to the Second Set of Interrogatories, whether each of the Individual Defendants should be sanctioned for failure to timely respond to the interrogatories and be precluded at summary judgment or trial from relying on or introducing any testimony, documents or communications touching on subject matters in Interrogatories Nos. 19-22; for example, being precluded from relying on the contention that the Yates Memorandum was a "political shift" or from relying on testimony or documents to support such a contention.
- As to the Second Set of Interrogatories, whether CCA should be required to supplement its responses to include identification of specific testimony that it seeks to elicit from the individuals listed in response to Interrogatories Nos. 21 and 22. Further, whether a deposition of Mr. Swindle who verified the responses should be permitted regarding the underlying factual basis for the interrogatory responses. For example, the content of any communications with witnesses who CCA claims will provide future testimony.
- As to Lappin and Hininger, whether these Defendants will sit for additional deposition time to answer questions that they were improperly instructed not to answer regarding the interrogatories.

Please advise us if you are available next Tuesday at 1:00 p.m. PDT to discuss.

Willow E. Radcliffe
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel 415 288 4545 | Fax 415 288 4534

**NOTICE:** This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.