# EXHIBIT M

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br>Magistrate Judge Jeffery S. Frensley<br><br>DAVID GARFINKLE'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES |

PROPOUNDING PARTY: Amalgamated Bank, as Trustee for the LongView Collective Investment Fund

RESPONDING PARTY: David M. Garfinkle

SET NUMBER: One (Nos. 1-18)

Pursuant to Federal Rules of Civil Procedure 26 and 33, the applicable Local Rules of the United States District Court for the Middle District of Tennessee, and Administrative Order No. 174-1, Defendant David M. Garfinkle ("Mr. Garfinkle"), by and through his undersigned counsel, hereby objects and responds to the First Set of Interrogatories to Defendants by Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiffs") dated March 17, 2020 (the "Interrogatories").

## **PRELIMINARY STATEMENT**

The following supplemental responses are made in good faith after an inquiry within the timeframe provided. In responding to these Interrogatories, Mr. Garfinkle states that he has not undertaken to search or review each and every file and record in his possession, custody, or control, because to do so would be unduly burdensome, expensive, and not proportional to the needs of the case. Furthermore, the Interrogatories that ask Mr. Garfinkle to "[i]dentify all documents and communications that you relied upon" are unduly burdensome, expensive, and not proportional to the needs of the case. Defendants have produced hundreds of thousands of documents in this matter, totaling millions of pages, and the Interrogatories that ask Mr. Garfinkle to "Identify all documents" requires a re-review of the entire production set. For these Interrogatories, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Garfinkle will specify the records that must be reviewed, in sufficient detail to allow Plaintiffs to locate and identify the documents requested.

Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses. Furthermore, these responses were prepared on Mr. Garfinkle's good faith interpretation and understanding of the definitions in the Interrogatories,

1

and are subject to correction for inadvertent errors or omissions, if any. Mr. Garfinkle reserves the right, but does not assume any obligation beyond the requirements of the Federal Rules, to further amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to an Interrogatory is not a waiver by Mr. Garfinkle of his right to object to any other part of the Interrogatory.

In objecting and responding to the Interrogatories, Mr. Garfinkle does not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses. Mr. Garfinkle reserves the right to challenge on evidentiary grounds any information provided in response to the Interrogatories.

Subject to the foregoing, Mr. Garfinkle responds as follows:

## OBJECTIONS TO INSTRUCTIONS

Mr. Garfinkle objects to Plaintiffs' Instruction Nos. 1 and 4 on the following bases:

1. Mr. Garfinkle objects to Instruction No. 1 to the extent it seeks documents that are not within Defendants' possession, custody, or control.

2. Mr. Garfinkle objects to Instruction No. 4 as purporting to require disproportionate privilege logging beyond any applicable legal obligation. *See, e.g.,* Fed. R. Civ. P. 26; Admin Order No. 174-1, §8(b).

## OBJECTIONS TO DEFINITIONS

Mr. Garfinkle objects to Plaintiffs' Definition Nos. 2, 3, 6, 7, and 8 on the following bases:

1. Mr. Garfinkle objects to Definition No. 2 "BOP" as overly broad, unduly burdensome, vague and ambiguous because the definition includes various unnamed persons and entities. Mr. Garfinkle will use the term "BOP facilities" herein to refer to Adams County Correctional Center, Cibola County Correctional Center, Eden Detention Center, McRae Correctional Facility, and Northeast Ohio Correctional Center.

2

2. Mr. Garfinkle objects to Definition No. 3 "CCA" or the "Company" as overly broad, unduly burdensome, vague and ambiguous because the definition includes "any of its predecessors, successors, parents, subsidiaries, divisions or affiliates." In responding to the Interrogatories, Mr. Garfinkle will interpret "CCA" or the "Company" as CoreCivic, Inc. and its relevant officers, directors, managers and employees and will respond using the terms "CoreCivic" or the "Company."

3. Mr. Garfinkle objects to Definition No. 6 "Disciplinary Action" as vague, ambiguous and overly broad in that it includes, among other things, a "verbal reprimand."

4. Mr. Garfinkle objects to Definition No. 7 "[i]dentify" or "identifying" as overly broad, unduly burdensome and as purporting to impose requirements beyond those set forth in Fed. R. Civ. P. 33(d).

5. Mr. Garfinkle objects to Definition No. 8 "Individual Defendants" as overly broad, unduly burdensome, vague and ambiguous because it includes "their agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on their behalf." In responding to the Interrogatories, Mr. Garfinkle will interpret "Individual Defendants" as Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin.

**SUPPLEMENTAL RESPONSES AND OBJECTIONS TO FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 9:**

Describe in detail all reasons for the loss of the Northeast Ohio Correctional Center contract in or around 2014 including any information conveyed by the BOP in any debriefing or otherwise as to the reasons for the loss.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Garfinkle objects to this Interrogatory on the basis that it calls for speculation because the requested information should be sought from the BOP.

Subject to and without waiving any objections, Mr. Garfinkle responds as follows: Mr. Garfinkle did not deal directly with the BOP with respect to negotiating the extension of the Northeast Ohio Correctional Center contract. Mr. Garfinkle continues to believe that the Company would be the best source of responsive information to this Interrogatory. However, as he testified in his deposition, Mr. Garfinkle recalls that he may have participated in a telephonic debriefing session in January 2015 following the BOP's decision not to renew the Northeast Ohio Correctional Center contract. Mr. Garfinkle does not recall the BOP communicating the reasons for its decision, but he recalls that multiple factors were discussed during the debrief: cohabitation in the facility (i.e., that the facility housed detainees for both the BOP and the U.S. Marshals Service); the price of CoreCivic's proposal; and past performance issues in health services. The BOP did not prioritize any of those factors during the debrief nor state that they were the reasons for its decision not to renew. Mr. Garfinkle does not recall the BOP providing any details about the past performance issues in health services, nor does he recall the Adams disturbance being discussed.

DATED: August 14, 2020

Respectfully submitted:

*/s/ Steven A. Riley*
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

4

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T:  (415) 391-0600
F:  (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

  I hereby certify that on August 14, 2020, these Supplemental Objections and Responses were served by email on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)


ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
Lead Counsel for Plaintiff


BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
Local Counsel

                /s/ Eleanor L. Eaton
                Eleanor L. Eaton

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br>Magistrate Judge Jeffery S. Frensley<br><br>VERIFICATION FOR DAVID GARFINKLE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

I, David M. Garfinkle, based upon my personal knowledge, verify under penalty of perjury that my Supplemental Responses to Plaintiff's First Set of Interrogatories, as served on August 14, 2020, are true and correct.

Executed this _____ day of August 2020.

**David M. Garfinkle**
Digitally signed by David M. Garfinkle
DN: cn=David M. Garfinkle, o=CoreCivic, ou=Chief Financial Officer, email=david.garfinkle@corecivic.com, c=US
Date: 2020.08.13 19:50:17 -05'00'

David M. Garfinkle