UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

**DEFENDANTS' MOTION FOR CERTAIN CONFIDENTIAL DOCUMENTS RELATED TO PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM RELYING ON AN ADVICE OF COUNSEL DEFENSE TO REMAIN UNDER SEAL**

On August 10, 2020, Plaintiff filed under seal the following: (i) a Memorandum of Law in Support of Plaintiff's Motion to Preclude Defendants from Relying on an Advice of Counsel Defense (the "Memorandum"); and (ii) the Declaration of Christopher Wood ("Wood Declaration") which in turn attached 17 documents (Dkt. Nos. 266-67). Defendants had previously marked 6 of the 17 attachments to the Wood Declaration as "Confidential" pursuant to the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86) (the "Protective Order"). Thereafter, the Court ordered Defendants to file a motion to continue the sealing of the

Memorandum and any Exhibits to the Wood Declaration that they believe are confidential (Dkt. No. 273).[1]

Pursuant to the Court's Order and the Protective Order, Defendants respectfully request that the Court direct the clerk to maintain the sealing of Exhibits 1-4 and 15-16 of the Wood Declaration (Dkt. No. 267). Defendants also submit with this Motion a version of the Wood Declaration (attached as **Exhibit A**) reflecting those six exhibits to the Wood Declaration that Defendants believe should remain sealed. Defendants respectfully request that the Court direct the clerk to file the attached Wood Declaration.

Defendants assert that Exhibits 1-4 and 15-16 of the Wood Declaration contain confidential and proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, could harm the Company's competitive standing. Moreover, the public's minimal interest in the contents of these exhibits weighs in favor of maintaining these documents under seal. Because Plaintiff's Memorandum does not discuss any of the confidential portions of these exhibits, Defendants do not object to the unsealing of the Plaintiff's Memorandum (Dkt. No. 266).

## Argument

In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). With respect to the protection of a party's trade secrets, "[t]he Court should not allow its docket to be used as a source of business information that might harm a litigant's competitive standing," *Caudill*

---

[1] The Court had previously issued a substantially similar Order Granting Plaintiff's Motion for Leave to File Under Seal. (Dkt. 268.) However, the Plaintiff filed a corrected proposed order to clarify a typo from the original proposed order. (Dkt. 264-1, 270.) The Court subsequently vacated its Order in Dkt. 268 and issued the operative Order. (Dkt. 273.)

*Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2017 U.S. Dist. LEXIS 118712, at *14 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*. Here, good cause exists to maintain six documents filed by the Plaintiffs under seal because they reveal proprietary information, strategic business decisions, and processes of the Company.

The documents that Defendants seek to seal are six deposition transcripts of Company employees that include testimony related to the Company's staffing, security, audits, government contracts, and other business functions.[2] If this information is publicly revealed, it would hurt the Company's competitive standing in the industry and therefore should remain sealed. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *14. Examples of confidential information from each of the transcripts are:

1. <u>Wood Declaration Exhibit 1 - Deposition of Patrick Swindle as 30(b)(6) witness:</u>

   - A discussion of the pricing tools used by CCA to evaluate potential bids for BOP contracts. Swindle Tr. at 18:5-22:13.

   - The Company's use of subcontractors and contract requirements related to the use of subcontractors. *Id.* at 54:22-56-24.

---

[2] Plaintiff filed full transcripts from the six depositions and, as set forth below, each of these transcripts contains substantial amounts of confidential information. Given the confidential information and the importance of maintaining an orderly docket, Defendants are requesting that the full transcripts remain sealed. Defendants submit that the parties can address individual citations to deposition transcripts on a case-by-case basis in the future to determine whether the citations contain confidential information. For instance, Defendants publicly filed limited, non-confidential excerpts of the depositions attached as Exhibits 2-4 of the Grant Declaration in support Defendants' Opposition to Plaintiff's Motion to Compel Further Interrogatory Responses and For Discovery Sanctions (Dkt. No. 286:7-9).

