# EXHIBIT D

Grae vs. Corrections
Corporation of America, et al.

Videotaped Deposition of
BART VERHULST
November 05, 2019
***CONFIDENTIAL***



```
 1        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF TENNESSEE
 2

 3

 4  NIKKI BOLLINGER GRAE, Individually
    and Behalf of All Others Similarly
 5  Situated,

 6                    Plaintiff,
    vs.                                    CASE NO.
 7                                         3:16-CV-02267
    CORRECTIONS CORPORATION OF
 8  AMERICA, et al.,

 9                    Defendants.

10

11

12                  CONFIDENTIAL

13        VIDEO DEPOSITION OF BART VERHULST

14              Nashville, Tennessee

15               November 5, 2019

16

17

18

19  Reported by:

20  Elisabeth A. Miller Lorenz

21  RMR, CRR, LCR No. 66

22

23  Job No.:  10061569

24

25
```

Page 1

```
1        IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
2

3


4  NIKKI BOLLINGER GRAE, Individually
   and Behalf of All Others Similarly
5  Situated,

6                         Plaintiff,
   vs.                                     CASE NO.
7                                          3:16-CV-02267
   CORRECTIONS CORPORATION OF
8  AMERICA, et al.,

9                         Defendants.
```

17      Video deposition of BART VERHULST was taken

18 on behalf of Plaintiff, at Riley, Warnock &

19 Jacobson, 1906 West End Avenue, Nashville,

20 Tennessee, beginning at 9:32 a.m., and ending at

21 2:56 p.m., on Tuesday, November 5, 2019, before

22 Elisabeth A. Miller Lorenz, RMR, CRR, and LCR No.

23 66.

24

25

1        P R O C E E D I N G S
2              THE VIDEOGRAPHER: Good morning. We
3  are now on the record. Today's date is November 5,
4  2019, and the time is approximately 9:32 a.m.
5              This is the video deposition of
6  Bart VerHulst being taken in the matter of Grae
7  versus Corrections Corporation of America on behalf
8  of the plaintiff pending in the United States
9  District Court for the Middle District of Tennessee,
10 Case No. 3:16-cv-02267.
11             We are here at Riley Warnock &
12 Jacobson, 1906 West End Avenue in Nashville,
13 Tennessee. My name is David Drumel. I'm the
14 videographer with Aptus Court Reporting.
15             Will counsel please identify yourselves
16 for the record at this time.
17             MR. BLACK: Kenneth Black from
18 Robbins Geller Rudman & Dowd, representing
19 plaintiffs.
20             MS. RADCLIFFE: Willow Radcliffe from
21 Robbins Geller Rudman & Dowd, representing
22 plaintiffs. And with me is Bailey Magos.
23             MR. McGEE: Trey McGee, Riley Warnock &
24 Jacobson, on behalf of the witness and the
25 defendants.

Page 6
www.aptusCR.com
Case 3:16-cv-02267   Document 290-4   Filed 08/24/20   Page 5 of 9 PageID #: 9650

1        MR. PETTIS:  Eric Pettis of Latham &
2   Watkins on behalf of the witness and the defendants.
3         THE VIDEOGRAPHER:  Thank you.
4         The court reporter today is Elisabeth
5   Lorenz, and she may now swear in the witness.
6                    * * *
7                BART VERHULST
8   was called as a witness, and after having been first
9   duly sworn, testified as follows:
10              E X A M I N A T I O N
11  BY MR. BLACK:
12  Q      Good morning.  My name --
13  A      Good morning.
14  Q      My name is Kenny Black.  I'm from the -- I'm
15  from the law firm of Robbins Geller Rudman & Dowd.
16  I represent plaintiffs in this matter.
17         Can you state your full name, phone number,
18  and home address for the record, please?
19  A      Bart VerHulst, (615) 332-4332.
20  5945 Sedberry Road, Nashville, Tennessee.
21  Q      Mr. VerHulst, have you been deposed before?
22  A      I have not.
23  Q      I'm going to go over the procedures for this
24  deposition so that they're clear.
25         Do you understand that even though we're not

1  A      I did.
2  Q      Did you report to anyone else?
3  A      At this time?
4  Q      At this time, yes.
5  A      No.
6  Q      Did you report to someone else previously
7  prior to this time?
8  A      When I -- when I joined the company, I
9  reported directly to Damon.  He was in my position
10 on this organizational chart.
11 Q      Sorry, who was in your position?
12 A      Damon Hininger.
13 Q      Was in your position on this organizational
14 chart?
15 A      When I joined the company in 2007.
16 Q      Yeah.  Okay.
17 A      So he was the only other person that I
18 reported directly to in my tenure.
19 Q      Okay.  So he would have been the equivalent
20 of the chief development officer that Tony Grande is
21 on this?
22 A      No, he would have been my box.
23 Q      Okay.  He would have been the vice president
24 of --
25 A      Correct.

1 A     I don't recall.
2 **Q     Who is Jeremy Wiley?**
3 A     Jeremy is someone who was there when I
4 joined the company.  He's a long-term probably
5 20-year employee of the company.  He manages our
6 Washington, D.C. office and our lobbying efforts.
7 **Q     Okay.  And he's -- he's based in**
8 **Washington, D.C. then?**
9 A     He is.
10 **Q     They're both listed as managing director**
11 **partnership relations.**
12 A     Uh-huh.
13 **Q     Do you see that?**
14 **       How do their roles differ?**
15 A     So differ in a sense of Jeb helps me work
16 with the folks that work directly with our other
17 partners, mainly ICE and the U.S. Marshal Service,
18 and he has sole responsibility for the Bureau of
19 Prisons.  Jeremy manages all our lobbying
20 consultants network on our Washington work.
21 **Q     Okay.  And maybe you've just answered this**
22 **in part.**
23 **       But I see that Ms. Porter and Mr. Odom were**
24 **in charge of ICE and the Marshals Service; is that**
25 **accurate?**

Page 26
Case 3:16-cv-02267   Document 290-4   Filed 08/24/20   Page 8 of 9 PageID #: 9653
www.aptusCR.com

```
 1              I, the undersigned, a Licensed Court
 2   Reporter of the State of Tennessee, do hereby
 3   certify:
 4              That the foregoing proceedings were
 5   taken before me at the time and place herein set
 6   forth; that any witnesses in the foregoing
 7   proceedings, prior to testifying, were duly sworn;
 8   that a record of the proceedings was made by me
 9   using machine shorthand, which was thereafter
10   transcribed under my direction; that the foregoing
11   transcript is a true record of the testimony given.
12              Further, that if the foregoing pertains
13   to the original transcript of a deposition in a
14   federal case, before completion of the proceedings,
15   review of the transcript [ X ] was [  ] was not
16   requested.
17              I further certify I am neither
18   financially interested in the action nor a relative
19   or employee of any attorney or party to this action.
20              IN WITNESS WHEREOF, I have this date
21   subscribed my name.
22   Dated: November 18, 2019
23          _____
24          Elisabeth A. Miller Lorenz
25          RMR, CRR, LCR No. 66
```