UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

**DEFENDANTS' MOTION FOR CERTAIN CONFIDENTIAL DOCUMENTS RELATED TO PLAINTIFF'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES AND FOR DISCOVERY SANCTIONS TO REMAIN UNDER SEAL**

On August 14, 2020, Plaintiff filed the following: (i) a sealed Memorandum of Law in Support of Plaintiff's Motion to Compel Further Interrogatory Responses and For Discovery Sanctions (the "Memorandum") (Dkt. No. 278); (ii) a redacted Declaration of Christopher Wood (the "Redacted Wood Declaration") (Dkt. No. 279) which in turn attached 21 Exhibits—8 of these Exhibits were filed under seal; and (iii) a sealed Declaration of Christopher Wood which in turn attached the 8 sealed documents (the "Sealed Wood Declaration") (collectively, the "Wood Declarations") (Dkt. No. 280). Defendants had previously marked these sealed documents as "Confidential" pursuant to the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86) (the "Protective Order").

Pursuant to the Protective Order, Defendants respectfully request that the Court direct the clerk to maintain the sealing of Exhibits 16, 17, and 20 of the Wood Declarations (Dkt. Nos. 279-80). Defendants have no objection to the unsealing of the Memorandum and Exhibits 14, 15, 18, 19, and 21 of the Wood Declarations.

Exhibits 16, 17, and 20 of the Wood Declaration contain confidential and proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, could harm the Company's competitive standing. The deposition transcript in Exhibit 20 also contains information concerning the BOP's contracting process that may be considered confidential source selection information. Moreover, the public's minimal interest in the contents of these exhibits weighs in favor of maintaining these documents under seal.

**Argument**

In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). With respect to the protection of a party's trade secrets, "[t]he Court should not allow its docket to be used as a source of business information that might harm a litigant's competitive standing," *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2017 U.S. Dist. LEXIS 118712, at *14 (W.D. Ky. July 28, 2017) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id.* Here, good cause exists to maintain three documents filed by the Plaintiffs under seal because they reveal proprietary information, strategic business decisions, and processes of the Company and/or information related to the BOP's contracting process.

The documents that Defendants seek to seal are one excerpt of a deposition transcript[1] of a Company employee (Exhibit 20 to the Wood Declaration) and two documents produced by the Company (Exhibits 16 and 17 to the Wood Declaration). These documents include information related to the Company's staffing, security, audits, government contracts, and other business functions. If this information is publicly revealed, it would hurt the Company's competitive standing in the industry and therefore should remain sealed. *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *14.

The deposition transcript in Exhibit 20 is from the deposition of David Garfinkle, CoreCivic's CFO, and it contains confidential information, including testimony about the Company's internal evaluations of contract proposals. Exhibit 20 at 231:4-238:25. These internal functions and business strategies, as revealed in this deposition transcript, could be used by competitors "as a source of business information that might harm [the Company's] competitive standing," and should therefore remain confidential. *See Nixon*, 435 U.S. at 598. In addition, the transcript excerpt contains information provided to the Company by the BOP concerning the BOP's contracting process that could be considered source selection information. Exhibit 20 at 213:10-216:1; 231:4-238:25. Pursuant to the Stipulation and Order Amending Protective Order to Protect Source Selection Information (the "SSI Protective Order") (Dkt. No. 177), the parties and the BOP agreed that any source selection information submitted to the Court in connection with a motion shall be filed under seal. *See* SSI Protective Order ¶ 6.

Exhibits 16 and 17 to the Wood Declaration are documents produced by the Company during discovery. Exhibit 16 is a modification to a contract between the Federal Bureau of Prisons

---

[1] The Court previously granted Defendants' Motion to continue the sealing of certain full deposition transcripts that contained confidential information (Dkt. No. 291). Here, Defendants seek the continued sealing of one of the five deposition excerpts filed by Plaintiff in support of its Motion. As set forth herein, this transcript excerpt contains confidential testimony, while the other three deposition transcripts do not contain similar confidential information.

(BOP) and CoreCivic.  This document contains information about contract pricing and provides insight into the Company's decision-making processes for evaluating the financial aspects of its contracts.  Exhibit 17 is an internal email chain discussing results for internal facility-level audits.  Audits are one of the ways in which the Company monitors the quality of its services and ensuring the confidentiality of these results incentives the Company to continue robust auditing while not allowing a competitor to use the audit methodologies or results to gain "an advantage in the marketplace.  *See Caudill*, 2017 U.S. Dist. LEXIS 118712 at *9.

Defendants appreciate that "there is a 'strong presumption' in favor of open court records" given that the "public has an interest . . . in what is done in the Court."  *Caudill*, 2017 U.S. Dist. LEXIS 118712 at *5, *15.   However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access."  *Id*. at *17.  Here, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded).  The representative plaintiff for the shareholders, for which the sealed information is apparently relevant, already has access to the documents Defendants now seek to keep confidential.  The general public has little to no interest in these internal business documents or the BOP's source selection information.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and maintain the sealing of Exhibits 16, 17, and 20 of the Wood Declarations.

DATED: August 28, 2020          Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com


Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars
Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |

this 28th day of August, 2020.

      /s/ Steven A. Riley
     Steven A. Riley