| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 3:16-cv-02267 |
| ) | Honorable Aleta A. Trauger |
| Plaintiff, ) ) | |
| ) | REPLY IN SUPPORT OF PLAINTIFF'S |
| vs. ) | MOTION TO COMPEL FURTHER |
| ) | INTERROGATORY RESPONSES AND |
| CORRECTIONS CORPORATION OF ) | FOR DISCOVERY SANCTIONS |
| AMERICA, et al., ) ) | |
| Defendants. ) ) | |

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|------|
| I. | ARGUMENT | | 1 |
| | A. | Preclusion Is Appropriate | 1 |
| | B. | Preclusion Is Appropriate for Rog Nos. 1-5 | 3 |
| | | 1. The Interrogatories Are Not Overbroad or Burdensome | 4 |
| | | 2. Defendants Should Be Held to Relying on Specific Documents They Identified, if Any | 6 |
| | C. | Preclusion Is Appropriate for Rog Nos. 19-22 | 7 |
| | D. | Rog Nos. 6 and 8 Are Relevant | 8 |
| II. | CONCLUSION | | 8 |

Defendants' Opposition is most notable for what it fails to include. For example, it fails to include relevant Sixth Circuit law regarding the standard for preclusion or the requirements to "fully" respond to interrogatories set forth in Rule 33 of the Federal Rules of Civil Procedure.[1] Instead, it is full of excuses for why Defendants – after refusing to postpone upcoming depositions – failed to correct the deficiencies in their responses. While Defendants seek to distract from the underlying record regarding their disdain for following rules, the record set forth in the Motion stands. Mot. at 4-14. The effort to correct that record after the fact does not demonstrate good faith. It is also too little, too late; the damage has been done, and the relief sought is narrowly tailored to Defendants' failure to comply with their discovery obligations and should be granted.

## I. ARGUMENT

### A. Preclusion Is Appropriate

Defendants' responses are "'insufficient,'" "'evasive'" and "'untimely.'" Mot. at 14-15, 17-25. Defendants refused to supplement the responses and timely verify many of them. The relief Plaintiff seeks is narrowly tailored to the deficiencies in Defendants' interrogatory responses and stops well short of requesting broader sanctions, such as default judgment. *Id.*

No "good faith" excuses Defendants' failure to comply with Rule 33, nor does the Opposition even recognize that in the Sixth Circuit, "good faith" is required to avoid sanctions. Opp., §III.A. Defendants also erroneously contend that sanctions under Rule 37(b)(2)(A) are not applicable. *Compare* Opp. at 8-9, *with* Mot. at 8-9; *see also Brevard v. Schunk*, 2020 WL 374563, at *6 (N.D.N.Y. Jan. 23, 2020) (rejecting that Fed. R. Civ. P. 37(d) only applies); Mot. at 17-18.

---

[1] Abbreviations and definitions are those used in Plaintiff's motion (ECF No. 278) ("Motion" or "Mot."); and Defendants' opposition to the Motion (ECF No. 285) ("Opposition" or "Opp."). Also, all citations and footnotes omitted and emphasis added unless otherwise indicated.

As to Rule 37(d), Defendants' rely on out-of-circuit authority to argue that only "a ***total*** failure to respond" supports preclusion. Opp. at 9. These cases are in the minority and not followed here. Indeed, the only Sixth Circuit case Defendants cite (*Fox* (Opp. at 9)), ***rejects*** their claim that failure to respond must be "total," and follows the majority view which "***authorizes Rule 37(d) sanctions*** when a responding party's ***evasive, misleading, or incomplete responses*** to proper interrogatories or document requests so impedes discovery efforts as to constitute a failure to answer or respond." *Boodram v. Coomes*, 2015 WL 13783127, at *4 (W.D. Ky. July 1, 2015), *adopting report & recommendation*, 2015 WL 13783450 (W.D Ky. July 28, 2015).

Defendants' focus on the breadth of preclusion and relevance of prejudice is also wrong, as well as a constructive admission that sanctions are warranted. Opp. at 9-10. *Brevard*, on which Defendants rely, only found preclusion of witnesses an "extreme" sanction for failure to identify witnesses because "'***pro se*** inmate cases ***do not require*** the service or exchange of the typical Rule 26(a) disclosures, ***including the identification of witnesses***.'" 2020 WL 374563, at *5-*6.

