UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All others similarly Situated,<br><br>Plaintiff,<br><br>-against -<br><br>CORRECTIONS CORPORATION OF AMERICA, ET AL.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

**Report & Recommendation by the Special Master: Attorney-Client Privilege Review**

Pursuant to the Court's July 24, 2020 Order (Dkt. 246) directing Defendants Corrections Corporation of America, et al. ("CCA" or "Defendants") to submit to the Special Master for *in camera* review a sampling of documents identified on Defendants' privilege log, as well as this Court's August 14, 2020 Order Regarding Further Special Master Review (Dkt. 275), the Special Master hereby reports and recommends as follows:

I. **Sample Privilege Review**

Defendants' outside vendor prepared a random sample of 2.5% of the documents on the CCA privilege logs for *in camera* review by the Special Master to determine whether each of the sampled documents has been correctly withheld as privileged. The Special Master has conducted her review. The majority of the sampled documents are emails, or attachments to emails. Where the sampled document was part of an email "family"—*i.e.*, either where the sampled document is an email that had an attachment, or where the sampled document is an attachment to an email—Defendants provided to the Special Master all documents in the family so that the Special Master could review and understand the full context of the document. On

September 2, 2020, the Special Master requested from Defendants additional information necessary to make a determination as to whether certain of the sampled documents are privileged.[1]  Defendants provided the requested information on September 4, 2020.

Below, the Special Master makes findings as to whether each sampled document was properly withheld as protected by the attorney-client privilege and/or work product protection.  The Special Master makes the recommendations below based on Sixth Circuit law of the attorney-client privilege.  In the Sixth Circuit, the elements of the attorney-client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser (8) except the protection be waived.

*Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) (quoting *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir.), cert. denied, 377 U.S. 976, 746 (1964)).  The primary purpose of the attorney-client privilege is to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice."  *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998).  The privilege "applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice."  *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002).  "When information is transmitted to an attorney with the intent that the information will be transmitted to a third party . . . , such information is not confidential" and therefore is not protected by the attorney-client privilege.  *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983).

---

[1] The Special Master requested additional information about the sampled documents at the following tab numbers in the binders submitted by Defendants:  13, 18, 20, 45, 64, 70, 77, 87, 157, 172 and 161.  Each such document is evaluated based on the information received from Defendants.

"The work-product doctrine, which is distinct from and broader than the attorney-client privilege, protects documents prepared by a lawyer in anticipation of litigation." *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, No. 3:08-cv-0728 (M.D. Tenn. Jan. 5, 2010). It can include documents that would not be themselves be work product, but the assemblage of certain of such documents at the request of counsel can in certain circumstances render the compilation privileged. *See Hilton-Rorar v. State & Red. Communs., Inc.*, No. 5:09-cv-01004, 2010 U.S. Dist. LEXIS 36121, at *22 (N.D. Ohio Apr. 13, 2010).

For ease of the Court's review, the Special Master will discuss the documents by category, as described below. The Special Master refers to the sampled documents by the tab number at which they appeared in the materials submitted to the Special Master.

a. <u>Emails</u>

   i. Category 1: *The sampled document is an email to or from counsel that contains a request for, or the rendering of, legal advice*.

Category 1 contains the following tab numbers: 4, 5, 6, 7, 9, 12, 19, 23, 26, 27, 28, 31, 35, 37, 40, 48, 51, 57, 58, 63, 65, 69, 71, 76, 80, 84, 85, 86, 87, 90, 94, 104, 105, 107, 112, 115, 116, 118, 119, 122, 124, 128, 129, 131, 133, 141, 143, 144[2], 147, 149, 150, 152, 154, 160, 163, 165, 167, 171, 174, 175, 176, 184, 186, 188, 190 and 194.

   ii. Category 2: *The sampled document is an email chain that began with a non-privileged email from a third-party that was then forwarded among CCA employees in a confidential communication with counsel, where legal advice was requested or rendered.*

Category 2 includes, by way of example, an email from the Board of Prisons ("BOP") as the earliest email in the chain, which was later forwarded and discussed among CCA employers

---

[2] The attachment to this email was also part of the sampled set of documents and also is properly withheld as privileged.

and lawyers. The first portion of the email is a third-party communication, which itself would not be privileged. The later portion of the email with counsel contains a request for, or rendering of, legal advice and is privileged. The Special Master recognizes that different lawyers approach such forwarded emails differently. The approach taken by Defendants is to withhold the entire email chain, including the third-party portion that is not privileged. The other approach is to produce the unprivileged portion of the email chain (to the extent it is responsive to a document request), but redact the remaining portions that contain either a request for or the rendering of legal advice.

