UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley<br><br>DEMAND FOR JURY TRIAL |

**DECLARATION OF ERIC C. PETTIS IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

I, Eric C. Pettis, declare as follows:

1. I am over 18 years of age and am competent to testify as to the matters stated in this Declaration. I am an associate at the law firm of Latham & Watkins LLP, one of the law firms representing Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants").

2. On January 31, 2018, Lead Plaintiff Amalgamated Bank ("Plaintiff") propounded its First Set of Requests For Production of Documents to Defendants. A true and correct copy of the requests is attached as **Exhibit A.**

3. On June 1, 2018, Plaintiff propounded its Second Set of Requests For Production of Documents to Defendants. A true and correct copy of the requests is attached as **Exhibit B.**

4. Throughout the course of the parties' meet and confer correspondence regarding the First and Second Sets of Requests for Production, the parties agreed to a set of search terms to aid in the search for responsive documents and a set of custodians whose responsive, non-privileged documents would be produced. Defendants produced documents from 65 custodial files.

5. Defendants reviewed more than one million documents, produced more than 420,000 documents, and withheld fewer than 8,800 documents.

6. Defendants devoted considerable resources toward reviewing and producing documents in this case. This included hiring over 50 attorneys to review documents, reviewing over one million documents, and working through a holiday weekend.

7. On August 31, 2018, Defense counsel sent Plaintiff's counsel a letter which, among other things, informed Plaintiff's counsel that Defendants would endeavor to produce a privilege log within 30 days of the substantial completion of document production deadline. A true and correct copy of this letter is attached as **Exhibit C.**

8. On September 17, 2018, Defense counsel sent Plaintiff's counsel a letter which, among other things, reiterated Defendants' intention to produce a privilege log within 30 days of the substantial completion of document production deadline. A true and correct copy of this letter is attached as **Exhibit D.**

9. On October 8, 2018, Defendants produced their first privilege log. A true and correct copy of the cover email attaching the privilege log is attached as **Exhibit E.**

10. On December 7, 2018, Plaintiff's counsel sent Defense counsel a letter setting forth certain objections to Defendants' privilege logs. A true and correct copy of this letter is attached as **Exhibit F.**

11. On December 10, 2018, Defense counsel sent a letter to Plaintiff's counsel regarding privilege logs. A true and correct copy of this letter is attached as **Exhibit G.**

12. On December 22, 2018, Defense counsel sent a letter to Plaintiff's counsel regarding an amended privilege log. A true and correct copy of this letter is attached as **Exhibit H.**

13. On December 28, 2018, Defendants produced an amended privilege redaction log. A true and correct copy of the cover email attaching the log is attached as **Exhibit I.**

14. On May 6, 2020, Defense counsel sent a cover letter and updated privilege log to Plaintiff's counsel to comply with Judge Frensley's April 30, 2020, Order. ECF No. 211. A true and correct copy of this cover letter is attached as **Exhibit J**.

15. Of the eleven (11) documents in Category 8 (non-privileged attachments to privileged families) that Judge Hochberg determined were not privileged, eight (8) were already produced to Plaintiff. A chart identifying these documents is below:

| Tab Number | Priv. Log Entry | Relevant Portion Produced Elsewhere |
|---|---|---|
| **11** | 492 | No |
| **18** | 966 | No |
| **34** | 1682 | CORECIVIC_0029289<br>CORECIVIC_0030563<br>CORECIVIC_0030669 |
| **52** | 2075 | CORECIVIC_0030623<br>CORECIVIC_0030634<br>CORECIVIC_0042345 |
| **70** | 3188 | No |
| **95** | 3939 | CORECIVIC_1341640<br>CORECIVIC_1341852 |
| **158** | 6698 | CORECIVIC_1390073 |
| **162** | 6851 | CORECIVIC_1446472 |
| **177** | 7309 | CORECIVIC_0025408<br>CORECIVIC_2165681 |
| **183** | 7616 | CORECIVIC_0997570<br>CORECIVIC_0871170 |
| **201** |  | CORECIVIC_2166375 |

16. Of the twelve (12) documents in Category 5 that Judge Hochberg determined were not privileged, relevant portions of nine (9) of those documents were already produced. A chart identifying these documents is below:

| Tab Number | Relevant Portion Produced Elsewhere |
|---|---|
| **41** | CORECIVIC_0200625<br>CORECIVIC_0200626 |
| **45** | CORECIVIC_0308081 |
| **54** | CORECIVIC_0674373 |
| **81** | CORECIVIC_0080048 |
| **83** | CORECIVIC_2171466<br>CORECIVIC_2171470 |
| **103** | No |
| **108** | No |
| **117** | CORECIVIC_0707766 |
| **139** | CORECIVIC_0049135<br>CORECIVIC_0054441 |
| **151** | No |
| **157** | CORECIVIC_1481915 |
| **185** | CORECIVIC_2029494 |

| Tab Number | Relevant Portion Produced Elsewhere |
|---|---|
| | CORECIVIC_0303117 |

17. On September 28, 2020, Defense counsel sent a letter to Plaintiff's counsel regarding the privilege dispute. A true and correct copy of this letter is attached as **Exhibit K.**

18. On October 2, 2020, Plaintiff's counsel sent Defense counsel a letter regarding privilege logs. A true and correct copy of this letter is attached as **Exhibit L.**

19. On October 8, 2020, Defense counsel sent a letter to Plaintiff's counsel regarding privilege logs. A true and correct copy of this letter is attached as **Exhibit M.**

20. On September 25, 2020, the Court held a telephonic conference. Members of Defendants' trial team who attended the conference have informed me that, at the conference, Plaintiff's counsel suggested that, based on Judge Hochberg's privilege review, default or terminating sanctions were warranted.

21. On June 19, 2020, Defense counsel sent a letter to Plaintiff's counsel withdrawing their privilege designation over certain documents. Senior members of Defendants' trial team reviewed the documents at issue to determine which should be produced. A true and correct copy of this letter is attached as **Exhibit N.**

22. The Court ordered Judge Hochberg to review a random sample of 2.5% of Defendants' privileged documents. ECF No. 246. This resulted in Judge Hochberg reviewing 202 documents for privilege.

23. Pursuant to 28 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on October 16, 2020 in Los Angeles, California.

                                                       Eric C. Pettis

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

David J. Schindler
Brian T. Glennon
Morgan E. Whitworth
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
david.schindler@lw.com
brian.glennon@lw.com
morgan.whitworth@lw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Jerry E. Martin<br>BARRETT JOHNSTON MARTIN &<br>GARRISON, LLC<br>Bank of America Plaza<br>414 Union Street<br>Suite 900<br>Nashville, TN 37219<br>jmartin@barrettjohnston.com |

this 16th day of October, 2020.

    /s/ *Steven A. Riley*
Steven A. Riley