# EXHIBIT C

Faraz R. Mohammadi
Direct Dial: +1.213.891.7802
Email: faraz.mohammadi@lw.com

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| Beijing | Moscow |
|---|---|
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

August 31, 2018

**VIA EMAIL**

Willow Radcliffe, Esq.
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104
WillowR@rgrdlaw.com

Re: *Grae v. Corrections Corporation of America, et al.*, No. 3:16-cv-02267

Counsel:

We write in response to your letters dated August 22 and August 29, 2018. With respect to the items you raised regarding Defendants' past document productions, we respond as follows:

1. Source file pathing: The source file pathing field provided to Plaintiff contains file path data exactly as extracted directly from Clearwell. The field has not been altered by Defendants or their e-Discovery vendor in any way. While the extracted field may contain extraneous characters or terms for reasons beyond our control, it nevertheless provides all pertinent file path information.

2. Hidden content: Production images provided to Plaintiff include embedded comments for all file types except for, potentially, PDF documents. As we are unable to readily identify which PDFs contain embedded content, Defendants will produce native versions of all imaged PDF documents that have or will be included in their document productions. This should address any concerns you may have with respect to this issue.

3. Incomplete metadata: As noted above, the metadata provided to Plaintiff are not "incomplete" as, again, the data contain information extracted directly from Clearwell and have not be altered in any way. With respect to file extension information, to the extent such information is not available in the produced metadata, the document file types can be identified using the "filename" field.

4. Poor quality text: We used eCapture as the optical character recognition ("OCR") software for Defendants' first three productions to Plaintiff. The OCR software was applied in the same manner to all documents contained in the productions. Because you have not provided any specific examples of documents with "poor quality text," we assume you are referring to PDF scans of older hard copy documents. Despite your comment that the "productions may need to be reprocessed," the reality is that the PDFs reflect the versions of the documents as they were originally scanned and kept in Defendants' ordinary course of business such that

"reprocessing" will not resolve the issue. Many of these scans occurred long before the initiation of this litigation, and the electronic version is the only remaining record of the original hard copy document.

With respect to the production of Defendants' privilege log, as noted in our letter dated August 10, we intend to timely produce a log in accordance with our obligations under the federal rules and applicable case law. We will endeavor to produce a privilege log within 30 days of the substantial completion of document production deadline, but we reserve the right to revisit that date once we assess the volume of relevant privileged documents following the completion of our production. As you are asking us to commit to a deadline before we have completed the review and production of a massive amount of material, it is important that we be afforded some flexibility to revisit this deadline should circumstances require. We are happy to update you on our progress after the substantial completion of production deadline.

As to the "documents identified in the OIG report" that you reference in your August 7 letter, Defendants intend to produce all such documents responsive to your requests, regarding the facilities at issue in this case, during the agreed-upon Relevant Time Period. Separately, Defendants will also produce non-privileged documents, if any, responsive to Plaintiff's RFP No. 44 (seeking documents concerning the Special Litigation Committee of the Board of Directors) that are in Defendants' possession, custody, or control.

Finally, Defendants have made a supplemental production of approximately 120,000 documents, which you requested we deliver to your San Diego office on Tuesday (as Monday is a holiday). We also intend to produce a "hit report" of the search terms you provided for Plaintiff's second set of document requests early next week.

Best regards,

Faraz R. Mohammadi
of LATHAM & WATKINS LLP

CC: David Schindler
Brian T. Glennon
Morgan Whitworth
Eric Pettis
Steve Riley
Trey McGee
Russell Taber
Dennis Herman
Christopher Wood
Christopher Lyons