# EXHIBIT F

Robbins Geller
Rudman & Dowd LLP

Atlanta      Chicago      Melville     Philadelphia   San Francisco
Boca Raton   Manhattan    Nashville    San Diego      Washington, DC

Kenneth J. Black
kennyb@rgrdlaw.com

December 7, 2018

VIA EMAIL

Brian T. Glennon             Milton S. "Trey" McGee III
Faraz R. Mohammadi           Riley Warnock & Jacobson, PLC
Eric C. Pettis               1906 West End Avenue
Latham & Watkins LLP         Nashville, TN 37203-2309
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267 (M.D. Tenn.)

Dear Counsel:

We write regarding your availability for a call with the Court concerning the parties' dispute as to defendants' assertions of privilege. The parties are at an impasse concerning the adequacy of defendants' assertions of privilege, and, as described below, defendants' most recent production of 8 of the 35 previously withheld Daugherty documents serves to confirm that plaintiff's objections to defendants' assertions are meritorious. Therefore, please let us know when on Wednesday, December 12, or Thursday, December 13, 2018, of next week if you are available for a call with the Court to discuss the parties' dispute. If defendants are open to modifying their position, we are available at 10:00 a.m. Monday, December 10, or 11:00 a.m. Tuesday, December 11, 2018, PST, to again meet and confer to discuss defendants' assertions of privilege.

On November 29, 2018, we asked defendants to produce 35 documents listed on defendants' attorney client/work-product privilege log – set 2, in order to prepare for and take Ms. Daugherty's deposition of December 7, 2018. In response, defendants reviewed Ms. Daugherty's documents, and thereafter sought to claw back 16 documents, as stated in your letter of December 3, 2018, and on the next day, December 4, 2018, produced 8 previously withheld documents. While we have sequestered the 16 documents defendants have requested be returned or destroyed, review of the 8 previously withheld documents confirms that defendants' privilege log is wholly inadequate and that there is no basis for withholding documents.

On December 4, 2018, defendants produced eight documents (*i.e.* the "COREL_18" production). Seven of those documents are Weekly Audit Summary Reports, and the remaining document is a "Written Update for the Ethics and Compliance Committee." None of these documents are "Communication[s] with in-house counsel" or "outside counsel" or "Discussion[s]

Robbins Geller
Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
December 7, 2018
Page 2

regarding communication with in-house counsel" or "outside counsel" as they were described on the privilege log. In fact, none of the entries on defendants' logs indicate a withheld document that is a "Weekly Audit Summary Report" or "Written update," or even a "report." Nor does it appear that any of the eight documents are attachments to such communications or discussions, because none of the documents have family documents or BegAttach or EndAttach numbers that indicate family documents. Thus, whether or not defendants have a proper basis for asserting privilege over these documents, it is clear that defendants' log is inadequate and does not even accurately describe the withheld documents.

Another example of the inadequacy of defendants' log is that none of the information on the previously withheld documents or their accompanying metadata – such as author or date – appears to be accurately reflected on the log. For example, the Written Update for the Ethics and Compliance Committee (Begno CORECIVIC_1806474) references July 13, 2016 as the date of a meeting at the top of the page. But, none of the 35 documents we requested from defendants' log reflect that date. And no author or recipient is provided for the document, so the corresponding log entries for each document cannot be identified using that information. In fact, no authors or recipients can be identified for any of the documents, and only Kim White, Chief Human Resources Officer (CORECIVIC_0005368), is identified as a custodian. Not even Ashley Daugherty, who purportedly received these documents, is listed as a custodian or on the face of the documents.[1] Without a complete listing of all recipients, defendants cannot maintain assertions of privilege over these documents. It would appear that there may have been a corresponding e-mail, but if so it was not produced to us as a family document and is not identified in the metadata or elsewhere.

