# EXHIBIT H

# LATHAM&WATKINS LLP

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

December 22, 2018

**VIA ELECTRONIC MAIL**

Kenneth J. Black, Esq.
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104
kennyb@rgrdlaw.com

Re: *Grae v. Corrections Corporation of America, et al.*, No. 3:16-cv-02267

Counsel:

Attached you will find a native Excel file containing an amended privilege log combining all of the Attorney-Client Privilege/Attorney Work Product Logs previously produced by Defendants, as well as the log entries corresponding to Defendants' December 3 and December 12 clawback requests and the production Plaintiff received on Monday, December 10. The amended log includes the following additional fields:

- Individual entries for each attachment withheld on the basis of privilege or work product;
- All counsel involved in each privileged communication;
- The subject line for each email communication;
- The file name for each attachment;
- The number of pages for each document; and
- The field indicating whether the document is withheld on the basis of the attorney-client privilege or work product protection.

The amended log no longer contains a "privilege description" field as the information used to compile these descriptions is now reflected in the newly added fields. Furthermore, Defendants' inclusion of the "Subject" and "File Name" fields in the amended log is intended solely to facilitate Plaintiff's review of the log and in no way constitutes any waiver of privilege.[1] With the addition of the fields noted above, the format of the amended log more than

---

[1] In any event, Administrative Order ("AO") 174-1 makes clear that the Court does not recognize inadvertent waiver of the attorney-client privilege or work product protection. *See* AO 174-1, ¶ 8(a) ("The production of ESI shall not constitute a waiver of the attorney-client privilege or work product protection, even though there is a failure to take reasonable steps to prevent production of information covered by the attorney-client privilege or work product protection, or a failure to take reasonable steps to rectify the error.")

LATHAM&WATKINS LLP

exceeds Defendants' obligations under AO 174-1. *See* AO 174-1, ¶ 8(b) ("[T]he Court expects the parties to discuss foregoing using traditional document-by-document logs in favor of alternate logging methods, such as identifying information by category or including only information from particular metadata fields (e.g., author, recipient, date).").

As we represented during our last meet and confer discussion, Defendants have committed substantial resources to verify the accuracy and adequacy of the entries reflected in the amended log. As you know, the initial privilege logs were the product of a massive document collection, review and production effort involving over 50 contract attorneys who reviewed over one million documents in order to meet the discovery deadlines in this case. The initial privilege logs produced to Plaintiff reflected the good-faith effort of the review team to identify and withhold documents protected by the attorney-client privilege or work product doctrine under very tight deadlines.

Following our last meet and confer discussion, we have reviewed every entry on the amended privilege log. Many of those entries make clear, on their face, the basis for the assertion of privilege or work product. But for any entry for which the privilege or work product designation was ambiguous or perhaps unclear based on the information provided in the log (e.g., no attorneys included on the To/From/CC lines; nature of communication not clear from the subject line or file name), we went one step further and reviewed the underlying document to either (a) confirm the privilege designation or (b) de-designate or redact the document for production. We then reviewed a subset of the entries which, on their face, provide the basis for Defendants' privilege and/or work product assertions (e.g., emails from outside counsel; subject lines referring to ongoing litigation) as an additional quality control check. As a result of this process, Defendants have de-designated a number of documents, which Defendants intend to produce within the next couple of days. This production is not, and should not be interpreted as any waiver of privilege or work product.

Please let us know if you have any questions or would like to discuss further.

Sincerely,

Faraz R. Mohammadi
of LATHAM & WATKINS LLP

cc:  David Schindler        Trey McGee
     Brian Glennon          Russell Taber
     Morgan Whitworth       Willow Radcliffe
     Bret Geckeler          Dennis Herman
     Eric Pettis            Christopher Lyons
     Steve Riley            Christopher Wood