# EXHIBIT L

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Kenneth J. Black
kennyb@rgrdlaw.com

October 2, 2020

VIA E-MAIL

Steven A. Riley
Milton S. "Trey" McGee III
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203-2309
sriley@rwjplc.com
tmcgee@rwjplc.com

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267 (M.D. Tenn.)

Dear Counsel:

We write in response to your letter of September 28, 2020, which purports to offer "to review in good faith individual documents on Defendants' privilege log that Plaintiff in good faith identifies as ones that, based in the descriptions in the log, are not privileged and also are important to resolve the issues in the case." At the most basic level, the proposal is another troubling confirmation of Defendants' deficient privilege reviews. Defendants know the issues in this case, Defendants have the documents, and Defendants claim to have reviewed them over and over and over again. Defendants have made relevancy and privilege determinations based on these multiple rounds of reviews. Yet, despite Defendants' repeated assessments of, and representations about, the documents, they are still so uncertain about their contents that only now do they offer to consider "review[ing] in good faith" a portion of these documents, depending on the ability of Plaintiff, which has never had access to the documents, to guess their importance based on privilege logs three different federal judges have found lacking.

In addition to providing another confirmation of Defendants' deficient privilege reviews, Defendants' purported proposal confirms the impropriety of Defendants' refusal to consider past requests for more information and objections concerning specific documents listed in Defendants' privilege logs. To wait until fact discovery is closed to offer to do what Defendants improperly refused to do for months during fact discovery is not a good-faith offer. It's an admission. Though it should not be necessary, we elaborate below on these points, divided into three categories of the inherent problems with Defendants' belated "offer": (i) it improperly attempts to shift the burden from Defendants to Plaintiff; (ii) it ignores the deficiencies in Defendants' log; and (iii) it ignores

Cases\4831-7610-4653.v1-10/2/20
One Montgomery Street   Suite 1800   San Francisco, CA 94104   Tel 415-288-4545   Fax 415-288-4534   rgrdlaw.com

Steven A. Riley
Milton S. "Trey" McGee III
October 2, 2020
Page 2

the prejudice to Plaintiff caused by Defendants' refusal to consider individual and categorical objections.

To begin, your offer to review documents only if Plaintiff can show that documents available solely to Defendants are not just non-privileged and relevant, but "important to resolve the issues in the case," has no basis in law. As you know, "[t]he party raising a privilege has the burden of establishing the existence of the privilege." *Auto-Owners Ins. Co. v. A.G.O. Contracting, Inc.*, 2015 WL 13845881, at *1 (M.D. Tenn. Sept. 10, 2015). As you also know, Defendants entered documents on their privilege log because Defendants' review determined that each document was relevant to the issues in this litigation. Throughout discovery, Defendants have attempted to shift their burden to Plaintiff – for example, by requiring Plaintiff to identify every third party on Defendants' log. *E.g.*, ECF No. 195 at 16-17. Indeed, even the Special Master felt it necessary to instruct Defendants to again review documents she found improperly withheld. ECF No. 305 at 7. Defendants have not followed this recommendation. Thus, your proposal is but the latest attempt by Defendants to shirk responsibilities that are theirs alone.

Your proposal is also a non-starter because it requires that any challenges be "based in the descriptions in the log," which, as Plaintiff continues to maintain and multiple judges have found, is deficient. Magistrate Judge Frensley found that the "'Privilege Descriptions' are cursory and categorical, as [Plaintiff] describes," and "the 'Created Date' and 'File Name' columns [of the log] contain no data." ECF No. 211 at 8. Judge Trauger described Defendants' privilege claims as "bare-bones assertions made in the defendants' privilege logs" that "test the boundaries of how generic a privilege log description can be." ECF No. 221 at 20-21. And Judge Hochberg, even with the underlying documents and families before her, found Defendants' tabs (which contained descriptions beyond the log entries) so inadequate that she requested entire categories of further information, including the entire basis for many privilege claims, precisely because she could not evaluate those claims using Defendants' log. It would be impossible, for example, for us to show that an e-mail with the subject line "Fwd: FW:" (*e.g.*, REV00105437) is not only not privileged, but also important to resolve any issues in the case. In short, Defendants' logs remain inadequate, and no credible offer can be made based on the assumption they are not.

Finally, Plaintiff repeatedly and before the discovery cutoff attempted to obtain more information regarding Defendants' basis for withholding documents, and objected to the withholding of documents. Your proposal ignores Defendants' rejection of these requests and refusal to review documents in response to our objections. For example:

**November 21, 2018 Objection:**

- "[T]he email sent from Jeb Beasley, Managing Director, Partnership Relations, to Bart VerHulst, VP, Federal & Local Partnership Relations (CORECIVIC_0005375), and someone named Craig Unger at the email address "trustunger@gmail.com," does not appear to be a "communication with Outside counsel.""

**Defendants' Response:**

- Defendants have never responded to this Objection.[1]

**December 20, 2019 Objection:**

- "[T]he document with reference Control No. REV00051578 and Beg Bates No. CORECIVIC_0049048 on Defendants' December 13, 2019 log has the File Name 'Adams CPAR 8-1-12-7-31-13 (Final),' for which Defendants have provided no entry or information under 'Basis for Protection.' This document is clearly a final draft of a report prepared by a third party for which Defendants have no basis to assert a privilege. Further, Defendants have declared their intention to rely on CPARs such as this one to support their affirmative defenses. *See, e.g.*, Swindle depo at 29-30."

**Defendants' Response:**

- Defendants have never responded to this Objection.

**January 28, 2020 Objection:**

- "'Attachment to communication with In-house counsel for the purposes of litigation regarding general company operations' is the stated basis, as of January 23, 2020 (previously it was simply "Attorney work product") for withholding the document with Control No. REV00003365. But that description tells us nothing about what type of or actual litigation was anticipated or pending; adding 'for the purposes of litigation' is entirely conclusory and cannot explain how a report, created by a third

---

[1] Despite this objection, made in 2018, Defendants have since withheld two e-mails from Jeb Beasley to Mr. Unger: REV03151925 and REV03151931. We object to these documents as well, on the same grounds.

![Robbins Geller Rudman & Dowd LLP]

> party and titled 'OSHA Report – Adams 10 16 2012,' somehow constitutes 'attorney work product.'"

**Defendants' Response:**

- Defendants have never responded to this Objection.

In short, your offer does nothing to alleviate the prejudice facing Plaintiff as a result of Defendants' inadequate privilege log and improper withholding of documents on the basis of privilege. Plaintiff was precluded from using these non-privileged documents during discovery as a result of Defendants' conduct, and your offer, made surely as just a last minute attempt to avoid sanctions, does nothing to remedy that harm.

Very truly yours,

KENNETH J. BLACK

KJB:drd

cc: David J. Schindler
    Brian T. Glennon
    Eric C. Pettis
    Meryn Grant
    Morgan E. Whitworth
    Sarah A. Tomkowiak
    Willow E. Radcliffe
    Christopher M. Wood
    Jason A. Forge
    Christopher H. Lyons