# EXHIBIT M

# RILEY WARNOCK & JACOBSON, PLC

ATTORNEYS AT LAW

1906 WEST END AVENUE

NASHVILLE, TENNESSEE 37203

STEVEN A. RILEY
sriley@rwjplc.com

TELEPHONE: (615) 320-3700
TELECOPIER: (615) 320-3737

October 8, 2020

**VIA EMAIL**

Kenneth J. Black
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104
kennyb@rgrdlaw.com

Re: *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267

Counsel:

I am writing in response to your letter from Friday, October 2, 2020, rejecting Defendants' offer "to review in good faith individual documents on Defendants' privilege log that Plaintiff in good faith identifies as ones that, based on the descriptions in the log, are not privileged and also are important to resolve the issues in the case." Your claim that this offer is "another troubling confirmation of Defendants' deficient privilege reviews" is without basis and belied by the record. Defendants' privilege reviews have been conducted in good faith in accordance with the law, and no decision maker (including the three federal judges whose opinions you grossly mischaracterize in your letter) has found otherwise.

We created at great expense a document-by-document log and have at all times been willing to cooperate with you to reevaluate any particular document you have raised with us. Our September 28 offer was simply another attempt to address, in a cooperative and efficient way, Plaintiff's baseless and generalized complaints regarding Defendants' privilege log and the purported (and unarticulated) prejudice Plaintiff claims from not having access to logged documents. At Judge Trauger's directive we put that offer in writing and you have declined. Your October 2 letter does not identify a single document on Defendants' privilege log that you believe, based on the description in the log, is not privileged and is also important to resolve the issues in this case.

Needless to say, we believe the points in your letter are without basis, but rather than rehash them, we address the particular documents cited in your letter that you claim you have identified to us without response. Each of the four documents was properly withheld as privileged and logged.

- REV00105437 is an internal forward of legal advice from outside counsel, Akin Gump. Accordingly, it was properly withheld.

- REV00003365 is an attachment to an email from in-house counsel Diana Shew discussing a potential settlement with the Occupational Safety and Health Administration. Because the attachment was sent for the purpose of rendering legal advice and in anticipation of litigation, it was properly withheld.

- REV00051578 is an attachment to an email to outside counsel provided to facilitate the rendering of legal advice. Accordingly, it was properly withheld.

- Craig Unger, of Unger Securities Solutions LLC, was a CoreCivic consultant, and hence communications with him did not break privilege and were properly withheld. (See, e.g., REV03151925 and REV03151931 (discussing advice from in-house counsel and outside counsel from Akin Gump).)

Should you wish to discuss this issue further, do not hesitate to contact us.

Very truly yours,

*Steven A. Riley*

Steven A. Riley

SAR/ddg

cc: David Schindler
Brian Glennon
Sarah Tomkowiak
Steve Riley
Trey McGee
Morgan Whitworth
Meryn Grant
Dennis Herman
Willow Radcliffe
Christopher Wood
Jason Forge
Christopher Lyons