UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS<br><br>**[FILED UNDER SEAL]** |

Plaintiff's Motion for Discovery Sanctions (ECF No. 315) ("Motion" or "Mot.") seeks a modest remedy under the circumstances: that the jury be told what is indisputably true – Defendants withheld and continue to withhold relevant documents under improper claims of privilege. Such an instruction is conservative and measured, it informs the jury of what Defendants have done, and it leaves the matter solely within the jury's discretion to determine what inference to draw.

A permissive inference instruction that just recounts undisputed facts about the 1,400 or more relevant documents that *remain* improperly withheld *to this day* is mild. To the extent there is any prejudice caused by such an instruction, it is entirely of Defendants' own making. Defendants' *pervasive* abuse of privilege includes not only improperly withholding documents, but also using privilege as a shield (*i.e.*, unfounded instructions to witnesses not to answer questions) while wielding it as a sword (trying to claim reliance on counsel to show good faith). At this stage, with discovery complete, a permissive inference is entirely reasonable. The Motion should be granted.

**I.      A Permissive Inference Instruction Is Warranted**

Defendants have repeatedly been found to have improperly asserted privilege or admitted that they improperly withheld privileged documents. Mot. at 2-13. And neither bad faith nor intent

is required by the Sixth Circuit. *Id.* at 15-16. Whether or not the Court deems the *Beaven*[1] test for spoliation appropriate, it is undisputed that the Court has the inherent power under Federal Rule of Civil Procedure 37 to fashion a remedy for Defendants' discovery abuses.

Contrary to Defendants' claim that the 2015 amendments to Rule 37 overturned the law cited in the Motion ((ECF No. 322) ("Opposition" or "Opp.") at 22-23), this year the Sixth Circuit explained (to a party represented by Defendants' counsel) that "[t]he fact that [a party] was only 'negligent' does not defeat" adverse-inference jury instructions that "are merely permissible, telling the jury what they 'may' infer. . . . Only mandatory adverse instructions require a culpable state of mind in the destruction of evidence." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 810 F. App'x 389, 403 (6th Cir. 2020).[2] It also upheld the jury instructions under Rule 37(e)(1), as they "were no greater than necessary because they were only permissive in nature." *Id.*

## II. Defendants' Claims of Innocence Are Belied by Their Wholesale Abuse of the Attorney-Client Privilege

Defendants' professed innocence is irreconcilable with not just this specific dispute but with their abuse of the attorney-client privilege throughout this litigation.

First, despite the fact that the Rule 53(f)(2) objection deadline has now passed, Defendants are *still* withholding documents the Special Master found not privileged. ECF No. 305 at 7. These documents are responsive to a two-year-old document request. It is not incumbent on Plaintiff to re-request documents that should have been produced years ago.[3] *Cf.* Opp. at 14. Moreover, this entire situation was avoidable. Rather than designate documents as privileged without any basis, the Federal Rules are written specifically to promote the opposite approach by encouraging parties to err on the side of overproduction with the assurance if they inadvertently produce a privileged

---

[1] *Beaven v. U.S. Dept. of Justice*, 622 F.3d 540 (6th Cir. 2010).
[2] All citations and footnotes omitted and emphasis added unless otherwise indicated.
[3] Defendants' suggestion that certain of the documents, or portions of the documents, identified by the Special Master had already been produced further demonstrates systemic failures in Defendants' privilege review, privilege logs and representations to this Court.

- 2 -
Cases\4820-6397-2815.v1-10/19/20
Case 3:16-cv-02267   Document 324   Filed 10/19/20   Page 2 of 10 PageID #: 10139

document, they may claw it back. Fed. R. Civ. P. 26(b)(5)(B). Defendants have availed themselves of this simple remedy in this case, so if reliably reviewing 8,500 documents was too overwhelming for defense counsel, as they suggest, they should have erred on the side of overproduction rather than withholding vast quantities of privileged documents as they have done here.

Second, Defendants' improper privilege objections go beyond documents. Defense counsel has on numerous occasions invoked privilege to improperly instruct witnesses not to answer deposition questions. For example, just one day before filing their Opposition to the Motion, Defendants improperly instructed their expert, D. Scott Dodrill, not to answer yes-or-no questions regarding: (i) whether he gave defense counsel a verbal preview of his opinion before being engaged (Ex. 4 at 14:20-15:18);[4] and (ii) whether he could determine from Defendants' privilege log if documents related to CCA's internal After Action report, the existence of which was concealed from him, would be relevant to his assessment of CCA's performance, which explicitly considered multiple After Action documents (*id*. at 118:9-121:13). Furthermore, after returning from a long break, defense counsel announced that Mr. Dodrill would "clarify" his earlier testimony, prompting Mr. Dodrill to recant his earlier testimony. *Id*. at 161:5-162:20. Defense counsel then invoked privilege to prevent Plaintiff's counsel from cross-examining Mr. Dodrill about his recantation.[5]

Third, the prejudice to Plaintiff could be further compounded by Defendants' stated intent to regale the jury with tales of how their involvement of counsel in their corporate processes demonstrates their good faith, a dispute that is subject to a separate motion that has been briefed and

---

[4] All "Ex. _" citations herein are to the Declaration of Christopher M. Wood, filed herewith.
[5] Ex. 4 at 166:14-18, 167:14-17, 169:7-9 (Counsel instructing Mr. Dodrill not to answer questions like: "Have you discussed – I'm not asking for the substance of it yet, but have you discussed how to respond to any of the questions during any – any of the questions I've posed today during any of the breaks we've had?"; "[S]o you're unwilling to testify whether anyone at any point during this deposition has suggested to you how to respond to any of my questions?"; and "Have any of your answers today been influenced by anything anyone told you during any of the breaks during this deposition?"). Mr. Dodrill's post-break change of heart is not the first such instance in this case – the Court previously ordered defense counsel to refrain from discussing Hininger's deposition with him during breaks after he changed his testimony upon returning from a break.

