# EXHIBIT A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>            Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>[PROPOSED] NOTICE OF PENDENCY OF CLASS ACTION |

## NOTICE OF PENDENCY OF CLASS ACTION

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED CORRECTIONS CORPORATION OF AMERICA/CORECIVIC, INC. SECURITIES BETWEEN FEBRUARY 27, 2012 AND AUGUST 17, 2016, INCLUSIVE**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOU MAY BE A MEMBER OF THE CLASS DESCRIBED BELOW. AS SUCH, YOUR RIGHTS MAY BE AFFECTED BY A PENDING LAWSUIT.**

This is an important legal Notice sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Middle District of Tennessee (referred to as the "District Court"). This Notice is sent to inform you: (1) that this action is pending against the Defendants[1] before the Honorable Judge Aleta A. Trauger; (2) that the District Court has determined that this action may proceed as a class action; (3) how this action may affect your legal rights; and (4) the steps you may take in relation to the action. This Notice

---

[1] "Defendants" are collectively, Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

is not an expression by the District Court of any opinion regarding the merits of any of the claims or defenses asserted by the parties.

### 1. What Is This Notice and Why Is It Important?

The District Court has certified this lawsuit as a class action. A class action is a lawsuit in which one or more individual(s) and/or entity(ies) sue an individual(s) and/or other entity or entities on behalf of all other people and/or entities who are allegedly in a similar position. Collectively, the people and/or entities bringing the lawsuit are referred to as a "Class" and individually as "Class Members." In a class action, the court proceeding resolves certain issues, legal claims, and/or defenses for all Class Members in one lawsuit, except for those who ask to be excluded from the Class (as discussed below). If you purchased or otherwise acquired Corrections Corporation of America ("CCA"), now known as CoreCivic, Inc. ("CoreCivic"), securities between February 27, 2012 and August 17, 2016, inclusive (the "Class Period"), you may be a Class Member. If so, this lawsuit will affect your legal rights. ***Please read this entire Notice carefully***.

### 2. What Is This Lawsuit About?

On August 23, 2016, an action captioned *Grae v. Corrections Corporation of America, et al.*, Case No. 3:16-cv-02267, was filed in the District Court. The District Court later appointed Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, as Lead Plaintiff, and then certified it as the Class Representative. Lead Plaintiff alleges in its Consolidated Complaint for Violation of the Federal Securities Laws, filed on March 13, 2017 (the "Complaint"), that CoreCivic and four of its current or former senior executives (Damon T. Hininger, David M. Garfinkle, Harley G. Lappin and Todd J. Mullenger) are liable because they materially misled CoreCivic investors in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Defendants moved to dismiss Lead

Plaintiff's Complaint, and the District Court denied that motion in its entirety on December 18, 2017. The remaining issues in this action include whether the Defendants (i) employed devices, schemes and artifices to defraud; made untrue statements of material fact and/or omitted to state material facts necessary to make the statements made not misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon the purchasers of CCA securities during the Class Period; (ii) whether the alleged misconduct caused investor losses and, if so, to what extent; and (iii) whether any Defendant who is not primarily liable is liable for having controlled a person who is primarily liable. Defendants deny all of the claims asserted in the action and deny any liability to any members of the Class.

The District Court has not ruled on the merits of Lead Plaintiff's claims or Defendants' defenses. The litigation remains ongoing. Please note that this Notice does not describe all claims and defenses asserted by the parties. The section entitled "How Do I Find Out More About This Lawsuit?" describes the process by which you can obtain additional information.

If you purchased or acquired CoreCivic securities between February 27, 2012 and August 17, 2016, inclusive, you may be a Class Member. If so, this lawsuit will affect your legal rights to sue Defendants now and in the future. ***Please read this entire Notice carefully to decide what to do***.

