# EXHIBIT 2

UNITED STATES DISTRICT COURTF

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF |

Subject to and without waiving the foregoing objections Plaintiff identifies the statements listed in response to Interrogatory No. 13.

INTERROGATORY NO. 13:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that the statement was false or misleading or omitted material facts when made.

RESPONSE TO INTERROGATORY NO. 13:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 13 is overbroad, unduly burdensome and harassing, premature, and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants are already in possession of all the information sought by this Interrogatory; (iii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows. As this Court has recognized, Plaintiff alleges three categories of misleading claims in Defendants' statements: "1. General Claims of Quality & Savings" (ECF No. 76 at 14); "2. Claims About Compliance with Particular Standards" (*id*. at 17); and "3. Claims About Client Relationships and Contract Renewals" (*id.* at 18). Once Defendants voluntarily chose to make such statements, they "assume[d] a duty to speak fully and truthfully on th[e] subject[]." *Id*. at 25 (alterations in original and internal quotations omitted). Defendants violated this duty each time they made statements that included these claims, as identified below, because each statement omitted information that would

- 6 -

have enabled investors to understand that at least as to one important government client, the United States' Bureau of Prisons, there were many indications that the quality and savings of CoreCivic's services, its compliance, and the strength of its relationship were below the levels Defendants had represented. Put simply, these indications demonstrated that, despite Defendants' constant refrain, they were not providing the same level of quality while offering cost savings. These indications included numerous internally and externally flagged problems in various forms (including Notices of Concern, multiple deficiencies (including crucial services), repeat deficiencies, and worse), deductions for nonconformance, and understaffing, which was due in large part to CoreCivic's artificial cost "savings" (cheaper wages, worse benefits, and more remote locations, not greater efficiency). Set forth in the table below are the documents and depositions containing the facts and constituting the documents supporting Lead Plaintiff's contention that each listed statement omitted material information necessary to make it not misleading.

Key:  1 = "General Claims of Quality & Savings" (ECF No. 76 at 14)
      2 = "Claims About Compliance with Particular Standards" (ECF No. 76 at 17)
      3 = "Claims About Client Relationships and Contract Renewals" (ECF No. 76 at 18)

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| CCA's Form 10-Q filed with the SEC on November 4, 2011 | 1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276.<br><br>In addition, the deposition testimony |

RESPONSE TO INTERROGATORY NO. 39:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 45, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 40:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 50 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 40:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 40, Plaintiff is not in a position to identify all facts supporting its response.

DATED: May 1, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

DECLARATION OF SERVICE BY EMAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2. That on May 1, 2020, declarant caused to be served **PLAINTIFF CORECIVIC, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF** by email to the parties as follows:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| David J. Schindler<br>Brian T. Glennon<br>Morgan E. Whitworth<br>Faraz R. Mohammadi | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>morgan.whitworth@lw.com<br>faraz.mohammadi@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK & JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2020, at San Francisco, California.

SARAH MORRIS