UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>              Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN CONFIDENTIAL DOCUMENTS IN CONNECTION WITH THEIR MOTION TO EXCLUDE TESTIMONY OF DONNA MELLENDICK**

Pursuant to Rules 5.03 and 7.01 of the Civil Local Rules of Court and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (the "SSI Protective Order") (Dkt. No. 177), Defendants respectfully request the Court to grant Defendants leave to file wholly or partially under seal Exhibits 1, 3 and 4 to the Declaration of Eric C. Pettis filed in support of Defendants' Motion To Exclude Testimony of Donna Mellendick ("Pettis Decl.").

First, Defendants seek leave to file with limited redactions Exhibits 1 and 3 to the Pettis Decl.:

- Exhibit 1 to the Pettis Decl. is a true and correct copy of the August 7, 2020 Expert Report of Donna Mellendick. The Report describes information contained in documents, including documents Bates numbered BOP_0293137, BOP_0020124, BOP_0334043, and a number of Contract Performance Assessment Reports ("CPARs").

- 1 -

- Exhibit 3 to the Pettis Decl. is a true and correct copy of the transcript from the deposition of Donna Mellendick, which occurred on October 27, 2020. The transcript includes information contained in the document Bates stamped BOP_0334043.

The portions of these documents that Defendants seek to redact quote from or describe information contained in documents Bates numbered BOP_0293137, BOP_0020124, BOP_0334043, and a number of Contract Performance Assessment Reports ("CPARs"). The information contained in these documents was designated by the BOP as "Source Selection Information"[1] pursuant to Federal Acquisition Regulation ("FAR") sections 2.101 and 3.104. The FAR, among other things, prohibits the public disclosure of source selection material. Also, pursuant to the SSI Protective Order, the parties and the BOP agreed that any Source Selection Information submitted to the Court in connection with a motion shall be filed under seal. *See* SSI Protective Order ¶ 6. Given that, Defendants respectfully request that the Court maintain the sealing of these documents unless or until the BOP withdraws the Source Selection Information designation.

Second, Defendants seek leave to file under seal Exhibit 4 to the Pettis Decl. Exhibit 4 is a true and correct copy of a presentation created by CoreCivic titled "Partnership Costs Versus

---

[1] Material designated as Source Selection Information pursuant to the SSI Protective Order includes "any material that [the producing party] believes in good faith is protected by the Federal Acquisition Regulation or the Procurement Integrity Act, 41 U.S.C. §423, because it contains (i) bid prices submitted in response to a Federal agency invitation for sealed bids, or lists of those bid prices before public bid opening; (ii) proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices; (iii) source selection plans; (iv) technical evaluation plans; (v) technical evaluations of proposals; (vi) cost or price evaluations of proposals; (vii) competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract; (viii) rankings of bids, proposals or competitors; (ix) reports and evaluations of source selection panels, boards or advisory councils; or (x) other information marked as 'Source Selection Information' based on a case-by-case determination by the head of the agency, his designee or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates." *See* SSI Protective Order ¶ 1.

Government Corrections Costs," bearing the bates numbers CORECIVIC_1327566-COREICIVIC_1327593. This presentation contains sensitive financial information and analysis that has not been publicly disclosed, and the disclosure of the information would seriously injure the Company.

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)).

The information Defendants seek to seal in Exhibit 4, if disclosed, could be used by competitors as a "source[] of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598; *see also Avomeen Holdings, LLC v. Thanedar*, No. 17-cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018) (citing cases and observing that "[o]ther justifications [for filing evidence under seal] can include protecting . . . pricing information, financial statements, sales trend data, and pricing and marketing strategy"); *Ethicon*

*Endo-Surgery, Inc. v. Covidien, Inc*., No. 11 Civ. 871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."). Because of the nature of the document, it would be impracticable to file a redacted version.

Defendants appreciate that there is a "'strong presumption in favor of openness' regarding court records." *Rudd Equip.*, 834 F.3d at 593 (citation omitted). However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill*, 2017 WL 3220470, at *5. In this case, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded). The general public has little to no interest in this internal financial analysis. But, as this information is proprietary, it could be unfairly used by the Company's competitors, and should remain confidential.

Accordingly, for the aforementioned reasons, Defendants request that the Court permit Defendants to file these documents under seal.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to file under seal Exhibits 1, 3 and 4 to the Pettis Decl.

DATED: November 20, 2020         Respectfully submitted:

/s/ *Sarah A. Tomkowiak*
Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Meryn C. N. Grant (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System and via electronic mail:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

- 1 -

this 20th day of November, 2020.

/s/ *Sarah A. Tomkowiak*  
Sarah A. Tomkowiak