# EXHIBIT 3

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>               Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the October 6, 2020 Order by Magistrate Judge Jeffery S. Frensley (ECF No. 312), Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), by undersigned counsel, hereby submits Plaintiff's Supplemental Objections and Responses to Defendant CoreCivic, Inc.'s ("Defendant" or "CoreCivic") Second Set of Interrogatories to Plaintiff (the "Interrogatories").

All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiff. Further discovery and analysis may supply additional facts and/or add meaning to the known facts.

## I.    GENERAL OBJECTIONS

Plaintiff reasserts its General and Specific Responses and Objections to the Interrogatories as made in its May 1, 2020 objections and responses ("Objections and Responses") to Defendant's Interrogatories.

## II.    SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 13:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that the statement was false or misleading or omitted material facts when made.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:

Plaintiff reiterates its Objections and Responses of May 1, 2020.

As a supplement to its response to Interrogatory No. 13, Plaintiff identifies the following specific portions of the deposition testimony citied therein as responsive to Interrogatory No. 13. Upon completion of the currently scheduled depositions, Plaintiff will supplement its response to Interrogatory No. 13 to include deposition testimony taken since Plaintiff's initial response to this Interrogatory.

| | | | |
|---|---|---|---|
| **Beach**: | 125:6-9 | 292:8-317:23 | **Swindle**: |
| 15:22-18:7 | 126:12-14 | 318:19-21 | 52:3-55:25 |
| 28:5-30:10 | 132:20-145:9 | 324:17-19 | 60:10-61:8 |
| 31:2-16 | 146:21-148:23 | | 65:23-72:24 |
| 34:17-39:4 | 149:2-175:21 | **Baxter**: | 89:12-91:11 |
| 39:24-44:9 | 176:15-178:24 | 13:9-31:21 | 102:2:104-21 |
| 44:25-46:3 | 179:4-180:24 | 36:7-44:21 | 109:8-110:18 |
| 46:18-51:9 | 181:12-183:18 | 80:21-92:19 | 134:16-136:25 |
| 52:7-53:13 | 185:10-187:25 | 97:19-102:16 | |
| 54:6-55:7 | 189:13-194:23 | 44:22-46:12 | **Swindle** |
| 56:3-24 | 195:1-198:19 | 47:7-49:11 | **(30(b)(6))**: |
| 57:20-61:4 | 199:1-16-201:4 | 49:12-56:24 | 49:16-52:17 |
| 62:10-63:13 | 203:20-204:5 | 57:3-65:23 | 109:25-113:13 |
| 65:2-66:22 | 204:6-17 | 70:19-80:19 | 119:11-120:22 |
| 72:14-81:14 | 205:4-209:11 | 104:22-114:21 | 156:21-24 |
| 81:7-85:24 | 210:5-212:14 | 123:5-176:2 | 189:19-191:6 |
| 87:10-24 | 215:21-217:15 | 205:18-209:18 | 204:13-24 |
| 87:25-88:17 | 217:9-221:21 | 217:5-258:4 | 249:20-25 |
| 88:19-93:8 | 227:12-235:16 | 260:17-277:20 | 250:1-10 |
| 94:16-96:14 | 235:19-243:1 | 287:20-290:8 | |
| 97:17-99:9 | 243:4-245:6 | 177:1-192:4 | **Hininger**: |
| 99:23-100:22 | 247:25-248:25 | 290:9-298:9 | 134:19-140:5 |
| 103:23-106:11 | 249:13-250:14 | 209:20-216:4 | 167:13-191:22 |
| 106:14-107:25 | 252:9-257:19 | 258:3-260:16 | 201:11-275:4 |
| 109:6-112:7 | 261:7-266:16 | 277:21-287:19 | |
| 113:9-114:1 | 267:5-274:11 | | |
| 122:5-124:5 | 277:8-283:9 | | |

Cases\4835-5669-1663.v1-10/20/20

**VerHulst**:
51:4-53:12
64:9-73:18
85:5-86:14
89:22-94:3
97:22-112:3
113:12-118:1
119:10-146:2
146:18-148:12
151:16-154:5
154:19-159:17
160:22-163:23
164:7-175:25
176:13-182:10

**Nalley**:
74:19-78:13
82:19-84:24
85:4-91:17
96:16-98:13
100:5-113:3
113:15-115:15
116:21-124:17
125:21-132:13
133:9-136:17
139:23-146:16
146:25-150:14
150:16-152:25
153:24-156:4
156:24-159:19
160:13-162:18
163:5-167:3
169:3-171:12
172:16-173:5
174:11-177:15
178:4-186:21
188:7-189:20

**Daugherty**:
9:16-24:7
26:1-49:6
49:17-53:11
53:21-87:8
100:1-103:4
104:25-106:17
109:1-14
112:12-113:13
114:9-119:8
120:3-121:3
122:18-124:3
127:8-137:24

**Hall**:
18:1-12
18:23-25
19:17-20:7
21:25-22:11
24:5-20
32:6-35:25
37:3-44:10
48:9-51:13
52:7-56:7
70:7-9
79:3-17
105:23-109:7
121:10-122:8
140:22-142:25
144:1-145:16
145:18-146:23
158:16-165:8

**White**:
15:9-20
16:9-17:2
31:25-36:13
54:19-57:7
62:22-64:7
71:5-74:21
77:4-20
79:12-20
82:13-85:8
89:6-90:9
90:22-92:18
100:4-104:6
116:19-118:25
119:10-17
120:13-121:8
131:17-133:3
147:13-148:21

**Metcalf**:
10:4-10:22
13:16-14:1
16:14-17:4
19:19-20:19
25:6-25:22
26:2-27:20
35:24-41:1
46:6-49:10
50:2-52:4
57:24-62:18
76:4-76:16
77:17-78:12
91:17-98:12

**Mullenger**:
45:17-55:25
56:20-63:7
63:9-67:3
67:20-70:6
78:16-81:7
87:8-91:1
91:14-95:16
103:2-108:22
112:24-113:17
114:10-127:16
138:10-152:22
153:22-157:12
162:22-165:6

**Hopewell**:
20:11-22-8
30:9-32:24
35:20-38:6
38:19-51:21
62:13-63:14
65:21-68:2
74:16-77:25
79:7-84:22
86:23-89:7
90:17-91:19

**Grande**:
86:15-95:18
103:2-110:9
111:12-115:1
115:10-117:8
119:4-122:2
122:7-126:9
129:20-131:11
133:10-139:19
141:7-142:3
144:23-150:1
151:23-152:22
153:10-160:8
160:13-162:5
163:6-164:3
167:6-169:4
170:13-171:19
171:25-172:7
174:25-175:11
175:21-180:11
182:7-183:7
183:25-185:6
188:8-189:7
191:7-194:22

**Beasley**:
7:12-10:14
16:5-40:19
41:3-16
45:6-13
48:9-67:11
69:7-74:20
75:5-77:15
77:20-84:18
89:3-94:19
95:2-96:6
97:5-98:20
103:8-123:6
126:7-16
131:24-136:23
137:2-147:19
153:10-158:13
158:17-159:17
160:11-15
161:2-164:24
166:7-19
167:18-168:6
168:18-25
169:18-170:5
172:22-173:5
176:11-181:10
182:8-183:4
185:5-13
187:2-188:7

Cases\4835-5669-1663.v1-10/20/20

INTERROGATORY NO. 17:

State each disclosure that you contend revealed the relevant truth regarding one or more of the Challenged Statements listed in your response to Interrogatory No. 12.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Plaintiff further objects that Interrogatory No. 17 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein and W. Scott Dalrymple.

Subject to and without waiving the foregoing objections, Plaintiff states that the Yates Memo and CoreCivic's August 3, 2016 announcement that its BOP contract for the Cibola County Correctional Center would not be renewed (which was referenced in the Yates Memo) were the materialization of risks about which Defendants had misled investors.

INTERROGATORY NO. 18:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail which Challenged Statement(s) was corrected and how the alleged disclosure revealed the relevant truth about the Challenged Statement(s).

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Plaintiff further objects that Interrogatory No. 18 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on defendants'

motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein and W. Scott Dalrymple.

Subject to and without waiving the foregoing objections, Plaintiff states that the non-renewal of the Cibola contract was a materialization of risks about which defendants had misled investors. The non-renewal resulted from CoreCivic's numerous performance deficiencies, particularly with respect to medical services at Cibola. *See* CORECIVIC_0029150; CORECIVIC_0029153-CORECIVIC_0029162; CORECIVIC_0049073; CORECIVIC_1337442; CORECIVIC_1337450; CORECIVIC_1017410; CORECIVIC_1337493; CORECIVIC_1202665; CORECIVIC_1088594; CORECIVIC_0994540; CORECIVIC_1197219; CORECIVIC_1153036; CORECIVIC_1009058; CORECIVIC_1057675; CORECIVIC_0044795; CORECIVIC_1337672; CORECIVIC_0044795; BOP_0334920; CORECIVIC_1478950; BOP_0334932; BOP_0335140; BOP_0334926; CORECIVIC_1164202; BOP_0335136; BOP_0334932; BOP_0335140; BOP_0334926; CORECIVIC_1164202; BOP_0335126; BOP_0334930; CORECIVIC_1084873; CORECIVIC_1084878; CORECIVIC_1084882; CORECIVIC_1084886; CORECIVIC_2044941; BOP_0335146; BOP_0335171; CORECIVIC_1089677; CORECIVIC_990983; CORECIVIC_1153117; CORECIVIC_0029150; CORECIVIC_0201050; CORECIVIC_0090867. CoreCivic's August 3, 2016 announcement of the non-renewal of the Cibola contract, and the earnings impact of that non-renewal, alerted investors to the economic consequences of these facts, even though the facts themselves had yet to be fully revealed.

The Yates Memo was also a materialization of risks about which defendants had misled investors. The Yates Memo stated the DOJ's position that private prisons, with Cibola as the lead example, "do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and . . . they do not maintain the same level of safety and security,"

and announced that, as a result, the BOP would "begin[] the process of reducing – and ultimately ending – our use of privately operated prisons." These disclosures were a materialization of risks about which defendants had misled investors concerning "General Claims of Quality & Savings" (ECF No. 76 at 14), "Claims About Compliance with Particular Standards" (*id*. at 17), and "Claims About Client Relationships and Contract Renewals" (*id*. at 18).

INTERROGATORY NO. 19:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail when the purportedly corrective information could have been disclosed and what information should have been disclosed at that time.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Plaintiff further objects that Interrogatory No. 19 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein and W. Scott Dalrymple.

Subject to and without waiving the foregoing objections, Plaintiff states that Defendants could have disclosed each of the pieces of omitted information set forth in response to Interrogatory No. 13 at the time of the documents cited in response to Interrogatory No. 13, and Defendants should not have made the statements they made without disclosing this information in at least summary form.

INTERROGATORY NO. 20:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail what material information was revealed by the alleged disclosure and how that information corrects the alleged omission.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Plaintiff further objects that Interrogatory No. 20 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein and W. Scott Dalrymple.

Plaintiff further objects to Interrogatory No. 20 on the basis that it is duplicative of Interrogatory No. 18, given that the term "Challenged Statements" is defined to include "misleading" statements, and defendants' statements are also misleading due to omission of material facts.

Subject to and without waiving the foregoing objections, Plaintiff states that the non-renewal of the Cibola contract was a materialization of risks about which defendants had misled investors. The non-renewal resulted from CoreCivic's numerous performance deficiencies, particularly with respect to medical services at Cibola. *See* CORECIVIC_0029150; CORECIVIC_0029153-CORECIVIC_0029162; CORECIVIC_0049073; CORECIVIC_1337442; CORECIVIC_1337450; CORECIVIC_1017410; CORECIVIC_1337493; CORECIVIC_1202665; CORECIVIC_1088594; CORECIVIC_0994540; CORECIVIC_1197219; CORECIVIC_1153036; CORECIVIC_1009058; CORECIVIC_1057675; CORECIVIC_0044795; CORECIVIC_1337672; CORECIVIC_0044795; BOP_0334920; CORECIVIC_1478950; BOP_0334932; BOP_0335140; BOP_0334926; CORECIVIC_1164202; BOP_0335136; BOP_0334932; BOP_0335140; BOP_0334926;

CORECIVIC_1164202; BOP_0335126; BOP_0334930; CORECIVIC_1084873; CORECIVIC_1084878; CORECIVIC_1084882; CORECIVIC_1084886; CORECIVIC_2044941; BOP_0335146; BOP_0335171; CORECIVIC_1089677; CORECIVIC_990983; CORECIVIC_1153117; CORECIVIC_0029150; CORECIVIC_0201050; CORECIVIC_0090867. CoreCivic's August 3, 2016 announcement of the non-renewal of the Cibola contract, and the earnings impact of that non-renewal, alerted investors to the economic consequences of these facts, even though the facts themselves had yet to be fully revealed.

The Yates Memo was also a materialization of risks about which defendants had misled investors. The Yates Memo stated the DOJ's position that private prisons, with Cibola as the lead example, "do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and . . . they do not maintain the same level of safety and security," and announced that, as a result, the BOP would "begin[] the process of reducing – and ultimately ending – our use of privately operated prisons." These disclosures were a materialization of risks about which defendants had misled investors concerning "General Claims of Quality & Savings" (ECF No. 76 at 14) their "Claims About Compliance with Particular Standards" (*id*. at 17) and their "Claims About Client Relationships and Contract Renewals" (*id*. at 18).

INTERROGATORY NO. 21:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail when the purportedly corrective information could have been disclosed and what material information should have been disclosed at that time.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Plaintiff further objects that Interrogatory No. 21 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available

in the litigation, including in the pleadings, the briefing and the Court's Orders on defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein and W. Scott Dalrymple.

Plaintiff further objects to Interrogatory No. 21 on the basis that it is duplicative of Interrogatory No. 19, given that the term "Challenged Statements" is defined to include "misleading" statements, and defendants' statements are also misleading due to omission of material facts.

Subject to and without waiving the foregoing objections, Plaintiff states that Defendants could have disclosed each of the pieces of omitted information set forth in response to Interrogatory No. 13 at the time of the documents cited in response to Interrogatory No. 13, and Defendants should not have made the statements they made without disclosing this information in at least summary form.

INTERROGATORY NO. 27:

Describe in detail all facts that the Yates Memo revealed that were not already known to the public as of August 17, 2016.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:

Plaintiff reiterates its Objections and Responses of May 1, 2020. Subject to and without waiving the foregoing objections, Plaintiff responds that the parties' experts have both opined that the Yates Memo revealed new information not already known to the public. Dalrymple Report, ¶¶32-34, 49-50, 54-59, 70-78, 90-91; Dalrymple Rebuttal, ¶¶12-13, 16-36; Allen Report, ¶¶59-61; Allen Rebuttal, ¶¶21-24; *see also* ECF No. 143 at 14. Plaintiff further responds that the Yates Memo revealed that defendants' statements to investors about the quality and cost of the services CoreCivic provided to the BOP, as well as defendants' statements to investors about the strength of CoreCivic's relationship with the BOP, were materially false and misleading. The Yates Memo was also a materialization of risks about which defendants misled investors, stating that:

Private prisons . . . compare poorly to our own Bureau facilities. They simply do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and as noted in a recent report by the Department's Office of Inspector General, they do not maintain the same level of safety and security. The rehabilitative services that the Bureau provides, such as educational programs and job training, have proved difficult to replicate and outsource – and these services are essential to reducing recidivism and improving public safety.

For all these reasons, I am eager to enlist your help in beginning the process of reducing – and ultimately ending – our use of privately operated prisons. As you know, all of the Bureau's existing contracts with private prison companies are term-limited and subject to renewal or termination. I am directing that, as each contract reaches the end of its term, the Bureau should either decline to renew that contract or substantially reduce its scope in a manner consistent with law and the overall decline of the Bureau's inmate population.

INTERROGATORY NO. 28:

State the basis for, and identify all Documents supporting, your contention that CoreCivic's stock price dropped on August 18, 2016, as a result of investors learning that CoreCivic did not provide quality corrections services or cost savings to its government partners, and not because of some other reason.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:

Plaintiff reiterates its Objections and Responses of May 1, 2020.

Subject to and without waiving the foregoing objections, Plaintiff responds by stating that CoreCivic's stock price dropped on August 18, 2016, due to the release of the Yates Memo, which was a materialization of risks about which defendants had misled investors, and stated that:

Private prisons . . . compare poorly to our own Bureau facilities. They simply do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and as noted in a recent report by the Department's Office of Inspector General, they do not maintain the same level of safety and security. The rehabilitative services that the Bureau provides, such as educational programs and job training, have proved difficult to replicate and outsource – and these services are essential to reducing recidivism and improving public safety.

- 10 -

For all these reasons, I am eager to enlist your help in beginning the process of reducing – and ultimately ending – our use of privately operated prisons. As you know, all of the Bureau's existing contracts with private prison companies are term-limited and subject to renewal or termination. I am directing that, as each contract reaches the end of its term, the Bureau should either decline to renew that contract or substantially reduce its scope in a manner consistent with law and the overall decline of the Bureau's inmate population.

DATED: October 20, 2020      ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

Cases\4835-5669-1663.v1-10/20/20

## <u>DECLARATION OF SERVICE BY E-MAIL</u>

I, Sarah A. Morris, not a party to the within action, hereby declare that on October 20, 2020, I caused to be served the attached PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF by e-mail on the parties to the within action, addressed as follows:

| NAME | FIRM | EMAIL |
|------|------|-------|
| David J. Schindler<br>Brian T. Glennon<br>Eric C. Pettis<br>Meryn Grant | LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Suite 100<br>Los Angeles, CA 90071 | david.schindler@lw.com<br>brian.glennon@lw.com<br>eric.pettis@lw.com<br>meryn.grant@lw.com |
| Morgan E. Whitworth | LATHAM & WATKINS LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111 | morgan.whitworth@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK &<br>JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN 37203 | tmcgee@rwjplc.com<br>sriley@rwjplc.com |
| Sarah A. Tomkowiak | LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304 | sarah.tomkowiak@lw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 20, 2020, at Chicago, Illinois.

_____
SARAH A. MORRIS

## VERIFICATION

I, Deborah Silodor, hereby state that I am Executive Vice President & General Counsel of Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. I am authorized in that capacity to execute this Verification. I have read the foregoing Plaintiff's Supplemental Objections and Responses to Defendant Corecivic, Inc.'s Second Set of Interrogatories to Plaintiff and know the contents thereof, and I certify that the same is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this day of October 20, 2020, at Wyckoff, New Jersey.

_____

DEBORAH SILODOR