UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                    Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.    Introduction

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff,[1] on behalf of the certified Class of CCA investors, respectfully moves the Court for summary judgment on the element of class-wide reliance. This is a fraud-on-the-market case, and on the element of class-wide reliance, there is no genuine dispute that: (1) Defendants' alleged material misrepresentations were publicly known; (2) CCA securities traded in an efficient market during the Class Period;[2] and (3) Plaintiff and members of the Class traded their CCA securities between the time of Defendants' misrepresentations and the disclosure of the truth. Accordingly, Plaintiff has put forth admissible, unrebutted evidence that it is entitled to the fraud-on-the-market presumption of class-wide reliance as first articulated in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988).

---

[1]    Plaintiff" is Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA"), Damon T. Hininger, David M. Garfinkle, Todd Mullenger and Harley G. Lappin. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

[2]    The "Class Period" is between February 27, 2012 and August 17, 2016, inclusive.

- 1 -

## II. Background

As this Court has recognized, Plaintiff in this securities fraud class action alleges that Defendants engaged in a scheme to defraud and made three categories of misleading claims in Defendants' statements (*see* ECF No. 76 at 14-19, 24-3): "1. General Claims of Quality & Savings" fraud (*id.* at 14); "2. Claims About Compliance with Particular Standards" (*id.* at 17); and "3. Claims About Client Relationships and Contract Renewals" (*id.* at 18). Once Defendants voluntarily chose to make such statements, they "'assume[d] a duty to speak fully and truthfully on th[e] subject[].'" *Id.* at 25 (alterations in original). Defendants violated this duty each time they made statements that included these claims because each statement omitted information that would have enabled investors to understand that at least as to one important government client, the Federal Bureau of Prisons ("BOP"), there were many indications that the quality and savings of CCA's services, its compliance, and the strength of its relationship were below the levels Defendants represented. Put simply, these indications demonstrated that, despite Defendants' constant refrain, they were not providing an adequate level of quality while offering cost savings. These indications included numerous internally and externally flagged problems in various forms (including Notices of Concern, multiple deficiencies (including crucial services), repeat deficiencies and worse), deductions for nonconformance and understaffing, which were due in large part to CCA's artificial cost "savings" (cheaper wages, worse benefits and more remote locations, not greater efficiency).

## III. Summary Judgment Standard

Pursuant to Rule 56(a), summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 448 (6th Cir. 2020). Summary judgment may be entered "as to an entire case . . . [or] as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment. Rule 56 expressly "authorizes

- 2 -
Cases\4819-0487-0866.v1-11/20/20
Case 3:16-cv-02267   Document 348   Filed 11/20/20   Page 2 of 12 PageID #: 11690

the entry of partial summary judgment." *Huss v. King Co.*, 338 F.3d 647, 650 (6th Cir. 2003); *see also Wuliger v. Christie*, 310 F. Supp. 2d 897, 900-01 (N.D. Ohio 2004) ("When construing a motion for partial summary judgment, the court employs the normal summary judgment standard."). "Partial summary judgment is appropriate to narrow the disputed issues for trial." *In re Rospatch Sec. Litig.*, 1992 WL 226912, at *4 (W.D. Mich. July 8, 1992); *accord Wuliger*, 310 F. Supp. 2d at 900-01 ("The effect of a partial summary judgment ruling is to narrow the issues for further disposition."). Indeed, partial summary judgment can be "an efficient use of the Court's time, given that the Court will be (contemporaneously) considering [d]efendant's motion for summary judgment anyway" and "a successful motion for partial summary judgment . . . would narrow the issues and therefore reduce the time needed for trial." *PSC Indus., Inc. v. Johnson*, 2020 WL 6365516, at *2 (M.D. Tenn. Aug. 12, 2020); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2712 (4th Ed. 2020) (Rule 56 "is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials when no genuine issues of fact have been raised").

The initial burden of showing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party has the burden of proof [on the relevant issue], their 'showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Allan v. Penn. Higher Educ. Assistance Agency*, 968 F.3d 567, 570-71 (6th Cir. 2020).[3] Where a movant does not bear the burden at trial, its burden is satisfied "by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. In either case, the movant's showing of a *prima facie* entitlement to summary judgment "shifts the burden of production to the

---

[3] All citations are omitted and emphasis is added unless otherwise noted.

- 3 -
Cases\4819-0487-0866.v1-11/20/20
Case 3:16-cv-02267   Document 348   Filed 11/20/20   Page 3 of 12 PageID #: 11691

party opposing the motion and requires that party . . . to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial." *Id.* at 331. In the absence of such evidence, summary judgment is proper. *Kenney*, 965 F.3d at 448.

## IV. Summary Judgment Is Warranted on Class-wide Reliance

To prevail on a misstatement or omission claim under §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j, a plaintiff must prove: (1) defendants made a material misrepresentation or omission; (2) with scienter; (3) in connection with the purchase or sale of a security; (4) on which the plaintiff relied; and (5) which caused the plaintiff to suffer damages. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37 (2011). Where, as here, a plaintiff alleges fraud-on-the-market, reliance is established if: "(1) the alleged misrepresentations were publicly known, (2) they were material, (3) the stock traded in an efficient market, and (4) the plaintiff traded the stock between when the misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276-78 (2014) ("*Halliburton II*"). Indeed, the Supreme Court has repeatedly held that "courts may presume that investors trading in efficient markets indirectly rely on public, material misrepresentations through their 'reliance on the integrity of the price set by the market.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 462 (2013); *see also Basic*, 485 U.S. at 330; *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812 (2011) ("*Halliburton I*"); *Halliburton II*, 573 U.S. at 278.

As set forth below, there is no dispute that the allegedly false and misleading statements in this case were publicly known, that CCA's stock traded in an efficient market, and that Plaintiff and members of the Class purchased CCA stock between February 27, 2012, when Defendants first made their misrepresentations, and August 17, 2016, after which the Yates Memo[4] was released.

---

[4] Sally Q. Yates, "Reducing our Use of Private Prisons," dated August 18, 2016 ("Yates Memo").

With respect to the materiality of Defendants' misrepresentations, that issue will be decided separately by the jury, as it is an independent element of the §10(b) claim. *Matrixx*, 563 U.S. at 37. Accordingly, if the jury determines that Defendants' statements and omissions were materially false or misleading, there will be no need for the jury to revisit the issue of materiality to make a finding of reliance; if the jury finds that Defendants did not make materially false statements or omit material information, the issue of reliance is moot. *See Amgen*, 568 U.S. at 473 (contrasting market efficiency with materiality and noting the latter is an "indispensable element[] of a Rule 10b-5 claim").

### A. Defendants' False and Misleading Statements Were Publicly Known

Plaintiff alleged that Defendants made false and misleading statements that were publicly disseminated in press releases, conference calls with analysts and investors, and United States Securities and Exchange Commission filings. *See* Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment ("SUF") Nos. 2-33, filed concurrently herewith. In Defendants' Answer to Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 81), Defendants admitted that each of the alleged false and misleading statements were publicly available and disseminated. *Id*.; *see also, e.g.*, *id*. at 17 ("Defendants admit that they made periodic public statements during the Class Period.").

### B. CCA's Common Stock Traded in an Efficient Market

The fundamental element for establishing class-wide reliance in a fraud-on-the-market case is market efficiency. *See Halliburton I*, 563 U.S. at 813 (observing that *Basic*'s "fundamental premise" is "that an investor presumptively relies on a misrepresentation so long as it was reflected in the market price at the time of his transaction"). Here, Plaintiff has offered the expert opinion of W. Scott Dalrymple ("Dalrymple") that CCA's stock traded in an efficient market throughout the Class Period. SUF No. 34. Specifically, Dalrymple has opined that:

- the market for CCA common stock was active, based on average daily trading volume and percentage of outstanding shares traded weekly (*id.* No. 36);

- CCA was the subject of broad analyst coverage and extensive media coverage throughout the Class Period (*id.* No. 37);

- CCA common stock traded on the New York Stock Exchange during the Class Period, indicating a large number of market makers and the relative ease of transacting in CCA common stock (*id.* No. 38);

- CCA was eligible to file an S-3 Registration Statement during the Class Period (*id.* No. 39);

- CCA had a large market capitalization and public float during the Class Period (*id.* No. 40);

- CCA had a narrow bid-ask spread during the Class Period (*id.* No. 41); and

- based on an event study, the price of CCA's common stock reacted to company-specific news in a statistically significant manner (*id.* No. 42).

Dalrymple has also established that CCA's stock price decreased in response to the alleged materialization of the concealed risks on August 3, 2016 and August 18, 2016. *Id*. Nos. 43-44.

This evidence affords Plaintiff "a presumption of reliance," meaning Defendants can defeat summary judgment only if they "show that the price was not affected by their misrepresentation or that the plaintiff did not trade in reliance on the integrity of the market price," *Levinson v. Basic Inc.*, 871 F.2d 562, 564 (6th Cir. 1989); *accord Halliburton II*, 573 U.S. at 268-69, sufficiently to show a "genuine dispute of material fact" for trial. *Kenney*, 965 F.3d at 448. But Defendants have made no effort to challenge Dalrymple's finding of market efficiency. Indeed, when asked at her October 14, 2020, deposition, Defendants' expert, Lucy P. Allen, confirmed that, "I have not been asked to analyze, nor have I, whether [CCA] stock was efficient during the class period." SUF No. 35. Finally, this Court has already concluded that CCA's stock traded in an efficient market during the Class Period. ECF No. 165 at 35.

### C. Plaintiff and Class Members Purchased CCA Stock After Defendants' Misrepresentations Were Made and Before the Truth Was Revealed

There is no dispute that Plaintiff purchased CCA stock between Defendants' initial false and misleading statements on February 27, 2012, and the release of the Yates Memo on August 18, 2016. More importantly, because this is a certified class action, there is also no dispute that Class members purchased stock between the time of the misrepresentations and the disclosure of the truth. By its very definition, only investors who purchased CCA stock during the Class Period are members of the Class. ECF No. 166.

### D. Defendants Cannot Rebut the Presumption of Class-wide Reliance

The presumption of class-wide reliance in a fraud-on-the-market case is rebuttable. *Halliburton II*, 573 U.S. at 294. To rebut the presumption, Defendants must put forth "evidence that an alleged misrepresentation did not actually affect the market price of the stock." *Id.* at 284; *see also id.* ("it is incumbent upon the defendant to show the absence of price impact" (Ginsburg, J., concurring)); *Cosby v. KPMG, LLP*, 2020 WL 3548379, at *22 (E.D. Tenn. June 29, 2020) ("'Because Defendants have the burden of showing an absence of price impact, they must show that price impact is ***inconsistent*** with the results of their analysis.'") (quoting *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *13 (N.D. Ohio. Aug. 14, 2018)).

However, as this Court has already concluded when certifying the Class, "[CCA] has failed to rebut the *Basic* presumption by demonstrating a lack of price impact." ECF No. 165 at 35. Nothing in the record has changed since the Court certified the Class that could support a different result now.

As Plaintiff has "put forth unrebutted evidence that [CCA] securities traded on an efficient market," summary judgment is warranted "on the issue of class-wide reliance." *In re Celestica Inc. Sec. Litig.*, 2014 WL 4160216, at *12 n.15 (S.D.N.Y. Aug. 20, 2014); *see also Allan*, 968 F.3d at

570-71 (summary judgment appropriate where "no reasonable trier of fact could find other than for the moving party").

## V. Conclusion

Defendants have failed to rebut the presumption of class-wide reliance. For this and all the foregoing reasons, Plaintiff respectfully requests an order entering partial summary judgment on the element of reliance.

DATED: November 20, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

              BARRETT JOHNSTON MARTIN
                & GARRISON, LLC
              JERRY E. MARTIN, #20193
              Bank of America Plaza
              414 Union Street, Suite 900
              Nashville, TN 37219
              Telephone: 615/244-2202
              615/252-3798 (fax)

              Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 20, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

         s/ Christopher M. Wood
         CHRISTOPHER M. WOOD

         ROBBINS GELLER RUDMAN
             & DOWD LLP
         414 Union Street, Suite 900
         Nashville, TN 37219
         Telephone: 800/449-4900
         615/252-3798 (fax)

         E-mail: cwood@rgrdlaw.com

- 1 -
Cases\4819-0487-0866.v1-11/20/20
Case 3:16-cv-02267   Document 348   Filed 11/20/20   Page 10 of 12 PageID #: 11698

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

Case 3:16-cv-02267    Document 348    Filed 11/20/20    Page 11 of 12 PageID #: 11699

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`