UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Pursuant to Local Rule 56.01(b), Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), submits this Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment. These uncontroverted facts require that summary judgment be entered in favor of Plaintiff with respect to the "fraud-on-the-market" presumption of reliance.

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 1. | Plaintiff purchased Corrections Corporation of America ("CCA")[1] common stock during the period February 27, 2012 to August 17, 2016 (the "Class Period"). | Exs. 1-2[2] | |
| 2. | Plaintiff alleges that, during the Class Period, Defendants[3] made materially false and misleading statements and omissions. | ECF No. 57, ¶¶35, 115-169 | |

---

[1] Now doing business as CoreCivic, Inc.

[2] All exhibits referenced herein are attached to the Declaration of Christopher M. Wood in Support of Plaintiff's Motion for Partial Summary Judgment, filed concurrently herewith.

[3] Defendants are CCA, Damon T. Hininger ("Hininger"), David M. Garfinkle, Todd Mullenger, and Harley G. Lappin.

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 3. | Defendants' November 4, 2011 alleged false and misleading statements were contained in CCA's Form 10-Q and Sarbanes-Oxley ("SOX") certifications filed with the U.S. Securities and Exchange Commission ("SEC") and available to the public on November 4, 2011 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 132; ECF No. 81, ¶¶118, 130, 132 | |
| 4. | Defendants' February 27, 2012 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2012 through the SEC's Internet website. | ECF No. 57, ¶¶118-120, 122-123, 126-129, 133, 135; ECF No. 81, ¶¶118-120, 122-123, 126-129, 132, 135 | |
| 5. | Defendants' March 5, 2012 alleged false and misleading statements were contained in a CCA spokesperson's email in response to the *Lewiston Morning Tribune* article titled: "Can private prisons be run cheaper?: In Idaho, no one has actually done the math to find out," and available to the public on March 5, 2012 through the *Lewiston Morning Tribune*'s article. | ECF No. 57, ¶142; ECF No. 81, ¶142 | |
| 6. | Defendants' May 7, 2012 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 7, 2012 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 7. | Defendants' November 8, 2012 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 8, 2012 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 8. | Defendants' February 27, 2013 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2013 through the SEC's Internet website. | ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 136; ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 136 | |

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 9. | Defendants' May 9, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 9, 2013 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 10. | Defendants' August 8, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 8, 2013 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 11. | Defendants' October 2, 2013 alleged false and misleading statements were made during CCA's 2013 Analyst Day Presentation available for public participation. | ECF No. 57, ¶¶149, 151, 153; ECF No. 81, ¶¶149, 151, 153 | |
| 12. | Defendants' November 7, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 7, 2013 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 13. | Defendants' February 27, 2014 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2014 through the SEC's Internet website. | ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(a); ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137(a) | |
| 14. | Defendants' May 5, 2014 alleged false and misleading statements were contained in a CCA spokesperson's response to the *Chattanooga Times Free Press* article titled: "Critics point finger at CCA: For-profit prison operator taken to task for campaign giving, operations," and available to the public on May 5, 2014 through the *Chattanooga Times Free Press*' article. | ECF No. 57, ¶155; ECF No. 81, ¶155 | |
| 15. | Defendants' May 8, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 8, 2014 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 16. | Defendants' June 5, 2014 alleged false and misleading statements were made during CCA's REITWeek: NAREIT's Investor Forum presentation available for public participation. | ECF No. 57, ¶157; ECF No. 81, ¶157 | |
| 17. | Defendants' August 7, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 7, 2014 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 18. | Defendants' November 5, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 5, 2014 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 19. | Defendants' November 7, 2014 alleged false and misleading statements were made during CCA's Third Quarter 2014 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 20. | Defendants' February 24, 2015 alleged false and misleading statements were made during CCA's Fourth Quarter 2014 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 21. | Defendants' February 25, 2015 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 25, 2015 through the SEC's Internet website. | ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(b); ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137 | |
| 22. | Defendants' May 7, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 7, 2015 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 23. | Defendants' May 19, 2015 alleged false and misleading statements were made during CCA's First Quarter 2015 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 24. | Defendants' August 6, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 6, 2015 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133 | |
| 25. | Defendants' August 21, 2015 alleged false and misleading statements were made during CCA's Second Quarter 2015 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 26. | Defendants' November 5, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 5, 2015 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133, 139; ECF No. 81, ¶¶118, 130, 133, 139 | |
| 27. | Defendants' November 12, 2015 alleged false and misleading statements were made during CCA's Third Quarter 2015 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 28. | Defendants' February 24, 2016 alleged false and misleading statements were made during CCA's Fourth Quarter 2015 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 29. | Defendants' February 25, 2016 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 25, 2016 through the SEC's Internet website. | ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(c), 140; ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137, 140 | |
| 30. | Defendants' March 30, 2016 alleged false and misleading statements were made in defendant Hininger's March 30, 2016 annual letter to CCA shareholders, available to the public on March 30, 2016 through CCA's Internet website. | ECF No. 57, ¶35; ECF No. 81, ¶35 | |
| 31. | Defendants' May 5, 2016 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 5, 2016 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133, 140; ECF No. 81, ¶¶118, 130, 133, 140 | |

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 32. | Defendants' May 17, 2016 alleged false and misleading statements were made during CCA's First Quarter 2016 Investor Presentation available for public participation. | ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164 | |
| 33. | Defendants' August 4, 2016 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 4, 2016 through the SEC's Internet website. | ECF No. 57, ¶¶118, 130, 133, 140; ECF No. 81, ¶¶118, 130, 133, 140 | |
| 34. | On August 7, 2020, Plaintiff disclosed W. Scott Dalrymple, CFA's ("Dalrymple") expert opinion that CCA's stock traded in an efficient market during the Class Period. | Ex. 3 | |
| 35. | Defendants' expert, Lucy P. Allen, does not have an opinion regarding whether CCA's stock traded in an efficient market during the Class Period. | Ex. 4 at 62:22-63:13 ("I have not been asked to analyze, nor have I, whether CoreCivic stock was efficient during the class period.) | |
| 36. | During the Class Period, the market for CCA common stock was active. | Ex. 3, Appendix C, ¶¶9-11 | |
| 37. | During the Class Period, at least eight analyst firms covered CCA and published at least 250 analyst reports. | Ex. 3, Appendix C, ¶¶12-16 | |
| 38. | During the Class Period, CCA common stock traded on the New York Stock Exchange, and there were at least four market makers for the stock, while 76% of CCA's publicly available common stock was held by institutional investors. | Ex. 3, Appendix C, ¶¶17-23 | |
| 39. | During the Class Period, CCA was eligible to file a Form S-3 Registration Statement and filed one in May 2015. | Ex. 3, Appendix C, ¶¶24-26 | |
| 40. | During the Class Period, CCA's market capitalization exceeded $2.4 billion on every day of the Class Period and was included in the S&P Midcap 400 index. | Ex. 3, Appendix C, ¶¶47-51 | |
| 41. | During the Class Period, CCA's percentage bid-ask spread averaged 0.045%. | Ex. 3, Appendix C, ¶¶52-54 | |

4836-4110-8690.v1

| No. | Undisputed Material Fact | Supporting Evidence | Response |
|---|---|---|---|
| 42. | Dalrymple's event study shows that the price of CCA's common stock during the Class Period reacted to company-specific news in a statistically significant manner. | Ex. 3, ¶¶40-48 & Appendix C, ¶¶32-40 | |
| 43. | CCA's August 3, 2016 disclosure (made after the close of trading) announcing that the Bureau of Prisons contract for CCA's Cibola facility was not being renewed caused a decline in CCA's stock price. | Ex. 3, ¶¶30, 52-53; *see also id*. at Exhibit 1 | |
| 44. | The August 18, 2016 Yates Memorandum caused a decline in CCA's stock price. | Ex. 3, ¶¶54-55; *see also id*. at Exhibit 2 | |

DATED: November 20, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 20, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

Case 3:16-cv-02267    Document 349    Filed 11/20/20    Page 10 of 11 PageID #: 11710

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`