# EXHIBIT 66

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>               Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br>Magistrate Judge Jeffery S. Frensley<br><br>DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES |

Pursuant to Federal Rules of Civil Procedure 26 and 33, the applicable Local Rules of the United States District Court for the Middle District of Tennessee, and Administrative Order No. 174-1, Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants") by and through their undersigned counsel, hereby object and respond to the Second Set of Interrogatories to Defendants by Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiffs") dated May 15, 2020 (the "Interrogatories").

## I. PRELIMINARY STATEMENT

The following responses are made in good faith after an inquiry within the timeframe provided. In responding to these Interrogatories, Defendants state that they have not undertaken to search or review each and every file and record in their possession, custody, or control, because to do so would be unduly burdensome, expensive, and not proportional to the needs of the case. Furthermore, the Interrogatories that ask Defendants to "[i]dentify all facts, documents, testimony and communications that support any contention" regarding actions or knowledge of third parties are unduly burdensome, expensive, and not proportional to the needs of the case. It would be impossible for Defendants to identify all facts, documents, testimony or communications regarding actions or knowledge of a third party, because that evidence is not within Defendants' possession, custody or control. Further, Defendants have produced hundreds of thousands of documents in this matter, totaling millions of pages, and the Interrogatories that ask Defendants to "[i]dentify all documents" requires a re-review of the entire production set. For these Interrogatories, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants will specify the records that must be reviewed, in sufficient detail to allow Plaintiffs to locate and identify the documents requested.

Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses. Furthermore, these responses were prepared on

Defendants' good faith interpretation and understanding of the definitions in the Interrogatories, and are subject to correction for inadvertent errors or omissions, if any. Defendants reserve the right, but do not assume any obligation beyond the requirements of the Federal Rules, to amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to an Interrogatory is not a waiver by Defendants of their right to object to any other part of the Interrogatory.

In objecting and responding to the Interrogatories, Defendants do not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses. Defendants reserve the right to challenge on evidentiary grounds any information provided in response to the Interrogatories.

Subject to the foregoing, Defendants respond as follows:

## II. OBJECTIONS TO INSTRUCTIONS

Defendants object to Plaintiffs' Instruction Nos. 1 and 4 on the following bases:

1. Defendants object to Instruction No. 1 to the extent it seeks documents that are not within Defendants' possession, custody or control.

2. Defendants object to Instruction No. 4 as purporting to require disproportionate privilege logging beyond any applicable legal obligation. *See, e.g.,* Fed. R. Civ. P. 26; Admin Order No. 174-1, §8(b).

## III. OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiffs' Definition Nos. 2, 3, 6, 7, and 8 on the following bases:

1. Defendants object to Definition No. 2 "BOP" as overly broad, unduly burdensome, vague and ambiguous because the definition includes various unnamed persons and entities. Defendants will interpret the term "BOP facilities" herein to refer to Adams County Correctional Center, Cibola County Correctional Center, Eden Detention Center, McRae Correctional Facility, and Northeast Ohio Correctional Center.

2. Defendants object to Definition No. 4 "CCA" or the "Company" as overly broad, unduly burdensome, vague and ambiguous because the definition includes "any of its

- Analyst Reports regarding CoreCivic's stock, including those issued between January 5, 2011 and November 30, 2017 as identified by Lucy Allen in Dkt. Nos. 99-3, 135-5;
- "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons", Department of Justice, Office of Inspector General, August 2016 (Dkt. 99-1);
- "Reducing our Use of Private Prisons," Office of the Deputy Attorney General, August 18, 2016 (CORECIVIC_0038964-66);
- "Rescission of Memorandum on Use of Private Prisons," Office of the Attorney General, February 21, 2017; and
- CoreCivic's publicly available SEC Filings and public disclosures for the duration of the Class Period.

INTERROGATORY NO. 23:

Identify all notices of concern concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all notices of concern" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all notices of concern in their possession and located with a reasonable search. Each of these notices of concern should provide Plaintiffs with sufficient detail to enable Plaintiffs to locate and identify the requested documents in Defendants' document productions. *See* Fed. R. Civ. P. 33(d).

Subject to the foregoing objections, Defendants identify the following documents reflecting Notices of Concern and responses:

Adams:
- CORECIVIC_2059191
- CORECIVIC_0050345
- CORECIVIC_0179370
- CORECIVIC_0050349
- CORECIVIC_2029823
- CORECIVIC_0050347
- CORECIVIC_1471637
- CORECIVIC_1961744
- CORECIVIC_1140873
- CORECIVIC_1975281
- CORECIVIC_0179382
- CORECIVIC_0179414
- CORECIVIC_0093977
- CORECIVIC_0709706
- CORECIVIC_0179415
- CORECIVIC_0684692
- CORECIVIC_0381812
- CORECIVIC_0179440
- CORECIVIC_1473119
- CORECIVIC_1968671
- CORECIVIC_1970091
- CORECIVIC_0605910
- CORECIVIC_1474926
- CORECIVIC_0422678
- CORECIVIC_0137125
- CORECIVIC_2077767
- CORECIVIC_0191867
- CORECIVIC_0185551
- CORECIVIC_1970408
- CORECIVIC_0191865
- CORECIVIC_0095095
- CORECIVIC_2077771
- CORECIVIC_0185630
- CORECIVIC_0192627
- CORECIVIC_0422694
- CORECIVIC_0422696
- CORECIVIC_0049084
- CORECIVIC_0422698
- CORECIVIC_0192984
- CORECIVIC_0711198
- CORECIVIC_1489846
- CORECIVIC_1489845
- CORECIVIC_1472648
- CORECIVIC_1960612
- CORECIVIC_1489838
- CORECIVIC_0375327
- CORECIVIC_0098641
- CORECIVIC_0083481
- CORECIVIC_1489333
- CORECIVIC_0096362
- CORECIVIC_0096503
- CORECIVIC_0084781
- CORECIVIC_1960623
- CORECIVIC_0097041
- CORECIVIC_0356749
- CORECIVIC_0098646
- CORECIVIC_0085612
- CORECIVIC_0029205
- CORECIVIC_0158473
- CORECIVIC_0098437
- CORECIVIC_0158491
- CORECIVIC_2001163
- CORECIVIC_0098438
- CORECIVIC_2002119
- CORECIVIC_1489798
- CORECIVIC_0042247
- CORECIVIC_0184532
- CORECIVIC_0720197
- CORECIVIC_0198203
- CORECIVIC_0996986
- CORECIVIC_1485065
- CORECIVIC_0302966
- CORECIVIC_1008573
- CORECIVIC_1435625
- CORECIVIC_0302854
- CORECIVIC_1008583
- CORECIVIC_0181061
- CORECIVIC_0302933
- CORECIVIC_0990787
- CORECIVIC_1973864
- CORECIVIC_1966192
- CORECIVIC_1009039

CS5-DOCS\116475370.4

- CORECIVIC_0181069
- CORECIVIC_0302506
- CORECIVIC_0181092
- CORECIVIC_1084499
- CORECIVIC_0303024
- CORECIVIC_0181097
- CORECIVIC_1084504
- CORECIVIC_0181051

Cibola:
- CORECIVIC_0050352
- CORECIVIC_1987201
- CORECIVIC_1798353
- CORECIVIC_0133195
- CORECIVIC_0190518
- CORECIVIC_0290039
- CORECIVIC_0095082
- CORECIVIC_0095089
- CORECIVIC_0290637
- CORECIVIC_0150837
- CORECIVIC_0895023
- CORECIVIC_0290633
- CORECIVIC_0044093
- CORECIVIC_0049082
- CORECIVIC_0290632
- CORECIVIC_0096159
- CORECIVIC_0049064
- CORECIVIC_0051360
- CORECIVIC_0096570
- CORECIVIC_0290620
- CORECIVIC_0047212
- CORECIVIC_0290613
- CORECIVIC_0030475
- CORECIVIC_0290611
- CORECIVIC_0151518
- CORECIVIC_0290530
- CORECIVIC_0290525
- CORECIVIC_0037686
- CORECIVIC_0098789
- CORECIVIC_0290486
- CORECIVIC_0038193
- CORECIVIC_0124719
- CORECIVIC_0290480
- CORECIVIC_2166690

- CORECIVIC_0903151
- CORECIVIC_0290471
- CORECIVIC_0038469
- CORECIVIC_0188050
- CORECIVIC_0290424
- CORECIVIC_0038503
- CORECIVIC_0172761
- CORECIVIC_0290401
- CORECIVIC_0042729
- CORECIVIC_0290387
- CORECIVIC_0290386
- CORECIVIC_0038656
- CORECIVIC_0290378
- CORECIVIC_1997108
- CORECIVIC_0038741
- CORECIVIC_0290359

Eden:
- CORECIVIC_0050337
- CORECIVIC_0250687
- CORECIVIC_1085994
- CORECIVIC_0050339
- CORECIVIC_0050343
- CORECIVIC_0992192
- CORECIVIC_0962917
- CORECIVIC_2064090
- CORECIVIC_1086015
- CORECIVIC_2064092
- CORECIVIC_0046679
- CORECIVIC_1473278
- CORECIVIC_0597087
- CORECIVIC_0125007
- CORECIVIC_0239292
- CORECIVIC_0990411
- CORECIVIC_0595167
- CORECIVIC_2064586
- CORECIVIC_0125015
- CORECIVIC_0125013
- CORECIVIC_1086071
- CORECIVIC_0239334
- CORECIVIC_0125017
- CORECIVIC_1086076
- CORECIVIC_2003497
- CORECIVIC_0025751
- CORECIVIC_0125021

US_DOCS\116475370.1

- CORECIVIC_0774762
- CORECIVIC_0033779
- CORECIVIC_0647535
- CORECIVIC_1086117
- CORECIVIC_2031982
- CORECIVIC_0304625
- CORECIVIC_0774769
- CORECIVIC_0038339
- CORECIVIC_0425366
- CORECIVIC_1086127
- CORECIVIC_0038489
- CORECIVIC_2083267
- CORECIVIC_0769844
- CORECIVIC_0038497
- CORECIVIC_0253539
- CORECIVIC_0769580
- CORECIVIC_0184896
- CORECIVIC_0253502
- CORECIVIC_1086210
- CORECIVIC_0186879
- CORECIVIC_0253487
- CORECIVIC_1086215
- CORECIVIC_1012639
- CORECIVIC_0253465
- CORECIVIC_0775625
- CORECIVIC_1009443
- CORECIVIC_1086227
- CORECIVIC_1003528
- CORECIVIC_0185116
- CORECIVIC_0034614

McRae:
- CORECIVIC_0050282
- CORECIVIC_0844418
- CORECIVIC_1086623
- CORECIVIC_2162730
- CORECIVIC_1953510
- CORECIVIC_1953512
- CORECIVIC_1086626
- CORECIVIC_1953522
- CORECIVIC_1953524
- CORECIVIC_1953529
- CORECIVIC_2023465
- CORECIVIC_2023467
- CORECIVIC_1953555
- CORECIVIC_2011161
- CORECIVIC_2011163
- CORECIVIC_2157022
- CORECIVIC_1957294
- CORECIVIC_1957411
- CORECIVIC_2046627

NEOCC:
- CORECIVIC_0740596
- CORECIVIC_0050308
- CORECIVIC_1089724
- CORECIVIC_1089727
- CORECIVIC_0979378
- CORECIVIC_1352981
- CORECIVIC_1089749
- CORECIVIC_0188726
- CORECIVIC_1089759
- CORECIVIC_1349097
- CORECIVIC_0370936
- CORECIVIC_1349085
- CORECIVIC_1351892
- CORECIVIC_0188429
- CORECIVIC_1088709
- CORECIVIC_0786786
- CORECIVIC_1088716
- CORECIVIC_1089780
- CORECIVIC_1089053
- CORECIVIC_1349253

INTERROGATORY NO. 24:

Identify all award fee determination letters concerning any of the BOP Prisons.

- CORECIVIC_0047207
- CORECIVIC_0184605

INTERROGATORY NO. 25:

Identify all Contract Facility Monitoring Reports concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all notices of concern" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all Contract Facility Monitoring Reports in its possession and located with a reasonable search. Each of these Contract Facility Monitoring Reports should provide Plaintiffs with sufficient detail to enable Plaintiffs to locate and identify the requested documents in Defendants' document productions. *See* Fed. R. Civ. P. 33(d).

Subject to the foregoing objections, Defendants identify the following documents reflecting Contract Facility Monitoring Reports:

Adams:
- CORECIVIC_0091563
- CORECIVIC_0488344
- CORECIVIC_0136703
- CORECIVIC_0189202
- CORECIVIC_0044229
- CORECIVIC_1084192
- CORECIVIC_0158314
- CORECIVIC_0528957
- CORECIVIC_0181030
- CORECIVIC_0545611
- CORECIVIC_1084255

Cibola:

- CORECIVIC_0050226
- CORECIVIC_0293365
- CORECIVIC_0125283
- CORECIVIC_0293348
- CORECIVIC_0144645
- CORECIVIC_0293291
- CORECIVIC_1473396
- CORECIVIC_1995286
- CORECIVIC_2166541
- CORECIVIC_0186382
- CORECIVIC_0293132
- CORECIVIC_0047727
- CORECIVIC_0293041

Eden:
- CORECIVIC_1087106
- CORECIVIC_1085742
- CORECIVIC_1085735
- CORECIVIC_0665443
- CORECIVIC_1087122
- CORECIVIC_1085758
- CORECIVIC_0192278
- CORECIVIC_1087181
- CORECIVIC_0239809
- CORECIVIC_0124959
- CORECIVIC_1087242
- CORECIVIC_0301622
- CORECIVIC_0619788
- CORECIVIC_0186986
- CORECIVIC_1021165

McRae:
- CORECIVIC_0488321
- CORECIVIC_1086406
- CORECIVIC_0080462
- CORECIVIC_0192952
- CORECIVIC_1086435
- CORECIVIC_0056737
- CORECIVIC_1086455
- CORECIVIC_0100179
- CORECIVIC_1086477
- CORECIVIC_0125772
- CORECIVIC_1086496

NEOCC:

- CORECIVIC_0050220
- CORECIVIC_1069538
- CORECIVIC_0151275
- CORECIVIC_1069561
- CORECIVIC_1069550
- CORECIVIC_0134790
- CORECIVIC_0151266
- CORECIVIC_1069581
- CORECIVIC_0083542

NTERROGATORY NO. 26:

Identify all Contractor Performance Assessment Reports concerning any of the BOP Prisons.

**RESPONSE:**

Defendants object on the basis that the Interrogatory is unduly burdensome because it is redundant of one or more Requests for Production. Defendants further object to the extent that this Interrogatory is not limited to the relevant time period and is therefore unduly burdensome, expensive and not proportional to the needs of this case. For the Class Period, Defendants object to the Interrogatory on the basis that Plaintiffs are equally able to identify "all Contractor Performance Assessment Reports" in documents produced by Defendants; requiring Defendants to do so is unduly burdensome, expensive, and not proportional to the needs of the case. Defendants will nonetheless identify all Contractor Performance Assessment Reports in their possession.

Subject to the foregoing objections, Defendants identify the following documents:

- CORECIVIC_1472479
- CORECIVIC_0684697
- CORECIVIC_0606109
- CORECIVIC_1974933
- CORECIVIC_1337363
- CORECIVIC_0728682
- CORECIVIC_1337417
- CORECIVIC_0045996
- CORECIVIC_0674188
- CORECIVIC_1337444
- CORECIVIC_0473652

| | |
|---|---|
| DATED: June 24, 2020 | Respectfully submitted: |

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br>Magistrate Judge Jeffery S. Frensley<br><br>VERIFICATION FOR CORECIVIC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES |

I, Patrick D. Swindle, declare that I am authorized to act as the agent of CoreCivic to verify CoreCivic's Responses to Plaintiffs' Second Set of Interrogatories as served on June 22, 2020 based upon the institutional knowledge available; that I have read the Responses and know the contents thereof; that certain of the information stated therein was assembled from business records and/or by employees and counselors; that I am informed that the facts stated in the Responses are true and correct to the best of the company's knowledge; and, based on the foregoing and upon information and belief, I verify under penalty of perjury that CoreCivic's Responses to Plaintiff's Second Set of Interrogatories are true and correct.

Executed this 24th day of June 2020.

_____
Patrick D. Swindle

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, this notice was served by email on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)


ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
Lead Counsel for Plaintiff


BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
Local Counsel

*/s/ Eleanor L. Eaton*
Eleanor L. Eaton