# EXHIBIT 89

(ii) The person giving the authorization is the person within the offeror's organization who is responsible for determining the prices being offered at the time the certification is made in the particular offer.

(3) If an offer is submitted jointly by two or more concerns, the certification provided by the representative of each concern applies only to the activities of that concern.

(b) Rejection of offers suspected of being collusive. (1) If the offeror deleted or modified paragraph (a)(1) or (3) or paragraph (b) of the certificate, the contracting officer shall reject the offeror's bid or proposal.

(2) If the offeror deleted or modified paragraph (a)(2) of the certificate, the offeror must have furnished with its offer a signed statement of the circumstances of the disclosure of prices contained in the bid or proposal. The chief of the contracting office shall review the altered certificate and the statement and shall determine, in writing, whether the disclosure was made for the purpose or had the effect of restricting competition. If the determination is positive, the bid or proposal shall be rejected; if it is negative, the bid or proposal shall be considered for award.

(3) Whenever an offer is rejected under paragraph (b)(1) or (2) of this section, or the certificate is suspected of being false, the contracting officer shall report the situation to the Attorney General in accordance with 3.303.

(4) The determination made under paragraph (2) of this section shall not prevent or inhibit the prosecution of any criminal or civil actions involving the occurrences or transactions to which the certificate relates.

## 3.103-3 The need for further certifications.

A contractor that properly executed the certificate before award does not have to submit a separate certificate with each proposal to perform a work order or similar ordering instrument issued pursuant to the terms of the contract, where the Government's requirements cannot be met from another source.

## 3.104 Procurement integrity.

## 3.104-1 Definitions.

As used in this section-

*Agency ethics official* means the designated agency ethics official described in 5 CFR 2638.201 or other designated person, including-

(1) Deputy ethics officials described in 5 CFR 2638.204, to whom authority under 3.104-6 has been delegated by the designated agency ethics official; and

(2) Alternate designated agency ethics officials described in 5 CFR 2638.202(b).

(a) "Compensation" means wages, salaries, honoraria, commissions, professional fees, and any other form of compensation, provided directly or indirectly for services rendered. Compensation is indirectly provided if it is paid to an entity other than the individual, specifically in exchange for services provided by the individual.

*Contractor bid or proposal information* means any of the following information submitted to a Federal agency as part of or in connection with a bid or proposal to enter into a Federal agency procurement contract, if that information has not been previously made available to the public or disclosed publicly:

(1) Cost or pricing data (as defined by 10 U.S.C.2306a(h)) with respect to procurements subject to that section, and 41 U.S.C. 3501(a)(2), with respect to procurements subject to that section.

(2) Indirect costs and direct labor rates.

(3) Proprietary information about manufacturing processes, operations, or techniques marked by the contractor in accordance with applicable law or regulation.

(4) Information marked by the contractor as "contractor bid or proposal information" in accordance with applicable law or regulation.

(5)  Information marked in accordance with 52.215-1(e).

*Decision to award a subcontract or modification of subcontract* means a decision to designate award to a particular source.

*Federal agency procurement* means the acquisition (by using competitive procedures and awarding a contract) of goods or services (including construction) from non-Federal sources by a Federal agency using appropriated funds. For broad agency announcements and small business innovation research programs, each proposal received by an agency constitutes a separate procurement for purposes of 41 U.S.C. chapter 21.

*In excess of $10,000,000* means-

(1)  The value, or estimated value, at the time of award, of the contract, including all options;

(2)  The total estimated value at the time of award of all orders under an indefinite-delivery, indefinite-quantity, or requirements contract;

(3)  Any multiple award schedule contract, unless the contracting officer documents a lower estimate;

(4)  The value of a delivery order, task order, or an order under a Basic Ordering Agreement;

(5)  The amount paid or to be paid in settlement of a claim; or

(6)  The estimated monetary value of negotiated overhead or other rates when applied to the Government portion of the applicable allocation base.

*Official* means-

(1)  An officer, as defined in 5 U.S.C.2104;

(2)  An employee, as defined in 5 U.S.C.2105;

(3)  A member of the uniformed services, as defined in 5 U.S.C.2101(3); or

(4)  A special Government employee, as defined in 18 U.S.C.202.

*Participating personally and substantially in a Federal agency procurement* means-

(1)  Active and significant involvement of an official in any of the following activities directly related to that procurement:

(i)  Drafting, reviewing, or approving the specification or statement of work for the procurement.:

(ii)  Preparing or developing the solicitation.

(iii)  Evaluating bids or proposals, or selecting a source.

(iv)  Negotiating price or terms and conditions of the contract.

(v)  Reviewing and approving the award of the contract.

(2)  "Participating personally" means participating directly, and includes the direct and active supervision of a subordinate's participation in the matter.

(3)  "Participating substantially" means that the official's involvement is of significance to the matter. Substantial participation requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. Participation may be substantial even though it is not determinative of the outcome of a particular matter. A finding of substantiality should be based not only on the effort devoted to a matter, but on the importance of the effort. While a series of peripheral involvements may be insubstantial, the single act of approving or participating in a critical step may be substantial. However, the review of procurement documents solely to determine compliance with regulatory, administrative, or budgetary procedures, does not constitute substantial participation in a procurement.

(4) Generally, an official will not be considered to have participated personally and substantially in a procurement solely by participating in the following activities:

(i) Agency-level boards, panels, or other advisory committees that review program milestones or evaluate and make recommendations regarding alternative technologies or approaches for satisfying broad agency-level missions or objectives.

(ii) The performance of general, technical, engineering, or scientific effort having broad application not directly associated with a particular procurement, notwithstanding that such general, technical, engineering, or scientific effort subsequently may be incorporated into a particular procurement.

(iii) Clerical functions supporting the conduct of a particular procurement.

(iv) For procurements to be conducted under the procedures of OMB Circular A-76, participation in management studies, preparation of in-house cost estimates, preparation of "most efficient organization" analyses, and furnishing of data or technical support to be used by others in the development of performance standards, statements of work, or specifications.

*Source selection evaluation board* means any board, team, council, or other group that evaluates bids or proposals.

## 3.104-2 General.

(a) This section implements 41 U.S.C. chapter 21, Restrictions on Obtaining and Disclosing Certain Information. Agency supplementation of 3.104, including specific definitions to identify individuals who occupy positions specified in 3.104-3(d)(1)(ii), and any clauses required by 3.104 must be approved by the senior procurement executive of the agency, unless a law establishes a higher level of approval for that agency.

(b) Agency officials are reminded that there are other statutes and regulations that deal with the same or related prohibited conduct, for example-

(1) The offer or acceptance of a bribe or gratuity is prohibited by 18 U.S.C. 201 and 10 U.S.C. 2207. The acceptance of a gift, under certain circumstances, is prohibited by 5 U.S.C. 7353 and 5 CFR Part 2635;

(2) Contacts with an offeror during the conduct of an acquisition may constitute "seeking employment," (see Subpart F of 5 CFR Part 2636 and 3.104-3(c)(2)). Government officers and employees (employees) are prohibited by 18 U.S.C. 208 and 5 CFR Part 2635 from participating personally and substantially in any particular matter that would affect the financial interests of any person with whom the employee is seeking employment. An employee who engages in negotiations or is otherwise seeking employment with an offeror or who has an arrangement concerning future employment with an offeror must comply with the applicable disqualification requirements of 5 CFR 2635.604 and 2635.606. The statutory prohibition in 18 U.S.C. 208 also may require an employee's disqualification from participation in the acquisition even if the employee's duties may not be considered "participating personally and substantially," as this term is defined in 3.104-1;

(3) Post-employment restrictions are covered by 18 U.S.C. 207 and 5 CFR parts 2637 and 2641, that prohibit certain activities by former Government employees, including representation of a contractor before the Government in relation to any contract or other particular matter involving specific parties on which the former employee participated personally and substantially while employed by the Government. Additional restrictions apply to certain senior Government employees and for particular matters under an employee's official responsibility;

(4) parts 14 and 15 place restrictions on the release of information related to procurements and other contractor information that must be protected under 18 U.S.C. 1905;

(5) Release of information both before and after award (see 3.104-4) may be prohibited by the Privacy Act (5 U.S.C. 552a), the Trade Secrets Act (18 U.S.C. 1905), and other laws; and

(6) Using nonpublic information to further an employee's private interest or that of another and engaging in a financial transaction using nonpublic information are prohibited by 5 CFR 2635.703.

## 3.104-3 Statutory and related prohibitions, restrictions, and requirements.

(a) Prohibition on disclosing procurement information (41 U.S.C. 2102). (1) A person described in paragraph (a)(2) of this subsection must not, other than as provided by law, knowingly disclose contractor bid or proposal information or source selection

information before the award of a Federal agency procurement contract to which the information relates. (See 3.104-4(a).)

(2) Paragraph (a)(1) of this subsection applies to any person who-

(i) Is a present or former official of the United States, or a person who is acting or has acted for or on behalf of, or who is advising or has advised the United States with respect to, a Federal agency procurement; and

(ii) By virtue of that office, employment, or relationship, has or had access to contractor bid or proposal information or source selection information.

(b) *Prohibition on obtaining procurement information (* 41 U.S.C. 2102). A person must not, other than as provided by law, knowingly obtain contractor bid or proposal information or source selection information before the award of a Federal agency procurement contract to which the information relates.

(c) Actions required when an agency official contacts or is contacted by an offeror regarding non-Federal employment (41 U.S.C. 2103). (1) If an agency official, participating personally and substantially in a Federal agency procurement for a contract in excess of the simplified acquisition threshold, contacts or is contacted by a person who is an offeror in that Federal agency procurement regarding possible non-Federal employment for that official, the official must-

(i) Promptly report the contact in writing to the official's supervisor and to the agency ethics official; and

(ii) Either reject the possibility of non-Federal employment or disqualify himself or herself from further personal and substantial participation in that Federal agency procurement (see 3.104-5) until such time as the agency authorizes the official to resume participation in that procurement, in accordance with the requirements of 18 U.S.C. 208 and applicable agency regulations, because-

(A) The person is no longer an offeror in that Federal agency procurement; or

(B) All discussions with the offeror regarding possible non-Federal employment have terminated without an agreement or arrangement for employment.

(2) A contact is any of the actions included as "seeking employment" in 5 CFR 2635.603(b). In addition, unsolicited communications from offerors regarding possible employment are considered contacts.

(3) Agencies must retain reports of employment contacts for 2 years from the date the report was submitted.

(4) Conduct that complies with 41 U.S.C. 2104 may be prohibited by other criminal statutes and the Standards of Ethical Conduct for Employees of the Executive Branch. See 3.104-2(b)(2).

(d) Prohibition on former official's acceptance of compensation from a contractor ( 41 U.S.C. 2104). (1) A former official of a Federal agency may not accept compensation from a contractor that has been awarded a competitive or sole source contract, as an employee, officer, director, or consultant of the contractor within a period of 1 year after such former official-

(i) Served, at the time of selection of the contractor or the award of a contract to that contractor, as the procuring contracting officer, the source selection authority, a member of a source selection evaluation board, or the chief of a financial or technical evaluation team in a procurement in which that contractor was selected for award of a contract in excess of $10,000,000;

(ii) Served as the program manager, deputy program manager, or administrative contracting officer for a contract in excess of $10,000,000 awarded to that contractor; or

(iii) Personally made for the Federal agency a decision to-

(A) Award a contract, subcontract, modification of a contract or subcontract, or a task order or delivery order in excess of $10,000,000 to that contractor;

(B) Establish overhead or other rates applicable to a contract or contracts for that contractor that are valued in excess of $10,000,000;

(C) Approve issuance of a contract payment or payments in excess of $10,000,000 to that contractor; or

    (D) Pay or settle a claim in excess of $10,000,000 with that contractor.

 (2) The 1-year prohibition begins on the date-

  (i) Of contract award for positions described in paragraph (d)(1)(i) of this subsection, or the date of contractor selection if the official was not serving in the position on the date of award;

  (ii) The official last served in one of the positions described in paragraph (d)(1)(ii) of this subsection; or

  (iii) The official made one of the decisions described in paragraph (d)(1)(iii) of this subsection.

 (3) Nothing in paragraph (d)(1) of this subsection may be construed to prohibit a former official of a Federal agency from accepting compensation from any division or affiliate of a contractor that does not produce the same or similar products or services as the entity of the contractor that is responsible for the contract referred to in paragraph (d)(1) of this subsection.

## 3.104-4 Disclosure, protection, and marking of contractor bid or proposal information and source selection information.

 (a) ==Except as specifically provided for in this subsection, no person or other entity may disclose contractor bid or proposal information or source selection information to any person other than a person authorized, in accordance with applicable agency regulations or procedures, by the agency head or the contracting officer to receive such information.==

 (b) Contractor bid or proposal information and source selection information must be protected from unauthorized disclosure in accordance with 14.401, 15.207, applicable law, and agency regulations.

 (c) Individuals unsure if particular information is source selection information, as defined in 2.101, should consult with agency officials as necessary. Individuals responsible for preparing material that may be source selection information as described at paragraph (10) of the "source selection information" definition in 2.101 must mark the cover page and each page that the individual believes contains source selection information with the legend *"Source Selection Information-See FAR 2.101 and 3.104."* Although the information in paragraphs (1) through (9) of the definition in 2.101 is considered to be source selection information whether or not marked, all reasonable efforts must be made to mark such material with the same legend.

 (d) Except as provided in paragraph (d)(3) of this subsection, the contracting officer must notify the contractor in writing if the contracting officer believes that proprietary information, contractor bid or proposal information, or information marked in accordance with 52.215-1(e) has been inappropriately marked. The contractor that has affixed the marking must be given an opportunity to justify the marking.

 (1) If the contractor agrees that the marking is not justified, or does not respond within the time specified in the notice, the contracting officer may remove the marking and release the information.

 (2) If, after reviewing the contractor's justification, the contracting officer determines that the marking is not justified, the contracting officer must notify the contractor in writing before releasing the information.

 (3) For technical data marked as proprietary by a contractor, the contracting officer must follow the procedures in 27.404-5.

 (e) This section does not restrict or prohibit-

 (1) A contractor from disclosing its own bid or proposal information or the recipient from receiving that information;

 (2) The disclosure or receipt of information, not otherwise protected, relating to a Federal agency procurement after it has been canceled by the Federal agency, before contract award, unless the Federal agency plans to resume the procurement;

 (3) Individual meetings between a Federal agency official and an offeror or potential offeror for, or a recipient of, a contract or subcontract under a Federal agency procurement, provided that unauthorized disclosure or receipt of contractor bid or proposal information or source selection information does not occur; or

 (4) The Government's use of technical data in a manner consistent with the Government's rights in the data.

 (f) This section does not authorize-

(1) The withholding of any information pursuant to a proper request from the Congress, any committee or subcommittee thereof, a Federal agency, the Comptroller General, or an Inspector General of a Federal agency, except as otherwise authorized by law or regulation. Any release containing contractor bid or proposal information or source selection information must clearly identify the information as contractor bid or proposal information or source selection information related to the conduct of a Federal agency procurement and notify the recipient that the disclosure of the information is restricted by 41 U.S.C. chapter 21;

(2) The withholding of information from, or restricting its receipt by, the Comptroller General in the course of a protest against the award or proposed award of a Federal agency procurement contract;

(3) The release of information after award of a contract or cancellation of a procurement if such information is contractor bid or proposal information or source selection information that pertains to another procurement; or

(4) The disclosure, solicitation, or receipt of bid or proposal information or source selection information after award if disclosure, solicitation, or receipt is prohibited by law. (See 3.104-2(b)(5) and subpart 24.2.)

## 3.104-5 Disqualification.

(a) *Contacts through agents or other intermediaries.* Employment contacts between the employee and the offeror, that are conducted through agents, or other intermediaries, may require disqualification under 3.104-3(c)(1). These contacts may also require disqualification under other statutes and regulations. (See 3.104-2(b)(2).)

(b) *Disqualification notice*. In addition to submitting the contact report required by 3.104-3(c)(1), an agency official who must disqualify himself or herself pursuant to 3.104-3(c)(1)(ii) must promptly submit written notice of disqualification from further participation in the procurement to the contracting officer, the source selection authority if other than the contracting officer, and the agency official's immediate supervisor. As a minimum, the notice must-

(1) Identify the procurement;

(2) Describe the nature of the agency official's participation in the procurement and specify the approximate dates or time period of participation; and

(3) Identify the offeror and describe its interest in the procurement.

(c) Resumption of participation in a procurement. (1) The official must remain disqualified until such time as the agency, at its sole and exclusive discretion, authorizes the official to resume participation in the procurement in accordance with 3.104-3(c)(1)(ii).

(2) After the conditions of 3.104-3(c)(1)(ii)(A) or (B) have been met, the head of the contracting activity (HCA), after consultation with the agency ethics official, may authorize the disqualified official to resume participation in the procurement, or may determine that an additional disqualification period is necessary to protect the integrity of the procurement process. In determining the disqualification period, the HCA must consider any factors that create an appearance that the disqualified official acted without complete impartiality in the procurement. The HCA's reinstatement decision should be in writing.

(3) Government officer or employee must also comply with the provisions of 18 U.S.C.208 and 5 CFR part 2635 regarding any resumed participation in a procurement matter. Government officer or employee may not be reinstated to participate in a procurement matter affecting the financial interest of someone with whom the individual is seeking employment, unless the individual receives-

(i) A waiver pursuant to 18 U.S.C.208(b)(1) or (b)(3); or

(ii) An authorization in accordance with the requirements of subpart F of 5 CFR part 2635.

## 3.104-6 Ethics advisory opinions regarding prohibitions on a former official's acceptance of compensation from a contractor.

(a) An official or former official of a Federal agency who does not know whether he or she is or would be precluded by 41 U.S.C. 2104 (see 3.104-3(d)) from accepting compensation from a particular contractor may request advice from the appropriate agency ethics official before accepting such compensation.

(b) The request for an advisory opinion must be in writing, include all relevant information reasonably available to the official or