# EXHIBIT 95

1      IN THE UNITED STATES DISTRICT COURT
    FOR THE MIDDLE DISTRICT OF TENNESSEE
2
3
4    NIKKI BOLLINGER GRAE, Individually
and Behalf of All Others Similarly
5    Situated,
6           Plaintiff,
vs.              CASE NO.
7                3:16-CV-02267
CORRECTIONS CORPORATION OF
8    AMERICA, et al.,
9           Defendants.
10
11
12           CONFIDENTIAL
13      VIDEO DEPOSITION OF KIM WHITE
14         Nashville, Tennessee
15          November 15, 2019
16
17
18
19   Reported by:
20   Elisabeth A. Miller Lorenz
21   RMR, CRR, LCR No. 66
22
23   Job No.: 10061571
24
25

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF TENNESSEE
2
3
4    NIKKI BOLLINGER GRAE, Individually
     and Behalf of All Others Similarly
5    Situated,
6              Plaintiff,
     vs.                CASE NO.
7                       3:16-CV-02267
     CORRECTIONS CORPORATION OF
8    AMERICA, et al.,
9              Defendants.
10
11
12
13
14
15
16
17       Video deposition of KIM WHITE was taken on
18   behalf of Plaintiff, at Riley, Warnock & Jacobson,
19   1906 West End Avenue, Nashville, Tennessee,
20   beginning at 9:33 a.m., and ending at 1:48 p.m., on
21   Tuesday, November 15, 2019, before Elisabeth A.
22   Miller Lorenz, RMR, CRR, and LCR No. 66.
23
24
25

```
 1    APPEARANCES:
 2    For the Plaintiff:
 3       ROBBINS GELLER RUDMAN & DOWD
       BY:  CHRISTOPHER WOOD
 4       414 Union Street
       Suite 900
 5       Nashville, Tennessee 37219
       615.252.3798
 6       cwood@rgrlaw.com
 7
 8    For the Defendants:
 9       RILEY, WARNOCK & JACOBSON
       BY:  TREY McGEE
10       1906 West End Avenue
       Nashville, Tennessee 37203
11       615.320.3700
       tmcgee@rwjplc.com
12
       LATHAM & WATKINS
13       BY:  MERYN CN GRANT
       355 South Grand Avenue
14       Los Angeles, California 90071-1560
       213.485.1234
15       meryn.grant@lw.com
16       LATHAM & WATKINS
       BY:  SARAH A. TOMKOWIAK
17       555 Eleventh Street, NW
       Suite 1000
18       Washington, D.C. 20004-1304
       202.637.2335
19       sarah.tomkowiak@lw.com
20
21    Also Present:
22    David Drumel, Videographer
23
24
25
```

1　　　　　　MR. McGEE: Trey McGee, Riley,
2　Warnock & Jacobson on behalf of the witness and
3　defendants.
4　　　　　　THE VIDEOGRAPHER: Thank you.
5　　　　　　Will the court reporter please swear in
6　the witness.
7　　　　　　　　　* * *
8　　　　　　　　KIM WHITE
9　was called as a witness, and after having been first
10　duly sworn, testified as follows:
11　　　　　　E X A M I N A T I O N
12　BY MR. WOOD:
13　Q　　Good morning, Ms. White.
14　A　　Good morning.
15　Q　　Have you had your deposition taken before?
16　A　　Have I had depositions taken before?
17　Q　　Uh-huh.
18　A　　Yes.
19　Q　　How many times have you had your deposition
20　taken?
21　A　　Just a few. I don't have a specific number,
22　but I've done it in the past.
23　Q　　Were they related to your work at CoreCivic
24　or the Bureau of Prisons?
25　A　　Related to work at the Bureau of Prisons.

1  Q     But you don't have any under- -- any further
2  understanding of what you meant by contract
3  implications in this e-mail?
4  A     Well, it's not that I don't understand; I
5  just don't remember the sequence of events.  It's
6  been almost four years ago.
7  Q     Yeah.
8  A     At this point, I -- I just don't recall
9  exactly what I was referencing in that.
10 Q     Do you recall in general being concerned
11 that CoreCivic might lose the contract at Cibola?
12        MS. TOMKOWIAK:  Objection.
13        THE WITNESS:  I was always concerned as
14 a human resource executive of our ability to meet
15 our contract requirements.  So that -- if I were to
16 ever raise it, it would always be kind of at the
17 front of my mind.
18 BY MR. WOOD:
19 Q     But there must be some facilities that
20 you're more concerned about than others, right?  If
21 there are some facilities that are fully staffed,
22 from an HR perspective, you're not staying up at
23 night worrying about it.
24 A     Not about --
25        MS. TOMKOWIAK:  Objection.

1       THE WITNESS: Not about staffing, but
2 it certainly could be other issues, because staffing
3 is one of many things that are on the front of my
4 kind of things that are hot and keep me up at night,
5 to your point.
6 BY MR. WOOD:
7 Q    Do you recall having a specific concern
8 about Cibola and whether or not problems at Cibola
9 were so severe that CCA might lose that contract?
10 A    From my perspective, I was not concerned
11 about losing a specific contract. I was more
12 concerned about meeting contract requirements.
13 Q    Were -- okay. Maybe I could rephrase my --
14 do you have a specific concern that CCA wasn't
15 meeting its contract requirements with respect to
16 Cibola?
17 A    Well, as I think history reflects, we had a
18 cure notice at Cibola specifically related to
19 medical performance. And there were, I think,
20 legitimate reasons why staffing might have been an
21 influence on that. So -- a cure notice is a serious
22 thing, and it's something that relates back to our
23 inability to meet contract requirements.
24       So that's always going to be the
25 underpinning any time something as serious as a cure

1  notice goes by.
2      Did I believe at the time that we wouldn't
3  be able to fix the problem and then make the leap
4  to, we would lose the contract? No, I did not.
5  Q    Okay. Well, at some -- at some point,
6  CoreCivic did lose the contract, right? So --
7  A    And I think history reflects that the BOP
8  did not renew that contract, yes.
9      (Marked Exhibit No. 136.)
10 BY MR. WOOD:
11 Q    I'm passing you what's been marked
12 Exhibit 136.
13     MR. WOOD: Exhibit 136 is Bates
14 No. CoreCivic_1017830.
15 BY MR. WOOD:
16 Q    And it also includes -- just to ensure we're
17 giving you appropriate context, it also includes
18 another e-mail, which has the attachment, which is
19 referenced in the bottom half of that first page.
20 So we put those together, and I will provide the
21 Bates number for that attachment after the
22 deposition.
23     MS. TOMKOWIAK: Chris, that looks like
24 a different e-mail, though, than the earlier one in
25 this e-mail chain, so just for the record, what's

1　your basis for saying it's the same?

2　　　　MR. WOOD: Yeah, so it's not different.

3　The -- the original e-mail from Wendy Gardner is the

4　same on the bottom half of the first page as the one

5　on the bottom half of the second page, right.

6　　　　And then the second e-mail has a

7　response from Scott Craddock, and the first one has

8　a response from Kim White.

9　　　　So we were just trying to make sure

10　that what we gave the witness included the original

11　attachment, which wasn't in the response on the

12　first page.

13　　　　Do you see what I'm saying?

14　　　　MS. TOMKOWIAK: I do. I understand

15　your position. The e-mail still looks slightly

16　different, but that might just be because of the

17　e-mail system at CoreCivic.

18　　　　MR. WOOD: Yeah. They're both sent

19　from Wendy Gardner on July 15, 2016, at 6:25 p.m.

20　　　　MS. TOMKOWIAK: Uh-huh, I see that.

21　　　　MR. WOOD: So I'm sure they're the

22　same.

23　BY MR. WOOD:

24　Q　　Okay. Do you recognize Exhibit 136?

25　A　　I do.

```
 1              I, the undersigned, a Licensed Court
 2  Reporter of the State of Tennessee, do hereby
 3  certify:
 4              That the foregoing proceedings were
 5  taken before me at the time and place herein set
 6  forth; that any witnesses in the foregoing
 7  proceedings, prior to testifying, were duly sworn;
 8  that a record of the proceedings was made by me
 9  using machine shorthand, which was thereafter
10  transcribed under my direction; that the foregoing
11  transcript is a true record of the testimony given.
12              Further, that if the foregoing pertains
13  to the original transcript of a deposition in a
14  federal case, before completion of the proceedings,
15  review of the transcript [ X ] was [  ] was not
16  requested.
17              I further certify I am neither
18  financially interested in the action nor a relative
19  or employee of any attorney or party to this action.
20              IN WITNESS WHEREOF, I have this date
21  subscribed my name.
22  Dated: December 3, 2019
23                   _____
24                   Elisabeth A. Miller Lorenz
25                   RMR, CRR, LCR No. 66
```