# EXHIBIT 129

```
 1      UNITED STATES DISTRICT COURT
 2       MIDDLE DISTRICT OF TENNESSEE
 3   NIKKI BOLLINGER GRAE,          )
     Individually and on Behalf of  )
 4   All Others Similarly Situated, )
                                    )
 5       Plaintiffs,                )
                                    )
 6       -vs-                       ) Civil Action No.
                                    ) 3:16-cv-02267
 7   CORRECTIONS CORPORATION OF     )
     AMERICA, et al.,               )
 8                                  )
         Defendants.                )
 9                                  )
10
11
12
13         VIDEOTAPED EXAMINATION of
14              LUCY ALLEN
15       _____
16              TAKEN ON
17        WEDNESDAY, OCTOBER 10, 2018
18
19
20
21
22
23   REPORTED BY:
     JESSIE WAACK,
24   RDR, CRR, CCRR, CCR, NYACR, NYRCR
25   JOB NO.: 10046971
```

1

2

3

4

5      VIDEOTAPED EXAMINATION of

6   LUCY ALLEN, taken before JESSICA R. WAACK,

7   Registered Professional Reporter, Registered

8   Merit Reporter, Certified Realtime Reporter,

9   Registered Diplomate Reporter, California

10   Certified Realtime Reporter, Certified Court

11   Reporter in New Jersey, New York Association

12   Certified Reporter, New York Realtime Court

13   Reporter and Notary Public of the State of New

14   York, at Latham & Watkins, 885 Third Avenue,

15   New York, New York, on Wednesday,

16   October 10, 2018, commencing at 9:38 a.m. and

17   concluding at 4:46 p.m.

18

19

20

21

22

23

24

25

1　　　　A P P E A R A N C E S

2　　ROBBINS GELLER RUDMAN & DOWD LLC

3　　　　Attorneys for Plaintiffs and the Witness

4　　　　414 Union Street, Suite 900

5　　　　Nashville, Tennessee  37219

6　　　　BY:  CHRISTOPHER WOOD, ESQ.

7　　　　cwood@rgrdlaw.com

8　　　　　-and-

9　　ROBBINS GELLER RUDMAN & DOWD LLC

10　　　　Post-Montgomery Center

11　　　　One Montgomery Street, Suite 1800

12　　　　San Francisco, California  94104

13　　　　BY:  WILLOW RADCLIFFE, ESQ.

14　　　　wradcliffe@rgrdlaw.com

15

16　　　LATHAM & WATKINS LLC

17　　　　Attorneys for CoreCivic and the

18　　　　individual defendants and witness

19　　　　355 South Grand Avenue

20　　　　Los Angeles, California  90071-1560

21　　　　BY:  BRIAN T. GLENNON, ESQ.

22　　　　BY:  BRET M. GECKELER, ESQ.

23　　　　brian.glennon@lw.com

24　　　　bret.geckeler@lw.com

25

```
 1      A P P E A R A N C E S   C O N T'D
 2
 3    RILEY WARNOCK & JACOBSON PLC
 4      Attorneys for Defendants
 5      1906 West End Avenue
 6      Nashville, Tennessee  37203
 7      BY:  TREY McGEE, ESQ.
 8      tmcgee@rwjplc.com
 9
10          A L S O   P R E S E N T
11
12    STEVEN FEINSTEIN, on behalf of Plaintiffs
13    DEREK ROSE, videographer
14
15              --o0o--
16
17
18
19
20
21
22
23
24
25
```

1 Robbins Geller on behalf of Plaintiff
2 and the class.
3     MS. RADCLIFFE:  Willow Radcliffe
4 on behalf of the plaintiff, Robbins
5 Geller.
6     MR. GLENNON:  Brian Glennon,
7 Latham & Watkins for Defendants and
8 the witness.
9     MR. MCGEE:  Trae McGee of Riley,
10 Warnock & Jacobson on behalf of the
11 defendants and the witness.
12     MR. GECKELER:  Bret Geckeler,
13 Latham & Watkins, on behalf of the
14 defendants and the witness.
15     THE VIDEOGRAPHER:  The court
16 reporter today is Jessie Waack, and
17 she may now swear in the witness.
18         * * * * *
19     L U C Y  A L L E N
20     called as a witness herein,
21     having been first duly sworn on
22     oath, was examined and testified
23     as follows:
24 ///
25 ///

1    EXAMINATION
2    BY MR. WOOD:
3        Q.   Good morning, Ms. Allen.
4        A.   Good morning.
5        Q.   Did you bring some documents
6    with you today?
7        A.   Yes, I did.
8        Q.   And what did you bring?
9        A.   I brought a copy of my report in
10   this matter as well as a copy of
11   Dr. Feinstein's report in this matter.
12       Q.   Okay.  Why don't we just put
13   exhibit numbers on those so you can put
14   those away so we're all using the same
15   document.
16           (Whereupon, Exhibit 1 is marked
17           for identification.)
18   BY MR. WOOD:
19       Q.   So I'm passing you what's been
20   marked as Exhibit 1.  If you want to take
21   a look at that and confirm that that's a
22   copy of the record that you issued in this
23   action?
24       A.   Yes, it looks like it is.  One
25   difference between this one and the one

1  the guidance on better-than-expected

2  EBITDA.

3      Q.  Right.  That's higher

4  Immigration and Customs Enforcement

5  populations, right?

6          MR. GLENNON:  Objection.

7  Foundation.  Vague.

8          THE WITNESS:  I'm not sure what

9   you just said.

10  BY MR. WOOD:

11     Q.  Well, right after you stopped

12  talking, the parenthetical there says,

13  "higher Immigration and Customs

14  Enforcement, ICE populations," right?

15     A.  Yes.

16     Q.  We can put this aside.

17     A.  So they're saying the majority

18  of the raises due to lower income tax

19  expense, outlook... (witness mumbles to

20  self while reading.)  Okay.

21     Q.  Do you -- well, I guess we can

22  look at it, but do you recall whether the

23  Sessions memo, whether the Sessions memo

24  said that Yates was wrong about private

25  prisons not providing the same level of

1 quality and service?

2 A. I don't know that the Yates memo

3 said that private prisons didn't provide

4 the same level of quality and service.

5 Q. Okay. Let's not speculate.

6 (Whereupon, Exhibit 13 is marked

7 for identification.)

8 (Whereupon, Exhibit 14 is marked

9 for identification.)

10 BY MR. WOOD:

11 Q. Okay. I'm passing you what's

12 been marked Exhibits 13 and 14.

13 A. Okay.

14 MR. GLENNON: Just quickly,

15 Chris, which one is which?

16 MR. WOOD: I was going to ask

17 the witness that, because I didn't

18 make a notation.

19 MR. GLENNON: Okay.

20 BY MR. WOOD:

21 Q. So which one is 13? Is it

22 the --

23 A. The Sessions is 13.

24 Q. Okay.

25 A. And Yates is 14.

1      Q.    Thank you very much.

2            Why don't you take a minute to

3   review both of them and then let me know

4   when you're fished.

5      A.    Okay.

6            (Pause in testimony.)

7            THE WITNESS: Okay.

8   BY MR. WOOD:

9      Q.    And you reviewed both of these

10   in the course of putting your report

11   together, right?

12      A.    Yes.

13      Q.    Okay. So the Yates memo in the

14   third paragraph says, "Private prisons

15   served an important role during a

16   difficult period, but time showed that

17   they compare poorly to our own bureau

18   facilities."

19            Do you see that?

20      A.    Yes.

21      Q.    "They simply do not provide the

22   same level of correctional services,

23   programs and resources. They do not save

24   substantially on costs. And as noted in a

25   recent report by the department's Office

Lucy Allen

Grae vs. Corrections
Corporation of America, et al.

```
 1                REPORTER CERTIFICATE
 2       I, the undersigned, do hereby certify:
 3       That LUCY ALLEN was by me duly sworn in
 4   the within-entitled cause; that said
 5   deposition was taken at the time and place
 6   herein named; and that the deposition is a
 7   true record of the witness's testimony as
 8   reported by me, a disinterested person, and
 9   was thereafter transcribed.
10       I further certify that I am not
11   interested in the outcome of the said
12   action, nor connected with, nor related to
13   any of the parties in said action, nor to
14   their respective counsel.
15       IN WITNESS WHEREOF, I have hereunto set
16   my hand this 17th day of October, 2018.
17   Signature:  __Requested__Waived_X_Not Requested
18
19
20                  [Signature: Jessica R. Waack]
21       _____
                     JESSICA R. WAACK
22              Registered Diplomate Reporter
                Certified Realtime Reporter
23         California Certified Realtime Reporter
               New York Realtime Court Reporter
24           New York Association Court Reporter
              Notary Public, State of New York
25                 Licensed in New Jersey
```