# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CORRECTIONS CORPORATION OF AMERICA, et al., )<br><br>Defendants. ) | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN CONFIDENTIAL DOCUMENTS IN CONNECTION WITH THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 5.03 and 7.01 of the Civil Local Rules of Court, the Revised Stipulation and Protective Order entered in this case (Dkt. No. 86) (the "Protective Order") and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (the "SSI Protective Order") (Dkt. No. 177), Defendants respectfully request the Court grant Defendants leave to file under seal the Memorandum of Law, the Statement of Undisputed Material Facts and forty-six exhibits filed in support of Defendants' Motion for Summary Judgment.[1] The limited documents Defendants seek to file under seal (i) were designated as Confidential or Source Selection Information by third-parties, including the Bureau of Prisons ("BOP"); (ii) contain confidential and proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, would cause serious injury to the Company; and/or (ii) contain confidential

---

[1] Defendants are concurrently filing a version of the Memorandum of Law and Statement of Undisputed Material Facts with all confidential material redacted.

information regarding facility security measures, disclosure of which may risk the safety and security of certain correctional facilities.

In connection with their Motion for Summary Judgment, Defendants respectfully request the Court grant them leave to file under seal the following documents:

1. The unredacted version of the Memorandum of Law in Support of Defendants' Motion for Summary Judgment. This document contains information designated Source Selection Information by the BOP.

2. The unredacted version of the Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment. This document contains information designated Source Selection Information by the BOP.

3. A document entitled "CXW Metrics – Q3 2014," produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1209387, filed as **Exhibit 8** to the Declaration of Meryn C. N. Grant in Support of Defendants' Motion for Summary Judgment ("Grant Decl."). This document contains confidential information.

4. Excerpts of a document entitled "Award/Contract," dated October 27, 2011, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0003082-335, filed as **Exhibit 16** to the Grant Decl. This document contains confidential information.

5. Excerpted portions of the transcript of the deposition of Douglas M. Martz, taken July 20, 2020, filed as **Exhibit 18** to the Grant Decl. This transcript was designated Confidential by Mr. Martz.

6. A document entitled "Decisional Rule Criterion: 1. The Offeror Has Corporate Experience Operating Secure Corrections/Detention Facilities for a Continuous Three-Year Period As of the Date the RFP Was Issued," produced by CoreCivic in discovery, Bates-numbered

CORECIVIC_1341482-89, filed as **Exhibit 30** to the Grant Decl. This document contains confidential information.

7. The unredacted version of the August 7, 2020 Expert Report of Donna Mellendick, marked as Deposition Exhibit 585, filed as **Exhibit 31** to the Grant Decl. This document contains information designated Source Selection Information by the Bureau of Prisons.

8. A document entitled "Amendment of Solicitation/Modification of Contract," produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0092519-20, filed at **Exhibit 39** to the Grant Decl. This document contains confidential information.

9. A document entitled "Amendment of Solicitation/Modification of Contract" dated November 26, 2018, produced by the Bureau of Prisons in discovery, and Bates-numbered BOP_0049552-53, filed at **Exhibit 40** to the Grant Decl. This document was designated Source Selection Information by the BOP.

10. The unredacted version of portions of the transcript of the 30(b)(6) deposition of Patrick Swindle, taken January 9, 2019, filed at **Exhibit 45** to the Grant Decl. This document contains confidential information.

11. A document entitled "Contractor Performance Assessment Report (CPAR)" for Adams County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0684697-99, and marked as Deposition Exhibit 431, filed as **Exhibit 49** to the Grant Decl. This document was designated Source Selection Information by the BOP.

12. An October 16, 2014 email from Donna Mellendick, produced by the Bureau of Prisons in discovery, Bates-numbered BOP_0077775-83, and marked as Deposition Exhibit 442, filed as **Exhibit 50** to the Grant Decl. This document was designated Source Selection Information by the BOP.

13.     A document entitled "Quality Assurance and the QCP in CCA's Partnership with the BOP," produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0990432, and marked as Deposition Exhibit 529, and filed as **Exhibit 51** to the Grant Decl. This document was designated Source Selection Information by the BOP.

14.     Excerpted portions of the transcript of the deposition of Paul William Kelly, taken July 21, 2020, filed as **Exhibit 57** to the Grant Decl. This transcript was designated Confidential by Mr. Kelly.

15.     An unredacted version of portions of the transcript of the deposition of Donna Mellendick, taken October 27, 2020, filed as **Exhibit 58** to the Grant Decl. This document contains information designated Source Selection Information by the BOP.

16.     An unredacted version of an American Correctional Association accreditation document for Adams County Correctional center dated February 3, 2014, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0338317-77, filed as **Exhibit 59** to the Grant Decl. This document contains information, disclosure of which may put at risk the security of a correctional facility.

17.     An unredacted version of an American Correctional Association accreditation document for Adams County Correctional center dated October 3, 2016, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0343063-128, filed as **Exhibit 60** to the Grant Decl. This document contains information, disclosure of which may put at risk the security of a correctional facility.

18.     An unredacted version of portions of the transcript of the deposition of D. Scott Dodrill, taken October 15, 2020, filed as **Exhibit 65** to the Grant Decl. This document contains information designated Source Selection Information by the BOP.

19.     A document entitled "Contractor Performance Report – Quarter Ending June 30, 2013," produced by the Bureau of Prisons in discovery, and Bates numbered BOP_0116379-82, filed as **Exhibit 67** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

20.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Adams County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0606109-11, filed as **Exhibit 70** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

21.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Adams County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1974933-36, filed as **Exhibit 71** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

22.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1337633-40, filed as **Exhibit 72** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

23.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Adams County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0728682-89, filed as **Exhibit 73** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

24.     A document dated July 27, 2012 entitled "After-Action Report, Disturbance, Adams County Correctional Center," produced by the Bureau of Prisons in discovery, and Bates-numbered BOP_0293137, filed as **Exhibit 74** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

25.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Northeast Ohio Correctional Center, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0046207-08, filed as **Exhibit 80** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

26.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Northeast Ohio Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0095065-66, filed as **Exhibit 81** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

27.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Northeast Ohio Correctional Center, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_1337756-58, filed as **Exhibit 82** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

28.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Northeast Ohio Correctional Center, produced by CoreCivic in discovery, and Bates-numbered CORECIVIC_0578404-07, filed as **Exhibit 83** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

29.     A document entitled "Source Selection Decision, RFP-PCC-0022, Criminal Alien Requirement XV," produced by the Bureau of Prisons in discovery, and Bates-numbered BOP_0334043-99, filed as **Exhibit 85** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

30.     Portions of the transcript of the deposition of Robert Alan Bland, taken July 23, 2020, filed as **Exhibit 88** to the Grant Decl.  This transcript was designated Confidential by Mr. Bland.

31.     An unredacted version of portions of the transcript of the deposition of Patrick Swindle, taken February 21, 2020, filed as **Exhibit 98** to the Grant Decl.  This document contains confidential information.

32.     An April 5, 2012 email from Donna Mellendick, produced by the Bureau of Prisons in discovery, Bates-numbered BOP_0080016-18, filed as **Exhibit 101** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

33.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0674188-90, filed as **Exhibit 106** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

34.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1337444-46, filed as **Exhibit 107** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

35.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0473652-61, filed as **Exhibit 108** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

36.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0722785-94, filed as **Exhibit 109** to the Grant Decl.  This document was designated Source Selection Information by the BOP.

37.     A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Bates-numbered

CORECIVIC_1337493-501, filed as **Exhibit 110** to the Grant Decl. This document was designated Source Selection Information by the BOP.

38. A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0606193-94, filed as **Exhibit 113** to the Grant Decl. This document was designated Source Selection Information by the BOP.

39. A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0669245-46, filed as **Exhibit 114** to the Grant Decl. This document was designated Source Selection Information by the BOP.

40. A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1337591-603, filed as **Exhibit 115** to the Grant Decl. This document was designated Source Selection Information by the BOP.

41. A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1337660-64, filed as **Exhibit 116** to the Grant Decl. This document was designated Source Selection Information by the BOP.

42. A document entitled "Contractor Performance Assessment Report (CPAR)" for McRae Correctional Facility, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0660735-36, filed as **Exhibit 117** to the Grant Decl. This document was designated Source Selection Information by the BOP.

43. A document entitled "Contractor Performance Assessment Report (CPAR)" for McRae Correctional Facility, produced by CoreCivic in discovery, Bates-numbered

CORECIVIC_0606206-07, filed as **Exhibit 118** to the Grant Decl. This document was designated Source Selection Information by the BOP.

44. A document entitled "Contractor Performance Assessment Report (CPAR)" for McRae Correctional Facility, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0720859-62, filed as **Exhibit 119** to the Grant Decl. This document was designated Source Selection Information by the BOP.

45. A document entitled "Contractor Performance Assessment Report (CPAR)" for McRae Correctional Facility, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_0722041-43, filed as **Exhibit 120** to the Grant Decl. This document was designated Source Selection Information by the BOP.

46. A document entitled "Contractor Performance Assessment Report (CPAR)" for McRae Correctional Facility, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1337713-17, filed as **Exhibit 121** to the Grant Decl. This document was designated Source Selection Information by the BOP.

47. An August 23, 2016 email from Pamela Jones, produced by the Bureau of Prisons in discovery, Bates-numbered BOP_0148858-60, filed as **Exhibit 124** to the Grant Decl. This document was designated Confidential by the BOP.

48. A September 5, 2011 email from Erik Rasmussen, produced by CoreCivic in discovery, Bates-numbered CORECIVIC_1327565-93, and marked as Deposition Exhibit 300, filed as **Exhibit 150** to the Grant Decl. This document contains confidential information.

## <u>Argument</u>

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but

it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)).

All of the aforementioned documents (i) were designated as Confidential or Source Selection Information by third-parties; (ii) contain CoreCivic's confidential and proprietary information concerning the business strategies and operations; and/or (iii) contain confidential information regarding facility operations and staffing, disclosure of which may risk the safety and security of certain correctional facilities.

### A. Documents Designated As, or Containing Information Designated As, Confidential or Source Selection Information by Third-Parties

Defendants seek to file the Memorandum of Law, the Statement of Undisputed Material Facts and thirty-seven exhibits filed in Support of the Motion for Summary Judgment under seal because they contain information that was designated Confidential or Source Selection Information by the BOP or third-parties to the lawsuit. Defendants accordingly file the following documents under seal pursuant to the terms of the Protective Order and the SSI Protective Order.

First, six exhibits—**Exhibits 40, 50, 67, 74, 85 and 101**—were produced by the BOP pursuant to the SSI Protective Order, and were designated by the BOP as "Source Selection

Information"[2] pursuant to Federal Acquisition Regulation ("FAR") sections 2.101 and 3.104. The FAR, among other things, prohibits the public disclosure of source selection material. Also, pursuant to the SSI Protective Order, the parties and the BOP agreed that any Source Selection Information submitted to the Court in connection with a motion shall be filed under seal. *See* SSI Protective Order ¶ 6. Given that, Defendants respectfully request that the Court maintain the sealing of these documents unless or until the BOP withdraws the Source Selection Information designation.

Second, twenty-four exhibits—**Exhibits 49, 51, 70-73, 80-83, 106-110 and 113-121**—are documents produced by CoreCivic that were designated Source Selection by the BOP. These documents include:

- **Exhibits 49, 70-73, 80-83, 106-110 and 113-121**, documents that are Contract Performance Assessment Reports ("CPARs"). The CPARs were generated by the BOP and provided to CoreCivic by the BOP in connection with CoreCivic's operation of a secure correctional facility. Importantly, the BOP labelled the CPARs as Source Selection Information pursuant to FAR sections 2.101 and 3.104 by stamping the documents as such prior to providing them to the Company; and

---

[2] Material designated as Source Selection Information pursuant to the SSI Protective Order includes "any material that [the producing party] believes in good faith is protected by the Federal Acquisition Regulation or the Procurement Integrity Act, 41 U.S.C. §423, because it contains (i) bid prices submitted in response to a Federal agency invitation for sealed bids, or lists of those bid prices before public bid opening; (ii) proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices; (iii) source selection plans; (iv) technical evaluation plans; (v) technical evaluations of proposals; (vi) cost or price evaluations of proposals; (vii) competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract; (viii) rankings of bids, proposals or competitors; (ix) reports and evaluations of source selection panels, boards or advisory councils; or (x) other information marked as 'Source Selection Information' based on a case-by-case determination by the head of the agency, his designee or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates." *See* SSI Protective Order ¶ 1.

- **Exhibit 51**, a document entitled "Quality Assurance and the QCP in CCA's Partnership with the BOP" that was created by CoreCivic at the BOP's request and designated Source Selection Information when separately produced by the BOP as the attachment to the email produced at Bates number BOP_0077775.

Accordingly, for the reasons identified above as to the documents produced by the BOP, Defendants respectfully request leave to file these documents under seal.

Third, non-party witnesses Douglas Martz, Paul Kelly and Robert Bland, all of whom are former or current BOP employees, designated their deposition transcripts, portions of which are filed as **Exhibits 18, 57** and **88** respectively, Confidential pursuant to the Protective Order. Also, at Defendants' request, the BOP de-designated **Exhibit 124**; accordingly, it is no longer designated Source Selection Information but retains its designation as Confidential pursuant to the Protective Order. Under the Protective Order, Defendants are required to "file[] under seal, redacted, or protected from public disclosure" any document that it submits to the Court and that reflects "Confidential Discovery Material." Protective Order ¶ 12. Given that, Defendants respectfully request that the Court permit Defendants to file these documents under seal, pending any motion from the third-party witnesses or the BOP to maintain the sealing.

Finally, the following documents and exhibits contain quotations or descriptions of Information designated by the BOP as Source Selection Information or Confidential in the aforementioned exhibits:

- The Memorandum of Law quotes or describes information from Exhibits 49, 57, 70-74, 80-83, 85, 106-110, 113-116, 118-121 and Exhibit 124.
- The Statement of Undisputed Material Facts quotes or describes information contained in Exhibits 49, 50, 57, 67, 70-74, 80-83, 85, 101, 106-110, 115-121 and Exhibit 124.

- **Exhibit 31**, the Expert Report of Donna Mellendick, describes information contained in Exhibits 74, 85 and a number of CPARs.

- **Exhibit 58**, excerpts of the transcript of the deposition of Donna Mellendick, describes information contained in Exhibit 85.

- **Exhibit 65**, excerpts of the transcript of the deposition of Scott Dodrill, describes information or quotes language contained in Exhibit 74.

For the reasons identified above, Defendants seeks the Court's leave to file unredacted versions of these documents and exhibits under seal.

## B. Documents Containing Confidential Information, Disclosure of Which Would Harm the Company

"The Court should not allow its docket to be used as a source 'of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (citing *Nixon*, 435 U.S. at 598). The Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*.

First, Defendants seek the Court's permission to file the following three exhibits— **Exhibits 16, 30 and 39**—under seal:

- **Exhibit 16** is the base contract governing the Company's management and operation of McRae Correctional Facility, and **Exhibit 39** is the contract amendment governing an option period of the same contract. Defendants seek to seal this contract in full because the Company continues to manage and operate this facility for the BOP pursuant to an option period on this contract. A redacted version is impracticable.

- **Exhibit 30** is a portion of the Company's submission responsive to BOP Solicitation No. RFP-PCC-0022. Defendants seek to seal this document in full. A redacted version is impracticable.

Disclosure of active contracts and communications between the Company and the BOP relating to contract bids or negotiations would reveal information about the Company's strategic business decisions. The corrections industry is very competitive and, if this information is published, the Company will suffer a serious injury. Simply stated, the exhibits and information the Company seeks to seal reflect the Company's "proprietary business communications and operations," which, if made public, would give competitors an advantage in the marketplace. *See Caudill*, 2017 WL 3220470, at *5.

Second, Defendants seek to file the following four exhibits—**Exhibits 8, 45, 98 and 150**—under seal:

- **Exhibit 8**, a document entitled CXW Metrics – Q3 2014, contains detailed internal financial data stemming from analyses performed by the Company. Defendants seek to seal the entirety of this one-page document. A redacted version is impracticable.

- **Exhibit 45** is portions of the deposition transcript of Patrick Swindle, the Executive Vice President and Chief Corrections Officer of the Company. Defendants seek leave to apply a single, limited redaction of testimony discussing sensitive, internal financial analyses performed by the Company.

- **Exhibit 98** is portions of the deposition of Patrick Swindle in his capacity as the Company's 30(b)(6) representative. Defendants seek leave to apply a single, limited redaction of information discussing internal financial analyses performed by the Company.

- **Exhibit 150** is a document containing an internal financial analysis comparing the Company's expenses to those of the BOP, and the email to which it is attached in which a

Company employee inquires about certain strategies to conduct the analysis. Defendants seek leave to seal this document in full. A redacted version is impracticable.

The information Defendants seek to seal in these exhibits, if disclosed, could be used by competitors as a "source[] of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598; *see also Avomeen Holdings, LLC v. Thanedar*, No. 17-cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018) (citing cases and observing that "[o]ther justifications [for filing evidence under seal] can include protecting . . . pricing information, financial statements, sales trend data, and pricing and marketing strategy"); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 11 Civ. 871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.").

Defendants appreciate that there is a "'strong presumption in favor of openness' regarding court records." *Rudd Equip.*, 834 F.3d at 593 (citation omitted). However, "the lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill*, 2017 WL 3220470, at *5. In this case, the litigation involves a securities class action brought against the Company for harm allegedly suffered by a group of shareholders due to a brief drop in the Company's stock price (a drop in stock price which quickly rebounded). The general public has little to no interest in this internal financial analysis. But, as this information is proprietary, it could be unfairly used by the Company's competitors, and should remain confidential.

### C. Documents Containing Confidential Information, Disclosure of Which Would Risk the Security of Certain Correctional Facilities

Finally, Defendants seek permission to apply limited redactions to **Exhibits 59** and **60**. These exhibits are American Correctional Association accreditation audit reports of Adams

County Correctional Center, dated 2014 and 2016 respectively. Defendants seek to make limited redactions of certain descriptions of the physical security measures of the facility, disclosure of which could be used by inmates inside the facility and individuals outside of the facilities to attempt or facilitate an escape or otherwise disrupt the facility operations, risking the safety of both inmates and facility staff. Such information is irrelevant to the litigation and should be sealed. *See, e.g.*, *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755-56 (10th Cir. 2009) (affirming denial of motion to unseal documents, finding that the BOP articulated a significant interest that outweighed the presumption of access in the need to protect an inmate's safety); *Cooper v. Bower*, No. 15 Civ. P249, 2017 WL 3388953, at *1-2 (W.D. Ky. Aug. 4, 2017) (granting motion to seal video of the interior of a corrections facility and a facility "secured institutional policy" filed as exhibits in support of a motion for summary judgment because disclosure of the video could "pose a threat to 'the safety and security of the inmates, staff, and institution'" and disclosure of the policy "would increase the risk of harm to correctional officers"); *Gomez v. McDonald*, No. 2:11–cv–0649 KJM DAD P, 2015 WL 5435256, at *44 (E.D. Cal. Sept. 14, 2015) (granting a motion to seal at summary judgment because "disclosure of the exhibit . . . would jeopardize . . . the security of the institution at which the informant was housed"); *Doutre v. Aranas*, No. 2:12-cv-00772-GMN-VCF, 2013 U.S. Dist. LEXIS 79633, at *5-6 (D. Nev. June 5, 2013) (finding, at summary judgment, that "any concerns the [Nevada Department of Corrections] may have with the prisoners' safety or the prison staff's ability to maintain prison order are 'compelling reasons' to seal the Exhibits").

## **Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to file under seal:  the unredacted versions of the Memorandum of Law and the Statement of Undisputed Material Facts, and the forty-six aforementioned exhibits to the Grant Decl.

DATED:  November 20, 2020                    Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. Pettis, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tpettis@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T:  (202) 637-2335
F:  (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation*
*of America, Damon T. Hininger, David M.*
*Garfinkle, Todd J. Mullenger, and Harley G.*
*Lappin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

this 20th day of November, 2020.

/s/ *Steven A. Riley*
Steven A. Riley