# EXHIBIT 156

UNITED STATES DISTRICT COURTF

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 3:16-cv-02267

Honorable Aleta A. Trauger

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), by undersigned counsel, hereby objects and responds to Defendant CoreCivic, Inc.'s Second Set of Interrogatories to Plaintiff (the "Interrogatories").

All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiff. Further discovery and analysis may supply additional facts and/or add meaning to the known facts.

## I. GENERAL OBJECTIONS

Plaintiff generally objects to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiff objects to the Interrogatories, including the "Definitions" and "Instructions" sections, to the extent that they purport to impose any obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Middle District of Tennessee (the "Local Rules").

2. Plaintiff objects to the Interrogatories to the extent that they exceed the limitation on the number of interrogatories imposed by Federal Rule of Civil Procedure 33, Local Rule 33.01(b) and the Court's February 15, 2018 Order permitting 40 interrogatories in this action (ECF No. 88).

3. Plaintiff's responses to these Interrogatories are made for the sole purpose of the above-captioned action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege and privacy, and all objections are reserved and may be interposed at the time of trial. Nor shall any response be construed as a waiver or abridgement of any applicable privilege or any objection set forth herein.

- 1 -

4.      Plaintiff's responses to the Interrogatories are based upon, and therefore limited by, records and information still in existence, presently recollected, and thus far discovered in the course of preparing these responses.  Consequently, Plaintiff reserves the right to revise or supplement these responses, to the extent required by the Federal Rules of Civil Procedure, if it appears that, at any time, inadvertent errors or omissions have been made, or additional or more accurate information becomes available.

5.      Plaintiff does not accept or admit the existence of any fact(s) set forth or assumed by an Interrogatory.  Plaintiff will make a reasonable and proportionate inquiry of information within Plaintiff's possession, custody or control in responding to the Interrogatories.

6.      Plaintiff objects to the Interrogatories generally to the extent they are compound, complex and/or contain discrete subparts.

7.      Plaintiff objects to the Interrogatories to the extent that they are overbroad or unduly burdensome.

8.      Plaintiff objects to the Interrogatories to the extent they are cumulative, vague, ambiguous or fail to describe the requested information with reasonable particularity.

9.      Plaintiff objects to the Interrogatories to the extent that they impose a duty to seek out information which is not presently known or knowable to Plaintiff.

10.      Plaintiff objects to the Interrogatories on the ground of undue burden to the extent that the Interrogatories seek information that is equally available to Defendants or information that originated in the Defendants' possession, custody, or control.

11.      Plaintiff objects to the Interrogatories to the extent that they seek information that can be found in the pleadings, briefing, and expert reports in this or any other action.

12.      Plaintiff objects to the Interrogatories to the extent they impose burdens on Plaintiff that are disproportionate to Defendants' need for the information.  Plaintiff further objects to the Interrogatories to the extent they seek to impose on Plaintiff the burden of reviewing and incorporating the more than 750,000 documents produced in this litigation in their responses as unduly burdensome and oppressive.

13.     Plaintiff objects to the Interrogatories as not proportionate to the needs of the case.

14.     Plaintiff objects to the Interrogatories on the ground that they prematurely require Plaintiff to identify legal claims and theories and supporting facts and materials, including to the extent they seek information properly submitted as with expert disclosures before expert disclosures have been made.

15.     Plaintiff objects to the Interrogatories to the extent they seek information relating to Plaintiff's contentions and information that is beyond the scope of discovery at this stage of the litigation.

16.     Plaintiff objects to the Interrogatories to the extent that they prematurely seek information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated.

17.     Plaintiff objects to the Interrogatories to the extent that they seek information that would reveal the thoughts, mental impressions, and strategy of its counsel or otherwise call for the disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.  To the extent that any information might be provided pursuant to any Interrogatory, no information subject to such privilege or production will be produced; and any inadvertent production thereof will not be deemed a waiver of any privilege or protection with respect to documents or information which may attach thereto.

18.     Plaintiff objects to the "Definitions" section of the Interrogatories on the ground that the definition of "You" and "Your" is overbroad to the extent it seeks information that is not in Plaintiff's possession, custody or control.  Plaintiff also objects on the grounds that the definition of "You" and "Your" is vague and ambiguous as to the meaning of "affiliates," "agents," "representatives," and "any other person acting on their behalf."  Plaintiff objects to the definition of "You" and "Your" as seeking information that is neither relevant nor within Plaintiff's possession, custody, or control to the extent "predecessors" and "successors" could be interpreted to encompass third parties from whom Plaintiff acquired CoreCivic Securities or to whom Plaintiff transferred CoreCivic Securities or to encompass any other plaintiff in this Action.  Plaintiff further objects to

the definition of "You" and "Your" as including Plaintiff's attorneys and requiring the search for information that is protected by the attorney-client privilege or work product doctrine. Plaintiff construes the definition of "You" and "Yours" to mean Amalgamated Bank, as Trustee for the LongView Collective Investment Fund.

19.     Plaintiff objects to the 'Definitions" section of the Interrogatories to the extent the definition of "Document" or "Documents" exceeds that of Rule 34 of the Federal Rules of Civil Procedure and is overbroad, unduly burdensome, vague and ambiguous.

20.     Plaintiff objects to the Interrogatories to the extent that they call for a legal conclusion. Plaintiff's responses shall not be construed as providing a legal conclusion concerning the meaning or application of any terms used in the Interrogatories.

21.     Plaintiff objects to the "Instructions" section of the Interrogatories to the extent that it purports to impose on Plaintiff discovery obligations exceeding or inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff further objects to the "Instructions" section of the Interrogatories to the extent that they are unduly burdensome, vague or ambiguous and not proportionate to the needs of the case.

22.     Plaintiff objects to the "Instructions" section to the extent they seek "all information in the possession of your agents, investigators, representatives, and attorneys" as vague and ambiguous, as well as beyond those required by the Federal Rules of Civil Procedure.

23.     In providing responses to the Interrogatories, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

        (a)     all objections as to the competency, relevancy, materiality and admissibility of any of the Interrogatories and their subject matter;

        (b)     all objections as to the vagueness, ambiguity or other infirmity in the form of any of the Interrogatories, and any objections based on the undue burden imposed thereby;

        (c)     all objections as to whether the responses required are proportionate to the needs of the Defendants or the case;

(d)     all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

(e)     all rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

(f)     any and all privileges and/or rights under applicable statutes or the common law.

24.     In addition to the General Objections set forth above, Plaintiff will also state specific objections to the Interrogatories where appropriate.  By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above.  To the extent that Plaintiff responds to the specific Interrogatories, stated objections are not waived by providing responses pursuant to Rule 33 of the Federal Rules of Civil Procedure.

25.     Plaintiff reserves the right to amend, modify and supplement these responses should additional discovery warrant such amendment, modification or supplementation.  In addition, in responding to the Interrogatories, Plaintiff reserves the right to specify documents generally, without having to characterize the contents thereof.

## II.     SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 12:

State each Challenged Statement that you still contend is false or misleading.

RESPONSE TO INTERROGATORY NO. 12:

Plaintiff reiterates each of its General Objections set forth above.  Plaintiff further objects that Interrogatory No. 12 is premature and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, because: (i) discovery in this action is not complete; and (ii) the premature identification of statements Plaintiff contends are false and misleading would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections Plaintiff identifies the statements listed in response to Interrogatory No. 13.

INTERROGATORY NO. 13:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that the statement was false or misleading or omitted material facts when made.

RESPONSE TO INTERROGATORY NO. 13:

Plaintiff reiterates each of its General Objections set forth above.  Plaintiff further objects that Interrogatory No. 13 is overbroad, unduly burdensome and harassing, premature, and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants are already in possession of all the information sought by this Interrogatory; (iii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows.  As this Court has recognized, Plaintiff alleges three categories of misleading claims in Defendants' statements: "1. General Claims of Quality & Savings" (ECF No. 76 at 14); "2. Claims About Compliance with Particular Standards" (*id.* at 17); and "3. Claims About Client Relationships and Contract Renewals" (*id.* at 18).  Once Defendants voluntarily chose to make such statements, they "assume[d] a duty to speak fully and truthfully on th[e] subject[]."  *Id.* at 25 (alterations in original and internal quotations omitted).  Defendants violated this duty each time they made statements that included these claims, as identified below, because each statement omitted information that would

Cases\4847-9479-1099.v1-5/1/20

have enabled investors to understand that at least as to one important government client, the United States' Bureau of Prisons, there were many indications that the quality and savings of CoreCivic's services, its compliance, and the strength of its relationship were below the levels Defendants had represented. Put simply, these indications demonstrated that, despite Defendants' constant refrain, they were not providing the same level of quality while offering cost savings. These indications included numerous internally and externally flagged problems in various forms (including Notices of Concern, multiple deficiencies (including crucial services), repeat deficiencies, and worse), deductions for nonconformance, and understaffing, which was due in large part to CoreCivic's artificial cost "savings" (cheaper wages, worse benefits, and more remote locations, not greater efficiency). Set forth in the table below are the documents and depositions containing the facts and constituting the documents supporting Lead Plaintiff's contention that each listed statement omitted material information necessary to make it not misleading.

Key:   1 = "General Claims of Quality & Savings" (ECF No. 76 at 14)
       2 = "Claims About Compliance with Particular Standards" (ECF No. 76 at 17)
       3 = "Claims About Client Relationships and Contract Renewals" (ECF No. 76 at 18)

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| CCA's Form 10-Q filed with the SEC on November 4, 2011 | <u>1 & 3:</u><br><br>    We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276.<br><br>In addition, the deposition testimony |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| SOx certifications filed with the SEC on November 4, 2011 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\* \* \*<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-K filed with the SEC on February 27, 2012 | 1:<br><br>Our primary business strategy is to provide quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>*     *     *<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds.<br><br>*     *     *<br><br>Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase. We believe we have been successful in increasing the number of residents in our care and continue to pursue a number of initiatives intended to further increase our occupancy and revenue. Our competitive cost structure offers prospective | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | customers a compelling option for incarceration.<br><br>      \*       \*       \*<br><br>We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services.<br><br>      \*       \*       \*<br><br>1, 2 & 3:<br><br>      We believe our customers discover that partnering with private operators to provide residential services to their inmates introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br>1 & 3:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>      \*       \*       \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>2: | necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | We operate our facilities in accordance with both company and facility-specific policies and procedures. The policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government guidelines, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines. Outside agency standards, such as those established by the ACA, provide us with the industry's most widely accepted operational guidelines. We have sought and received accreditation for 58 of the facilities we operated as of December 31, 2011, and we intend to apply for ACA accreditation for all of our eligible facilities that are not currently accredited where it is economically feasible to complete the 18-24 month accreditation process. Our facilities not only operate under these established standards, but they are consistently challenged by management to exceed them. This challenge is presented, in large part, through our extensive and comprehensive Quality Assurance Program.

Our Quality Assurance Division independently operates under the auspices of, and reports directly to, the Company's Office of General Counsel. . . . The Quality Assurance Division oversees all efforts by our facilities to deliver high quality services and operations, with an absolute commitment to continuous quality improvement through the efforts of two major sections: the Research and Analysis Section and the Audit and Compliance Systems Section. . . .

. . . The Audit and Compliance Systems Section consists of two full time audit teams comprised of subject matter experts from all major disciplines within institutional operations, as well as management staff that oversee the process. . . . In addition, our Quality Assurance | |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Division contracts with teams of seasoned, ACA certified correctional auditors to help ensure continuous compliance with ACA standards at accredited facilities. Our teams of auditors are deployed several times a year as well (in advance of contractually mandated ACA accreditation audits) to help ensure that our facilities are operating at the highest possible levels.<br><br>2 & 3<br><br>*Failure to comply with unique and increased governmental regulation could result in material penalties or non-renewal or termination of our contracts to manage correctional and detention facilities.* The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many regulatory authorities. Some of the regulations are unique to the corrections industry, some are unique to government contractors and the combination of regulations we face is unique. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with certain types of businesses, such as small businesses and businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. New federal regulations also require federal government contractors like us to self-report evidence of certain forms of misconduct. We may not always successfully | |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | comply with these regulations, and failure to comply can result in material penalties, including financial penalties, non-renewal or termination of facility management contracts, and suspension or debarment from contracting with certain government entities.<br><br>*       *       *<br><br>In addition, the services we provide are labor-intensive.  When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel.  The success of our business requires that we attract, develop, and retain these personnel.  Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations.  Under many of our management contracts, we are subject to financial penalties for insufficient staffing. | |
| SOx certifications filed with the SEC on February 27, 2012 | 1, 2 & 3:<br><br>2.       Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report;<br><br>*       *       *<br><br>4.       The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355.<br><br>In addition, the deposition testimony and deposition exhibits of the following |

- 13 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA Spokeperson's email in response to the *Lewiston Morning Tribune* article titled, "Can private prisons be run cheaper?: In Idaho, no one has actually done the math to find out," on March 5, 2012 | 1:<br><br>"'do[es] better than the competition. . . . As a business, we are able to provide taxpayers an essential government service at equally high standards of quality and efficiency, . . . Competitive private-sector entities are motivated to move swiftly, evaluate and refine success each day, and maintain the highest operating standards at least cost.'" | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-Q filed with the SEC on May 7, 2012 | 1 & 3: We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs. \* \* \* We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| SOx certifications filed with the SEC on May 7, 2012 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>* * *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

- 16 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-Q filed with the SEC on November 8, 2012 | <u>1 & 3</u>:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>&ast;  &ast;  &ast;<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 8, 2012 | 1, 2 & 3:<br><br>2.      Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report; | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008520; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | \* \* \* <br><br> 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: <br><br> a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374. <br><br> In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 27, 2013 | 1: Our primary business strategy is to provide prison bed capacity, quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities. * * * We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds. * * * Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase. We believe we have been successful in increasing the number of residents in our care and continue to pursue a number of initiatives intended to further increase our occupancy and revenue. Our competitive cost structure offers prospective customers a compelling option for incarceration. * * * We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_1091634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | services. . . . We believe these advantages translate into significant cost savings for government agencies.<br><br>1 & 3:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs. . . .<br><br>. . . We believe our customers discover that partnering with private operators to provide residential services to their inmates introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br>    *     *     *<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>2:<br><br>    Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures. These policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and | CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | company-wide policies and procedures that may exceed these guidelines. Our facilities not only operate under these established standards, but they are consistently challenged by management to exceed them. This challenge is presented, in large part, through our extensive and comprehensive Quality Assurance Program.<br><br>     Our Quality Assurance Division independently operates under the auspices of, and reports directly to, the Company's Office of General Counsel. The Company has devoted significant resources to the Quality Assurance Division, enabling us to monitor our facilities' compliance with contractual requirements, as well as outside agency and accrediting organization standards and guidelines. The Quality Assurance Division provides governance for all efforts by our facilities to deliver high quality services and operations, with an absolute commitment to continuous quality improvement through the efforts of two major sections: the Research and Analysis Section and the Audit and Compliance Systems Section.<br><br>     The Research and Analysis Section collects and analyzes performance metrics across multiple databases. Through rigorous reporting and analyses of comprehensive, comparative statistics across disciplines, divisions, business units and the Company as a whole, the Research and Analysis Section provides timely, independently generated performance and trend data to senior management.<br><br>     The Audit and Compliance Systems Section includes a team of full-time auditors, who provide subject matter expertise from all major disciplines within institutional operations. Annually, and with no advance notice, these auditors conduct rigorous, on site evaluations of each facility we operate. The audit teams use highly specialized, discipline-specific audit tools, containing over 1,400 audited items across | |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | twelve major operational areas, in this detailed, comprehensive process. The results of these on site evaluations are used to discern areas of operational strength and areas in need of management attention. The audit findings also comprise a major part of our continuous operational risk assessment and management process. Audit teams are also available to work with facilities on specific areas of need, such as meeting requirements of new partner contracts or providing detailed training of new departmental managers.<br><br>*     *     *<br><br>*Business Regulations*<br><br>     The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many governmental and regulatory authorities. Some of the regulations are unique to the corrections industry. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. Failure to comply with these regulations can result in material penalties or non-renewal or termination of facility management contracts.<br><br>*     *     * | |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | In addition, the services we provide are labor-intensive. When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing. | |
| SOx certifications filed with the SEC on February 27, 2013 | 1, 2 & 3:<br><br>       2.     Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report;<br><br>       *     *     *<br><br>      4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>      a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084355; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Annual Report is being prepared. | CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 9, 2013 | 1 & 3:

We believe we have been successful in working with our government partners to help them manage their correctional costs while | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>*    *    *<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_2079567;<br>CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412. |

- 26 -

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 9, 2013 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*     *     *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; |

- 27 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| |       a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony |

- 28 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 8, 2013 | 1 & 3:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>\*     \*     \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications | 1, 2 & 3: | CORECIVIC_0660304; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| filed with the SEC on August 8, 2013 | 2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\* \* \*<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1089461;<br>CORECIVIC_2079558;<br>CORECIVIC_0660298;<br>BOP_0008068;<br>CORECIVIC_2079567;<br>CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 2013 Analyst Day Presentation on October 2, 2013 | 1:<br><br>• "Quality, in the form of Operational Excellence, is a core value and essential guiding principle for CCA."<br><br>• "Vacant beds available at lower operational cost, avoids need for large capital investment by government."<br><br>• "Using CCA stems growth in unfunded | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | pensions." | CORECIVIC_0961357; |
| | | CORECIVIC_0050276; |
| | • "CCA provides costs savings of 12% or more." | CORECIVIC_0050255; |
| | | CORECIVIC_0990129; |
| | | CORECIVIC_0991634; |
| | • "Ongoing operational cost savings without the loss of operational quality." | CORECIVIC_1084355; |
| | | CORECIVIC_1086703; |
| | | CORECIVIC_1086664; |
| | 2: | CORECIVIC_1131928; |
| | | CORECIVIC_1272221; |
| | • "Audits are typically conducted for each facility annually; more frequently if necessary." | CORECIVIC_0990186; |
| | | CORECIVIC_0024796; |
| | | CORECIVIC_0761728; |
| | • "In addition to a comprehensive Quality Assurance Process conducted through our Legal department, it is worth noting that our governmental partners maintain on-site monitors at the facilities – in essence providing daily inspection of the facilities." | CORECIVIC_1084392; |
| | | CORECIVIC_1969691; |
| | | CORECIVIC_0683222; |
| | | CORECIVIC_1084370; |
| | | CORECIVIC_1233702; |
| | | CORECIVIC_0990200; |
| | | CORECIVIC_2155593; |
| | • "When eligible, facilities are also audited by the American Correctional Association, an independent third party and considered the gold standard in the corrections industry." | CORECIVIC_0043786; |
| | | CORECIVIC_1084364; |
| | | CORECIVIC_1048594; |
| | | CORECIVIC_1084374; |
| | | CORECIVIC_1084378; |
| | 3: | CORECIVIC_0024798; |
| | • "CCA is formally educating interested sellers." | CORECIVIC_0990221; |
| | | CORECIVIC_0375313; |
| | | CORECIVIC_0960355; |
| | • "Sale of prisons benefits our government partners." | CORECIVIC_0080462; |
| | | CORECIVIC_1272428; |
| | | CORECIVIC_1084381; |
| | | CORECIVIC_1086670; |
| | | CORECIVIC_1001311; |
| | | CORECIVIC_1001430; |
| | | CORECIVIC_1145995; |
| | | CORECIVIC_0059412; |
| | | CORECIVIC_1273149; |
| | | CORECIVIC_1868591; |
| | | CORECIVIC_0502774; |
| | | CORECIVIC_1048148; |
| | | CORECIVIC_1088594; |
| | | CORECIVIC_1084397; |
| | | CORECIVIC_1057091; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on November 7, 2013 | 1 & 3:

We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.

\*        \*        \*

We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | majority of the beds we operate, and the quality of our operations. | CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0507792; CORECIVIC_0056731.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 7, 2013 | 1, 2 & 3:<br><br>        2.     Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>        *     *     *<br><br>        4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: <br><br>       a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0056731.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 27, 2014 | 1:<br><br>     Our primary business strategy is to provide prison bed capacity and quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>       *      *      *<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; |

Cases\4847-9479-1099.v1-5/1/20