| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 5, 2015 | 1, 2 & 3: <br><br> 2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report; <br><br> * * * <br><br> 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: <br><br> a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084374; |
| | | CORECIVIC_1084378; |
| | | CORECIVIC_0024798; |
| | | CORECIVIC_0990221; |
| | | CORECIVIC_0375313; |
| | | CORECIVIC_0960355; |
| | | CORECIVIC_0080462; |
| | | CORECIVIC_1272428; |
| | | CORECIVIC_1084381; |
| | | CORECIVIC_1086670; |
| | | CORECIVIC_1001311; |
| | | CORECIVIC_1001430; |
| | | CORECIVIC_1145995; |
| | | CORECIVIC_0059412; |
| | | CORECIVIC_1273149; |
| | | CORECIVIC_1868591; |
| | | CORECIVIC_0502774; |
| | | CORECIVIC_1048148; |
| | | CORECIVIC_1088594; |
| | | CORECIVIC_1084397; |
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135.

In addition, the |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 3Q15 Investor Presentation on November 12, 2015 | 1: <br><br> • "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality." <br><br>  <br><br> • "Adding competition has been found to lower costs and improve performance." <br><br> • "CCA provides short- and long-term savings." | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | • "Selling government prisons provides cash and cost savings for use in other public works."<br><br>• "Modern, state-of-the-art facilities that improve safety, security and cost efficiencies."<br><br>• "Safety & Security is our **First** priority."<br><br>• "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591;<br>CORECIVIC_0502774;<br>CORECIVIC_1048148;<br>CORECIVIC_1088594;<br>CORECIVIC_1084397;<br>CORECIVIC_1057091;<br>CORECIVIC_0024802;<br>CORECIVIC_0990201;<br>CORECIVIC_1062079;<br>CORECIVIC_1084401;<br>CORECIVIC_1084409;<br>CORECIVIC_0507792;<br>CORECIVIC_0056731;<br>CORECIVIC_1398031; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |
| | | CORECIVIC_1048127; |
| | | CORECIVIC_0393678; |
| | | CORECIVIC_1197219; |
| | | CORECIVIC_0114064; |
| | | CORECIVIC_1191980; |
| | | CORECIVIC_2038076; |
| | | CORECIVIC_0047430; |
| | | CORECIVIC_1011291; |
| | | CORECIVIC_1084878; |
| | | CORECIVIC_1057296; |
| | | CORECIVIC_1131511; |
| | | CORECIVIC_0990739; |
| | | CORECIVIC_1048130; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 4Q15 Investor Presentation on February 24, 2016 | 1: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | • "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality." <br><br> 1. Operational Cost Savings <br><br> | Operating Cost Per Day in Government Facility[1] | Real Estate Cost Per Day | Total Government-Run Cost Per Day | CCA Average Per Diem[2] | Percent Savings |<br>| BOP | \$76.00 | \$12.00 | \$88.00 | \$72.76 | 17.3% |<br>| California | \$175.00 | \$12.00 | \$187.00 | \$72.76 | 61.1% |<br>| Colorado | \$82.00 | \$12.00 | \$94.00 | \$72.76 | 22.6% |<br> [1] Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT \$12.00 - \$20.00 PER DAY. <br> [2] CCA average per diem for all facilities the year ended December 31, 2015. <br><br> • "Adding competition has been found to lower costs and improve performance." <br><br> • "CCA provides short- and long-term savings." <br><br> • "Selling government prisons provides cash and cost savings for use in other public works." <br><br> • "CCA's modern, state-of-the-art facilities improve safety, security and generate cost efficiencies." <br><br> • "Safety & Security is our **First** priority." <br><br> • "Perform[s] quality services for our government partners and the offenders entrusted in our care." | BOP_0008068; <br> CORECIVIC_2079567; <br> CORECIVIC_0660301; <br> CORECIVIC_0125304; <br> CORECIVIC_1848098; <br> CORECIVIC_0050272; <br> CORECIVIC_0050274; <br> CORECIVIC_0961357; <br> CORECIVIC_0050276; <br> CORECIVIC_0050255; <br> CORECIVIC_0990129; <br> CORECIVIC_0991634; <br> CORECIVIC_1084355; <br> CORECIVIC_1086703; <br> CORECIVIC_1086664; <br> CORECIVIC_1131928; <br> CORECIVIC_1272221; <br> CORECIVIC_0990186; <br> CORECIVIC_0024796; <br> CORECIVIC_0761728; <br> CORECIVIC_1084392; <br> CORECIVIC_1969691; <br> CORECIVIC_0683222; <br> CORECIVIC_1084370; <br> CORECIVIC_1233702; <br> CORECIVIC_0990200; <br> CORECIVIC_2155593; <br> CORECIVIC_0043786; <br> CORECIVIC_1084364; <br> CORECIVIC_1048594; <br> CORECIVIC_1084374; <br> CORECIVIC_1084378; <br> CORECIVIC_0024798; <br> CORECIVIC_0990221; <br> CORECIVIC_0375313; <br> CORECIVIC_0960355; <br> CORECIVIC_0080462; <br> CORECIVIC_1272428; <br> CORECIVIC_1084381; <br> CORECIVIC_1086670; <br> CORECIVIC_1001311; <br> CORECIVIC_1001430; <br> CORECIVIC_1145995; <br> CORECIVIC_0059412; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1273149; |
| | | CORECIVIC_1868591; |
| | | CORECIVIC_0502774; |
| | | CORECIVIC_1048148; |
| | | CORECIVIC_1088594; |
| | | CORECIVIC_1084397; |
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 25, 2016 | 1: Our primary business strategy is to provide prison bed capacity and quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities. *     *     * We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds. *     *     * Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase. We are pursuing a number of initiatives intended to | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; |

- 106 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | increase our occupancy and revenue. Our competitive cost structure offers prospective government partners a compelling solution to incarceration.<br><br>        *      *      *<br><br>    We believe the long-term growth opportunities of our business remain attractive as governments consider efficiency, savings, and offender programming opportunities we can provide. Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future demand for the solutions that we provide.<br><br>    . . . We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services. We believe our customers discover that partnering with private operators to provide residential services to their offenders introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br>1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>3:<br><br>Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application | CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591;<br>CORECIVIC_0502774;<br>CORECIVIC_1048148;<br>CORECIVIC_1088594;<br>CORECIVIC_1084397;<br>CORECIVIC_1057091;<br>CORECIVIC_0024802;<br>CORECIVIC_0990201;<br>CORECIVIC_1062079;<br>CORECIVIC_1084401;<br>CORECIVIC_1084409;<br>CORECIVIC_0507792;<br>CORECIVIC_0056731;<br>CORECIVIC_1398031;<br>CORECIVIC_2037897;<br>CORECIVIC_1164202;<br>CORECIVIC_1086030;<br>CORECIVIC_1084413;<br>CORECIVIC_0944767;<br>CORECIVIC_1168850; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | of changes to sentencing guidelines applicable to federal drug trafficking offenses. However, we do not expect a significant impact on us because BOP inmate populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Further, the public sector BOP correctional system remains overcrowded at approximately 119.5% at December 31, 2015. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity.<br><br>2:<br><br>    Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures, as well as various contractual requirements. These policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines.<br><br>    Prison Rape Elimination Act, or PREA, regulations were published in June 2012 and became effective in August 2013. All confinement facilities covered under the PREA standards must be audited at least every three years to be considered compliant with the PREA standards, with one-third of each facility type operated by an agency, or private organization on behalf of an agency, audited each year. These include adult prisons and jails, juvenile facilities, lockups (housing detainees overnight), and community confinement facilities, whether | CORECIVIC_0426167;<br>CORECIVIC_1501382;<br>CORECIVIC_0024804;<br>CORECIVIC_0044374;<br>CORECIVIC_1084426;<br>CORECIVIC_1153235;<br>CORECIVIC_1331967;<br>CORECIVIC_0994540;<br>CORECIVIC_1051670;<br>CORECIVIC_0044795;<br>CORECIVIC_1153773;<br>CORECIVIC_1084430;<br>CORECIVIC_0252571;<br>CORECIVIC_0945968;<br>CORECIVIC_1048125;<br>CORECIVIC_1052021;<br>CORECIVIC_1473396;<br>CORECIVIC_1136921;<br>CORECIVIC_0056737;<br>CORECIVIC_1084873;<br>CORECIVIC_0990526;<br>CORECIVIC_0029153;<br>CORECIVIC_0995243;<br>CORECIVIC_1084440;<br>CORECIVIC_0036533;<br>CORECIVIC_1048127;<br>CORECIVIC_0393678;<br>CORECIVIC_1197219;<br>CORECIVIC_0114064;<br>CORECIVIC_1191980;<br>CORECIVIC_2038076;<br>CORECIVIC_0047430;<br>CORECIVIC_1011291;<br>CORECIVIC_1084878;<br>CORECIVIC_1057296;<br>CORECIVIC_1131511;<br>CORECIVIC_0990739;<br>CORECIVIC_1048130;<br>CORECIVIC_1157988;<br>CORECIVIC_1084882;<br>CORECIVIC_1060946;<br>CORECIVIC_1002812;<br>CORECIVIC_0996986;<br>CORECIVIC_1337672; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | operated by the Department of Justice or unit of a state, local, corporate, or nonprofit authority.<br><br>Our facilities operate under these established standards, policies, and procedures, and also are subject to audits by our Quality Assurance Division, or QAD, which works independent from Operations management under the auspices of, and reports directly to, our Office of General Counsel. We have devoted significant resources to meeting outside agency and accrediting organization standards and guidelines.<br><br>The QAD employs a team of full-time auditors, who are subject matter experts from all major disciplines within institutional operations. Annually, without advance notice, QAD auditors conduct on site evaluations of each facility we operate using specialized operational audit tools, often containing more than 1,000 audited items across all major operational areas. In most instances, these audit tools are tailored to facility and partner specific requirements. Audit teams are also made available to work with facilities in specific areas of need, such as meeting requirements of new partner contracts or providing detailed training of new departmental managers.<br><br>The QAD management team coordinates overall operational auditing and compliance efforts across all CCA facilities. In conjunction with subject matter experts and other stakeholders having risk management responsibilities, the QAD management team develops performance measurement tools used in facility audits. The QAD management team provides governance of the corporate plan of action process for issues identified through internal and external facility reviews. Our QAD also contracts with teams of ACA certified correctional auditors to evaluate compliance with ACA standards at accredited facilities. | CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

- 109 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Similarly, the QAD coordinates the work of certified PREA auditors to help ensure that all facilities operate in compliance with these important regulations.<br><br>*  *  *<br><br>*Business Regulations*<br><br>The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many governmental and regulatory authorities. Some of the regulations are unique to the corrections industry. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. Failure to comply with these regulations and contract requirements can result in material penalties or non-renewal or termination of facility management contracts.<br><br>*  *  *<br><br>In addition, the services we provide are labor-intensive. When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis | |

- 110 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing.<br><br>\*     \*     \*<br><br>1, 2 & 3:<br><br>**ITEM 1A. RISK FACTORS**<br><br>As the owner and operator of correctional and detention facilities, we are subject to certain risks and uncertainties associated with, among other things, the corrections and detention industry and pending or threatened litigation in which we are involved. In addition, we are also currently subject to risks associated with our indebtedness as well as our qualification as a REIT for federal income tax purposes effective for our taxable years beginning January 1, 2013. The risks and uncertainties set forth below could cause our actual results to differ materially from those indicated in the forward-looking statements contained herein and elsewhere. The risks described below are not the only risks we face. Additional risks and uncertainties not currently known to us or those we currently deem to be immaterial may also materially and adversely affect our business operations. Any of the following risks could materially adversely affect our business, financial condition, or results of operations. | |
| SOx certifications filed with the SEC on February 25, 2016 | 1, 2 & 3:<br><br>2.       Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report; | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |
| | | CORECIVIC_1048127; |
| | | CORECIVIC_0393678; |
| | | CORECIVIC_1197219; |
| | | CORECIVIC_0114064; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| Hininger's March 30, 2016 annual letter to CCA shareholders | 1 & 3: <br><br> Every day we remain focused on providing high-quality, safe and secure facilities that meet the needs of our government partners. By consistently doing so, we have experienced more than three decades of continued growth and contract retention rates in excess of 90 percent. <br><br>     \*     \*     \* <br><br> CCA's value proposition to our government partners [that] continue[d] to make [it] the premier provider in the industry and an ideal solution for correctional systems seeking new or replacement facilities. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1153235;<br>CORECIVIC_1331967;<br>CORECIVIC_0994540;<br>CORECIVIC_1051670;<br>CORECIVIC_0044795;<br>CORECIVIC_1153773;<br>CORECIVIC_1084430;<br>CORECIVIC_0252571;<br>CORECIVIC_0945968;<br>CORECIVIC_1048125;<br>CORECIVIC_1052021;<br>CORECIVIC_1473396;<br>CORECIVIC_1136921;<br>CORECIVIC_0056737;<br>CORECIVIC_1084873;<br>CORECIVIC_0990526;<br>CORECIVIC_0029153;<br>CORECIVIC_0995243;<br>CORECIVIC_1084440;<br>CORECIVIC_0036533;<br>CORECIVIC_1048127;<br>CORECIVIC_0393678;<br>CORECIVIC_1197219;<br>CORECIVIC_0114064;<br>CORECIVIC_1191980;<br>CORECIVIC_2038076;<br>CORECIVIC_0047430;<br>CORECIVIC_1011291;<br>CORECIVIC_1084878;<br>CORECIVIC_1057296;<br>CORECIVIC_1131511;<br>CORECIVIC_0990739;<br>CORECIVIC_1048130;<br>CORECIVIC_1157988;<br>CORECIVIC_1084882;<br>CORECIVIC_1060946;<br>CORECIVIC_1002812;<br>CORECIVIC_0996986;<br>CORECIVIC_1337672;<br>CORECIVIC_1288741;<br>CORECIVIC_1008573;<br>CORECIVIC_2038385;<br>CORECIVIC_1062186;<br>CORECIVIC_1084886; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 5, 2016 | 1 & 3:

We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>3:<br><br>Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application of changes to sentencing guidelines applicable to federal drug trafficking offenses. However, we do not expect a significant impact on us because BOP inmate populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Further, the public sector BOP correctional system remains overcrowded at approximately 118.4% at March 31, 2016. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity. | CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591; |

- 119 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0502774; |
| | | CORECIVIC_1048148; |
| | | CORECIVIC_1088594; |
| | | CORECIVIC_1084397; |
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 5, 2016 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*  *  *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; |

- 122 -

Cases\4847-9479-1099.v1-5/1/20

Case 3:16-cv-02267    Document 365-17    Filed 11/20/20    Page 28 of 63 PageID #: 16754

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| CCA's Conference Call on May 5, 2016 | <u>1 & 3:</u><br><br>We have had tremendous success at the state and federal level with either at state-level governor's being a democrat or being a republican, or a president being a democrat or republican. We've been able to have really good operations, perform very, very well, and provide great value to our partners regardless of who's in the White House or who's in the Governor's residence in a respective state. And that's our focus, just to make sure that we continue to do a great job every day, have high quality operations, and then provide great value back to the taxpayers of that respective jurisdiction. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950. <br><br> In addition, the |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 1Q16 Investor Presentation on May 17, 2016 | 1:<br><br>• "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality."<br><br>1. Operating Cost Savings<br><br>| | Operating Cost Per Day in Government Facility(1) | Real Estate Cost Per Day | Total Government-Run Cost Per Day | CCA Average Per Diem(2) | Percent Savings |<br>|---|---|---|---|---|---|<br>| BOP | $76.00 | $12.00 | $88.00 | $75.30 | 14.4% |<br>| California | $175.00 | $12.00 | $187.00 | $75.30 | 59.7% |<br>| Colorado | $82.00 | $12.00 | $94.00 | $75.30 | 19.9% |<br><br>(1) Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT $12.00 - $20.00 PER DAY<br>(2) CCA average per diem for all facilities for the quarter ended March 31, 2016.<br><br>• "Adding competition has been found to lower costs and improve performance."<br><br>• "CCA provides short- and long- | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | term savings." <br><br> • "Selling government prisons provides cash and cost savings for use in other public works." <br><br> • "CCA's modern, state-of-the-art facilities improve safety, security and generate cost efficiencies." <br><br> • "Safety & Security is our **First** priority." <br><br> • "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |
| | | CORECIVIC_1048127; |
| | | CORECIVIC_0393678; |
| | | CORECIVIC_1197219; |
| | | CORECIVIC_0114064; |
| | | CORECIVIC_1191980; |
| | | CORECIVIC_2038076; |
| | | CORECIVIC_0047430; |
| | | CORECIVIC_1011291; |
| | | CORECIVIC_1084878; |
| | | CORECIVIC_1057296; |
| | | CORECIVIC_1131511; |
| | | CORECIVIC_0990739; |
| | | CORECIVIC_1048130; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's REITWeek: NAREIT's Investor Forum Presentation on June 8, 2016 | <u>1 & 3</u>:<br><br>One thing I'd point to when people ask us what's a Clinton White House look like for you all, what's a Trump White House look like for you all and their respective administrations, and I can't speak in absolutes and make definitive statements. But I would say that being around 30 years and being in operation in many, many states, and also doing work with the federal government going back to the 1980s, where you had Clinton White House, you had a Bush White House, you had Obama White House, we've done very, very well. We have operationally made sure that we are providing high quality and standard and consistent services to our partners and being very flexible and innovative in the solutions. And with that, we've had some nice growth in our business under those three respective Presidents. We had a lot of growth under Clinton, we had a lot of growth under Bush, and we've had a lot of growth under President Obama. And so, with that, if we continue to do a good job on the quality, and with that, we can demonstrate savings both on capital voids, but also cost savings in our services, then I think we'll be just fine. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0375313; |
| | | CORECIVIC_0960355; |
| | | CORECIVIC_0080462; |
| | | CORECIVIC_1272428; |
| | | CORECIVIC_1084381; |
| | | CORECIVIC_1086670; |
| | | CORECIVIC_1001311; |
| | | CORECIVIC_1001430; |
| | | CORECIVIC_1145995; |
| | | CORECIVIC_0059412; |
| | | CORECIVIC_1273149; |
| | | CORECIVIC_1868591; |
| | | CORECIVIC_0502774; |
| | | CORECIVIC_1048148; |
| | | CORECIVIC_1088594; |
| | | CORECIVIC_1084397; |
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |
| | | CORECIVIC_1048127; |
| | | CORECIVIC_0393678; |
| | | CORECIVIC_1197219; |
| | | CORECIVIC_0114064; |
| | | CORECIVIC_1191980; |
| | | CORECIVIC_2038076; |
| | | CORECIVIC_0047430; |
| | | CORECIVIC_1011291; |
| | | CORECIVIC_1084878; |
| | | CORECIVIC_1057296; |
| | | CORECIVIC_1131511; |
| | | CORECIVIC_0990739; |
| | | CORECIVIC_1048130; |
| | | CORECIVIC_1157988; |
| | | CORECIVIC_1084882; |
| | | CORECIVIC_1060946; |
| | | CORECIVIC_1002812; |
| | | CORECIVIC_0996986; |
| | | CORECIVIC_1337672; |
| | | CORECIVIC_1288741; |
| | | CORECIVIC_1008573; |
| | | CORECIVIC_2038385; |
| | | CORECIVIC_1062186; |
| | | CORECIVIC_1084886; |
| | | CORECIVIC_1153036; |
| | | CORECIVIC_1255135; |
| | | CORECIVIC_1085944; |
| | | CORECIVIC_0038435; |
| | | CORECIVIC_1008742; |
| | | CORECIVIC_0186382; |
| | | CORECIVIC_1084892; |
| | | CORECIVIC_1255758; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 4, 2016 | 1:   We believe the long-term growth opportunities of our business remain attractive as governments consider efficiency, savings, and offender programming opportunities we can provide.  Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

- 136 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | demand for the solutions we provide.

1 & 3:

We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.

3:

Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application of changes to sentencing guidelines applicable to federal drug trafficking offenses.  However, we do not expect a significant impact on us because BOP populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses.  Further, the public sector BOP correctional system remains overcrowded at approximately 117.2% at June 30, 2016. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1057091; |
| | | CORECIVIC_0024802; |
| | | CORECIVIC_0990201; |
| | | CORECIVIC_1062079; |
| | | CORECIVIC_1084401; |
| | | CORECIVIC_1084409; |
| | | CORECIVIC_0507792; |
| | | CORECIVIC_0056731; |
| | | CORECIVIC_1398031; |
| | | CORECIVIC_2037897; |
| | | CORECIVIC_1164202; |
| | | CORECIVIC_1086030; |
| | | CORECIVIC_1084413; |
| | | CORECIVIC_0944767; |
| | | CORECIVIC_1168850; |
| | | CORECIVIC_0426167; |
| | | CORECIVIC_1501382; |
| | | CORECIVIC_0024804; |
| | | CORECIVIC_0044374; |
| | | CORECIVIC_1084426; |
| | | CORECIVIC_1153235; |
| | | CORECIVIC_1331967; |
| | | CORECIVIC_0994540; |
| | | CORECIVIC_1051670; |
| | | CORECIVIC_0044795; |
| | | CORECIVIC_1153773; |
| | | CORECIVIC_1084430; |
| | | CORECIVIC_0252571; |
| | | CORECIVIC_0945968; |
| | | CORECIVIC_1048125; |
| | | CORECIVIC_1052021; |
| | | CORECIVIC_1473396; |
| | | CORECIVIC_1136921; |
| | | CORECIVIC_0056737; |
| | | CORECIVIC_1084873; |
| | | CORECIVIC_0990526; |
| | | CORECIVIC_0029153; |
| | | CORECIVIC_0995243; |
| | | CORECIVIC_1084440; |
| | | CORECIVIC_0036533; |
| | | CORECIVIC_1048127; |
| | | CORECIVIC_0393678; |
| | | CORECIVIC_1197219; |
| | | CORECIVIC_0114064; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808; CORECIVIC_1204519; CORECIVIC_1057675. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on August 4, 2016 | 1, 2 & 3:<br><br>2.      Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*      *      *<br><br>4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808; CORECIVIC_1204519; CORECIVIC_1057675. <br><br> In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

INTERROGATORY NO. 14:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that Defendants knew or recklessly disregarded that the statement was false or misleading or omitted material facts when made.

RESPONSE TO INTERROGATORY NO. 14:

In response to Interrogatory No. 14 Plaintiff reiterates the objections and responses to Interrogatory No. 13. Plaintiff also reiterates each of its General Objections set forth above.

INTERROGATORY NO. 15:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all allegedly omitted material facts that You contend Defendants had a duty to disclose as of the date the Challenged Statement was made.

RESPONSE TO INTERROGATORY NO. 15:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 15 is overbroad, unduly burdensome, premature, calls for legal conclusions, mischaracterizes the pleadings and Plaintiff's legal theories, and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants' duty (or duties) to disclose, if any, is (are) a legal matter(s) self-evident in law; and

(iv) the premature identification of all **allegedly omitted material facts Defendants had a duty to disclose** would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, **Plaintiff reiterates its response to** Interrogatory No. 13.

INTERROGATORY NO. 16:

For each omitted material fact identified in response to Interrogatory No. 15, state all facts and identify all Documents giving rise to any Defendant's duty to disclose that fact.

RESPONSE TO INTERROGATORY NO. 16:

In response to Interrogatory No. 16 Plaintiff reiterates the objections and response to Interrogatory No. 15. Plaintiff also reiterates each of its General Objections set forth above.

INTERROGATORY NO. 17:

State each disclosure that you contend revealed the relevant truth regarding one or more of the Challenged Statements listed in your response to Interrogatory No. 12.

RESPONSE TO INTERROGATORY NO. 17:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 17 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing. Plaintiff further objects to the extent that Defendants prematurely seek information subject to expert testimony and reports that will be produced at a later stage of this litigation pursuant to the Court's Revised Case Management Order dated March 20, 2020.

Subject to and without waiving the foregoing objections, Plaintiff responds by citing the Court's Order on Defendants' motion to dismiss (ECF No. 76 at 36-37) and the Court's Order on Plaintiff's motion for reconsideration (ECF No. 165 at 33 n.8).

INTERROGATORY NO. 18:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail which Challenged Statement(s) was corrected and how the alleged disclosure revealed the relevant truth about the Challenged Statement(s).

RESPONSE TO INTERROGATORY NO. 18:

In response to Interrogatory No. 18 Plaintiff reiterates the objections and response to Interrogatory No. 17.

INTERROGATORY NO. 19:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail when the purportedly corrective information could have been disclosed and what information should have been disclosed at that time.

RESPONSE TO INTERROGATORY NO. 19:

In response to Interrogatory No. 19, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that defendants "should" have done is irrelevant to Plaintiff's claims.

INTERROGATORY NO. 20:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail what material information was revealed by the alleged disclosure and how that information corrects the alleged omission.

Cases\4847-9479-1099.v1-5/1/20

RESPONSE TO INTERROGATORY NO. 20:

In response to Interrogatory No. 20, Plaintiff reiterates the objections and responses to Interrogatory No. 17. Plaintiff also specifically objects and reiterates that Interrogatory No. 20 calls for expert testimony.

INTERROGATORY NO. 21:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail when the purportedly corrective information could have been disclosed and what material information should have been disclosed at that time.

RESPONSE TO INTERROGATORY NO. 21:

In response to Interrogatory No. 21, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that what Defendants "should" have done is irrelevant to Plaintiff's claims.

INTERROGATORY NO. 22:

State the amount, nature of, and full and complete factual basis for the damages You claim members of the Plaintiff Class incurred as a result of the conduct alleged in the Complaint and identify all Documents supporting the damages You claim.

RESPONSE TO INTERROGATORY NO. 22:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 22 is premature, calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already in Defendants' possession in the litigation, including in the pleadings, the briefing and the Court's orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration and the expert reports submitted by Steven P. Feinstein.

INTERROGATORY NO. 23:

State the basis for, and identify all Documents supporting, your contention that CoreCivic did not provide quality corrections services; high standards of quality; high quality operations; "high-quality, safe and secure facilities"; or high-quality services to its government partners, including but not limited to the BOP.

RESPONSE TO INTERROGATORY NO. 23:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff objects that Interrogatory No. 23 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this Interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning quality would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff reiterates its response to Interrogatory No. 13.

INTERROGATORY NO. 24:

State the basis for, and identify all Documents supporting, your contention that CoreCivic did not provide cost savings to its government partners, including but not limited to the BOP.

RESPONSE TO INTERROGATORY NO. 24:

Plaintiff reiterates each of its General Objections. Plaintiff further objects that Interrogatory No. 24 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client

privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning cost would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, **Plaintiff reiterates its response to Interrogatory No. 13.**

INTERROGATORY NO. 25:

State the basis for, and identify all Documents supporting, Your contention that BOP communications with CoreCivic regarding operations at individual BOP Facilities were material to investors.

RESPONSE TO INTERROGATORY NO. 25:

Plaintiff reiterates its General Objections set forth above. Plaintiff further objects that Interrogatory No. 25 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning materiality would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery. Plaintiff further objects to this interrogatory as seeking a legal conclusion as to materiality.

INTERROGATORY NO. 26:

State the basis for, and identify all Documents supporting, Your contention that BOP communications with CoreCivic regarding the reasons for BOP decisions to renew or not renew contracts with CoreCivic for individual BOP Facilities were material to investors.

RESPONSE TO INTERROGATORY NO. 26:

In response to Interrogatory No. 26, Plaintiff reiterates the objections to Interrogatory No. 25.

INTERROGATORY NO. 27:

Describe in detail all facts that the Yates Memo revealed that were not already known to the public as of August 17, 2016.

RESPONSE TO INTERROGATORY NO. 27:

Plaintiff reiterates its General Objections set forth above. Plaintiff further objects that Interrogatory No. 27 calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing.

Subject to and without waiving the foregoing objections, Plaintiff responds that the parties' experts agree that the Yates Memo revealed new information not already known to the public. *See, e.g.*, Transcript of Deposition of Lucy Allen at 48:25-49:7.

INTERROGATORY NO. 28:

State the basis for, and identify all Documents supporting, your contention that CoreCivic's stock price dropped on August 18, 2016, as a result of investors learning that CoreCivic did not provide quality corrections services or cost savings to its government partners, and not because of some other reason.

RESPONSE TO INTERROGATORY NO. 28:

Plaintiff objects that Interrogatory No. 28 mischaracterizes the pleadings, calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings and Plaintiff's legal theories, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing.

INTERROGATORY NO. 29:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 3 is not an unqualified admission, please identify all statements supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 29:

Plaintiff reiterates each of its General Objections above. Further, in response to Interrogatory No. 29 Plaintiff refers Defendants to its objections and response to Interrogatory No. 13.

INTERROGATORY NO. 30:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 5 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 30:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' Requests for Admission ("RFA") No. 5, Plaintiff is not in a position to identify all facts supporting its response. In addition, Defendants' use of the term "contract retention rate" is ambiguous and undefined.

INTERROGATORY NO. 31:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 11 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 31:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 11, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 32:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 18 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 32:

Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 18, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 33:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 23 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 33:

Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 23, Plaintiff is not in a position to identify all facts supporting its response.

**INTERROGATORY NO. 34:**

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 24 is not an unqualified admission, please identify all facts supporting such qualification or denial.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 24, Plaintiff is not in a position to identify all facts supporting its response.

**INTERROGATORY NO. 35:**

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 25 is not an unqualified admission, please identify all facts supporting such qualification or denial.

**RESPONSE TO INTERROGATORY NO. 35:**

Plaintiff reiterates each of its General Objections above. In additon, the Complaint speaks for itself and alleges that CoreCivic's stock price was artificially inflated throughout the Class Period.

**INTERROGATORY NO. 36:**

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 28 is not an unqualified admission, please identify all facts supporting such qualification or denial.

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff reiterates each of its General Objections above. In addition, the Yates Memo speaks for itself and discusses, among other things, the Department of Justice's conclusion that private prisons, including CCA, "compare poorly to our own Bureau facilities."

INTERROGATORY NO. 37:

      With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 34 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 37:

      Plaintiff reiterates each of its General Objections above, in addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 34, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 38:

      With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 40 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 38:

      Plaintiff reiterates each of its General Objections above.  In addition, RFA No. 40 fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves.  Because RFA No. 40 is improper, no further response is required.

INTERROGATORY NO. 39:

      With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 45 is not an unqualified admission, please identify all facts supporting such qualification or denial.

Cases\4847-9479-1099.v1-5/1/20

RESPONSE TO INTERROGATORY NO. 39:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 45, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 40:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 50 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 40:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 40, Plaintiff is not in a position to identify all facts supporting its response.

DATED: May 1, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

## DECLARATION OF SERVICE BY EMAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2.      That on May 1, 2020, declarant caused to be served **PLAINTIFF CORECIVIC, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF** by email to the parties as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Morgan E. Whitworth<br>Faraz R. Mohammadi | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>morgan.whitworth@lw.com<br>faraz.mohammadi@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK &<br>JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2020, at San Francisco, California.

_____
                                                    SARAH MORRIS