# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| itingNIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 3:16-cv-02267 <br><br> Honorable Aleta A. Trauger <br><br> Magistrate Judge Jeffrey S. Frensley |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Evidence 201, Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin ("Defendants") respectfully request that the Court take judicial notice of (1) publicly available Securities and Exchange Commission ("SEC") disclosures; (2) publicly available articles, news releases, and reports; (3) publicly available government documents; and (4) evidence regarding CoreCivic's stock price, submitted concurrently herewith in support of Defendants' Motion for Summary Judgment and attached to the Declarations of Patrick Swindle and Meryn C. N. Grant in support thereof.

As set forth below, it is appropriate for the Court to take judicial notice of Exhibits A-Y, 47, 61, 63, 68, 69, 75, 77, 89, 99, 111, 112, 122, 125-128, 130, 131, 141, and 155 under Federal Rule of Evidence 201(b)(2).[1]

## I.    ARGUMENT

### A.    Standard for Judicial Notice

Courts adjudicating motions for summary judgment may consider, among other things, facts properly subject to judicial notice. *See, e.g.*, *Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018); *Berry v. Citi Credit Bureau*, No. 2:18-cv-02654-SHL-dkv, 2020 WL 4596774, at *8 (W.D. Tenn. Aug. 11, 2020) (granting judicial notice in support of successful motion for summary judgment). Federal Rule of Evidence 201 authorizes the Court to take judicial notice of any fact that is not subject to reasonable dispute because it is: (1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

### B.    The Court Should Take Judicial Notice of Publicly Available SEC Disclosures

Exhibits A-F, H, and K-P are excerpts of certain of CoreCivic's SEC filings. It is proper for the Court to take judicial notice of the fact that the filings were made and the statements included therein were publicly disclosed. *North Point Firefighters' Pension-Local Option Plan v. Fushi Copperweld, Inc.*, 929 F. Supp. 2d 740, 773-74 (M.D. Tenn. 2013) ("[C]ourts may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements. This includes the full text of the SEC filings,

---

[1] Exhibits labeled alphabetically correspond to exhibits in the concurrently filed Declaration of Patrick Swindle. Exhibits labeled numerically correspond to exhibits in the concurrently filed Declaration of Meryn C. N. Grant.

2

prospectus, analysts' reports and statements integral to the complaint.") (quotation marks, citations, and brackets omitted); *Taylor v. KeyCorp*, 678 F. Supp. 2d 633, 638 (N.D. Ohio 2009) (noting that "materials subject to judicial notice" include "securities filings made with the SEC"); *Total Benefits Plan. Agency v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) (taking judicial notice of defendant's annual statement).

### C. The Court Should Take Judicial Notice of Publicly Available Articles, News Releases, and Reports

Exhibits 75, 77, 111, 112, and 141 are copies of publicly available articles, news releases, and reports. Exhibits G, I, J, Q-Y, and 155 are copies of publicly available analyst reports regarding CoreCivic. These exhibits are being offered for the fact that the articles and the statements therein were publicly available at the time the articles were published (*i.e.*, that the documents state what they state). Judicial notice is proper in such circumstances. *See, e.g., City of Monroe Emps.' Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 662 n.10 (6th Cir. 2005) (taking "judicial notice of the fact that the media articles cited above were published, without reaching any conclusions about their truth"); *Roane Cnty., Tenn. v. Jacobs Eng'g Grp., Inc.*, No.: 3:19-cv-206-TAV-HBG, 2020 WL 2025613, at *4 (E.D. Tenn. Apr. 27, 2020) (taking judicial notice of "various [news] articles, press releases, and related sources . . . as an indication of what information was in the public realm"); *Graham v. Fearon*, No. 1:16 CV 2366, 2017 WL 1113358, at *1 (N.D. Ohio Mar. 24, 2017) (taking judicial notice of "publicly available documents, stock analysts' reports, and news articles").

### D. The Court Should Take Judicial Notice of Publicly Available Government Documents

Exhibits 47, 61, 63, 99, 122, 125, 127, 128, 130, and 131 are publicly available government documents and memoranda available on the Internet, and are properly subject to judicial notice. *See, e.g., Roane Cnty.*, 2020 WL 2025613, at *3 (taking judicial notice of government memo

published on government website because "the Court may take judicial notice of public records and government documents available from reliable sources on the Internet") (quoting *Mitchell v. Tenn. Valley Auth.*, No. 3:14-CV-360-TAV-HBG, 2015 WL 1962203, at *4 n.2 (E.D. Tenn. Apr. 30, 2015)); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citation omitted). Additionally, Exhibits 68, 69, and 89 are copies of Federal Acquisition Regulations, which are similarly subject to judicial notice. *See, e.g., U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03-0842, 2006 WL 2633740, at *9 (M.D. Tenn. Sept. 13, 2006) ("federal regulations . . . were properly subject to judicial notice") (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335 (6th Cir. 2002)); *U.S. ex rel. Oreo Debris, Inc. v. Ashbritt, Inc.*, No. 1:07cv94HSO-JMR, 2008 WL 11336247, at *2 (S.D. Miss. Feb. 21, 2008) (taking judicial notice of Federal Acquisition Regulations).

### E. The Court Should Take Judicial Notice of Evidence Regarding CoreCivic's Stock Price

Exhibit 126 is a document reflecting CoreCivic's historical stock prices. Courts routinely take judicial notice of a public company's stock prices. *See, e.g., Gaynor v. Miller*, 273 F. Supp. 3d 848, 857 n.4 (E.D. Tenn. 2017) (taking judicial notice of "historical stock prices"); *In re TransDigm Group, Inc. Sec. Litig.*, 440 F. Supp. 3d 740, 755 n.12 (N.D. Ohio 2020) ("[A] district court may take judicial notice of well-publicized stock prices[.]"); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (granting defendant company's request to take judicial notice of stock price).

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court take judicial notice of

Exhibits A-Y, 47, 61, 63, 68, 69, 75, 77, 89, 99, 111, 112, 122, 125-128, 130, 131, 141, and 155.

DATED:  November 20, 2020

Respectfully submitted:

/s/ *Meryn C. N. Grant*

Meryn C. N. Grant (admitted *pro hac vice*)
David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

5

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

this 20th day of November, 2020.

/s/ *Meryn C. N. Grant*
Meryn C. N. Grant