UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Jeffery Frensley |

**DEFENDANTS' MOTION TO CONTINUE THE SEALING OF CERTAIN DOCUMENTS FILED IN CONNECTION WITH PLAINTIFF'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF DEFENDANTS' NON-RETAINED EXPERTS AND TO EXCLUDE EXPERT TESTIMONY OF JUSTIN MARLOWE**

On November 20, 2020, Plaintiff filed under seal (i) its Memorandum of Law in support of the Motion to Exclude Expert Testimony of Defendants' Non-Retained Experts (ECF No. 354) and the Declaration of Christopher M. Wood ("Wood Decl.") (ECF No. 356), which in turn attached eight exhibits (ECF. Nos. 356-1–356-8); and (ii) its Memorandum of Law in support of the Motion to Exclude Expert Testimony of Justin Marlowe (ECF No. 358) and the Declaration of Willow E. Radcliffe ("Radcliffe Decl.") (ECF No. 359), which in turn attached twelve exhibits (ECF Nos. 359-1–359-12). Thereafter, the Court ordered Defendants to file a motion to continue the sealing of any the documents that they believe are confidential before December 4, 2020 (ECF No. 370 or "Order").

Pursuant to the Court's Order, Rules 5.03 and 7.01 of the Civil Local Rules of Court, the Revised Stipulation and Protective Order entered in this case (ECF No. 86) (the "Protective Order") and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (ECF No. 177) (the "SSI Protective Order"), Defendants respectfully request that the

Court direct the Clerk to continue the sealing of (i) one exhibit filed in support of the Motion to Exclude Expert Testimony of Justin Marlowe and (ii) three exhibits filed in support of the Motion to Exclude Expert Testimony of Defendants' Non-Retained Experts.[1] The information Defendants seek to maintain under seal (i) was designated as Source Selection Information by the Bureau of Prisons ("BOP"); (ii) is confidential and proprietary information concerning the business strategies and operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company"), which if made public, would cause serious injury to the Company; and/or (iii) is the personal information of a non-party to the action.

Specifically, Defendants respectfully request that the Court direct the Clerk to continue the sealing of the September 5, 2011, email exchange between Company employees filed by Plaintiff as **Exhibit 7 to the Radcliffe Decl.** at ECF No. 359-7.

Defendants further request that the Court direct the Clerk to continue the sealing of the following documents and to file the attached redacted versions of the documents:

- Excerpted portions of the transcript of the deposition of Harley Lappin, taken October 29, 2020, filed by Plaintiff as **Exhibit 1 to the Wood Decl.** at ECF No. 356-1;

- Excerpted portions of the transcript of the deposition of William Dalius, taken October 28, 2020, filed by Plaintiff as **Exhibit 6 to the Wood Decl.** at ECF No. 356-6; and

---

[1] Attached to this Motion are versions of these three exhibits with the relevant confidential information redacted.

- Excerpted portions of the transcript of the deposition of Donald Murray, taken October 23, 2020, filed by Plaintiff as **Exhibit 7 to the Wood Decl.** at ECF No. 356-7.

Defendants have no objection to the Court unsealing the remaining documents that Plaintiff filed under seal in connection with these motions.

## Argument

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("'[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence' . . . is typically enough to overcome the presumption of access." (citation omitted)).

***First***, Defendants seek to continue the sealing of Exhibit 7 to the Radcliffe Decl. in its entirety and the sealing of certain limited information in Exhibit 7 to the Wood Decl. because those documents contain confidential and proprietary information concerning the business strategies and

3

operations of the Company. "The Court should not allow its docket to be used as a source 'of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (citing *Nixon*, 435 U.S. at 598). The Court may seal "documents contain[ing] commercial[] information that, if made available for [] competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*.

The document filed as Exhibit 7 to the Radcliffe Decl. was filed by Defendants as Exhibit 150 (ECF No. 367-53) to the Declaration of Meryn Grant (the "Grant Decl.") (ECF No. 360) in connection with their Motion for Summary Judgment. At that time, Defendants sought the Court's leave to file Exhibit 150 under seal because the document contains an internal financial analysis comparing the Company's expenses to those of the BOP, and the email to which it is attached in which a Company employee inquires about certain strategies to conduct the analysis, disclosure of which could be used by competitors as a "source[] of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598; *see also Avomeen Holdings, LLC v. Thanedar*, No. 17-cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018) (citing cases and observing that "[o]ther justifications [for filing evidence under seal] can include protecting . . . pricing information, financial statements, sales trend data, and pricing and marketing strategy"); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."). The Court granted Defendants' motion to seal this document (ECF No. 372). For these reasons and the reasons described in the Motion to Seal (ECF No. 364 at 14–15)

4

Case 3:16-cv-02267    Document 374    Filed 12/04/20    Page 4 of 10 PageID #: 17672

filed concurrently with Defendants' Motion for Summary Judgment (ECF No. 352), Defendants request that the Court continue the sealing of this document.

Defendants also seek to continue the sealing on limited information in Exhibit 7 to the Wood Decl. because it discloses at pages 209:24-25, 210:4-7 and 210:11-13 confidential information from a letter, Bates stamped CORECIVIC_1051551, from the BOP to the Company regarding the Company's bid responding to the BOP CAR XV Request for Proposals and requesting further information in support of the Company's bid. Disclosure of communications between the Company and the BOP relating to contract bids or negotiations would reveal information about the Company's strategic business decisions. The corrections industry is very competitive and, if this information is published, the Company will suffer a serious injury. Simply stated, the exhibits and information the Company seeks to seal reflect the Company's "proprietary business communications and operations," which, if made public, would give competitors an advantage in the marketplace. *See Caudill*, 2017 WL 3220470, at *5. Attached as Exhibit C hereto is a version of Exhibit 7 to the Wood Decl. with the confidential information redacted.

***Second***, Defendants seek to continue the sealing of certain limited information contained in Exhibits 1, 6 and 7 to the Wood Decl. to prevent the disclosure of Source Selection Information pursuant to the SSI Protective Order[2] and Federal Acquisition Regulation ("FAR") sections 2.101

---

[2] Material designated as Source Selection Information pursuant to the SSI Protective Order includes "any material that [the producing party] believes in good faith is protected by the Federal Acquisition Regulation or the Procurement Integrity Act, 41 U.S.C. §423, because it contains (i) bid prices submitted in response to a Federal agency invitation for sealed bids, or lists of those bid prices before public bid opening; (ii) proposed costs or prices submitted in response to a Federal agency solicitation, or lists of those proposed costs or prices; (iii) source selection plans; (iv) technical evaluation plans; (v) technical evaluations of proposals; (vi) cost or price evaluations of proposals; (vii) competitive range determinations that identify proposals that have a reasonable chance of being selected for award of a contract; (viii) rankings of bids, proposals or competitors; (ix) reports and evaluations of source selection panels, boards or advisory councils; or (x) other information marked as 'Source Selection Information' based on a case-by-case determination by

and 3.104. The FAR, among other things, prohibits the public disclosure of source selection material. Also, pursuant to the SSI Protective Order, the parties and the BOP agreed that any Source Selection Information submitted to the Court in connection with a motion shall be filed under seal. *See* SSI Protective Order ¶ 6. Given that, Defendants respectfully request that the Court continue the sealing of the following information from these Exhibits unless or until the BOP withdraws the Source Selection Information designation:

- Exhibit 1 to the Wood Decl. discloses at page 97:6 information contained in a document produced by the BOP, Bates stamped BOP_0293137, which was designated as Source Selection Information by the BOP.

- Exhibit 6 to the Wood Decl. discloses at pages 122:22 and 124:6-9 information contained in a document produced by the BOP, Bates stamped BOP_0334043, which was designated as Source Selection Information by the BOP.

- Exhibit 7 to the Wood Decl. discloses at pages 133:10-11, 133:25-134:10, 135:4-5, 135:15-25, 136:14-20, 165:14 and 165:18-19 information contained in a document produced by the BOP, Bates stamped BOP_0293137, which was designated as Source Selection Information by the BOP.

Attached as Exhibits A, B and C hereto are versions of the Exhibits 1, 6 and 7 to the Wood Decl. with the SSI information redacted.

***Third***, Exhibit 7 to the Wood Decl. discloses at page 11:3-5 the home address and telephone number of Mr. Murray, a non-party. Defendants seek to redact this personal information

---

the head of the agency, his designee or the contracting officer that its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates." *See* SSI Protective Order ¶ 1.

pursuant to Administrative Order No. 167-1 § 5.10. Attached as Exhibit C hereto is a version of Exhibit 7 to the Wood Decl. with the personal information redacted.

Accordingly, for these reasons and because Defendants' request to seal is narrowly tailored, *Shane Grp., Inc.*, 825 F.3d at 305, Defendants request that Court continue the sealing of the aforementioned Exhibits.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the Clerk to continue the sealing of Exhibit 7 to the Radcliffe Decl., and Exhibits 1, 6 and 7 to the Wood Decl. Defendants further respectfully request that the Court order the Clerk to file the redacted versions of Exhibits 1, 6 and 7 to the Wood Decl. Defendants have no objection to the Court unsealing the remaining documents that Plaintiff filed under seal in connection with the Motion to Exclude the Expert Testimony of the Non-Retained Experts or the Motion to Exclude the Testimony of Justin Marlowe.

DATED: December 4, 2020                    Respectfully submitted:

  /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

Morgan E. Whitworth (admitted *pro hac vice)*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

this 4th day of December, 2020.

/s/ Steven A. Riley
Steven A. Riley