| | |
|---|---|
| **NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,** ) ) ) ) **Plaintiff,** ) ) **v.** ) ) **CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,** ) ) ) ) ) **Defendants.** ) | **Case No. 3:16-cv-2267** **Judge Aleta A. Trauger** |

## MEMORANDUM & ORDER

Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Amalgamated"), has filed a Motion for Discovery Sanctions (Doc. No. 314), to which the defendants have filed a Response (Doc. No. 322), and Amalgamated has filed a Reply (Doc. No. 324). For the reasons set out herein, the motion will be denied.

The discovery dispute underlying this motion is lengthy and need not be recounted in great detail. On February 27, 2020, Amalgamated filed a Motion to Compel Production of Improperly Withheld Documents. (Doc. No. 194.) It asked the court to order that the defendants "produce all documents withheld or clawed back as privileged pursuant to the attorney client privilege or work product doctrine, including any third party documents [the defendants] have prevented from being produced on these grounds." (Doc. No. 194-1 at 2.) Amalgamated argued that the defendants had waived privilege by failing to timely or adequately raise their objections; that both the descriptions in the privilege log and the contents of clawed back documents revealed that the defendants had improperly withheld or clawed back non-privileged documents

concerning non-legal and ordinary business matters; that privilege for many documents had also been waived based on the documents' having been shared with third parties; and that the defendants had, in particular, improperly withheld or clawed back non-privileged email attachments based solely on the fact that the emails to which they were attached included privileged communications. (Doc. No. 195 at 10–20.) This court referred the motion to the magistrate judge. (Doc. No. 197.) After briefing by the parties, the magistrate judge entered his Order on the matter on April 30, 2020, mostly denying Amalgamated its requested relief. (Doc. No. 211.) On May 15, 2021, Amalgamated filed its Motion for Review of the Magistrate Judge's Order, raising a number of objections. (Doc. No. 213.)

On June 5, 2020, the court entered a Memorandum and Opinion granting the motion in part and denying it in part. (Doc. Nos. 221–22.) Specifically, the court held that the defendants had failed to properly support their assertion of privilege with regard to one relatively small subset of documents: those for which the defendants had asserted privilege based on the involvement of Natasha Metcalf, an attorney who was acting in a non-attorney role ("Metcalf Documents"). The court accordingly ordered the defendants to provide an updated privilege log better explaining their assertions of privilege with regard to those documents and to provide the documents to the court for *in camera* review. (Doc. No. 222.) When the defendants reexamined the Metcalf Documents, however, they apparently discovered that the overwhelming majority of them were not privileged and had been improperly withheld. They therefore withdrew their assertion of privilege.

Throughout this process, the plaintiffs have voiced suspicions that the defendants had improperly withheld a large amount of responsive, non-privileged material, not merely the Metcalf Documents. The plaintiffs' suspicions have mostly been conjectural. After the Metcalf

2

Documents incident, however, the court grew concerned that, when it had inquired more deeply about one particular subset of the documents, the assertion of privilege for those documents had quickly collapsed. The court concluded that it was necessary to inquire more deeply to determine whether the mishandling of the Metcalf Documents represented an isolated error based on a misclassification of a single employee during a massive, complicated production process,[1] or whether, in the alternative, it was, as counsel for Amalgamated repeatedly urged the court to suspect, the tip of a much larger iceberg of misconduct.

On July 24, 2020, after lengthy discussion with the parties, the court entered an Order appointing the Honorable Faith S. Hochberg (ret.) as Special Master for a thorough *in camera* review of a random sampling of at least 2.5% of the withheld documents. (Doc. No. 246.) The court reserved its decision as to the allocation of the Special Master's fees and expenses. (*Id.* ¶ 6.) While the Special Master's review was ongoing, Amalgamated informed the court that it had come to believe that some of the withheld documents would reveal additional misconduct by the defendants. The defendants insisted that Amalgamated was mistaken and had simply been confused by the fact that two different documents relevant to the case had used similar titles. On August 14, 2020, the court entered an Order expanding the scope of the Special Master's review to include review of selected documents relevant to that additional issue. (Doc. No. 275.)

On September 18, 2020, the Special Master issued her Report and Recommendation. (Doc. No. 305.) The Special Master concluded that most of the documents reviewed were properly withheld. For some documents, the Special Master conditioned that conclusion on the assumption that the defendants had allocated appropriate decision-making responsibility to senior counsel with sufficient knowledge of the case and the subject matter of the

---

[1] According to the defendants, the document review for this case has entailed the review of over 1 million documents. Of those, well over 400,000 were found to be responsive, and, of the responsive documents, around 8,800 were withheld. (Doc. No. 322-1 ¶¶ 5–6.)

communications. (*E.g.*, *id.* at 4.) The Special Matter also recommended that, with some of the documents that included both privileged and non-privileged materials, the "better approach" would have been to provide redacted copies. The Special Master, however, also acknowledged that "there is not yet a uniform rule or practice regarding the approach to such documents." (*Id.* at 6.) The Special Master similarly identified a lack of a "bright line rule" governing production of one of the most fiercely contested categories of documents, the email attachments. (*Id.* at 8.) Finally, the Special Master concluded that some of the withheld documents had been incorrectly assumed to be privileged merely because of the presence of counsel on the non-privileged communications. (*Id.* at 7, 12.) The defendants, however, maintain that many of those documents are merely duplicates of documents that were, in fact, produced. (*See* Doc. No. 322 at 12–13). With regard to the supplemental review, the Special Master confirmed that the plaintiffs' suspicions were, in fact, merely the result of two similarly-named documents. (Doc. No. 305 at 14.)

On October 6, 2020, Amalgamated filed its Motion for Sanctions. (Doc. No. 314.) Amalgamated requested that, as sanctions for the defendants' alleged misconduct, the court give the jury an instruction informing it that the defendants had "negligently failed to produce evidence" and that the jury was "allowed to infer, or conclude, that Defendants withheld relevant evidence that would have shown something favorable to the Plaintiff and unfavorable to Defendants." (Doc. No. 134-1 at 1.)

Rule 37(d) of the Federal Rules of Civil Procedure allows a party to move for sanctions if the opposing party "fails to serve its answers, objections, or written response" to interrogatories or document requests. Fed. R. Civ. P. 37(d)(1)(A)(ii). In addition to the powers expressly conferred by the Rules, "[f]ederal courts have the inherent authority to sanction bad-faith

4

conduct, as well as conduct that is 'tantamount to bad faith.'" *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure allows a party to withhold privileged documents but provides that, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "The burden of establishing privilege rests with the person asserting it." *Avis Rent A Car Sys., LLC v. City of Dayton, Ohio*, No. 3:12-CV-399, 2013 WL 3781784, at *8 (S.D. Ohio July 18, 2013) (quoting *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983)). When a party refuses to produce documents on the basis of privilege, but the documents are not privileged or the party has failed to appropriately establish privilege, then the party has failed to make a required disclosure and may be subject to sanctions. The decision to order sanctions, however, is within the court's discretion; "the court is to impose sanctions only if they are just and has discretion about the sanction to be imposed." 8A Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2291 (3d ed.).

The court finds that there is no basis for sanctions here. The defendants' privilege log was not perfect. Some documents were improperly withheld, some assertions of privilege were cursory, and, where the law was debatable, the defendants appear to have, perhaps unsurprisingly, taken a broad view of their rights that favored withholding documents. That is undoubtedly frustrating for Amalgamated. It is also, however, entirely unremarkable in the context of the massive electronic discovery burdens that characterize modern civil litigation,

5

particularly in this area. Throughout this dispute, Amalgamated has speculated that, if the court merely dug further into the defendants' assertions of privilege, the court would find widespread misconduct worthy of sanctions. The court found, instead, an ordinary privilege log reflecting an ordinary body of withheld documents, with all the imperfections and ambiguities that that entails. The defendants' assertions of privilege were neither the most thorough imaginable nor uniquely problematic. The defendants could have done better; the court, however, sees no evidence of bad faith and no deficiencies so pervasive that it would justify prejudicing the jury with an instruction that would lead jurors to believe that the defendants—accused, in the underlying causes of action, of fraud—behaved dishonestly or negligently in this litigation.

By improperly withholding the Metcalf Documents, the defendants opened the door for what has become a long-lasting and expensive process. The court, however, is satisfied that this matter is finally resolved, and the court hopes that the burden of the process itself has been sufficient warning about the need to exercise care in document review and production. Amalgamated's Motion for Sanctions (Doc. No. 314) is therefore **DENIED**, and it is hereby **ORDERED** that costs for the Special Master's review shall be split equally between Amalgamated and the defendants.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge