# EXHIBIT 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br><u>DEMAND FOR JURY TRIAL</u> |

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)**

Defendants CoreCivic, Inc., Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Defendants"), by and through their undersigned counsel, hereby submit these Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. By making these disclosures, Defendants do not concede the relevance or admissibility of any of the information provided, nor waive the assertion of any applicable privilege or other proper bases upon which information may be withheld. Defendants reserve the right to object to any subsequent discovery request by Plaintiff, even if directed to subject matters described herein. These initial disclosures are based on information reasonably available to Defendants at this time. Defendants reserve the right to supplement or amend these disclosures in light of further discovery and investigation, but do not assume any obligation to do so beyond that imposed by the Federal Rules of Civil Procedure.

Defendants construe the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure not to require the production of any information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure, or that constitute settlement communications regarding this matter. Defendants intend to and do assert a privilege with respect to all such information and documents, and inadvertent disclosure thereof shall not constitute a waiver of any such privilege.

Defendants do not waive their right to retain consultants and to designate testifying experts who may rely upon documents or information not identified below.

## I. Individuals with Discoverable Information – Rule 26(a)(1)(A)(i)

Based on information currently available to Defendants, each of the following current and former CoreCivic employees is likely to have discoverable information that Defendants may use in support of their defenses to the allegations in Plaintiff's Consolidated Complaint. The following individuals may have information regarding CoreCivic's statements to investors (including the class period statements Plaintiff has alleged are false or misleading); CoreCivic's

- 1 -

filings with the Securities and Exchange Commission ("SEC"); and the "quality" and "cost effectiveness" of CoreCivic's operations. The inclusion of any name on this list is not an affirmation by Defendants that any individual in fact possesses such information. Each of these individuals should be contacted, if at all, through counsel for Defendants: Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071, (213) 485-1234; Riley, Warnock & Jacobson, PLC, 1906 West End Avenue, Nashville, TN 37203, (615) 320-3700.

1. Jeb Beasley
2. David M. Garfinkle
3. Tony Grande
4. Damon T. Hininger
5. Cameron Hopewell
6. Harley G. Lappin
7. Natasha Metcalfe
8. Todd J. Mullenger
9. Don Murray
10. Michael Nalley
11. Kim White

Defendants incorporate by reference all individuals disclosed by Plaintiff in its respective Rule 26(a)(1) disclosures to the extent they may possess information that Defendants may use to support their defenses. In addition, Defendants reserve the right to seek and rely on discoverable information from sources identified in Plaintiff's subsequent discovery responses, whether or not those individuals are now known to Defendants. Defendants further reserve the right to seek discovery from, and relating to, all other persons that may subsequently become known as

- 2 -

persons likely to have discoverable information relevant to this matter, whether or not those individuals are now known to Defendants, and to call such persons as witnesses at trial.

In making these disclosures, Defendants do not waive their right to object, pursuant to the Federal Rules of Civil Procedure and Local Rules for the Middle District of Tennessee, to the deposition or testimony of any individual or entity, including those identified above.

## II.     Description of Discoverable Documents – Rule 26(a)(1)(A)(ii)

The following are descriptions, by category, of all documents, data compilations, and tangible things that Defendants may use to support their defenses in this lawsuit. To the extent these initial disclosures entail the production of confidential Discovery Material as defined by the Protective Order governing the protection and exchange of confidential information (stipulated by the parties through their respective counsel and entered by the Court, *see* Dkt. No. 86), such confidential Discovery Material will be produced subject to the Protective Order.

1. Documents filed by CoreCivic with the U.S. Securities & Exchange Commission ("SEC").
2. Documents attached to or referenced in pleadings filed in this action.
3. CoreCivic press releases and publications.
4. Transcripts of CoreCivic conference calls with investors and analysts.
5. Analyst reports, news articles, media reports, and other publications regarding the corrections industry, CoreCivic, CoreCivic's government partners, the OIG Review, and the Yates Memorandum.
6. Documents reflecting the trading prices of CoreCivic and other private correctional and related-industry stocks.
7. Documents, reports, and other data reflecting the services provided by CoreCivic to its government partners, to the extent relevant to the claims and defenses in this case.

- 3 -

8. Internal CoreCivic communications, notes, reports, memoranda, and presentations regarding CoreCivic facilities and operations, to the extent relevant to the claims and defenses in this case.

9. Internal CoreCivic communications, notes, reports, memoranda, and presentations regarding CoreCivic's compliance with contract requirements and accreditation standards, to the extent relevant to the claims and defenses in this case.

10. Communications between CoreCivic and its government partners, including the Bureau of Prisons, regarding CoreCivic facilities and operations, to the extent relevant to the claims and defenses in this case.

Defendants incorporate by reference all documents, electronically stored information, and tangible things disclosed by Plaintiff in its respective Rule 26(a)(1) disclosures to the extent they contain information that Defendants may use to support their defenses. Defendants reserve the right to object to the relevance or admissibility of any documents if offered by Plaintiff for any purpose.

Defendants' evaluation of documents relevant to this matter and information that they may use to support their defenses is ongoing, and Defendants expressly reserve the right to supplement this identification of documents in accordance with the Federal and Local Rules. In addition to documents that Defendants produce, Defendants may rely on publicly available documents and on documents produced by Plaintiff, other putative class members, or third parties to support their defenses. Defendants make this disclosure without waiver of any privileges or work product protection. Moreover, production of these documents does not constitute a waiver to any objection or an admission that they are necessarily relevant or otherwise admissible in evidence.

### III. Damages Computation – Rule 26(a)(1)(A)(iii)

Defendants do not claim damages in this action.

## IV. Insurance Agreements – Rule 26(a)(1)(A)(iv)

Defendants will produce applicable insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

DATED: February 23, 2018

Respectfully submitted:

 /s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following via email and U.S. mail, postage prepaid:

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

and upon the following via email:

Paul Kent Bramlett
Robert Preston Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Avenue of the Stars, Suite 100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue
Suite 601
Knoxville, TN 37902
cain@scottandcain.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Dennis J. Herman
Willow E. Radcliffe
ROBBINS GELLER RUDMAN
 & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com

this 23rd day of February, 2018.

    /s/ Steven A. Riley
Steven A. Riley