# EXHIBIT 14

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM & WATKINS LLP

September 14, 2020

**VIA EMAIL**

Christopher M. Wood
414 Union Street
Nashville, TN 37219
Phone: (615) 2442203
CWood@rgrdlaw.com

Re:   *Grae v. Corrections Corp. of America, et al.*, No. 3:16-cv-02267

Counsel:

We write to respond to the items you raised in your September 4, 2020 email and which we discussed on our September 9, 2020 meet and confer call.

*First*, Defendants do not believe that Messrs. Lappin's, Hininger's and Garfinkle's erratas to their deposition transcripts are "impermissible," and Messrs. Lappin, Hininger and Garfinkle will not withdraw them. As you know, Rule 30(e)(1)(B) permits witnesses to, after review, make changes to their transcript "in form or substance." Each of these witnesses (each an Individual Defendant) expressly reserved the right to do that at the end of his deposition. After reviewing their transcripts, Messrs. Lappin and Hininger made changes to their transcripts via errata in order to clarify that CoreCivic did not receive the BOP After Action Report in 2012 (as opposed to a different After Action report), and Mr. Garfinkle made changes to his transcript via errata to clarify that he had, in fact, reviewed Plaintiffs' second set of interrogatories prior to verifying them. These are the types of changes that are envisioned, and permitted, by Rule 30(e)(1)(B), and is consistent with the parties practice to date. Indeed, the purpose of Rule 30(e) is to ensure that depositions are not a "memory test"—a point you've reiterated several times in your questioning. *See* K. White Dep. Tr. at 22:9-10 ("this isn't supposed to be a memory test"); W. Dalius Dep. Tr. at 80:19 ("It's not a memory test."); M. Nalley Dep. Tr. at 123:2 ("I'm not trying to give you a memory test."); D. Hininger Dep. Tr. at 91:3 ("it's not a memory test").

During the call, you cited *Lewis v. Hawkins*, No. 3:16-CV-315-TAV-HBG, 2017 WL 4322825, at *1 (E.D. Tenn. Sept. 28, 2017), to support your contention that these errata sheets are improper in the Sixth Circuit. In *Lewis*, the plaintiff changed several portions of his testimony via an errata sheet to add a hypothetical caveat, "That is, if I were traveling 55 miles per hour," when testifying regarding the speed of the vehicle, after reflecting on his "intentions concerning the 55 mile per hour speed limit" post-deposition. *See* 2017 WL 4322825, at *5 (changing, *e.g.*, "Most likely. I'm trying to stop." to "Most likely. That is, if I were traveling 55 miles per hour."). That fact pattern is readily distinguishable from the circumstances here. Messrs. Lappin, Hininger and Garfinkle made discrete and limited substantive changes to make their testimony accurate, not to

interject "artful responses" to questions initially answered "with no thought at all." *See Trout v. FirstEnergy Generation Corp.,* 339 F. App'x 560, 565 (6th Cir. 2009).

*Second*, Defendants' Supplemental Initial Disclosure of Thurgood Marshall, Jr., pursuant to Rule 26(a)(1)(A)(i) on July 31, 2020, was not "late," as you contend. Rule 26(e)(1)(A) requires that a party make a supplemental disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete[.]" That is what Defendants did. Defendants disclosed Mr. Marshall before the discovery cutoff date and "in a timely manner" after they learned that Mr. Marshall should be included. Specifically, Mr. Marshall's name came up in several of the exhibits Plaintiffs introduced in Messrs. Ferguson's and Garfinkle's depositions on July 29 and July 31, 2020 respectively. And, Plaintiffs are in no way prejudiced by the disclosure of Mr. Marshall, as you have known about him for a long time—he was a member of CoreCivic's Board of Directors for the entire Class Period and Plaintiffs introduced exhibits involving Mr. Marshall in depositions as early as March 2020.

As a remedy for this purportedly "late" disclosure, you requested that Defendants produce Mr. Marshall's documents and require him to sit for deposition. Defendants disagree that this is required under Rule 26. This is the first time Plaintiffs have requested Mr. Marshall's documents in the entire (extensive) meet and confer process which led to Defendants' production of more than 60 custodial files. And, despite being allowed 13 depositions *over* the 10-deposition limit under the Federal Rules, Mr. Marshall's name never came up as a potential deponent. Nevertheless, in the spirit of compromise, Defendants are willing to produce Mr. Marshall's documents (using the same search terms and date ranges previously agreed to by the parties) and produce him for a deposition limited to 3.5 hours regarding the topics listed in Defendants' February 23, 2018 Initial Disclosures, on the condition that Plaintiffs will not seek an extension of any other case deadlines, as ordered by the Court on July 29, 2020 (*see* Dkt. 258).

*Finally,* Defendants disagree that their Rule 26(a)(2)(C) expert disclosures violate Local Rule 39.01(c)(5)(A). Local Rule 39.01(c)(5)(A) states: "No more than three (3) witnesses may be called by any party in a case to give expert testimony as to any subject, or to impeach or sustain the character of a witness, absent prior approval of the Court." On August 7, 2020, the deadline for initial expert disclosures, Defendants disclosed three individuals who will provide expert opinions (and only expert opinions) at trial, as set forth in their accompanying expert reports, pursuant to Rule 26(a)(2)(B). Pursuant to Rule 26(a)(2)(C), Defendants also disclosed four percipient fact witnesses who did not provide a written report but may be called upon at trial to present testimony under Federal Rules of Evidence 702, 703 and 705. As Defendants made clear on our meet and confer call, these Rule 26(a)(2)(C) witness disclosures were made out of an abundance of caution and to fully apprise Plaintiffs of all testimony that may be a mixture of "fact" and "expert" testimony at trial. Indeed, during our call, you refused to agree that Plaintiffs would *not* move to exclude any of these fact witnesses' testimony on that very basis. Accordingly, Defendants cannot agree to withdraw their Rule 26(a)(2)(C) disclosures and do not believe that the letter or spirit of Rule 39.01(c)(5)(A) requires them to do so.[1]

---

[1] There are several other arguments as to why Local Rule 39.01 is not at issue here. As an initial matter, that rule governs "Trial Procedures" and how many witnesses a party "may [] call[]" at trial. It is therefore not clear whether

Please let us know if you would like to discuss further.

Best regards,

Eric C. Pettis
of LATHAM & WATKINS LLP

CC: David Schindler
Brian Glennon
Sarah Tomkowiak
Steve Riley
Trey McGee
Morgan Whitworth
Meryn Grant
Dennis Herman
Willow Radcliffe
Christopher Wood
Jason Forge
Christopher Lyons

---

Plaintiffs' dispute is even ripe at this stage. Moreover, Local Rule 39.01(c)(5)(A) permits "any party" to call three witnesses. Plaintiffs have named five individual parties as Defendants; thus, the seven expert witnesses Defendants disclosed are more than permissible. Also, the limitation listed in Local Rule 39.01(c)(5)(A) is "as to any subject." As Defendants' August 7, 2020 disclosure makes clear, each Rule 26(a)(2)(C) witness would potentially testify to different subject matters.