UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S OMNIBUS MOTION REGARDING FILING DOCUMENTS UNDER SEAL |

Pursuant to Rules 5.03 and 7.01 of the Civil Local Rules of Court ("L.R.") and Administrative Order No. 167-1: Administrative Practices and Procedures for Electronic Case Filing §5.07, Plaintiff[1] submits this motion ("Motion") regarding filing the following documents under seal:

1. Plaintiff's Opposition to Defendants' Motion for Summary Judgment (the "Opp.");

2. Declaration of Christopher M. Wood in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and exhibits thereto (the "MSJ Opp. Decl.");

3. Plaintiff's Response to Defendants' Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment;

4. Plaintiff's Opposition to Defendants' Motion to Exclude Testimony of Donna Mellendick;

5. Declaration of Jason A. Forge in Support of Plaintiff's Opposition to Defendants' Motion to Exclude Testimony of Donna Mellendick and exhibits thereto;

6. Plaintiff's Opposition to Defendants' Motion to Exclude Testimony of Scott Dalrymple; and

---

[1] "Plaintiff" is Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA") and certain of its executives. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

7. Declaration of Christopher M. Wood in Support of Plaintiff's Opposition to Defendants' Motion to Exclude Testimony of Scott Dalrymple and exhibits thereto;

collectively, the "Designated Confidential Documents,"[2] filed contemporaneously herewith.

Because the Designated Confidential Documents contain information produced by Defendants and third-parties[3] in discovery and designated "Confidential," Plaintiff moves this Court to file them under seal, even though it believes all documents should be subject to public review given that the case is at summary judgment.

## I. INTRODUCTION

For the last several years, Defendants have claimed that virtually every document produced in this case should be treated as Confidential and remain under seal – even documents that are publicly available. They have done so even after the Court told Defendants more than a year ago:

> The court has, so far, honored the parties' confidentiality claims in this case. Nevertheless, the court has now determined that it is necessary, in the interests of justice and transparency, to [unseal documents supporting class certification]. . . . The conversations cited may be awkward or embarrassing for CoreCivic to see disclosed, but that, alone, is not enough to justify an unyielding seal in this case.

ECF No. 165 at 7 n.2.

With claims on behalf of the Class certified by this Court (ECF No. 166) set to be considered on the merits, Defendants' indiscriminate designation of documents as "Confidential" is in violation of the Revised Stipulated Amended Protective Order (ECF No. 86) ("Protective Order") and the right of access to Court records provided by the First Amendment. Throughout this litigation, Defendants have routinely violated the Court's Protective Order with wholesale "Confidential"

---

[2] The Designated Confidential Documents are substantially compromised of information that Defendants or third-party the Federal Bureau of Prisons ("BOP") have designated as "Confidential." Plaintiff respectfully submits that filing redacted versions of the Designated Confidential Documents, aside from the Opp., is impracticable at this time. Plaintiff submits that it is most practical for Plaintiff to publicly refile these documents following resolution of this Motion.

[3] Pursuant to the Stipulation and Order Amending Protective Order to Protect Source Selection Information (ECF No. 177), Plaintiff provided notice to the BOP on January 19, 2021, that it would be filing documents it designated as Confidential with the Court.

designations for which there is no legitimate basis. Now, the tremendous administrative burden of Defendants' over-designation is falling to the staff of the Court and the staff of Plaintiff's counsel. The vast majority of Plaintiff's exhibits are documents Defendants produced and deposition transcripts of Defendants' witnesses – all of which Defendants have improperly designated as "Confidential."[4] Filing separately the few exhibits that did not come from Defendants or their witnesses would only increase the burden on the Court's staff and staff for Plaintiff's counsel. As such, Plaintiff is initially filing all exhibits under seal, with the anticipation that none will remain under seal, as the impropriety of Defendants' designations will soon be exposed either implicitly by Defendants not even defending their designations or explicitly through litigation should Defendants unwisely stand on their designations.

The public's bedrock right of access is particularly important in this case, which is all about a matter of public interest: one of the world's largest for-profit prison companies and its executives' alleged scheme to defraud investors and deceive the public about the quality of CCA's prison services. From terminally deficient Health Services that contributed to several inmates' deaths to chronic understaffing of underpaid and less-qualified corrections officers to an unprecedented riot and murder directly resulting from inadequate intelligence operations to a plot to bribe ("induce") the BOP, the public has a right to see how our legal system handles a case with such strong evidence of what happens when a plan to profit from poor-quality private prisons is executed and then covered up.

---

[4]  In order to respond to Defendants' motion for summary judgment (ECF No. 352-1) – including claims, for example, that "Plaintiff has adduced ***no factual evidence***" of CCA's poor-quality services *vis-à-vis* the BOP, and developed "***no evidence*** that . . . deficiencies" at CCA facilities "affected the overall quality of CoreCivic's services" (*id.* at 14) – Plaintiff has submitted herewith scores of exhibits, all under seal, exposing these untruths. *See* Plaintiff's Opposition to Defendants' Motion for Summary Judgment, filed concurrently herewith, in particular §II.

- 3 -

Against this backdrop, Defendants have no good-faith basis whatsoever for sealing the information at issue.[5] None of the years-old performance information or internal emails concerning long since lost contracts are sensitive enough to deprive the public of its right of access at summary judgment (or trial).

Defendants' attempts "to throw a veil of secrecy over this entire case cannot be accepted by a court operating in a free society"; the Court should unseal the Designated Confidential Documents. *Martis v. Dish Network*, 2013 WL 6002208, at *2 (W.D. Mich. Nov. 12, 2013).[6]

## II. LEGAL STANDARD

### A. The First Amendment Requires that Documents Submitted in Connection with a Dispositive Motion Be Publicly Available

"For many centuries, both civil and criminal trials have traditionally been open to the public." *Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979). The Supreme Court has called the presumptive openness of civil and criminal trials – as well as court documents, which "often provide important, sometimes the only, bases or explanations for a court's decision" – an "'indispensible attribute of an Anglo-American trial.'" *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-78 (6th Cir. 1983) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980)). Defendants here cannot possibly carry their burden of proving the public should be denied its right of access to all material submitted on summary judgment: "Materials submitted by a party on summary judgment must be disclosed absent the "'most compelling reasons'" so as to preclude "'total foreclosure of public and professional scrutiny.'" *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2016 WL 5231805, at *4 (M.D. Tenn. Sept. 20, 2016) (collecting authority).

---

[5] Other than personal health information, which all parties agree should be redacted, the information at issue is stale and not sensitive in the least. Plaintiff is unaware of any personal health information that has been or will be filed in this matter.

[6] All citations and footnotes omitted and emphasis added unless otherwise indicated.

The Sixth Circuit has made clear that "private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds" for keeping information under seal. *P&G v. Bankers Tr. Co.*, 78 F.3d 219, 225 (6th Cir. 1996). "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *FTC*, 710 F.2d at 1179. While revealing "legitimate trade secrets" may justify sealing, the "'potential harm'" caused by revealing the misconduct or prior management or disclosing prejudicial information to competitors is never sufficient to justify sealing. *Id*. at 1180.

### B. The Need for Class Members to Be Able to Follow and Trust the Litigation Requires that Documents Submitted in Connection with a Dispositive Motion Be Publicly Available

"[I]n class actions – where by definition 'some members of the public are also parties to the [case]' – the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alterations in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). As the Third Circuit explained, "all the reasons [] for the right of access to public records apply with even greater force" in class actions because:

> [T]he right of access diminishes the possibility that "injustice, incompetence, perjury, [or] fraud" will be perpetrated against those class members who have some stake in the case but are not at the forefront of the litigation. [And] openness of class actions provides class members with "a more complete understanding of the [class action process] and a better perception of its fairness."

*Cendant*, 260 F.3d 183, 194 (3d Cir. 2001) (some alterations in original).

### III. ARGUMENT

Defendants cannot provide any basis whatsoever for sealing the Designated Confidential Documents, let alone meet their heavy burden of demonstrating compelling reasons to overcome the presumption of public access. First, none of the relevant information is sensitive. The Designated

Confidential Documents are consistent with the same "conversations" and other documents the Court described at class certification as potentially "awkward or embarrassing for CoreCivic to see disclosed" but that were not "confidential" to the extent that the public should be denied access. ECF No. 165 at 7 n.2.[7] The Court's reasoning then applies with even more force at summary judgment. *Shane*, 825 F.3d at 305.

Defendants recognize as much. In a tacit admission their "Confidential" designations were never appropriate, Defendants filed without seal dozens of documents they marked Confidential. *See* ECF No. 360. The "Yates Memo,"[8] as just one example, which has been public since it was issued in 2016, still bears the "Confidential" stamp Defendants added to it. ECF No. 363-16 at CORECIVIC_2207913-CORECIVIC_2207914.

Further, the events of the Class Period[9] all occurred more than five years ago and in several instances nine years ago, and CCA has lost all the contracts that are central to Plaintiff's allegations.[10] The BOP-focused nature of Plaintiff's allegations (*see* Opp., §II.B.-E.), and CCA's related loss of BOP contracts (Opp., §II.C.-E.), mean that CCA's business at these facilities, if any, has changed significantly. Therefore, to the extent any Designated Confidential Documents may have once been entitled to confidentiality protection, any justification has long since become stale. *See In re Bank One Sec. Litig.*, 222 F.R.D. 582, 592 (N.D. Ill. 2004) (noting that "previously

---

[7] *See, e.g.*, PEx. 61 (Defendant Garfinkle "alarm[ed]" BOP looking at CCA's past performance); PEx. 66 ("the house is on fire"); PEx. 83 (CCA's Board can't accept Hininger's "spin of 'outside factors'" for lost contract). All "PEx. _" citations herein are to the MSJ Opp. Decl.

[8] Sally Q. Yates, "Reducing our Use of Private Prisons," dated August 18, 2016 ("Yates Memo").

[9] The "Class Period" is between February 27, 2012 and August 17, 2016, inclusive.

[10] *See* Opp., §II.B. describing performance failures at the Adams, Cibola and Eden facilities, and the related loss of the Northeast Ohio facility.

sensitive and confidential information can become stale with time" and unsealing four-year-old documents related to confidential bank examinations).

As a matter of public policy, and out of respect for our Constitution, courts are rightly loath to allow evidence of fraud and corruption at a company providing services to the public to remain hidden in sealed filings. Just as in a criminal courtroom, secrecy in civil cases "insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *FTC*, 710 F.2d at 1179. Here, CCA's fatally deficient corrections services, and the fraud concealing CCA's culpability for the same, especially warrant transparency. *See Pell v. Procunier*, 417 U.S. 817, 831 n.7 (1974) ("the conditions in this Nation's prisons are a matter that is both newsworthy and of great public importance . . . we cannot 'continue . . . to brush under the rug the problems of those who are found guilty and subject to criminal sentence'") (second ellipsis in original).

While Defendants would obviously prefer that evidence of their misconduct not be publicly revealed, it is precisely this type of evidence for which unsealing is the most important. *See FTC*, 710 F.2d at 1179-80 ("[C]ommon sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know.").

**IV.    CONCLUSION**

Public trials play a critical role in our society. They serve as a "outlets for 'community concern, hostility, and emotions,'" provide a "check on courts" and promote "'true and accurate fact finding.'" *Id*. at 1178. The Court should reject Defendants' attempts to litigate this action under a veil of secrecy by unsealing the Designated Confidential Documents.

DATED: January 22, 2021              ROBBINS GELLER RUDMAN & DOWD LLP
                                     CHRISTOPHER M. WOOD, #032977
                                     CHRISTOPHER H. LYONS, #034853

                                            s/ Christopher M. Wood
                                     CHRISTOPHER M. WOOD

- 7 -

4827-9794-9656.v1

Case 3:16-cv-02267   Document 385   Filed 01/22/21   Page 7 of 11 PageID #: 19011

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`