UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>   vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                     Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S: (i) RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (ii) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff[1] respectfully submits this Response to Defendants' Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment (ECF No. 366) (the "RJN"), and request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

Plaintiff agrees that for purposes of ruling on summary judgment the Court can take judicial notice of: (i) CCA's stock price (Ex. 126)[2]; (ii) publicly available government documents (Exs. 47, 61, 63, 99, 121-122, 127-128, 130, 215); (iii) United States Securities and Exchange filings (Exs. A-F, H and K-P) for the fact that the filings were made and the statements included therein were publicly disclosed; and (iv) news articles (Exs. 75, 77, 111-112, 141) for the fact that the articles exist, but not for any other purpose, including the circulation, reach or actual date of publication of such articles, which Defendants have failed to establish. *See* Fed. R. Evid. 201(b).

---

[1] "Plaintiff" is Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. "Defendants" are Corrections Corporation of America ("CCA" or the "Company") and "Individual Defendants" Damon T. Hininger ("Hininger"), David M. Garfinkle ("Garfinkle"), Todd Mullenger ("Mullenger") and Harley G. Lappin ("Lappin"). Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

[2] Exhibits labeled numerically (Exs. 1-160) correspond to the exhibits to the Declaration of Meryn C.N. Grant in Support of Defendants' Motion for Summary Judgment (ECF No. 360). Exhibits labeled alphabetically (Exs. A-Y) correspond to the exhibits to the Declaration of Patrick Swindle in Support of Defendants' Motion for Summary Judgment (ECF No.355).

- 1 -

Furthermore, and for the same reasons set forth in the RJN, Plaintiff respectfully requests that the Court take judicial notice of PExs. 38, 91 and 92[3] under Federal Rule of Evidence 201(b)(2).

However, Defendants have failed to establish that it is appropriate for the Court to take judicial notice of Exs. G, I-J, Q-Y and 155, all of which are analyst reports regarding CCA. Defendants claim that they are seeking to have the analyst reports judicially noticed "for the fact that the articles and the statements therein were publicly available at the time the articles were published." RJN at 3.

As an initial matter, Defendants have failed to demonstrate whether any of the analyst reports were, in fact, publicly disclosed or publicly available during the Class Period.[4] Analyst reports of the type submitted by Defendants are typically prepared for a limited audience of an investment bank's clients and there is no indication that the reports Defendants would have the Court judicially notice were actually made public during the Class Period. *See* Stephan Grüber, *Intangible Values in Financial Accounting and Reporting: An Analysis From the Perspective of Financial Analysts* 175 (2014) ("[T]ypically, sellside research is not offered to the general public, but only distributed to (institutional) clients of banks, brokerage houses and the like."). Thus, the facts Defendants would have the Court judicially notice – information publicly available and known to the market during the Class Period – is not capable of accurate and ready determination by reviewing the analyst reports.

The analyst reports also reflect a significant bias. In almost every instance, the firms issuing those reports identified CCA as a client and disclosed that they had been, or expected to be, paid by CCA for investment banking services. *See, e.g.*, Exs. G at 6; I at 10; Q at 10; R at 7; T at 2; U at 21;

---

[3] All "PEx. _" citations herein are to the Declaration of Christopher M. Wood in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, filed contemporaneously herewith.

[4] The "Class Period" is between February 27, 2012 and August 17, 2016, inclusive.

V at 17; X at 13; Y at 63. Aside from these admitted financial biases, CCA's securities analysts also have professional relationships and interests with respect to CCA which materially impair their objectivity. For example, CCA's now-Chief Operating Officer, Patrick Swindle, was an equites analyst at Avondale Partners covering CCA for over three years before leaving his position to join CCA, where he has been paid millions of dollars as a senior executive. *See* PEx. 107 at 58:23-59:5.

These biases call into the question the accuracy of the reports as a means of identifying the information about CCA available and known to the market. While courts have taken judicial notice of analyst reports when it was undisputed that it was appropriate to do so (*e.g.*, *Graham v. Fearon*, 2017 WL 1113358, at *1 (N.D. Ohio, Mar. 24, 2017) ("Plaintiffs do not oppose Defendants' request"), courts have excluded such reports when objections such as these are raised. *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1282 (C.D. Cal. 2016) (excluding analyst reports because defendant "hasn't shown that these reports were publically available and . . . the reports reflect an inherent bias favoring [defendant]").

For the foregoing reasons, the Court should take judicial notice of PExs. 38, 91 and 92, but should not take judicial notice of Exs. G, I-J, Q-Y and 155.

DATED: January 22, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

Case 3:16-cv-02267    Document 392    Filed 01/22/21    Page 6 of 7 PageID #: 19598

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`