# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

   vs.

CORRECTIONS CORPORATION OF AMERICA, et al.,

                Defendants.

Civil Action No. 3:16-cv-02267

Honorable Aleta A. Trauger

Magistrate Judge Jeffrey S. Frensley

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND  STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

In accordance with Local Rule 56.01 and Federal Rule of Civil Procedure 56, Defendants CoreCivic, Inc. ("CoreCivic" or the "Company," formerly known as Corrections Corporation of America or "CCA"), Damon T. Hininger, David M. Garfinkle, Todd Mullenger, and Harley G. Lappin (collectively, "Defendants") respond to Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund's ("Plaintiff") Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment ("Plaintiff's Separate Statement"), and submit this Statement Of Additional Material Facts As To Which There Exists A Genuine Issue To Be Tried.

Where facts are undisputed or partially disputed herein, Defendants do not concede that such facts are material, and expressly reserve their right to dispute such facts for purposes of trial, if any. *See* Fed. R. Civ. P. 56(e)(2) (facts are "undisputed for the purposes of the motion"); Fed. R. Civ. P. 56, advisory committee notes, 2010 Amendment ("The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings.").

## I.    DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTEDLY UNDISPUTED MATERIAL FACTS

1.    Plaintiff purchased Corrections Corporation of America ("CCA")[1] common stock during the period February 27, 2012 to August 17, 2016 (the "Class Period").

**Plaintiff's Supporting Evidence:** Exs. 1-2[2]

**Defendants' Response and Supporting Evidence:** Undisputed.

---

[1] Now doing business as CoreCivic, Inc.

[2] All exhibits referenced in Section I and labelled numerically were attached to the Declaration of Christopher M. Wood in Support of Plaintiff's Motion for Partial Summary Judgment, ECF No. 350.

2. Plaintiff alleges that, during the Class Period, Defendants made materially false and misleading statements and omissions.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶35, 115-169

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that Defendants made statements during the class period. Defendants dispute Plaintiff's allegation that any statements, including, but not limited to, those cited in Paragraphs 35 and 115–169 of ECF No. 57, were materially false or misleading. Undisputed facts show that Defendants' statements were not materially false or misleading. ECF No. 367 at 11–18; ECF No. 367-1 at Undisputed Fact ("UF") 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.

3. Defendants' November 4, 2011 alleged false and misleading statements were contained in CCA's Form 10-Q and Sarbanes-Oxley ("SOX") certifications filed with the U.S. Securities and Exchange Commission ("SEC") and available to the public on November 4, 2011 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 132; ECF No. 81, ¶¶118, 130, 132

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on November 4, 2011, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 132 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading.

ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

4. Defendants' February 27, 2012 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2012 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118-120, 122-123, 126-129, 133, 135; ECF No. 81, ¶¶118-120, 122-123, 126-129, 132, 135

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on February 27, 2012, CoreCivic's Form 10-K and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118-120, 122–123, 126–129, 133, and 135 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading.  ECF No. 367 at 12–18; ECF No. 367-1 at UF 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.

5. Defendants' March 5, 2012 alleged false and misleading statements were contained in a CCA spokesperson's email in response to the *Lewiston Morning Tribune* article titled: "Can private prisons be run cheaper?: In Idaho, no one has actually done the math to find out," and available to the public on March 5, 2012 through the *Lewiston Morning Tribune*'s article.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶142; ECF No. 81, ¶142

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on March 5, 2012, an article in the *Lewiston Morning Lewiston Morning Tribune* titled: "Can private prisons be run cheaper?: In Idaho, no one has actually done the math to find out," was published and made available to the public. Defendants dispute Plaintiff's allegation that any statements attributed to the Company therein, including but not limited to those cited in Paragraph 142 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

6.     Defendants' May 7, 2012 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 7, 2012 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 7, 2012, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

4

7.     Defendants' November 8, 2012 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 8, 2012 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on November 8, 2012, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.


8.     Defendants' February 27, 2013 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2013 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 136; ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 136

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on February 27, 2013, CoreCivic's Form 10-K and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118,

120, 122, 124, 127, 130, 133, and 136 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading.  ECF No. 367 at 12–18; ECF No. 367-1 at UF 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.

9.     Defendants' May 9, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 9, 2013 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 9, 2013, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

10.     Defendants' August 8, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 8, 2013 through the SEC's Internet website.

6

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on August 8, 2013, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

11.     Defendants' October 2, 2013 alleged false and misleading statements were made during CCA's 2013 Analyst Day Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶149, 151, 153; ECF No. 81, ¶¶149, 151, 153

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Analyst Day on October 2, 2013, which included an Analyst Day Presentation that was made available for public participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 149, 151, and 153 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–17; ECF No. 367-1 at UF 21–23; 25–76; 97-100; 124–128; 133–138; 155–186; 197.

12.    Defendants' November 7, 2013 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 7, 2013 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on November 7, 2013, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.


13.    Defendants' February 27, 2014 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 27, 2014 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(a); ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137(a)

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on February 27, 2014, CoreCivic's Form 10-K and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's

allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 120, 122, 124, 127, 130, 133, and 137(a) of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at UF 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.

14.     Defendants' May 5, 2014 alleged false and misleading statements were contained in a CCA spokesperson's response to the *Chattanooga Times Free Press* article titled: "Critics point finger at CCA: For-profit prison operator taken to task for campaign giving, operations," and available to the public on May 5, 2014 through the *Chattanooga Times Free Press*' article.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶155; ECF No. 81, ¶155

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 5, 2014, an article in the *Chattanooga Times Free Press* titled "Critics point finger at CCA: For-profit prison operator taken to task for campaign giving, operations," was published and made available to the public. Defendants dispute Plaintiff's allegation that any statements therein attributed to the Company, including but not limited to those cited in Paragraph 155 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

15.     Defendants' May 8, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 8, 2014 through the SEC's Internet website.

9

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 8, 2014, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

16.     Defendants' June 5, 2014 alleged false and misleading statements were made during CCA's REITWeek: NAREIT's Investor Forum presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶157; ECF No. 81, ¶157

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on June 5, 2014, Defendants Hininger and Garfinkle spoke about CoreCivic during REITWeek: NAREIT's Investor Forum, which was available for public participation. Defendants dispute Plaintiff's allegation that any statements made during the course of that Investor Forum, or in Defendants Hininger and Garfinkle's presentation, including but not limited to those cited in Paragraph 157 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

17.     Defendants' August 7, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 7, 2014 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on August 7, 2014, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

18.     Defendants' November 5, 2014 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 5, 2014 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on November 5, 2014, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's

allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

19.     Defendants' November 7, 2014 alleged false and misleading statements were made during CCA's Third Quarter 2014 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on November 7, 2014, which was made available for public participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

20.     Defendants' February 24, 2015 alleged false and misleading statements were made during CCA's Fourth Quarter 2014 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on February 24, 2015, which was made available for public participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

21. Defendants' February 25, 2015 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 25, 2015 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(b); ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on February 25, 2015, Defendants made statements regarding CoreCivic in the Company's 10-K. Defendants do not dispute that these statements were made available to the public. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 120, 122, 124, 127, 130, 133, and 137(b) of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at UF 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.

22.      Defendants' May 7, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 7, 2015 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 7, 2015, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.


23.      Defendants' May 19, 2015 alleged false and misleading statements were made during CCA's First Quarter 2015 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on May 19, 2015, which was made available for public participation.  Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading.

Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

24.     Defendants' August 6, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 6, 2015 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133; ECF No. 81, ¶¶118, 130, 133

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on August 6, 2015, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, and 133 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

25.     Defendants' August 21, 2015 alleged false and misleading statements were made during CCA's Second Quarter 2015 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on August 21, 2015, which was made available for public

participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

26. Defendants' November 5, 2015 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on November 5, 2015 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133, 139; ECF No. 81, ¶¶118, 130, 133, 139

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on November 5, 2015, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, 133, and 139 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

27. Defendants' November 12, 2015 alleged false and misleading statements were made during CCA's Third Quarter 2015 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on November 12, 2015, which was made available for public participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

28. Defendants' February 24, 2016 alleged false and misleading statements were made during CCA's Fourth Quarter 2015 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159-162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on February 24, 2016, which was made available for public participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159-162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

29.     Defendants' February 25, 2016 alleged false and misleading statements were contained in CCA's Form 10-K and SOX certifications filed with the SEC and available to the public on February 25, 2016 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 120, 122, 124, 127, 130, 133, 137(c), 140; ECF No. 81, ¶¶118, 120, 122, 124, 127, 130, 133, 137, 140

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on February 25, 2016, CoreCivic's Form 10-K and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 120, 122, 124, 127, 130, 133, 137(c), and 140 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading.  ECF No. 367 at 12–18; ECF No. 367-1 at UF 5–11, 21–76, 97–100, 124–128, 133–138, 155–186, 197.


30.     Defendants' March 30, 2016 alleged false and misleading statements were made in defendant Hininger's March 30, 2016 annual letter to CCA shareholders, available to the public on March 30, 2016 through CCA's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶35; ECF No. 81, ¶35

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on March 30, 2016, CoreCivic issued an annual letter to shareholders.  Defendants do not dispute that this letter was made available to the public through CCA's Internet website.  Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraph 35 of ECF No. 57, were materially false or misleading.  Undisputed facts show that the

challenged statements were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

31.     Defendants' May 5, 2016 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on May 5, 2016 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133, 140; ECF No. 81, ¶¶118, 130, 133, 140

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on May 5, 2016, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, 133, and 140 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

32.     Defendants' May 17, 2016 alleged false and misleading statements were made during CCA's First Quarter 2016 Investor Presentation available for public participation.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶159- 162, 164; ECF No. 81, ¶¶159-162, 164

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic held an Investor Presentation on May 17, 2016, which was made available for public

participation. Defendants dispute Plaintiff's allegation that any of the challenged statements made during the course of that presentation or that any statements therein, including but not limited to those cited in Paragraphs 159–162 and 164 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements were not materially false or misleading. ECF No. 367 at 12–16; ECF No. 367-1 at 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

33.     Defendants' August 4, 2016 alleged false and misleading statements were contained in CCA's Form 10-Q and SOX certifications filed with the SEC and available to the public on August 4, 2016 through the SEC's Internet website.

**Plaintiff's Supporting Evidence:** ECF No. 57, ¶¶118, 130, 133, 140; ECF No. 81, ¶¶118, 130, 133, 140

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that on August 4, 2016, CoreCivic's Form 10-Q and SOX certifications were filed with the SEC and made available to the public through the SEC's Internet website. Defendants dispute Plaintiff's allegation that any statements therein, including but not limited to those cited in Paragraphs 118, 130, 133, and 140 of ECF No. 57, were materially false or misleading. Undisputed facts show that the challenged statements in CoreCivic's securities filings were not materially false or misleading. ECF No. 367 at 12–18; ECF No. 367-1 at 5–11, 21–40, 74–76, 97–100, 124–128, 133–138, 155–186, 197.

34.     On August 7, 2020, Plaintiff disclosed W. Scott Dalrymple, CFA's ("Dalrymple") expert opinion that CCA's stock traded in an efficient market during the Class Period.

**Plaintiff's Supporting Evidence:** Ex. 3

**Defendants' Response and Supporting Evidence:** Undisputed.

35.     Defendants' expert, Lucy P. Allen, does not have an opinion regarding whether CCA's stock traded in an efficient market during the Class Period.

**Plaintiff's Supporting Evidence:** Ex. 4 at 62:22-63:13 ("I have not been asked to analyze, nor have I, whether CoreCivic stock was efficient during the class period.)

**Defendants' Response and Supporting Evidence:** Undisputed.

36.     During the Class Period, the market for CCA common stock was active.

**Plaintiff's Supporting Evidence**: Ex. 3, Appendix C, ¶¶9-11

**Defendants' Response and Supporting Evidenc**e: Undisputed.

37.     During the Class Period, at least eight analyst firms covered CCA and published at least 250 analyst reports.

**Plaintiff's Supporting Evidence:** Ex. 3, Appendix C, ¶¶12-16

**Defendants' Response and Supporting Evidence:** Undisputed.

38.     During the Class Period, CCA common stock traded on the New York Stock Exchange, and there were at least four market makers for the stock, while 76% of CCA's publicly available common stock was held by institutional investors.

**Plaintiff's Supporting Evidence**: Ex. 3, Appendix C, ¶¶17-23

**Defendants' Response and Supporting Evidence**: Undisputed.

39.     During the Class Period, CCA was eligible to file a Form S-3 Registration Statement and filed one in May 2015.

**Plaintiff's Supporting Evidence:** Ex. 3, Appendix C, ¶¶24-26

**Defendants' Response and Supporting Evidence:** Undisputed.


40.     During the Class Period, CCA's market capitalization exceeded $2.4 billion on every day of the Class Period and was included in the S&P Midcap 400 index.

**Plaintiff's Supporting Evidence**: Ex. 3, Appendix C, ¶¶47-51

**Defendants' Response and Supporting Evidence**: Undisputed.


41.     During the Class Period, CCA's percentage bid-ask spread averaged 0.045%.

**Plaintiff's Supporting Evidence:** Ex. 3, Appendix C, ¶¶52-54

**Defendants' Response and Supporting Evidence:** Undisputed.


42.     Dalrymple's event study shows that the price of CCA's common stock during the Class Period reacted to company-specific news in a statistically significant manner.

**Plaintiff's Supporting Evidence:** Ex. 3, ¶¶40-48 & Appendix C, ¶¶32-40

**Defendants' Response and Supporting Evidence:** Defendants dispute that Mr. Dalrymple's event study shows that the price of CoreCivic's common stock during the Class Period reacted to all company-specific news in a statistically significant manner. For example, Mr. Dalrymple contends that the market became aware of the Cibola non-renewal on August 1, 2016, but that the market did not react to this news in a statistically significant manner until August 4, 2016. Ex. 3, Dalrymple Expert Report ¶¶ 30, 53, 60–69.

43.     CCA's August 3, 2016 disclosure (made after the close of trading) announcing that the Bureau of Prisons contract for CCA's Cibola facility was not being renewed caused a decline in CCA's stock price.

**Plaintiff's Supporting Evidence:** Ex. 3, ¶¶30, 52-53; *see also id*. at Exhibit 1

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that information about the non-renewal of the Cibola facility was contained in CoreCivic's August 3, 2016 10-Q. Defendants dispute that this information actually caused, or could have caused, a stock price decline in an efficient market because this information had been published by multiple news outlets as early as August 1, 2016. *See, e.g.*, Ex. 3, Dalrymple Expert Report ¶ 53 ("[N]ews of the Cibola Contract Loss was first published in a news article after market close on August 1, 2016."); Dalrymple Dep. 91:24–92:24 ("On August 2nd and 3rd, there was not a statistically significant share price decline" even though "[t]he information that was known about the loss of the contract at that time was reflected in its share price on those days."), ECF No. 340-1; Allen Report ¶¶ 78–83, ECF Nos. 362-7–8; Allen Rebuttal ¶ 9, 18 n. 22; ECF No. 339-1 at 9–12, ECF No. 340-6.


44.     The August 18, 2016 Yates Memorandum caused a decline in CCA's stock price.

**Plaintiff's Supporting Evidence:** Ex. 3, ¶¶54-55; *see also id*. at Exhibit 2

**Defendants' Response and Supporting Evidence:** Defendants do not dispute that CoreCivic's stock price fell following the August 18, 2016, publication of the Yates Memorandum. Defendants dispute that such a price decline is attributable to the disclosure of any previously undisclosed company-specific information. *See* ECF No. 367 at 21–29; ECF No. 367-1 at UF 74–76, 97–100, 109, 124–128, 133–138, 140–149.

## II. DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

### A. Lead Plaintiff

45.     Lead Plaintiff Amalgamated bank offers three types of investment funds: passively managed funds, which track stock indices; actively managed funds, which trade on the basis of quantitative algorithms; and alternative funds, which invest in private equity and real estate. Ex. A[3], 30(b)(6) Dep. Tr. of Eleanor Innes ("Innes Tr.") 138:16–140:1.

**Response:**

46.     During the Class Period, the LongView family of funds were Plaintiff's only funds that owned CoreCivic stock. Ex. A, Innes Dep. Tr. 147:23–148:6.

**Response:**

47.     Certain of Plaintiff's funds that purchased CoreCivic stock were actively managed by Quantitative Management Associates LLC ("QMA"), which employed quantitative methods to make investment decisions on Plaintiff's behalf. Ex. A, Innes Dep. Tr. 148:14–149:5, 149:15–151:11; Ex. B, Pl.'s Responses to Def.'s First Set of Interrogatories, Interrogatory Response 3.

**Response:**

48.     Plaintiff does not have any input into designing QMA's quantitative investment model. Ex. A, Innes Dep. Tr. 152:8–10.

---

[3] All exhibits referenced in Section II and labelled alphabetically are attached to the Declaration of Meryn C. N. Grant filed concurrently herewith.

**Response:**

49.     During the Class Period, Plaintiff purchased 158,981.1657 shares of CoreCivic stock on 102 different dates.  Plaintiff's Chart of Estimated Losses, ECF No. 40-3.

**Response:**

50.     Plaintiff does not know why QMA made specific transactions in CoreCivic stock. Ex. A, Innes Dep. Tr. 160:12–22; 163:20–164:4.

**Response:**

51.     As of June 30, 2016, Plaintiff held 15,879 shares of CoreCivic stock.  Ex. C, Amalgamated Bank Second Quarter 2016 13F Statement, signed Aug. 16, 2016.

**Response:**

52.     As of September 30, 2016, Plaintiff held 15,901 shares of CoreCivic stock.  Ex. D, Amalgamated Bank Amended Third Quarter 2016 13F Statement, signed Nov. 15, 2016.

**Response:**

53.     As of December 31, 2016, Plaintiff held 17,982 shares of CoreCivic stock.  Ex. E, Amalgamated Bank Fourth Quarter 2016 13F Statement, signed Feb. 13, 2017.

**Response:**

54.     As of March 31, 2017, Plaintiff held 18,527 shares of CoreCivic stock. Ex. F, Amalgamated Bank First Quarter 2017 13F Statement, signed May 12, 2017.

**Response:**

55.     As of June 30, 2017, Plaintiff held 21,867 shares of CoreCivic stock. Ex. G, Amalgamated Bank Second Quarter 2017 13F Statement, signed August 10, 2017.

**Response:**

**B.     CoreCivic's Business**

56.     CoreCivic, Inc. ("CoreCivic" f/k/a Corrections Corporation of America or CCA) specializes in owning, operating and managing prisons and other correctional facilities. ECF No. 367-1 at UF 1 (citing ECF No. 355-1; ECF No. 57 ¶ 33).

**Response:**

57.     CoreCivic's customers are federal, state and local correctional and detention authorities. ECF No. 367-1 at UF 2 (citing ECF No. 355-2; ECF No. 57 ¶ 34).

**Response:**

58.     During the Class Period, CoreCivic owned, controlled or managed between 64 and 85 correctional, detention, and residential reentry facilities pursuant to contracts with federal, state and local government partners. ECF No. 367-1 at UF 3 (citing ECF Nos. 355-1–6).

**Response:**

59.     During the Class Period, CoreCivic's contract retention rate across all government partners averaged over 91%.  ECF No. 367-1 at UF 5 (citing ECF No. 360-1 at -308; ECF Nos. 360-2–3).

        **Response:**


60.     The Company's contract retention rate for 2011 was 100%.  ECF No. 367-1 at UF 6 (citing ECF No. 360-1 at -308).

        **Response:**


61.     The Company's contract retention rate for 2012 was 93.1%.  ECF No. 367-1 at UF 7 (citing ECF No. 360-1 at -308).

        **Response:**


62.     The Company's contract retention rate for 2013 was 87.8%.  ECF No. 367-1 at UF 8 (citing ECF No. 360-1 at -308).

        **Response:**


63.     The Company's contract retention rate for 2014 was 89.7%.  ECF No. 367-1 at UF 9 (citing ECF No. 360-1 at -308).

        **Response:**


64.     The Company's contract retention rate for 2015 was 92.3%.  ECF No. 367-1 at UF 10 (citing ECF No. 360-1 at -308).

**Response:**

65.     The Company's contract retention rate for 2016 was 93.5%.  ECF No. 367-1 at UF 11 (citing ECF No. 360-1 at -308).

**Response:**

## C.     CORECIVIC's BOP CONTRACTS

66.     During the Class Period, CoreCivic had contracts to operate five correctional facilities housing BOP inmates:  Adams County Correctional Center ("Adams"), Cibola County Correctional Center ("Cibola"), Eden Detention Center ("Eden"), McRae Correctional Facility ("McRae"), and the Northeast Ohio Correctional Center ("NEOCC") (collectively, the "BOP Facilities").  ECF No. 367-1 at UF 15 (citing Compl. ¶¶ 42 n.2, 43, 68, 87, 108, ECF No. 57).

**Response:**

67.     During the Class Period, the revenue derived from contracts with the BOP made up between 9% and 13.7% of the Company's total revenue.  ECF No. 367-1 at UF 16 (citing ECF Nos. 355-1–5; ECF Nos. 360-1, 5–7, 9–12; ECF No 367-2).

**Response:**

68.     CoreCivic's performance at McRae and NEOCC was above satisfactory, throughout the Class Period.  ECF No. 367-1 at UF 197 (citing ECF No. 367-16; ECF Nos. 367-26–29; ECF Nos. 367-47–51).

**Response:**

**D.** **Cibola County Correctional Facility**

69.     CoreCivic's Cibola County Correctional Facility is located in Milan, New Mexico. ECF No. 367-1 at UF 28 (citing ECF No. 367-7–8; Compl. ¶ 68, ECF No. 57).

      **Response:**


70.     The BOP awarded Cibola the DJB1PC011 contract (the "Cibola Contract") resulting from Requests for Proposals (RFP)-PCC-0014 (Criminal Alien Requirement 10) on January 12, 2010.  The Cibola Contract was to house BOP inmates for a four-year base period, with up to three two-year option periods that could be exercised by the BOP.  ECF No. 367-1 at UF 29 (citing ECF No. 360-15).

      **Response:**


71.     On October 1, 2014, the BOP exercised Option Period 1 for the Cibola Contract. ECF No. 367-1 at UF 30 (citing ECF No. 360-39).

      **Response:**


72.     On July 29, 2016, the BOP notified CoreCivic that it would not be exercising Option Period 2 for the Cibola Contract.  ECF No. 367-1 at UF 31 (citing ECF No. 360-40).

      **Response:**

73.     News articles published on August 1 and 2, 2016, reported that the BOP had decided not to renew the Cibola contract.  ECF No. 367-1 at UF 130 (citing ECF Nos. 363-4–5; ECF No. 362-7–10).

**Response:**

74.     On August 4, 2016, CoreCivic's Form 10-Q for the second quarter of 2016, reflected in ECF No. 355-11, also stated that the BOP was not renewing the Cibola contract and that ICE was renegotiating the South Texas Residential Center contract.  ECF No. 367-1 at UF 131 (citing ECF No. 355-11 at 43–44).

**Response:**

**E.     The OIG Review**

75.     On August 11, 2016, the Department of Justice publicly released a report titled, "Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons" (the "OIG Review"), reflected in ECF Nos. 361-28–29.  The OIG Review documented findings which included that: (i) in a majority of categories, contract prisons incur more safety and security incidents per capita than comparable BOP institutions; (ii) past disturbances in contract prisons had caused property damage, injury, and the death of one Correctional Officer; and (iii) contract prisons had higher rates of assaults and staff uses of force than comparable BOP institutions.  ECF No. 367-1 at UF 139 (citing ECF No. 363-15; ECF Nos. 361-28–29; ECF Nos. 362-7–8; ECF Nos. 57 ¶¶ 12, 38–39).

**Response:**

30

### F. The Yates Memo

76.     On August 18, 2016, the Department of Justice released a two-page memorandum from Deputy Attorney General Sally Yates addressed to the Acting Director of the BOP (the "Yates Memo"), reflected in ECF No. 363-16.  ECF No. 367-1 at UF 140 (citing ECF No. 363-16; ECF No. 57 ¶ 13).

**Response:**


### G. CoreCivic's Stock Price Movements

77.     There was no statistically significant reaction in CoreCivic's stock price on August 2, 2016.  ECF No. 367-1 at UF 191 (citing ECF No. 363-19; ECF Nos. 362-7–10).

**Response:**


78.     There was no statistically significant reaction in CoreCivic's stock price on August 3, 2016.  ECF No. 367-1 at UF 192 (citing ECF No. 363-19; ECF Nos. 362-9–10).

**Response:**


79.     CoreCivic's stock price dropped 6.2% on August 4, 2016.  ECF No. 367-1 at UF 193 (citing ECF No. 363-19; ECF Nos. 362-9–10).

**Response:**


80.     Analysts attributed the 6.2% stock drop on August 4, 2016 primarily to the renegotiations with ICE.  ECF No. 365-14; ECF Nos. 355-17–18.

31

81.     There was no statistically significant reaction in CoreCivic's stock price on August 11, 2016.  ECF No. 367-1 at UF 194 (citing ECF No. 363-19; ECF Nos. 362-7–8; ECF No. 120-1).

     **Response:**


82.     On August 18, 2016, CoreCivic's stock priced decreased by 35.5%.  ECF No. 367-1 at UF 195 (citing ECF No. 363-19; ECF Nos. 362-7–10).

     **Response:**


83.     On August 18, 2016, GEO Group's stock price decreased by 39.6%.  ECF No. 367-1 at UF 196 (citing ECF No. 360-4; ECF Nos. 362-7–8).

     **Response:**


DATED:  January 22, 2021                    Respectfully submitted:

                              /s/ *Steven A. Riley*
                              Steven A. Riley (TN #6258)
                              Milton S. McGee, III (TN #024150)
                              RILEY WARNOCK & JACOBSON, PLC
                              1906 West End Avenue
                              Nashville, TN 37203
                              T: (615) 320-3700
                              F: (615) 320-3737
                              sriley@rwjplc.com
                              tmcgee@rwjplc.com

                              David J. Schindler (admitted *pro hac vice*)
                              Brian T. Glennon (admitted *pro hac vice*)
                              Meryn C. N. Grant (admitted *pro hac vice*)
                              LATHAM & WATKINS LLP
                              355 South Grand Avenue, Suite 100
                              Los Angeles, CA 90071
                              T: (213) 485-1234

F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System and electronic mail:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway,  Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Jerry E. Martin
BARRETT   JOHNSTON   MARTIN   &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike,  Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

this 22nd day of January, 2021.

/s/ *Steven A. Riley*
Steven A. Riley