# EXHIBIT B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>    Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF AMALGAMATED BANK'S RESPONSES AND OBJECTIONS TO DEFENDANT CORECIVIC, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF |

PROPOUNDING PARTY:    Defendant CoreCivic, Inc.

RESPONDING PARTY:    Amalgamated Bank, as Trustee for the LongView Collective Investment Fund

SET NUMBER:    One

## I. PRELIMINARY STATEMENT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Middle District of Tennessee (the "Local Rules"), Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), hereby submits its objections and responses to Defendant CoreCivic, Inc.'s First Set of Interrogatories to Plaintiff.

## II. GENERAL OBJECTIONS

Plaintiff responds to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of the response to each individual Interrogatory, are set forth here to avoid the duplication and repetition of restating them in each individual response. For purposes of emphasis, certain of the General Objections may also be specifically incorporated into the responses to certain of the Interrogatories. Failure to repeat any General Objection in response to a particular Interrogatory, however, is not a waiver of the General Objection.

1. Plaintiff objects to the Interrogatories and the Definitions and Instructions set forth therein to the extent that they purport to require the production of information that: (a) constitutes or contains work product, including, without limitation, attorney work product; (b) constitutes or contains privileged attorney-client communications; or (c) is otherwise protected from discovery by any other recognized privilege or immunity. The inadvertent production of any privileged information by Plaintiff will not be deemed to be a waiver of any applicable privilege or protection with respect to such information or any other information. Plaintiff further reserves the right to object at any stage of this action (the "Action") to the introduction into evidence of documents or information subject to any privilege, protection or immunity.

4. Plaintiff objects to Instruction No. 5 as irrelevant and unduly burdensome as it effectively doubles the number of Interrogatories by purporting to require Plaintiff to identify each individual who supplied information for, or participated or assisted in, the preparation of each response, which information is more appropriately obtained, if at all, through separate Interrogatories.

## IV. SPECIFIC OBJECTIONS AND RESPONSES

<u>INTERROGATORY NO. 1</u>:

List all actions and lawsuits in which you have been a named plaintiff or class representative, including the case number, the jurisdiction in which the action was filed, the date on which the action was filed, the judge who presided over the action, whether you filed a motion to be appointed lead plaintiff and whether or not that motion was granted.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

Subject to and without waiving the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff states that the following is a list of the relevant information pertaining to actual or putative securities class actions initiated during the Relevant Period in which Plaintiff has been a named plaintiff or has been or sought to be a lead plaintiff or class representative, other than this Action:

- *Nieman v. Duke Energy Corp., et al.*, Case No. 3:12-cv-00456-MOC-DSC (W.D.N.C.), filed July 24, 2012, before District Judge Max O. Cogburn, Jr. Plaintiff was appointed as co-lead plaintiff.

- *Menold v. Navient Corp., et al.*, Case No. 1:16-cv-0075-GMS (D. Del.), filed Feb. 11, 2016, before District Judge Gregory M. Sleet. Plaintiff moved to be appointed as lead plaintiff, but was not appointed.

- *In re Cognizant Tech. Solutions Corp. Secs. Litig.*, Case No. 2:16-cv-06509-WHW (D.N.J.), filed Oct. 5, 2016, before District Judge William H. Walls. Plaintiff was appointed co-lead plaintiff.

INTERROGATORY NO. 2:

For each action listed in response to INTERROGATORY NO. 1, state in what capacity, if any, Robbins Geller participated in the action, including whether the law firm first brought the lawsuit to your attention, or represented you in the lawsuit.

RESPONSE TO INTERROGATORY NO. 2:

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous as to the phrase "participated in the action." Plaintiff further objects to this Interrogatory to the extent it purports to require disclosure of the content of attorney-client privileged communications. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that Robbins Geller did not represent Plaintiff in connection with the *Navient* or *Cognizant* actions. Robbins Geller represented Plaintiff in the *Duke Energy* action, and Robbins Geller was appointed as co-lead counsel in that action.

INTERROGATORY NO. 3:

Identify each investment consultant, advisor, or manager you used in connection with any transactions in CoreCivic securities, including the names of any individual employees, partners, members, or agents of such investment consultants, advisors, or managers with whom you interacted in connection with such purchases or sales, and the names of any such individuals who recommended such purchases and sales to you.

RESPONSE TO INTERROGATORY NO. 3:

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff objects to this Interrogatory as irrelevant to the extent it seeks information about individuals who "recommended" purchases and sales of specific securities, when the funds at issue are index funds or quantitative funds. Plaintiff further objects that the phrase "any transactions in CoreCivic securities" is vague and ambiguous. Plaintiff also objects that the phrases "investment

- 5 -
1436030_1
Case 3:16-cv-02267   Document 395-2   Filed 01/22/21   Page 5 of 11 PageID #: 19705

consultant, advisor, or manager you used" and "individual employees, partners, members or agents . . . with whom you interacted" are vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that certain of its funds that purchased and/or sold CoreCivic securities are sub-advised by Quantitative Management Associates LLC ("QMA"), Two Gateway Center, Sixth Floor, Newark, NJ 07102. However, there are no particular individual employees, partners, members, or agents of QMA with whom Plaintiff interacted in connection with purchases or sales of CoreCivic securities or who recommended any specific transactions in CoreCivic securities. Plaintiff's primary contact person at QMA is Aileen Pinto.

INTERROGATORY NO. 4:

Describe all research, analysis, or other factors that you considered in connection with any transactions in CoreCivic securities.

RESPONSE TO INTERROGATORY NO. 4:

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff objects to this Interrogatory on the grounds that the phrase "research, analysis, or other factors that you considered" is vague and ambiguous as applied to index funds and quantitative funds. Subject to and without waiving the foregoing general and specific objections, Plaintiff states that the responsive information may be determined by examining Plaintiff's business records and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff will produce documents containing information sought by this Interrogatory, which include the plan documents for the relevant funds, and refers Defendants to those documents.

INTERROGATORY NO. 5:

Identify all of your agents or employees who have played any role in monitoring or overseeing this action, including by communicating with Robbins Geller, or reviewing filings, and

describe what they have done to monitor or oversee this action, including to monitor and oversee the work of Robbins Geller, as well as the time periods during which each individual participated in such monitoring or overseeing of this action.

RESPONSE TO INTERROGATORY NO. 5:

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent it purports to seek identification of "all" of Plaintiff's agents or employees who have played "any" role in monitoring or overseeing this action. Plaintiff further objects to this Interrogatory to the extent it seeks specific descriptions of the interactions between representatives of Robbins Geller and representatives of Plaintiff, on the grounds that such specific descriptions are protected by attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff states as follows:

Lance Cassak, former Senior Vice President and Deputy General Counsel of Plaintiff, was involved in fulfilling Plaintiff's obligations as Lead Plaintiff from approximately October 2016 until November 2017, including by monitoring the status of the Action and Robbins Geller's general activities in the Action and by overseeing Plaintiff's satisfaction of its obligations.

Deborah Silodor, Executive Vice President and General Counsel of Plaintiff, has been involved in fulfilling Plaintiff's obligations as Lead Plaintiff from approximately November 2017 to present, including by monitoring the status of the Action and Robbins Geller's general activities in the Action and by overseeing Plaintiff's satisfaction of its obligations.

William Hogan, Senior Vice President, Investment Management of Plaintiff, has been involved in fulfilling Plaintiff's obligations as Lead Plaintiff from at least June 2017 to present, including by providing and assisting in the collection of information in response to Defendants' discovery requests.

INTERROGATORY NO. 11:

Identify all current or former employees of CoreCivic you contacted in addition to FE1 prior to filing the Complaint.

RESPONSE TO INTERROGATORY NO. 11:

In addition to the foregoing General Objections and Objections to Definitions and Instructions, Plaintiff objects to this Interrogatory on the grounds that the identities of current or former employees of CoreCivic that were contacted are protected by the work-product doctrine. Plaintiff further objects to this Interrogatory on the grounds that the identities of current or former employees of CoreCivic that were contacted are not known to Plaintiff, because any investigation and interviews of current or former CoreCivic employees were conducted by or at the direction of Robbins Geller. Plaintiff also objects to this Interrogatory on the grounds that the identities of current or former employees of CoreCivic that were contacted are not relevant. In addition, Plaintiff objects to this Interrogatory as overbroad as it is not limited based on the subject matter of any contacts, and as it is not possible for Plaintiff to confirm the completeness of any list of the people it has contacted who are current or former employees of CoreCivic, given the number of people who work or have worked for CoreCivic.

DATED: May 21, 2018

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

# VERIFICATION

I, Marcelo Choi, hereby state that I am a First Vice President of Amalgamated Bank, as Trustee for the LongView Collective Investment Fund. I am authorized in that capacity to execute this Verification. I have read the foregoing Responses and Objections to Defendant CoreCivic, Inc.'s First Set of Interrogatories to Plaintiff and know the contents thereof, and as to those matters pertaining specifically to Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, I certify that the same is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 21st day of May, 2018, at New York, New York.

_____
MARCELO CHOI

# DECLARATION OF SERVICE BY EMAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2. That on May 21, 2018, declarant caused to be served **PLAINTIFF AMALGAMATED BANK'S RESPONSES AND OBJECTIONS TO DEFENDANT CORECIVIC, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** by email to the parties as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Faraz R. Mohammadi<br>Anna E. Berces<br>Morgan E. Whitworth | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>faraz.mohammadi@lw.com<br>anna.berces@lw.com<br>morgan.whitworth@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK & JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2018, at San Francisco, California.

_____
PIERRE TIFFITH

1436030_1

Case 3:16-cv-02267   Document 395-2   Filed 01/22/21   Page 11 of 11 PageID #: 19711