# EXHIBIT 21
## [Filed Under Seal]

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 3:16-cv-02267 |
| Plaintiff, | Honorable Aleta A. Trauger |
| | <u>CLASS ACTION</u> |
| vs. | OBJECTIONS AND RESPONSES OF DEFENDANTS CORECIVIC, INC., DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER AND HARLEY G. LAPPIN TO PLAINTIFF AMALGAMATED BANK'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| CORRECTIONS CORPORATION OF AMERICA, et al., | |
| Defendants. | |


PROPOUNDING PARTY:    Amalgamated Bank, as Trustee for the LongView Collective
                      Investment Fund

RESPONDING PARTIES:    Defendants CoreCivic, Inc., f/k/a Corrections Corporation of
                       America, Damon T. Hininger, David M. Garfinkle, Todd J.
                       Mullenger and Harley G. Lappin

SET NUMBER:    Two (Nos. 15-49)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Middle District of Tennessee, Defendants CoreCivic, Inc. ("CoreCivic"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (collectively, "Defendants"), by and through their undersigned counsel, hereby object and respond to the Second Set of Requests for Production of Documents to Defendants (the "Requests") by Lead Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff").

## PRELIMINARY STATEMENT

The following responses are based upon the facts, documents, and information presently known and available to Defendants. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and/or changes to these responses. Furthermore, these responses were prepared on Defendants' good faith interpretation and understanding of the definitions in the Requests, and are subject to correction for inadvertent errors or omissions, if any. Defendants reserve the right, but do not assume any obligation beyond the requirements of the Federal Rules, to amend or supplement the responses set forth herein if presently existing, different, or additional information is subsequently discovered. A full or partial response to a Request is not a waiver by Defendants of their right to object to any other part of the Request.

The fact that Defendants have objected to any specific Request does not indicate that documents or information responsive to that Request actually exist or ever existed. Similarly, Defendants' assertion that they will produce documents in response to a particular Request should not be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendants will undertake a reasonable inquiry to

1

identify and produce responsive documents within their possession, custody or control should any such documents be located upon reasonable inquiry. Defendants may produce documents that they believe may be responsive to a particular Request and reserve the right to assert subsequently that such documents are not of the type called for by any particular Request. Defendants decline to produce multiple copies of the same document(s) when the same information is sought by multiple Request(s). Each document produced in response to any of the Requests is deemed to be produced in response to every other Request to which it is or may be responsive.

In objecting and responding to the Requests, Defendants do not concede that any of the information provided is relevant, material, or admissible in evidence. No incidental or implied admissions are intended by the responses herein or by the production of particular documents or information in response to the Requests. Defendants reserve the right to challenge on evidentiary grounds any information or documents provided in response to the Requests.

Defendants note that the requested documents likely will contain confidential, sensitive and proprietary information. Defendants will produce any responsive, non-privileged documents, things, or electronically stored information ("ESI") on a rolling basis pursuant to the Stipulated Protective Order, entered by the Court on February 7, 2018, and in accordance with a scope mutually agreeable to the parties.

Subject to the foregoing, Defendants respond as follows:

## OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiff's Definition Nos. 1, 3-5, 10-12, 14-15, and 17 on the following bases:

1.      Defendants object to Definition Nos. 1 ("ACA"), 3 ("BOP"), 10 ("DOJ"), 15 ("Joint Commission"), and 17 ("National Commission") as overly broad, unduly burdensome, vague and ambiguous because the definitions include "any of its predecessors, successors,

2

parents, subsidiaries, divisions or affiliates." Defendants will interpret the defined terms to mean the named entity and solely that entity.

2. Defendants object to Definition No. 4 ("BOP Prisons") as overly broad, unduly burdensome, vague and ambiguous because the definition includes "or other facilities operated by CoreCivic under contract for the BOP." Defendants will interpret the defined term to mean Adams County Correctional Center, Cibola County Correctional Center, Eden Detention Center, McRae Correctional Facility and Northeast Ohio Correctional Center.

3. Defendants object to Definition Nos. 5 ("CoreCivic" or "Company") and 14 ("Individual Defendants") as overly broad, unduly burdensome, vague and ambiguous because the definitions include individuals and entities that have no involvement with and no bearing upon the allegations in this action. Defendants respond to the Requests on behalf of themselves and not on behalf of others.

4. Defendants object to Definition No. 11 ("Electronically stored information" or "ESI") as overly broad and unduly burdensome and as seeking irrelevant information in that it includes items that are not reasonably accessible and/or are unlikely to contain non-duplicative, relevant information (e.g., "file fragments").

5. Defendants object to Definition No. 12 ("Employee") as vague and ambiguous in that it includes categories of persons who are not CoreCivic employees, including but not limited to directors and investment bankers.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to Plaintiff's Instruction Nos. 1-4 and 7-9 on the following bases:

## INSTRUCTION NO. 1:

All documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or

3

facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

**OBJECTIONS TO INSTRUCTION NO. 1:**

Defendants object that the terms "folders," "binders," "covers," "containers," and "facsimile" are vague and ambiguous as they pertain to ESI. Defendants further object that this Instruction is unduly burdensome as it pertains to ESI.

**INSTRUCTION NO. 2:**

In responding to these requests, you shall produce all responsive documents (including those stored electronically) that are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

**OBJECTIONS TO INSTRUCTION NO. 2:**

Defendants object to this Instruction as inconsistent with Federal Rule of Civil Procedure 34(a)(1) to the extent it purports to require them to produce documents that are not in their possession, custody or control.

**INSTRUCTION NO. 3:**

Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Plaintiff ***original*** documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4

**OBJECTIONS TO INSTRUCTION NO. 3:**

Defendants object to the term "original" as it pertains to ESI. For the purpose of responding to the Requests, Defendants shall define "original" to include "any printout – or other output readable by sight – if it accurately reflects the information" pursuant to Rule 1001(d) of the Federal Rules of Evidence.

**INSTRUCTION NO. 4:**

If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

(a) which privilege is claimed;

(b) who is asserting the privilege;

(c) a precise statement of the facts upon which said claim of privilege is based; and

(d) the following information describing each purportedly privileged document:

(i) a brief description sufficient to identify its nature, i.e., agreement, letter, memorandum, type, etc.;

(ii) a brief description sufficient to identify its subject matter and the purpose of the document;

(iii) the date it was prepared;

(iv) the date it bears;

(v) the date it was sent;

(vi) the date it was received;

(vii) the identity of the person preparing it;

(viii) the identity of the person sending it;

(ix) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

5

(x) a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi) all persons to whom its contents have been disclosed; and

(xii) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

**OBJECTIONS TO INSTRUCTION NO. 4:**

Defendants object to this Instruction as unduly burdensome and exceeding the requirements under Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

**INSTRUCTION NO. 7:**

You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

**OBJECTIONS TO INSTRUCTION NO. 7:**

Defendants object to this Instruction to the extent it seeks information not relevant to any claim or defense under Federal Rule of Civil Procedure 26(b)(1).

**INSTRUCTION NO. 8:**

Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

**OBJECTIONS TO INSTRUCTION NO. 8:**

Defendants object to this Instruction as disproportionate to the needs of the case and on the basis that it seeks information that should be sought, if at all, through interrogatories.

**INSTRUCTION NO. 9:**

If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

(i) whether the document is missing or lost;

(ii) whether it has been destroyed;

(iii) whether the document has been transferred or delivered to another person and, if so, at whose request;

(iv) whether the document has been otherwise disposed of; and

(v) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

**OBJECTIONS TO INSTRUCTION NO. 9:**

Defendants object to this Instruction as disproportionate to the needs of the case and on the basis that it seeks information that should be sought, if at all, through interrogatories.

## OBJECTIONS TO FORMS OF PRODUCTION

Defendants object to Plaintiff's proposed production specifications on the basis that they would impose unnecessary and disproportionate burdens or expenses and/or exceed the requirements under the Federal Rules of Civil Procedure, applicable case law and Administrative Order No. 174. By way of example only, and not limitation, (1) Plaintiff's instruction that "TIFF images of e-mail messages should include the BCC line" would require extensive manual effort and would be unduly expensive and unnecessary, (2) Plaintiff's instruction of OPT for images and a delimited file for metadata is vague and incomplete, (3) Plaintiff's "FILEPATH-DUP" category is non-standard, (4) Plaintiff's specification that "[r]emoval of duplicate documents should only be done on exact duplicate documents" is unduly burdensome, unnecessarily costly,

7

and serves no benefit to the Plaintiff, (5) Plaintiff's instruction that Defendants "provide an overlay file no later than three days after the date of each rolling production" is unreasonable and unduly burdensome, (6) Plaintiff's statement that use of review technologies "requires the consent of the receiving party" is contrary to applicable rules and case law, and (7) Plaintiff's form of production specifications for hard copy documents and FILEPATH field would require unnecessary expense, burden and vendor involvement. Defendants agree to engage in good faith meet and confer discussions with Plaintiff's counsel to resolve any disputes regarding the form of production for both hard copy and ESI discovery.

## OBJECTIONS TO RELEVANT TIME PERIOD

Defendants object to Plaintiff's use of "January 1, 2011 to March 1, 2017" as the "Relevant Time Period" for the Requests. Plaintiff and Defendants have agreed to produce documents between August 27, 2011 and February 17, 2017. For purposes of these Requests, Defendants will use this agreed-upon Relevant Time Period.

## RESPONSES AND OBJECTIONS TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 15:

All communications with or reports issued by financial analysts regarding CoreCivic including, but not limited to, those with Kevin McVeigh of Macquarie Research and/or Deutsche Bank, Tobey Summer of SunTrust Robinson Humphrey, Robert LaQuaglia of Wells Fargo Securities, LLC, Kevin Campbell at Avondale Partners and Ryan Meliker of Canaccord Genuity.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendants object to this Request on the basis that the phrase "[a]ll communications with or reports issued by financial analysts" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this

8

Request on the basis that it calls for documents that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible reports issued by financial analysts regarding CoreCivic from the agreed-upon Relevant Time Period within CoreCivic's possession, custody, or control. Moreover, CoreCivic will produce reasonably accessible, non-privileged communications responsive to this Request from the agreed-upon Relevant Time Period using the custodian list and search terms to which the parties previously agreed.

**REQUEST FOR PRODUCTION NO. 16**:

All communications with actual or potential investors, or their representatives, other than those filed publicly with the SEC, concerning the quality or costs of CoreCivic's services, CoreCivic's compliance with BOP contracts, or compliance with laws and regulations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request on the basis that the phrase "all communications with actual or potential investors, or their representatives" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object on the basis that the Request is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic is willing to produce reasonably accessible, non-privileged communications responsive to this Request from the agreed-upon Relevant Time Period using the custodian list and search terms to which the parties previously agreed.

9

**REQUEST FOR PRODUCTION NO. 17:**

All communications concerning, or regarding the reasons for, the movement of CoreCivic's stock price on February 21, 2012, February 27, 2012, April 5, 2012, April 24, 2012, May 3, 2012, - 11 -1439154_1 May 8, 2012, June 26, 2012, August 9, 2012, December 3, 2012, December 7, 2012, January 18, 2013, February 8, 2013, March 1, 2013, April 18, 2013, June 6, 2013, August 20, 2013, August 22, 2013, December 16, 2013, February 10, 2014, February 14, 2014, August 7, 2014, January 5, 2015, May 7, 2015, September 18, 2015, November 2, 2015, November 11, 2015, November 12, 2015, November 20, 2015, December 4, 2015, December 11, 2015, December 18, 2015, January 4, 2016, January 19, 2016, February 12, 2016, February 16, 2016, May 5, 2016, July 1, 2016, July 7, 2016, August 3, 2016, August 4, 2016, August 18, 2016, and August 19, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request on the basis that the phrase "[a]ll communications concerning, or regarding the reasons for, the movement of CoreCivic's stock price" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving any objections, Defendants are willing to meet and confer to discuss a more narrow and focused Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning communications to or from CoreCivic's officers, investor relations employees, public relations employees, executives or management at CoreCivic's

headquarters concerning the Review, the Yates Memorandum, the Adams County Audit, or Sally Yates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Defendants object to this Request on the basis that the phrase "[a]ll documents concerning communications" is overly broad, vague, and ambiguous. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic is willing to produce reasonably accessible, non-privileged communications responsive to this Request from the agreed-upon Relevant Time Period using the custodian list and search terms to which the parties previously agreed.

## REQUEST FOR PRODUCTION NO. 19:

All documents relied on to support or concerning representations in CoreCivic's annual reports filed with the SEC on Forms 10-K filed on February 27, 2012, February 27, 2013, February 27, 2014, February 25, 2015 and February 25, 2016 to the effect that: (i) CoreCivic offers a cost effective alternative to the BOP; (ii) by contracting with CoreCivic BOP reduces correctional services costs; (iii) that private prison operators, including CoreCivic, lower operating costs per inmate as occupancy rates increase; (iv) CoreCivic's competitive cost structure offers prospective customers a compelling option for incarceration; (v) the outsourcing of prison management services to private operators, including CoreCivic, allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and

11

improving correctional services; and (vi) the BOP's partnership with private operators, including CoreCivic, results in improvements to the quality and cost of corrections services throughout their correctional system and significant cost savings for government agencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning representations" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relied on to support or concerning representations in CoreCivic's quarterly reports filed with the SEC on Forms 10-Q on May 7, 2012, August 9, 2012, November 8, 2012, May 9, 2013, August 8, 2013, November 7, 2013, May 8, 2014, August 7, 2014, November 5,

2014, May 7, 2015, August 6, 2015, November 5, 2015, May 5, 2016 and August 4, 2016, and

CoreCivic's annual reports filed with the SEC on Forms 10-K on February 27, 2012, February

27, 2013, February 27, 2014, February 25, 2015 and February 25, 2016 to the effect that: (i)

CoreCivic had been successful in working with its government partners, including the BOP, to

help them manage their correctional costs while minimizing the financial impact to CoreCivic;

(ii) CoreCivic provides efficiency and savings opportunities to its customers; and (iii)

CoreCivic's renewal rate on existing contracts remained high because of the quality of its

operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied

upon or concerning representations" is overbroad, unduly burdensome, and not reasonably

tailored to the claims or defenses at issue in this litigation.  Defendants further object to this

Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other

than the BOP Prisons at issue in this lawsuit.  Defendants further object to this Request to the

extent it seeks the disclosure of information or documents which are protected from discovery by

the attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.  Defendants further object on the basis that the Request is unduly burdensome

because it is redundant of one or more other Requests to which CoreCivic has produced, or is in

the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably

accessible, non-privileged documents relied on to support representations concerning the quality

or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP

contracts, or CoreCivic's compliance with laws and regulations in connection with the operation

of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning the actual or anticipated impact on CoreCivic of the decline in inmate populations in the BOP Prisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to this Request on the basis that the phrase "[a]ll documents concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents, to the extent any exist, concerning the actual or anticipated impact on CoreCivic of the decline in inmate populations in the BOP Prisons from the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relied on to support or concerning representations attributed to a CoreCivic spokesman printed in a March 5, 2012 Lewiston Morning Tribune article to the effect that: (i) CoreCivic was able to provide taxpayers a service at equally high standards of quality and efficiency than the government; and (ii) CoreCivic maintained the highest operating standards at the least cost.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the

14

claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relied on to support or concerning representations in CoreCivic's definitive proxy filed with the SEC on March 30, 2012 to the effect that CoreCivic had met or exceeded the Prison Rape Elimination Act's standards and practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents responsive to this Request from the agreed-upon Relevant Time Period.

15

**REQUEST FOR PRODUCTION NO. 24:**

All documents relied on to support or concerning the representations made during a February 14, 2013 CoreCivic conference call to the effect that the value proposition of CoreCivic was strengthened by cost comparisons done between CoreCivic and the public sector.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relied on to support or concerning representations made during an October 2, 2013 CoreCivic meeting with analysts and other investors to the effect that: (i) the use of

16

CoreCivic's services generated cost savings, including an annual cost savings of 12% or more; (ii) CoreCivic's total cost per 1,000 beds was $55 to $65 million, with an average length of construction of one to three years, whereas government's total cost was $80 to $250 million, with an average length of construction of three to seven years; (iii) CoreCivic's services improve the safety and inmate quality of life; (iv) CoreCivic meets or exceeds ACA quality standards while minimizing operating and maintenance costs and exceeding "ROI hurdle rates"; and (v) provides ongoing operational costs savings without the loss of operational quality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

17

**REQUEST FOR PRODUCTION NO. 26:**

All documents relied on to support or concerning representations made by CoreCivic spokesman Jonathan Burns as printed in a May 5, 2014 Chattanooga Times Free Press article titled "Critics point finger at CCA: For-profit prison operator taken to task for campaign giving, operations" to the effect that all of CoreCivic's facilities "comply with our federal, state and local government partners' reporting requirements."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relied on to support or concerning representations made in a November 7, 2014 CoreCivic Third Quarter 2014 Investor Presentation and in subsequent investor presentations published on February 24, 2015, May 19, 2015, August 21, 2015, November 12, 2015, February 24, 2016 and May 17, 2016, to the effect that: (i) savings by governments can be achieved by contracting with the private sector, including CoreCivic, without sacrificing quality;

and (ii) the operational cost savings relative to the operating and real estate costs of BOP Prisons could be quantified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relied on to support or concerning representations made during a May 5, 2016 CoreCivic conference call to the effect that CoreCivic has high quality operations and provides great value back to taxpayers.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relied on to support or concerning representations made on behalf of CoreCivic in a June 8, 2016 presentation at REITWeek: NAREIT's Investor Forum to the effect that CoreCivic: (i) provides high quality and consistent services to their partner; (ii) continues to do a good job on the quality; and (iii) use of its services offers cost savings to its partners.

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defendants object to this Request on the basis that the phrase "[a]ll documents relied on to support or concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents relied on to support representations concerning the quality or costs of CoreCivic's services with respect to BOP Prisons, CoreCivic's compliance with BOP contracts, or CoreCivic's compliance with laws and regulations in connection with the operation of the BOP Prisons in CoreCivic's SEC filings, investor presentations and conference calls during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 30:**

Monthly or other periodic reports or analysis concerning to deficiencies and incidents at the BOP Prisons, including, but not limited to, any reports or analysis provided to the Individual Defendants and members of CoreCivic's Quality Assurance Division.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Defendants object to this Request on the basis that the phrase "deficiencies and incidents" is vague and ambiguous. Defendants further object to this Request to the extent it seeks the

disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waving any objections, to the extent not already produced, CoreCivic will produce reasonably accessible, relevant and non-privileged reports from the Quality Assurance Division concerning the BOP Prisons during the agreed upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to explain the Corrective Action Plan (CAP) process, the individuals involved in the process and their responsibilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to this Request on the basis that the phrase "sufficient to explain" is vague and ambiguous. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, to the extent not already produced, CoreCivic will produce reasonably accessible Corrective Action Plans relating to the BOP Prisons during the agreed-upon Relevant Time Period in response to Plaintiff's Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 32:**

Any reports, draft reports or other documents, along with any attachments or exhibits, reflecting the analysis of compliance levels related to contract compliance or the interpretation of contractual obligations done by or at the direction of any of the Individual Defendants or members of CoreCivic's Quality Assurance Division.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is unduly burdensome because, to the extent applicable to the BOP Prisons, it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, after reasonable inquiry and investigation, Defendants are not presently aware of any documents responsive to this Request relating to the BOP Prisons during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 33:**

Documents concerning the methodology and factors used by CoreCivic to calculate cost savings of BOP's contracts with CoreCivic to operate BOP Prisons, including, but not limited to,

any discussion of modifications of the methodology or factors used, or the impact of using a different methodology or factors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object to this Request on the basis that it calls for documents or information that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request. Defendants further object on the basis that the Request is unduly burdensome because it is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged documents reflecting the amount the BOP paid to CoreCivic to operate the BOP Prisons during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 34:**

Documents identifying: (i) CoreCivic's annual quality and cost targets for each of its major operational areas; (ii) the persons responsible for setting those targets; (iii) the parameters or criteria used to set those targets; and (iv) whether those targets were met, exceeded or missed, and the reasons why.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

24

**REQUEST FOR PRODUCTION NO. 35:**

Documents concerning any analysis or modeling of the return on investment of any costcutting measure, budgeting or increase in expenditures concerning any services CoreCivic provides to the BOP or its inmates including, but not limited to, the reduction in staffing, training, transportation, medical or dental care, security or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 36:**

All appointment books, diaries, flight logs or calendars of the Individual Defendants or those kept on their behalf containing information related to their employment at CoreCivic, CoreCivic's services or the private prison industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 37:**

All telephone bills or other documents reflecting the date, existence or duration of any communication between any of the Individual Defendants and any representative of the BOP, OIG or DOJ concerning CoreCivic or the private prison industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 38:**

All performance reviews of the Wardens and Quality Assurance Managers at the BOP Prisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning monies, items of monetary value or compensation paid by CoreCivic to the Individual Defendants, or documents concerning discussions concerning such matters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome. Defendants further object to this Request on the basis that it calls for documents or information that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning any trades or requests to trade CoreCivic securities by any of the Individual Defendants, officers or members of CoreCivic's Board of Directors and any insider trading policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to this Request on the basis that the phrase "[a]ll documents and communications concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome. Defendants further object to this Request on the basis that it calls for documents or information that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request. Defendants object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waving any objections, CoreCivic is willing to produce its trading policies and reasonably accessible Securities Transactions Clearance Forms for the Individual Defendants during the agreed-upon Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 41:**

All documents concerning performance reviews or evaluations of the Individual Defendants' performance as an officer or representative of CoreCivic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning the reasons for the departure from CoreCivic and replacement of: (i) Harley G. Lappin; (ii) Todd J. Mullenger; (iii) any Warden of any BOP Prison; (iv) any

27

VP, Facility Operations; (v) any of CoreCivic's Board of Directors; and (vi) any CoreCivic officer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to this Request on the basis that it calls for documents or information that are not relevant to the claims or defenses at issue in this litigation, and is therefore overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning any research studies or articles, whether published or not, relating to the private prison industry's or CoreCivic's cost savings or the quality of services, including, but not limited to: (i) communications with professors, researchers (such as fellows or graduate students) or others in academia; (ii) communications with other private prison operators, public relations firms, or lobbyists; (iii) communications with journalists or members of the media; (iv) drafts; and (v) amounts paid or discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request on the basis that it calls for documents or information that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.

Defendants are willing to meet and confer with Plaintiff's counsel in a good faith attempt to narrow this Request to a mutually agreeable scope, and produce relevant, non-privileged documents responsive to such refined scope, that are reasonably accessible and within CoreCivic's possession, custody, or control.

28

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning the Special Litigation Committee of the Board of Directors of CoreCivic, including, but not limited to, any: (i) communications to or from; (ii) documents provided to; (iii) notes or memoranda; and (iv) reports and supporting documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show all expenditures made by CoreCivic, whether individually or collectively as part of the private prison industry, concerning efforts to lobby any government entity concerning the quality or cost of private prison services, the benefits of the use of private prison companies, reasons any government entity should use private prison services, or other issues concerning any government entity's policies, laws or regulations relevant to the private prison industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request to the extent it seeks documents pertaining to CoreCivic's operation of facilities other than the BOP Prisons at issue in this lawsuit. Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other

29

applicable privilege or immunity.  Defendants further object to this Request on the basis that CoreCivic's lobbying payments, to the extent relevant to the BOP Prisons, are publicly available and that Plaintiff is equally positioned to access information responsive to the Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents or communications concerning the shareholder proposal submitted for inclusion in CoreCivic's proxy statement concerning CoreCivic's 2017 annual meeting of shareholders, including communications concerning CoreCivic's request for permission to exclude such proposal from CoreCivic's proxy statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to this Request on the basis that the phrase "[a]ll documents or communications concerning" is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation.  Defendants further object to this Request on the basis that it calls for documents that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.  Defendants further object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 47:**

To the extent not already produced, all communications concerning the accreditation or reaccreditation of any actual or proposed CoreCivic BOP Prison or with the Joint Commission, including those communications in or through the Joint Commission Connect or similar portal, and survey reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

30

Defendants object to this Request to the extent it seeks the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object on the basis that the Request is redundant of one or more other Requests to which CoreCivic has produced, or is in the process of producing, responsive documents.

Subject to and without waiving any objections, CoreCivic will produce reasonably accessible, non-privileged communications responsive to this Request from the agreed-upon Relevant Time Period using the custodian list and search terms to which the parties previously agreed.

**REQUEST FOR PRODUCTION NO. 48:**

To the extent not already produced, all documents identified in Defendants' Initial Disclosures Pursuant to Rule 26(a)(1)(A) in this action dated February 23, 2018 that Defendants assert therein that they may use to support their defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiving any objections, to the extent not already produced, CoreCivic will produce non-privileged documents identified in Defendants' Initial Disclosures Pursuant to Rule 26(a)(1)(A). Defendants reserve the right to produce non-privileged documents within its or a third party's possession, custody, or control to support their defenses as such documents are subsequently discovered.

**REQUEST FOR PRODUCTION NO. 49:**

All declarations, testimony or other statements made under oath by anyone on behalf of CoreCivic regarding the quality or cost of CoreCivic's services, or its performance within connection with BOP contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

31

Defendants object to this Request on the basis that it is overbroad, unduly burdensome, and not reasonably tailored to the claims or defenses at issue in this litigation. Defendants further object to this Request on the basis that it calls for documents that are publicly available and that Plaintiff is equally positioned to access documents responsive to the Request.

DATED: July 2, 2018

Respectfully submitted:

*/s/ Steven A. Riley*
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
W. Russell Taber, III (TN #024741)
RILEY WARNOCK & JACOBSON, PLC
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler
Brian T. Glennon
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Morgan E. Whitworth
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

32

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, this notice was served by email on the following counsel for Plaintiff:

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)


ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
Lead Counsel for Plaintiff


BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
Local Counsel

/s/ John M. Eastly
John M. Eastly
