# EXHIBIT 39
# [Filed Under Seal]

UNITED STATES DISTRICT COURTF

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CORECIVIC, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF |

Cases\4847-9479-1099.v1-5/1/20

Case 3:16-cv-02267   Document 399-14   Filed 01/22/21   Page 2 of 160 PageID #: 21060

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), by undersigned counsel, hereby objects and responds to Defendant CoreCivic, Inc.'s Second Set of Interrogatories to Plaintiff (the "Interrogatories").

All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiff. Further discovery and analysis may supply additional facts and/or add meaning to the known facts.

## I. GENERAL OBJECTIONS

Plaintiff generally objects to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Plaintiff objects to the Interrogatories, including the "Definitions" and "Instructions" sections, to the extent that they purport to impose any obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Middle District of Tennessee (the "Local Rules").

2. Plaintiff objects to the Interrogatories to the extent that they exceed the limitation on the number of interrogatories imposed by Federal Rule of Civil Procedure 33, Local Rule 33.01(b) and the Court's February 15, 2018 Order permitting 40 interrogatories in this action (ECF No. 88).

3. Plaintiff's responses to these Interrogatories are made for the sole purpose of the above-captioned action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege and privacy, and all objections are reserved and may be interposed at the time of trial. Nor shall any response be construed as a waiver or abridgement of any applicable privilege or any objection set forth herein.

- 1 -

4.      Plaintiff's responses to the Interrogatories are based upon, and therefore limited by, records and information still in existence, presently recollected, and thus far discovered in the course of preparing these responses.  Consequently, Plaintiff reserves the right to revise or supplement these responses, to the extent required by the Federal Rules of Civil Procedure, if it appears that, at any time, inadvertent errors or omissions have been made, or additional or more accurate information becomes available.

5.      Plaintiff does not accept or admit the existence of any fact(s) set forth or assumed by an Interrogatory.  Plaintiff will make a reasonable and proportionate inquiry of information within Plaintiff's possession, custody or control in responding to the Interrogatories.

6.      Plaintiff objects to the Interrogatories generally to the extent they are compound, complex and/or contain discrete subparts.

7.      Plaintiff objects to the Interrogatories to the extent that they are overbroad or unduly burdensome.

8.      Plaintiff objects to the Interrogatories to the extent they are cumulative, vague, ambiguous or fail to describe the requested information with reasonable particularity.

9.      Plaintiff objects to the Interrogatories to the extent that they impose a duty to seek out information which is not presently known or knowable to Plaintiff.

10.      Plaintiff objects to the Interrogatories on the ground of undue burden to the extent that the Interrogatories seek information that is equally available to Defendants or information that originated in the Defendants' possession, custody, or control.

11.      Plaintiff objects to the Interrogatories to the extent that they seek information that can be found in the pleadings, briefing, and expert reports in this or any other action.

12.      Plaintiff objects to the Interrogatories to the extent they impose burdens on Plaintiff that are disproportionate to Defendants' need for the information.  Plaintiff further objects to the Interrogatories to the extent they seek to impose on Plaintiff the burden of reviewing and incorporating the more than 750,000 documents produced in this litigation in their responses as unduly burdensome and oppressive.

- 2 -

13.     Plaintiff objects to the Interrogatories as not proportionate to the needs of the case.

14.     Plaintiff objects to the Interrogatories on the ground that they prematurely require Plaintiff to identify legal claims and theories and supporting facts and materials, including to the extent they seek information properly submitted as with expert disclosures before expert disclosures have been made.

15.     Plaintiff objects to the Interrogatories to the extent they seek information relating to Plaintiff's contentions and information that is beyond the scope of discovery at this stage of the litigation.

16.     Plaintiff objects to the Interrogatories to the extent that they prematurely seek information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated.

17.     Plaintiff objects to the Interrogatories to the extent that they seek information that would reveal the thoughts, mental impressions, and strategy of its counsel or otherwise call for the disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.  To the extent that any information might be provided pursuant to any Interrogatory, no information subject to such privilege or production will be produced; and any inadvertent production thereof will not be deemed a waiver of any privilege or protection with respect to documents or information which may attach thereto.

18.     Plaintiff objects to the "Definitions" section of the Interrogatories on the ground that the definition of "You" and "Your" is overbroad to the extent it seeks information that is not in Plaintiff's possession, custody or control.  Plaintiff also objects on the grounds that the definition of "You" and "Your" is vague and ambiguous as to the meaning of "affiliates," "agents," "representatives," and "any other person acting on their behalf."  Plaintiff objects to the definition of "You" and "Your" as seeking information that is neither relevant nor within Plaintiff's possession, custody, or control to the extent "predecessors" and "successors" could be interpreted to encompass third parties from whom Plaintiff acquired CoreCivic Securities or to whom Plaintiff transferred CoreCivic Securities or to encompass any other plaintiff in this Action.  Plaintiff further objects to

- 3 -

the definition of "You" and "Your" as including Plaintiff's attorneys and requiring the search for information that is protected by the attorney-client privilege or work product doctrine. Plaintiff construes the definition of "You" and "Yours" to mean Amalgamated Bank, as Trustee for the LongView Collective Investment Fund.

19.     Plaintiff objects to the 'Definitions" section of the Interrogatories to the extent the definition of "Document" or "Documents" exceeds that of Rule 34 of the Federal Rules of Civil Procedure and is overbroad, unduly burdensome, vague and ambiguous.

20.     Plaintiff objects to the Interrogatories to the extent that they call for a legal conclusion. Plaintiff's responses shall not be construed as providing a legal conclusion concerning the meaning or application of any terms used in the Interrogatories.

21.     Plaintiff objects to the "Instructions" section of the Interrogatories to the extent that it purports to impose on Plaintiff discovery obligations exceeding or inconsistent with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff further objects to the "Instructions" section of the Interrogatories to the extent that they are unduly burdensome, vague or ambiguous and not proportionate to the needs of the case.

22.     Plaintiff objects to the "Instructions" section to the extent they seek "all information in the possession of your agents, investigators, representatives, and attorneys" as vague and ambiguous, as well as beyond those required by the Federal Rules of Civil Procedure.

23.     In providing responses to the Interrogatories, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

        (a)     all objections as to the competency, relevancy, materiality and admissibility of any of the Interrogatories and their subject matter;

        (b)     all objections as to the vagueness, ambiguity or other infirmity in the form of any of the Interrogatories, and any objections based on the undue burden imposed thereby;

        (c)     all objections as to whether the responses required are proportionate to the needs of the Defendants or the case;

- 4 -

(d)     all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

(e)     all rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

(f)     any and all privileges and/or rights under applicable statutes or the common law.

24.     In addition to the General Objections set forth above, Plaintiff will also state specific objections to the Interrogatories where appropriate.  By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above.  To the extent that Plaintiff responds to the specific Interrogatories, stated objections are not waived by providing responses pursuant to Rule 33 of the Federal Rules of Civil Procedure.

25.     Plaintiff reserves the right to amend, modify and supplement these responses should additional discovery warrant such amendment, modification or supplementation.  In addition, in responding to the Interrogatories, Plaintiff reserves the right to specify documents generally, without having to characterize the contents thereof.

## II.     SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 12:

State each Challenged Statement that you still contend is false or misleading.

RESPONSE TO INTERROGATORY NO. 12:

Plaintiff reiterates each of its General Objections set forth above.  Plaintiff further objects that Interrogatory No. 12 is premature and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, because: (i) discovery in this action is not complete; and (ii) the premature identification of statements Plaintiff contends are false and misleading would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

- 5 -

Subject to and without waiving the foregoing objections Plaintiff identifies the statements listed in response to Interrogatory No. 13.

<u>INTERROGATORY NO. 13</u>:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that the statement was false or misleading or omitted material facts when made.

<u>RESPONSE TO INTERROGATORY NO. 13</u>:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 13 is overbroad, unduly burdensome and harassing, premature, and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants are already in possession of all the information sought by this Interrogatory; (iii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows. As this Court has recognized, Plaintiff alleges three categories of misleading claims in Defendants' statements: "1. General Claims of Quality & Savings" (ECF No. 76 at 14); "2. Claims About Compliance with Particular Standards" (*id*. at 17); and "3. Claims About Client Relationships and Contract Renewals" (*id.* at 18). Once Defendants voluntarily chose to make such statements, they "assume[d] a duty to speak fully and truthfully on th[e] subject[]." *Id*. at 25 (alterations in original and internal quotations omitted). Defendants violated this duty each time they made statements that included these claims, as identified below, because each statement omitted information that would

- 6 -

have enabled investors to understand that at least as to one important government client, the United States' Bureau of Prisons, there were many indications that the quality and savings of CoreCivic's services, its compliance, and the strength of its relationship were below the levels Defendants had represented. Put simply, these indications demonstrated that, despite Defendants' constant refrain, they were not providing the same level of quality while offering cost savings. These indications included numerous internally and externally flagged problems in various forms (including Notices of Concern, multiple deficiencies (including crucial services), repeat deficiencies, and worse), deductions for nonconformance, and understaffing, which was due in large part to CoreCivic's artificial cost "savings" (cheaper wages, worse benefits, and more remote locations, not greater efficiency). Set forth in the table below are the documents and depositions containing the facts and constituting the documents supporting Lead Plaintiff's contention that each listed statement omitted material information necessary to make it not misleading.

Key: 1 = "General Claims of Quality & Savings" (ECF No. 76 at 14)
     2 = "Claims About Compliance with Particular Standards" (ECF No. 76 at 17)
     3 = "Claims About Client Relationships and Contract Renewals" (ECF No. 76 at 18)

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| CCA's Form 10-Q filed with the SEC on November 4, 2011 | <u>1 & 3:</u><br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276.<br><br>In addition, the deposition testimony |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| SOx certifications filed with the SEC on November 4, 2011 | <u>1, 2 & 3:</u><br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>* * *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement |

- 8 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-K filed with the SEC on February 27, 2012 | <u>1</u>: <br><br> Our primary business strategy is to provide quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities. <br><br> *    *    * <br><br> We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds. <br><br> *    *    * <br><br> Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase. We believe we have been successful in increasing the number of residents in our care and continue to pursue a number of initiatives intended to further increase our occupancy and revenue. Our competitive cost structure offers prospective | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355. <br><br> In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | customers a compelling option for incarceration.<br><br>\*      \*      \*<br><br>We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services.<br><br>\*      \*      \*<br><br><u>1, 2 & 3:</u><br><br>We believe our customers discover that partnering with private operators to provide residential services to their inmates introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br><u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>\*      \*      \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br><u>2:</u> | necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | We operate our facilities in accordance with both company and facility-specific policies and procedures. The policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government guidelines, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines. Outside agency standards, such as those established by the ACA, provide us with the industry's most widely accepted operational guidelines. We have sought and received accreditation for 58 of the facilities we operated as of December 31, 2011, and we intend to apply for ACA accreditation for all of our eligible facilities that are not currently accredited where it is economically feasible to complete the 18-24 month accreditation process. Our facilities not only operate under these established standards, but they are consistently challenged by management to exceed them. This challenge is presented, in large part, through our extensive and comprehensive Quality Assurance Program.

    Our Quality Assurance Division independently operates under the auspices of, and reports directly to, the Company's Office of General Counsel. . . . The Quality Assurance Division oversees all efforts by our facilities to deliver high quality services and operations, with an absolute commitment to continuous quality improvement through the efforts of two major sections: the Research and Analysis Section and the Audit and Compliance Systems Section. . . .

    . . . The Audit and Compliance Systems Section consists of two full time audit teams comprised of subject matter experts from all major disciplines within institutional operations, as well as management staff that oversee the process. . . . In addition, our Quality Assurance | |

- 11 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Division contracts with teams of seasoned, ACA certified correctional auditors to help ensure continuous compliance with ACA standards at accredited facilities. Our teams of auditors are deployed several times a year as well (in advance of contractually mandated ACA accreditation audits) to help ensure that our facilities are operating at the highest possible levels.<br><br>2 & 3<br><br>*Failure to comply with unique and increased governmental regulation could result in material penalties or non-renewal or termination of our contracts to manage correctional and detention facilities.* The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many regulatory authorities. Some of the regulations are unique to the corrections industry, some are unique to government contractors and the combination of regulations we face is unique. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with certain types of businesses, such as small businesses and businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. New federal regulations also require federal government contractors like us to self-report evidence of certain forms of misconduct. We may not always successfully | |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | comply with these regulations, and failure to comply can result in material penalties, including financial penalties, non-renewal or termination of facility management contracts, and suspension or debarment from contracting with certain government entities.<br><br>*     *     *<br><br>     In addition, the services we provide are labor-intensive.  When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel.  The success of our business requires that we attract, develop, and retain these personnel.  Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations.  Under many of our management contracts, we are subject to financial penalties for insufficient staffing. | |
| SOx certifications filed with the SEC on February 27, 2012 | 1, 2 & 3:<br><br>     2.     Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report;<br><br>*     *     *<br><br>     4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355.<br><br>In addition, the deposition testimony and deposition exhibits of the following |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA Spokeperson's email in response to the *Lewiston Morning Tribune* article titled, "Can private prisons be run cheaper?: In Idaho, no one has actually done the math to find out," on March 5, 2012 | 1:<br><br>"'do[es] better than the competition. . . . As a business, we are able to provide taxpayers an essential government service at equally high standards of quality and efficiency, . . . Competitive private-sector entities are motivated to move swiftly, evaluate and refine success each day, and maintain the highest operating standards at least cost.'" | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-Q filed with the SEC on May 7, 2012 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>&ast;  &ast;  &ast;<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| SOx certifications filed with the SEC on May 7, 2012 | 1, 2 & 3:<br><br>2.     Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\*    \*    \*<br><br>4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), and Bart Verhulst. |
| CCA's Form 10-Q filed with the SEC on November 8, 2012 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>*     *     *<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 8, 2012 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report; | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | *      *      *<br><br>4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 27, 2013 | <u>1:</u><br><br>      Our primary business strategy is to provide prison bed capacity, quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>    \*      \*      \*<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds.<br><br>    \*      \*      \*<br><br>Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase.  We believe we have been successful in increasing the number of residents in our care and continue to pursue a number of initiatives intended to further increase our occupancy and revenue.  Our competitive cost structure offers prospective customers a compelling option for incarceration.<br><br>    \*      \*      \*<br><br>We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_1091634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | services. . . . We believe these advantages translate into significant cost savings for government agencies.

1 & 3:

We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs. . . .

    . . . We believe our customers discover that partnering with private operators to provide residential services to their inmates introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.

             *         *         *

We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.

2:

    Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures. These policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and | CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | company-wide policies and procedures that may exceed these guidelines. Our facilities not only operate under these established standards, but they are consistently challenged by management to exceed them. This challenge is presented, in large part, through our extensive and comprehensive Quality Assurance Program.

     Our Quality Assurance Division independently operates under the auspices of, and reports directly to, the Company's Office of General Counsel. The Company has devoted significant resources to the Quality Assurance Division, enabling us to monitor our facilities' compliance with contractual requirements, as well as outside agency and accrediting organization standards and guidelines. The Quality Assurance Division provides governance for all efforts by our facilities to deliver high quality services and operations, with an absolute commitment to continuous quality improvement through the efforts of two major sections: the Research and Analysis Section and the Audit and Compliance Systems Section.

     The Research and Analysis Section collects and analyzes performance metrics across multiple databases. Through rigorous reporting and analyses of comprehensive, comparative statistics across disciplines, divisions, business units and the Company as a whole, the Research and Analysis Section provides timely, independently generated performance and trend data to senior management.

     The Audit and Compliance Systems Section includes a team of full-time auditors, who provide subject matter expertise from all major disciplines within institutional operations. Annually, and with no advance notice, these auditors conduct rigorous, on site evaluations of each facility we operate. The audit teams use highly specialized, discipline-specific audit tools, containing over 1,400 audited items across | |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | twelve major operational areas, in this detailed, comprehensive process. The results of these on site evaluations are used to discern areas of operational strength and areas in need of management attention. The audit findings also comprise a major part of our continuous operational risk assessment and management process. Audit teams are also available to work with facilities on specific areas of need, such as meeting requirements of new partner contracts or providing detailed training of new departmental managers.<br><br>    \*       \*       \*<br><br>*Business Regulations*<br><br>      The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many governmental and regulatory authorities. Some of the regulations are unique to the corrections industry. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. Failure to comply with these regulations can result in material penalties or non-renewal or termination of facility management contracts.<br><br>    \*       \*       \* | |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | In addition, the services we provide are labor-intensive. When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing. | |
| SOx certifications filed with the SEC on February 27, 2013 | 1, 2 & 3: <br><br> 2. Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report; <br><br> * * * <br><br> 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: <br><br> a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
|  | Annual Report is being prepared. | CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 9, 2013 | 1 & 3:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs. <br><br> *      *      * <br><br> We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412. |

- 26 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 9, 2013 | <u>1, 2 & 3:</u><br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\* \* \*<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 8, 2013 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>      \*     \*     \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications | 1, 2 & 3: | CORECIVIC_0660304; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| filed with the SEC on August 8, 2013 | 2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*     *     *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 2013 Analyst Day Presentation on October 2, 2013 | 1:<br><br>• "Quality, in the form of Operational Excellence, is a core value and essential guiding principle for CCA."<br><br>• "Vacant beds available at lower operational cost, avoids need for large capital investment by government."<br><br>• "Using CCA stems growth in unfunded | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | pensions." <br><br> • "CCA provides costs savings of 12% or more." <br><br> • "Ongoing operational cost savings without the loss of operational quality." <br><br> 2: <br><br> • "Audits are typically conducted for each facility annually; more frequently if necessary." <br><br> • "In addition to a comprehensive Quality Assurance Process conducted through our Legal department, it is worth noting that our governmental partners maintain on-site monitors at the facilities – in essence providing daily inspection of the facilities." <br><br> • "When eligible, facilities are also audited by the American Correctional Association, an independent third party and considered the gold standard in the corrections industry." <br><br> 3: <br> • "CCA is formally educating interested sellers." <br><br> • "Sale of prisons benefits our government partners." | CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; |

- 33 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on November 7, 2013 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>      \*      \*      \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | majority of the beds we operate, and the quality of our operations. | CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; |

- 35 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0507792; CORECIVIC_0056731. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 7, 2013 | 1, 2 & 3: 2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report; * * * 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>       a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
| --- | --- | --- |
| | | CORECIVIC_0056731.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 27, 2014 | 1:<br><br>Our primary business strategy is to provide prison bed capacity and quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>* * *<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | *     *     *  Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase.  Lately reductions in occupancy have resulted in higher costs per inmate.  We are pursuing a number of initiatives intended to increase our occupancy and revenue.  Our competitive cost structure offers prospective customers a compelling option for incarceration. *     *     *  We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services. . . .  We believe these advantages translate into significant cost savings for government agencies.  We believe our customers discover that partnering with private operators to provide residential services to their inmates introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.  1 & 3:  We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs. . . .  *     *     *  We believe our renewal rate on existing | CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>2:<br><br>     Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures, as well as various contractual requirements.  These policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines.<br><br>     *         *         *<br><br>2 & 3:<br><br>*Failure to comply with unique and increased governmental regulation could result in material penalties or non-renewal or termination of our contracts to manage correctional and detention facilities.* The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many regulatory authorities. Some of the regulations are unique to the corrections industry, some are unique to government contractors and the combination of regulations we face is unique. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting | CORECIVIC_1398031; CORECIVIC_2037897.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

- 40 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with certain types of businesses, such as small businesses and businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. New federal regulations also require federal government contractors like us to self-report evidence of certain forms of misconduct. We may not always successfully comply with these regulations, and failure to comply can result in material penalties, including financial penalties, non-renewal or termination of facility management contracts, and suspension or debarment from contracting with certain government entities.<br><br>\*        \*        \*<br><br>*Government agencies may investigate and audit our contracts and, if any improprieties are found, we may be required to refund revenues we have received, to forego anticipated revenues, and we may be subject to penalties and sanctions, including prohibitions on our bidding in response to RFPs.* Certain of the governmental agencies with which we contract have the authority to audit and investigate our contracts with them. As part of that process, government agencies may review our performance of the contract, our pricing practices, our cost structure and our compliance with applicable performance requirements, laws, regulations and standards. The regulatory and contractual environment in which we operate is complex and many aspects of our operations remain subject to manual processes and oversight that make compliance monitoring | |

- 41 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | difficult and resource intensive. For contracts that actually or effectively provide for certain reimbursement of expenses, if an agency determines that we have improperly allocated costs to a specific contract, we may not be reimbursed for those costs, and we could be required to refund the amount of any such costs that have been reimbursed. If a government audit asserts improper or illegal activities by us, we may be subject to civil and criminal penalties and administrative sanctions, including termination of contracts, forfeitures of profits, suspension of payments, fines and suspension or disqualification from doing business with certain government entities. In February 2014, we reached an agreement to pay $1.0 million in compensation to the state of Idaho regarding contractual disputes related to staffing at the Idaho Correctional Center stemming in part from an audit by the Idaho Department of Corrections. In addition to the potential civil and criminal penalties and administrative sanctions noted above, any adverse determination with respect to contractual or regulatory violations could negatively impact our ability to bid in response to RFPs in one or more jurisdictions.<br><br>*    *    *<br><br>In addition, the services we provide are labor-intensive. When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing. | |
| SOx certifications filed with the SEC | 1, 2 & 3: | CORECIVIC_0660304; CORECIVIC_1089461; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| on February 27, 2014 | 2.      Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report;<br><br>*     *     *<br><br>4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Response | 1: | CORECIVIC_0660304; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| to *Chattanooga Times Free Press* "Critics Point Finger at CCA: For-profit prison operator taken to task for campaign giving, operations" on May 5, 2014 | "'Those [savings] are funds that can be used for additional rehabilitation programming and other public safety priorities, . . . With this misguided effort, the ACLU is advocating for higher taxpayer costs and reduced flexibility for state leaders to manage their inmate populations in a safe, secure and humane way.'"<br><br>2:<br><br>"'All of [CCA's] facilities comply with our federal, state and local government partners' reporting requirements.'" | CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767. <br><br> In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 8, 2014 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>        \*        \*        \*<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 8, 2014 | 1, 2 & 3: 2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report; * * * 4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was |

- 50 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's REITWeek: NAREIT's Investor Forum presentation on June 5, 2014 | 1: [W]e've . . . been able [to] provide great solutions for the government by providing cost savings and we have the unique dynamic in our industry where we can build facilities in locations that have a reasonable rational cost structure relative to construction, but also salary and wages. *    *    * [W]e are clearly well positioned to help correctional systems around the country to deal with this growth in overcrowding, but also have great reentry facilities to help them deal on the back end and provide appropriate programs to help with recidivism. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374. |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 7, 2014 | <u>1 & 3:</u><br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>*     *     *<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on August 7, 2014 | 1, 2 & 3:<br><br>2.       Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\*       \*       \*<br><br>      4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>      a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on November 5, 2014 | 1 & 3:<br><br>We believe we have been successful in working with our government partners to help them manage their correctional costs while minimizing the financial impact to us, and will continue to provide unique solutions to their correctional needs.<br><br>       *      *      *<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 5, 2014 | 1, 2 & 3:

2.        Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

*        *        *

4.        The registrant's other certifying officer and I are responsible for | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008060; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: <br><br> a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
|  |  | CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 3Q14 Investor Presentation on November 7, 2014 | <u>1</u>:<br><br>• "[S]hort- and long-term savings by governments can be achieved by contracting with the private sector without sacrificing quality."<br><br>• Operational Cost Savings<br><br><table><tr><th></th><th>Operating Cost Per Day in Government Facility<sup>(1)</sup></th><th>Real Estate Cost Per Day</th><th>Total Government-Run Cost Per Day</th><th>CCA Average Owned Per Diem<sup>(2)</sup></th><th>Percent Savings</th></tr><tr><td>BOP</td><td>$73.00</td><td>$12.00</td><td>$85.00</td><td>$69.65</td><td>18.1%</td></tr><tr><td>California</td><td>$128.00</td><td>$12.00</td><td>$140.00</td><td>$69.65</td><td>50.3%</td></tr><tr><td>Colorado</td><td>$70.00</td><td>$12.00</td><td>$82.00</td><td>$69.65</td><td>15.1%</td></tr></table>(1) Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT $11.00 - $20.00 PER DAY.<br>(2) CCA Average Owned Per Diem for the quarter ended September 30, 2014.<br><br>• "[A]dding competition has been found to lowers [sic] costs and improve performance."<br><br>• "Vacant beds available at lower operational cost, avoids need for large capital investment by government."<br><br>"CCA provides short- and long-term savings to government partners."<br><br>"Selling government prisons provides cash + cost savings."<br><br>"Safety & Security is our **First** priority."<br><br>"Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 4Q14 Investor Presentation on February 24, 2015 | <u>1:</u>

• "[S]hort- and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality."



• "Adding competition has been | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | found to lower costs and improve performance." <br><br> • "CCA provides short- and long-term savings." <br><br> • "Selling government prisons provides cash and cost savings for use in other public works." <br><br> • "Modern, state-of-the-art facilities that improve safety, security and cost efficiencies." <br><br> • "Safety & Security is our **First** priority." <br><br> • "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219.

In addition, the deposition testimony and deposition exhibits of the following |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 25, 2015 | 1:<br><br>        Our primary business strategy is to provide prison bed capacity and quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>        *        *        *<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds.<br><br>        *        *        *<br><br>Our industry benefits from significant economies of scale, resulting in lower operating costs per | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | inmate as occupancy rates increase. We are pursuing a number of initiatives intended to increase our occupancy and revenue. Our competitive cost structure offers prospective government partners a compelling solution to incarceration.<br><br>             \*       \*       \*<br><br>We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services. . . . We believe these advantages translate into significant cost savings for government agencies.<br><br>             \*       \*       \*<br><br>We believe our customers discover that partnering with private operators to provide residential services to their offenders introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br><u>1 & 3:</u><br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br><u>2:</u><br><br>      Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures, as well as various contractual requirements. These policies and | CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591;<br>CORECIVIC_0502774;<br>CORECIVIC_1048148;<br>CORECIVIC_1088594;<br>CORECIVIC_1084397;<br>CORECIVIC_1057091;<br>CORECIVIC_0024802;<br>CORECIVIC_0990201;<br>CORECIVIC_1062079;<br>CORECIVIC_1084401;<br>CORECIVIC_1084409;<br>CORECIVIC_0507792;<br>CORECIVIC_0056731;<br>CORECIVIC_1398031;<br>CORECIVIC_2037897;<br>CORECIVIC_1164202;<br>CORECIVIC_1086030;<br>CORECIVIC_1084413; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines.<br><br>\*     \*     \*<br><br>*Business Regulations*<br><br>The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many governmental and regulatory authorities. Some of the regulations are unique to the corrections industry. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. Failure to comply with these regulations and contract requirements can result in material penalties or non-renewal or termination of facility management contracts.<br><br>\*     \*     \*<br><br>In addition, the services we provide are labor-intensive. When we are awarded a facility | CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing.

3:

During December 2014, the BOP announced that it elected not to renew its contract with us at our owned and operated 2,016-bed Northeast Ohio Correctional Center. The current contract with the BOP at this facility is scheduled to expire on May 31, 2015. . . .

Based on information available at this filing, notwithstanding the contract at the Northeast Ohio Correctional Center descriebd above, we expect to renew all other contracts that have expired or are scheduled to expire within the n0065t twelve months. | Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on February 25, 2015 | 1, 2 & 3:

2. Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report;

* * *

4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>        a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; |

- 72 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 7, 2015 | <u>1:</u><br><br>We believe the long-term growth opportunities of our business remain very attractive as governments consider efficiency, savings, and offender programming opportunities we can provide. Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future demand for the solutions we provide.<br><br><u>1 & 3:</u><br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 7, 2015 | 1, 2 & 3:<br><br>2.      Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*      *      *<br><br>4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086701; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 1Q15 Investor Presentation on May 19, 2015 | <u>1:</u><br><br>• "Short-and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality."<br><br>• "Adding competition has been found to lower costs and improve performance."<br><br>• "CCA provides short- and long-term savings."<br><br>• "Selling government prisons provides cash and cost savings for use in other public works."<br><br>• "Modern, state-of-the-art facilities that improve safety, security and cost efficiencies."<br><br>• "Safety & Security is our **First** | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; |

Within the first category cell, the following embedded table appears:

**1. Operational Cost Savings**

| | Operating Cost Per Day in Government Facility[1] | Real Estate Cost Per Day | Total Government-Run Cost Per Day | CCA Average Owned Per Diem[2] | Percent Savings |
|---|---|---|---|---|---|
| BOP | $76.00 | $12.00 | $88.00 | $74.84 | 15% |
| California | $175.00 | $12.00 | $187.00 | $74.84 | 60% |
| Colorado | $81.00 | $12.00 | $94.00 | $74.84 | 20% |

(1) Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT $12.00 - $20.00 PER DAY.
(2) CCA Average Owned Per Diem for the quarter ended March 31, 2015.

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | priority."<br><br>• "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 6, 2015 | 1:<br><br>We believe the long-term growth opportunities of our business remain very attractive as governments consider efficiency, savings, and offender programming opportunities we can provide. Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future demand for the solutions we provide.<br><br>1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672. In addition, the deposition testimony and deposition exhibits |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on August 6, 2015 | 1, 2 & 3:<br><br>2.     Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*    *    *<br><br>4.     The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | a)     Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 2Q15 Investor Presentation on August 21, 2015 | 1:<br><br>• "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality." | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; ORECIVIC_1848098; ORECIVIC_0050272; ORECIVIC_0050274; ORECIVIC_0961357; CORECIVIC_0050276; |

1. Operational Cost Savings

| | Operating Cost Per Day in Government Facility[1] | Real Estate Cost Per Day | Total Government-Run Cost Per Day | CCA Average Owned Per Diem[2] | Percent Savings |
|---|---|---|---|---|---|
| BOP | $76.00 | $12.00 | $88.00 | $79.91 | 9.2% |
| California | $175.00 | $12.00 | $187.00 | $79.91 | 57.3% |
| Colorado | $81.00 | $12.00 | $94.00 | $79.91 | 15.0% |

(1) Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT $12.00 - $20.00 PER DAY.
(2) CCA Average Owned Per Diem for the six months ended June 30, 2015.

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | <ul><li>"Adding competition has been found to lower costs and improve performance."</li><li>"CCA provides short- and long-term savings."</li><li>"Selling government prisons provides cash and cost savings for use in other public works."</li><li>"Modern, state-of-the-art facilities that improve safety, security and cost efficiencies."</li><li>"Safety & Security is our **First** priority."</li><li>"Perform[s] quality services for our government partners and the offenders entrusted in our care."</li></ul> | CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on November 5, 2015 | 1:<br><br>We believe the long-term growth opportunities of our business remain very attractive as governments consider efficiency, | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | savings, and offender programming opportunities we can provide.  Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future demand for the solutions we provide.<br><br>1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>3:<br><br>     Despite our increase in federal revenue, inmate populations in federal facilities, particularly within the BOP system nationwide, have declined over the past two years.  Inmate populations in the BOP system are expected to decline further in the fourth quarter of 2015, and potentially future quarters, primarily due to the retroactive application of changes to sentencing guidelines applicable to federal drug trafficking offenses.  However, we do not expect a significant impact because BOP inmate populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities. | CORECIVIC_2079567;<br>CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; |

- 94 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on November 5, 2015 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>* * *<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135.  In addition, the |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 3Q15 Investor Presentation on November 12, 2015 | <u>1</u>:<br><br>• "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality."<br><br><br><br>• "Adding competition has been found to lower costs and improve performance."<br><br>• "CCA provides short- and long-term savings." | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | • "Selling government prisons provides cash and cost savings for use in other public works."<br><br>• "Modern, state-of-the-art facilities that improve safety, security and cost efficiencies."<br><br>• "Safety & Security is our **First** priority."<br><br>• "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412;<br>CORECIVIC_1273149;<br>CORECIVIC_1868591;<br>CORECIVIC_0502774;<br>CORECIVIC_1048148;<br>CORECIVIC_1088594;<br>CORECIVIC_1084397;<br>CORECIVIC_1057091;<br>CORECIVIC_0024802;<br>CORECIVIC_0990201;<br>CORECIVIC_1062079;<br>CORECIVIC_1084401;<br>CORECIVIC_1084409;<br>CORECIVIC_0507792;<br>CORECIVIC_0056731;<br>CORECIVIC_1398031; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 4Q15 Investor Presentation on February 24, 2016 | 1: | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; |

- 102 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | • "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing<br><br>1. Operational Cost Savings<br><br>| | Operating Cost Per Day in Government Facility[1] | Real Estate Cost Per Day | Total Government-Run Cost Per Day | CCA Average Per Diem[2] | Percent Savings |<br>|---|---|---|---|---|---|<br>| BOP | $76.00 | $12.00 | $88.00 | $72.76 | 17.3% |<br>| California | $175.00 | $12.00 | $187.00 | $72.76 | 61.1% |<br>| Colorado | $82.00 | $12.00 | $94.00 | $72.76 | 22.6% |<br><br>(1) Operating Costs as reported by agency. DOES NOT INCLUDE THE COST OF REAL ESTATE OF ABOUT $12.00 - $20.00 PER DAY.<br>(2) CCA average per diem for all facilities the year ended December 31, 2015.<br><br>quality."<br><br>• "Adding competition has been found to lower costs and improve performance."<br><br>• "CCA provides short- and long-term savings."<br><br>• "Selling government prisons provides cash and cost savings for use in other public works."<br><br>• "CCA's modern, state-of-the-art facilities improve safety, security and generate cost efficiencies."<br><br>• "Safety & Security is our **First** priority."<br><br>• "Perform[s] quality services for our government partners and the offenders entrusted in our care." | BOP_0008068;<br>CORECIVIC_2079567;<br>CORECIVIC_0660301;<br>CORECIVIC_0125304;<br>CORECIVIC_1848098;<br>CORECIVIC_0050272;<br>CORECIVIC_0050274;<br>CORECIVIC_0961357;<br>CORECIVIC_0050276;<br>CORECIVIC_0050255;<br>CORECIVIC_0990129;<br>CORECIVIC_0991634;<br>CORECIVIC_1084355;<br>CORECIVIC_1086703;<br>CORECIVIC_1086664;<br>CORECIVIC_1131928;<br>CORECIVIC_1272221;<br>CORECIVIC_0990186;<br>CORECIVIC_0024796;<br>CORECIVIC_0761728;<br>CORECIVIC_1084392;<br>CORECIVIC_1969691;<br>CORECIVIC_0683222;<br>CORECIVIC_1084370;<br>CORECIVIC_1233702;<br>CORECIVIC_0990200;<br>CORECIVIC_2155593;<br>CORECIVIC_0043786;<br>CORECIVIC_1084364;<br>CORECIVIC_1048594;<br>CORECIVIC_1084374;<br>CORECIVIC_1084378;<br>CORECIVIC_0024798;<br>CORECIVIC_0990221;<br>CORECIVIC_0375313;<br>CORECIVIC_0960355;<br>CORECIVIC_0080462;<br>CORECIVIC_1272428;<br>CORECIVIC_1084381;<br>CORECIVIC_1086670;<br>CORECIVIC_1001311;<br>CORECIVIC_1001430;<br>CORECIVIC_1145995;<br>CORECIVIC_0059412; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; |

- 104 -

Cases\4847-9479-1099.v1-5/1/20

Case 3:16-cv-02267    Document 399-14    Filed 01/22/21    Page 106 of 160 PageID #: 21164

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893.  In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-K filed with the SEC on February 25, 2016 | 1:<br><br>Our primary business strategy is to provide prison bed capacity and quality corrections services, offer a compelling value, and increase occupancy and revenue, while maintaining our position as the leading owner, operator, and manager of privatized correctional and detention facilities.<br><br>*     *     *<br><br>We believe that we offer a cost-effective alternative to our government partners by reducing their correctional services costs while allowing them to avoid long-term pension obligations for their employees and large capital investments in new prison beds.<br><br>*     *     *<br><br>Our industry benefits from significant economies of scale, resulting in lower operating costs per inmate as occupancy rates increase.  We are pursuing a number of initiatives intended to | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | increase our occupancy and revenue. Our competitive cost structure offers prospective government partners a compelling solution to incarceration.<br><br>       \*       \*       \*<br><br>    We believe the long-term growth opportunities of our business remain attractive as governments consider efficiency, savings, and offender programming opportunities we can provide. Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future demand for the solutions that we provide.<br><br>    . . . We believe the outsourcing of prison management services to private operators allows governments to manage increasing inmate populations while simultaneously controlling correctional costs and improving correctional services. We believe our customers discover that partnering with private operators to provide residential services to their offenders introduces competition to their prison system, resulting in improvements to the quality and cost of corrections services throughout their correctional system.<br><br><u>1 & 3:</u><br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br><u>3:</u><br><br>Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application | CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | of changes to sentencing guidelines applicable to federal drug trafficking offenses. However, we do not expect a significant impact on us because BOP inmate populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Further, the public sector BOP correctional system remains overcrowded at approximately 119.5% at December 31, 2015. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity.<br><br>2:<br><br>    Beyond the standards provided by the ACA, our facilities are operated in accordance with a variety of company and facility-specific policies and procedures, as well as various contractual requirements. These policies and procedures reflect the high standards generated by a number of sources, including the ACA, The Joint Commission, the National Commission on Correctional Healthcare, the Occupational Safety and Health Administration, federal, state, and local government codes and regulations, established correctional procedures, and company-wide policies and procedures that may exceed these guidelines.<br><br>    Prison Rape Elimination Act, or PREA, regulations were published in June 2012 and became effective in August 2013. All confinement facilities covered under the PREA standards must be audited at least every three years to be considered compliant with the PREA standards, with one-third of each facility type operated by an agency, or private organization on behalf of an agency, audited each year. These include adult prisons and jails, juvenile facilities, lockups (housing detainees overnight), and community confinement facilities, whether | CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | operated by the Department of Justice or unit of a state, local, corporate, or nonprofit authority.<br><br>Our facilities operate under these established standards, policies, and procedures, and also are subject to audits by our Quality Assurance Division, or QAD, which works independent from Operations management under the auspices of, and reports directly to, our Office of General Counsel.  We have devoted significant resources to meeting outside agency and accrediting organization standards and guidelines.<br><br>The QAD employs a team of full-time auditors, who are subject matter experts from all major disciplines within institutional operations.  Annually, without advance notice, QAD auditors conduct on site evaluations of each facility we operate using specialized operational audit tools, often containing more than 1,000 audited items across all major operational areas.  In most instances, these audit tools are tailored to facility and partner specific requirements.  Audit teams are also made available to work with facilities in specific areas of need, such as meeting requirements of new partner contracts or providing detailed training of new departmental managers.<br><br>The QAD management team coordinates overall operational auditing and compliance efforts across all CCA facilities.  In conjunction with subject matter experts and other stakeholders having risk management responsibilities, the QAD management team develops performance measurement tools used in facility audits.  The QAD management team provides governance of the corporate plan of action process for issues identified through internal and external facility reviews.  Our QAD also contracts with teams of ACA certified correctional auditors to evaluate compliance with ACA standards at accredited facilities. | CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | Similarly, the QAD coordinates the work of certified PREA auditors to help ensure that all facilities operate in compliance with these important regulations. | |
| | *      *      * | |
| | *Business Regulations* | |
| | The industry in which we operate is subject to extensive federal, state, and local regulations, including educational, health care, and safety regulations, which are administered by many governmental and regulatory authorities. Some of the regulations are unique to the corrections industry. Facility management contracts typically include reporting requirements, supervision, and on-site monitoring by representatives of the contracting governmental agencies. Corrections officers are customarily required to meet certain training standards and, in some instances, facility personnel are required to be licensed and subject to background investigation. Certain jurisdictions also require us to award subcontracts on a competitive basis or to subcontract with businesses owned by members of minority groups. Our facilities are also subject to operational and financial audits by the governmental agencies with which we have contracts. Failure to comply with these regulations and contract requirements can result in material penalties or non-renewal or termination of facility management contracts. | |
| | *      *      * | |
| | In addition, the services we provide are labor-intensive. When we are awarded a facility management contract or open a new facility, we must hire operating management, correctional officers, and other personnel. The success of our business requires that we attract, develop, and retain these personnel. Our inability to hire sufficient qualified personnel on a timely basis | |

- 110 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | or the loss of significant numbers of personnel at existing facilities could adversely affect our business and operations. Under many of our contracts, we are subject to financial penalties for insufficient staffing.<br><br>*     \*     \*<br><br><u>1, 2 & 3:</u><br><br>**ITEM 1A. RISK FACTORS**<br><br>As the owner and operator of correctional and detention facilities, we are subject to certain risks and uncertainties associated with, among other things, the corrections and detention industry and pending or threatened litigation in which we are involved. In addition, we are also currently subject to risks associated with our indebtedness as well as our qualification as a REIT for federal income tax purposes effective for our taxable years beginning January 1, 2013. The risks and uncertainties set forth below could cause our actual results to differ materially from those indicated in the forward-looking statements contained herein and elsewhere. The risks described below are not the only risks we face. Additional risks and uncertainties not currently known to us or those we currently deem to be immaterial may also materially and adversely affect our business operations. Any of the following risks could materially adversely affect our business, financial condition, or results of operations. | |
| SOx certifications filed with the SEC on February 25, 2016 | <u>1, 2 & 3:</u><br><br>2.     Based on my knowledge, this Annual Report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report; | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

- 111 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | 4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>            a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this Annual Report is being prepared. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1057091;<br>CORECIVIC_0024802;<br>CORECIVIC_0990201;<br>CORECIVIC_1062079;<br>CORECIVIC_1084401;<br>CORECIVIC_1084409;<br>CORECIVIC_0507792;<br>CORECIVIC_0056731;<br>CORECIVIC_1398031;<br>CORECIVIC_2037897;<br>CORECIVIC_1164202;<br>CORECIVIC_1086030;<br>CORECIVIC_1084413;<br>CORECIVIC_0944767;<br>CORECIVIC_1168850;<br>CORECIVIC_0426167;<br>CORECIVIC_1501382;<br>CORECIVIC_0024804;<br>CORECIVIC_0044374;<br>CORECIVIC_1084426;<br>CORECIVIC_1153235;<br>CORECIVIC_1331967;<br>CORECIVIC_0994540;<br>CORECIVIC_1051670;<br>CORECIVIC_0044795;<br>CORECIVIC_1153773;<br>CORECIVIC_1084430;<br>CORECIVIC_0252571;<br>CORECIVIC_0945968;<br>CORECIVIC_1048125;<br>CORECIVIC_1052021;<br>CORECIVIC_1473396;<br>CORECIVIC_1136921;<br>CORECIVIC_0056737;<br>CORECIVIC_1084873;<br>CORECIVIC_0990526;<br>CORECIVIC_0029153;<br>CORECIVIC_0995243;<br>CORECIVIC_1084440;<br>CORECIVIC_0036533;<br>CORECIVIC_1048127;<br>CORECIVIC_0393678;<br>CORECIVIC_1197219;<br>CORECIVIC_0114064; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not |

- 114 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| Hininger's March 30, 2016 annual letter to CCA shareholders | 1 & 3:<br><br>Every day we remain focused on providing high-quality, safe and secure facilities that meet the needs of our government partners. By consistently doing so, we have experienced more than three decades of continued growth and contract retention rates in excess of 90 percent.<br><br>*     *     *<br><br>CCA's value proposition to our government partners [that] continue[d] to make [it] the premier provider in the industry and an ideal solution for correctional systems seeking new or replacement facilities. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on May 5, 2016 | 1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>3:<br><br>Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application of changes to sentencing guidelines applicable to federal drug trafficking offenses. However, we do not expect a significant impact on us because BOP inmate populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Further, the public sector BOP correctional system remains overcrowded at approximately 118.4% at March 31, 2016. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity. | CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; |

- 119 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950.  In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on May 5, 2016 | 1, 2 & 3:<br><br>2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>\*  \*  \*<br><br>4. The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; |

- 122 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| CCA's Conference Call on May 5, 2016 | <u>1 & 3</u>:<br><br>We have had tremendous success at the state and federal level with either at state-level governor's being a democrat or being a republican, or a president being a democrat or republican. We've been able to have really good operations, perform very, very well, and provide great value to our partners regardless of who's in the White House or who's in the Governor's residence in a respective state. And that's our focus, just to make sure that we continue to do a great job every day, have high quality operations, and then provide great value back to the taxpayers of that respective jurisdiction. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950.<br><br>In addition, the |

- 128 -

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's 1Q16 Investor Presentation on May 17, 2016 | <u>1:</u> <br><br> • "Short-term and long-term savings can be achieved by governments contracting with the private sector without sacrificing quality." <br><br>  <br><br> • "Adding competition has been found to lower costs and improve performance." <br><br> • "CCA provides short- and long- | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | term savings." <br><br> • "Selling government prisons provides cash and cost savings for use in other public works." <br><br> • "CCA's modern, state-of-the-art facilities improve safety, security and generate cost efficiencies." <br><br> • "Safety & Security is our **First** priority." <br><br> • "Perform[s] quality services for our government partners and the offenders entrusted in our care." | CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950.

In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's REITWeek: NAREIT's Investor Forum Presentation on June 8, 2016 | <u>1 & 3:</u>\n\nOne thing I'd point to when people ask us what's a Clinton White House look like for you all, what's a Trump White House look like for you all and their respective administrations, and I can't speak in absolutes and make definitive statements. But I would say that being around 30 years and being in operation in many, many states, and also doing work with the federal government going back to the 1980s, where you had Clinton White House, you had a Bush White House, you had Obama White House, we've done very, very well. We have operationally made sure that we are providing high quality and standard and consistent services to our partners and being very flexible and innovative in the solutions. And with that, we've had some nice growth in our business under those three respective Presidents. We had a lot of growth under Clinton, we had a lot of growth under Bush, and we've had a lot of growth under President Obama. And so, with that, if we continue to do a good job on the quality, and with that, we can demonstrate savings both on capital voids, but also cost savings in our services, then I think we'll be just fine. | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| CCA's Form 10-Q filed with the SEC on August 4, 2016 | 1:<br><br>        We believe the long-term growth opportunities of our business remain attractive as governments consider efficiency, savings, and offender programming opportunities we can provide.  Further, we expect our partners to continue to face challenges in maintaining old facilities, and developing new facilities and additional capacity which could result in future | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; |

- 136 -

Cases\4847-9479-1099.v1-5/1/20

Case 3:16-cv-02267    Document 399-14    Filed 01/22/21    Page 138 of 160 PageID #: 21196

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | demand for the solutions we provide.<br><br>1 & 3:<br><br>We believe our renewal rate on existing contracts remains high as a result of a variety of reasons including, but not limited to, the constrained supply of available beds within the U.S. correctional system, our ownership of the majority of the beds we operate, and the quality of our operations.<br><br>3:<br><br>Inmate populations in the BOP system declined in 2015 and are expected to decline further in 2016 due, in part, to the retroactive application of changes to sentencing guidelines applicable to federal drug trafficking offenses. However, we do not expect a significant impact on us because BOP populations within our facilities are primarily criminal aliens incarcerated for immigration violations rather than drug trafficking offenses. Further, the public sector BOP correctional system remains overcrowded at approximately 117.2% at June 30, 2016. Nonetheless, increases in capacity within the federal system could result in a decline in BOP populations within our facilities, and could negatively impact the future demand for prison capacity. | CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808; CORECIVIC_1204519; CORECIVIC_1057675. In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |
| SOx certifications filed with the SEC on August 4, 2016 | <u>1, 2 & 3:</u><br><br>2.      Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;<br><br>*     *     *<br><br>4.      The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:<br><br>a)      Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be | CORECIVIC_0660304; CORECIVIC_1089461; CORECIVIC_2079558; CORECIVIC_0660298; BOP_0008068; CORECIVIC_2079567; CORECIVIC_0660301; CORECIVIC_0125304; CORECIVIC_1848098; CORECIVIC_0050272; CORECIVIC_0050274; CORECIVIC_0961357; CORECIVIC_0050276; CORECIVIC_0050255; CORECIVIC_0990129; CORECIVIC_0991634; CORECIVIC_1084355; CORECIVIC_1086703; CORECIVIC_1086664; CORECIVIC_1131928; CORECIVIC_1272221; CORECIVIC_0990186; CORECIVIC_0024796; CORECIVIC_0761728; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared. | CORECIVIC_1084392; CORECIVIC_1969691; CORECIVIC_0683222; CORECIVIC_1084370; CORECIVIC_1233702; CORECIVIC_0990200; CORECIVIC_2155593; CORECIVIC_0043786; CORECIVIC_1084364; CORECIVIC_1048594; CORECIVIC_1084374; CORECIVIC_1084378; CORECIVIC_0024798; CORECIVIC_0990221; CORECIVIC_0375313; CORECIVIC_0960355; CORECIVIC_0080462; CORECIVIC_1272428; CORECIVIC_1084381; CORECIVIC_1086670; CORECIVIC_1001311; CORECIVIC_1001430; CORECIVIC_1145995; CORECIVIC_0059412; CORECIVIC_1273149; CORECIVIC_1868591; CORECIVIC_0502774; CORECIVIC_1048148; CORECIVIC_1088594; CORECIVIC_1084397; CORECIVIC_1057091; CORECIVIC_0024802; CORECIVIC_0990201; CORECIVIC_1062079; CORECIVIC_1084401; CORECIVIC_1084409; CORECIVIC_0507792; CORECIVIC_0056731; CORECIVIC_1398031; CORECIVIC_2037897; CORECIVIC_1164202; CORECIVIC_1086030; CORECIVIC_1084413; CORECIVIC_0944767; |

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1168850; CORECIVIC_0426167; CORECIVIC_1501382; CORECIVIC_0024804; CORECIVIC_0044374; CORECIVIC_1084426; CORECIVIC_1153235; CORECIVIC_1331967; CORECIVIC_0994540; CORECIVIC_1051670; CORECIVIC_0044795; CORECIVIC_1153773; CORECIVIC_1084430; CORECIVIC_0252571; CORECIVIC_0945968; CORECIVIC_1048125; CORECIVIC_1052021; CORECIVIC_1473396; CORECIVIC_1136921; CORECIVIC_0056737; CORECIVIC_1084873; CORECIVIC_0990526; CORECIVIC_0029153; CORECIVIC_0995243; CORECIVIC_1084440; CORECIVIC_0036533; CORECIVIC_1048127; CORECIVIC_0393678; CORECIVIC_1197219; CORECIVIC_0114064; CORECIVIC_1191980; CORECIVIC_2038076; CORECIVIC_0047430; CORECIVIC_1011291; CORECIVIC_1084878; CORECIVIC_1057296; CORECIVIC_1131511; CORECIVIC_0990739; CORECIVIC_1048130; CORECIVIC_1157988; CORECIVIC_1084882; CORECIVIC_1060946; CORECIVIC_1002812; CORECIVIC_0996986; |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | CORECIVIC_1337672; CORECIVIC_1288741; CORECIVIC_1008573; CORECIVIC_2038385; CORECIVIC_1062186; CORECIVIC_1084886; CORECIVIC_1153036; CORECIVIC_1255135; CORECIVIC_1085944; CORECIVIC_0038435; CORECIVIC_1008742; CORECIVIC_0186382; CORECIVIC_1084892; CORECIVIC_1255758; CORECIVIC_1009039; CORECIVIC_1084893; CORECIVIC_1009058; CORECIVIC_1057950; CORECIVIC_0047720; CORECIVIC_1009218; CORECIVIC_0024808; CORECIVIC_1204519; CORECIVIC_1057675.<br><br>In addition, the deposition testimony and deposition exhibits of the following individuals contain factual support for Plaintiff's contention that this statement omitted material information which was necessary to make these statements not misleading: John Baxter, Emilee Beach, Jeb Beasley, Ashley Daugherty, Tony Grande, Keith Hall, Cameron Hopewell, Damon Hininger, Natasha Metcalf, Todd |

Cases\4847-9479-1099.v1-5/1/20

| CHALLENGED STATEMENT | CATEGORIES (Examples Within Statement) | OMITTED INFORMATION |
|---|---|---|
| | | Mullenger, Michael Nalley, Patrick Swindle (as Fed. R. Civ. P. Rule 30(b)(6) and fact witness), Bart Verhulst, and Kim White. |

INTERROGATORY NO. 14:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all facts and identify all Documents supporting Your contention that Defendants knew or recklessly disregarded that the statement was false or misleading or omitted material facts when made.

RESPONSE TO INTERROGATORY NO. 14:

In response to Interrogatory No. 14 Plaintiff reiterates the objections and responses to Interrogatory No. 13. Plaintiff also reiterates each of its General Objections set forth above.

INTERROGATORY NO. 15:

For each Challenged Statement listed in your response to Interrogatory No. 12, state all allegedly omitted material facts that You contend Defendants had a duty to disclose as of the date the Challenged Statement was made.

RESPONSE TO INTERROGATORY NO. 15:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 15 is overbroad, unduly burdensome, premature, calls for legal conclusions, mischaracterizes the pleadings and Plaintiff's legal theories, and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants' duty (or duties) to disclose, if any, is (are) a legal matter(s) self-evident in law; and

(iv) the premature identification of all allegedly omitted material facts Defendants had a duty to disclose would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff reiterates its response to Interrogatory No. 13.

INTERROGATORY NO. 16:

For each omitted material fact identified in response to Interrogatory No. 15, state all facts and identify all Documents giving rise to any Defendant's duty to disclose that fact.

RESPONSE TO INTERROGATORY NO. 16:

In response to Interrogatory No. 16 Plaintiff reiterates the objections and response to Interrogatory No. 15. Plaintiff also reiterates each of its General Objections set forth above.

INTERROGATORY NO. 17:

State each disclosure that you contend revealed the relevant truth regarding one or more of the Challenged Statements listed in your response to Interrogatory No. 12.

RESPONSE TO INTERROGATORY NO. 17:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 17 calls for legal conclusions, mischaracterizes the pleadings or Plaintiff's legal theories, and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing. Plaintiff further objects to the extent that Defendants prematurely seek information subject to expert testimony and reports that will be produced at a later stage of this litigation pursuant to the Court's Revised Case Management Order dated March 20, 2020.

- 145 -

Subject to and without waiving the foregoing objections, Plaintiff responds by citing the Court's Order on Defendants' motion to dismiss (ECF No. 76 at 36-37) and the Court's Order on Plaintiff's motion for reconsideration (ECF No. 165 at 33 n.8).

INTERROGATORY NO. 18:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail which Challenged Statement(s) was corrected and how the alleged disclosure revealed the relevant truth about the Challenged Statement(s).

RESPONSE TO INTERROGATORY NO. 18:

In response to Interrogatory No. 18 Plaintiff reiterates the objections and response to Interrogatory No. 17.

INTERROGATORY NO. 19:

For each disclosure that You identified in response to Interrogatory No. 17, describe in detail when the purportedly corrective information could have been disclosed and what information should have been disclosed at that time.

RESPONSE TO INTERROGATORY NO. 19:

In response to Interrogatory No. 19, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that defendants "should" have done is irrelevant to Plaintiff's claims.

INTERROGATORY NO. 20:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail what material information was revealed by the alleged disclosure and how that information corrects the alleged omission.

RESPONSE TO INTERROGATORY NO. 20:

In response to Interrogatory No. 20, Plaintiff reiterates the objections and responses to Interrogatory No. 17. Plaintiff also specifically objects and reiterates that Interrogatory No. 20 calls for expert testimony.

INTERROGATORY NO. 21:

For each disclosure that You identified in response to Interrogatory No. 17 and allege corrected a prior omission, describe in detail when the purportedly corrective information could have been disclosed and what material information should have been disclosed at that time.

RESPONSE TO INTERROGATORY NO. 21:

In response to Interrogatory No. 21, Plaintiff reiterates the objections and responses to Interrogatory Nos. 13 and 17. Plaintiff further objects that what Defendants "should" have done is irrelevant to Plaintiff's claims.

INTERROGATORY NO. 22:

State the amount, nature of, and full and complete factual basis for the damages You claim members of the Plaintiff Class incurred as a result of the conduct alleged in the Complaint and identify all Documents supporting the damages You claim.

RESPONSE TO INTERROGATORY NO. 22:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff further objects that Interrogatory No. 22 is premature, calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already in Defendants' possession in the litigation, including in the pleadings, the briefing and the Court's orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration and the expert reports submitted by Steven P. Feinstein.

INTERROGATORY NO. 23:

State the basis for, and identify all Documents supporting, your contention that CoreCivic did not provide quality corrections services; high standards of quality; high quality operations; "high-quality, safe and secure facilities"; or high-quality services to its government partners, including but not limited to the BOP.

RESPONSE TO INTERROGATORY NO. 23:

Plaintiff reiterates each of its General Objections set forth above. Plaintiff objects that Interrogatory No. 23 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this Interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning quality would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff reiterates its response to Interrogatory No. 13.

INTERROGATORY NO. 24:

State the basis for, and identify all Documents supporting, your contention that CoreCivic did not provide cost savings to its government partners, including but not limited to the BOP.

RESPONSE TO INTERROGATORY NO. 24:

Plaintiff reiterates each of its General Objections. Plaintiff further objects that Interrogatory No. 24 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client

- 148 -

privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning cost would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery.

Subject to and without waiving the foregoing objections, Plaintiff reiterates its response to Interrogatory No. 13.

<u>INTERROGATORY NO. 25</u>:

State the basis for, and identify all Documents supporting, Your contention that BOP communications with CoreCivic regarding operations at individual BOP Facilities were material to investors.

<u>RESPONSE TO INTERROGATORY NO. 25</u>:

Plaintiff reiterates its General Objections set forth above. Plaintiff further objects that Interrogatory No. 25 is overbroad, unduly burdensome, premature, calls for expert testimony, is disproportionate to the needs of the case and seeks information protected from disclosure by the attorney-client privilege or work product doctrine, including because: (i) discovery in this action is not complete; (ii) Defendants have not fully identified the defenses they will advance or the motions, if any, that they will put forward at any hearing or trial in this action; (iii) Defendants are already in possession of all the information sought by this interrogatory; and (iv) the premature identification of all facts that Plaintiff may offer in support of its claims concerning materiality would reveal the thoughts, mental impressions, and strategy of its counsel and therefore is protected from discovery. Plaintiff further objects to this interrogatory as seeking a legal conclusion as to materiality.

INTERROGATORY NO. 26:

State the basis for, and identify all Documents supporting, Your contention that BOP communications with CoreCivic regarding the reasons for BOP decisions to renew or not renew contracts with CoreCivic for individual BOP Facilities were material to investors.

RESPONSE TO INTERROGATORY NO. 26:

In response to Interrogatory No. 26, Plaintiff reiterates the objections to Interrogatory No. 25.

INTERROGATORY NO. 27:

Describe in detail all facts that the Yates Memo revealed that were not already known to the public as of August 17, 2016.

RESPONSE TO INTERROGATORY NO. 27:

Plaintiff reiterates its General Objections set forth above. Plaintiff further objects that Interrogatory No. 27 calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing.

Subject to and without waiving the foregoing objections, Plaintiff responds that the parties' experts agree that the Yates Memo revealed new information not already known to the public. *See, e.g.*, Transcript of Deposition of Lucy Allen at 48:25-49:7.

INTERROGATORY NO. 28:

State the basis for, and identify all Documents supporting, your contention that CoreCivic's stock price dropped on August 18, 2016, as a result of investors learning that CoreCivic did not provide quality corrections services or cost savings to its government partners, and not because of some other reason.

- 150 -

RESPONSE TO INTERROGATORY NO. 28:

Plaintiff objects that Interrogatory No. 28 mischaracterizes the pleadings, calls for expert testimony and is unduly burdensome and harassing to the extent it seeks information already available in the litigation, including in the pleadings and Plaintiff's legal theories, the briefing and the Court's Orders on Defendants' motion to dismiss the complaint and Plaintiff's motions for class certification and reconsideration, and the expert reports submitted by Steven P. Feinstein in support of that briefing.

INTERROGATORY NO. 29:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 3 is not an unqualified admission, please identify all statements supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 29:

Plaintiff reiterates each of its General Objections above. Further, in response to Interrogatory No. 29 Plaintiff refers Defendants to its objections and response to Interrogatory No. 13.

INTERROGATORY NO. 30:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 5 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 30:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' Requests for Admission ("RFA") No. 5, Plaintiff is not in a position to identify all facts supporting its response. In addition, Defendants' use of the term "contract retention rate" is ambiguous and undefined.

INTERROGATORY NO. 31:

        With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 11 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 31:

        Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 11, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 32:

        With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 18 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 32:

        Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 18, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 33:

        With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 23 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 33:

        Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 23, Plaintiff is not in a position to identify all facts supporting its response.

Cases\4847-9479-1099.v1-5/1/20

INTERROGATORY NO. 34:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 24 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 34:

Plaintiff reiterates each of its General Objections above. In additon, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 24, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 35:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 25 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 35:

Plaintiff reiterates each of its General Objections above. In additon, the Complaint speaks for itself and alleges that CoreCivic's stock price was artificially inflated throughout the Class Period.

INTERROGATORY NO. 36:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 28 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 36:

Plaintiff reiterates each of its General Objections above. In addition, the Yates Memo speaks for itself and discusses, among other things, the Department of Justice's conclusion that private prisons, including CCA, "compare poorly to our own Bureau facilities."

INTERROGATORY NO. 37:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 34 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 37:

Plaintiff reiterates each of its General Objections above, in addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 34, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 38:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 40 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 38:

Plaintiff reiterates each of its General Objections above. In addition, RFA No. 40 fails to comply with Fed. R. Civ. P.36(a)(2) because the Request implicitly requires Plaintiff to authenticate an unspecified number of unattached and unidentified reports and then attest to their contents, which speak for themselves. Because RFA No. 40 is improper, no further response is required.

INTERROGATORY NO. 39:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 45 is not an unqualified admission, please identify all facts supporting such qualification or denial.

- 154 -

RESPONSE TO INTERROGATORY NO. 39:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 45, Plaintiff is not in a position to identify all facts supporting its response.

INTERROGATORY NO. 40:

With respect to CoreCivic's First Set of Requests for Admission, if your response to Request for Admission No. 50 is not an unqualified admission, please identify all facts supporting such qualification or denial.

RESPONSE TO INTERROGATORY NO. 40:

Plaintiff reiterates each of its General Objections above. In addition, because Plaintiff lacks sufficient information to admit or deny Defendants' RFA No. 40, Plaintiff is not in a position to identify all facts supporting its response.

DATED: May 1, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

_____
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

- 155 -

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

- 156 -

## DECLARATION OF SERVICE BY EMAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2.      That on May 1, 2020, declarant caused to be served **PLAINTIFF CORECIVIC, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF** by email to the parties as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Morgan E. Whitworth<br>Faraz R. Mohammadi | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>morgan.whitworth@lw.com<br>faraz.mohammadi@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK &<br>JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 1, 2020, at San Francisco, California.

_____
SARAH MORRIS

**VERIFICATION**

I, Deborah Silodor, hereby state that I am Executive Vice President & General Counsel of Amalgamated Bank, as Trustee for the LongView Collective Investment Fund.  I am authorized in that capacity to execute this Verification. I have read the foregoing Responses and Objections to Defendant CoreCivic, Inc.'s Second Set of Interrogatories to Plaintiff and know the contents thereof, and I certify that the same is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this day of June 8, 2020, at Wyckoff, New Jersey.

Deborah Silodor

Digitally signed by Deborah Silodor
Date: 2020.06.08 11:30:06 -04'00'

_____
Deborah Silodor