IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, *Individually and on Behalf of All Others Similarly Situated*, et al., | Civil Action No.: 3:16-cv-02267 |
| Plaintiffs, | Judge Aleta A. Trauger |
| vs. | Magistrate Judge Jeffery Frensley |
| CORRECTIONS CORPORATION OF AMERICA, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PRODUCING PARTY FEDERAL BUREAU OF PRISON'S MOTION TO CONTINUE THE SEALING OF CERTAIN DOCUMENTS FILED IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

<u>Introduction</u>

On January 25, 2021, the Court issued an Order Granting Plaintiff's Omnibus Motion Regarding Filing Documents Under Seal ("Order"). *See* DE 402. The Order stipulated that certain Designated Confidential Documents shall be unsealed unless Defendants or Federal Bureau of Prisons ("BOP" or "Producing Party") filed a motion seeking the continued sealing of the documents.

Pursuant to Local Rules 5.03 and 7.01, the Revised Stipulation and Protective Order entered in this case (DE 86) (the "Protective Order"), and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (DE 177) (the "SSI Protective Order"), BOP respectfully requests that the Court direct the Clerk to continue the sealing of: (i) certain pages of DE 398-8, Deposition of Douglas M. Martz; (ii) DE 362-16, Source Selection Decision RFP-PCC-0022 ("SSD 0022"); (iii) certain pages of DE 398-3, Deposition of D. Scott Dodrill; (iv) certain pages of DE 400-12, Deposition of Harley G. Lappin; (v) DE 399-22, After-Action

Report, Adams County Correctional Center ("After-Action Report"); (vi) certain pages of DE 401-19 Expert Report of Donna Mellendick; (vii) certain pages of DE 401-20 Deposition of Donna Mellendick; (viii) certain pages of DE 400-17, Email Correspondence between Donna Mellendick and Cathy Scott; and (ix) CCA's Contractor Performance Assessment Reporting System (CPARS) past performance records.

The information BOP seeks to maintain under seal: (i) was designated as Source Selection Information by the BOP; (ii) contains confidential and sensitive information and procedures concerning the BOP's privatized corrections contracts; (iii) details the correctional security protocols at correctional facilities, which could create a security risk to BOP institutions if made public; (iv) contains protected inmate medical information; and (v) contains references to Defendant's internal policies, which may constitute confidential or proprietary information.

The undersigned certifies that he conferred with counsel for Plaintiff and Defendants pursuant to Local Rule 7.01(a)(1), and the parties' positions are as follows. BOP moves to maintain the seal of:

(i) transcript pages 151:1-163:5, 163:13-164:7, 164:10-175:14, 176:2-181:13, and 182:22-196:25 of DE 398-8, of the Deposition of Douglas M. Martz. All parties agree to keep these pages sealed.

(ii) transcript pages 77:1-92:25, 101:1-108:25, and 117:1-120:25 of DE 398-3, the Deposition of D. Scott Dodrill. Neither Plaintiff nor Defendants oppose keeping these pages under seal.

(iii) transcript pages 53:1-60:25 and 145:1-156:25 of DE 400-12, the Deposition of Harry G. Lappin. Neither Plaintiff nor Defendants oppose keeping these pages under seal.

(iv) DE 399-22, After-Action Report. Neither Plaintiff nor Defendants oppose keeping these pages under seal.

2

(v) pages 13, 17, 20-22, 26 of the Expert Report of Donna Mellendick (DE 401-19). Defendants do not object, and Plaintiff objects to maintaining the seal on these pages.

(vi) transcript pages 89:1-96:25, 117:1-120:25 of DE 401-20, the Deposition of Donna Mellendick. Neither Plaintiff nor Defendants oppose keeping these pages under seal.

(vii) DE 400-17, Email Correspondence between Donna Mellendick and Cathy Scott, except for pages BOP_0246690 and BOP_0246733. Plaintiff does not oppose maintaining these documents under seal, and Defendants did not object.

(ix) CCA's Contractor Performance Assessment Reporting System (CPARS) past performance records. Plaintiff objects to keeping these documents under seal. Defendants do not oppose BOP's motion to keep these documents under seal.

(x) SSD 0022 (DE 362-16) be kept under seal. Plaintiff opposes keeping SSD 0022 under seal; Defendants do not oppose maintaining the seal.

**Argument**

Regarding court records and the burden of sealing or releasing documents, Local Rule 5.03(a) and precedent established by the Sixth Circuit provide that while openness of the judicial process serves a public good, "compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir.1983). In determining whether a compelling reason exists for maintaining documents under seal, the Sixth Circuit will "consider, among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In particular, when civil litigation is involved, "trade secrets", "information covered by a recognized privilege", "and information required by statute to

be maintained in confidence" are "typically enough to overcome the presumption of access." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016).

Further, concerning third-party privacy interests, the Sixth Circuit has found that "the point about third parties is often one to take seriously; 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). When statutory or regulatory provisions provide protection for the disclosure of certain formation relating to third parties, the Sixth Circuit has found reason to prevent the release of this information. *Id*. (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

"'Secrecy is a one-way street: once information is published, it cannot be made secret again. An order to unseal thus conclusively determines that the information will be public. For the same reason, such an order is effectively unreviewable on appeal from a final judgment.'" *Rudd Equipment Co., Inc.*, 834 F.3d at 592 *(*quoting *In re Copley Press, Inc.* 518 F.3d 1022, 1025 (9th Cir. 2008)).

1. <u>Deposition of Douglas M. Martz (DE 398-8), Expert Report of Donna Mellendick (DE 401-19), and Deposition of Donna Mellendick (SW 401-20), and CCA's CPARS past performance records</u>

Here, BOP moves to maintain the seal of transcript pages 151:1-163:5, 163:13-164:7, 164:10-175:14, 176:2-181:13, and 182:22-196:25 of SW 398-8 of the Deposition of Douglas M. Martz. All parties agree to keep these pages sealed. BOP also moves to maintain the seal on pages 13, 17, 20-21 of the Expert Report of Donna Mellendick (DE 401-19)[1]; Defendants do not object, and Plaintiff objects to maintaining the seal on these pages. BOP also moves to maintain the seal on pages 89:1-96:25, 117:1-120:25, and 141:1-156:25 of the Deposition of Donna Mellendick.

---

[1] In addition, as discussed below, BOP also moves to keep sealed pages 22 and 26 of the Expert Report of Donna Mellendick (DE 401-19) and pages 141:1-156:25 of the Deposition of Donna Mellendick (DE 401-20) because they contain references to SSD-0022.

4

Both Plaintiff and Defendants concur in this request. BOP also requests that the underlying Contractor Performance Assessment Reporting System ("CPARS") past performance records for CCA remain sealed. Mr. Martz's deposition contains numerous references to source selection procedures relevant to BOP's strategy when awarding contracts involving the operation of private prisons or other similarly competed FAR procurements. The depositions of Mr. Martz and Ms. Mellendick, as well as the Expert Report of Donna Mellendick also contains references to CPARS documents. Federal agencies, such as BOP, utilize the CPARS metric tools to document the quality of a contractor's past performance. Federal Acquisition Regulation ("FAR") § 42.1501(b).

Information contained in these CPARS documents were generated by BOP personnel for use by federal government procurement personnel when researching the past performance of an offeror, and it is required to be kept confidential and not releasable to the public per the FAR. FAR § 42.1503(d) ("Copies of the evaluation, contractor response, and review comments, if any, shall be retained as part of the evaluation. These evaluations may be used to support future award decisions and should therefore be marked 'Source Selection Information'… [t]he completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information. Disclosure of such information could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations."). Given the FAR requirement that the information contained in these documents be maintained in confidence, *Shane Group*, 825 F.3d at 306, BOP requests that the above-specified pages of the depositions of Mr. Martz and Ms. Mellendick, the specified pages of the Expert Report of Donna Mellendick, and the underlying CPARS records themselves be kept under seal. *See also* Declaration of Ryan Wynne, ¶ 6 ("Wynne Dec."), filed contemporaneously herewith.

2. SSD 0022 (DE 362-16) and Expert Report of Donna Mellendick (DE 401-19), CCA debriefing notes (DE 398-18), After-Action Report (DE 399-22), Deposition of D. Scott Dodrill (DE 398-3), and Deposition of Harvey G. Lappin (DE 400-12)

Next, BOP requests the After-Action Report (DE 399-22) and SSD 0022 (DE 362-16) be kept under seal. Plaintiff opposes keeping SSD 0022 under seal; Defendants do not oppose maintaining the seal. Neither party objects to maintaining the seal on the After Action Report. In addition, BOP moves for pages 77:1-92:25, 101:1-108:25, and 117:1-120:25 of the Deposition of D. Scott Dodrill (DE 398-3), and pages 53:1-60:25 and 145:1-156:25 of the Deposition of Harvey G. Lappin (DE 400-12) to also be kept under seal. Neither party objects to maintaining the seal on these documents.

The After-Action Report and SSD 0022 have been marked as "confidential" and as "source selection information". Pages 22 and 26 of the Expert Report of Donna Mellendick directly reference SSD-0022. Source selection information is "information that is prepared for use by an agency for the purpose of evaluating a bid or proposal to enter into an agency procurement contract, if that information has not been previously made available to the public or disclosed publicly." FAR § 2.101. The FAR specifies that "no person or other entity may disclose contractor bid or proposal information or source selection information to any person other than a person authorized, in accordance with applicable agency regulations or procedures, by the agency head or the contracting officer to receive such information." FAR § 3.104-4(a). The FAR does not authorize release of source selection information after award of a contract if such information is contractor bid or proposal information or source selection information that pertains to another procurement or if its disclosure is otherwise prohibited by law. FAR § 3.104-4(f)(3). Government source selection procedures and evaluation techniques remain relevant to any future procurements utilizing similar procedures. *See* Wynne Dec., ¶¶ 3, 4. Additionally, bid or proposal information of unsuccessful bidders are prohibited from disclosure insofar as they contain "trade secrets" or

confidential and proprietary business information. *See id.*, ¶ 5. As noted above, CPARS past performance information also remains source selection sensitive as it may be used to support future award decisions. FAR 42.1503(d); Wynne Dec., ¶ 3.

The BOP has worked with counsel with Plaintiffs and Defense to limit the scope of necessary redactions and reached an agreement regarding the vast majority of documents at issue in this memorandum. BOP contends the parties have sufficient information to argue their cases and for the Court to render a decision without revealing the BOP's nonpublic source selection analysis from its source selection decision. Therefore, given the FAR requirements and the limited scope of the items at issue, BOP requests the Court continue the sealing of SSD-0022 as well as pages 22 and 26 of the Expert Report of Donna Mellendick (DE 401-19) which contain references to SSD-0022.

BOP also requests the Court continue the sealing of the After-Action Report. *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, at 491 (finding that regulatory rules can overcome the burden of sealing records.) The After-Action Report contains detailed correctional security protocols, which if released, could create a comprehensive and serious risks to the safe operation of BOP institutions and contract facilities. The release of this information could be utilized to disrupt the secure function of BOP prison facilities. *See* Declaration of Eric Emmerich, ¶ 3 ("Emmerich Dec."), filed contemporaneously herewith. Pages 22-25, 28-29, and 32 of the Deposition of D. Scott Dodrill (DE 398-3) and pages 16-17 and 39-41 of the Deposition of Harvey G. Lappin (DE 400-12) include references and discussion of the After-Action Report, thus creating the same security risks as the release of the After-Action report itself.

3. <u>Email Correspondence between Donna Mellendick and Cathy Scott (DE 400-17)</u>

BOP additionally seeks the continued sealing of Email Correspondence between Donna Mellendick and Cathy Scott (DE 400-17), except for pages BOP_0246690 and BOP_0246733.

Neither party objects to keeping these pages under seal. This document contains a Contract Facility Monitoring Final Report ("CFM Report"). The CFM Report includes medical information that can be traced to individual persons in the care and custody of the BOP using their unique inmate register number. For example, the CFM report identifies inmate register numbers that participated in certain chronic care clinics. BOP contends this is the type of medical information that federal and state statutes protect from disclosure, particularly as the inmates involved have not agreed to have them filed as public court records. *Elliott v. Genovese*, No. 3:17-cv-00250, 2019 WL 144185, at *4 (M.D. Tenn. Jan. 1, 2019); *see also* 5 U.S.C. § 552a ("the term 'record' means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to . . . medical history . . . and that contains his name, or the identifying number, or other identifying particular assigned to the individual. . ." 5 U.S.C. § 552a(a)4); "No agency shall disclose any record . . . to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . ." 5 U.S.C. § 552a(b)). *See also* Wynne Dec., ¶ 7. Additionally, although FRCP 5.2 and the CM/ECF rules require the redacting of Social Security or taxpayer-identification numbers; dates of birth; names of minor children; and certain other identified sensitive records, it does not include the health records or other information that might be in the BOP records. Accordingly, the CFM Report should remain sealed.

Moreover, this CFM Report contains numerous references to internal policies of Corrections Corporation of America ("CCA"), the Defendant in this case. These internal policies may constitute CCA's confidential and proprietary information and CCA's strategic business decisions. BOP contends that the release of this information could jeopardize CCA's trade secrets and could be utilize to harm CCA's "competitive standing." *Nixon*, 435 U.S. at 598. BOP thus

requests the Court continue the sealing of Email Correspondence between Donna Mellendick and Cathy Scott.

## Conclusion

In conclusion, BOP respectfully requests that the Court grant its motion, and direct the Clerk to continue the sealing of the previously identified pages the depositions of Douglas M. Martz, D. Scott Dodrill, Harley G. Lappin, and Donna Mellendick; DE 362-16, Source Selection Decision RFP-PCC-0022; DE 399-22, After-Action Report, Adams County Correctional Center; the previously identified pages of the Expert Report of Donna Mellendick; DE 400-17, Email Correspondence between Donna Mellendick and Cathy Scott; and CCA's CPARS past performance records.

DATED: February 12, 2021                Respectfully submitted,

                                                DONALD Q. COCHRAN
                                                United States Attorney
                                                Middle District of Tennessee

By:   s/ Mark H. Wildasin
        MARK H. WILDASIN, B.P.R. #015082
        Assistant United States Attorney
        110 9th Avenue South, Suite A-961
        Nashville, TN 37203-3870
        Telephone: (615) 736-5151
        Fax: (615) 401-6626
        Email: mark.wildasin@usdoj.gov
        *Counsel for the Federal Bureau of Prisons*

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

| | |
|---|---|
| Michael Goldberg<br>Brian Schall<br>GOLDBERG LAW, PC<br>1999 Avenue of the Starts, Suite 1100<br>Los Angeles, CA 90067<br>Email: michael@goldberglawpc.com<br>Email: brian@goldberglawpc.com | Jeremy A. Lieberman<br>J. Alexander Hood, II<br>Marc C. Gorrie<br>POMERANTZ, LLP<br>600 Third Ave., 20th Floor<br>New York, NY 10016<br>Email: jalieberman@pomlaw.com<br>Email: ahood@pomlaw.com<br>Email: mgorrie@pomlaw.com |
| Paul Kent Bramlett<br>Robert P. Bramlett<br>BRAMLETT LAW OFFICES<br>40 Burton Hills Blvd., Suite 200<br>P. O. Box 150734<br>Nashville, TN 37215<br>Email: pknashlaw@aol.com<br>Email: robert@bramlettlawoffices.com | Christopher T. Cain<br>SCOTT & CAIN<br>550 W Main Avenue, Suite 601<br>Knoxville, TN 37902<br>Email: cain@scottandcain.com |
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN & DOWD, LLP<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: clyons@rgrdlaw.com<br>Email: cwood@rgrdlaw.com | Jerry E. Martin<br>BARRETT JOHNSTON MARTIN & GARRISON, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com |
| Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN & DOWD, LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Email: dherman@rgrdlaw.com<br>Email: willowr@rgrdlaw.com<br>Email: kennyb@rgrdlaw.com | Brian T. Glennon<br>David J. Schindler<br>Faraz Mohammadi<br>Meryn C.N. Grant<br>LATHAM & WATKINS, LLP (LA Office)<br>355 S. Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Email: brian.glennon@lw.com<br>Email: david.schindler@lw.com<br>Email: faraz.mohammadi@lw.com<br>Email: Meryn.Grant@lw.com |

| | |
|---|---|
| Morgan E. Whitworth<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-2562<br>Email: morgan.whitworth@lw.com | Milton S. McGee, III<br>Steven Allen Riley<br>RILEY, WARNOCK & JACOBSON<br>1906 West End Avenue<br>Nashville, TN 37203<br>Email: tmcgee@rwjplc.com<br>Email: sriley@rwjplc.com |
| James A. Holifield, Jr.<br>HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC<br>11907 Kingston Pike, Suite 201<br>Knoxville, TN 37934<br>Email: aholifield@holifieldlaw.com | Sarah A. Tomkowiak<br>LATHAM & WATKINS LLP (DC Office)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004-1304<br>Email: sarah.tomkowiak@lw.com |
| Patrick V. Dahlstrom<br>POMERANTZ, LLP<br>10 South La Salle St., Suite 3505<br>Chicago, IL 60603<br>Email: pdahlstrom@pomlaw.com | Jason A. Forge<br>ROBBINS GELLER RUDMAN & DOWD, LLP (San Diego)<br>655 W Broadway, Suite 1900<br>San Diego, CA 92101<br>Email: jforge@rgrdlaw.com |

s/ Mark H. Wildasin<br>
MARK H. WILDASIN<br>
Assistant United States Attorney