UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

**DEFENDANTS' MOTION TO CONTINUE THE SEALING OF CERTAIN CONFIDENTIAL DOCUMENTS**

Pursuant to the Court's January 25, 2021, Order (ECF No. 402), Rules 5.03 and 7.01 of the Civil Local Rules of Court, the Revised Stipulation and Protective Order entered in this case (ECF No. 86) (the "Protective Order") and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (ECF No. 177) (the "SSI Protective Order"), Defendants respectfully request the Court continue to seal the documents listed below which: (i) constitute Source Selection Information as designated by the Bureau of Prisons ("BOP"), (ii) contain confidential and proprietary information concerning the operations of CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc. (the "Company" or "CoreCvic"), which if made public, would cause serious injury to the Company, or (iii) are full deposition transcripts, each of which contains substantial amounts of Source Selection Information and/or other confidential information.

Prior to filing this Motion, counsel for Defendants and the BOP met and conferred as to whether the BOP sought to maintain the sealing of documents that the BOP had designated as Source Selection Information ("SSI"). The BOP confirmed that it wanted the SSI to remain under seal. Accordingly, Defendants respectfully request that the Court maintain under seal the following documents containing information that the BOP has designated as SSI or which contain descriptions of SSI:

1. Plaintiff's Opposition to Defendants' Motion for Summary Judgment, ECF No. 396 ("Opposition" or "Opp'n"). A redacted version that omits this confidential information has been attached as Exhibit A.

2. Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ECF No. 397. A redacted version that omits this confidential information has been attached as Exhibit B.

3. A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery. Decl. of Christopher M. Wood in Supp. of Pl.'s Opp'n, ECF No. 398 ("Wood Decl." or "Wood Declaration") Ex. 7, ECF No. 398-7.

4. A document entitled "Contractor Performance Assessment Report (CPAR)" for the Northeast Ohio Correctional Center, produced by CoreCivic in discovery, Wood Declaration Exhibit 9, ECF No. 398-9.

5. A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Wood Declaration Exhibit 10, ECF No. 398-10.

6. A document entitled "Corrections Corporation of America Partnership Development" produced by CoreCivic in discovery, Wood Declaration Exhibit 17, ECF No. 398-17. A redacted version that omits this confidential information has been attached as Exhibit C.

7. A document entitled "Car 15 Debriefing" produced by CoreCivic in discovery, Wood Declaration Exhibit 18, ECF No. 398-18.

8. A document entitled "Contractor Performance Assessment Report (CPAR)" for Cibola County Correctional Center, produced by CoreCivic in discovery, Wood Declaration Exhibit 20, ECF No. 398-20.

9. A document entitled "Contractor Performance Assessment Report (CPAR)" for Eden Detention Center, produced by CoreCivic in discovery, Wood Declaration Exhibit 22, ECF No. 398-22.

10. The August 7, 2020, Expert Report of Donna Mellendick, Wood Declaration Exhibit 94, ECF No. 401-19. A redacted version that omits the Source Selection

2

Information has already been filed publicly. *See* Decl. of Eric C. Pettis in Supp. of Defs.' Mot. to Exclude Test. of Donna Mellendick Ex. 3, ECF No. 336-3.

11. The January 22, 2021, Declaration of Donna Mellendick and August 7, 2020, Expert Report of Donna Mellendick, Wood Decl. 105, ECF No. 401-30. A redacted version of that omits this confidential information has been attached as Exhibit D.

Defendants seek to maintain the sealing of the following two documents, each of which contains confidential and proprietary information concerning the business strategies and operations of the Company:

1. A document entitled "Progress Report" for the week of September 16, 2013, produced by CoreCivic in discovery, Wood Declaration Exhibit 50, ECF No. 399-25. A redacted version that omits this confidential information has been attached as Exhibit E.

2. A document entitled "CoreCivic 2017 Management Plan" produced by CoreCivic in discovery, Wood Declaration Exhibit 88, ECF No. 401-13. A redacted version that omits this confidential information has been attached as Exhibit F.

Finally, Defendants seek to maintain the sealing of the full deposition transcripts that contain both BOP SSI and confidential information related to internal Company procedures:

1. The full deposition transcripts filed under seal in connection with Plaintiff's Opposition to Defendants' Motion to Exclude the Testimony of Scott Dalrymple (ECF No. 386) ("Dalrymple Opp'n"), Plaintiff's Opposition to Defendants' Motion to Exclude Testimony of Donna Mellendick (ECF No. 388) ("Mellendick Opp'n"), and Plaintiff's Opposition.[1]  Pursuant to the Court's previous Order regarding

---

[1] Decl. of Christopher M. Wood in Supp. of Dalrymple Opp'n Exs. 1 & 2, ECF Nos. 387-1, 387-2; Decl. of Jason A. Forge in Supp. of Mellendick Opp'n Exs. A, B & D, ECF Nos. 389-1, 389-2,

3

sealing full transcripts, Defendants again move to seal these full transcripts while redacting transcript excerpts where necessary. *See* ECF No. 291.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)).

All of the aforementioned documents (i) contain confidential Source Selection Information, (ii) contain CoreCivic's confidential and proprietary information concerning its business strategies and operations, or (iii) are complete deposition transcripts containing confidential information.

---

389-4; Wood Decl. Exs. 2, 3, 8, 35, 36, 56, 62, 63, 90, 93, 95, 99 & 101, ECF Nos. 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 400-24, 401-26.

4

**A. Documents Designated As, or Containing, BOP Source Selection Information**

Defendants seek to continue sealing ten confidential documents because they contain information that was designated Source Selection Information by the BOP, and the BOP has requested that Defendants seek to keep these documents under seal.[2]

Six documents—**ECF Nos. 398-7, 398-9, 398-10, 398-20, and 398-22**—were designated Source Selection Information by the BOP and produced by CoreCivic in discovery. These documents are Contractor Performance Assessment Reports ("CPARs"). The BOP has informed Defendants that the BOP utilizes the CPARs metric tools to document the quality of a contractor's past performance. Federal Acquisition Regulation (FAR), 48 C.F.R. § 42.1501(b); *id.* § 42.1503(d) ("Copies of the evaluation, contractor response, and review comments, if any, shall be retained as part of the evaluation. These evaluations may be used to support future award decisions and should therefore be marked 'Source Selection Information'… [t]he completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information. Disclosure of such information could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations."). Given the FAR requirement that the information contained in these documents be maintained in confidence, BOP has requested that documents containing CPARS information be kept under seal. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation . . . information required by

---

[2] The Court previously granted Defendants leave to file these certain of these documents under seal in connection with Defendants' Motion for Summary Judgment. *See* Defs.' Mot. for Summ. J., ECF No. 352; Defs.' Mot. for Leave to File Under Seal, ECF No. 364; Or. Granting Mot. for Leave to File Under Seal, ECF No. 371.

statute to be maintained in confidence . . . is typically enough to overcome the presumption of access.").

In addition to the CPARS, Plaintiff filed two copies of the expert report of Donna Mellendick under seal, one version without a declaration and one with a declaration—**ECF Nos. 401-19, 401-30**. The Expert Report of Donna Mellendick has been designated as Source Selection Information and has previously been filed under seal in connection with Defendants' Motion to Exclude Testimony of Donna Mellendick. ECF Nos. 336, 338. A version of Ms. Mellendick's expert report which redacts Source Selection and other confidential information is already publicly available on the Court's docket. ECF No. 336-3. Given that this is the first time that Ms. Mellendick's Declaration has been filed in this litigation, Defendants have attached Exhibit D, which includes an unredacted version of Ms. Mellendick's declaration (the declaration contains no confidential information), while redacting Ms. Mellendick's Expert Report consistent with the version that has already been filed publicly.

Finally, Defendants request that notes from a contract debrief meeting related to the Company's bid for CAR XV—**ECF No. 398-18**—and a Partnership Development Summary which contains a description of the BOP's scoring of CoreCivic's CAR XV proposal—**ECF No. 398-17**—remain under seal. Defendants met and conferred with the BOP to determine whether the BOP would authorize the public filing of documents containing SSI related to CoreCivic's CAR XV bid and the BOP took the position that debrief notes contain SSI and should remain under seal. Defendants have also filed as Exhibit C a redacted version of the Partnership Development Summary Defendants, which contains quotations of those debrief notes, and respectfully request that this document remain under seal unless or until the BOP determines that this document does not constitute confidential Source Selection Information.

### B. Documents Containing Confidential Information, Disclosure of Which Would Harm the Company

Defendants seek to continue the sealing of two exhibits—**ECF Nos. 399-25 and 401-13**—while publicly filing redacted versions of the same, because these two documents contain confidential and proprietary information concerning the business strategies and operations of the Company.[3] "The Court should not allow its docket to be used as a source 'of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (citing *Nixon*, 435 U.S. at 598). The Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id*.

Defendants request to continue sealing **ECF No. 399-25**, a document filed by Plaintiff that contains a CoreCivic "Weekly Report" because it contains proprietary information about non-BOP secure correctional facilities. Disclosure of this report would reveal information about the Company's strategic business decisions including the Company's bidding strategies and contract amendments. Moreover, the redacted version of ECF No. 399-25, attached as Exhibit E, omits only the information that pertains to the Company's non-BOP partners, *i.e.*, the government partners that are not implicated in this litigation. These redactions are "narrowly tailored" to protect confidential information while ensuring public access to the facts relevant to this litigation. *See Rudd Equip. Co.*, 834 F.3d at 593-94 (6th Cir. 2016).

---

[3] Despite Plaintiff's contention that Defendants are "attempt[ing] to litigate this action under a veil of secrecy," nothing could be further from the truth. *See* Plaintiff's Omnibus Motion Regarding Filing Documents Under Seal, ECF No. 385 at 7. Defendants seek only to seal two internal Company documents while filing redacted versions publicly. Defendants' additional requests to seal were made: (i) at the request of the BOP; or (ii) to conform to the Court's prior order regarding sealing full transcripts.

Second, Defendants request to continue sealing CoreCivic's 2017 Management Plan—**ECF No. 401-13**—which contains internal financial data and capital strategies stemming from analyses performed by the Company. A redacted version of this document is attached as Exhibit F. This document contains information about the Company's internal financial projections and capital allocation strategies which, if disclosed, could be used by competitors as a "source[] of business information that might harm [the Company's] competitive standing." *See Nixon*, 435 U.S. at 598; *see also Avomeen Holdings, LLC v. Thanedar*, No. 17-cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018) (citing cases and observing that "[o]ther justifications [for filing evidence under seal] can include protecting . . . pricing information, financial statements, sales trend data, and pricing and marketing strategy"); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."). The redactions in this document are "narrowly tailored" to protect confidential information while ensuring public access to facts relevant to this litigation. *See Rudd Equip. Co.*, 834 F.3d at 593-94.

### C. Full Deposition Transcripts Filed By Plaintiff, Which Contain Confidential and Personal Information

Finally, Defendants seek to continue sealing the full deposition transcripts filed by Plaintiff—**ECF Nos. 387-1, 387-12, 389-1, 387-2, 387-4, 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 401-24, and 401-26**. These deposition transcripts contain confidential BOP Source Selection Information, non-public information related to the Federal Bureau of Prisons' After-Action Report dated July 27, 2012, information that would harm the Company if revealed, and/or third party deponents' personal information. By way of example:

- **ECF No. 398-2** is the transcript from the October 23, 2020, deposition of Donald Murray. This transcript includes Mr. Murray's home address, *id.* 11:3–4, and his

personal telephone number, *id.* 11:5. The transcript also includes direct quotations of the BOP's After-Action Report dated July 27, 2012, which has previously been filed under seal. *Id.* 133:9–136:23; *see* Grant Decl. Ex. 74, ECF No. 367-25.

- **ECF No. 399-11** is the transcript from the October 28, 2020, deposition of William Dalius. This transcript includes direct quotations of the BOP's CAR XV Source Selection Decision, which has previously been filed under seal. *Id.* 122:18–124:9; *see* ECF No. 362-16.

- **ECF No. 400-6** is the transcript from July 31, 2020, deposition transcript of David Garfinkle. This transcript includes information related to CoreCivic's staffing policies, *id.* 34:11–35:17, 136:11–137:7, an internal audit conducted by the Company and the policies it implemented as a result, *id.* 40:20–45:14, and the Company's policies for financial forecasting of award fees and deductions, *id.* 88:3–103:25, 182:22–186:6). This transcript has already been filed under seal at ECF No. 267-4

- **ECF No. 398-3** is the transcript from the October 15, 2020, deposition of D. Scott Dodrill. This transcript includes direct quotations of the BOP's After-Action Report dated July 12, 2012, which has previously been filed under seal. *E.g. Id.* 78:2–15, 117:20–118:19; *see* ECF No. 367-30 (After Action Report filed under seal).

The Court has previously sealed full deposition transcripts in the interest of maintaining an orderly docket. *See* ECF No. 291 (granting ECF No. 288). Defendants respectfully request the that the Court continue to maintain full deposition transcripts under seal while allowing the parties to address the confidentiality of transcript excerpts on a case-by-case basis. *See* ECF No. 288 at 3 n.2.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to continue to seal the aforementioned exhibits.

DATED: February 12, 2021

Respectfully submitted:

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. Pettis, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tpettis@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Mark H. Wildasin
FEDERAL BUREAU OF PRISONS
110 9th Avenue South, Suite A-961
Nashville, TN 37203
mark.wildasin@usdoj.gov

this 12th day of February, 2021.

                                        /s/ *Steven A. Riley*
                                        Steven A. Riley (TN #6258)