UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rules 5.03 and 7.01 of the Civil Local Rules of Court, the Revised Stipulation and Protective Order entered in this case (ECF 86) (the "Protective Order") and the Stipulation and Order Amending Protective Order to Protect Source Selection Information (ECF 177) (the "SSI Protective Order"), Defendants respectfully request the Court grant Defendants leave to file under seal the Reply Memorandum of Law in Further Support of Their Motion For Summary Judgment (the "Memorandum") and the Response to Plaintiff's Statement of Additional Material Facts that Present Genuine Issue To Be Tried (the "Response"). These two documents contain confidential information that the Court has previously sealed on the grounds that it was designated as Source Selection Information by the BOP. Defendants are concurrently filing versions of the Memorandum and Response with this confidential material redacted.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*,

723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co*., 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)).

The limited information that Defendants seek to file under seal contains information that the BOP has designated as source selection information and that the Court has previously sealed. First, both the Memorandum and the Response discuss the content of Contractor Performance Assessment Reviews ("CPARs"). *See, e.g.*, Mem. at 3; Resp. at Fact 215. The BOP has informed Defendants that the BOP utilizes the CPARs to document the quality of a contractor's past performance. *See* Federal Acquisition Regulation (FAR), 48 C.F.R. § 42.1501(b); *id.* § 42.1503(d) ("Copies of the evaluation, contractor response, and review comments, if any, shall be retained as part of the evaluation. These evaluations may be used to support future award decisions and should therefore be marked 'Source Selection Information' . . . [t]he completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information.

2

Disclosure of such information could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations."); *see also Shane Grp.*, 825 F.3d at 308 ("[I]n civil litigation . . . information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)). At the BOP's request, Defendants previously sought leave to file these CPARs under seal, *see* ECF 413, and the Court sealed these documents, *see* ECF 415. Defendants now seek to file under seal their Memorandum and Response, which quote and describe information from the sealed CPARs, to maintain the confidentiality of this source selection information.

Second, the Memorandum and Response contain information that has been designated as "source selection information" by the BOP related to the BOP's contract procurement, *see* Memorandum at 8, Response at Facts 233, 238, the BOP's confidential After-Action Report following a disturbance at CoreCivic's Adams facility, *see* Response at Fact 212, and internal BOP communications, *see* Memorandum at 6-7. The Court has previously sealed these underlying documents, *see* ECF 415, 372, and it is Defendants' understanding that the BOP wishes this information to remain sealed. Defendants, therefore, respectfully request that the Court this information, while allowing Defendants to publicly file versions of their Memorandum and Response that redact this source selection information.

Defendants appreciate that there is a "'strong presumption in favor of openness' regarding court records." *Rudd Equip.*, 834 F.3d at 593 (citation omitted). Here, Defendants' requested seal is "narrowly tailored" to keep only confidential information under seal while allowing the public to view all the non-confidential information in the concurrently filed redacted versions. *See id.*

3

**Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and direct the clerk to seal the Memorandum and Response.

DATED: February 19, 2021

Respectfully submitted:

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Milton S. Pettis, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tpettis@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
Meryn C. N. Grant (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Ave.
Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com

Morgan E. Whitworth (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System and via electronic mail:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Mark H. Wildasin
FEDERAL BUREAU OF PRISONS
110 9th Avenue South, Suite A-961
Nashville, TN 37203
mark.wildasin@usdoj.gov


this 19th day of February, 2021.

                                                      /s/ *Steven A. Riley*
                                                      Steven A. Riley (TN #6258)