UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE OPINION TESTIMONY OF DEFENDANTS' NON-RETAINED EXPERTS WILLIAM DALIUS, HARLEY LAPPIN, DON MURRAY AND KIM WHITE |

**[FILED UNDER SEAL]**

**I.    Introduction**[1]

Having chosen to conduct no factual discovery, Defendants want to defy the Federal Rules of Evidence through the infirm "opinions" of four paid executives – one of whom is a Defendant. The so-called opinions of these paid non-retained experts do not come close to meeting the admissibility standards of Rule 702. None of them has any actual experience doing what they want to opine about: assessing quality and costs of prison services. Nor can they identify the specific facts or data they used to form their lawyer-driven opinions. Moreover, Defendants already have two retained experts – one on quality and one on cost – rendering the so-called opinions of these paid, yet non-retained, witnesses unnecessarily cumulative of Defendants' retained experts (and each other).

As a result of these fundamental infirmities, admission of these non-retained experts' unqualified, unverified and unspecified so-called opinions would eviscerate the hearsay rules, nullify Rule 702 and violate Rule 403, as such testimony would be unfairly prejudicial to Plaintiff and

---

[1] All terms not defined herein have the same meaning as in Plaintiff's motion (ECF No. 354).

highly confusing to the jury. Accordingly, these witnesses should be limited to testimony based on their personal knowledge and they should be excluded from offering any expert opinion testimony (*i.e.*, opinions regarding the relative quality or cost of CCA's for-profit-prison services for the BOP) – notwithstanding Defendants' feigned confusion (ECF No. 384 at 2), this is the precise relief Plaintiff seeks.

## II. Defendants' Non-Retained Experts' Opinions Are Inadmissible Under Rule 702

### A. Defendants' Non-retained Experts Lack the Requisite Experience

Defendants' brief advocating the admission of non-retained expert opinions under Rule 702 spans 23 pages, yet tellingly fails to acknowledge the four requirements that must ***all*** be satisfied for admission:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Defendants do not even attempt to explain, let alone establish, how any of their non-retained experts satisfy any of these requirements, let alone all of them.

Starting with the first requirement, Defendants assert that their non-retained experts would "rely predominately on their own personal experience," as opposed to "reliable principles and methods." ECF No. 384 at 8. So Defendants concede that their non-retained experts' opinions do not satisfy the third and fourth Rule 702 requirements and they expressly base their entire argument on what they refer to as an "experience-based approach." *Id*. at 7-8. Yet, not one of them has any

- 2 -

4834-8064-2269.v1
Case 3:16-cv-02267   Document 425   Filed 02/19/21   Page 2 of 10 PageID #: 24156

experience whatsoever rendering quality and cost assessments of BOP or for-profit prisons. Not one of Defendants' non-retained experts has ever performed or directly supervised an actual prison quality or cost assessment, let alone one of a for-profit prison operator such as CCA. All they can say is that they all used to work for the BOP – but none even worked in the BOP division responsible for assessing the quality or calculating the costs of prisons. They have certainly never performed such functions with respect to for-profit prisons, such as CCA's. For example, Lappin, as the former Director of the BOP, has the most experience of Defendants' non-retained experts, yet admitted that he was never part of a BOP team responsible for contract administration, was never part of the staff that audited CCA's performance, has never conducted a review of any prison's medical services (the main deficiency here), has never participated in a review of a CCA-run BOP prison's corrections services, has not participated in a review of any prison's corrections services in nearly 30 years and expressly acknowledged that prison cost calculations are "outside my area of expertise." ECF No. 400-13 at 9:7-15, 11:1-16, 11:24-12:11, 12:21-25, 18:3-19:15, 105:4-7. Defendants' other non-retained experts made similar admissions regarding their complete lack of actual experience assessing the quality or calculating the costs of prisons. Ex. 6[2] at 15:19-24, 83:9-18, 84:17-24, 123:19-23; ECF No. 398-2 at 43:23-50:24, 75:16-18, 75:22-24, 77:9-23, 95:15-98:11, 191:5-21, 210:17-22, 219:1-2; Ex. 8 at 8:8-13, 9:18-20, 22:19-25, 26:2-4, 26:9-12, 111:4-112:23.

Defendants' attempt to admit quality and cost expert opinions from these witnesses makes about as much sense as offering up an expert opinion from a hospital's retired chief of oncology on the quality of a knee replacement procedure performed at the hospital simply because she worked at the hospital for years, had heard from some people that its orthopedic surgeons were good at replacing knees and had observed them in action 30 years ago.

---

[2] All "Ex. _" citations herein are to the Declaration of Christopher M. Wood (ECF No. 356).

### B. Defendants' Opposition Implicitly Concedes the Lack of "Sufficient Facts or Data" for Their So-called Opinions

Having shown that Defendants' non-retained experts fail to satisfy three of Rule 702's four *inclusive* requirements, we turn to the last requirement: "[T]he testimony is based on sufficient facts or data." Fed. R. Evid. 702(b).[3] Plaintiff's motion went to great lengths, demonstrating that each of Defendants' non-retained experts could not identify any specific, let alone "sufficient facts or data" on which they based their opinions. ECF No. 354 at 6 (Lappin based his opinions on documents and conversations, but could not identify a single email or collection of documents or a single conversation); *id*. at 11 (Dalius relied on his "'sense'" and "'feel'" for prisons); *id*. at 14 (Murray did not rely on any actual data and could not identify the documents on which he relied or confirm whether or not such documents had been withheld as privileged); *id*. at 18-20 (White did not consider any data, did not have access to reports relevant to her so-called opinions, and does not have the names of the people on whose comments she based her so-called opinions). Defendants' opposition does not challenge Plaintiff's showing or attempt in any other way to carry their burden of establishing that their non-retained experts' "testimony is based on sufficient facts or data." Fed. R. Evid. 702(b). Accordingly, Defendants have conceded that their non-retained experts' opinions do not satisfy this fundamental Rule 702 requirement, just as they fail to satisfy Rule 702's other three indispensable requirements.[4]

---

[3] "[M]ere reference to" types of documents, such as "medical records," is insufficient. *Devereux v. Knox Cnty., Tenn.*, 2019 WL 4305743, at *6 (E.D. Tenn. Sept. 11, 2019), *appeal dismissed*, 2020 WL 6036819 (6th Cir. May 19, 2020). As one court explained, reference to "'a prodigious volume of material'" is "'far too general'" to excuse a non-retained expert from filing an expert report. *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, 2015 WL 1105840, at *8 (S.D. Ohio Mar. 11, 2015). All citations and footnotes omitted and emphasis added unless otherwise indicated.

[4] Additionally, CCA's paid executives should be excluded as experts because Defendants fail the Sixth Circuit's *Fielden* test: "The determinative factor" for non-retained experts is whether the proposed expert formed his or her "expert" opinion "at the time" of the relevant events in the case. *Barnes v. CSXT Transp., Inc.*, 2017 WL 1334303, at *14 (W.D. Ky. Apr. 7, 2017) (discussing *Fielden v. CSX Transp.*, 482 F.3d 866, 871 (6th Cir. 2007)). Non-retained expert opinions must be

4834-8064-2269.v1
Case 3:16-cv-02267 Document 425 Filed 02/19/21 Page 4 of 10 PageID #: 24158

### III. The Non-Retained Experts' Opinions Are Impermissibly Cumulative

Defendants' non-retained experts' opinions are impermissibly cumulative. *See* ECF No. 354 at 5. Defendants' disclosures, for example, give identical "Summary of Facts and Opinions" for Lappin and Dalius. Ex. 2. Other than her name, every word in White's "[s]ummary" copies Lappin's and Dalius'. And only 27 of the 144 (non-name/title) words in Murray's summary are unique to him. In response, Defendants assert that "the Hybrid Witness Disclosure *also* provided specific facts relating to each witness" (ECF No. 384 at 4 (emphasis in original)), and as an example of the purportedly unique or specific facts relating to Lappin, they quote to language found, verbatim, in the described opinions of *all four* non-retained experts:

> Mr. Lappin is expected to testify about the BOP's and CoreCivic's operations in the areas of correctional facility management, oversight, staffing, security, and related policies and procedures. Mr. Lappin may also testify about his expectations for the renewal and retention of CoreCivic's BOP contracts.

*Compare* Ex. 2, §B.1., *with* §§A.1., C.1., D.1. Thus, Defendants' own opposition confirms their non-retained experts' opinions are nearly identical to each other, and they do not even attempt to distinguish their quality and cost opinions from those of their retained experts.

### IV. The Unfair Prejudice Will Be to Plaintiff

Defendants argue "this is an issue more properly assessed at trial once the Court has heard the direct testimony of each witness." ECF No. 384 at 22. Under Defendants' logic, no matter how baseless and cumulative the testimony and no matter how much its baselessness would prejudice an adversary, the jury should hear it first, and then the Court can try to unring the bell with an instruction. The unreasonableness of Defendants' approach is self-evident.

---

personal, formed at the time of the relevant events and not created in "anticipation of litigation"; they cannot be formed after, or even "prior to" the relevant events, or in "collaboration with . . . attorneys." *Tomazin v. Lincare, Inc.*, 2015 WL 4545658, at *10 (M.D. Tenn. July 27, 2015). Here, it is without question that the opinions of CCA's paid executives were lawyer-driven and only formed as part of this litigation. *See, e.g.*, Ex. 1 at 28:4-29:25. As such, for this additional reason, these so-called opinions should be excluded.

- 5 -

4834-8064-2269.v1
Case 3:16-cv-02267    Document 425    Filed 02/19/21    Page 5 of 10 PageID #: 24159

## V. Conclusion

Dalius, Lappin, Murray and White should be excluded as experts and precluded from providing any expert opinions, including any opinions of the actual or comparative quality and cost of CCA's for-profit prison services.

DATED: February 19, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Mark H. Wildasin**
  mark.wildasin@usdoj.gov,liz.lopes@usdoj.gov,melissa.russell@usdoj.gov,dkGeorge@bop.gov,othomas@bop.gov,CaseView.ECF@usdoj.gov,regina.taylor2@usdoj.go

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`