EXHIBIT 9

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NIKKI BOLLINGER GRAE, Individually and )     Civil Action No. 3:16-cv-02267
on Behalf of All Others Similarly Situated, )
                                    )     Honorable Aleta A. Trauger
                Plaintiff, )
                                    )     PLAINTIFFS' OBJECTIONS AND
      vs.                               )     RESPONSES TO DEFENDANTS' NOTICE
                                    )     OF RULE 30(b)(6) DEPOSITION OF LEAD
CORRECTIONS CORPORATION OF       )     PLAINTIFF AMALGAMATED BANK, AS
AMERICA, et al.,                     )     TRUSTEE FOR THE LONGVIEW
                                    )     COLLECTIVE INVESTMENT FUND
                    Defendants. )
                                    )



EXHIBIT D - 2
WIT: _____
DATE: 7/10/18
E. Mulvenna, CSR/RMR/CRR

1445087_1

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Tennessee ("Local Rules"), Lead Plaintiff Amalgamated Bank, as Trustee for the Longview Collective Investment Fund ("Amalgamated" or "Plaintiff"), on behalf of itself and the members of the Class (collectively, "Plaintiffs"), hereby submit Plaintiffs' objections to Defendants'[1] Notice of Rule 30(b)(6) Deposition of Lead Plaintiff Amalgamated Bank, as Trustee for the Longview Collective Investment Fund ("Deposition Notice"), served on June 18, 2018.

## I.   GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS

Plaintiff generally objects to the Deposition Notice on the following grounds:

1.      Plaintiff objects to the Deposition Notice to the extent it purports to impose any obligations on Plaintiff that are not imposed by law or are otherwise inconsistent with Rules 26 and 30 or this Court's Local Rules and/or other applicable rules of procedure or law.

2.      Plaintiff objects to the Deposition Notice on the grounds that it is not proportional to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit, given that it purports to require Plaintiff to designate and prepare a witness to testify on 26 separate Topics of Examination, which is an unreasonable number of Topics to prepare a witness for and to examine a witness about in a single deposition.

3.      Plaintiff objects to each and every Topic of Examination to the extent it does not describe with reasonable particularity the matters for examination.

4.      Plaintiff objects to each and every Topic of Examination to the extent it requires Plaintiff to designate a witness to testify about information that is not known or reasonably available to Plaintiff.

---

[1]     Defendants are CoreCivic, Inc., f/k/a Corrections Corporation of America, and Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger and Harley G. Lappin (collectively, the "Individual Defendants").

1445087_1

5. Plaintiff objects to each and every Topic of Examination to the extent it is vague, ambiguous, overbroad, duplicative and/or unnecessarily cumulative or unduly burdensome.

6. Plaintiff objects to the Deposition Notice to the extent it seeks or requires the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, the right to privacy or any other applicable privilege, doctrine or immunity. Such disclosure as may hereafter occur pursuant to the Deposition Notice shall not include any information protected by such privilege, doctrine or immunity. Inadvertent disclosure of any privileged information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

7. Plaintiff objects to the Deposition Notice to the extent it purports to impose a duty to seek information that is not within Plaintiffs' possession, custody or control.

8. Plaintiff objects to the Deposition Notice as unduly burdensome to the extent it seeks information to which the requesting Defendants have equal or greater access.

9. Plaintiff objects to Definition No. 2 as overbroad to the extent it calls for information not in Amalgamated's possession, custody or control, including privileged or work product information that is in the possession of Amalgamated's attorneys or other consultants retained by Amalgamated's attorneys for purposes of this litigation.

## II. OBJECTIONS AND RESPONSES TO TOPICS OF EXAMINATION

TOPIC OF EXAMINATION NO. 1:

Amalgamated's investigation of the allegations in the Complaint, including but not limited to any witnesses interviewed by or on behalf of Amalgamated and any Documents reviewed by or on behalf of Amalgamated.

RESPONSE TO TOPIC OF EXAMINATION NO. 1:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic on grounds that the requests for information regarding "any witness interviewed" and "any Documents reviewed" "on behalf of Amalgamated" seek information that is protected by the attorney-client privilege or the work product doctrine. Plaintiff will not designate or prepare a witness to discuss the witnesses interviewed by or on behalf of Amalgamated or the Documents reviewed by or on behalf of Amalgamated. Plaintiff further objects on grounds that the phrase "investigation of the allegations of the Complaint" is both overbroad and vague and ambiguous as it fails to specify the allegations to which the Topic pertains. Plaintiff does not understand this request to seek information regarding Plaintiff's own transactions in the Company's securities. Based thereon, Plaintiff affirmatively states that Plaintiff itself did not interview any witnesses or review any Documents in connection with any investigation of the allegations of the Complaint and therefore cannot reasonably designate a witness to testify as to the non-privileged subjects, if any, of this Topic.

TOPIC OF EXAMINATION NO. 2:

The operation, management, and administration in Amalgamated, including the role of its officers, directors, trustees or managing agents in Amalgamated's investment decisions and their Communications with Amalgamated's Investment Advisors.

RESPONSE TO TOPIC OF EXAMINATION NO. 2:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require designation and preparation of a witness on all aspects of the operation, management and administration of Amalgamated. Plaintiff will designate a witness to testify generally about the role of Amalgamated's officers, directors, trustees or managing agents in Amalgamated's investment

decisions and about their role in investment decisions and Communications with Amalgamated's Investment Advisors with respect to Amalgamated's investment in CoreCivic Securities between February 27, 2012 and November 15, 2016.

TOPIC OF EXAMINATION NO. 3:

Amalgamated's Investment Advisors, money managers, custodial banks, and any other third parties engaged for or consulted in connection with the management and investment of assets for Amalgamated, including but not limited to those engaged for or consulted in connection with Transactions in CoreCivic Securities.

RESPONSE TO TOPIC OF EXAMINATION NO. 3:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require designation and preparation of a witness on all Investment Advisors, money managers, custodial banks and any other third parties engaged for or consulted in connection with the management and investment of assets for Amalgamated, without limitation to any investments relevant to This Action. Plaintiff will designate a witness to testify as to the third parties engaged for or consulted in connection with the management of Amalgamated's investment in CoreCivic Securities between February 27, 2012 and November 15, 2016.

TOPIC OF EXAMINATION NO. 4:

Policies, procedures, practices, guidelines, criteria or other Documents governing (i) investments or investment decisions made by Amalgamated or on behalf of Amalgamated; or (ii) Amalgamated's selection or engagement of Investment Advisors.

RESPONSE TO TOPIC OF EXAMINATION NO. 4:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require designation and preparation of a witness on policies, procedures, practices, guidelines, criteria or other Documents

- 4 -

governing all investments or investment decisions made by or on behalf of Amalgamated or Amalgamated's selection or engagement of any Investment Advisors. Plaintiff will designate a witness to testify as to the policies, procedures, practices, guidelines or criteria applicable to Amalgamated's investment in CoreCivic Securities and its selection or engagement of Investment Advisors relating to its investment in CoreCivic Securities between February 27, 2012 and November 15, 2016.

TOPIC OF EXAMINATION NO. 5:

Transactions in CoreCivic Securities by or on behalf of Amalgamated, including (i) any information or documents relied upon, consulted or considered when deciding to purchase or sell, or not to purchase or sell, CoreCivic Securities; and (ii) any returns or losses on such investments.

RESPONSE TO TOPIC OF EXAMINATION NO. 5:

Subject to and without waiving the foregoing General Objections and Objections to Definitions, Plaintiff will designate a witness to testify on this Topic as it relates to Transactions between February 27, 2012 and November 15, 2016.

TOPIC OF EXAMINATION NO. 6:

Any public statements made by Amalgamated or anyone acting on its behalf regarding CoreCivic or CoreCivic Securities, including but not limited to information disseminated on the internet, or in brochures or other publications.

RESPONSE TO TOPIC OF EXAMINATION NO. 6:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require Plaintiff to designate and prepare a witness to testify about any statements ever disseminated on the internet or other publications, when Plaintiff may not know if some statements by it or anyone acting on its behalf may have been published on the internet or otherwise without Plaintiff's knowledge. Subject to and

1445087_1

without waiving the foregoing objections, Plaintiff will designate a witness to testify on this Topic as it relates to statements made on or after February 27, 2012.

TOPIC OF EXAMINATION NO. 7:

The amount and computation of damages (if any) claimed by Amalgamated in connection with its Transactions in CoreCivic Securities.

RESPONSE TO TOPIC OF EXAMINATION NO. 7:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as improperly seeking expert testimony as to which Plaintiff is not qualified. Information about the amount of damages suffered by Amalgamated is set forth in Amalgamated's Memorandum of Law in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and in the Class Certification Motion. Plaintiff will designate a witness to testify generally as to such damages.

TOPIC OF EXAMINATION NO. 8:

All Transactions in Securities other than CoreCivic common stock that Amalgamated owned, held, controlled, or otherwise possessed to offset any potential losses in CoreCivic Securities.

RESPONSE TO TOPIC OF EXAMINATION NO. 8:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require designation and preparation of a witness on all Transactions in any Securities that may have offset any potential losses in CoreCivic Securities, which, given the benefits of portfolio diversification, could include any Security other than CoreCivic common stock. Plaintiff will designate a witness to testify as to any Transactions in Securities other than CoreCivic common stock by Amalgamated that were effected for the specific purpose of offsetting potential losses in CoreCivic Securities between February 27, 2012 and November 15, 2016.

- 6 -

TOPIC OF EXAMINATION NO. 9:

All Transactions in REIT Securities and Securities in CoreCivic's industry that Amalgamated owned, held, controlled, or otherwise possessed.

RESPONSE TO TOPIC OF EXAMINATION NO. 9:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as overbroad and as seeking information that is not relevant to the claims and defenses in This Action. Transactions in Amalgamated's relevant funds that occurred during the periods in which CoreCivic transactions also occurred have already been disclosed in the documents produced by Plaintiff. Plaintiff will not designate or prepare a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 10:

The certification filed on October 24, 2016, in support of the motion for appointment of Amalgamated as Lead Plaintiff in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 10:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 11:

The Motion for Class Certification and supporting papers filed on June 1, 2018 in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 11:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine, and it calls for expert testimony or legal analysis or conclusions. Plaintiff will designate a witness to testify on this Topic.

1445087_1

TOPIC OF EXAMINATION NO. 12:

Any agreement, promise, or suggestion that any benefit or consideration would be provided to Amalgamated, or other entity controlled by Amalgamated, in exchange for Amalgamated serving as Lead Plaintiff or class representative.

RESPONSE TO TOPIC OF EXAMINATION NO. 12:

Subject to and without waiving the foregoing General Objections and Objections to Definitions, Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 13:

Amalgamated's financial ability to serve as Lead Plaintiff in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 13:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague, overbroad, and as seeking irrelevant information to the extent it seeks information about Amalgamated's financial strength. Plaintiff will designate a witness to testify on whether Amalgamated can satisfy any financial obligations imposed on it in connection with This Action.

TOPIC OF EXAMINATION NO. 14:

Amalgamated's alleged reliance on any of Defendants' statements.

RESPONSE TO TOPIC OF EXAMINATION NO. 14:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it purports to require information about reliance on any of Defendants' statements, without specifying the statements at issue, and to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 15:

Amalgamated's decision to retain any law firm as its counsel in This Action.

- 8 -

RESPONSE TO TOPIC OF EXAMINATION NO. 15:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 16:

Any personal, financial, business, or social dealings between Amalgamated and any attorney employed by or affiliated with any law firm retained as Amalgamated's counsel in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 16:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as overbroad and as seeking irrelevant information to the extent it seeks all information about any personal, business or social dealings between Amalgamated or any of its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, trustors, agents, representatives, consultants, attorneys or any other Person acting on Amalgamated's behalf, on the one hand, and any attorney employed by or affiliated with any law firm retained as Amalgamated's counsel in This Action, on the other hand, given the large number of people who are or ever have been employed by Amalgamated or by Amalgamated's counsel. Plaintiff also objects to this Topic as overbroad and unduly burdensome to the extent it is not limited by time period. Plaintiff will make a reasonable effort to identify any known dealings on or after February 27, 2012, between Amalgamated itself, on the one hand, and any law firm retained as Amalgamated's counsel in This Action, on the other hand, and designate a witness to testify as to any such dealings.

TOPIC OF EXAMINATION NO. 17:

The basis for Your claims in This Action that CoreCivic or the Individual Defendants violated the federal Securities laws.

1445087_1

RESPONSE TO TOPIC OF EXAMINATION NO. 17:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad and as seeking information that is unreasonably cumulative and on the basis that it seeks a legal conclusion or expert testimony. The basis for Plaintiff's claims is fully set forth in the Complaint in This Action, which was upheld by the Court on Defendants' motion to dismiss. Plaintiff will designate a witness to testify solely as to the general basis for the claims as articulated in the Complaint.

TOPIC OF EXAMINATION NO. 18:

Facts, knowledge, and information relating to any of the witnesses that You interviewed and/or relied upon in the preparation of the Complaint.

RESPONSE TO TOPIC OF EXAMINATION NO. 18:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic on the grounds that it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiff will not designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 19:

Facts, knowledge, and information relating to Amalgamated's prospective participation as a named representative of a class in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 19:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it seeks all facts, knowledge and information relating to Amalgamated's prospective participation as a named representative of a class in This Action. Plaintiff will designate a witness to testify as to what Amalgamated has done, is doing and will do to fulfill its duties as lead plaintiff and as proposed class representative in This Action.

1445087_1

TOPIC OF EXAMINATION NO. 20:

Facts, knowledge, and information relating to Amalgamated's past, present, or prospective participation as a named representative of a class or purported class in any other action.

RESPONSE TO TOPIC OF EXAMINATION NO. 20:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad. Plaintiff will designate a witness to testify generally about Amalgamated's role as a class representative in other securities actions since October 18, 2013.

TOPIC OF EXAMINATION NO. 21:

Communications between Amalgamated and any member of the Alleged Class regarding the filing of This Action or any matter set forth in the Complaint.

RESPONSE TO TOPIC OF EXAMINATION NO. 21:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 22:

Whether This Action is properly maintained as a class action.

RESPONSE TO TOPIC OF EXAMINATION NO. 22:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic on the grounds that it calls for a legal conclusion. Plaintiff's basis for seeking class certification and appointment as a class representative is set forth in Plaintiff's Motion for Class Certification. Plaintiff will not designate or prepare a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 23:

The composition of the Alleged Class in This Action.

1445087_1

RESPONSE TO TOPIC OF EXAMINATION NO. 23:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic on the grounds that it calls for a legal conclusion. Plaintiff's request for class certification is set forth in full in Plaintiff's Motion for Class Certification. Plaintiff will not designate or prepare a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 24:

The amount and source of funding for costs, legal fees, disbursements, or other expenses expected or anticipated to be incurred by or on behalf of Amalgamated in This Action.

RESPONSE TO TOPIC OF EXAMINATION NO. 24:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will designate a witness to testify on this Topic.

TOPIC OF EXAMINATION NO. 25:

Facts, knowledge and information relating to any current or former relationship, personal, professional, or otherwise, between You and CoreCivic, or You and the Individual Defendants.

RESPONSE TO TOPIC OF EXAMINATION NO. 25:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic as vague and overbroad to the extent it seeks any facts, knowledge and information relating to any current or former relationship, personal, professional or otherwise, between Amalgamated and any of its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, trustors, agents, representatives, consultants, attorneys or any other Person acting on Amalgamated's behalf, on the one hand, and CoreCivic or any of its predecessors, successors, parents, subsidiaries, affiliates or divisions, or any of the Individual Defendants, on the other hand. Plaintiff also objects to this Topic as overbroad and

- 12 -

seeking irrelevant information to the extent it seeks information that does not relate to Plaintiff's knowledge of CoreCivic or to Plaintiff's trades in CoreCivic Securities during the Class Period. Plaintiff will make a reasonable effort to identify any known relationships in existence on or after February 27, 2012, between Amalgamated and any of its officers or agents with responsibility for any matter relating to CoreCivic, on the one hand, and CoreCivic, Inc. or any of the Individual Defendants, on the other hand, and will designate a witness to testify as to any such relationships.

TOPIC OF EXAMINATION NO. 26:

All Communications between You and any current or former employees of CoreCivic, including but not limited to the Individual Defendants.

RESPONSE TO TOPIC OF EXAMINATION NO. 26:

In addition to the foregoing General Objections and Objections to Definitions, Plaintiff objects to this Topic on the grounds that it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiff also objects to this Topic as vague and overbroad to the extent it seeks information about any Communications between Amalgamated and any of its predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, trustors, agents, representatives, consultants, attorneys or any other Person acting on Amalgamated's behalf, on the one hand, and any current or former employees of CoreCivic or any of its predecessors, successors, parents, subsidiaries, affiliates or divisions, or any of the Individual Defendants, on the other hand. Plaintiff also objects to this Topic as overbroad and seeking

1445087_1

irrelevant information to the extent it seeks information that does not relate to Plaintiff's knowledge of CoreCivic or to Plaintiff's trades in CoreCivic Securities during the Class Period. Plaintiff further objects to this Topic as overbroad to the extent it is not limited as to timeframe. Plaintiff will not designate a witness to testify on this Topic.

DATED: July 2, 2018

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
& GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

1445087_1

- 14 -

<u>DECLARATION OF SERVICE BY EMAIL</u>

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2.     That on July 2, 2018, declarant caused to be served **PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION OF LEAD PLAINTIFF AMALGAMATED BANK, AS TRUSTEE FOR THE LONGVIEW COLLECTIVE INVESTMENT FUND** by email to the parties as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| David J. Schindler<br>Brian T. Glennon<br>Faraz R. Mohammadi<br>Morgan E. Whitworth | LATHAM & WATKINS LLP | david.schindler@lw.com<br>brian.glennon@lw.com<br>faraz.mohammadi@lw.com<br>morgan.whitworth@lw.com |
| Trey McGee<br>Steven A. Riley | RILEY WARNOCK &<br>JACOBSON, PLC | tmcgee@rwjplc.com<br>sriley@rwjplc.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 2, 2018, at San Francisco, California.

PIERRE TIFFITH

1445087_1