UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF LUCY P. ALLEN |

**I. Allen's Opinion Is Irrelevant to Plaintiff's Theory of Liability**[1]

Defendants' opposition (ECF No. 370) ("Opposition" or "Opp.") confirms that Allen's opinions are irrelevant as a matter of law and must be excluded. As Defendants admit, Allen's opinion is predicated on the notion that "the market did not understand the Yates Memo to have been caused by [CCA's] allegedly impaired relationship with the BOP." Opp. at 18. To be clear, Allen's opinion about what the market must "understand" is untethered from any legitimate inquiry into proximate cause or loss causation. As Plaintiff previously explained, what matters is whether the Yates Memo and the associated stock price decline reflected the materialization of a risk, the extent of which Defendants fraudulently concealed.[2] *E.g.*, Mot. at 4, 8-9, 11; ECF No. 396 at 25-30; *see also* ECF No. 143 at 12-13. Defendants have never once explained, because they cannot, why

---

[1] All terms not defined herein have the same meaning as in Plaintiff's motion (ECF No. 345) ("Motion" or "Mot.").

[2] The Court previously rejected an almost identical contention when certifying the Class. Defendants contended that internal e-mails, which demonstrated that the state of CCA's relationship with the BOP was far worse than any inference that could be drawn from the OIG Report, were "irrelevant as a matter of law" because they were never made public and therefore could not have price impact. ECF No. 160 at 10-12. The Court rejected this contention, correctly concluding that such e-mails "demonstrate[] what being 'corrective,' in this context, would have meant" and noted that while "this reasoning unavoidably involves going far down the road toward considering issues relevant to the merits of [Plaintiff's] claims, it was [CCA], in its attempt to demonstrate a lack of price impact, that made such an inquiry necessary." ECF No. 165 at 32.

statements from market analysts[3] purporting to convey their subjective speculation about the motivation behind the Yates Memo, which contradicts the plain text of the Yates Memo itself, could possibly be relevant to this inquiry.[4]

Plaintiff's argument is the opposite of "pedantic." *See* Opp. at 4. To be sure, "'[l]oss causation can take many forms'" (*id.*); but with respect to the Yates Memo, it took one very specific form that Allen's opinion simply does not address. Nor could it, because Allen does not so much as attempt to opine on the actual question at issue – whether Defendants concealed the extent of the risks associated with its BOP contracts. At best, Allen's opinion might be relevant to the question whether investors knew they had been defrauded following the Yates Memo. But because that question is irrelevant to resolving loss causation, and because the jury would be confused about such a presentation, Allen's opinion must be excluded.[5] *Novatel*, 846 F. Supp. 2d at 1108 (excluding expert who offered testimony similar to Allen and holding that "there is no requirement that a reasonable investor infer that a fraud has occurred").

---

[3] Defendants did not take a single merits deposition in this case and did not depose or seek any documents from any of the market analysts upon whom Allen purports to rely. It is hard to understand how Defendants could have failed to take a single deposition from individuals they contend are critical to their defense unless Defendants knew that such testimony would undermine their defenses. In any case, Defendants' attempt to introduce otherwise inadmissible evidence through Allen should be rejected. Mot. at 2, 11-12.

[4] There is no functional difference between the standard Defendants seek to have this Court apply and the one rejected in *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp*., 830 F.3d 376, 385 (6th Cir. 2016) ("We are mindful of the dangerous incentive that is created when the success of any loss causation argument is made contingent upon a defendant's acknowledgement that it misled investors."). To put it another way, Defendants' assertion that "[t]he [r]elevant [i]ssue" is "[w]hether [t]he Yates Memo [r]evealed [a]ny '[f]raud" is wrong because investors do not have to understand they have been defrauded in order for a stock drop to cause a recoverable loss. *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1107 (S.D. Cal. 2012) (excluding expert who opined "that corrective disclosures have to be made 'in such a way that a reasonable investor can reasonably infer that a fraud has occurred'"). All citations and footnotes omitted and emphasis added unless otherwise indicated.

[5] For these same reasons, it does not follow that Allen actually considered the thesis of Plaintiff's complaint simply because she considered that the "the market did not understand the Yates Memo to have been caused by [CCA's] allegedly impaired relationship with the BOP." Opp. at 17-18.

In perhaps a tacit concession that Allen's opinion is indeed irrelevant to Plaintiff's theory of liability, Defendants complain that Plaintiff's loss causation theory has been a moving target. Opp. at 6-7. Not so. Plaintiff's theory is exactly that upon which the Court relied in upholding the complaint. ECF No. 76 at 36-37.[6]

## II. It Would Be Prejudicial and Confuse the Jury for Allen to Render a Legal Opinion that There Is No Loss Causation Based on a Theory Plaintiff Has Not Advanced

Allen intends to testify, "'in "specialized" legal terminology,'" that Plaintiff cannot establish "loss causation." *See* Opp. at 7; Ex. 1[7] ("there is no loss causation"). This is exactly the type of testimony the Sixth Circuit prohibits, *e.g.*, *Killion v. KeHE Distrib., LLC*, 761 F.3d 574, 593 (6th Cir. 2014) (affirming the exclusion of expert report that "plainly attempt[ed] to define legal terms"), particularly where, as here, the legal conclusion Allen is drawing is not based on the legal theory being advanced in the action and would therefore confuse the jury. And Defendants' observation that courts sometimes "***require*** expert testimony" related to loss causation (Opp. at 8 (emphasis in original)) is utterly irrelevant to the question whether the specific expert testimony offered by Defendants ***in this case*** is appropriate. It is not.[8]

---

[6] Defendants' opening salvo – contending there is "no evidence substantiating any connection between deficiencies in quality or cost savings at [CCA] and the Yates [Memo]" – is farcical. Opp. at 1. The Yates Memo says this explicitly on its face and refers to a specific CCA facility (Cibola) that the BOP declined to renew as part of its plan to eliminate the use of private prisons. In addition, the voluminous record compiled during discovery confirms not just that CCA's quality was subpar but that it was the worst out of ***all private prison operators*** having failed to win a competitive contract since 2011. *See, e.g.*, ECF No. 401-19 (Mellendick Report) at 21; ECF No. 400-12 (Lappin Depo.) at 211:16-212:13; ECF No. 397 at Plaintiff's SUF No. 233.

[7] All "Ex. _" citations herein are to the Declaration of Christopher M. Wood (ECF No. 346).

[8] Plaintiff does not disagree in general that expert testimony is sometimes introduced related to loss causation. Indeed, Plaintiff has offered an expert here to opine on questions related to loss causation at issue in this case. ECF No. 340-4. It does not follow, however, that experts are always appropriate to opine on any topic touching on loss causation in any case, as Defendants suggest.

- 3 -

The fact of the matter is that Defendants, after taking ***no affirmative merits discovery in this case whatsoever***, are trying to smuggle inadmissible, irrelevant evidence and speculation, applied to already rejected legal theories, into the record through an "expert" whose admittedly impressive credentials are likely to strongly influence the jury but whose opinions are irrelevant to the issues the jury will be asked to resolve. This desperate attempt to manufacture doubts for trial that Defendants could not support through actual evidence would be highly prejudicial to Plaintiff and should not be countenanced by this Court.

**III.     The Record as to Loss Causation Has Not Changed Since the Court Rejected Allen's Prior and Identical Opinion**

To be sure, Plaintiff contended at Class certification that Defendants' "price impact" arguments were wolves in sheep's clothing – impermissible arguments going to the merits of loss causation masquerading as price impact contentions. ECF No. 150 at 14, 16-17. But the Court rejected Plaintiff's position, reasoning that *Halliburton II* (*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014)) required it to allow Defendants to present evidence it contended was relevant to rebutting the presumption of reliance, even if this evidence was also relevant to loss causation. ECF No. 165 at 29-30. This was because Defendants themselves opened the door to such an inquiry; and in the context of this case, the price impact and loss causation analyses were one and the same. *Id.*

The Court's prior order is law of the case. *Tartt v. Wilson Cnty., Tenn.*, 982 F. Supp. 2d 810, 823 (M.D. Tenn. 2013), *aff'd*, 592 F. App'x 441 (6th Cir. 2014). And while this does not mandate that the Court can never reach a different conclusion (ECF No. 165 at 17), nothing in the record suggests that the Court's analysis was erroneous or that the Court should reach a different conclusion now. While Defendants contend that "the parties could not have meaningfully addressed the merits of loss causation during the class certification phase of the case" because discovery was not

- 4 -

complete (Opp. at 10), nowhere do they explain what evidence they have in mind that could lead the Court to reach a different conclusion. Allen's reports are almost entirely regurgitations of the reports she submitted at Class certification, on which the Court declined to rely (ECF No. 143 at 14); and Defendants cannot point to a single piece of admissible evidence suggesting that the Court's conclusion that the OIG Report's inability to disclose the relevant truth should be disturbed.

## IV.  Allen's Reliance on Analyst Reports Is Fatally Flawed and Unreliable

Allen's testimony is also unreliable because of her sole reliance on analyst reports to support her irrelevant conclusions regarding how the market understood the Yates Memo. While Allen cites other sources in support of separate conclusions in her report, her central contention – that "[t]he fact that the Yates Memo did not change analysts' opinion of the quality or cost-effectiveness of [CCA's] facilities is strong evidence that the Yates Memo was not corrective of the alleged misrepresentations" – relies solely on analyst commentary. Ex. 1, ¶¶52-58.

The fact that wide analyst coverage in general supports market efficiency (*see* Opp. at 13), a point Plaintiff does not contest, does not mean the reports on which Allen relies here – all from analysts with admitted biases and financial conflicts with CCA[9] – are an appropriate or reliable source of information regarding the Yates Memo. Nor does the fact that such reports may be relevant to apportioning the stock price declines associated with the Cibola non-renewal suggest that analysts have insights into the motivations behind the Yates Memo.

Finally, while Defendants contend that "Ms. Allen does ***not*** opine that ***every*** publication attributed the Yates Memo to political considerations" (Opp. at 14 (emphasis in original)), her failure to even consider prominent national publications, which did attribute the Yates Memo to poor

---

[9]  *See, e.g.*, ECF No. 365-14 at -137 (Wells Fargo analyst report listing extensive financial relationships between Wells Fargo and CCA).

quality,[10] is a strong indication of unreliability. *United States v. An Easement & Right-of-Way Over 3.74 Acres of Land, More or Less, in Montgomery Cnty., Tennessee*, 415 F. Supp. 3d 812, 818 (M.D. Tenn. 2019) ("'[r]ed flags that caution against certifying an expert' includ[e] 'reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity'") (quoting *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) (first alteration in original)).

**V.  Conclusion**

The Motion should be granted.

DATED:  February 19, 2021	Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

---

[10]  Ex. 8 ("The Justice Department plans to end its use of private prisons after officials concluded the facilities are both less safe and less effective at providing correctional services than those run by the government. . . .  'Bottom line, I'd also say, you get what you pay for,' Yates said."); Ex. 9 at 1 ("The decision was outlined in a memo from U.S. Deputy Attorney General Sally Yates on Thursday, who said private prisons compare poorly to those run by the government.").

- 6 -

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Mark H. Wildasin**
  mark.wildasin@usdoj.gov,liz.lopes@usdoj.gov,melissa.russell@usdoj.gov,dkGeorge@bop.gov,othomas@bop.gov,CaseView.ECF@usdoj.gov,regina.taylor2@usdoj.go

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

Case 3:16-cv-02267   Document 431   Filed 02/19/21   Page 9 of 10 PageID #: 24388

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`