# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>Magistrate Judge Jeffrey S. Frensley |

## DEFENDANTS' NOTICE OF FILING IN ADVANCE OF MARCH 19 CONFERENCE

In advance of tomorrow's conference at 12:30 p.m. CST, Defendants CoreCivic, Inc. ("CoreCivic" or the "Company"), Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin (collectively, "Individual Defendants," and together with CoreCivic, "Defendants") respectfully submit the following notice regarding the trial date in this matter for the Court's consideration.

### A. Relevant Background

As the Court is aware, a jury trial in this case has been set for May 18, 2021 since September 2019. *See* ECF No. 181 (Order Setting Case For Trial). On March 8, 2021, Plaintiffs requested a telephone conference with the Court ostensibly to confirm the trial date, and the Court scheduled that conference for March 11. Defendants appeared at the March 11 conference prepared to go forward with trial, as scheduled, on May 18. At that conference, however, the Court alerted the parties that it had scheduled a vacation at the end of May, which would potentially interfere with jury deliberations if the case proceeded as scheduled on May 18. The Court provided four alternative dates that were available on the Court's calendar on which to commence the trial: (a) May 11; (b) June 22; (c) July 6; or (d) August 3. This was the first time that the Court (or Plaintiffs for that matter) had ever raised the possibility of advancing the date of the May 18 trial.[1] After Plaintiffs indicated a willingness to proceed with trial on May 11, the Court asked defense counsel to consult with Defendants regarding whether it was feasible to accommodate an earlier trial date, and ordered the parties to reconvene at a telephonic hearing on March 17.

---

[1] In March 2020, the parties jointly requested that the Court adjourn the trial to July 2021, and the Court denied that request and reaffirmed the May 18 trial date. ECF Nos. 207, 208. On September 30, 2020, the Court approved modifications to the expert discovery schedule, but again reaffirmed the May 18 trial date. ECF No. 310. The March 11, 2021 conference was the first time that the Court or any party suggested moving the trial date to May 11, or any other date prior to May 18, 2021.

When the parties reconvened on March 17, Defendants informed the Court that CoreCivic had scheduled its Annual Stockholders Meeting ("ASM") for May 13, 2021, and related Committee and Board meetings for May 12, 2021, dates which would not conflict with the May 18 trial date. By way of additional context, the Company's Board of Directors set the May 13, 2021 date for the ASM at its February 20, 2020 Board Meeting, *see* Exhibit 1 (Feb. 20, 2020 Board Meeting Materials, CORECIVIC Board & Committee Meeting Dates for 2021), and as mentioned on March 17, the Company announced that date in its 2020 Annual Report (Form 10-K), filed on February 22, 2021. In light of the pandemic, the Company has also made arrangements with Broadridge Financial Solutions ("Broadridge") to host the ASM virtually.

During the March 17 conference, Defendants explained that moving the ASM would be logistically complicated and extremely burdensome, rendering a May 11 trial date unworkable. As for the June 22 and July 6 dates, Defendants explained that they (and their attorneys) had made family vacation plans for the Fourth of July holiday weekend, which falls between the June 22 and July 6 dates open on the Court's calendar. As such, Defendants respectfully requested that, to the extent the May 18 date must be rescheduled (through no fault of their own), the Court schedule the trial for August 3, the fourth option open on the Court's calendar.

In response, Plaintiffs did not identify any immovable conflict on August 3 (other than a vague reference to school schedules). Instead, Plaintiffs stated that neither Maryland law nor U.S. Securities and Exchange Commission ("SEC") rules would prevent CoreCivic from moving the ASM and expressed their belief that moving the ASM to another date and/or time would be "easy." The Court scheduled the March 19 conference to allow Defendants time to review that authority, and invited Defendants to submit information to the Court in advance that is relevant to the question of whether CoreCivic can simply move the ASM to accommodate an earlier trial date.

2

## B. Relevant Considerations to Rescheduling the Annual Stockholders Meeting

In Defendants' view, the central question before the Court is not whether it is permissible, physically possible, or not illegal, to move the previously scheduled ASM. Rather, Defendants respectfully submit that the Court should consider how to best balance the equities arising out of a trial scheduling issue that Defendants played no part in creating.

There are substantial impediments and burdens associated with moving the ASM. Plaintiffs' counsel suggests that CoreCivic can "permissibly and easily reschedule" or "simply postpone" the ASM to sometime before or after a two-week trial that would commence on May 11. *See* Ex. 2 (Mar. 17, 2020 Email from C. Wood). Citing to certain provisions of the Maryland General Corporation Law, Plaintiffs contend that even though the Company has already set a record date of March 17, there is still "plenty of time to notice the meeting for any day in May" and that the meeting "can" be held on any day prior to July 15, 2021, under those guidelines. *See id.*

Defendants do not dispute that under the Maryland code, it is theoretically possible to move the ASM. But Plaintiffs grossly underestimate the substantial burden associated with such an (unnecessary) endeavor, not just for the Company and the Individual Defendants, but for CoreCivic's other employees, and individuals who work for CoreCivic's auditors, other outside attorneys, and other providers of professional services. The Company's bylaws require the ASM take place in May, and the Company would have to amend its bylaws in order to reschedule the ASM to June or July. The burden of moving the long-scheduled ASM would fall entirely on Defendants, who bear no blame for creating this situation. Plaintiffs' position is not informed by the practical realities associated with running a public company, and fails to take into account any balancing of the equities.

### 1. Advancing the Annual Stockholders Meeting

Advancing the date of the ASM to the week of May 3-7, 2021 is virtually impossible in light of proxy solicitation rules under the federal securities laws. SEC Rule 14a-16 requires that the Company post its definitive proxy materials on the Internet, and send each stockholder a Notice of Internet Availability of Proxy Materials, ***no later than 40 calendar days before the ASM***. 17 C.F.R. § 240.14a-16. In other words, if CoreCivic were to reschedule its ASM to May 3, it would be required to finalize and post its proxy materials by next Wednesday, March 24, at the latest. Rescheduling the ASM to May 7 would not significantly lessen this burden, because CoreCivic would still be required to finalize and post its proxy materials by next Friday, March 26.

There is still a significant amount of work that needs to be done in advance of the ASM, involving multiple parties, to finalize the proxy materials. The proxy, which currently numbers 84 pages, is still in the process of being drafted and must be reviewed by the Company's counsel at Bass, Berry & Sims PLC and its auditors, Ernst & Young, before it can be finalized and filed. There are several other deliverables and milestones that both CoreCivic and Broadridge must achieve between now and finalizing the proxy materials (and between now and the ASM), as set forth in the attached timeline agreed to months ago. *See* Ex. 3 (Broadridge's Proxy Timeline). Accelerating all of these deadlines, even if physically possible, would place an extraordinary burden on all individuals involved.

The ASM represents the culmination of the solicitation of proxies from the holders of more than 120 million shares. It is the Company's experience that giving shareholders the full 40-day period is not only compliant with the federal securities laws, it also takes the full 40-day period of proxy solicitation to ensure the presence of a quorum and the required votes on individual items. *See* Ex. 4 (CoreCivic Bylaws) at Art. II § 6 (requiring a majority of all of the votes entitled to be

cast at an ASM to be present, in person or proxy). If a quorum is not present for the meeting, the meeting must be adjourned, and the process must be repeated.[2]

### 2. Postponing the Annual Stockholders Meeting

CoreCivic's corporate bylaws require that ASMs be held in the month of May. *See id*., Art. II § 2. The parties estimate that the trial in this matter will take two weeks, independent of jury deliberations. Given the complexity of the issues the jury will be asked to consider, it is not unreasonable to assume that this trial will not be complete prior to May 26. That leaves CoreCivic with the option of attempting to reschedule the ASM for late in the week of May 24 (with the risk that the trial has not completed by May 28) or move it to June or July. Rescheduling the ASM to June or July would require CoreCivic's Board of Directors to have a meeting or take action by written consent to formally amend the Company's Bylaws, *see id*., Art. XII § 1, and file such updated Bylaws with the SEC. If CoreCivic wished to return to having its ASM in May 2022, as it contemplates doing, it would then need to amend the Bylaws again, and re-file them. While this is all "possible," it is highly unusual, burdensome, and perhaps most importantly, unnecessary.

Even postponing the ASM to the week of May 24 presents issues. Historically, CoreCivic's ASMs have been held on the second or third Thursday of May every year since 2010, and it is uncommon for a public company to delay a previously scheduled ASM. The market could potentially interpret any postponement of the ASM—especially a postponement for the purposes

---

[2] In an email sent to Defendants' counsel after the March 17 conference, Plaintiffs observed that the ASM itself is short (according to Plaintiffs, half an hour, but that does not take into account time allowed for questions). *See* Ex. 2 at 3. But the only reason the ASM is short is because of the efforts of the prior 40 days and the lengthy meetings that take place the day before (here, set for May 12). Moreover, the Company's bylaws require CoreCivic to have a Board meeting after the ASM, *see* Exhibit 4 (CoreCivic Bylaws, Article III § 2), and those Board meetings are generally quite lengthy.

of a trial in which the Company is a defendant—as a signal that the Company is facing, or anticipating, some materially negative event, triggering harmful market reaction.

### C. Relevant Considerations to Proceeding With Trial in June, July, or August

The Court has inquired as to why the trial cannot proceed on June 22 or July 6. In reliance on the May 18 trial date, and in the hope that vaccination efforts would be complete by mid-June, several members of the defense team, and several of the Defendants, made vacation plans to commence on June 26, including over the Fourth of July. Plaintiffs have declined to provide any information to Defendants regarding whether they too plan to celebrate this holiday with their families and friends. Respectfully, Defendants, and their lawyers, should not be punished for making vacation plans in the same way that the Court apparently scheduled a vacation. Nor would it be fair to compel Defendants, and their lawyers, and the families of same, or Plaintiffs' counsel, to cancel long-planned vacations to solve a problem not of their creation.

As such, to the extent the May 18 date must be rescheduled, Defendants respectfully reiterate their request that the Court schedule the trial for August 3, the fourth option open on the Court's calendar. Plaintiffs have steadfastly objected to moving the trial to August 3, although to date they have provided no explanation whatsoever as to why August 3 is unworkable, other than a vague reference to August school schedules and re-openings post-pandemic. (Members of both parties' teams are located around the country and presumably such schedules vary between states, and depend upon whether such schools are public or private. As an example, schools in San Diego, where Plaintiffs' lead counsel is located, do not resume until the end of August.)

Defendants respectfully observe that the Court made no further inquiry as to the basis for Plaintiffs' objection to an August 3 trial date. Plaintiffs claim they have already planned to be in Nashville for a May trial date, but they have not identified any non-refundable costs they have incurred in reliance on a May 18 (much less a May 11) trial date, and purported inconvenience to

6

Case 3:16-cv-02267    Document 442    Filed 03/18/21    Page 7 of 11 PageID #: 24436

Plaintiffs' counsel is not sufficient to outweigh all of the significant burdens described above. To the extent that Plaintiffs contend August 3 is unworkable, Defendants respectfully submit that the Court should require Plaintiffs to justify their position in the same way the Court is requiring that Defendants justify theirs. Particularly considering the risks of holding a large, lengthy and complex trial like this one in the midst of the ongoing COVID-19 pandemic, Plaintiffs should be required to explain why they cannot hold the trial in August, by which time more members of the plaintiff and defense teams, jury, and court staff will have been vaccinated.

### D. Conclusion

Defendants respectfully submit that the proper remedy here is to select a date that works for all parties, including the Court. For the foregoing reasons, Defendants request that the Court set trial for August 3, 2021, or another date that is mutually workable for the parties and the Court.

| | |
|---|---|
| DATED: March 18, 2021 | Respectfully submitted: |
| | /s/ *Steven A. Riley* <br> Steven A. Riley (TN #6258) <br> Milton S. McGee, III (TN #024150) <br> RILEY WARNOCK & JACOBSON, PLC <br> 1906 West End Avenue <br> Nashville, TN 37203 <br> T: (615) 320-3700 <br> F: (615) 320-3737 <br> sriley@rwjplc.com <br> tmcgee@rwjplc.com |
| | David J. Schindler (admitted *pro hac vice*) <br> Brian T. Glennon (admitted *pro hac vice*) <br> Meryn C. N. Grant (admitted *pro hac vice*) <br> LATHAM & WATKINS LLP <br> 355 South Grand Avenue, Suite 100 <br> Los Angeles, CA 90071 <br> T: (213) 485-1234 <br> F: (213) 891-8763 <br> david.schindler@lw.com <br> brian.glennon@lw.com <br> meryn.grant@lw.com |
| | Morgan E. Whitworth (admitted *pro hac vice*) |

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600
F: (415) 395-8095
morgan.whitworth@lw.com

Sarah A. Tomkowiak (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
T: (202) 637-2335
F: (415) 637-2201
sarah.tomkowiak@lw.com

*Attorneys for Defendants Corrections Corporation of America, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin*

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield, Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Michael Goldberg
Brian Schall
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
michael@goldberglawpc.com
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Mark H. Wildasin
FEDERAL BUREAU OF PRISONS
110 9th Avenue South, Suite A-961
Nashville, TN 37203
mark.wildasin@usdoj.gov

this 18th day of March, 2021.

                                                     /s/ *Steven A. Riley*
                                                    Steven A. Riley