# EXHIBIT 2

| | |
|---|---|
| **From:** | Chris Wood <CWood@rgrdlaw.com> |
| **Sent:** | Thursday, March 18, 2021 3:06 PM |
| **To:** | 'Steve Riley' |
| **Cc:** | Trey McGee; Glennon, Brian (LA); Schindler, David (LA); Tomkowiak, Sarah (DC); Willow Radcliffe; Jason Forge; Rachel Jensen; Christopher Lyons; Kenny Black; Natalie Lakosil |
| **Subject:** | RE: CCA - Shareholder Meeting |

Steve,

Thank you for your email. Maybe the Company can explain to its shareholders that it is adjusting its annual meeting because it faces over $650 million in liability (according to your calculations) that it has failed to so far disclose, and that it needs to prioritize resolution of that matter. Just a thought.

The Court has already taken August off the table, so I'm not sure why that's relevant at this point. In any case, you are wrong about the conflicts and schedules for our folks in San Diego, and as you may or may not know, MNPS for my kids starts the week of August 9.

Best,

Chris Wood
**Robbins Geller Rudman & Dowd LLP**
414 Union St., Suite #900
Nashville, TN 37219
Tel 615 244 2203  |  Fax 615 252 3798

---

**From:** Steve Riley <SRiley@rwjplc.com>
**Sent:** Thursday, March 18, 2021 4:05 PM
**To:** Chris Wood <CWood@rgrdlaw.com>
**Cc:** Trey McGee <TMcGee@rwjplc.com>; Brian Glennon <brian.glennon@lw.com>; David.Schindler@lw.com; Sarah.Tomkowiak@lw.com; Willow Radcliffe <Willowr@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Christopher Lyons <CLyons@rgrdlaw.com>; Kenny Black <KennyB@rgrdlaw.com>; Natalie Lakosil <NLakosil@rgrdlaw.com>
**Subject:** Re: CCA - Shareholder Meeting

Chris,

Thank you for sharing your perspective. Several (not all) of your statements are of course true as far as they go but they ignore all of the practical realities associated with moving the Company's annual meeting. As we intend to explain to the Court in writing today, moving the activities long scheduled for the week of May 10 may not be literally impossible for a particular proposed date, but even if possible or otherwise legal, create significant challenges and hardships for the Company and its shareholders, officers, directors, employees, vendors, corporate attorneys, and auditors. Your perspective ignores or at least severely underestimates those hardships. And we remind you that we are in this

situation through no fault of the Defendants, who appeared at the March 11 conference ready to proceed on the scheduled trial date of May 18.

For example, moving the meetings to the week of May 5 is virtually impossible because of the SEC's proxy solicitation rules, in particular SEC Rule 14a-16, which requires that the Company post its definitive proxy materials online and commence mailing hard copies no later than 40 calendar days before the annual meeting. There is still a significant amount of work that needs to be done to finalize the proxy materials and accelerating all of those deadlines would place an extraordinary burden on individuals who have other professional commitments and have planned to have more time. We fail to see how it's in the best interests of the shareholders to rush through the various interim steps and approvals required to finalize those materials, even if humanly possible to do so.

To move the meetings to a date in June would require, among other things, Board action to amend the Company's by-laws, which require the annual meeting to take place in May (as it has every year). It would also be an uncommon thing to do and potentially lead to harmful market speculation as to "why" despite the fact that it would be technically compliant with MGCL §2-511(d) and a record date of March 17.

Your proposed solution of ending a trial day at 2:30 pm to accommodate an evening annual meeting and Board Meeting is also not fair or acceptable to Defendants. You are right that the annual meeting itself is relatively short (though, last year it was closer to an hour than a half hour), but that is because of the substantial amount of work that takes place in the 40 days preceding the annual meeting. Moreover, the Board meeting that the Company is required to have afterward is not short. There is no good reason that Defendants should be forced to hold these key corporate governance events after a long day of trial and at the risk of disrupting preparation for trial the next day.

Bottom line for us, your points fail to consider all of the factors that should be considered in balancing the hardships to move the trial date. The entirety of the burden of rescheduling the annual meeting will fall on Defendants, when Defendants bear no responsibility for the present situation. Your research into rules and guidance only covers what is "permissible" but then leaps to the conclusion that what permissible must be easy, with no basis in personal experience or fact. You are simply wrong in that regard.

Relatedly, you still have not described what if any hardships you have in moving the trial to one of the later dates suggested by the Court, other than a vague reference to school schedules in August. Please describe those for us. Our research shows in San Diego (where several of your trial team members live) classes begin for the 2021-22 public school year on Monday, August 30th: https://sandiegounified.org/academics/academic_calendars.

To the extent that you submit this email or the substance of it to the Court, we request that you include our response for completeness. Thanks, Steve

Steven A. Riley
615-714-3700

2
Case 3:16-cv-02267   Document 442-2   Filed 03/18/21   Page 3 of 5 PageID #: 24446

On Mar 17, 2021, at 6:59 PM, Chris Wood <CWood@rgrdlaw.com> wrote:

Counsel,

Following up on today's call with the Court:

1) Article II of the Company's bylaws allow for a shareholder meeting anytime "during the month of May," and even a failure to hold the meeting in May would not in and of itself have any impact on the Company ("Failure to hold an annual meeting does not invalidate the Corporation's existence or affect any otherwise valid acts of the Corporation."). If you disagree, please provide the bylaw citation or other authority for your disagreement.

2) While CoreCivic noted in its FY10 Form 10-K that "the 2021 Annual Meeting of Stockholders [is] currently scheduled to be held on May 13, 2021," CoreCivic never publicly disclosed a time for its shareholder meeting and has not sent notices or invitations, or issued a press release announcing the date and time of 2021 shareholder meeting. If you disagree, please provide a copy of the invitation and/or press release you contend has been sent and/or issued.

3) Maryland law provides that notice of the shareholders' meeting – which has not been sent yet and last year was sent on April 8 for a May 14 meeting – only needs to be sent "[n]ot less than 10 nor more than 90 days before each stockholders' meeting," MGCL §2-504(a), so there is still plenty of time to notice the meeting for any day in May. Even if the meeting had already been formally set and noticed (as opposed to simply telling shareholders when it was "currently scheduled"), Maryland law also provides that the meeting "may be adjourned from time to time without further notice to a date not more than 120 days after the original record date" or, "[p]rior to being convened, … may be postponed from time to time to a date not more than 120 days after the original record date." MGCL §2-511(d).

4) With a record date of today, the meeting can be held on any day prior to July 15, 2021 in accordance with MGCL §2-511(d). If you disagree, please provide the statutory or other legal basis for your disagreement.

5) Our understanding is that CoreCivic's 2020 shareholder meeting was held virtually and lasted less than 30 minutes, with approximately one minute of voting. Please confirm this is accurate. If it is not, please tell us how long the meeting lasted and provide the recording of the meeting.

6) The SEC guidance I referred to on our call with the Court today can be found here: https://www.sec.gov/ocr/staff-guidance-conducting-annual-meetings-light-covid-19-concerns

7) Our understanding is that Broadridge can easily change the time or date of the shareholder meeting if you so request. Please let us know if you want to call them together to confirm. We understand that a woman named Crystal Morales should be able to provide such a confirmation.

8) Our understanding is that none of the Defendants is a member of the Company's Compensation Committee or most (if not all) of the other committees that you indicated would be meeting the week of May 10. Please identify each committee that needs to meet during that week of which any defendant is a member. To the extent any defendant is a member of such a committee, our understanding is that these committee meetings will be conducted virtually and could easily be held any day of the week of May 3, on May 10, or in the late afternoon or early evening on any weekday from May 11-May 28, or could otherwise be further rescheduled. If you disagree, please provide us with the specific bases for your disagreement.

9) Our understanding is that the post-Annual Shareholders' Meeting Board Meeting that you referenced during today's call will be a virtual meeting and that it must be held "immediately after and at the same place as the annual meeting of stockholders," Bylaws art. III §2, not on a different day as you implied during today's call. Therefore, whether the Annual Shareholders' Meeting is held in the late afternoon or early evening any day from May 11 to May 28, or at any time from May 3-10, the Board Meeting will follow immediately thereafter and, therefore, will not implicate any other trial days. If you disagree, please provide us with the specific bases for your disagreement.

The bottom line is that everything we have researched and learned indicates that the Company could permissibly and easily reschedule its annual meeting for any weekday from May 3-10. Alternatively, the Company could permissibly and easily schedule its annual meeting for the late afternoon or early evening of May 13, 2021. As a further alternative, the Company could either convene the meeting and adjourn it, or simply postpone it, to any date before July 15. Last, any relevant committee or Board meetings could be held prior to May 11 or the late afternoon or early evening of any day from May 11-28, 2021, or later in conjunction with a postponed or adjourned shareholders meeting.

Accordingly, commencing trial on May 11, 2021 will not compromise or prevent defendants from both attending all trial proceedings and fulfilling their other executive and/or directorial responsibilities. We would be happy to consider a joint proposal to end one or more Court days at 2:30 p.m. the week of May 11 to further accommodate defendants. Please let us know.

As to all the above, unless you tell us otherwise by 4:00 p.m. central tomorrow, we will report the foregoing understandings as undisputed.

Best Regards,

Chris Wood
**Robbins Geller Rudman & Dowd LLP**
414 Union St., Suite #900
Nashville, TN 37219
Tel 615 244 2203 | Fax 615 252 3798

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**