UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PLAINTIFF'S NOTICE OF FILING IN ADVANCE OF MARCH 19 CONFERENCE |

Lead Plaintiff and Class Representative Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), respectfully submits Plaintiff's Notice of Filing in Advance of March 19 Conference.

Plaintiff has performed additional research and conferred via e-mail with Defendants[1], who did not dispute any of Plaintiff's findings or understandings. It is now clear that there are no substantive or practical impediments to beginning this trial on May 11, 2021. Contrary to defense counsel's representations to the Court during the March 17, 2021 conference ("Conference"), Defendants have now conceded that it is not 'in effect impossible' for the Company to conduct its annual meeting in accordance with its legal obligations while also fully participating in a trial beginning on May 11, 2021.

**I.    CCA's Annual Meeting Is Not an Impediment**

In another contrast to the impression painted by counsel, CCA's annual meeting is in fact a ***very*** brief affair, lasting ***less than one hour, including voting*** (which took one minute during last

---

[1] "Defendants" are Corrections Corporation of America ("CCA" or the "Company"), Damon T. Hininger, David M. Garfinkle, Todd Mullenger and Harley G. Lappin. Following the filing of this action, Defendants rebranded CCA and now refer to it as CoreCivic.

year's virtual meeting) *See* Ex. 1[2]. And because the meeting is held virtually, Defendants can literally and practically hold their meeting at any time. They have yet to issue even an anticipated start time, so they would not even be inconvenienced if they held the meeting before proceedings begin or after they conclude on May 13, 2021. Plaintiff would also be happy to start an hour or two later that day or adjourn a couple of hours earlier to allow Defendants to conduct their annual meeting on May 13, 2021, or any other day of their choice. Regardless of whether Defendants conduct the brief annual meeting before or after Court that day, they could easily hold their virtual board meeting immediately thereafter. Again, contrary to counsel's description, the post-annual board meeting is held on the same day as the annual meeting; so even if we broke for the day at lunch on May 13, 2021, all of the meetings would be concluded by May 14, 2021, enabling another full day of trial testimony.

Moreover, Defendants are in no way obligated to hold their annual meeting on May 13, 2021. As Plaintiff's counsel previously explained, and as we have now confirmed, there is no restriction on Defendants holding their annual meeting any day in May.[3]

## II.     Committee Meetings Are Not an Impediment

Regarding the "committee meetings" counsel referenced, Defendants are not even members of most or all of the committees counsel mentioned (counsel could not, or would not, identify a single committee that involves a single Defendant). For example, not a single Defendant

---

[2] All "Ex. __" citations herein are to the Declaration of Christopher M. Wood in Support of Plaintiff's Notice of Filing in Advance of March 19 Conference, filed concurrently herewith.

[3] The United States Securities and Exchange Commission ("SEC") guidance to which Plaintiff's counsel referred during the Conference is attached hereto. Ex. 3. While Defendants have contended that moving "meetings to the week of May 5 is virtually impossible because of the SEC's proxy solicitation rules," the above guidance actually counsels flexibility regarding compliance with SEC Rule 14a-16, and much of the information required to be provided in a proxy solicitation has already been provided in the Company's FY20 Form 10-K.

is a member of the Compensation Committee that counsel expressly invoked. In any event, these committee meetings are also virtual and can be scheduled during any morning, day or evening in May.

### III. Additional Authority Supporting the Foregoing Points

Article II of the Company's bylaws allows for a shareholder meeting at any time "during the month of May," and even a failure to hold the meeting in May would not in and of itself have any impact on the Company ("Failure to hold an annual meeting does not invalidate the Corporation's existence or affect any otherwise valid acts of the Corporation."). Ex. 2. Defendants do not dispute this.

In addition, Maryland law provides that notice of the shareholders' meeting – which has not been sent yet, and last year was sent on April 8 for a May 14 meeting – only needs to be sent "[n]ot less than 10 nor more than 90 days before each stockholders' meeting" (MGCL §2-504(a)), so there is still plenty of time to notice the meeting for any day in May. Even if the meeting had already been formally set and noticed (which it has not), Maryland law also provides that the meeting "may be adjourned from time to time without further notice to a date not more than 120 days after the original record date" or, "[p]rior to being convened, . . . may be postponed from time to time to a date not more than 120 days after the original record date." MGCL §2-511(d)(1)-(2). Defendants do not dispute this. Indeed, with a record date of March 17, 2021, the meeting can be held on any day prior to July 15, 2021, in accordance with MGCL §2-511(d). This too is undisputed.

Further, and again contrary to the impression painted by defense counsel during the Conference, there is no reason to believe that the Company's service provider, Broadridge Financial Solutions ("Broadridge"), cannot easily adjust the date or time of the shareholder

meeting. Plaintiff's counsel identified the point of contact at Broadridge and offered to call jointly with defense counsel to confirm, but defense counsel declined.

Finally, during the parties' e-mail exchanges following the Conference, Defendants failed to specifically identify any reason that any required meetings of CCA's Board of Directors or its committees cannot be held consistent with their obligations in spite of a May 11, 2021 trial date, instead simply pointing to unspecified hardships.

## IV. Conclusion

A May 11, 2021 trial date is functionally equivalent to the May 18, 2021 trial date around which the Court, the parties and counsel have been planning their personal and professional lives for 18 months. As it turns out, adjusting to this one-week advancement is perfectly feasible for Defendants – both legally and practically. Just a few hours of schedule adjustments would avoid weeks of professional and personal disruption. Plaintiff is so committed to making this work that, if necessary, we would commit to not calling as a witness any Defendant who actually participates in the brief annual meeting during the week of May 11. Plaintiff respectfully urges the Court to order this trial to commence in May as the parties have been planning since September 2019. ECF No. 181.

DATED: March 18, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
WILLOW E. RADCLIFFE
KENNETH J. BLACK
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
NATALIE F. LAKOSIL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
nlakosil@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 18, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-02267 Grae v. Corrections Corporation of America et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J. Black**
  kennyb@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Christopher T. Cain**
  cain@scottandcain.com,ambrose@scottandcain.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Jason A. Forge**
  jforge@rgrdlaw.com

- **Brian T. Glennon**
  brian.glennon@lw.com

- **Michael Goldberg**
  michael@goldberglawpc.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Meryn C.N. Grant**
  Meryn.Grant@lw.com

- **Dennis J. Herman**
  dherman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Natalie F. Lakosil**
  nlakosil@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Faraz Mohammadi**
  faraz.mohammadi@lw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Brian Schall**
  brian@goldberglawpc.com

- **David J. Schindler**
  david.schindler@lw.com

- **Sarah A. Tomkowiak**
  sarah.tomkowiak@lw.com

- **Morgan E. Whitworth**
  morgan.whitworth@lw.com,morgan-whitworth-8044@ecf.pacerpro.com

- **Mark H. Wildasin**
  mark.wildasin@usdoj.gov,liz.lopes@usdoj.gov,melissa.russell@usdoj.gov,dkGeorge@bop.gov,othomas@bop.gov,CaseView.ECF@usdoj.gov,regina.taylor2@usdoj.go

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,CWood@ecf.courtdrive.com,willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,rachelj@rgrdlaw.com,smorris@ecf.courtdrive

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`