# EXHIBIT 3

## Announcement

---

# Staff Guidance for Conducting Shareholder Meetings in Light of COVID-19 Concerns

*Sections of this staff statement have been updated as of April 7, 2020.  These sections have been marked with the date tag, "Last updated:4/7/2020," to identify the changes.  We include a date tag when the change is significant.  Below is a summary of the changes included in this update and a brief description of the change:*

- *new section on delays in printing and mailing of full set of proxy materials;*
- *updated section on changes in date, time, and location of a shareholder meeting to clarify that it applies to special meetings; and*
- *updated section on changes in date, time, and location of a shareholder meeting to include the position of the staff of the Division of Investment Management with respect to a meeting held by an investment company in connection with a business combination or certain other transactions.*

The staff of the Division of Corporation Finance and the Division of Investment Management has received inquiries from issuers and shareholders regarding compliance with the federal proxy rules for upcoming annual meetings in light of health, transportation, and other logistical issues raised by the spread of coronavirus disease 2019 (COVID-19).  Given the public health and safety concerns related to COVID-19, the staff is providing the following guidance to assist issuers, shareholders, and other market participants affected by COVID-19 with meeting their obligations under the federal proxy rules.[1]  We remind all parties to consider their own specific facts and circumstances in determining the need for any additional measures beyond the actions discussed below.  We strongly encourage all parties and intermediaries involved in the proxy voting process – including broker-dealers, transfer agents, and proxy service providers – to be flexible and work collaboratively with one another.  We expect all market participants to cooperate with one another to facilitate issuers' obligations to hold annual meetings and disseminate timely, accurate, and clear proxy disclosures under the federal securities laws as well as to allow shareholders to exercise their voting rights under state law.

Any issuer or other person in need of additional assistance related to deadlines, delivery obligations, or their public filings should contact the Division of Corporation Finance at (202) 551-3500 or at  https://www.sec.gov/forms/corp_fin_interpretive.[2]  Investment companies registered under the Investment Company Act of 1940 and business development companies, or their shareholders, in need of additional assistance should contact the staff of the Division of Investment Management at IMOCC@sec.gov, or (202) 551-6825.

## Background

Issuers are generally required to hold annual meetings of security holders under state law.  When issuers with securities registered under Exchange Act Section 12 solicit proxy authority from their shareholders in connection with an annual meeting, they are required to comply with the federal proxy rules, which require, among other things, the delivery of proxy materials (such as definitive proxy statements and proxy cards).

## Changing the Date, Time, or Location of a Shareholder Meeting (Last updated:4/7/2020)

Case 3:16-cv-02267　　　Document 444-3　　　Filed 03/18/21　　　Page 2 of 5 PageID #: 24511

The staff understands that some issuers are contemplating possible changes in the date, time, or location of their annual or special shareholder meetings due to the difficulties arising from COVID-19. In light of these difficulties, the staff will take the position that an issuer that has already mailed and filed its definitive proxy materials can notify shareholders of a change in the date, time, or location of its shareholder meeting without mailing additional soliciting materials or amending its proxy materials if it:

- issues a press release announcing such change;
- files the announcement as definitive additional soliciting material on EDGAR; and
- takes all reasonable steps necessary to inform other intermediaries in the proxy process (such as any proxy service provider) and other relevant market participants (such as the appropriate national securities exchanges) of such change.[3]

We expect issuers to take these actions promptly after making a decision to change the date, time, or location of the meeting and sufficiently in advance of the meeting so the market is alerted to the change in a timely manner. To the extent that issuers have not yet mailed and filed their definitive proxy materials, they should consider whether to include disclosures regarding the possibility that the date, time, or location of the meeting will change due to COVID-19. Such determination should be made based on each issuer's particular facts and circumstances and the reasonable likelihood of such a change.

## "Virtual" Shareholder Meetings

The staff understands that some issuers are contemplating the possibility of conducting a "virtual" shareholder meeting through the internet or other electronic means in lieu of an in-person meeting. The ability to conduct a "virtual" meeting is governed by state law, where permitted, and the issuer's governing documents. Robust disclosures that facilitate informed shareholder voting are just as important for a "virtual" meeting or "hybrid" meeting (*i.e.*, an in-person meeting that also permits shareholder participation through electronic means) as they are for an in-person meeting.

To the extent an issuer plans to conduct a "virtual" or "hybrid" meeting, the staff expects the issuer to notify its shareholders, intermediaries in the proxy process, and other market participants of such plans in a timely manner and disclose clear directions as to the logistical details of the "virtual" or "hybrid" meeting, including how shareholders can remotely access, participate in, and vote at such meeting. For issuers that have not yet filed and delivered their definitive proxy materials, such disclosures should be in the definitive proxy statement and other soliciting materials. Issuers that have already filed and mailed their definitive proxy materials would not need to mail additional soliciting materials (including new proxy cards) solely for the purpose of switching to a "virtual" or "hybrid" meeting if they follow the steps described above for announcing a change in the meeting date, time, or location.

## Presentation of Shareholder Proposals

Exchange Act Rule 14a-8(h) requires shareholder proponents, or their representatives, to appear and present their proposals at the annual meeting. In light of the possible difficulties for shareholder proponents to attend annual meetings in person to present their proposals, the staff encourages issuers, to the extent feasible under state law, to provide shareholder proponents or their representatives with the ability to present their proposals through alternative means, such as by phone, during the 2020 proxy season.

Furthermore, to the extent a shareholder proponent or representative is not able to attend the annual meeting and present the proposal due to the inability to travel or other hardships related to COVID-19, the staff would consider this to be "good cause" under Rule 14a-8(h) should issuers assert Rule 14a-8(h)(3) as a basis to exclude a proposal submitted by the shareholder proponent for any meetings held in the following two calendar years.

## Delays in Printing and Mailing of Full Set of Proxy Materials (Last updated:4/7/2020)

The staff understands that some issuers may be encountering delays in the printing and physical mailing of the "full set" of their proxy materials[4] for their upcoming shareholder meetings due to the impact of COVID-19 on the facilities and staffing of their proxy service providers or transfer agents.

In response, the staff understands that some issuers would like to furnish their proxy materials through the "notice-only" delivery option permitted by Exchange Act Rule 14a-16, but have concerns about their ability to comply with certain provisions of the rule. [5] For example, due to unexpected delays caused by COVID-19, an issuer may not be able to send the notice of the electronic availability of the proxy materials at least 40 calendar days before the meeting, provide intermediaries (such as a broker, dealer, or bank) with the information needed so the intermediaries can send the notice to beneficial owners within the 40 calendar days timeframe required by Exchange Act Rule 14b-1 or 14b-2, or respond to a shareholder's request for paper copies of proxy materials in a timely manner.

The primary goal of the proxy process is allow shareholders to receive material information about the matters to be presented at a shareholder meeting in a timely manner so they can make informed voting decisions. The staff encourages issuers affected by printing and mailing delays caused by COVID-19 to use all reasonable efforts to achieve this goal without putting the health or safety of anyone involved at risk. In some cases, this may mean delaying a meeting in accordance with state law requirements and the procedures described above, if necessary, in order to provide materials on a timely basis. In circumstances where delays are unavoidable due to COVID-19 related difficulties, the staff would not object to an issuer using the "notice-only" delivery option in a manner that, while not meeting all aspects of the notice and timing requirements of Rule 14a-16,[6] will nonetheless provide shareholders with proxy materials sufficiently in advance of the meeting to review these materials and exercise their voting rights under state law in an informed manner and so long as the issuer announces the change in the delivery method by following the steps described above for announcing a change in the meeting date, time, or location. Affected issuers and intermediaries also should continue to use their best efforts to send paper copies of proxy materials and annual reports to requesting shareholders, even if such deliveries would be delayed.

Issuers and other affected parties are encouraged to contact the staff to discuss any other concerns resulting from any late filings caused by delays in the printing and mailing of proxy materials.

---

[1]The statement represents the views of the staff of the Division of Corporation Finance and the Division of Investment Management. It is not a rule, regulation, or statement of the Securities and Exchange Commission (Commission). The Commission has neither approved nor disapproved its content. This statement, like all staff statements, has no legal force or effect: it does not alter or amend applicable law, and it creates no new or additional obligations for any person. This statement also does not address any procedural, notice, or other requirements with respect to shareholder meetings under applicable state law, issuer governing documents, or exchange listing standards.

[2] See also the Commission order providing conditional regulatory relief and assistance for issuers affected by COVID-19, Release No. 34-88465 (March 25, 2020), available at https://www.sec.gov/rules/exorders/2020/34-88465.pdf.

[3] The staff of the Division of Investment Management would take a similar position with respect to changes in the date, time, or location of a shareholder meeting held by an investment company in connection with a business combination or other transaction described in a registration statement on Form N-14, except that in lieu of the announcement of the change being filed as additional definitive soliciting material, the staff would expect the announcement to be filed as a prospectus supplement under Securities Act Rule 497.

[4] A "full set" of proxy materials would contain (1) a proxy statement or information statement, (2) an annual report if one is required by Exchange Rule 14a-3(b) or 14c-3(a), and (3) a proxy card or, in the case of a beneficial owner holding in "street name," a request for voting instructions, if proxies are being solicited.

[5]Under the "notice-only" delivery option, the issuer must post its proxy materials on an internet website and send a notice to shareholders to inform them of the electronic availability of the proxy materials at least 40 calendar days before the shareholders meeting. If an issuer follows this option, it must respond to shareholder requests for copies, including a shareholder's permanent request for paper or e-mail copies of proxy materials for all shareholder meetings.

[6]These requirements include: the Rule 14a-16(a) requirement to send a notice of electronic availability of proxy materials and annual reports no later than 40 calendar days before the meeting; the Rule 14a-16(j)(1) requirement to send paper copies of proxy materials and annual reports within three business days after receiving a request; and the Rule 14a-16(j)(4) requirement to continue to send paper copies of proxy materials and annual reports to requesting shareholders until such requests are revoked.

*Modified: April 7, 2020*