UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,<br><br>Defendants. | Case No. 3:16-cv-2267<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

On March 23, 2021, the court entered an Order instructing the parties to

> make all reasonable efforts to agree to a Master List of predicate statements on which the plaintiff class will seek to base its claims at trial, to be filed jointly within fourteen days of this Order. It is not required that each individual statement consist only of a single sentence. However, each statement shall be defined sufficiently concisely for it to be considered as a single statement, rather than a compilation of statements.

(Doc. No. 449 at 1.) The court assured the parties that "[t]he decision to separate individual statements from each other for the purposes of the Master List will be without prejudice to the jury's consideration of each statement in context, including in the context of the other statements at issue." (*Id.*) The court ordered that, "[i]f the parties are unable agree to a Master List in its entirety, they shall jointly file a document setting forth all statements upon which the lead plaintiff[1] seeks to premise its claims, followed by enumerated objections by the defendants." (*Id.*)

---

[1] The lead plaintiff is Amalgamated Bank, as Trustee for the LongView Collective Investment Fund.

On April 6, 2021, the parties filed a document informing the court that they had been unable to come to a full agreement and setting forth their respective positions. (Doc. No. 454.) The next day, the parties filed a revised version of that document, reflecting the fact that they had resolved one of the defendants' objections. (Doc. No. 455.) The lead plaintiff included a list of allegedly misleading statements that, on its face, fails to comply with the court's Order, because it is merely a list of whole documents, not a list of statements "sufficiently concise[] . . . to be considered as . . . single statement[s], rather than . . . compilation[s] of statements." (Doc. No. 455 at 2–3.) The lead plaintiff, however, also filed a significantly more detailed list of "Contextual Sub-Statements" that does, in fact, comply with the court's Order. (*Id.* at 9–38.) The court, accordingly, will treat that latter list as the lead plaintiff's proposed master list ("Plaintiff Master List").

The defendants object to the lead plaintiff's attempt to rely on its initial, less-specific list of statements, taking issue, in particular, with the lead plaintiff's contention that its failure to provide more specific alleged instances of falsehoods is justified by its reliance on a "scheme liability" theory of securities fraud. With regard to the specific "sub-statements" in what the court has construed as the Plaintiff Master List, the defendants objected to the inclusion of a number of those statements on the ground that they were not included in the operative Complaint (Doc. No. 57). The defendants base that objection, not merely on the ordinary rules of pleading under the Federal Rules of Civil Procedure, but also on the requirements of the Private Securities Litigation Reform Act ("PSLRA"), which, as this court has already discussed at length in this litigation, imposes rigorous pleading requirements for securities fraud plaintiffs far in excess of those faced by ordinary plaintiffs, even ordinary fraud plaintiffs subject to Fed. R. Civ. P. 9(b). Specifically, 15 U.S.C. §78u-4(b)(1) of the PSLRA requires that

> In any private action arising under this chapter in which the plaintiff alleges that the defendant—

> > (A) made an untrue statement of a material fact; or
>
> > (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1). The defendants argue that it is inconsistent with that requirement to allow the lead plaintiff to rely at trial on predicate false or misleading statements that were not specifically enumerated in the Complaint.

The PSLRA "makes clear Congress' intent to permit private securities fraud actions for recovery where, but only where, plaintiffs adequately allege *and* prove the traditional elements" of fraud. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (emphasis added). Typically, those two requirements—adequate pleading and adequate proof—are tested in their own respective, distinct parts of the litigation process. The adequacy of what the plaintiff has pleaded is considered pursuant to a motion to dismiss, and, later in the case, the adequacy of its proof is considered pursuant to summary judgment and/or trial. The defendants, however, have identified a quirk in that ordinary division of inquiries. A motion to dismiss can target allegations that were pleaded *insufficiently*, but there is no way to move to "dismiss" claims that were not pleaded at all. Because of that, a motion to dismiss cannot be the only mechanism for enforcing 15 U.S.C. § 78u-4(b)(1). The court must also observe the restrictions that the Rules of Civil Procedure impose on exceeding or superseding the operative Complaint, to ensure that new allegations are not smuggled into the case without satisfying the requirements of, and being subjected to, the scrutiny required by the PSLRA.

3

It is not uncommon for the details or the thrust of a plaintiff's case to change significantly as litigation proceeds, discovery is completed, and legal rulings are issued by the court. The Federal Rules, however, are clear with regard to how a plaintiff should proceed if he wishes to alter his allegations from what he originally pleaded. "[I]f a plaintiff decides to advance a new claim as a result of" developments during litigation, "liberal amendment of the complaint is provided for by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend the complaint 'shall be freely given when justice so requires.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005). In deciding whether to grant a motion to amend, the court considers undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The court has little doubt that, if it were to construe the lead plaintiff's arguments as a request to amend the complaint, the court would deny the request. Admittedly, the prejudice to the defendants would be mitigated significantly by the fact that the statements at issue are similar, if not identical, to statements that were included in the Complaint. Nevertheless, the discovery in this case has been voluminous and expensive, and the parties are on the eve of trial. Moreover, there would be no colorable excuse for waiting this late in the process to file an amended complaint citing statements that were public and could have been added long ago. Amendment of the Complaint is, therefore, unavailable to the lead plaintiff as a way to defeat the defendants' objections.

The lead plaintiff, rather than relying on a request to amend its Complaint, seeks to justify its reliance on statements that were not pleaded by citing the principle that, once the court enters

its final pretrial order, that order will "supersede[] all prior pleadings and 'control[] the subsequent course of the action.'" *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (quoting Fed. Rule Civ. Proc. 16(e), cmt. 1983 amendments; citing *Curtis v. Loether*, 415 U.S. 189, 190 n.1 (1974)). That principle might be relevant if the court had *already* entered a pretrial order adopting the Plaintiff Master List and the defendants had failed to object. The court, however, has done no such thing, and the defendants have timely objected that the lead plaintiff seeks to exceed the scope of its Complaint. The court sees no reason why it should use its Rule 16(e) authority to issue a pretrial order to, in effect, permit an amendment of the plaintiffs' claims that the court would have denied if the amendment had been properly requested through Rule 15. The court, therefore, must consider the objected-to statements on the Plaintiff Master List to ascertain if they should, in fact, be excluded based on 15 U.S.C. § 78u-4(b)(1).

The lead plaintiff's responses to the defendants' objections that individual statements were not pleaded in the operative Complaint fall into five categories, applying to the statements enumerated below:

1. The document in which the objected-to statement appears was cited in the Complaint without identifying the statement, but the objected-to statement was identified as at issue in this case during discovery.

    *Statements 1(e), 1(f), 1(g), 6(e), 6(g), 11(f), 11(g), 19(e), 19(f), 19(g), 27(h), 27(i).*

2. The document in which the objected-to statement appears was cited in the Complaint without identifying the statement, and the objected-to statement itself was not identified during discovery as at issue in this case, but an identical or substantially identical statement was identified, during discovery, as at issue.

    *Statements 1(h), 1(i), 6(f), 6(h), 11(e), 11(h), 19(h), 19(i), 19(j), 20(a), 22(a), 24(a), 27(c), 27(g), 27(j), 29(b), 35(d).*

3. The document in which the objected-to statement appears was cited in the Complaint without identifying the statement, and neither the objected-to statement nor a substantially identical statement was identified during discovery as at issue in

5

this case, but the matter discussed by the statement is central to the case and part of the overall fraudulent scheme.

*Statement 35(a).*

4. The document in which the objected-to statement appears was not cited in the Complaint, but the objected-to statement was identified as at issue in this case during discovery.

*Statements 16(a), 17(a).*

5. The objected-to statement was not part of a document cited in the Complaint and was not identified during discovery as at issue in this case, but the issue discussed is central to the case and part of the overall fraudulent scheme.

*Statements 33(a), 34(a).*

None of these responses is sufficient to refute the defendants' objection that the statements at issue fail to satisfy 15 U.S.C. § 78u-4(b)(1) because they were not identified in the Complaint. The various factors that the lead plaintiff has identified are, at most, relevant to the question of whether it would be unduly prejudicial to the defendants to permit amendment to the Complaint to include those statements. Those considerations, however, are not sufficient to overcome the late hour at which such an amendment would occur.

The court's analysis is unaffected by the fact that the lead plaintiff wishes to pursue a "scheme liability" theory alongside its statement-specific fraud claims. "Scheme liability" refers to securities fraud "claims under Rule 10b-5(a) and (c)," which "make deceptive *conduct* actionable, as opposed to Rule 10b-5(b), which relates to deceptive statements." *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 643 n.29 (3d Cir. 2011) (emphasis added), *abrogated on other grounds by Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013). Specifically, Rule 10b-5(a) prohibits the use of "any device, scheme or artifice to defraud," 17 C.F.R. § 240.10b-5(a), and Rule 10b-5(c) prohibits engaging in "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person," 17 C.F.R. § 240.10b-5(c). Courts

have typically held that "[a] defendant may only be liable as part of a fraudulent scheme . . . when the scheme also encompasses conduct beyond" solely the "misrepresentations or omissions" made by the defendant. *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 987 (8th Cir. 2012) (quoting *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1057 (9th Cir.2011); *citing Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 177 (2d Cir. 2005)); *see Gordon v. Royal Palm Real Est. Inv. Fund I, LLLP*, No. 09-11770, 2020 WL 2836312, at *5 (E.D. Mich. May 31, 2020) ("[O]missions and misrepresentations alone cannot form the basis of a fraudulent scheme.") (collecting cases). Specifically, the lead plaintiff states that it intends to rely on the following actions in support of its scheme liability claims:

> (i) hiring former BOP employees such as [Harley] Lappin to buy their influence; (ii) trying to direct public policy in CCA's favor through lobbying and campaign contributions; (iii) falsely denying that CCA had broken its pledge to run jails better, and cheaper, than government; (iv) engaging in strategic cost cutting to boost reported profits, to the detriment of providing services that were not only promised but also essential; (v) failing to cure systemic deficiencies in staffing and health services; and (vi) participating in investor presentations, controlling CCA spokespeople, and being able to control the information disseminated by CCA.

(Doc. No. 455 at 5 (internal quotations omitted).)

The defendants take issue with how well the lead plaintiff pleaded its scheme liability claims and whether the evidence truly supports them, but the opportunities for addressing those issues prior to trial have passed. Unlike some of the statements on which the lead plaintiff now seeks to rely, scheme liability was indeed pleaded in the operative Complaint (Doc. No. 57 ¶¶ 3, 31, 196, 200, 213), meaning that there have been ample opportunities to address it on the merits prior to trial, and it has not been dismissed or been the subject of a grant of summary judgment. The mere existence of the scheme liability claims, however, does not change the fact that the plaintiff class also has claims pending based on specific false or misleading statements and that those claims must have been pleaded in accordance with 15 U.S.C. § 78u-4(b)(1) in order to

7

survive. The court, accordingly, will not overrule any of the defendants' objections to the Plaintiff Master List based on the presence of scheme liability. Any instructions to the jury regarding scheme liability can be addressed when proposed, but that issue has no bearing on whether certain statements must be excluded as predicates for liability based on 15 U.S.C. § 78u-4(b)(1).

The court, therefore, will sustain the defendants' objections to the following statements: 1(e), 1(f), 1(g), 1(h), 1(i), 6(e), 6(f), 6(g), 6(h), 11(e), 11(f), 11(g), 11(h), 16(a), 17(a), 19(e), 19(f), 19(g), 19(h), 19(i), 19(j), 20(a), 22(a), 24(a), 27(c), 27(g), 27(h), 27(i), 27(j), 29(b), 33(a), 34(a), 35(a), and 35(d). The jury will not be instructed or permitted to consider those statements as predicate false or misleading statements for the purposes of the plaintiff class's claims, because they were not pleaded in accordance with the PSLRA. To hold otherwise would require either disregarding the PSLRA or disregarding established principles governing the amendment of the pleadings.

The court stresses that its ruling is limited to the question of which statements may serve as predicate statements for a finding of fraud based on a false or misleading statement or omission. In other words, it is a substantive ruling about the claims that will be sent to the jury, not an evidentiary ruling about what information the parties may present. As the court has held throughout this case, the defendants' statements should, and indeed must, be evaluated in context. That context may include entire documents and may even include related statements that cannot themselves form the basis for the plaintiffs' false-statement claims because they were not pleaded in compliance with the PSLRA. The court, therefore, is not currently barring any of the objected-to information from presentation to the jury. Indeed, the defendants themselves agree that, "[c]onsistent with the [c]ourt's guidance," the jury may review "full document[s] (SEC filings, earnings call transcripts, and press releases listed above) to consider each remaining challenged

statement in context." (Doc. No. 455 at 40.) The defendants' objections, however, are well-founded when it comes to whether the objected-to statements can themselves be predicate falsehoods for the purposes of a finding of liability. The lead plaintiff is therefore **ORDERED** to file a Final Master List of statements based on its list of "Contextual Sub-Statements" that omits the individual objected-to statements within seven days of this Order.

    It is so **ORDERED**.

 

ALETA A. TRAUGER
United States District Judge