# EXHIBIT A-1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 3:16-cv-02267 |
| Plaintiff, | Honorable Aleta A. Trauger |
| vs. | NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| CORRECTIONS CORPORATION OF AMERICA, et al., | EXHIBIT A-1 |
| Defendants. | |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CORRECTIONS CORPORATION OF AMERICA, INC. ("CCA" OR THE "COMPANY") (N/K/A/ "CORECIVIC") SECURITIES DURING THE PERIOD BETWEEN FEBRUARY 27, 2012 THROUGH AND INCLUDING AUGUST 17, 2016, AND WHO WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2021**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION**.

THIS NOTICE IS DIFFERENT FROM THE ONE YOU PREVIOUSLY RECEIVED ADVISING YOU OF THE PENDENCY OF THIS LITIGATION.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee (the "Court"). The purpose of this Notice is to inform you of the proposed $56,000,000 settlement of the Litigation (the "Settlement") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated June 24, 2021 (the "Stipulation"), by and between Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Plaintiff"), on behalf of itself and the Class (as defined below), on the one hand, and Defendants CCA, Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G.

1

Lappin (the "Defendants"), on the other hand. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before _____, 2021.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2021. If you excluded yourself in response to the prior notice in 2020, do not do so again.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before _____, 2021. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2021.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.CoreCivicSecuritiesLitigation.com.

-2-

## <u>SUMMARY OF THIS NOTICE</u>

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $56 million settlement has been established. Based on Plaintiff's estimate of the number of allegedly damaged securities eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $0.56, and the average distribution per Note under the Plan of Allocation is approximately $1.25 before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of CCA securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of CCA securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of CCA securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of CCA securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiff alleged were materially false or misleading influenced (if at all) the prices of CCA securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the prices of CCA securities at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Class Counsel will apply to the Court on behalf of all Plaintiff's Counsel for an award of attorneys' fees not to exceed thirty-three and one-third percent (33-1/3%) of the Settlement Amount, plus expenses not to exceed $2,300,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per CCA common share will be approximately $0.21 and the average cost per Note will be approximately $0.46. In addition, Plaintiff may seek payment for its time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-866-779-6819, or visit the website www.CoreCivicSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
| --- | --- |

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired CCA securities (common stock, notes or options) during the period from February 27, 2012, through and including August 17, 2016 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Middle District of Tennessee, and the case is known as *Grae v. Corrections Corporation of America, et al.*, Civil Action No. 3:16-cv-02267. The case has been assigned to the Honorable Aleta A. Trauger. The entity representing the Class is the "Plaintiff," and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
| --- | --- |

The initial complaint in this action was filed on August 23, 2016. On January 10, 2017, the Court appointed Plaintiff as the Lead Plaintiff and appointed Lead Counsel.

Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on March 13, 2017, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Plaintiff alleges that throughout the Class Period (February 27, 2012 through August 17, 2016, inclusive), Defendants engaged in a scheme to defraud and made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, which caused the price of the Company's securities to trade at artificially inflated prices, until the circumstances concealed by the alleged fraud were revealed and the Company's securities prices significantly declined. Defendants deny each and all of Plaintiff's allegations. Defendants contend that they did not engage in a scheme to defraud, did not make any false or misleading statements, disclosed all information required to be disclosed by the federal securities laws, that the prices of the Company's securities were not artificially inflated, and that no damage to the Company's stock price resulted from Defendants' alleged wrongdoing.

Defendants moved to dismiss the Complaint on May 12, 2017. Plaintiff opposed the motion on June 26, 2017, and Defendants filed their reply on July 26, 2017. On December 18, 2017, the Court denied the motion in its entirety.

On June 1, 2018, Plaintiff moved for class certification. Following the taking of discovery of Plaintiff, Defendants filed their opposition on July 16, 2018, and Plaintiff filed its reply on October 26, 2018. On January 18, 2019, the Court denied Plaintiff's motion. Plaintiff filed a motion for reconsideration on February 1, 2019, and Defendants filed their opposition on February 15, 2019. Plaintiff filed its reply on February 22, 2019, and on March 26, 2019, the Court granted Plaintiff's motion for reconsideration and certified the class. On August 23, 2019, the Sixth Circuit Court of Appeals denied Defendants' Rule 23(f) petition for leave to appeal the Court's class certification order. In June 2020, notice of the pendency of the Litigation was provided to the Class.

The parties conducted extensive fact and expert discovery and litigated a number of discovery disputes. In all, Defendants and third parties produced over 3.7 million pages of documents, and the parties took more than 35 fact and expert depositions.

On November 20, 2020, the parties cross moved for summary judgment and moved to exclude various experts. Oppositions were filed on January 22, 2021, and reply briefs were filed on February 19, 2021. On March 17, 2021, the Court granted in part and denied in part one of Plaintiff's and one of Defendants' motions to exclude experts, and denied the remainder. On March 23, 2021, the Court granted in part and denied in part the respective summary judgment motions.

On March 19, 2021, the Court set May 10, 2021 as the first date of trial, and the parties continued their trial preparation in anticipation of the jury trial.

On February 28, 2019, the Settling Parties participated in a voluntary confidential mediation with Gregory Lindstrom, Esq. of Phillips ADR, an experienced mediator. The mediation was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, but did not reach a settlement. On May 31, 2019, Defendants and Plaintiff participated in another in-person mediation session with Mr. Lindstrom. Prior to this session, the Settling Parties provided to Mr. Lindstrom and exchanged supplemental mediation materials. The Settling Parties engaged in arm's-length negotiations during the mediation session,

but were unable to reach an agreement.  Following the second in-person mediation, the Settling Parties continued settlement discussions through Mr. Lindstrom and Hon. Layn R. Phillips (Ret.).  On April 15, 2021, the Settling Parties accepted the mediator's proposal to resolve the Litigation, and on May 19, 2021 executed a Settlement Agreement memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $56,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiff in the Litigation.  Defendants contend that they did not engage in a scheme to defraud, did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | **Why is there a settlement?** |
|---|---|

The Court has not decided in favor of Defendants or of the Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | **How do I know if I am a Member of the Class?** |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired CCA securities during the period from February 27, 2012, through and including August 17, 2016, and who were allegedly damaged thereby, except those Persons and entities that are excluded.

Excluded from the Class are:  (a) CCA/CoreCivic; (b) Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin; (c) all other executive officers and directors of CCA/CoreCivic or any of its parents, subsidiaries or other entities owned or controlled by CCA/CoreCivic during the Class Period; (d) all immediate family members of the foregoing, including grandparents, parents, spouses, siblings, children, grandchildren and step relations of similar degree; and (e) all predecessors and successors in interest or assigns of any of the foregoing.  Also excluded from the Class are those Persons who timely and validly excluded themselves therefrom by submitting a request for exclusion in connection with the Notice of Pendency of Class Action provided in June 2020, or who do so in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to

submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| **5.** | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-779-6819, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $56 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.CoreCivicSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2021.** The Proof of Claim form may be submitted online at www.CoreCivicSecuritiesLitigation.com.

| **9.** | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2021, at _____ _.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, or previously excluded yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (i) the purchase and/or acquisition of CCA securities during the Class Period; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiff, Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him,

her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, the Class and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiff, the Class and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Class and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Class and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially to sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who collectively incurred more than a certain amount of Claimed Losses, as calculated by the Plan of Allocation, exclude themselves from the Class.

| 11. | How do I get out of the Class and the proposed Settlement? |
|-----|--------------------------------------------------------------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *CCA/CoreCivic Securities Settlement*." Your letter must include your purchases or acquisitions of CCA securities during the Class Period, including the dates, the number and type of CCA securities purchased or acquired, and price paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2021** to:

*CCA/CoreCivic Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA  02021

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future, if such claims are not time-barred.

10

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2021.

| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three and one-third percent (33-1/3%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $2,300,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiff may seek up to $42,000 for its time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Class Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *CCA/CoreCivic Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), type(s) and number of CCA securities you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state

whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s) of CCA securities during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2021:**

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Estes Kefauver Federal Building & Courthouse 801 Broadway Nashville, TN 37203 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101 | LATHAM & WATKINS LLP Attn: Morgan Whitworth 505 Montgomery Street, Suite 2000 San Francisco, CA 94111 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at \_\_\_ \_.m., on _____, **2021**, in the Courtroom of the Honorable Aleta A. Trauger, at the United States District Court for the Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time and location of the Settlement Hearing without another notice being sent to Class Members.

The Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.CoreCivicSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CoreCivicSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the conference will be posted to the Settlement website, www.CoreCivicSecuritiesLitigation.com**. If you want to attend the hearing, either in person or remotely, if permitted, you should check with Class Counsel or the Settlement website, www.CoreCivicSecuritiesLitigation.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *CCA/CoreCivic Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiff's Counsel or Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 2021**, and addressed to the Clerk of Court, Class Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of

any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-779-6819. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.CoreCivicSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Tennessee, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $56,000,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.CoreCivicSecuritiesLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

14

The Plan of Allocation is intended to compensate Class Members who purchased or acquired CCA securities during the period February 27, 2012 through August 17, 2016, inclusive ("Class Period") and were allegedly damaged thereby under the Securities Exchange Act of 1934 ("Exchange Act").

Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim forms that Class Members send in and how many and which type of CCA security you purchased or acquired during the Class Period, and whether and when you sold any of those securities.

To the extent there are sufficient funds in the Net Settlement Fund, each claimant will receive an amount equal to the claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each claimant, then each claimant shall be paid the percentage of the Net Settlement Fund that each claimant's Recognized Loss bears to the total of the Recognized Loss of all claimants – *i.e.*, the claimant's *pro rata* share of the Net Settlement Fund.

For each Class Period purchase or acquisition of CCA securities that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

### CCA Common Stock

The allocation below is based on the following inflation per share amounts for Class Period share purchases, acquisitions and sales as well as the statutory PSLRA 90 day-look back amount of $15.59.[2]

| Inflation Period | Inflation per Share |
|---|---|
| February 27, 2012 – February 7, 2013 | $4.51 |
| February 8, 2013 – August 1, 2016 | $6.94 |
| August 2, 2016 – August 17, 2016 | $6.62 |

For CCA shares purchased, or acquired, on or between February 27, 2012 through and including August 17, 2016, the claim per share shall be as follows:

(a)     If sold prior to August 2, 2016, the claim per share is $0.00.

---

[2]     Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, a Recognized Loss for CCA common stock is reduced to an appropriate extent by taking into account the closing prices of CCA common stock during the 90-day look-back period. The mean (average) closing price for CCA common stock during this 90-day look-back period was $15.59 per share as shown in Table A.

(b)      If sold on or between August 2, 2016 through and including August 17, 2016, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

(c)      If retained at the end of August 17, 2016 and sold on or before November 14, 2016, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

(d)      If retained at the close of trading on November 14, 2016, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $15.59.

### CCA Notes

### June 2013 4.125% Notes due April 1, 2020

### <u>CUSIP: 22025YAL4</u>

The allocation below is based on the following inflation per share amounts for Class Period share purchases, acquisitions and sales as well as the statutory PSLRA 90 day-look back amount of $958.76.[3]  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per Note is $0.00.

| Inflation Period | Inflation per $1,000 Note |
|---|---|
| June 1, 2013 – August 17, 2016 | $50.40 |

For CCA June 2013 Notes purchased, or acquired, on or between June 1, 2013 through and including August 17, 2016, the claim per Note shall be as follows:

(a)      If sold prior to August 18, 2016, the claim per Note is $0.00.

(b)      If retained at the end of August 17, 2016 and sold on or before November 14, 2016, the claim per Note shall be the least of: (i) the inflation per Note at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

---

[3]      Consistent with the requirements of §21(D)(e)(1) of the Exchange Act, the Recognized Loss Amounts for the June 2013 4.125% Notes due April 1, 2020 are reduced to an appropriate extent by taking into account the average closing prices of these notes during the 90-day lookback period. The mean (average) closing prices for these notes during the 90-day lookback period was $958.76 per $1000 of par, as shown in Table B.

16

(c)     If sold on, or after, November 14, 2016, the claim per Note shall be the lesser of: (i) the inflation per Note at the time of purchase; and (ii) the difference between the purchase price and $958.76.

(d)     If held at maturity, the claim per Note is $0.00.

### March 2013 4.625% Notes due March 1, 2023

CUSIP:  22025YAP5

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90 day-look back amount of $900.53.[4] Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per Note is $0.00.

| Inflation Period | Inflation per $1,000 Note |
|---|---|
| March 1, 2013 – August 17, 2016 | $80.00 |

For CCA March 2013 Notes purchased, or acquired, on or between March 1, 2013 through and including August 17, 2016, the claim per Note shall be as follows:

(a)     If sold prior to August 18, 2016, the claim per Note is $0.00.

(b)     If retained at the end of August 17, 2016 and sold on or before November 14, 2016, the claim per Note shall be the least of: (i) the inflation per Note at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

(c)     If retained at the close of trading on November 14, 2016, or sold thereafter, the claim per Note shall be the lesser of: (i) the inflation per Note at the time of purchase; and (ii) the difference between the purchase price and $900.53.

### September 2015 5.0% Notes due October 15, 2022

CUSIP:  22025YAQ3

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90 day-look back amount of $928.19.[5]

---

[4]     Consistent with the requirements of §21(D)(e)(1) of the Exchange Act, the Recognized Loss Amounts for the March 2013 4.625% Notes due March 1, 2023 are reduced to an appropriate extent by taking into account the average closing prices of these notes during the 90-day lookback period. The mean (average) closing prices for these notes during the 90-day lookback period was $900.53 per $1000 of par, as shown in Table B.

[5]     Consistent with the requirements of §21(D)(e)(1) of the Exchange Act, the Recognized Loss Amounts for the September 2015 5.0% Notes due October 15, 2022 are reduced to an appropriate extent by taking into account the average closing prices of these notes during the 90-day lookback

Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per Note is $0.00.

| Inflation Period | Inflation per $1,000 Note |
|---|---|
| September 1, 2013 – August 17, 2016 | $96.00 |

For CCA March 2013 Notes purchased, or acquired, on or between March 1, 2013 through and including August 17, 2016, the claim per Note shall be as follows:

(a)     If sold prior to August 18, 2016, the claim per Note is $0.00.

(b)     If retained at the end of August 17, 2016 and sold on or before November 14, 2016, the claim per Note shall be the least of: (i) the inflation per Note at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

(c)     If retained at the close of trading on November 14, 2016, or sold thereafter, the claim per Note shall be the lesser of: (i) the inflation per Note at the time of purchase; and (ii) the difference between the purchase price and $928.19.

Note:  The combined recovery for the Notes identified above shall not exceed 2.5% of the Net Settlement Fund.

## CALL OPTIONS

A.     For call options on CCA common stock *purchased* from February 27, 2012 through and including August 17, 2016, and

(a)     held at the end of August 1, 2016 and/or August 17, 2016, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

(b)     not held at the end of August 1, 2016 and/or August 17, 2016, the claim per call option is $0.

B.     For call options on CCA common stock *written* from February 27, 2012 through and including August 17, 2016, the claim per call option is $0.

## PUT OPTIONS

A.     For put options on CCA common stock *written* from February 27, 2012 through and including August 17, 2016, and

---

period.  The mean (average) closing prices for these notes during the 90-day lookback period was $928.19 per $1000 of par, as shown in Table B.

(a)    held at the end of August 1, 2016 and/or August 17, 2016, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

(b)    not held at the end of August 1, 2016 and/or August 17, 2016, the claim per put option is $0.

B.    For put options on CCA common stock *purchased* from February 27, 2012 through and including August 17, 2016, the claim per put option is $0.

Note:  In the case the option was exercised for CCA common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using CCA common stock's closing price on the date the option was exercised.

Note:  The combined recovery for the Put/Call Options shall not exceed 2.5% of the Net Settlement Fund.

**TABLE A**

| Date | Price | Average Closing Price |
|------|-------|-----------------------|
| 8/18/2016 | $17.57 | $17.57 |
| 8/19/2016 | $19.08 | $18.33 |
| 8/22/2016 | $19.36 | $18.67 |
| 8/23/2016 | $18.40 | $18.60 |
| 8/24/2016 | $18.00 | $18.48 |
| 8/25/2016 | $18.14 | $18.43 |
| 8/26/2016 | $17.51 | $18.29 |
| 8/29/2016 | $16.79 | $18.11 |
| 8/30/2016 | $16.02 | $17.87 |
| 8/31/2016 | $15.93 | $17.68 |
| 9/1/2016 | $15.64 | $17.49 |
| 9/2/2016 | $16.05 | $17.37 |
| 9/6/2016 | $16.05 | $17.27 |
| 9/7/2016 | $16.01 | $17.18 |
| 9/8/2016 | $16.07 | $17.11 |
| 9/9/2016 | $15.49 | $17.01 |
| 9/12/2016 | $15.53 | $16.92 |
| 9/13/2016 | $15.36 | $16.83 |
| 9/14/2016 | $16.02 | $16.79 |
| 9/15/2016 | $16.20 | $16.76 |
| 9/16/2016 | $16.12 | $16.73 |
| 9/19/2016 | $16.60 | $16.72 |
| 9/20/2016 | $15.80 | $16.68 |
| 9/21/2016 | $15.70 | $16.64 |

| Date | Price | Average Closing Price |
|---|---|---|
| 9/22/2016 | $16.34 | $16.63 |
| 9/23/2016 | $15.90 | $16.60 |
| 9/26/2016 | $15.96 | $16.58 |
| 9/27/2016 | $14.78 | $16.52 |
| 9/28/2016 | $14.60 | $16.45 |
| 9/29/2016 | $13.82 | $16.36 |
| 9/30/2016 | $13.87 | $16.28 |
| 10/3/2016 | $14.08 | $16.21 |
| 10/4/2016 | $14.00 | $16.15 |
| 10/5/2016 | $13.76 | $16.08 |
| 10/6/2016 | $13.67 | $16.01 |
| 10/7/2016 | $13.45 | $15.94 |
| 10/10/2016 | $13.45 | $15.87 |
| 10/11/2016 | $13.40 | $15.80 |
| 10/12/2016 | $14.36 | $15.77 |
| 10/13/2016 | $14.23 | $15.73 |
| 10/14/2016 | $14.22 | $15.69 |
| 10/17/2016 | $14.35 | $15.66 |
| 10/18/2016 | $14.55 | $15.63 |
| 10/19/2016 | $14.06 | $15.60 |
| 10/20/2016 | $13.70 | $15.56 |
| 10/21/2016 | $13.99 | $15.52 |
| 10/24/2016 | $13.72 | $15.48 |
| 10/25/2016 | $13.76 | $15.45 |
| 10/26/2016 | $13.63 | $15.41 |
| 10/27/2016 | $13.35 | $15.37 |
| 10/28/2016 | $13.18 | $15.33 |
| 10/31/2016 | $14.45 | $15.31 |
| 11/1/2016 | $14.06 | $15.29 |
| 11/2/2016 | $13.88 | $15.26 |
| 11/3/2016 | $14.15 | $15.24 |
| 11/4/2016 | $14.56 | $15.23 |
| 11/7/2016 | $14.36 | $15.21 |
| 11/8/2016 | $14.19 | $15.19 |
| 11/9/2016 | $20.31 | $15.28 |
| 11/10/2016 | $19.81 | $15.36 |
| 11/11/2016 | $19.44 | $15.42 |
| 11/14/2016 | $20.80 | $15.51 |
| 11/15/2016 | $20.42 | $15.59 |

# TABLE B

| | Mar. 2013 Notes | | Jun. 2013 Notes | | Sept. 2015 Notes | |
|---|---|---|---|---|---|---|
| Date | Price | Avg. Closing Price | Price | Avg. Closing Price | Price | Avg. Closing Price |
| 8/18/2016 | $869.72 | $869.72 | $940.00 | $940.00 | $902.50 | $902.50 |
| 8/19/2016 | $937.50 | $903.61 | $989.08 | $964.54 | $950.00 | $926.25 |
| 8/22/2016 | $942.50 | $916.57 | $975.00 | $968.03 | $951.30 | $934.60 |
| 8/23/2016 | $945.00 | $923.68 | $972.50 | $969.14 | $983.00 | $946.70 |
| 8/24/2016 | $970.00 | $932.94 | $972.50 | $969.82 | $961.30 | $949.62 |
| 8/25/2016 | $950.00 | $935.79 | $970.00 | $969.85 | $957.79 | $950.98 |
| 8/26/2016 | $969.95 | $940.67 | $984.75 | $971.98 | $965.00 | $952.98 |
| 8/29/2016 | $970.00 | $944.33 | $962.50 | $970.79 | $949.25 | $952.52 |
| 8/30/2016 | $902.14 | $939.65 | $962.50 | $969.87 | $930.00 | $950.02 |
| 8/31/2016 | $897.25 | $935.41 | $976.25 | $970.51 | $924.38 | $947.45 |
| 9/1/2016 | $922.50 | $934.23 | $970.00 | $970.46 | $910.50 | $944.09 |
| 9/2/2016 | $931.09 | $933.97 | $964.00 | $969.92 | $948.80 | $944.49 |
| 9/6/2016 | $915.00 | $932.51 | $950.00 | $968.39 | $920.00 | $942.60 |
| 9/7/2016 | $897.50 | $930.01 | $965.10 | $968.16 | $932.50 | $941.88 |
| 9/8/2016 | $897.50 | $927.84 | $962.65 | $967.79 | $932.50 | $941.25 |
| 9/9/2016 | $883.89 | $925.10 | $967.50 | $967.77 | n/a | $941.25 |
| 9/12/2016 | $880.11 | $922.45 | $967.50 | $967.75 | $930.00 | $940.55 |
| 9/13/2016 | $910.70 | $921.80 | $961.50 | $967.41 | $925.00 | $939.64 |
| 9/14/2016 | $875.60 | $919.37 | $965.40 | $967.30 | $925.00 | $938.82 |
| 9/15/2016 | $882.57 | $917.53 | $955.00 | $966.69 | $910.11 | $937.31 |
| 9/16/2016 | $880.36 | $915.76 | $955.00 | $966.13 | $922.50 | $936.57 |
| 9/19/2016 | $892.50 | $914.70 | $962.90 | $965.98 | $922.50 | $935.90 |
| 9/20/2016 | $880.00 | $913.19 | $965.40 | $965.96 | $912.95 | $934.86 |
| 9/21/2016 | $920.32 | $913.49 | $960.40 | $965.73 | $937.71 | $934.98 |
| 9/22/2016 | $904.09 | $913.11 | $987.94 | $966.61 | n/a | $934.98 |
| 9/23/2016 | $897.50 | $912.51 | $958.75 | $966.31 | $917.68 | $934.26 |
| 9/26/2016 | $897.50 | $911.96 | $984.77 | $967.00 | $922.50 | $933.79 |
| 9/27/2016 | $890.63 | $911.19 | $955.50 | $966.59 | $935.00 | $933.84 |
| 9/28/2016 | $882.50 | $910.20 | $965.65 | $966.55 | $955.00 | $934.62 |
| 9/29/2016 | $875.00 | $909.03 | $957.18 | $966.24 | $955.00 | $935.35 |
| 9/30/2016 | $880.00 | $908.09 | $942.50 | $965.47 | $920.00 | $934.82 |
| 10/3/2016 | $884.06 | $907.34 | $954.68 | $965.14 | n/a | $934.82 |
| 10/4/2016 | $882.50 | $906.59 | $945.00 | $964.53 | $930.00 | $934.66 |
| 10/5/2016 | $880.00 | $905.81 | $942.50 | $963.88 | $931.25 | $934.55 |
| 10/6/2016 | $920.00 | $906.21 | $942.50 | $963.27 | $920.00 | $934.09 |

| Date | Price | Avg. Closing Price | Price | Avg. Closing Price | Price | Avg. Closing Price |
|---|---|---|---|---|---|---|
| 10/7/2016 | $880.00 | $905.49 | $938.75 | $962.59 | $910.00 | $933.36 |
| 10/11/2016 | $854.00 | $904.09 | $948.50 | $962.21 | $905.00 | $932.53 |
| 10/12/2016 | $900.00 | $903.99 | $947.50 | $961.82 | $905.00 | $931.74 |
| 10/13/2016 | $883.64 | $903.46 | $947.50 | $961.45 | $906.00 | $931.03 |
| 10/14/2016 | $886.62 | $903.04 | $941.00 | $960.94 | $902.50 | $930.26 |
| 10/17/2016 | $870.00 | $902.24 | $941.00 | $960.45 | $901.25 | $929.49 |
| 10/18/2016 | $868.75 | $901.44 | $947.50 | $960.15 | $912.50 | $929.06 |
| 10/19/2016 | $875.00 | $900.83 | $954.50 | $960.02 | $905.00 | $928.46 |
| 10/20/2016 | $902.50 | $900.86 | $947.50 | $959.73 | $905.00 | $927.88 |
| 10/21/2016 | $890.00 | $900.62 | $947.18 | $959.45 | $936.16 | $928.08 |
| 10/24/2016 | $875.00 | $900.07 | $927.50 | $958.76 | $900.00 | $927.43 |
| 10/25/2016 | $871.25 | $899.45 | $947.50 | $958.52 | $915.00 | $927.15 |
| 10/26/2016 | $878.00 | $899.01 | n/a | $958.52 | n/a | $927.15 |
| 10/27/2016 | $895.00 | $898.92 | n/a | $958.52 | n/a | $927.15 |
| 10/28/2016 | $897.40 | $898.89 | $949.00 | $958.32 | n/a | $927.15 |
| 10/31/2016 | $894.00 | $898.80 | $953.00 | $958.21 | $923.50 | $927.07 |
| 11/1/2016 | $885.50 | $898.54 | $949.00 | $958.03 | $915.00 | $926.80 |
| 11/2/2016 | $876.88 | $898.13 | $936.50 | $957.60 | $907.09 | $926.38 |
| 11/3/2016 | $882.50 | $897.84 | $940.00 | $957.27 | $902.50 | $925.89 |
| 11/4/2016 | $885.00 | $897.61 | $940.00 | $956.94 | $905.00 | $925.46 |
| 11/7/2016 | $880.00 | $897.30 | $941.50 | $956.65 | n/a | $925.46 |
| 11/8/2016 | $876.33 | $896.93 | $975.90 | $957.00 | $902.66 | $925.00 |
| 11/9/2016 | $950.00 | $897.84 | $985.00 | $957.50 | $952.50 | $925.54 |
| 11/10/2016 | $960.00 | $898.90 | $975.00 | $957.81 | $980.00 | $926.59 |
| 11/14/2016 | $927.66 | $899.38 | $982.00 | $958.23 | $974.38 | $927.49 |
| 11/15/2016 | $970.00 | $900.53 | $989.47 | $958.76 | $965.00 | $928.19 |

In the event a Class Member has more than one purchase or acquisition or sale of CCA securities during the Class Period, all such purchases and sales shall be matched by security on a First-In, First-Out ("FIFO") basis. Under the FIFO method, CCA securities sold during the Class Period will be matched, in chronological order and by security, first against the relevant CCA securities held at the beginning of the Class Period. The remaining sales of CCA securities purchased or acquired during the Class Period will then be matched, in chronological order, against the CCA securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, per security, after all profits from transactions during the Class Period are subtracted from all losses. However, the proceeds from sales of CCA common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

If a matched Class Period purchase and sale reflects a market gain, the recognized claim for the specific shares or notes involved in the transaction will be $0.00. The Claims Administrator

shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.

Purchases or acquisitions and sales of CCA securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of CCA securities during the Class Period shall not be deemed a purchase, acquisition or sale of CCA securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such CCA securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such CCA securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiff, Class Counsel, the Claims Administrator, or other Person designated by Class Counsel, Defendants, or Defendants' Counsel based on distributions

made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired CCA securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*CCA/CoreCivic Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43377
Providence, RI 02940-3377
www.CoreCivicSecuritiesLitigation.com

DATED: _____    _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE