# EXHIBIT A-2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2 |

### I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Grae v. Corrections Corporation of America, et al.*, Civil Action No. 3:16-cv-02267 (M.D. Tenn.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely and properly addressed (as set forth in paragraph 2 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS**:

 *CCA/CoreCivic Securities Settlement*
 Claims Administrator
 c/o Gilardi & Co. LLC
 P.O. Box 43377
 Providence, RI  02940-3377

 Online Submissions:  www.CoreCivicSecuritiesLitigation.com

3. If you are NOT a Member of the Class, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), or if you have submitted a request for exclusion from the Class or if you have settled your claims with one or more Defendants for claims arising out of the conduct alleged in the Litigation, DO NOT submit a Proof of Claim.

4. If you did not timely request exclusion and are a Class Member, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5. It is important that you completely read and understand the Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided for herein.

6. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## II. CLAIMANT IDENTIFICATION

If you purchased or acquired Corrections Corporation of America, Inc. n/k/a CoreCivic, Inc. ("CCA") securities and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired CCA securities and the certificate(s) were registered in the name of a third party, such as a nominee

or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the CCA sescurities that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE CCA SECURITIES UPON sWHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in CCA Common Stock," Part III of this form entitled "Schedule of Transactions in CCA Debt Securities," and Part IV of this form entitled "Schedule of Transactions in CCA Options," to supply all required details of your transaction(s) in CCA securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions and ***all*** of your sales of CCA securities which took place during the period February 27, 2012 through and including November 14, 2016, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the CCA securities you held at the close of trading on February 26, 2012, August 17, 2016, and November 14, 2016. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of CCA securities. The date of a "short sale" is deemed to be the date of sale of CCA securities.

For each transaction, copies of broker confirmations or other documentation of your transactions in CCA securities should be attached to your claim, including documentation for the close of any exchange traded options listed on your claim even if the options were closed outside of the period between February 27, 2012 and August 17, 2016, inclusive. If such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.CoreCivicSecuritiesLitigation.com. All claimants ***must*** submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of

transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

*Grae v. Corrections Corporation of America, et al.*

No. 3:16-cv-02267

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

_____, 2021

Please Type or Print

PART I:   CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____  _____
City                     State or Province

_____  _____
Zip Code or Postal Code  Country

_____  _____   Individual
Social Security Number or         Corporation/Other
Taxpayer Identification Number

_____  _____
Area Code       Telephone Number (work)

_____  _____
Area Code       Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN CCA COMMON STOCK

    A. Number of CCA common stock held at the close of trading on February 26, 2012: _____

    B. Purchases or acquisitions of CCA common stock (February 27, 2012 – November 14, 2016, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**

    (i) If any purchase listed covered a "short sale," please mark Yes. ☐ Yes

    (ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD YYYY  _____  _____
                  Merger Shares          Company

    C. Sales of CCA common stock (February 27, 2012 – November 14, 2016, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    D. Number of shares of CCA common stock held at the close of trading on August 17, 2016: _____

    E. Number of shares of CCA common stock held at the close of trading on November 14, 2016: _____

PART III: SCHEDULE OF TRANSACTION IN CCA DEBT SECURITIES

Purchases or Acquisitions (February 27, 2012 – August 17, 2016, inclusive) of CCA Debt Securities:

| Trade Date Month Day Year | Debt Offering | Number of Units Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Sales (February 27, 2012 – August 17, 2016, inclusive) of CCA Debt Securities:

| Trade Date Month Day Year | Debt Offering | Number of Units Sold | Total Sales Price |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Face value of CCA Debt Securities held at the close of trading on August 17, 2016:

_____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

PART IV: SCHEDULE OF TRANSACTIONS IN CCA OPTIONS

## PURCHASES/REPURCHASES

A. I made the following purchase/repurchase of options on CCA common stock during the period from February 27, 2012 through August 17, 2016, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) MM DD YY | Number of Option contracts acquired | Expiry Date (Month/Year) MM YY | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |

## SALES/WRITTEN

B. I made the following sales/written options on CCA common stock during the period from February 27, 2012 through August 17, 2016, inclusive.

| Option Type | Date(s) of transaction (List Chronologically) MM DD YY | Number of Option contracts acquired | Expiry Date (Month/Year) MM YY | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |
| ○ Put ○ Call | | | | . | . | |

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM**.

### IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other CCA securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of CCA securities during the Class Period and know of no other person having done so on my (our) behalf.

### V.     RELEASE

1.     Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants, Defendants' Counsel, and their Related Parties.  "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys,

advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

2. "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed of contingent, liquidated or unliquidated, whether arising under federal, state, common, or foreign law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with: (i) the purchase and/or acquisition of CCA securities during the Class Period; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below.

3. "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in

his, her, or its favor at the time of the release of Plaintiff, the Class and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiff, the Class and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Class and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant

Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Class and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.  I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in CCA securities which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                             (Month/Year)                    (City)

_____.
   (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

- 14 -

Reminder Checklist:

1. Please sign the above release and acknowledgment.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*CCA/CoreCivic Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43377
Providence, RI 02940-3377
www.CoreCivicSecuritiesLitigation.com