# EXHIBIT 2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| NORTH PORT FIREFIGHTERS' PENSION-LOCAL OPTION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FUSHI COPPERWELD, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 3:11-cv-00595<br><br>Honorable William J. Haynes, Jr.<br>Magistrate Judge John S. Bryant<br><br><u>CLASS ACTION</u> |

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on May 12, 2014, on the motion of counsel for the Lead Plaintiff for an award of attorneys' fees and expenses incurred in this action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated August 29, 2013 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Lead Plaintiff's counsel attorneys' fees of 33-1/3% of the Settlement Fund, and litigation expenses in the amount of $68,212.80, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated among Lead Plaintiff's counsel in a manner which, in Lead Counsel's good faith judgment, reflects each such Plaintiffs' Counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the highly favorable result achieved for the Class; the contingent nature of Lead Plaintiff's counsel's representation; Lead Plaintiff's counsel's diligent prosecution of the Litigation; the quality of legal services provided by Lead Plaintiff's counsel that produced the settlement; that the Lead Plaintiff appointed by the Court to represent the Class reviewed and approved the requested fee; the reaction of the Class to the fee request; and the awarded fee is in accord with Sixth Circuit authority and consistent with empirical data regarding fee awards in cases of this size.

- 1 -

Case 3:16-cv-02267-JRK Document 469-3 Filed 09/24/21 Page 3 of 4 PageID #: 25048
Case 3:11-cv-00585 Document 141-4 Filed 05/05/14 Page 2 of 3 PageID #: 3236

4.      The awarded attorneys' fees and expenses shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: 5-12-14

THE HONORABLE WILLIAM J. HAYNES, JR.
UNITED STATES CHIEF DISTRICT JUDGE

- 2 -

Case 3:11-cv-00593 Document 142-4 Filed 05/25/14 Page 3 of 3 PageID #: 5257
Case 3:16-cv-02267 Document 469-3 Filed 09/24/21 Page 4 of 4 PageID #: 25049