# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IRIKA SKEETE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **NO. 3:16-cv-00043** |
| | )   **JUDGE CRENSHAW** |
| **REPUBLIC SCHOOLS NASHVILLE,** | ) |
| | ) |
| **Defendant.** | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a final approval hearing on February 26, 2018, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan, and (3) Setting Final Approval Hearing (the "Preliminary Approval Order"), under Fed. R. Civ. P. 23(c)(2), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and Judgment.

It is hereby ORDERED AND DECREED as follows:

1.     The Settlement Agreement dated October 30, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 103) are also incorporated by reference in this Final Approval Order and Judgment.

2.     This Court has jurisdiction over the subject matter of the Action and Over the Parties, including all Settlement Class Members with respect to the following Class certified under Rules 23(a), 23(b)(2) and 23(b)(3):

All individuals who were sent and received a text to their cellular telephones by RePublic Schools Nashville ("RePublic") from the number (615) 270-4554 during the time period August 17, 2015 through January 15, 2016, and whose cellular phone number was obtained by RePublic from the Metropolitan Nashville Public Schools database.

Excluded from the Class are RePublic, and any affiliate, subsidiary or division of RePublic, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt-out of the Class.

3.     The Court here by finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties facilitated by a third-party neutral mediator.

4.     The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement.

5.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Approval Order and Judgment.

6.     The Court hereby fully and finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

2

7.     The Court, consistent with the provisions of the Settlement Agreement between the parties, hereby enjoins RePublic from sending any text messages using an automatic telephone dialing system without the prior express consent of the recipient, either directly or by authorizing another entity to do so.  This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

8.     On final approval of this settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Approval Order and Judgment), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

9.     Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

10.     The Settlement Agreement (including, without limitation, its Exhibits), and any and all negotiations, documents and discussions associated with it, including, but not

limited to, confirmatory discovery, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by RePublic, or of the truth of any of the claims asserted in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order and/or this Final Approval Order and Judgment.

11.     If for any reason the Settlement Agreement is terminated or the Effective Date does not occur, the Settlement Agreement and all proceedings in connection with the Agreement shall be without prejudice to the right of the Released Parties, including RePublic or Plaintiffs, to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties shall return to the status quo ante in the Action. In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to RePublic with all applicable interest.

12.     In the event that any provision of the Settlement Agreement or this Final Approval Order and Judgment is asserted by the Released Parties, including RePublic, as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately

stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Approval Order and Judgment and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

13.     By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

14.     The Court approves Class Counsel's application for $733,333.33, in attorneys' fees, reimbursement of expenses incurred in the prosecution of the case in the amount of $15,995.96 and incentive award for each Representative Plaintiff in the amount of $7,500.00.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE