UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

    This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") entered on June 29, 2021, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 24, 2021 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

    2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

    3.  Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court. Persons who requested exclusion are identified in Exhibit A hereto.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date, and as provided in the Stipulation, Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

7. Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from

commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

8. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiff, each and all of the Class Members, and Plaintiff's Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

9. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

10. The Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 57) is dismissed in its entirety, with prejudice, and without costs to any party, except as otherwise provided in the Stipulation.

11. Any Plan of Allocation submitted by the Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of April 16, 2021, as provided in the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
*Grae v. Corrections Corporation of America, et al.*,
Civil Action No. 3:16-cv-02267

# INDIVIDUALS WHO HAVE
# REQUESTED EXCLUSION FROM THE CLASS

1. Margarita L. Go (Estate of Margarita Go)
2. Victoria Lim Go (Estate of Margarita Go)
3. Percy Brewington, Jr.
4. John R Prann, Jr
5. Ruth E Rauch IRA
6. Joan Marie Mekal
7. James Carl Anderson
8. SEP FBO Thurgood Marshall Jr
9. Thurgood Marshall Jr
10. Nancy J Hininger
11. Willie C Taylor
12. Alice M Moore
13. David E Gabriel O.D.
14. Edward Ray Lewis
15. Anne Mariucci
16. Beth E McCarthy
17. Mark T Hopkins
18. Marsha June Kerby
19. Michael R Durham
20. Barbara A Faber
21. Michael Doherty and Alison Nichol
22. Paul Andrew Marshall
23. Delynn L Kienker
24. Robert H and Irene S Flower
25. Thomas J Dash
26. Arthur McKinley
27. Donald H Glowen
28. Raymond R Benson
29. Granville Gayle Cox Estate (Thelma M Cox)
30. Barbara A Scearce

31. Branden Mcmanus
32. Frank Michael Sanders
33. Jane W De Remer
34. Barbara A Walters
35. Sarah W Aycock
36. Warren G Davoll
37. Stephen J Richards
38. Timothy Corcoran
39. John W Youmans
40. Milton Bivian James
41. Karin Lingo
42. Richard P Sullivan
43. Susan E Walker
44. James M Lucas
45. Charles M Foundyller
46.  Stiffel Nicholaus CUST - Carl E Wood IRA (deceased)
47. Patricia A Scholle - Gerald F Scholle (deceased)
48. M Johnson - Dennis Johnson (deceased)
49. Everett and Joanne M Loukonen Trustee
50. Connor Stevenson Boots
51. Jeanette F Thibault
52. Anne K Perry
53. dbX-Risk Arbitrage 9 Fund
54. dbX-Global Long/Short Equity 2 Fund
55. Harrell L. Connelly
56. Dan Tatu
57. Susan E. Walker
58. Alison JF Collins (Estate of John W Fenmor-Collins)
59. Carol Ann Hang
60. Vera Lauhoff