# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| NIKKI BOLLINGER GRAE, *Individually and on Behalf of All Others Similarly Situated*, et al., | Civil Action No.: 3:16-cv-02267 |
| Plaintiffs, | Judge Aleta A. Trauger |
| v. | Magistrate Judge Jeffery Frensley |
| CORRECTIONS CORPORATION OF AMERICA, et al., | |
| Defendants. | |

## RESPONSE OF PRODUCING PARTY FEDERAL BUREAU OF PRISONS IN OPPOSITION TO MARIE NEWBY'S MOTION TO INTERVENE AND UNSEAL DOCUMENTS AND EXHIBITS AND INCORPORATED MEMORANDUM OF LAW

Producing Party Federal Bureau of Prisons ("BOP") submits this response in opposition to the Motion to Intervene and Unseal Documents and Exhibits and Incorporated Memorandum of Law, filed by non-party, Marie Newby ("Newby") (ECF No. 481.). As stated herein, Newby seeks to intervene in this action for the purposes of unsealing the following docket entries: ECF Nos. 120, 121, 122, 336, 338, 347, 352, 358, 359, 386-89, 396-99, 400-01, and 422-23. BOP respectfully submits that the following docket entries listed were properly designated as confidential or source selection information:

| ECF Numbers | Description |
|---|---|
| 336-3, 338 and 401-19 | Donna Mellendick Expert Report |
| 336-5, 338-1, and 401-20 | Deposition of Donna Mellendick |
| 352-1 and 367-1 | Defendants' Memorandum of Law in Support of Motion for Summary Judgment |
| 367-2 | Statement of Facts in Support of Defendants' Motion for Summary Judgment |
| 389-1 and 398-3 | Deposition of D. Scott Dondrill |
| 389-2, 389-4, and 400-12 | Deposition of Harley G. Lappin |
| 396 | Plaintiff's Opposition to Defendants' Motion for Summary Judgment |
| 397 | Plaintiff's Response to Defendants' Statement of Undisputed Material Facts |

| | |
|---|---|
| 398-2 | Deposition of Donald Murray |
| 398-7 | Contractor Performance Assessment Report for Cibola County Correctional Center |
| 398-8 | Deposition of Douglas M. Martz |
| 398-9 | Contractor Performance Assessment Report for the Northeast Ohio Correctional Center |
| 398-10 | Contractor Performance Assessment Report for Cibola County Correctional Center |
| 398-17 | Corrections Corporation of America Partnership Development |
| 398-18 | Car 15 Debriefing |
| 398-20 | Contractor Performance Assessment Report for Cibola County Correctional Center |
| 398-22 | Contractor Performance Assessment Report for Eden Detention Center |
| 399-10 | Deposition of Thurgood Marshall, Jr. |
| 399-11 | Deposition of William Dalius |
| 399-22 | After-Action Report |
| 400-6 | Deposition of David Garfinkle |
| 400-12 | Deposition of Harley G. Lappin (10/29/2020) |
| 400-13 | Deposition of Harley G. Lappin (07/28/2020) |
| 401-15 | Deposition of Bart VerHulst |
| 400-17 | Email Correspondence between Donna Mellendick and Cathy Scott |
| 401-18 | Deposition of Justin Marlowe |
| 401-20 | Deposition of Donna Mellendick |
| 401-24 | Deposition of Damon Hininger |
| 401-26 | Deposition of John Baxter |
| 401-30 | Declaration of Donna Mellendick |
| 422 | Defendants' Reply Memorandum in Support of Motion for Summary Judgment |
| 423 | Defendants' Response to Plaintiff's Statement of Additional Material Facts that Present Genuine Issue To Be Tried |

Accordingly, Newby's motion to unseal as to these documents is without merit and should be denied.

**PROCEDURAL HISTORY**

On February 6, 2018, lead Plaintiff Amalgamated Bank, as Trustee for the Longview Collective Investment Fund ("Lead Plaintiff") and Defendants submitted a proposed Case Management Order, which included a proposed Stipulation and Protective Order governing the

designation and use of confidential materials produced in the case. ECF No. 82. This Court entered the Stipulation and Protective Order on February 7, 2018. ECF No. 84. Following a Case Management Conference on February 9, 2018, this Court entered a Revised Stipulation and Protective Order (the "Protective Order"). ECF No. 86.

On March 6, 2018, Lead Plaintiff served a subpoena directed to BOP seeking the production of certain documents. *See* ECF No. 178. The documents requested included information that would be protected from disclosure under the Privacy Act of 1974 (5 U.S.C. § 552a) or as Source Selection Information under the Federal Acquisition Regulations ("FAR") (48 C.F.R. §3.104-4). *Id.* Accordingly, the parties submitted two proposed orders addressing these concerns that were subsequently entered by this Court on August 29, 2019. First, this Court entered a Stipulation and Order Amending Protective Order to Protect Source Selection Information which amended the Protective Order to include "Source Selection Information" that any party or third party believed in good faith to be protected by the Federal Acquisition Regulation or the Procurement Integrity Act, 41 U.S.C. § 423. ECF No. 177. In addition, this Court entered a Stipulation and Order Regarding Production of Documents by the Bureau of Prisons that delineated certain specific categories of documents that may be protected under the Privacy Act or as Source Selection Information. ECF No. 178. The Stipulation and Order Regarding Production of Documents by the Bureau of Prisons further directed BOP to produce promptly the documents requested and directed that such documents "shall be treated as Confidential or, if so designated by the BOP, as Source Selection Information, subject to the Stipulation and Protective Order, as amended by the Stipulation and Proposed Order Amending Protective Order to Protect Source Selection Information." *Id.*

On January 22, 2021, Lead Plaintiff filed Plaintiff's Omnibus Motion Regarding Filing Documents Under Seal challenging Defendants' confidentiality designations and requesting this

Court to unseal the documents subject to the motion. ECF No. 385. On January 25, 2021, the Court issued an Order Granting Plaintiff's Omnibus Motion Regarding Filing Documents Under Seal ("Order"). *See* DE 402. The Order stipulated that certain Designated Confidential Documents would be unsealed unless Defendants or BOP filed a motion seeking the continued sealing of the documents. *Id.*

BOP subsequently filed a motion supported by an accompanying memorandum of law requesting the Court to continue sealing of information filed with the Court that: (i) was designated as Source Selection Information by the BOP; (ii) contained confidential and sensitive information and procedures concerning the BOP's privatized corrections contracts; (iii) detailed the correctional security protocols at correctional facilities, which could create a security risk to BOP institutions if made public; or (iv) contained protected inmate medical information. ECF Nos. 409 and 410. In support of the motion, BOP submitted the Declarations of Eric Emmerich (ECF No. 411) and Ryan Winne (ECF No. 412) supporting BOP's position with respect to the confidentiality of these materials. Defendants also filed a Motion to Continue the Sealing of Certain Confidential Documents identifying certain additional documents BOP had designated as confidential Source Selection Information. ECF No. 413. On February 17, 2021, this Court granted both motions. ECF Nos. 414 and 415.

On June 24, 2021, the parties entered into a settlement agreement. ECF No. 463. This Court gave final approval of the settlement agreement and entered a judgment of dismissal on November 8, 2021. ECF No. 479.

On February 11, 2022, Marie Newby, individually and as Administratrix of the Estate of Terry Childress, filed a lawsuit against CoreCivic of Tennessee, LLC and others seeking damages resulting from the death of her son, Terry Childress, an inmate at Trousdale Turner Correctional Center. *G. Marie Newby v. CoreCivic of Tennessee, LLC, et al.*, Case No. 3:22-CV-00093 (M.D.

4

Tenn.)

Marie Newby filed the instant motion to intervene and unseal "the parties' Daubert motions, motions for class certification, for summary judgment, and sealed portions of the parties' Daubert motions, responses, replies, and supporting documentation" and lists the Electronic Case Filing Number of the items she seeks to "unseal." ECF No. 481.[1]

In her motion, Newby does not even attempt to argue that the pleadings in question were improperly designated as source selection information pursuant to the orders previously entered by this Court. Rather, Newby simply moves for the wholesale "unsealing" of all the documents in question. As stated herein, BOP respectfully submits that the documents in question were appropriately designated as confidential source selection information. Accordingly, Newby's motion to unseal these documents is without merit and should be denied.

In the alternative, Newby contends that if the Court should rule that the documents are sensitive and should not be unsealed to the general public, the documents in question should be released to her subject to a protective order for use in her lawsuit. If Newby were to request these confidential documents by subpoena in her lawsuit, BOP would be amenable to producing the documents subject to an appropriate protective order. Indeed, BOP communicated this willingness to counsel for Newby in attempting to resolve Newby's motion, but Newby rejected the offer. BOP respectfully submits that proceeding in this manner would be much more efficient than having to address unsealing all of the BOP documents in question, especially since many of them would have dubious relevance to an action regarding an inmate at Trousdale Turner Correctional Center, which is not a BOP facility. Moreover, this approach would appropriately balance Newby's interests in obtaining information relevant to her lawsuit, and BOP's interest and the

---

[1] Some of the docket entries cited by Newby already have been unsealed, such as ECF Nos. 122, 347, and 358. Other were previously sealed and then re-filed with limited redactions, such as ECF Nos. 336-3, 336-5, 352-1, 367-1, 413-1, and 413-2.

public's interest in protecting the confidentiality of the BOP documents in question.

## ARGUMENT

### 1.     Legal Standard Regarding Non-Disclosure of Judicial Records

Regarding court records and the burden of sealing or releasing documents, Local Rule 5.03(a) and precedent established by the Sixth Circuit provide that while openness of the judicial process serves a public good, "compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In determining whether a compelling reason exists for maintaining documents under seal, the Sixth Circuit will "consider, among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Nixon v. Warner Communs, Inc.*, 435 U.S. 589, 598 (1978)). In particular, when civil litigation is involved, "trade secrets", "information covered by a recognized privilege", "and information required by statute to be maintained in confidence" are "typically enough to overcome the presumption of access." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016).

Further, concerning third-party privacy interests, the Sixth Circuit has found that "the point about third parties is often one to take seriously; 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Id.* (*quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). When statutory or regulatory provisions provide protection for the disclosure of certain formation relating to third parties, the Sixth Circuit has found reason to prevent the release of this information. *Id.* (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"'Secrecy is a one-way street: once information is published, it cannot be made secret again. An order to unseal thus conclusively determines that the information will be public. For

the same reason, such an order is effectively unreviewable on appeal from a final judgment.'"

*Rudd Equipment Co., Inc.*, 834 F.3d at 592 (*quoting In re Copley Press, Inc.* 518 F.3d 1022, 1025

(9th Cir. 2008)).

> **2.     Source Selection Information Previously Produced by BOP was Properly Designated as Confidential Under this Court's Protective Order and Applicable Law.**

BOP and Defendants provided detailed reasons for BOP's designation of the documents in

question as confidential "source selection information."  *See* ECF No. 410, at 2-3, 4-5; ECF No.

412; ECF No. 413, at 2-4, 5-6.  As stated in BOP's submission, "source selection information" is

required to be kept confidential under the Federal Acquisition Regulations ("FAR"), 42 C.F.R. §

3.104-4(a).  ECF No. 410, at 6.  "Source selection information" is "information that is prepared

for use by an agency for the purpose of evaluating a bid or proposal to enter into an agency

procurement contract, if that information has not been previously made available to the public or

disclosed publicly."  FAR § 2.101.  The FAR specifies that "no person or other entity may disclose

contractor bid or proposal information or source selection information to any person other than a

person authorized, in accordance with applicable agency regulations or procedures, by the agency

head or the contracting officer to receive such information."  FAR § 3.104-4(a).  The FAR does

not authorize release of source selection information after award of a contract if such information

is contractor bid or proposal information or source selection information that pertains to another

procurement or if its disclosure is otherwise prohibited by law.  FAR § 3.104-4(f)(3).  Government

source selection procedures and evaluation techniques remain relevant to any future procurements

utilizing similar procedures.  *See* ECF No. 412, ¶¶ 3, 4.  Additionally, bid or proposal information

of unsuccessful bidders are prohibited from disclosure insofar as they contain "trade secrets" or

confidential and proprietary business information.  *See id.*, ¶ 5.

7

Accordingly, Defendants and BOP moved to maintain the seal as to Contractor Performance Assessment Reporting System ("CPARS") past performance records for CCA as confidential "source selection information." ECF No. 412, at 3-4; ECF No. 413, at 2-3, 5-6. Information contained in these CPARS documents were generated by BOP personnel for use by federal government procurement personnel when researching the past performance of an offeror, and it is required to be kept confidential and not releasable to the public per the FAR. FAR § 42.1503(d) ("Copies of the evaluation, contractor response, and review comments, if any, shall be retained as part of the evaluation. These evaluations may be used to support future award decisions and should therefore be marked 'Source Selection Information'… [t]he completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information. Disclosure of such information could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations."). Given the FAR requirement that the information contained in these documents be maintained in confidence, *Shane Group*, 825 F.3d at 306, BOP moved to maintain the seal with respect to CPARS past performance information. FAR 42.1503(d); ECF No. 412, ¶ 3.

In addition, BOP requested the sealing of a report entitled "After-Action Disturbance, Adams County Correctional Center, Natchez, Mississippi, May 20-21, 2012" ("After-Action Report"). ECF No. 410, at 6. This After-Action Report details correctional security protocols and breakdowns at a private detention facility as analyzed by expert BOP personnel. ECF No. 411, ¶ 3. These security standards and techniques are common to both private detention facilities and BOP facilities. *Id.* As a result, unsealing this information would threaten the safe and secure operation of both private detention facilities and BOP facilities as it would provide valuable

8

information to individuals intent on disrupting operations or fomenting a disturbance. *Id.* Moreover, the After-Action Report details specific security procedures and practices within the realm of emergency response and intelligence operations, and divulging such information threatens the safety of both security personnel and inmates. *Id.*

Defendants also sought to continue the sealing of full deposition transcripts filed by Plaintiff on the grounds that these transcripts contained source selection information, non-public information related to the After-Action Report, third party deponents' personal information, or other non-public confidential information. ECF No. 413, at 8.

This Court found these reasons to be persuasive and granted BOP's and Defendants' motions to continue the seal as to these documents. ECF Nos. 414 and 415. Newby does not specifically challenge BOP's and Defendants' proffered justification for designating these materials confidential, nor does she identify any error of this Court in sealing the information referenced in the motions filed by BOP and Defendants. Rather, Newby simply claims certain documents previously filed under seal or filed in redacted form should be unsealed in their entirety, regardless of whether the confidentiality designation was meritorious. As this Court is aware, the parties engaged in extensive discussions regarding the documents that were designated confidential pursuant to the Protective Order in this case. When Lead Plaintiff objected to certain confidentiality designations, Defendants and BOP went through the painstaking process of identifying and redacting protected information pursuant to the Protective Order and this Court's Order entered on January 25, 2021. Defendants and BOP gave detailed reasons for the continued sealing of certain documents, which this Court found persuasive. This was more than sufficient to comply with the law of this Circuit. *Shane Group*, 825 F.3d at 306.

## CONCLUSION

Accordingly, BOP respectfully submits that Newby's motion is without merit, and this Court should deny the motion as to the docket entries mentioned above.

Respectfully submitted,

MARK H. WILDASIN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

By: s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203
Telephone:  (615) 736-5151
Facsimile: (615) 401-6626
Email: wynn.shuford@usdoj.gov

*Counsel for the Federal Bureau of Prisons*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

| | |
|---|---|
| Michael Goldberg<br>GOLDBERG LAW, PC<br>1999 Avenue of the Starts, Suite 1100<br>Los Angeles, CA 90067<br>Email: michael@goldberglawpc.com | Jeremy A. Lieberman<br>J. Alexander Hood, II<br>Marc C. Gorrie<br>POMERANTZ, LLP<br>600 Third Ave., 20th Floor<br>New York, NY 10016<br>Email: jalieberman@pomlaw.com<br>Email: ahood@pomlaw.com<br>Email: mgorrie@pomlaw.com |
| Paul Kent Bramlett<br>Robert P. Bramlett<br>BRAMLETT LAW OFFICES<br>40 Burton Hills Blvd., Suite 200<br>P. O. Box 150734<br>Nashville, TN 37215<br>Email: pknashlaw@aol.com<br>Email: robert@bramlettlawoffices.com | Christopher T. Cain<br>SCOTT & CAIN<br>550 W Main Avenue, Suite 601<br>Knoxville, TN 37902<br>Email: cain@scottandcain.com |
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN &<br>DOWD, LLP<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: clyons@rgrdlaw.com<br>Email: cwood@rgrdlaw.com | Jerry E. Martin<br>BARRETT JOHNSTON MARTIN &<br>GARRISON, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com |
| Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN &<br>DOWD, LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Email: dherman@rgrdlaw.com<br>Email: willowr@rgrdlaw.com<br>Email: kennyb@rgrdlaw.com | Brian T. Glennon<br>David J. Schindler<br>Faraz Mohammadi<br>Meryn C.N. Grant<br>LATHAM & WATKINS, LLP (LA Office)<br>355 S. Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Email: brian.glennon@lw.com<br>Email: david.schindler@lw.com<br>Email: faraz.mohammadi@lw.com<br>Email: Meryn.Grant@lw.com |

| | |
|---|---|
| Morgan E. Whitworth<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-2562<br>Email: morgan.whitworth@lw.com | Elizabeth O. Gonser<br>Milton S. McGee, III<br>Steven Allen Riley<br>RILEY, WARNOCK & JACOBSON<br>1906 West End Avenue<br>Nashville, TN 37203<br>Email: tmcgee@rwjplc.com<br>Email: sriley@rwjplc.com<br>Email: egonser@rwjplc.com |
| James A. Holifield, Jr.<br>HOLIFIELD, JANICH, RACHAL, &<br>ASSOCIATES, PLLC<br>11907 Kingston Pike, Suite 201<br>Knoxville, TN 37934<br>Email: aholifield@holifieldlaw.com | Sarah A. Tomkowiak<br>LATHAM & WATKINS LLP (DC Office)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004-1304<br>Email: sarah.tomkowiak@lw.com |
| Patrick V. Dahlstrom<br>POMERANTZ, LLP<br>10 South La Salle St., Suite 3505<br>Chicago, IL 60603<br>Email: pdahlstrom@pomlaw.com | Ellen Gusikoff Stewart<br>Jason A. Forge<br>Natalie F. Lakosil<br>Rachel L. Jensen<br>ROBBINS GELLER RUDMAN &<br>DOWD, LLP (San Diego)<br>655 W Broadway, Suite 1900<br>San Diego, CA 92101<br>Email: elleng@rgrdlaw.com<br>Email: jforge@rgrdlaw.com<br>Email: nlakosil@rgrdlaw.com<br>Email: rachelj@rgrdlaw.com |
| Brian Schall<br>Schall Law Firm<br>2049 Century Park East Suite 2460 Los<br>Angeles, CA 90067<br>Email: brian@schallfirm.com | |

s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney