# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:16-cv-02267 |
| *Plaintiff*, | ) |
| | ) Honorable Aleta A. Trauger |
| | ) |
| | ) Magistrate Judge Jeffrey S. Frensley |
| vs. | ) |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA., *et al.,* | ) |
| *Defendants*. | ) |
| | ) |

## DEFENDANTS' PARTIAL OPPOSITION TO MOTION TO INTERVENE AND UNSEAL

## I.   INTRODUCTION

Over the course of this five-year securities case, the Parties filed more than 1,000 documents with this Court.  Through this Partial Opposition, Defendants seek to continue the sealing of only two of those documents, and certain deposition transcripts.

Defendants understand the need for public access to the Court's docket and are committed to helping Marie Newby ("Intervenor") access every document which may appropriately be unsealed.  To that end, Defendants are recommending that the Court unseal more than 35 documents, and further note that Intervenor has requested that the Court unseal more than 75 documents which already are publicly available.  Defendants have further attempted to provide Intervenor with access to the small handful of sealed documents and transcripts on the condition that Intervenor and her counsel agree to the terms of the Protective Orders in this case (ECF Nos. 86, 177).  However, Intervenor's counsel has refused to execute the Protective Order.  Nonetheless, and in an effort to streamline the Court's resolution of this Motion, Defendants have taken on the task of re-reviewing the sealed information implicated by Intervenor's Motion on a document-by-document, line-by-line basis.  Having again reviewed these documents, Defendants respectfully request that the Court maintain the seal of only the following documents:

(1) two documents[1] containing CoreCivic's confidential information; and

(2) the full deposition transcripts filed by Plaintiffs in this action.[2]

As described in more detail below, the information Defendants request to remain under seal includes operational information which, if disclosed, could negatively affect the safety of

---

[1] ECF Nos. 399-25 and 401-13.

[2] ECF Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 401-24, and 401-26.

residents and staff at CoreCivic facilities and proprietary information which, if disclosed, could negatively affect CoreCivic's competitive standing in the marketplace. *See also* ECF No. 413 (requesting that this information be sealed in the first instance). Finally, Defendants understand that the BOP has likewise requested to maintain the sealing of certain documents containing the BOP's confidential information, including the deposition transcripts which contain both Defendants' and the BOP's confidential information. Defendants have no objection to the BOP's requests in this regard, and indeed, support the BOP's positions.

## II. PROCEDURAL HISTORY

### A. The Underlying Litigation And Protective Orders

As the Court is aware, this case was a securities class action with allegations that Defendants misled their shareholders about the quality of operations at BOP-contracted facilities from 2012 through 2016. *See, e.g.* Compl., ECF No. 1. Recognizing that discovery would necessarily include significant volumes of confidential information about operations at CoreCivic's facilities, Plaintiff and Defendants entered into a Protective Order to govern the production and filing of confidential information, which was approved by the Court. *See* ECF No. 86. As discovery progressed, it became apparent that the BOP likewise had a strong interest in protecting the confidentiality of certain information. The Parties amended, and the Court entered, the Protective Order to allow the BOP to protect its own confidentiality interests. *See* ECF No. 177.

On or about April 16, 2021, the Parties reached a settlement agreement. *See* ECF No. 457. On November 8, 2021, the Court approved the Parties' settlement agreement and entered final judgment. *See* ECF Nos. 477-480.

### B. Intervenor's Motion

Three months after final judgment, Intervenor filed the instant Motion. *See generally* Motion. Through her Motion, Intervenor seeks to intervene "for the limited purpose of unsealing documents." *Id.* at 8. The documents that Intervenor seeks to unseal are the following: "ECF Nos. 120, 121, 122, 336, 338, 347, 352, 358, 359, 386, 387, 388, 389, 396, 397, 398, 399, 400, 401, 422, and 423." *Id.* at 1.

## III. ARGUMENT

### A. Motion To Intervene

Defendants do not oppose the motion to intervene for the limited purpose of unsealing documents.

### B. Motion To Unseal

As described below, Defendants oppose Intervenor's Motion to unseal ECF Nos. 399-25 and 401-13, which contain CoreCivic's confidential and proprietary business information. Defendants likewise oppose Intervenor's Motion to unseal ECF Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 401-24, and 401-26, which are full deposition transcripts that contain CoreCivic's and the BOP's confidential information.

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored

to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." *Id.* at 593; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." (citation omitted)). "The Court should not allow its docket to be used as a source 'of business information that might harm a litigant's competitive standing.'" *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (citing *Nixon*, 435 U.S. at 598). Thus, the Court may seal "documents contain[ing] commercial[] information that, if made available for . . . competitors to view, would put [a party] at a disadvantage in the marketplace." *Id.*

### C. Specific Docket Entries

For the Court's convenience, Defendants have gone through every docket entry implicated by Intervenor's Motion. In sum, Defendants are requesting that the vast majority of the docket be unsealed and that the Court maintain under seal: (i) two documents containing CoreCivic's confidential information;[3] and (ii) deposition transcripts which contain CoreCivic's (and the BOP's) confidential information.[4] Defendants likewise understand that the BOP has requested that certain confidential and source selection information remain sealed, and Defendants support the BOP's request.

---

[3] ECF Nos. 399-25 and 401-13.

[4] ECF Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 401-24, and 401-26.

### 1.    ECF No. 120: Unseal

ECF No. 120 is the Declaration of Christopher M. Wood in support of Plaintiff's Reply in Further Support of Lead Plaintiff's Motion for Class Certification (ECF No. 121).  ECF No. 120 contains a declaration and 10 Exhibits, all of which were filed under seal on account of the fact that they contained CoreCivic's confidential information.  Having reviewed the sealed information, Defendants no longer believe this information needs to remain sealed.  Therefore, Defendants respectfully request that the Court instruct the Clerk to unseal all items at ECF No. 120.

### 2.    ECF No. 121: Unseal

ECF No. 121 contains the redacted version of Plaintiff's Reply in Further Support of Lead Plaintiff's Motion for Class Certification.  Having reviewed the redacted information, Defendants no longer believe this information needs to remain under seal.  Therefore, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 121.

For the Court's convenience, and because the Court's public docket does not definitively state the docket entry where Plaintiff filed an unredacted version of ECF No. 121, Defendants have attached **Exhibit A**, an unredacted version of the reply Plaintiff filed at ECF No. 121.

### 3.    ECF No. 122: Already Publicly Available

ECF No. 122 contains a combination of: (1) publicly filed documents supporting Plaintiff's reply (ECF No. 121); (2) redacted versions of documents which were filed under seal at ECF No. 120; and (3) slip sheets for documents that were fully sealed at ECF No. 120.  Given that Defendants are requesting that the Court unseal all documents at ECF No. 120, any redacted documents or documents filed as slip sheets at ECF No. 122 should become publicly available.

4. ECF Nos. 336, 338: Unseal ECF No. 338-2; Maintain Seal of Other Documents

ECF Nos. 336 and 338 contain Defendants' Motion to Exclude the Expert Testimony of Donna Mellendick and various exhibits filed in support of that motion. The documents which were filed under seal or in a redacted form include the following:

- ECF No. 336-3: a redacted version of the expert report of Donna Mellendick. This document was filed under seal at ECF No. 338 because it contains the BOP's confidential and/or source selection information. Defendants do not object to this document remaining sealed.

- ECF No. 336-5: a redacted version of the excerpts from Donna Mellendick's deposition testimony. This document was filed under seal at ECF No. 338-1 because it contains the BOP's confidential and/or source selection information. Defendants do not object to this document remaining sealed.

- ECF No. 336-6: a PowerPoint presentation with information about CoreCivic's methodology for comparing the costs of public and private facilities. This document was filed under seal at ECF No. 338-2. Because CoreCivic no longer uses the methodologies outlined in this document, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 338-2.

5. ECF No. 347: Already Publicly Available

ECF No. 347 contains Plaintiff's Motion for Partial Summary Judgment and Proposed Order. All documents filed at ECF No. 347 already are publicly available.

6. ECF No. 352: Maintain Seal of Confidential BOP Information

ECF No. 352 contains Defendants' Motion for Summary Judgment, Memorandum in Support thereof, and an Appendix of Allegedly Misleading Statements. ECF Nos. 352 (the

6

Motion) and 352-2 (the Appendix) already are publicly available. ECF No. 352-1 (the Memorandum) is publicly available in redacted form and is filed under seal at 367-1. Defendants understand that ECF Nos. 352-1 and 367-1 contain information designated as confidential and/or source selection information by the BOP and do not object to these documents remaining under seal.

7. ECF Nos. 358: Already Publicly Available

ECF No. 358 is Plaintiff's motion to exclude the expert testimony of Justin Marlowe. This document already is publicly available.

8. ECF No. 359: Unseal

ECF No. 359 contains a series of exhibits filed in support of Plaintiff's motion to exclude the expert testimony of Justin Marlowe (ECF No. 358). All documents except ECF No. 359-7 already are publicly available.

With respect to the only sealed document, ECF No. 359-7, this document contains information about the methodology for comparing the costs of public and private facilities. As noted above, because CoreCivic no longer uses the methodologies outlined in this document, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 359-7.

9. ECF No. 386: Unseal

ECF No. 386 is Plaintiff's Opposition to Defendant's Motion to Exclude the Testimony of W. Scott Dalrymple. Plaintiffs initially filed this document under seal and the Court ordered ECF No. 386 to remain sealed "[u]nless Defendants [or the BOP] . . . file a motion for continued sealing." *See* ECF No. 402. Although Defendants and the BOP filed motions for continued sealing, neither Party requested that the Court maintain ECF No. 386 under seal. *See* ECF Nos. 410, 413. However, through what appears to be clerical error, ECF No. 386 remains sealed on

the Court's public docket. As such, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 386.

10. ECF No. 387: Unseal ECF No. 387; Maintain Others Under Seal

ECF No. 387 is the declaration of Christopher Wood in support of Plaintiff's Opposition to the Motion to Exclude Testimony of W. Scott Dalrymple. This document contains no substantive or confidential information, and Defendants therefore respectfully request that the Court instruct the Clerk to unseal ECF No. 387.

ECF No. 387-1 contains the deposition transcript of Lucy Allen. ECF No. 387-2 contains the deposition transcript of W. Scott Dalrymple. Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these transcripts. Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 387-1 and 387-2 under seal. In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed.

11. ECF No. 388: Unseal

ECF No. 388 is Plaintiff's Opposition to Defendant's Motion to Exclude the Testimony of Donna Mellendick. Plaintiffs initially filed this document under seal and the Court ordered ECF No. 388 to remain sealed "[u]nless Defendants [or the BOP] . . . file a motion for continued sealing." *See* ECF No. 402. Although Defendants and the BOP filed motions for continued sealing, neither Party requested that the Court maintain ECF No. 388 under seal. *See* ECF Nos. 410, 413. However, through what appears to be clerical error, ECF No. 388 remains sealed on

8

the Court's public docket.  As such, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 388.

        12.    <u>ECF No. 389: Unseal ECF Nos. 389, 389-3, 389-5; Maintain Seal of All Others</u>

ECF No. 389 is a declaration in support of Plaintiff's Opposition to the Motion to Exclude the Testimony of Donna Mellendick.  ECF Nos. 389-3 and 389-5 are exhibits to the declaration.  Plaintiffs initially filed these document under seal and the Court ordered all documents at ECF No. 389 to remain sealed "[u]nless Defendants [or the BOP] . . . file a motion for continued sealing."  *See* ECF No. 402.  Although Defendants and the BOP filed motions for continued sealing, neither Party requested that the Court maintain ECF Nos. 389, 389-3, or 389-5 under seal.  *See* ECF Nos. 410, 413.  However, through what appears to be clerical error, ECF Nos. 389, 389-3, and 389-5 remain sealed on the Court's public docket.  As such, Defendants respectfully request that the Court instruct the Clerk to unseal ECF Nos. 389, 389-3, and 389-5.

ECF Nos. 389-1, 389-2, and 389-4 contain the full transcripts from the deposition of D. Scott Dodrill, the depositions of Harley Lappin taken on October 29, 2020, and July 28, 2020.  Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these transcripts.  Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 389-1, 389-2, and 389-4 under seal.  In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed.

13.     ECF No. 396: Maintain Seal Of Confidential BOP Information

ECF No. 396 is Plaintiff's Opposition to Defendants' Motion for Summary Judgment. This document contains information designated as confidential by the BOP and a redacted version was publicly filed at ECF No. 413-1. Defendants understand that ECF No. 396 contains information designated as confidential and/or source selection information by the BOP and do not object to this document remaining under seal.

14.     ECF No. 397: Maintain Seal Of Confidential BOP Information

ECF No. 397 is Plaintiff's Response to Defendants' Statement of Undisputed Material Facts. This document contains information designated as confidential by the BOP and a redacted version was publicly filed at ECF No. 413-2. Defendants understand that ECF No. 397 contains information designated as confidential and/or source selection information by the BOP and do not object to this document remaining under seal.

15.     ECF No. 398:  Unseal 398 And 398-1, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 21, 23, 24, 25; Maintain Seal Of All Others

ECF No. 398 is the declaration of Christopher Wood in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. ECF Nos. 398-1 through 398-25 are exhibits to that declaration. Plaintiffs initially filed these document under seal and the Court ordered all documents at ECF No. 398 to remain sealed "[u]nless Defendants [or the BOP] . . . file a motion for continued sealing." *See* ECF No. 402. In their motions for continued sealing, Defendants and the BOP requested that the Court continue the sealing of entries 398-2, 3, 7, 8, 9, 10, 17, 18, 20, and 22. *See* ECF Nos. 410, 413. However, through what appears to be clerical error, every entry at ECF No. 398 remains sealed on the Court's public docket. As such, Defendants respectfully request that the Court instruct the Clerk to unseal ECF Nos. 398 and 398-1, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 21, 23, 24, 25.

10

With respect to ECF Nos. 398-2, 398-3, and 398-8, these are transcripts of the depositions of Donald Murray, D. Scott Dodrill, and Douglas Martz.  Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these transcripts.  Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 398-2, 398-3, and 398-8 under seal.  In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed.

Defendants understand that ECF Nos. 398-7, 8, 9, 10, 17, 18, 20, and 22 contain information designated as confidential and/or source selection information by the BOP and do not object to these documents remaining under seal.

      16.    <u>ECF No. 399:  Maintain Sealed Information</u>

ECF No. 399 contains additional exhibits to the declaration of Christopher Wood (ECF No. 398).  ECF Nos. 399 and 399-1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, and 24 already are publicly available.

ECF Nos. 399-10 and 399-11 are transcripts of the depositions of Thurgood Marshall, Jr. and William Dalius.  Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these full transcripts.  Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 399-10 and 399-11  under seal.  In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the

Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed.

Defendants understand that ECF No. 399-22 contains information designated as confidential and/or source selection information by the BOP and do not object to this document remaining under seal.

ECF No. 399-25 contains CoreCivic's confidential and proprietary information. This document is a CoreCivic Weekly Report, and it includes information about CoreCivic's bidding strategies and contract negotiations. Though this document was created in 2013, CoreCivic continues to use the business strategies described in ECF No. 399-25, and thus, disclosure of this type of information "might harm [CoreCivic's] competitive standing." *Caudill*, 2017 WL 3220470, at *5. Moreover, a redacted version of ECF No. 399-25 already has been publicly filed at ECF No. 413-5. The redactions to ECF No. 413-5 are "narrowly tailored" to protect confidential information. *See Rudd Equip. Co.*, 834 F.3d at 593-94 (6th Cir. 2016).

17.    ECF No. 400:  Maintain Sealed Information

ECF No. 400 contains additional exhibits to the declaration of Christopher Wood (ECF No. 398). ECF Nos. 400 and 400-1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 14, 15, 16, 18  already are publicly available.

ECF Nos. 400-6, 400-12, and 400-13 contain the transcripts of the deposition of David Garfinkle, the deposition of Harley Lappin taken October 29, 2020, and the deposition of Harley Lappin taken July 28, 2020. Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these full transcripts. Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 400-6, 400-12, and 400-13 under

seal.  In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed.

Defendants understand that ECF No. 400-17 contains information designated as confidential and/or source selection information by the BOP, and do not object to this document remaining under seal.

18.    ECF No. 401:  Unseal ECF No. 401-12; Maintain Seal of Others

ECF No. 401 contains additional exhibits to the declaration of Christopher Wood (ECF No. 398).  ECF Nos. 401 and 401-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 16, 17, 21, 22, 23, 25, 27, 28, 29, 31, and 32 already are publicly available.

ECF No. 401-12 appears to remain under seal through what appears to be clerical error. When CoreCivic and the BOP filed their motions for continued sealing, neither Party requested that ECF No. 401-12 remain under seal.  *See* ECF Nos. 409, 413.  As such, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 401-12.

ECF Nos. 401-15, 401-18, 401-20, 401-24, and 401-26 are transcripts of the depositions of Bart Verhulst, Justin Marlowe, Donna Mellendick, Damon Hininger, and John Baxter. Pursuant to the Court's prior orders, *see, e.g.*, ECF Nos. 291, 415, the parties were given leave to file deposition transcripts under seal while redacting confidential information from deposition transcript excerpts given the significant volume of CoreCivic and BOP confidential information contained in these full transcripts.  Defendants respectfully request that the Court continue this practice and maintain ECF Nos. 401-15, 401-18, 401-20, 401-24, and 401-26 under seal.  In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the

Protective Order, review these documents, and meaningfully meet and confer with Defendants

and the BOP to determine which portions (if any) of these transcripts should be unsealed.

Defendants understand that ECF Nos. 401-19 and 401-30 contain information designated

as confidential and/or source selection information by the BOP, and do not object to these

documents remaining under seal.

ECF No. 401-13 contains CoreCivic's confidential and proprietary information. This

document is a CoreCivic's 2017 Management Plan, and includes information about CoreCivic's

financial data and capital allocation strategies. CoreCivic continues to use the strategies

described in ECF No. 401-13, and as such, disclosure of this information could be used by

competitors as a "source[] of business information that might harm [the Company's] competitive

standing." *See Nixon*, 435 U.S. at 598; *see also Avomeen Holdings, LLC v. Thanedar*, No. 17-

cv-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018) (citing cases and observing that

"[o]ther justifications [for filing evidence under seal] can include protecting . . . pricing

information, financial statements, sales trend data, and pricing and marketing strategy"); *Ethicon

Endo-Surgery, Inc. v. Covidien, Inc*., No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept.

20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an

inside look at a company's business strategies is a compelling reason to restrict public access to

filings."). Moreover, a redacted version of ECF No. 401-13 already has been publicly filed at

ECF No. 413-6. The redactions to ECF No. 413-5 are "narrowly tailored" to protect confidential

information. *See Rudd Equip. Co.*, 834 F.3d at 593-94 (6th Cir. 2016).

19.     ECF Nos. 422:  Maintain BOP Information Under Seal

ECF No. 422 contains Defendants' reply in further support of summary judgment.

Defendants understand that ECF No. 422 contains information designated as confidential and/or

source selection information by the BOP, and do not object to this document remaining under seal.

20.  ECF No. 423:  Maintain Seal Of Confidential BOP Information

ECF No. 423 contains Defendants' response to Plaintiff's statement of additional material facts.  Defendants understand that ECF No. 423 contains information designated as confidential and/or source selection information by the BOP, and do not object to this document remaining under seal.

## IV.  CONCLUSION

Defendants respectfully request that the Court unseal those documents identified above while maintaining under seal: (i) two documents containing CoreCivic's confidential information;[5] and (ii) deposition transcripts which contain CoreCivic's and the BOP's confidential information.[6]

DATED:  April 1, 2022

Respectfully submitted:

 /s/ *Steven A. Riley*
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #024150)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rwjplc.com
tmcgee@rwjplc.com

David J. Schindler (admitted *pro hac vice*)
Brian T. Glennon (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100

---

[5] ECF Nos. 399-25 and 401-13.

[6] ECF Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 400-6, 400-12, 400-13, 401-15, 401-18, 401-20, 401-24, and 401-26.

15

Los Angeles, CA 90071
T: (213) 485-1234
F: (213) 891-8763
david.schindler@lw.com
brian.glennon@lw.com
meryn.grant@lw.com


*Attorneys for Defendants Corrections Corporation
of America, Damon T. Hininger, David M.
Garfinkle, Todd J. Mullenger, and Harley G.
Lappin*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Jason A. Forge
Rachel Jensen
Ellen Stewart
Natalie Lakosil
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com
rachelj@rgrdlaw.com
elleng@rgrdlaw.com
nlakosil@rgrdlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Daniel A. Horwitz
LAW OFFICE OF DANIEL A. HORWITZ
4016 Westlawn Dr
Nashville, TN 37209-4916
Daniel.a.horwitz@gmail.com

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
brian@schallfirm.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL &
ASSOCIATES, PLLC
11907 Kingston Pike,  Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Wynn M. Shuford
FEDERAL BUREAU OF PRISONS
110 9th Avenue South, Suite A-961
Nashville, TN 37203
Wynn.Shuford@usdoj.gov
liz.lopes@usdoj.gov
melissa.russell@usdoj.gov

Michael Goldberg
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Brice M. Timmons
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
brice@donatilaw.com
craig@donatilaw.com
jacque@donatilaw.com

this 1st day of April, 2022.

 /s/ *Steven A. Riley*
Steven A. Riley