IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, *et al.*, § § *Plaintiffs,* § § *v.* § § CORRECTIONS CORPORATION OF § AMERICA, *et al.*, § § *Defendants.* § § § | Case No. 3:16-cv-02267 Judge Aleta A. Trauger Magistrate Judge Jeffery Frensley |

**INTERVENOR'S REPLY IN SUPPORT OF MOTION TO UNSEAL JUDICIAL DOCUMENTS AND EXHIBITS**

## I. INTRODUCTION

After several Defendants enabled the brutal murder of her beloved son, Marie Newby moved to intervene in and unseal the documents filed in this action. *See* Doc. 481. This case, like Ms. Newby's, arose from allegations of deadly "failures by [CoreCivic] management, including understaffing" that were "far from isolated"—failures that CoreCivic then opted not to remedy and which worsened even after they caused preventable death. *See, e.g.,* Doc. 57 at 4, ¶ 4. *See also id.* at ¶ 5 (noting "multiple violations of BOP policies and contractual requirements which had contributed to the deaths of five inmates at that facility[,]" and a report that "stated that corrective action was necessary 'in order to avoid additional deaths.'"). Ms. Newby reasonably believes that the public should have a full picture of the Defendants' fatal, fraudulent, and profit-motivated malfeasance. She also hopes that the transparency that unsealing brings will lead to meaningful regulatory action and better oversight in the future.

With the opposite goal in mind, over the "several years" during which this litigation unfolded, the Defendants "claimed that virtually every document produced in this case

-1-

should be treated as Confidential and remain under seal – even documents that are publicly available." *See* Doc. 385, at 2. That notwithstanding, a vast number of documents have remained sealed pursuant to the Parties' agreed protective orders. *But see Alyn v. S. Land Co., LLC*, No. 3:15-CV-596, 2016 WL 5126735, at *1 (M.D. Tenn. Sept. 20, 2016) ("[T]he Court of Appeals has made very clear that an agreed protective order does not automatically create a sufficient legal basis for a district court to place documents under seal."). Worse: As the Defendants now acknowledge, several documents were sealed improperly, making clear that huge portions of the record were sealed without rigorous scrutiny. *See, e.g.,* Doc. 492, at 8–9 ("through what appears to be clerical error, ECF No. 386 remains sealed on the Court's public docket."); *id.* at 9-10 (acknowledging same regarding 388); *id.* at 10 (acknowledging same regarding 389, 389-3, 389-5); *id.* at 11 (acknowledging same regarding 398 and 398-1, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 21, 23, 24, 25); *id.* at 14 (acknowledging same regarding ECF No. 401-12). Other documents, the Defendants acknowledge, were sealed unnecessarily, and following "a document-by-document" review that does not appear to have been undertaken at any previous point, *see id.* at 2; *cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (requiring a sealing advocate "to demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal."), the Defendants concede that several sealed documents do not warrant sealing after all. *See* Doc. 492, at 2. *See also id.* at 5 ("In sum, Defendants are requesting that the vast majority of the docket be unsealed. . .").

    For the reasons detailed below, no party has met its heavy burden of demonstrating that any document filed in this case warrants wholesale sealing. Mere "platitudes" are not a substitute for evidence of a demonstrated and compelling need to maintain a document

under seal. *See Shane Grp., Inc.*, 825 F.3d at 308. The limited evidence that the Bureau of Prisons has identified to support its opposition is also untrustworthy, and the BOP has misallocated the burden involved. For all of these reasons, Ms. Newby's motion should be granted, and absent a party specifying exact page and line numbers of documents that warrant sealing and justifying that need, the entire docket in this case should be unsealed.

## II.  ARGUMENT

**A.    The BOP misallocates the burden; misconstrues Ms. Newby's interests; and has advocated justifications for sealing that are untrustworthy.**

In response to Ms. Newby's motion, the BOP initially complains about "having to address unsealing all of the BOP documents in question," *see* Doc. 490 at 5, and it insists that providing the sealed documents to Ms. Newby under a protective order would be "much more efficient"—particularly given the documents' "dubious relevance" to an action in which government regulators similarly failed to exercise meaningful oversight over CoreCivic before people died unnecessarily. *Id.* But is *the BOP's* obligation to demonstrate on "a document-by-document, line-by-line" basis that the documents it seeks to maintain under seal meet "the demanding requirements for a seal." *Shane Grp., Inc.*, 825 F.3d at 308. The BOP's complaint about "having to address unsealing" of every such document—and the "efficienc[y]" that ignoring that obligation would yield—also are not justifications for sealing. *See* Doc. 490 at 5. Review of the BOP's response further reveals that it has failed to attempt a line-by-line justification for sealing any document.

By contrast, Ms. Newby need not demonstrate anything. Nor are her interests, as the BOP imagines, limited to procuring discoverable information for use in her lawsuit. Instead, she seeks to expose the Defendants' malfeasance in the hopes that doing so will generate regulatory change that prevents another mother from suffering as she has.

To the extent that the BOP attempts to provide substantive justifications for sealing, they are meritless for several reasons:

*First*, the BOP asserts that a vast number of documents merit sealing (*see* Doc. 490 at 1–2) that the BOP itself does not appear to have believed merited sealing back on February 12, 2021. *See* Doc. 410 at 1–3. Whatever information is contained in the sealed documents can only have become even staler since that time, of course. Even so, the BOP's assertions about which documents warrant sealing have apparently *expanded*.

*Second*, the BOP has failed to attempt a "line-by-line" demonstration of the need to seal the contents of each document it identifies as worthy of sealing. *See Shane Grp., Inc.*, 825 F.3d at 308. Instead, it advocates that entire documents remain sealed because some portion of them "contain[s]" information that warrants sealing. *See* Doc. 490 at 1–2, 7–9. That is not the standard, though, and it is no more the Court's job to parse each page for information that merits sealing than it is Ms. Newby's. *Cf. Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's (or our) duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.").

*Third*, as to at least one document, the BOP's claims are untrustworthy. The BOP represents that unsealing any part of a specific "After-Action Report" "would threaten the safe and secure operation of both private detention facilities and BOP facilities" and that "divulging such information threatens the safety of both security personnel and inmates." *See* Doc. 490 at 8–9. The report at issue appears to have been produced as part of a FOIA request, published online by Prison Legal News, and made available to the public in substantially unredacted form online several years ago, though, *see* https://www.prisonlegalnews.org/media/publications/Adams%20County%20After%20

-4-

Case 3:16-cv-02267   Document 493   Filed 04/02/22   Page 4 of 9 PageID #: 26103

Action%20Report%2C%20fBOP%2C%202012.pdf. A copy of that document—currently available to anyone with an internet connection—is attached as **Ex. #1**. Further, several of the redacted portions of the same report appear to have been both referenced and quoted at length in a Department of Justice audit—attached as **Ex. #2**—that is available to the public at this link: https://oig.justice.gov/reports/2016/a1708.pdf. *See also* **Ex. #2** at 23 (stating that: "The report makes the following statements. . . ." and quoting it).

**B.      The Defendants' opposition lacks merit.**

The Defendants, for their part, "request[] that the vast majority of the docket be unsealed. . . ." *See* Doc. 492 at 5. Relying on platitudes, though, they assert that some documents should remain sealed because they contain "confidential and/or source selection information," which is insufficient. *Shane Grp., Inc.*, 825 F.3d at 308. The Defendants also seek to keep entire deposition transcripts sealed—at least for now—and they insist that, "given the significant volume" of information in them that they assert (but do not demonstrate on a line-by-line basis) warrants sealing, Ms. Newby should have to agree to a protective order, then meet and confer with the Parties "to determine which portions (if any) of these transcripts should be unsealed." Doc. 492 at 8–13.

Again, this is not the standard. It also appears clear that the Defendants have never attempted to make a "line-by-line" demonstration of the need for sealing the documents at issue before now, *see Shane Grp., Inc.*, 825 F.3d at 308, and that they hope to enlist Ms. Newby in that task in the first instance. The Parties' own agreement that any particular document merits sealing—even if Ms. Newby concurs—also "does not automatically create a sufficient legal basis for a district court to place documents under seal." *See Alyn*, 2016 WL 5126735, at *1. Accordingly, having never previously attempted to meet their burden and having failed to do so now, all documents should be unsealed.

## III.  CONCLUSION

For the foregoing reasons, Ms. Newby's motion should be granted.

                                  Respectfully submitted,

By:    /s/ Daniel A. Horwitz
            DANIEL A. HORWITZ, BPR #032176
            LINDSAY E. SMITH, BPR #035937
            HORWITZ LAW, PLLC
            4016 WESTLAWN DR.
            NASHVILLE, TN  37209
            daniel@horwitz.law
            lindsay@horwitz.law
            (615) 739-2888

            Brice M. Timmons (#29582)
            brice@donatilaw.com
            Craig A. Edgington (#38205)
            craig@donatilaw.com
            Donati Law, PLLC
            1545 Union Avenue
            Memphis, Tennessee 38104
            (901) 278-1004
            (901) 278-3111

            *Counsel for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN &
DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067
Email: brian@schallfirm

Brice M. Timmons #29582
Craig A. Edgington #38205
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com
craig@donatilaw.com

By: /s/ Daniel A. Horwitz
Daniel A. Horwitz, Esq.