# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,** ) ) ) ) **Plaintiff,** ) ) v. ) ) **CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,** ) ) ) ) ) **Defendants.** ) | **Case No. 3:16-cv-2267** <br> **Judge Aleta A. Trauger** |

## ORDER

Marie Newby, acting on her own behalf and as the administrator of the Estate of Terry Childress, has filed a Motion to Intervene and Unseal Judicial Documents and Exhibits (Doc. No. 481), to which the defendants and the Bureau of Prisons ("BOP") filed Responses in partial opposition (Doc. Nos. 490 & 492), and Newby has filed a Reply (Doc. No. 493). The lead plaintiff has filed a Response (Doc. No. 487) formally taking no position on the dispute. For the reasons set out herein, the motion will be granted in part and denied in part.

The corporate defendant in this closed case, CoreCivic, operates private detention facilities including prisons. Class action plaintiffs sued CoreCivic and some of its executives for securities fraud related to representations that the company and its executives had made relevant to the possibility that the BOP would cease doing business with the company in light of its alleged history of poor performance in areas including inmate safety and security. After an unusually lengthy and hard-fought discovery process—and the filing of more than a thousand documents with the court, some under seal and some not—the parties settled the case prior to

trial. The court approved the settlement and entered a judgment of dismissal on November 8, 2021. (Doc. Nos. 477–80.)

On February 11, 2022, Newby sued CoreCivic and a number of individual defendants based on events surrounding the death of her son, Childress, in a CoreCivic facility. (Doc. No. 481-1; *see* Case No. 3:22-cv-00093 (Crenshaw, C.J.).) A week later—well before any kind of meaningful discovery could have been performed in her own case—Newby filed the currently pending motion requesting "permission from the Court to intervene in this case for the limited purpose of requesting that the Court unseal the parties' motions for class certification, for summary judgment, sealed portions of the parties' *Daubert* motions, responses, replies, and supporting documentation. ([Doc.] Nos. 120, 121, 122, 336, 338, 347, 352, 358, 359, 386, 387, 388, 389, 396, 397, 398, 399, 400, 401, 422, and 423)." (Doc. No. 481 at 1.) Newby argues that "[t]he same allegations of understaffing and hiring underqualified staff" that allegedly damaged CoreCivic's relationship with the BOP also led to her son's death. (*Id.* at 3.) Some of the sealed documents, she argues, may therefore be relevant to her claims. She also argues that, even aside from her own particularized litigation-related interests, the public interest favors unsealing the materials.

CoreCivic responds that, while some of the underlying documents can be safely unsealed, others "include[] operational information which, if disclosed, could negatively affect the safety of residents and staff at CoreCivic facilities and proprietary information which, if disclosed, could negatively affect CoreCivic's competitive standing in the marketplace." (Doc. No. 492 at 1–2.) The Bureau of Prisons opposes the unsealing of a number of documents—some of which overlap with CoreCivic's list and others of which do not—on the ground that they include confidential "source selection information" that was "prepared for use by an agency for the

purpose of evaluating a bid or proposal to enter into an agency procurement contract" and "has not been previously made available to the public or disclosed publicly." (Doc. No. 490 at 7 (quoting 48 C.F.R. § 2.101).) Federal contracting rules require that "source selection information must be protected from unauthorized disclosure" in accordance with the law. 48 C.F.R. § 3.104-4(b); *accord Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 6 (2017).

There is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "Shielding material in court records, then, should be done only if there is a 'compelling reason why certain documents or portions thereof should be sealed.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Shane Grp.*, 825 F.3d at 305). Among the reasons that may support a "narrowly tailored" seal are the "privacy right[s] of third parties" or the need to "legitimately protect" "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 594–95 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)).

In considering whether to keep some materials under seal, the court must balance any interests supporting the seal against the strong public interest in accessing the "evidence and records . . . relied upon in reaching" judicial decisions. *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1181). The Sixth Circuit's demanding standard for sealing documents applies "even if neither party objects to the motion to seal." *Id.* at 306. Consistently with that edict, this court has already made all seal decisions in this case based on a weighing of all relevant interests and with a presumption of open access. Newby's motion, therefore, is the

3

equivalent of a motion to intervene for the purpose of asking the court to reconsider those earlier determinations.

The court finds, first, that Newby's litigation-related interests are insufficient to support intervention or warrant a change in the court's earlier conclusions. Newby's case involves, at most, shortcomings related to one prisoner at one CoreCivic facility at one time. The subject matter of this case was far broader and involves numerous topics irrelevant to her claims. Newby, moreover, will have access to all the ordinary tools of discovery in her own case. There is not a single document under seal that she cannot seek in her own right, if it is actually relevant to her claims. The only potentially persuasive interest relevant to the court's seals in this case, therefore, is the general public interest in open records.

The public interest in the underlying records, however, is fundamentally unchanged since the court sealed the documents in the first place. CoreCivic is a public contractor accused of misrepresenting the quality of services it provided in exchange for public funds. Moreover, CoreCivic is responsible for the ongoing health, safety, and secrutity of the many individuals detained in its facilities. There are therefore strong, legitimate public interests in information regarding its operations and shortcomings, in addition to the ever-present public interest in transparent court proceedings. The court, moreover, recognizes that, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. The public's interests in accessing the materials at issue in this case are stronger than in most ordinary litigation between private parties, meaning that the bar for justifying a seal is higher. The court, however, considered those strong public interests when it made its initial seal determinations and found that countervailing considerations nevertheless supported a seal with regard to some documents.

Newby's briefing gives the court no persuasive reason to conclude that its earlier rulings were generally erroneous. Rather, she largely devotes her briefing to reiterating the general public-interest calculus governing seal decisions. That general public interest in open dockets is real, but the court already considered it and found that, with regard to these particular materials, it should not prevail. CoreCivic and the BOP, moreover, have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents. (Doc. No. 490 at 1–2, 6–9; Doc. No. 492 at 5–15.)

Nevertheless, CoreCivic and the BOP have informed the court that, having freshly reviewed the documents, they do not object to a partial lift of the seal. Specifically, CoreCivic supports the unsealing of all of the relevant documents other than the following docket entries: Doc. Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 399-25, 400-6, 400-12, 400-13, 401-13, 401-15, 401-18, 401-20, 401-24, and 401-26. BOP seeks the continued seal of a somewhat longer list of items: Doc. Nos. 336-3, 336-5, 338, 338-1, 352-1, 367-1, 367-2, 389-1, 389-2, 389-4, 396, 397, 398-2, 398-3, 398-7, 398-8, 398-9, 398-10, 398-17, 398-18, 398-20, 398-22, 399-10, 399-11, 399-22, 400-6, 400-12, 400-13, 400-17, 401-15, 401-18, 401-19, 401-20, 401-24, 401-26, 401-30, 422, and 423.

Based on the court's review, that means that the unsealing of the following documents is unopposed: Doc. Nos. 120, 121, 122, 336, 336-1, 336-2, 336-4, 336-6, 347, 352, 352-2, 352-3, 358, 359, 386, 387, 388, 389, 389-3, 389-5, 398, 398-1, 398-4 to -6, 398-12 to -16, 398-19, 398-21, 398-23 to -25, 399, 399-1 to -9, 399-12 to -21, 399-23, 399-24, 400, 400-1 to -5, 400-7 to -11, 400-14 to -16, 400-18 to -25, 401, 401-1 to -12, 401-14, 401-16, 401-17, 401-21 to -23, 401-25, 401-27 to -29, 401-31, 401-32. Because Newby has not identified persuasive reasons for

revisiting the court's original sealing decisions with regard to the other documents, the court will grant her motion only as to those documents about which there are no objections to unsealing.

For the foregoing reasons, Newby's Motion to Intervene and Unseal Judicial Documents and Exhibits (Doc. No. 481) is hereby **GRANTED** in part and **DENIED** in part. The Clerk is hereby directed to unseal the following docket items: Doc. Nos.[1] 120, 121, 122, 336, 336-1, 336-2, 336-4, 336-6, 347, 352, 352-2, 352-3, 358, 359, 386, 387, 388, 389, 389-3, 389-5, 398, 398-1, 398-4 to -6, 398-12 to -16, 398-19, 398-21, 398-23 to -25, 399, 399-1 to -9, 399-12 to -21, 399-23, 399-24, 400, 400-1 to -5, 400-7 to -11, 400-14 to -16, 400-18 to -25, 401, 401-1 to -12, 401-14, 401-16, 401-17, 401-21 to -23, 401-25, 401-27 to -29, 401-31, 401-32. Although Newby shall be permitted to intervene for the limited purposes of this motion, she shall not be granted access to any of the documents that remain under seal.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] When the court refers, in this list, to a docket number that has a main document and a number of attached documents—for example, Doc. No. 336—the court refers only to the main document unless otherwise indicated. For example, the court's direction is to unseal the main document of Doc. No. 336 and the other sub-documents explicitly identified (e.g., Doc. No. 336-1) but not the other sub-documents under that docket entry (e.g., Doc. No. 336-3).