UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-2267 Judge Aleta A. Trauger |
| **CORRECTIONS CORPORATION OF AMERICA, DAMON T. HININGER, DAVID M. GARFINKLE, TODD J. MULLENGER, and HARLEY G. LAPPIN,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

The Nashville Banner ("Banner") has filed a Motion to Intervene and Unseal Documents and Exhibits (Doc. No. 503), to which the defendants and the Bureau of Prisons ("BOP") have filed Responses (Doc. Nos. 512 & 513), and the Banner has filed a Reply (Doc. No. 514). For the reasons set out herein, the motion will be granted in part and denied in part.

This is the second time that a party represented by the Banner's attorney has filed a motion seeking to have the seal lifted from portions of the record. On February 18, 2022, he filed a similar motion on behalf of an individual client, Marie Newby, who was involved in separate litigation against the primary defendant in this case, CoreCivic.[1] (Doc. No. 481.) CoreCivic opposed that motion only in part, taking the position that some of the underlying documents could be safely unsealed, but that others were entitled to various protections, including those involving CoreCivic's confidential business information. (*See* Doc. No. 492 at 1–2.) The BOP—which was not a party to the underlying litigation but played a central role in the events at

---

[1] The other defendants are current or former CoreCivic officers and executives.

issue—similarly took no issue with a partial lift of the seal but opposed the unsealing of a number of documents based on its assertion of confidentiality regarding "source selection information"[2] that was "prepared for use by an agency for the purpose of evaluating a bid or proposal to enter into an agency procurement contract" and "has not been previously made available to the public or disclosed publicly." (Doc. No. 490 at 7 (quoting 48 C.F.R. § 2.101).) On April 8, 2022, the court entered an Order granting the motion in part and denying it in part. The court ordered the unsealing of a long list of documents that, CoreCivic and BOP agreed, did not warrant a continuing seal, but the court otherwise found that Newby had identified no basis for revisiting the court's earlier decisions sealing some documents. (Doc. No. 494 at 4–6.)

Newby appealed. While that appeal was pending, however, Newby settled her lawsuit with CoreCivic and moved to voluntarily dismiss her appeal. Rather than dismissing the appeal, however, Newby's attorney filed a motion on behalf of another individual, Eddie Tardy, who wished to take Newby's place. The Sixth Circuit did not resolve Tardy's motion immediately but, instead, proceeded to oral argument. During that oral argument, Tardy's attorney "conceded that [Tardy had not] suffered any adverse effects from the" unavailability of the documents. *Grae v. Corr. Corp. of Am.*, 57 F.4th 567, 569 (6th Cir. 2023). Based on that concession, the Sixth Circuit held that Tardy lacked standing, denied his motion, and dismissed the appeal. *Id.* at 572. Tardy sought to appeal to the Supreme Court, but the Supreme Court denied a writ of certiorari on October 10, 2023. *Tardy v. Corr. Corp. of Am.*, 144 S. Ct. 285 (2023).

A few weeks later, the Nashville Banner filed its motion, asking the court to permit it to intervene and to unseal all sealed documents on the docket. (Doc. No. 503 at 1.) The Banner is a newspaper that has covered a number of stories related to CoreCivic. Its asserted interests,

---

[2] Federal contracting rules require that "source selection information must be protected from unauthorized disclosure" in accordance with the law. 48 C.F.R. § 3.104-4(b); *accord Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 6 (2017).

2

therefore, are different than Newby's or Tardy's, and, unlike Newby, the Banner is not using its motion in an attempt to bypass the ordinary discovery process in another lawsuit. The Banner has, moreover, established a concrete and particularized journalistic interest in obtaining information regarding CoreCivic's operations, as depicted in the underlying documents. Although CoreCivic criticizes the motion as untimely and prejudicial, it has not identified any time limit on seeking journalistic access to judicial records, and the ordinary prudential considerations governing timeliness of intervention do not counsel against it here. *See Kirsch v. Dean*, 733 F. App'x 268, 278–80 (6th Cir. 2018). The Banner filed its motion shortly after it became clear that the documents would not otherwise be unsealed, and, while CoreCivic is no doubt inconvenienced by that motion, it was CoreCivic's seal requests that made such a motion necessary, and the court does not find the prejudice to CoreCivic or BOP to be prohibitive. The court, accordingly, will permit the Banner to intervene for the limited purpose of seeking the sealed documents, as courts routinely do when journalists and journalistic entities file such motions. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases).

Many of the Banner's substantive arguments, however, are the same as Newby's—and are, indeed, based on concerns that this court has kept in mind throughout the underlying litigation. The Banner asserts—and no party connected to this litigation denies—that there is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "Shielding material in court records, then, should be done only if there is a 'compelling reason why certain documents or portions thereof should be sealed.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589,

593 (6th Cir. 2016) (quoting *Shane Grp.*, 825 F.3d at 305). As this court previously recognized, moreover, the public interest in these documents—which involve a government contractor entrusted with the safety of a large population of prisoners—is substantial. (*See* Doc. No. 494 at 4–5.) Just as before, however, these substantive issues are ones that the court already considered. The general framework governing the court's determinations remains the same.

The application of that framework, however, may legitimately change over time, particularly with regard to confidential business information. Assertions of confidentiality are inherently contextual, and there is not a guarantee that they will retain their force in the face of changing events. In CoreCivic's Response, it states that it has again reviewed the documents to determine whether it continues to see a need for a seal, and it has agreed to the unsealing of most of the remaining items on the docket, either because there is no longer a need for a seal or because specific documents were sealed (or kept sealed) erroneously. For other documents, however, CoreCivic has set forth specific arguments in favor of a continued seal, largely mirroring the arguments asserted during active litigation. In the BOP's Response, it identifies a number of documents for which it continues to assert protection of confidential source selection information. For many documents, however, there is no longer any assertion of a need for sealing, and those documents will be unsealed.

With regard to the contested documents, the Banner complains of both the grounds for sealing and the court's failure to "set forth specific findings and conclusions" justifying its initial decisions, as the Sixth Circuit has required since its decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*. *Shane Grp.*, 825 F.3d at 306. Compliance with *Shane Group* can be a serious challenge in major, document-heavy litigation. This was a complex case with over 500 separate filings—not counting individual attachments, which would push that number far higher.

4

CoreCivic's seal requests, moreover, typically involved asserting variations on the same basic set of reasons over and over—often regarding the same or very similar documents. The court does not read *Shane Group* to require the court to go through an empty exercise of reinventing the wheel for every successive filing in such a case. Nevertheless, the Banner's complaint regarding the sealing orders is legitimate and supported. Under the law of this Circuit, the public has an entitlement to express findings explaining why potential documents of interest are placed under or remain under seal—particularly when journalists have articulated a plausible basis for seeking those documents, as Banner Editor Steve Cavendish has done by Declaration. (*See* Doc. No. 504-1.) Accordingly, the court makes the following findings, which it is basing on its review of the briefing and the underlying docket entries.

### 1. Attorney-Client Privilege

This case included extensive litigation regarding CoreCivic's assertions of attorney-client privilege. The court entertained a number of motions related to the issue and ultimately took the rare step of appointing a Special Master for the specific purpose of evaluating CoreCivic's assertions. At the end of that lengthy and expensive process, the court ultimately concluded that, while CoreCivic's assertions of privilege had not been perfect, any deficiencies were "entirely unremarkable in the context of the massive electronic discovery burdens that characterize modern civil litigation." (Doc. No. 381 at 5.) Based on the court's prior determinations and its review of the cited documents, the continued seal of the following docket entries is justified by CoreCivic's assertion of attorney-client privilege:

- Doc. No. 195. A redacted version of this document is available at Doc. No. 200-1.
- Doc. Nos. 196-1, 196-2, 196-3, and 196-5;
- Doc. Nos. 204, 204-1, 204-2, 204-3, 204-4, and 204-5.

## 2. Confidential Business Information

As the Banner correctly points out, "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public" is not, in and of itself, sufficient to support a seal. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). The court has not suggested otherwise; the docket of this case has long included a great deal of never-sealed information that is likely harmful to CoreCivic's reputation and, by extension, its business. Dressing up ordinary reputational injuries as a competitive harm does not transform them into valid grounds for a seal.

However, courts have also long recognized that it is sometimes appropriate to seal confidential corporate information that is of limited public concern, in order to avoid an unnecessary competitive injury to a party and a disruption of ordinary competition in the underlying field. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing the legitimacy of the courts' interest in "refus[ing] to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing"). A company's interest in maintaining the confidentiality of its internal processes is far from absolute, and it should not be misconstrued as a right to demand a seal simply to avoid looking bad. Nevertheless, it is within the court's power to shield from disclosure specific information that a party legitimately seeks to keep out of the public record for reasons of confidentiality, as long as the public's interest in the requested information does not outweigh the risk of improper competitive harm.

The court finds that the continued seal of the following docket entries is justified by CoreCivic's assertion of protection in confidential business information, weighed against the public interest in the specific information sought:

- Doc. No. 399-25. A redacted version of this document is available at Doc. No. 413-5. The court has reviewed a sampling of the redacted material and has confirmed that it consists of internal discussions of CoreCivic's dealings with clients. The information therein deals chiefly with strategic and transactional details that do not appear to bear significantly on matters of demonstrated public importance and which pose a plausible risk of improper competitive harm if disclosed.
- Doc. No. 401-13. A redacted version of this document is available at Doc. No. 413-6. The court has reviewed a sampling of the redacted material and has confirmed that it consists chiefly of financial information that appears to be of minimal demonstrated public importance but which could plausibly result in improper competitive harm to CoreCivic.

### 2. Operations and Safety

The continued seal of the following docket entries is justified by the inclusion of sensitive information related to the operations and safety of prison facilities:

- Doc. Nos. 229-1, 229-2, 229-3, 229-4, and 229-5. The docket includes redacted versions of these documents at Doc. Nos. 513-3, 513-4, 513-5, 513-6, and 513-7. The redactions appear to involve details of CoreCivic operations that could plausibly endanger inmate and/or employee safety if publicly divulged, and no party has identified a need for these specific unredacted documents that would overcome that basis for continuing the seal.

### 3. Personal Information

A handful of the documents under seal include private information regarding specific individuals, such as home addresses and telephone numbers. The court finds that the public interest in the redacted information is minimal and that the relevant individuals' interests in

preventing the exposure of their personal information supports the continuing redaction of the limited information that remains under seal. Accordingly, the continued seal of the following docket entries is justified by the presence of private personal information:

- Doc. No. 356-7. A redacted version of this document is available at Doc. No. 513-9;
- Doc. Nos. 367-17 and 367-18. Redacted versions of these documents are available at Doc. Nos. 361-25 and 361-26.

### 4. Full Depositions

The docket includes full transcripts of a number of depositions taken in this case. CoreCivic asks the court to maintain the seal of those full transcripts on the ground that they are replete with discussions of confidential information. CoreCivic, however, states that it does not assert any right to the continued seal of the particular portions of the transcripts that were actually relevant to substantive matters decided by the court, and it has filed a compendium of those excerpts at Doc. No. 513-8.

Litigants in this court are typically not required to file full deposition transcripts, if they wish to rely only on portions of the underlying testimony. Accordingly, the full deposition transcripts sought by the Banner were not strictly a necessary component of this litigation. The filing of complete transcripts is, however, frequently helpful to the court. If the court were not able to assure parties that supplemental complete transcripts would remain under seal, the result would not be greater transparency, but rather a likely refusal to file such transcripts at all. The court finds that its interest in encouraging parties to file supplemental full transcripts, combined with CoreCivic's assertion of its interests in confidential information, supports the continued sealing of the following docket entries:

- Doc. Nos. 267-1; 267-2; 267-3; 267-4; 267-15; and 267-16;

- Doc. Nos. 387-1 and 387-2;
- Doc. Nos. 389-1; and 389-2; 389-4;
- Doc. Nos. 398-2; 398-3; and 398-8;
- Doc. Nos. 399-10 and 399-11;
- Doc. Nos. 400-6; 400-12; and 400-13;
- Doc. Nos. 401-15; 401-18; 401-20; 401-24; and 401-26.

<u>5. Source Selection Information</u>

Federal regulations provide that "no person or other entity may disclose contractor bid or proposal information or source selection information to any person other than a person authorized, in accordance with applicable agency regulations or procedures, by the agency head or the contracting officer to receive such information." 48 C.F.R. § 3.104-4(a). That regulation expressly does not authorize "[t]he release of information after award of a contract or cancellation of a procurement if such information is contractor bid or proposal information or source selection information that pertains to another procurement." 48 C.F.R. § 3.104-4. The Banner argues that that provision suggests that, if the relevant agency does not identify a specific pending or future procurement to which the information sought is relevant, then the protection afforded to source selection information does not apply.

The Banner, however, is reading a requirement into the regulation that does not exist. The language of 48 C.F.R. § 3.104-4 is not a model of clarity, but even the reading that is most favorable to the Banner would, at most, require that the documents be relevant to foreseeable future procurements—not that the Banner identify a specific procurement about which it is concerned. The documents at issue include Contractor Performance Assessment Reports and

9

written Source Selection Decisions that are plainly relevant to BOP's solicitation and consideration of future contracts.

There is, admittedly, a public interest in these documents, as they involve the spending of public dollars for a public purpose. That, though, is true regarding all source selection materials, and federal authorities across multiple agencies have made a deliberate policy decision that encouraging full and comprehensive disclosure by potential contractors warrants a limited reduction in transparency. *See* 48 C.F.R. § 1.103 (discussing authority for propounding the Federal Acquisition Regulations System). The court, accordingly, finds that the BOP's assertion of source selection privilege supports the continued sealing of the following documents:

- Doc. No. 263-2;
- Doc. Nos. 367-12; 367-21; 367-22; 367-23; 367-24; 367-26; 367-27; 367-28; 367-29; 367-30; 367-31; 367-32; 367-33; 367-34; 367-38; 367-39; 367-40; 367-41; 367-42; 367-43; 367-44; 367-45; 367-46; 367-47; 367-48; 367-49; 367-50; 367-51;
- Doc. Nos. 398-7; 398-9; 398-10; 398-18; 149-11; 151-11; 398-20; 398-22.

Based on the court's findings, there are a number of documents that may be unsealed, but also some that should not be. The court recognizes that an inadvertent unsealing could be difficult, if not impossible, to rectify, and the court is aware of no reason against allowing a slight delay for the parties to review this opinion and the docket in order to ensure that the court's enumeration of which documents should remain under seal and which should not matches the parties' reading of the court's findings and rationale. The court, accordingly, will allow for such a delay, before the ultimate unsealing of the documents is to go into effect. During that time, any party may file a motion to stay the unsealing pending a modification of this Order.

For the foregoing reasons, the Banner's Motion to Intervene and Unseal Documents and Exhibits (Doc. No. 503) is hereby **GRANTED** in part and **DENIED** in part, and it is hereby **ORDERED** that the following docket entries be unsealed on August 30, 2024, unless a party files a motion to stay the unsealing: Doc. No. 105; Doc. No. 120 and all attachments; Doc. No. 139; Doc. No. 149 and all attachments other than Doc. No. 149-11; Doc. No. 151 and all attachments other than Doc. No. 151-11; Doc. No. 152; Doc. No. 162; Doc. No. 196 and all attachments other than Doc. Nos. 196-1, 196-2, 196-3, and 196-5; Doc. No. 204-6; Doc. No. 204-7; Doc. No. 204-8; Doc. No. 204-9; Doc. No. 204-10; Doc. No. 204-11; Doc. No. 214; Doc. No. 217; Doc. No. 228; Doc. No. 229, but not its attachments, which shall remain under seal; Doc. No. 262; Doc. No. 263 and all attachments other than Doc. No. 263-2; Doc. No. 266; Doc. No. 267 and all attachments other than Doc. Nos. 267-1, 267-2, 267-3, 267-4, 267-15, and 267-16; Doc. No. 278; Doc. No. 280 and all attachments; Doc. No. 316-2; Doc. No. 338 and all attachments; Doc. No. 342 and all attachments; Doc. No. 354; Doc. No. 356[3] and all attachments other than Doc. No. 356-7; Doc. No. 367 and all attachments other than Doc. Nos. 367-12, 367-17, 367-18, 367-21, 367-22, 367-23, 367-24, 367-26, 367-27, 367-28, 367-29, 367-30, 367-31, 367-32, 367-33, 367-34, 367-38, 367-39, 367-40, 367-41, 367-42, 367-43, 367-44, 367-45, 367-46, 367-47, 367-48, 367-49, 367-50, and 367-51; Doc. No. 396; Doc. No. 397; Doc. No. 398-11; Doc. No. 398-17; Doc. No. 399-22; Doc. No. 400 and Doc. No. 400-17, but not the other sealed attachments; Doc. No. 401-19; Doc. No. 401-30; Doc. No. 422; and Doc. No. 423.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[3] Doc. No. 356 itself appears to be already unsealed, although its attachments are not. The court is including it for completeness and clarity.