- The internal steps that the Company took to respond to the memorandum issued by acting Attorney General Sally Yates issued on August 18, 2016, entitled "Reducing our Use of Private Prisons." *Id.* at 83:2-86:23; 209:20-219:5.

- The Company's budgeting methodology for facility-level budgeting and forecasting. *Id.* at 125:23-141:17; 232:2-263:22.

- The Company's policies and procedures for conducting internal audits. *Id.* at 175:11-179:11.

2. <u>Wood Declaration Exhibit 2 – Deposition of Todd Mullenger:</u>

   - The Company's policies for conducting facility-level and company-wide operational audits. Mullenger Tr. at 74:17-75:20.

   - Budgets and revenue forecasts for the Company's correctional facilities. *Id.* at 85:13-91:1.

   - Staffing methodologies that the Company used at its BOP facilities. *Id.* at 114:13-122:2.

3. <u>Wood Declaration Exhibit 3 – Deposition of Damon Hininger (July 30, 2020):</u>

   - The Company's operations at one of its secure facilities and the actions it took following a disturbance at the facility. July 30, 2020 Hininger Tr. at 293:21-305:9.

   - The Company's bid for a BOP contract. *Id.* at 369:12-373:16; 376:21-381:23.

4. <u>Wood Declaration Exhibit 4 – Deposition of David Garfinkle:</u>

   - The Company's staffing policies and the financial incentives for making certain staffing decisions. Garfinkle Tr. at 34:11-35:17; 136:11-137:7.

   - An internal audit conducted by the Company and the policies it implemented as a result of the internal audit. *Id.* at 40:20-45:14.

- Details surrounding the Company's bid for a BOP contract. *Id.* at 52:21-58:5; 226:10-238:25.
- The Company's accounting policies for forecasting award fees and partner fines, and its strategies regarding objections to fines. *Id.* at 88:3-103:25; 182:22-186:6.

5. <u>Wood Declaration Exhibit 15 – Deposition of Cameron Hopewell</u>:
    - The Company's methodologies for compiling data on BOP inmate population trends. Hopewell Deposition Tr. at 33:17-38:15.
    - The events leading up to the non-renewal of the Company's contract to operate its Cibola facility pursuant to a contract with the BOP and the Company's subsequent contract to house Immigration and Customs Enforcement (ICE) detainees at the Cibola facility. *Id.* at 73:10-86:21.

6. <u>Wood Declaration Exhibit 16 – Deposition of Damon Hininger (March 3, 2020))</u>:
    - Operations at the Company's Adams facility. March 3, 2020, Hininger Tr. at 57:10-130:4.
    - The Company's internal investigation into an Idaho state facility and its subsequent actions. *Id.* at 145:17-165:7.
    - The Company's evaluations of its BOP contract proposals. *Id.* at 230:7-235:23.

These internal functions and business strategies, as revealed in these deposition transcripts, could be used by competitors "as a source of business information that might harm [the Company's] competitive standing," and should therefore remain confidential. *See Nixon*, 435 U.S. at 598.

Defendants appreciate that "there is a 'strong presumption' in favor of open court records" given that the "public has an interest . . . in what is done in the Court." *Caudill*, 2017 U.S. Dist.

LEXIS 118712 at *5, *15.  However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Id*. at *17.  Here, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded).  The representative plaintiff for the shareholders, for which the sealed information is apparently relevant, already has access to the documents Defendants now seek to keep confidential.  The general public has little to no interest in these internal business documents.  Indeed, the most pertinent information (*i.e.*, the Yates memo) has long been a matter of public record.  The Company's internal strategies for responding to this audit and others like it, however, is proprietary, could pose a safety risk to inmates and security personnel alike, be unfairly used by the Company's competitors, and should remain confidential.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and maintain the sealing of Exhibits 1-4 and 15-16 of the Wood Declaration and direct the clerk to file the attached version of the Wood Declaration which reflects the continued sealing of these six documents.

DATED: August 24, 2020	Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 24th day of August, 2020.

                                              /s/ Steven A. Riley
                                              Steven A. Riley