Worse, Defendants assume that Plaintiff must show prejudice. Opp. at 10. While Plaintiff has been prejudiced (Mot. at 20-21), no such showing is required. *See id*. at 16-17. Even the New York case on which Defendants rely, holds that prejudice is "'***not an absolute prerequisite***.'" *Brevard*, 2020 WL 374563, at *5. Similarly, *Rouse v. Caruso*, 2011 WL 918327 (E.D. Mich. Feb. 28, 2012) involves "imposing a sanction of dismissal," not preclusion. *Id*. at *3; *compare* Opp. at 11 (citing *Rouse*), *with* Mot. at 21 (in the Sixth Circuit prejudice found even where responding party "'did not refuse outright to produce any discovery'"); *see also* Mot. at 16-21.

Defendants' failure to establish good faith is evident in their persistence in treating mandatory discovery obligations as merely aspirational (if that) and subject to their whims. For example, their brief ignores Rule 33's "'***require[ment]*** that interrogatories ***must*** be answered "fully in writing under oath"'" (Mot. at 15), and instead recasts this obligation as if it were a courtesy Plaintiff had requested and Defendants were free to deny or grant whenever they so chose:

"[T]o address Plaintiff's concern, the Individual Defendants have now provided these verifications, too." Opp. at 1. These previously promised untimely verifications produced after the depositions of three named Defendants and after Plaintiff filed its Motion are legal nullities. Mot. at 4. Indeed, one Defendant testified that he never even saw the interrogatories or responses – and the absence of a verification to remind him precluded further questioning. *Id*. at 8-10.

The Motion demonstrates Defendants' lack of good faith, and Defendants' latest excuses for the untimely SSI verifications are so absurd they highlight their bad faith. *See infra* §I.C. Similarly, Defendants' deposition testimony stands at odds with their interrogatory responses, demonstrating lack of good faith. Hininger testified that he did not review the documents listed in his unverified responses, including documents on which he purportedly relied, even though 30% of them either post-date the Class Period or do not exist (Mot. at 5-7); Lappin testified that he did nothing to verify the accuracy of his responses, sworn or unsworn, and his counsel tried to coach him to testify falsely that he had verified the SSI before preventing further testimony on the subject (*id.* at 7-11); and Garfinkle testified that he ***never*** saw his own responses to the SSI (*id.* at 13), and his testimony that he participated in a BOP debriefing concerning a lost contract belies his sworn interrogatory response (*id.* at 12). Sanctions "'***must*** be applied ***diligently***'" where, as here, one party treats the Federal Rules as optional until a court orders them to comply, then offers via "supplementation" to do what was required all along. *Compare id*. at 17 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)), *with* Opp. at 12 (mischaracterizing belated compliance with Rule 33 as a "'less drastic' remedy").

### B. Preclusion Is Appropriate for Rog Nos. 1-5

Defendants' efforts to distance themselves from their own deposition testimony establishing that their responses were not provided in good faith falls flat. The testimony demonstrates that Defendants did not meaningfully participate in responding to the requests, as

- 3 -
Cases\4817-3208-9033.v1-8/28/20
Case 3:16-cv-02267   Document 299   Filed 08/28/20   Page 5 of 14 PageID #: 9817

Rule 33 requires, and that there is no additional responsive information. Mot., §II. Defendants' excuses for their failure to fully respond to the interrogatories also are baseless.

### 1. The Interrogatories Are Not Overbroad or Burdensome

To avoid surprise at trial, Defendants were asked a reasonable question – to identify the information they relied upon when making statements regarding the high quality of CCA's services. Ex. 1 at 1-20; Ex. 2 at 4-5. Fact discovery is closed, and the door should be closed to any "surprises" at trial. Defendants provide no basis why they should not be precluded from introducing any specific document or communication not disclosed in response to Rog Nos. 1-5. Parties must respond to interrogatories "'fully and completely'" or explain "'why they cannot respond'" and "'must state under oath that [they are] unable to provide the information and "set forth the efforts [they] used to obtain the information."'" *See JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006). Defendants had their opportunity to respond fully to Rog Nos. 1-5, including an opportunity to supplement after Plaintiff identified the deficiencies in their responses in May 2020. They chose to stand on their responses. As a result, fairness dictates that they not be able to subsequently change their responses after the close of fact discovery. Moreover, several Defendants testified that no additional responsive information exists, making it doubly important to avoid any attorney-contrived surprises.

Contrary to Defendants' insinuation, the interrogatories do not seek what has been found as objectionable blockbuster interrogatories by select courts (all relying on opinions of a single out-of-circuit judge and their progeny): Information already required by initial disclosures, the basis of denials in an answer or a narrative of their defense or claim.[2] Even if these interrogatories

---

[2] *See* Opp. at 14-15 (citing opinions that were either authored by Judge Rushfelt in the District of Kansas or based on his reasoning, involving interrogatories seeking responses related to a plaintiff's allegations or a defendant's denial of answers). Defendants cite a single outlier in the Sixth Circuit that cites to Judge Rushfelt's reasoning, which does not address interrogatories or

- 4 -

Cases\4817-3208-9033.v1-8/28/20
Case 3:16-cv-02267   Document 299   Filed 08/28/20   Page 6 of 14 PageID #: 9818

could be construed as "blockbuster" interrogatories (they are not), Defendants have failed to provide the material facts that their authority indicates is required. Opp. at 13. Rather, they continue to inappropriately insist the door be left open to surprises by claiming "a fair summary" or "types" or "categories" or a "'general response'" satisfy the specificity required by Rule 33. *Id.* at 14-15.[3] Defendants ignore that Rule 33 requires interrogatories to be answered "fully" and "while '[l]ack of knowledge or the ability to recollect is, if true, a fair answer,' ***'[a] party answering interrogatories has an affirmative duty to furnish any and all information available to that party***.'" *Mohnsam v. Nemes*, 2019 WL 3307233, at *4 (W.D. Ky. July 23, 2019) (alterations and some emphasis in original) (quoting cases).

Further, courts reject treating even "blockbuster" interrogatories as overbroad and unduly burdensome, finding the purpose of contention interrogatories is to "'pin down'" legal theories and the facts that support them, and that a "responding party must be forthcoming." *See, e.g.*, *S.E.C. v. Goldstone*, 2014 WL 4349507, at *30 n.18 (D.N.M. Aug. 23, 2014) (rejecting the approach taken by Judge Rushfelt). This reasoning is consistent with decisions in the Sixth Circuit that the fundamental purpose of contention interrogatories is ***to prevent surprise at trial***. *See, e.g.*, *Kyker v. Malone Freight Lines*, 17 F.R.D. 393, 395 (E.D. Tenn. 1955).

---

the mandate that they be answered fully and consistent with the Sixth Circuit's interpretation of that mandate. *Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014).

[3] The interrogatories do not seek descriptions of "'processes.'" *Compare* Opp. at 15, *with* Ex. 1 at 1-20. *In re Pabst Licensing GmbH Patent Litig.*, 2001 WL 797315 (E.D. La. July 12, 2001) (Opp. at 15), required what Defendants have not even attempted to do here – describe the nature of the communications, "the persons with whom such communications were conducted and the time frame within which they occurred" – and it explicitly precludes the open-ended language used by Defendants. *Pabst*, 2001 WL 797315, at *11.

- 5 -

### 2. Defendants Should Be Held to Relying on Specific Documents They Identified, if Any

Lappin, Garfinkle and Mullenger did not a identify single document on which they relied in response to Rog Nos. 1-5. Mot. at 7-8, 11, 13. As such, they should be precluded from relying on any at trial. In fact, Lappin denied that he had relied on *any* documents. Opp. at 8. Defendants gloss over this fact and insist that they, presumably CCA and Hininger, sufficiently "identified categories" of documents while simultaneously admitting they deliberately chose not to identify, with the requisite specificity required under Rule 33(d), which documents they actually relied on (*e.g.*, CPARS). Opp. at 16. Defendants' suggestion that Plaintiff should presume they relied on all of one "category" of documents highlights precisely why Defendants' failure to include this information in the first instance warrants preclusion. *See* Mot. at 22 n.18.

Rule 33(d) requires the responding party "'***specify[] the records that must be reviewed, in sufficient detail*** to enable the interrogating party to locate and identify them ***as readily as the responding party could***.'" *Castillo v. Morales, Inc.*, 2013 WL 2253207, at *1 (S.D. Ohio May 22, 2013) (alteration in original) (quoting Fed. R. Civ. P. 33(d)(1)). Rule 33 "make[s] it clear that a responding party has the duty to specify, by category ***and location***, the records from which answers to interrogatories can be derived." Fed. R. Civ. P. 33(c) advisory's committee's note on 1980 amendments; *see also U.S. ex rel. Fry v. Guidant Corp.*, 2009 WL 3181315, at *2 (M.D. Tenn. Sept. 29, 2009). Typically, the location requires identification by Bates number. *Johnson Marcraft, Inc v. W. Sur. Co.*, 2016 WL 3655299, at *4 (M.D. Tenn. July 8, 2016); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 2011 WL 4387293, at *4 (S.D. Ind. Sept. 20, 2011) (to be "reasonably specific . . . Bates stamp number" required). CCA and Hininger should not be permitted to introduce or testify beyond the ten documents they identified by Bates number. Again, Hininger

- 6 -
Cases\4817-3208-9033.v1-8/28/20
Case 3:16-cv-02267    Document 299    Filed 08/28/20    Page 8 of 14 PageID #: 9820

testified that his responses to these interrogatories did not omit any other responsive information, so he has already disclaimed the existence of any other documents on which he relied.

### C. Preclusion Is Appropriate for Rog Nos. 19-22

"Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010). Where "none of the responses were served with a legitimate . . . signature within 30 days, they were all untimely." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018). "Rule 37 allows sanctions against a party or attorney who fails to answer interrogatories or requests for production of documents." *Id.* "[T]he court will not bless a litigation strategy whereby the answering party avoids being deposed because signed copies are served at the last possible moment." *Int'l IP Holdings, LLC v. Green Planet, Inc.*, 2017 WL 282044, at *4 (E.D. Mich. Jan. 23, 2017).

The Individual Defendants' excuses for failing to verify the responses to the SSI until after the close of fact discovery and key Defendant depositions, based on the listing of parties to whom the interrogatories were directed, is not credible to the point of providing further evidence of bad faith. Opp. at 23-24. The two sets of interrogatories are addressed to the Defendants in identical fashion. *Compare* Ex. 2 at 1, *with* Ex. 8 at 1. And the response indicates it is on behalf of all Defendants. Ex. 9 at 1. Defendants' cited law does not support their position, which requires when one designated person answers on behalf of others, "***such a designation . . . be accompanied by an on-the-record-agreement that all will be bound by the answers***." *Jobe O. v Pataki*, 2007 WL 844707, at *3 (S.D.N.Y. Mar. 15, 2007); *accord Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 164 (N.D. Ohio 1964). No such designation was made. Rather, counsel promised to provide verifications "as soon as possible" and failed to do so until after the close of discovery. *See* Ex. 11. To preserve the integrity of the discovery process and prevent surprises at trial, these

- 7 -

Defendants should be prohibited from introducing the topics addressed in Rog Nos. 19-22 into evidence. Mot. at 24-25.

Preclusion is also appropriate as to CCA. CCA claims its responses are "robust." *Compare* Opp. at 25, *with* Mot. at 25. As such, CCA should be precluded from relying on testimony not specifically identified by page and line number. Likewise, CCA's use of language like "including" is improper to the extent it purports to incorporate unidentified evidence. *Compare* Mot. at 18-20, 22, 25, *with* Ex. 9 at 8-13. Regardless, taking CCA at its word, there is nothing "extreme" about limiting it to evidence specifically identified in that response. *Cf.* Opp. at 25.

### D. Rog Nos. 6 and 8 Are Relevant

Defendants were asked to describe the "'information conveyed by the BOP in any debriefing or otherwise as to the reasons for the'" loss of the contracts. Mot. at 22. They articulate no burden to respond. Further, Defendants need not speculate about what they were personally told, as they wrongly claim. Opp. at 20-21. Nor are losses of the Adams and Eden contracts "too attenuated" to be relevant. *See id*. at 22. These events speak directly to Defendants' failure to disclose the deterioration of CCA's relationship with the BOP. Mot. at 23. Indeed, poor performance at Adams and Eden caused CCA to lose the Northeast Ohio contract during the Class Period. ECF No. 150 at 8-9; ECF No. 165 at 7-8. And during the Class Period, Defendants were worried that the performance failures would result in the loss of Eden, as Judge Trauger found. ECF No. 165 at 7-8. Further, no mirror disclosure is required for relevance. *Id*. at 25 n5.

## II. CONCLUSION

The Motion should be granted.

DATED: August 28, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK

s/ Willow E. Radcliffe
                                    WILLOW E. RADCLIFFE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 28, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      s/ Willow E. Radcliffe
      WILLOW E. RADCLIFFE

      ROBBINS GELLER RUDMAN
         & DOWD LLP
      Post Montgomery Center
      One Montgomery Street, Suite 1800
      San Francisco, CA 94104
      Telephone: 415/288-4545
      415/288-4534 (fax)
      E-mail: willowr@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

Case 3:16-cv-02267   Document 299   Filed 08/28/20   Page 13 of 14 PageID #: 9825

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`