The Special Master finds that the method chosen by Defendant is not itself improper, as long as more senior counsel on the team—with knowledge of the case and the role of persons who are attorneys—have made a judgment as to whether legal advice is being sought or being given in these email chains that contain portions which, standing alone, would be non-privileged third-party communications. "[T]he very fact that non-privileged information was communicated to an attorney may itself be privileged, even if that underlying information remains unprotected. As applied to e-mails, this means that even though one e-mail is not privileged, a second e-mail forwarding the prior e-mail to counsel might be privileged in its entirety." *Barton v. Zimmer,* 2008 U.S. Dist. LEXIS 1296 (N.D. Ind. Jan. 7, 2008). The documents in Category 2 all discuss a request for, or the rendering of legal advice, regarding the subject matter of the forwarded third-party communication. Thus it was not improper for Defendants to withhold the entire communication. *See Muro v. Target Corp.*, No. 04 C 6267, 2007 WL 3254463, at *12 (N.D. Ill. Nov. 2, 2007) ("In this respect, the forwarded material is similar to prior conversations or documents that are quoted verbatim in a letter to a party's attorney."). However, when counsel is simply copied on an email chain, or a portion of a chain,

the mere copying of counsel does not make the chain privileged unless the communication reflects either the seeking or legal advice or rendering of legal advice. A document that would not itself be privileged can be privileged if it is being drawn to counsel's attention for the purpose of seeking legal advice.

Category 2 contains the following tab numbers: 36, 61, 88, 101, 120, 137, 138, 145, 155 and 166. In each instance, the third-party communication relates to the request for, or rendering of, legal advice in the subsequent email discussion. Accordingly, under the relevant caselaw, the Special Master finds that it was not incorrect to withhold the entire email chain (although it is also a common practice to produce the third-party portion for transparency, if so doing does not reveal the specific legal advice that was requested or rendered). There is not yet a judicially set "Best Practice" for handling this type of email during privilege reviews; there are, however, independent organizations devoted to the study of the legal profession, such as The Sedona Conference, that have working groups of counsel from all types of practice groups that periodically make recommendations based upon a study of this type of issue. Such publications and commentary are available to the Court, as well as counsel.

> iii. Category 3: *The sampled document is an email among non-lawyers that discusses a request for, or the rendering of, legal advice from counsel.*

Category 3 includes email conversations that began with one or more CCA lawyers as participants. The email was then forwarded among non-lawyers, where the participants continued to discuss the privileged subject matter. Thus, even though the subsequent portions of the email conversation did not include a lawyer as a participant, they reveal the request for, or rendering of, legal advice. The entire email conversation is thus privileged.

Category 3 contains the following tab numbers: 42, 89, 92, 110, 111, 172, 179, 180, 181, 192, 196 and 200.

  iv. Category 4: *The sampled document is an email chain that began with a request for, or the rendering of, legal advice, which was later forwarded among non-lawyers, where the remainder of the email discussion does <u>not</u> reflect any reference to or discussion of the privileged content.*

  Category 4 contains emails where the earlier portion of the email discussion was a confidential communication with counsel that contains a request for, or the rendering of, legal advice. However, the email was later forwarded by a non-lawyer to one or more non-lawyers. (Thus, the entry as it appears on the privilege log makes it appear that the communication was not sent or received by any attorney.) Further, in the subsequent communications among the non-lawyers, the legal advice reflected in the earlier attorney communication was not discussed nor referred to in any way. Accordingly, the later portions of such email conversations, themselves, would not be covered by the attorney-client privilege.

  Category 4 contains the following tab numbers: 1, 2, 3, 20, 21, 24, 29, 96, 100 and 102.

  The Special Master recognizes that there is not yet a uniform rule or practice regarding the approach to such documents. The Defendants here have taken the approach to withhold the entire email chain because it does contain some privileged portions. The Special Master recommends that, when the subsequent colloquy of non-lawyers does not provide reveal any request for or issuance of legal advice, the better approach is to redact the privileged portions of the email chain, but to produce the discussions among non-lawyers that do not reveal any privileged communications. The latter approach is more correct to the extent that the non-privileged portions of the email—again, which do not disclose any legal advice—are responsive to a document request. Otherwise, a party could withhold responsive material because it is adjacent to privileged material. *See United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997) (the attorney-client privilege is to be "narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit.").

The Special Master recommends that Defendants again review the documents in this category according to this principle, to determine whether the portions of the emails that do not reflect or reveal any legal advice contain information that is responsive to any document request and thus should be produced (with the privilege content redacted). While this approach does require more involvement from senior members of the trial team, it is appropriate to do so to avoid withholding portions of documents that truly reveal no privileged content of any kind.

> v. Category 5: *The sampled document is an email which, despite including counsel as recipients of some portion of the email chain, does not contain or reflect any request for, or rendering of, legal advice.*

Category 5 includes documents that discuss the following non-privileged subjects: scheduling; staffing; emails that circulate non-privileged materials without substantive discussion, such as "please see attached;" a compilation of data by a lawyer for disclosure to a third-party auditor; and business matters, such as which phone system to engage.

Category 5 contains the following tab numbers: 41, 45[3], 54, 81, 83, 103, 108, 117, 139, 151, 157 and 185. This applies the principle that merely coping counsel on an email does not make it privileged, if there is no hint of either a request for or the rendering of legal advice. It reflects the fact that in many organizations, counsel serve multiple roles in reality, and are thus often included on emails that are not about legal advice at all. Moreover, data sent to or from counsel to be disclosed to a third party is not information "made in confidence", which is the fourth element of the law of privilege in this Circuit, cited above.

---

[3] This email relates to assignments prepared by a lawyer for a CCA team members to be paired up with non-CCA employees at a conference. Defendants assert that this email reflects the legal advice of a lawyer who prepared these assignments, but this issue does not appear to be legal in nature, nor is any legal advice apparent from this email. However, reasonable minds could differ as to this question, so it was not an error to withhold this email.

b. <u>Email Attachments</u>

The parties vigorously dispute the appropriate method by which to decide whether an email attachment can be withheld from a document production. Defendant has taken the position that "if any document within the family was privileged, Defendants asserted privilege over the full family, even if each document within that family was not, independently, privileged." (Aug. 4, 2020 email from S. Tomkowiak to Special Master Hochberg.) Plaintiffs contend that a non-privileged attachment becomes privileged only "when a client sends it to his attorney with a request for legal guidance concerning its contents." (Aug. 7, 2020 email from C. Lyons to Special Master Hochberg (citing *See, e.g. In re Search Warrant Executed at Law Offices of Stephen Garea*, 1999 U.S. App. LEXIS 3861, at *3 (6th Cir. Mar. 5, 1999) (quotation omitted).) In other words, a non-privileged attachment does not automatically become privileged because it is attached to a privileged communication; the attachment must be sent in connection with a request for legal advice.

As stated above, there is no bright line rule set by the current caselaw that sets forth a definitive rule for counsel to follow for "email families." It would certainly make life easier for Magistrate Judges if there were. However, one thing is certain: This task cannot be delegated to paralegals or junior associates. It requires a judgment call at the level of senior associate or above to make the correct determination on these documents. Because so many non-privileged documents are attached to emails that get circulated to attorneys on the distribution list, a careful evaluation must be made about whether a redaction of the privileged portion of the email chain, but yet producing the unprivileged attachment, will reveal that a certain subject matter was being brought to an attorney's attention for the purpose of doing some act that is privileged.

8

A number of courts have addressed this question. The attorney-client privilege can apply to "attachments or other e-mail communications that are not otherwise independently privileged . . . because to order the disclosure of those e-mails would necessarily reveal the substance of a confidential client communication made seeking legal advice." *Hilton-Rorar v. State & Fed. Communs. Inc.*, No. 5:09-cv-01004, 2010 U.S. Dist. LEXIS 36121, at *22 (N.D. Oh. Apr. 13, 2010). While "communications made in the routine course of business, such as transmittal letters or acknowledgment of receipt letters . . . are not protected . . . , where the document or communication is primarily concerned with legal assistance does it come within the attorney-client privilege." *Barton v. Zimmer*, 2008 U.S. Dist. LEXIS 1296 (N.D. Ind. Jan. 7, 2008) (internal citation and quotation marks omitted)). "Third-party documents become privileged once they are attached to a privileged communication if they relate to the privileged communication." *Hi-Lex Controls Inc. et al. v. Blue Cross & Blue Shield of Mich.*, No. 11-cv-12557 (E.D. Mich. Apr. 17, 2013). This very discussion of the state of the law regarding otherwise non-privileged attachments reveals why counsel so vigorously disagree about which attachments fall into which category.

What can be said with certainty, however, is that too often a rote application of this by a junior or outsourced attorney results in over-withholding, simply because an attorney's name appears somewhere in the chain. Therefore, although it is time-consuming and burdensome, more senior attorneys with knowledge of the client, the client's personnel, the personnel's roles, and the subject matter of the case must review these documents, to make an "officer of the court's" intelligent assertion that the documents withheld would reveal privileged subject matter, if produced. If that determination is made, then the document is properly withheld. The log should show some indication of the basis for the withholding, so that opposing counsel have

9

Case 3:16-cv-02267   Document 305   Filed 09/18/20   Page 9 of 18 PageID #: 9865

some knowledge as to why an attachment, which itself is non-privileged, may nonetheless be correctly withheld.

The Special Master has reviewed the relevant case law and thus applies the following standard to determine whether an email attachment may be withheld as privileged: the standard is whether the attachment is sent for the purpose of securing legal advice or giving legal advice, or assembling evidence at the request of counsel (which could make it attorney work product). If the email attachment itself is the subject of a request for legal advice, or was sent in furtherance of a request for, or the rendering of legal advice (as may be inferred from the attachment and the email), the attachment thereby becomes privileged. In contrast, if there is no statement nor other indication in the email or attachment that it was sent to or from counsel in connection with any request for, or rendering of, legal advice, the attachment should not be withheld as privileged. For example, if the email communication contains a privileged discussion, and a participant attaches a non-privileged document unrelated to any request for legal advice, the attachment would not in that instance be privileged (even though the email itself is privileged). Similarly, if a non-privileged document is attached to an email to or from counsel with no substantive content, such as "FYI" or "please see attached," no request for legal advice could be inferred, or would be revealed through this communication.

The Special Master has reviewed the full families for sampled documents that were email attachments to make a case-by-case determination if the attachments are privileged. In many instances, the Special Master was able to make this determination based on the email family; in certain instances, the Special Master requested additional information necessary to determine whether the attachment was sent in connection with any request for legal advice.

The Special Master therefore uses the above standards to make the following findings regarding the sampled attachments:

> i. Category 6: *The sampled document is an email attachment, sent to, or received from counsel, where the attachment relates to or reflects legal advice requested or rendered in the email.*

Category 6 includes, by way of example, drafts prepared by counsel or subject to ongoing review by counsel. It also includes materials compiled by, or at the direction of, counsel related to the rendering of legal advice. Consistent with the discussion above, all such attachments have been determined by the Special Master to have been sent in connection with a request for, or the rendering of, legal advice.

Category 6 contains the following tab numbers: 8, 13, 14, 15, 16, 17, 22, 25, 43, 47, 49, 53, 55, 56, 59, 60, 62, 64, 66, 67, 68, 72, 73, 74, 75, 77, 78, 79, 82, 93, 98, 99, 109, 114, 121, 123, 125, 126, 127, 130, 132, 134, 135, 136, 140, 142, 146, 148, 153, 156, 161, 164, 169, 173, 187, 189, 191, 193, 195, 197, 198, 199 and 202.

> ii. Category 7: *The attachment relates to or reflects ongoing legal advice by counsel, and was sent or forwarded among non-lawyers.*

Category 7 is like Category 3, discussed above. Based on the contents of the email and attachment, it is apparent that the attachment is privileged, but the basis for the privilege may not be apparent on the privilege log, insofar as the sender and recipients of the email are not attorneys. Category 7 includes, for example, an attachment that is a draft subject to ongoing review by counsel, that was forwarded and discussed by non-lawyers. The draft attachment is protected by the attorney-client privilege because it was under review by counsel, and thus remains privileged when forwarded to a non-lawyer.

Category 7 contains the following tab numbers: 10, 30, 33, 38, 39, 44, 46, 50, 91, 97, 106, 113, 159, 168, 170, 178 and 182.

iii. *Category 8: The sampled document is an attachment to an email sent to or by counsel, but the attachment does not relate to, or reflect, any request for, or rendering of, legal advice.*

Category 8 contains attachments that were sent to or by counsel (among other recipients) but do not contain or reflect any request for, or rendering of legal advice, based on the Special Master's review of the email and attachment. For example, Category 8 includes non-privileged third-party documents (such as letters from BOP) that are circulated to various CCA employees, including an attorney, but with no stated nor implicit request for legal advice. Merely copying counsel on an email, without a request for legal advice, nor discussion of any legal problem or issue, is not sufficient to shield the communication with the attorney-client privilege. While legal advice related to such a letter may have been involved in a separate communication, the Special Master has been asked to review the sampled set, and based on the sampled document, such an attachment is not privileged. Because the emails in question do not explain the nature of the request for legal advice, the production of the sampled attachment likewise would not reveal any legal advice sought.

Category 8 also includes attachments relating to non-privileged business matters, such as performance evaluations; a final executed contract; an org chart; a compilation of data to be disclosed to a third-party auditor; and audit-related materials that are not legal in nature and were widely distributed, including to a single attorney, with no request for legal advice.

Category 8 contains the following tab numbers: 11, 18, 34, 52, 70[4], 95, 158, 162, 177, 183 and 201.

---

[4] The Special Master requested additional information about this sampled attachment, which is a proposed Ethics and Compliance organization structure. Defendants asserted that the other members of the email family were privileged, and asserted privilege over this document based on Defendants' "full family" approach to privilege withholding. In other words, Defendants have

c. Miscellaneous

Tab 32 is a standalone document from Defendants' electronic database. It is not an email or attachment. The content reflects information gathered and under review by counsel in order to render legal advice; accordingly it is privileged.

II. **Supplemental Review**

On August 14, 2020, the Court issued its Order Regarding Further Special Master Review (Dkt. 275, "Supplemental Order") adding 14 additional documents to the Special Master's *in camera* review. The Special Master was instructed to "state in her report whether these documents contain or speak about a specific July 27, 2012 After-Action Report authored by the Federal Bureau of Prisons" related to a May 20-21, 2012 incident at Adams County Correctional Center. (Supplemental Order ¶ 2.) The Special Master was also instructed to "include in her report findings and basic reasoning as to whether each of the documents" in this supplemental review is privileged. (*Id.* ¶ 4.)

The Special Master has reviewed the supplemental set of 14 documents to review and reports and recommends as follows:

Tab 1 predates the Adams facility incident, so it does not relate to the BOP report. It is an email among CCA employees, none of whom is identified as a lawyer. The email states that two After Action Investigation Reports related to separate incidents were attached to the email (though the reports themselves were not included in the materials sent to the Special Master).

---

not asserted privilege over this attachment itself. The Special Master agrees that the email and the other attachment are properly withheld as privileged, but the sampled attachment does not appear to reflect legal advice (nor do Defendants claim that it does). Because the Special Master does not recommend full family withholding when an attachment does not reflect or relate to a request for legal advice, based upon the caselaw cited above, the sampled attachment should be produced.

Absent the attached reports, this email alone would not be privileged because it does not itself contain a request for, or the rendering of legal advice. By contrast, the information provided to the Special Master regarding the After Action Investigation Reports indicates that the attachments would be privileged because such reports are directed by counsel and used by counsel to render legal advice about the incidents recounted in the reports.

Tabs 2, 3, 4 and 5 are emails with counsel discussing the preparation and internal review of the CCA-authored After Action Report. These emails are privileged.

Tabs 6, 7, 8, 9, 10 and 11 are emails containing legal advice from CCA counsel related to reporting the incident to the BOP; they are therefore privileged.

Tab 12 is an email authored by CCA counsel regarding responding to inquiries about the Adams incident. This email is privileged.

Tab 13 is an email that began with an information request from the Assistant U.S. Attorney for the Southern District of Mississippi regarding the incident. The email was forwarded by the CCA recipient to CCA counsel. The email to counsel simply notifies the lawyer of the existence of the third-party information request without making a request for legal advice. Absent a request for legal advice in the email, it is not privileged. Nor does this forwarded document in any way indicate a request for an attorney to provide analysis of the information request: it is simply notice that such a request was received from an outside third party.

Tab 14 is comprised of four copies of the CCA After Action Report, which, according to CCA, were collected from one of the document custodian's computer. This report was prepared at the direction of CCA counsel to facilitate the rendering of legal advice regarding the incident. Defendants have informed the Special Master that the final CCA After Action Report was not

14

Case 3:16-cv-02267    Document 305    Filed 09/18/20    Page 14 of 18 PageID #: 9870

disclosed to any third parties. Accordingly, the versions of this report behind tab 14 are privileged.

The CCA After Action report is different in format and content, including the recommendations, than the BOP report. Nothing in the materials the Special Master's review indicates that CCA had access to the BOP report, or its contents, in preparing the CCA report about the same incident. The confusion and subsequent request for the Special Master's review is entirely understandable. There was one incident, but two reports were generated—one by the BOP and a separate one by CCA.

If the Court wishes to ask for any additional information, or to discuss the contents of this Report & Recommendation, the Special Master would welcome any such request.

_____  Date: September 18, 2020
Hon. Faith S. Hochberg, Special Master

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 18, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,crosini@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`