Further, the documents previously withheld on the basis of privilege are illustrative of the fact that defendants' assertions of privilege are without sufficient basis, for all the reasons stated in plaintiff's November 21, 2018 letter. *See also Winnett v. Caterpillar, Inc.*, 2008 WL 399301, at *5 (M.D. Tenn. Feb. 6, 2008) ("The log was to contain, at a minimum, a brief description of the document, the date the document was prepared, the name of the person who prepared the document, the person to whom the document was directed and the purpose for which the document was prepared."). The 8 documents, and in particular the seven reports created weekly in the regular course of business (hundreds of which defendants have produced), were obviously neither

---

[1] Only the document with BegNo CORECIVIC_1806474 even mentions Ms. Daugherty, and there only to note that she had resigned from CCA.

1511079_1

![Robbins Geller Rudman & Dowd LLP]

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
December 7, 2018
Page 3

privileged communications nor documents prepared in anticipation of litigation. Indeed, it is not even clear whether or not any attorney ever sent or received these routinely generated documents that were apparently taken from the custodial files of Ms. White – who is not a lawyer. Plaintiff's concern that counsel did not review the documents on the privilege log, and that hundreds or more responsive documents have been improperly withheld, was and is justified. Further, the fact that a lawyer may have been privy to a communication, is not a basis for withholding the document. It is black-letter law that "not every communication to or from [an] attorney[] involve[s] legal advice." *Urban Box Office Network, Inc. v. Interfase Managers, LP.*, 2006 U.S. Dist. LEXIS 20648, at *19-2010 (S.D.N.Y. Apr. 18,2006); *In re CVTherapeutics, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 41568, at *12 (N.D. Cal. June 16, 2006) ("The mere fact that a document was sent to an attorney does not make it a privileged communication."). When examining communications between an attorney and a client, "it is essential to distinguish between legal advice, which is privileged, and advice concerning matters of business strategy that happens to be provided by a lawyer, which is not."" *In re Napster, Inc. v. Bertelsmann AG*, 2005 U.S. Dist. LEXIS 11497, at *19 n.l. (N.D. Cal. Apr. 12, 2005). Moreover, as the court explained in *United States v. Chevron Texaco Corp.*, with respect to communications between a corporate client and in-house counsel, the proponent of the privilege's burden is heightened. 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also In re Vioxx Products Liab. Litig.*, 501 F. Supp. 2d 789, 801, 807 (E.D. La. 2007) (drug companies "cannot reasonably conclude" that "virtually everything sent to the legal department, or in which the legal department is involved, will automatically be protected by the attorney-client privilege.").

Another matter that is concerning is that based on our review of defendants' production of redacted documents it appears that no metadata has been produced for these documents.[2] Please reproduce these documents with the correct metadata immediately.

In addition, we have requested on numerous occasions that defendants produce a combined privilege log that contains consistent information and that clarifies, in light of the renumbering of Bates numbers and numerous cross-references we have received (in particular with respect to COREL_008 and COREL_009), which documents, with their current Bates numbering, have been withheld, produced with redactions or claw backed. Defendants indicated during the parties' last meet and confer that they were amenable to producing a single log with confirmed Bates numbering. Please let us know if and when defendants will provide that combined log.

---

[2] CORECIVIC_1806474 appears to be something of an exception, as the custodian and attach count fields, but no others, populate for that document.

1511079_1

Robbins Geller
Rudman & Dowd LLP

Brian T. Glennon
Faraz R. Mohammadi
Eric C. Pettis
Milton S. "Trey" McGee III
December 7, 2018
Page 4

      Finally, this letter also serves as notice, pursuant to ¶10(a) of the Protective Order, that plaintiff objects to defendants' claw back requests of December 3, 2018. Defendants have not provided a privilege log for any of these documents, nor indicated when one will be forthcoming. Because there is no basis for defendants' assertion of privilege, plaintiff objects to defendants' claw back request. Pursuant to ¶10(a) of the Protective Order, we are available to meet and confer concerning this objection next Monday or Tuesday, at the times stated above.

                          Very truly yours,

                          KENNETH J. BLACK

KJB:cs

cc:  Steve Riley
     David Schindler
     Morgan Whitworth
     Dennis J. Herman
     Willow E. Radcliffe
     Christopher M. Wood
     Christopher H. Lyons

1511079_1