- 3 -
Cases\4820-6397-2815.v1-10/19/20
Case 3:16-cv-02267   Document 324   Filed 10/19/20   Page 3 of 10 PageID #: 10140

remains pending before this Court. *See* ECF Nos. 265-267, 300. In short, Defendants' repeated attempts to weaponize attorney-client privilege do not remotely support their claims of innocence.

## III. There Must Be a Remedy for Defendants' Conduct

According to Defendants, there should be no consequence for withholding documents under erroneous, and at times baseless, claims of privilege while repeatedly assuring this Court that their privilege determinations and log descriptions were sound. This is an affront to the integrity of the judicial process. At a minimum, the jury should be told what Defendants did – withheld over 1,000 documents on improper privilege grounds. *See* Mot., §III. Defendants' contentions regarding the severity of an adverse inference sanction ignore the very Sixth Circuit law cited in the Motion. *See* Mot., §V.C. (citing, *e.g.*, *Clemons v. Corr. Corp.*, 2014 WL 3507299, at *5 (E.D. Tenn. July 14, 2014) (noting permissive adverse inference sanctions are mild and ordering a mandatory adverse inference for missing video footage)). "[A] permissive instruction is 'simply a formalization of what the jurors would be entitled to do even in the absence of a specific instruction.'" *Clemons*, 2014 WL 3507299, at *5 (citing *West v. Tyson Foods, Inc.*, 374 F. App'x 624, 635 (6th Cir. 2010)).[6]

Further, nothing in Defendants' Opposition precludes this Court from considering spoliation as an appropriate lens through which to view Defendants' misconduct. *See* Opp. at 20-21. Defendants' observation – that "[n]othing has been lost[;] [n]othing has been destroyed" – ignores that spoliation instructions never restore the evidence that is lost or destroyed, but rather they remedy

---

[6] Defendants' assertion that Plaintiff must show affirmative evidence of "what Defendants' withheld documents contain or how they are relevant to the issues" (Opp. at 23-24) ignores controlling law. "'[A] party seeking an adverse inference may rely on ***circumstantial*** evidence to suggest the contents of destroyed evidence.'" *Beaven*, 622 F.3d at 555 (alteration in original). Here, Defendants represented that the documents were relevant when they included them on their privilege log – that is ample circumstantial evidence. If it were not, at least some of the privilege log descriptions make clear that withheld documents related to important issues like "Draft Adams CCC After Action Report – Do Not Forward Beyond Addressees," "Unethical behavior at Adams County," and "CAR15 Request for Proposal" (which is the RFP on which CCA lost a bid to renew a BOP contract despite meeting all technical requirements and offering the lowest available price). *See* Ex. 5. *Courser v. Mich. House of Representatives*, 2020 WL 5909505, at *20 (6th Cir. Oct. 6, 2020), is inapt: there was no indication in that case that the computer's deleted contents bore any relation to the litigation. *Id.*

an adversary's "lost" or "destroyed" ability to *use* such evidence. *Id*. at 22. Here, Defendants' improper withholding of these 1,400+ relevant documents means Plaintiff's opportunity to *use* these documents has been "lost" or "destroyed" just as completely as if Defendants had simply deleted them. Accordingly, a spoliation remedy fits perfectly here, and in any event, the Court has the inherent power under Rule 37 to impose any sanction it sees fit. *See EPAC*, 810 F. App'x at 403.[7]

## IV. Defendants Should Be Required to Pay the Special Master's Costs

Defendants should be required to pay all of the Special Master's costs. The need for the Special Master's review was caused entirely by Defendants – first by their inadequate privilege logs, and most directly by the last-minute admission that their repeated representations to this Court that the Metcalf documents were privileged were simply false. *See* ECF Nos. 228-229; Fed R. Civ. P. 53(g). The Special Master confirmed that Defendants had improperly withheld 16% of the documents at issue (*see also* Mot., §V.D.), including improperly withheld After Action reports. Defendants' conduct created the need for the Special Master, and the Special Master's review disproved Defendants' representations about having cured their past privilege-related violations. In no rational world would this add up to *splitting* the Special Master's costs.

Furthermore, ordering Defendants to pay for the Special Master's review is very reasonable considering that Plaintiff is *not* asking to shift attorneys' fees, as Judge Crenshaw did (shifting 50% of movant's fees, in addition to 75% of the special master's fees) in a case on which Defendants rely. *EPAC Techs., Inc. v. Thomas Nelson, Inc*., 2018 WL 3322305, at *3-*5 (M.D. Tenn. May 14, 2018)

---

[7] While Defendants complain about the scope of adverse information the jury would be permitted to find was withheld, under Plaintiff's proposed instruction (*see* Opp. at 20-22), the instructions upheld by the Sixth Circuit in *EPAC* were similar: "'[Y]ou may infer that, if available, the books would support EPAC's claims and be adverse to Thomas Nelson.'" 810 F. App'x at 403.

(granting adverse inference sanctions for negligent spoliation, upheld in *EPAC*, 810 F. App'x at 403); *see also* Opp. at 25.[8] Defendants should pay all of the Special Master's fees.

## V. Conclusion

The Motion should be granted, and Defendants should pay all of the Special Master's fees.

DATED: October 19, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

---

[8] In addition to citing this opinion, Defendants' counsel should be well aware of it since at least one of them represented the sanctioned party. *EPAC Techs.*, 2018 WL 3322305, at *1.

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`