On March 26, 2019, the District Court certified claims in this lawsuit for class action treatment to be pursued by Lead Plaintiff and Class Representative on behalf of all persons who purchased or otherwise acquired CoreCivic securities between February 27, 2012 and August 17, 2016, inclusive, and suffered loss as a result of Defendants' violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. Excluded from the Class are: (a) CoreCivic, its parents, subsidiaries and any other entity owned or controlled by CoreCivic; (b) Damon T. Hininger, Todd

J. Mullenger and Harley G. Lappin; (c) all other executive officers and directors of CoreCivic or any of its parents, subsidiaries or other entities owned or controlled by CoreCivic; (d) all immediate family members of the foregoing, including grandparents, parents, spouses, siblings, children, grandchildren and steprelations of similar degree; and (e) all predecessors and successors in interest or assigns of any of the foregoing. On August 23, 2019, the United States Court of Appeals for the Sixth Circuit denied Defendants' petition for permission to appeal the District Court's order certifying the Class. The District Court's order certifying the Class does not guarantee that Class Members will receive money or benefits; that will be decided later in the lawsuit. In certifying this case as a class action, the District Court made no decision as to the merits of Lead Plaintiff's or the Class' claims or Defendants' defenses.

Please note that the District Court's order certifying the Class may later be changed after the parties exchange evidence and the District Court rules on various legal matters. Unless the District Court rescinds its order certifying the Class, all orders of this District Court, whether favorable or not to the Class, will be binding on any Class Members who do not opt out or exclude themselves. *See* No. 4 for further discussion. This includes any judgments entered by the District Court, whether or not favorable to the Class, which will be binding on all Class Members who do not exclude themselves.

### 3. How Do I Know if I Am a Class Member?

According to the District Court's order, you are a Class Member if you fit this description:

All persons who purchased or otherwise acquired Corrections Corporation of America ("CCA") [now CoreCivic] securities between February 27, 2012 and August 17, 2016, inclusive, and who were damaged thereby. Excluded from the Class are: (a) CCA [CoreCivic], its parents, subsidiaries and any other entity owned or controlled by CCA [CoreCivic]; (b) Damon T. Hininger, Todd J. Mullenger, and Harley G. Lappin; (c) all other executive officers and directors of CCA [CoreCivic] or any of its parents, subsidiaries or other entities owned or controlled by CCA [CoreCivic]; (d) all immediate family members of the foregoing, including grandparents, parents, spouses, siblings, children, grandchildren and steprelations

of similar degree; and (e) all predecessors and successors in interest or assigns of any of the foregoing.

If you are a Class Member, you must decide either to stay in this lawsuit or exclude yourself, as described below. You may enter an appearance through your own attorney at your own expense if you so desire. If you are a legal representative for a deceased's estate or an individual who is no longer in charge of his or her own financial matters, and you believe they fall within this definition, read this Notice carefully to decide what steps to take on their behalf.

### 4. If I Am a Class Member, What Are My Options?

If you are a Class Member, you have a right to stay in the case as a Class Member or be excluded from the lawsuit. You have to decide this very soon.

**Option 1. Do Nothing. Stay in the Lawsuit.**

You have the right to stay in the lawsuit as a Class Member and await the outcome of the case. You need to do nothing if you wish to remain in this lawsuit. It will cost you nothing. If you decide to stay in the lawsuit as a Class Member, you will be bound by all orders, judgments and decisions of the District Court, whether favorable or unfavorable to the Class. At the end of the case, you may receive money or other benefits as may be awarded as a result of a trial or as a result of a settlement reached between Lead Plaintiff and Defendants, or you may receive nothing. You do not need to do anything to keep open the possibility of getting money or benefits from the lawsuit.

If you stay in the case, Lead Plaintiff will pursue the claims and remedies on your behalf. There is no guarantee that Lead Plaintiff will be successful with its claims and/or win the lawsuit at trial or earlier or later. If the Class is awarded money or benefits, you will be notified about how to make a claim for your share, if any.

The District Court has appointed Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, to be Class Representative and provide evidence on behalf of you and other Class Members. The District Court has also appointed the following law firm as Class Counsel for those Class Members who stay in the lawsuit:

> Christopher M. Wood
> **ROBBINS GELLER**
> **RUDMAN & DOWD LLP**
> 414 Union Street, Suite 900
> Nashville, TN 37219
> Telephone: 800/449-4900
> www.rgrdlaw.com

More information is available about Class Counsel on the website listed above.

In the event that Lead Plaintiff is successful through trial or settlement, Class Counsel will seek attorneys' fees and expenses. You will not be personally responsible for any fees, costs, or expenses of Class Counsel relating to the prosecution of this lawsuit.

Please keep in mind that if you do nothing now and stay in the lawsuit, you will give up your rights to sue Defendants separately in another lawsuit regarding legal claims that are, or could have been, part of this lawsuit (described below), and your rights to recover in other lawsuits involving Defendants may be impacted. You may also forgo your right to pursue claims based on alternative legal theories in favor of the theories being pursued in this case. You waive your right to bring a separate lawsuit if you do not exclude yourself from this case. If you stay in the case, you will be legally bound by all of the orders that the District Court issues in this case, including final judgment.

**Option 2. Exclude Yourself from the Lawsuit.**

Alternatively, you have the right to not be part of this lawsuit by excluding yourself also known as "opting out" of the Class). If you wish to exclude yourself, you must do so on or before **[INSERT DATE THAT IS 45 DAYS AFTER MAILING OF NOTICE]**, as described below.

- 6 -
Cases\4841-3644-9212.v1-10/29/20
Case 3:16-cv-02267   Document 329-1   Filed 10/29/20   Page 7 of 10 PageID #: 10193

If you exclude yourself from the Class, you give up your right to receive any money or other benefits awarded in this case, and you will not be bound by any judgments or other orders of the District Court, whether favorable or unfavorable to you and/or the Class. Additionally, if you exclude yourself from the Class, you will keep your rights, if any, to sue Defendants separately in another lawsuit and bring the same legal claims that are part of this lawsuit. If you wish to pursue your own lawsuit, you will need to exclude yourself and hire and pay your own lawyer. Before choosing this option, you should be aware that your claims may be subject to a statute of limitations and a statute of repose, which set deadlines for filing the lawsuit within a certain period of time and which could foreclose certain or all claims.

### 5. How Do I Exclude Myself from the Class?

To exclude yourself from this lawsuit and/or preserve your right to bring a separate case, you must make a request to be excluded in writing and mail it to:

> CoreCivic, Inc. Securities Litigation
> c/o Gilardi & Co. LLC
> P.O. Box 43377
> Providence, RI 02940-3377

*All requests for exclusion must be postmarked on or before [INSERT DATE THAT IS 45 DAYS AFTER MAILING OF NOTICE].*

Your request for exclusion *must* contain:

1. The name of the lawsuit (*Grae v. Corrections Corporation of America, et al.*);
2. Your full name;
3. Your current address;
4. A clear statement that you wish to be excluded, such as: "**I request exclusion from the Class**";

5. The number and type of CCA/CoreCivic securities you purchased or otherwise acquired between February 27, 2012 and August 17, 2016, inclusive; and

6. Your signature.

Class Counsel will file your request for exclusion with the District Court. If you are signing on behalf of a Class Member (such as an estate or incompetent person), as a legal representative, please include your full name and the basis for your authority.

**IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL REMAIN PART OF THE CLASS AND BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT, INCLUDING FINAL JUDGMENT, WHETHER OR NOT IT IS FAVORABLE TO LEAD PLAINTIFF AND YOU.**

### 6. How Do I Find Out More About This Lawsuit?

If you have any questions about the lawsuit or any matter raised in this Notice, please contact Gilardi & Co. LLC at www.CoreCivicSecuritiesLitigation.com or toll free at (866) 779-6819. You may also contact Class Counsel through their website, listed above.

Complete copies of the documents filed in this lawsuit may be examined and copied at any time during regular office hours at the Clerk of the Court, United States District Court for the Middle District of Tennessee, located at 801 Broadway, Room 800, Nashville, Tennessee 37203 or for a fee at www.pacer.gov.

### 7. Special Notice to Banks, Brokers and Other Nominees

If you hold any CCA/CoreCivic securities that were purchased or acquired between February 27, 2012 and August 17, 2016, inclusive, as a nominee for a beneficial owner, then, within ten business days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such persons to the Notice Administrator at notifications@gilardi.com or:

CoreCivic, Inc. Securities Litigation
c/o Gilardi & Co. LLC

- 8 -

EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA  02021

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

**PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE CLERK OF THE COURT REGARDING THIS NOTICE.**

DATED: _____  BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE